FORM B104  (08/07)                                                            2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| | |
|---|---|
| **PLAINTIFFS**<br>Weinstein, Weiss & Ordubegian LLP | **DEFENDANTS:** Helen Ryan Frazer, Chapter 7 Trustee of the Lydia E. Harris Bankruptcy Estate; Lydia Harris, an Individual, New Image Corporation, a California, Michael Ray Harris, an Individual Conquest Media Group, LLC and Wasserman, Comden & Cassleman, LLP |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Bryan Cave, LLP<br>120 Broadway, Suite 300<br>Santa Monica, CA 90401, PH: 310-576-2100; FX: 310-576-2200 | **ATTORNEYS** (if Known) |

| PARTY (Check One Box Only) | | PARTY (Check One Box Only) | |
|---|---|---|---|
| ☐ Debtor | ☐ U.S. Trustee/Bankruptcy Admin | ☐ Debtor | ☐ U.S. Trustee/Bankruptcy Admin |
| ☐ Creditor | ☐ Other | ☐ Creditor | ☑ Other |
| ☐ Trustee | | ☐ Trustee | |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint for Declaratory Judgment

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property – §542 turnover of property
☐ 12-Recovery of money/property – §547 preference
☐ 13-Recovery of money/property – §548 fraudulent transfer
☐ 14-Recovery of money/property – other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge – §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability – §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability – §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability – §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability – §523(a)(5), domestic support
☐ 68-Dischargeability – §523(a)(6), wilful and malicious injury
☐ 63-Dischargeability – §523(a)(8), student loan
☐ 64-Dischargeability – §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

FORM B104 (08/07), page 2                                                                    2007 USBC, Central District of California

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | | BANKRUPTCY CASE NO. |
|---|---|---|
| Lydia E. Harris | | 1:96-bk-15521 |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Central District | San Fernando Valley | Geraldine Mund |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| Helen Ryan Frazer, Chapter 7 Trustee | Lydia Harris, et al. | 1:08-ap-01489-GM |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Central District | San Fernando Valley Division | Geraldine Mund |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| 2/15/15 | Sharon Z. Weiss |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

1  DAVID R. WEINSTEIN (State Bar No. 082881)
   SHARON Z. WEISS (State Bar No. 169446)
2  BRYAN CAVE LLP
   120 Broadway, Suite 300
3  Santa Monica, CA  90401
   Telephone:   (310) 576-2100
4  Facsimile:   (310) 576-2200
   david.weinstein@bryancave.com
5  sharon.weiss@bryancave.com

6  Attorneys for Plaintiff
   Weinstein, Weiss & Ordubegian LLP

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10             SAN FERNANDO VALLEY DIVISION

11

| 12 | In re | Bk. No. 1:96-bk-15521-GM |
|----|-------|---------------------------|
| 13 | LYDIA E. HARRIS, | [Chapter 7] |
| 14 | Debtor. | |
| 15 | | |
| 16 | WEINSTEIN, WEISS & ORDUBEGIAN LLP | Adv. No. _____ |
| 17 | Plaintiff, | |
| 18 | vs. | |
| 19 | HELEN RYAN FRAZER, CHAPTER 7 | COMPLAINT FOR DECLARATORY |
| 20 | TRUSTEE OF THE LYDIA E. HARRIS BANKRUPTCY ESTATE; LYDIA HARRIS, | JUDGMENT |
| 21 | AN INDIVIDUAL, NEW IMAGE CORPORATION, A CALIFORNIA | |
| 22 | CORPORATION, MICHAEL RAY HARRIS, AN INDIVIDUAL, CONQUEST MEDIA | |
| 23 | GROUP, LLC, AND WASSERMAN, COMDEN & CASSLEMAN, LLP. | |
| 24 | Defendant. | [STATUS CONFERENCE TO BE SET] |

25

26

27

28

SM01DOCS\949587.3

Plaintiff Weinstein, Weiss & Ordubegian LLP ("WWO"), alleges as follows:

## JURISDICATIONAL ALLIEGATION

1.      On or about May 20, 1996, Lydia E. Harris (sometimes, the "Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court, Central District of California, San Fernando Valley Division, case no. 1:96-bk-15521-GM (sometimes, the "Lydia Bankruptcy Case"). Helen Ryan Frazer was duly appointed as the chapter 7 trustee of the estate being administered in the Lydia Bankruptcy Case ("Lydia Bankruptcy Estate").

2.      On or about December 15, 1999, the Court entered an order closing the Lydia Bankruptcy Case without the administration of assets.

3.      By order entered on August 21, 2007, the Lydia Bankruptcy Case was re-opened and Helen Ryan Frazer was re-appointed as the Chapter 7 trustee. She continues in that role.

4.      The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 et seq.

5.      Defendant Frazer, in her capacity as chapter 7 trustee, claims an interest in various assets embodied in or derived from a judgment for $107 million entered on March 9, 2005 in favor of Lydia Harris by the Los Angeles Superior Court in case no. BC-268857 (the "$107M Judgment", Exhibit 1). Without limitation, the chapter 7 trustee claims as property of the Lydia Bankruptcy Estate: the $107M Judgment; proofs of claim filed by Lydia Harris and by Michael Harris in the Knight and Death Row bankruptcy cases (described and defined below) that are derived from the $107M Judgment; and payments to be made upon the $107M Judgment or those proofs of claim (sometimes, "Judgment Proceeds").

6.      This adversary proceeding is a core proceeding under 28 U.S.C. § 157 (b)(2)(A),(K) & (O). This adversary proceeding seeks to determine whether the $107M Judgment, proofs of claim based thereon and the Judgment Proceeds (sometimes, collectively, "Judgment Assets") are property of the Lydia Bankruptcy Estate and how the competing rights in and to the Judgment Assets should be reconciled and prioritized.

SM01DOCS\949587.3

## THE PARTIES

7.      Plaintiff WWO is a California limited liability partnership.  WWO is a law firm that represented Lydia Harris from approximately June 2006 through December 2008.  WWO is owed approximately $500,000 on account of that work, for which it has filed notices of attorney lien in this Lydia Bankruptcy Case and the Knight and Death Row Records Bankruptcy Cases.  Copies of the lien notices are attached as Exhibits "2", "3", and "4", respectively.

8.      Defendant Helen Ryan Frazer ("Lydia Trustee" or "Trustee Frazer") is the duly appointed Chapter 7 Trustee in the Lydia Bankruptcy Case.  Defendant Frazer is sued in her capacity as a trustee, only.

9.      Defendant Lydia Harris is an individual and the debtor herein ("Lydia" or the "Debtor").

10.      Plaintiff is informed and believes and thereon alleges that Defendant New Image Corporation is a California corporation owned and controlled by Lydia ("New Image").

11.      Plaintiff is informed and believes and thereon alleges that Defendant Michael Ray Harris ("Michael") is an individual and the ex-husband of Lydia Harris.  Plaintiff believes that Michael is currently a resident of Marin County, California.

12.      Plaintiff is informed and believes and thereon alleges that Defendant Conquest Media Group, LLC is a California limited liability company doing business in the State of California ("Conquest").  Plaintiff is informed and believes and thereon alleges that Defendant Conquest has disclaimed any right, title or interest in or to the Judgment Assets.  Plaintiff names Conquest as a defendant in order to obtain a definitive, judicial determination of its rights, if any, in or to the Judgment Assets.

13.      Plaintiff is informed and believes and thereon alleges that Defendant Wasserman, Comden & Cassleman, LLP is a California limited liability partnership engaged in the practice of law (the "Wasserman Law Firm").

## GENERAL ALLEGATIONS

14.      Sometime prior to May 1996, Lydia became a 50% shareholder in Death Row Records.

SM01DOCS\949587.3

15.    On or about May 20, 1996, Lydia filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code (the "Petition Date").

16.    By order of the Court entered on May 8, 1997, Lydia was denied a discharge.  The Lydia Bankruptcy Case was closed on or about December 15, 1999 without the administration of assets.

17.    After the Petition Date, Lydia and the Wasserman Law Firm entered into a written contingency fee agreement for legal services pursuant to which the Wasserman Law Firm agreed to prosecute certain claims on Lydia's behalf against Death Row Records and Marion "Suge" Knight ("Knight").  In exchange, the Wasserman Law Firm was to be compensated by a 40% contingency fee and reimbursement of costs.  A copy of the employment agreement between the Wasserman Law Firm and Lydia is attached hereto as Exhibit "5" ("Wasserman Retainer Agreement").

18.    Plaintiff is informed and believes and thereon alleges that after the Petition Date, on or about February 26, 2002, the Wasserman Law Firm filed a complaint on Lydia's behalf against Death Row Records, Knight and others in the Los Angeles Superior Court, commencing case no. BC-268857 ("Lydia State Court Action").  A copy of the complaint in the Lydia State Court Action is attached hereto as Exhibit "6".

19.    On March 9, 2005, judgment was entered in favor of Lydia in the Lydia State Court Action for $107,000,000 (the "$107M Judgment", above).  The $107M Judgment awards $2 million for non-economic damage, $60 million for punitive damages (which can only result from torts) and $45 million for economic damages.  A copy of the $107M Judgment is attached as Exhibit "1".

20.    Plaintiff is informed and believes and thereon alleges that Lydia discharged the Wasserman Law Firm on or about May 19, 2005.

21.    Plaintiff is informed and believes and thereon alleges that after Lydia discharged the Wasserman Law Firm, it filed and served a Notice of Lien in the Lydia State Court Action.  A copy of that Notice of Lien is attached as Exhibit "7".

4

SM01DOCS\949587.3

22.     Plaintiff is informed and believes and thereon alleges that Knight paid to Lydia $10,000 on or about May 20, 2005 and $990,000 on or about May 27, 2005, for a total of $1,000,000 (collectively, the "Knight $1M Payment"). Plaintiff is further informed and believes that neither Knight nor Lydia paid anything to the Wasserman Law Firm on account of the Knight $1M Payment.

23.     The Wasserman Law Firm filed a complaint in the Los Angeles Superior Court against Lydia and others on September 21, 2005 to recover on its rights to fees in connection with the $107M Judgment and the Knight $1M Payment (the "Wasserman State Court Action"). A copy of the first amended complaint in the Wasserman State Court Action is attached as Exhibit "8".

24.     On or about April 4, 2006, Knight filed a voluntary petition under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court, Central District of California, Los Angeles Division, commencing case no. 2:06-bk-11187-VZ (the "Knight Bankruptcy Case"). The Knight Bankruptcy Case was converted to one under chapter 7 on or about November 25, 2009. R. Todd Neilson is the duly appointed and acting chapter 7 trustee in the Knight Bankruptcy Case (the "Knight Trustee").

25.     On or about April 4, 2006, Death Row Records filed a voluntary petition under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court, Central District of California, Los Angeles Division, commencing case no. 2:06-bk-11205-VZ (the "Death Row Bankruptcy Case"). The Death Row Bankruptcy Case was converted to one under chapter 7 on or about November 25, 2009. R. Todd Neilson is currently the duly appointed and acting chapter 7 trustee in the Death Row Bankruptcy Case ("Death Row Trustee").

26.     On or about May 4, 2006, Michael filed a proof of claim in each of the Knight and Death Row Bankruptcy Cases, alleging rights derived from the $107M Judgment (the "Michael Harris Proofs of Claim"). Copies of the Michael Harris Proofs of Claim are attached as Exhibits "9" and "10".

27.     On or about June 6, 2006, Knight and Death Row Records, each as a debtor-in-possession, together initiated an adversary proceeding against Lydia and Michael regarding their

SM01DOCS\949587.3

asserted claims in the Knight and Death Row Records Bankruptcy Cases.  The adversary

proceeding bears case no. 01:bk:06-ap-01660-VZ. (the "DIP Adversary Proceeding").

28.    On or about June 12, 2006, Lydia retained WWO to, without limitation, represent her

rights and interests in connection with the Death Row and Knight Bankruptcy Cases derived from

the Judgment Assets, and to defend her in the DIP Adversary Proceeding.  The engagement letter

between WWO and Lydia provides for an attorneys' lien against any Judgment Proceeds and any

other rights to money that might arise from the Knight and Death Row Bankruptcy Cases, or either

of them, in favor of Lydia.

29.    On or about October 19, 2006, Lydia filed a proof of claim in each of the Knight and

Death Row Records Bankruptcy Cases, alleging rights derived from the $107M Judgment (the

"Lydia Harris Proofs of Claim").  Copies of the Lydia Harris Proofs of Claim are attached as

Exhibits "11" and "12".

30.    On or about October 31, 2006, the Wasserman Law Firm filed a proof of claim in

each of the Knight and Death Row Records Bankruptcy Cases, alleging rights derived from the

$107M Judgment and the $1M Knight Payment (the "Wasserman Proofs of Claim").  Copies of

the Wasserman Proofs of Claim are attached as Exhibits "13" and "14".

31.    On or about March 3, 2007, the Wasserman Law Firm entered into a settlement

agreement with Lydia (and others) which settled the Wasserman State Court Action ("Wasserman

Action Settlement Agreement").  Without limitation, under the Wasserman Action Settlement

Agreement, the Wasserman Law Firm reduced its 40% contingency claim to 29.75%, and agreed

to pay 29.75% of any fees it recovered to WWO, subject to terms provided in the Wasserman

Action Settlement Agreement.   A copy of the Wasserman Action Settlement Agreement is

attached hereto as Exhibit "15".

32.    On or about March 13, 2007, Lydia and Michael each assigned their respective rights

in the Judgment Assets to Conquest.

33.    In or about July 2007, this Court reopened the Lydia Bankruptcy Case and Helen

Ryan Frazer was reappointed as chapter 7 trustee in the re-opened Lydia Bankruptcy Case.

SM01DOCS\949587.3

34.    In or about May and June 2008, the bankruptcy courts presiding over the Knight, Death Row Records and Lydia Bankruptcy Cases approved a multi-party, multi-faceted compromise that included settlement of the DIP Adversary Proceeding and resolution of disputes about the Lydia Harris and Michael Harris Proofs of Claim, among other things.  The compromise motions sought approval of two agreements that were attached as exhibits to the motions.  Court approval was obtained and those agreements are effective.  Copies are attached:  Exhibit 16 is an *Agreement and Mutual Release* dated February 6, 2008 to which the parties are the Knight and Death Row Trustees, on the one hand, and Lydia, Michael, Conquest and Trustee Frazer; Exhibit "17" is an *Agreement Regarding Recovery of Assets From Death Row Records, Inc. and Marion "Suge" Knight Chapter 11 Cases* to which the parties are Trustee Frazer, Lydia, Michael and Conquest.  The court orders that granted the compromise motions and approved the agreements described in this paragraph, together with those agreements, are sometimes collectively referred to as the "Three Trustee Settlement".

35.    Among other things, the Three Trustee Settlement effectively consolidated and allowed the Lydia Harris and Michael Harris Proofs of Claim as a unified "Harris Allowed Claim", limited Trustee Frazer's recovery from the Judgment Proceeds to $500,000 and acknowledged that Judgment Proceeds in excess of $500,000 are not property of the Lydia Bankruptcy Estate.  No determination was made as to whether the $500,000 of Judgment Proceeds to be paid to Trustee Frazer was (or would be) property of the Lydia Bankruptcy Estate.

36.    Plaintiff is informed and believes and thereon alleges that on or about August 22, 2008, Trustee Frazer filed an adversary complaint in the Lydia Bankruptcy Case against Lydia to recover the Knight $1M Payment, adversary proceeding no. 1:08:ap-01488-GM.  On or about September 15, 2009, Trustee Frazer obtained a default money judgment against Lydia in this adversary proceeding.

37.    Plaintiff is informed and believes and thereon alleges that on or about August 22, 2008, Trustee Frazer filed an adversary complaint in the Lydia Bankruptcy Case against Lydia Harris, New Image Corp, a California Corporation, Michael Ray Harris, Conquest Media Group, LLC, and Wasserman Comden & Casselman LLP, seeking a determination whether the Judgment

7

Assets are property of the estate in the Lydia Bankruptcy Case, adversary proceeding no.1:08:ap-01489-GM.

38.    Plaintiff is informed and believes and thereon alleges that Conquest has released all claims to the Judgment Assets, including proofs of claims it filed in the Knight and Death Row Records Bankruptcy Cases.

39.    On or about October 29, 2008, the WWO moved to be relieved as counsel for Lydia in the Lydia Bankruptcy Case and in the Knight and Death Row Records Bankruptcy Cases.

40.    On or about December 10, 2008, this Court entered its order permitting the withdrawal of WWO as counsel for Lydia, and WWO thereupon withdrew from that engagement.

41.    On or about January 23, 2009, WWO filed Notices of Lien in the Lydia, Knight and Death Row Records Bankruptcy Cases.  Copies are attached as Exhibits "2", "3" and "4".

42.    On December 12, 2012, Trustee Frazer filed a motion to approve a compromise with the Wasserman Law Firm.  A hearing is set for March 12, 2013 for approval of the compromise.

## FIRST CLAIM FOR RELIEF

### (For Declaratory Relief)

### As to Defendant Trustee Frazer

43.    Plaintiff incorporates paragraphs 1 through 42 of this Complaint as though fully set forth here.

44.    A controversy exists between WWO and Trustee Frazer as to whether rights to the Judgment Assets and the Harris Allowed Claim are property of the Lydia Bankruptcy Estate. Plaintiff contends that the rights to the Judgment Assets and the Harris Allowed Claim are not property of the Lydia Bankruptcy Estate.

45.    Trustee Frazer disputes this contention and asserts that all or some of the rights to the Judgment Assets and the Harris Allowed Claim are property of the Lydia Bankruptcy Estate and are subject to Trustee Frazer's exclusive administration.

46.    As a result of the controversy, Plaintiff seeks a judicial determination that fixes and establishes the nature and extent of the Lydia Bankruptcy Estate's rights, if any, to the Judgment Assets and the Harris Allowed Claim.

8

### SECOND CLAIM FOR RELIEF

(For Declaratory Relief)

As to All Defendants

47.     Plaintiff incorporates paragraphs 1 through 46 of this Complaint as though fully set forth here.

48.     Plaintiff contends that its attorney lien is senior to the alleged lien rights of the Wasserman Law Firm with respect to the Judgment Assets and the Harris Allowed Claim. Alternatively, WWO contends that its rights are *pari passu* with the rights of the Wasserman Law Firm, in that WWO is entitled to at least 29.75% of any money the Wasserman Law Firm receives on account of or derived from the Judgment Assets or the Harris Allowed Claim.

49.     Plaintiff contends that it has priority over all other Defendants as to any amounts to which any of them may be entitled to or derived from the Judgment Assets or the Harris Allowed Claim by virtue of its attorney lien.

50.     Plaintiff is informed and believes that the Defendants dispute WWO's contentions.

51.     As a result of the controversy, Plaintiff seeks a judicial determination from this Court that determines, fixes and establishes the nature, extent and priority of the lien interest of WWO and the rights of the Defendants, if any, to the Judgment Assets and the Harris Allowed Claim.

WHEREFORE, Plaintiff prays for judgment as follows:

1.     For a judicial determination of the nature and extent of the Lydia Bankruptcy Estate's interest, if any, in the Judgment Assets and the Harris Allowed Claim.

2.     For a judicial determination that the Judgment Assets and the Harris Allowed Claim are not property of the Lydia Bankruptcy Estate.

3.     For a judicial determination that the lien interest of WWO in and to the Judgment Assets and the Harris Allowed Claim is senior to the alleged lien rights of the Wasserman Law Firm; or alternatively is *pari passu,* in that WWO is entitled to at least 29.75% of any money the Wasserman Law Firm receives in connection with or derived from the Judgment Assets or the Harris Allowed Claim.

9

1    4.    For a judicial determination that the lien interest of WWO has priority rights to any

2  amounts otherwise owed or payable to any Defendant other than the Wasserman Law Firm that are

3  derived from the Judgment Assets or the Harris Allowed Claim.

4    5.    For attorneys' fees and costs of suit incurred herein as permitted by law.

5    6.    For such other and further relief as the Court may deem property and just.

6

7  Dated: February 15, 2013                    BRYAN CAVE LLP

8

9                                      By:  */s/ Sharon Z. Weiss*
10                                           DAVID R. WEINSTEIN
                                             SHARON Z. WEISS
11                                           Attorneys for Weinstein, Weiss & Ordubegian
                                             LLP
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28