# EXHIBIT 8

# EXHIBIT 8

Case 1:13-ap-01035-MT   Doc 1-2   Filed 02/15/13   Entered 02/15/13 10:29:31   Desc
Exhibit Exhibits 8 to 9   Page 2 of 77

Case 1:96-bk-15521-GM   Doc 160-2   Filed 01/15/13   Entered 01/15/13 17:28:24   Desc
Exhibit F - G   Page 11 of 68

Case 2:06-bk-11205-VZ   Claim 38-1   Filed 10/31/06   Desc Main Document   Page 4
of 61

1  Peter Q. Ezzell (Bar No. 53497)
   Nancy E. Lucas (Bar No. 126854)
2  HAIGHT BROWN & BONESTEEL LLP
   6080 Center Drive, Suite 800
3  Los Angeles, CA 90045-1574
   Telephone:  310.215.7100
4  Facsimile:  310.215.7300

5  David B. Casselman (Bar No. 91657)
   Leonard J. Comden (Bar No. 56775)
6  Howard S. Blum (Bar No. 60603)
   WASSERMAN, COMDEN & CASSELMAN, L.L.P.
7  5567 Reseda Boulevard, Suite 330
   Post Office box 7033
8  Tarzana, CA 91357-7033
   Telephone:   (818) 705-6800 * (323) 872-0995
9  Facsimile:    (818) 345-0162

10 Associated Attorneys for Plaintiff
   WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.

11

12          SUPERIOR COURT OF THE STATE OF CALIFORNIA

13          FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

14

15 WASSERMAN, COMDEN,            )  Case No. BC 340196
   CASSELMAN & PEARSON, L.L.P.,  )
16                               )  [Assigned to Judge Ronald M. Sohigian,
              Plaintiff,         )  Dept. 41]
17                               )
         v.                      )  FIRST AMENDED COMPLAINT
18 LYDIA HARRIS; LIFESTYLE       )
   RECORDS, INC., NEW IMAGE MEDIA)
19 CORP.; MARION H. KNIGHT, aka SUGE)
   KNIGHT; DEATH ROW RECORDS,    )
20 INC.; DEATH ROW RECORDS, L.L.C.;)  Complaint Filed:  September 21, 2005
   THA ROW, INC.; DERMOT GIVENS; )  Trial Date:        April 17, 2006
21 KEVIN GILLIAM aka BATTLECAT;  )
   AND DOES 1 through 100, Inclusive,)
22                               )
              Defendants.        )
23 _____)

24              GENERAL ALLEGATIONS

25       1.    Plaintiff, WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.

26 (hereinafter "WCCP") is a limited liability partnership organized and existing under the

27 laws of the State of California with its principal place of business in Tarzana, California.

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123184.1

1

FIRST AMENDED COMPLAINT

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 0 4 2006

John A. Clarke, Executive Officer/Clerk

By _____,Deputy
   A E LA FLEUR-CLAYTON

Case 1:13-ap-01035-MT   Doc 1-2   Filed 02/15/13   Entered 02/15/13 10:29:31   Desc
Exhibit Exhibits 8 to 9   Page 3 of 77

Case 1:96-bk-15521-GM   Doc 160-2   Filed 01/15/13   Entered 01/15/13 17:28:24   Desc
Exhibit F - G   Page 12 of 68

Case 2:06-bk-11205-VZ   Claim 38-1   Filed 10/31/06   Desc Main Document   Page 5
of 61

1    Peter Q. Ezzell (Bar No. 53497)
     Nancy E. Lucas (Bar No. 126854)
2    HAIGHT BROWN & BONESTEEL LLP
     6080 Center Drive, Suite 800
3    Los Angeles, CA 90045-1574
     Telephone: 310.215.7100
4    Facsimile: 310.215.7300

5    David B. Casselman (Bar No. 91657)
     Leonard J. Comden (Bar No. 56775)
6    Howard S. Blum (Bar No. 60603)
     WASSERMAN, COMDEN & CASSELMAN, L.L.P.
7    5567 Reseda Boulevard, Suite 330
     Post Office box 7033
8    Tarzana, CA 91357-7033
     Telephone: (818) 705-6800 * (323) 872-0995
9    Facsimile: (818) 345-0162

10    Associated Attorneys for Plaintiff
     WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.

11

12          SUPERIOR COURT OF THE STATE OF CALIFORNIA

13         FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

14

15    WASSERMAN, COMDEN,       Case No. BC 340196
     CASSELMAN & PEARSON, L.L.P.,
16                     [Assigned to Judge Ronald M. Sohigian,
                  Plaintiff,     Dept. 41]
17
        v.                  FIRST AMENDED COMPLAINT
18    LYDIA HARRIS; LIFESTYLE
     RECORDS, INC.; NEW IMAGE MEDIA
19    CORP.; MARION H. KNIGHT, aka SUGE
     KNIGHT; DEATH ROW RECORDS, L.L.C.;
20    INC.; DEATH ROW RECORDS, L.L.C.;     Complaint Filed:    September 21, 2005
     THA ROW, INC.; DERMOT GIVENS;     Trial Date:       April 17, 2006
21    KEVIN GILLIAM aka BATTLECAT;
     AND DOES 1 through 100, Inclusive,
22
                Defendants.
23

24                 GENERAL ALLEGATIONS

25       1.    Plaintiff, WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.

26 (hereinafter "WCCP") is a limited liability partnership organized and existing under the

27 laws of the State of California with its principal place of business in Tarzana, California.

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
0123484.1

1
FIRST AMENDED COMPLAINT

4/13/06

85

Case 1:13-ap-01035-MT   Doc 1-2   Filed 02/15/13   Entered 02/15/13 10:29:31   Desc
Exhibit Exhibits 8 to 9   Page 4 of 77

Case 1:96-bk-15521-GM   Doc 160-2   Filed 01/15/13   Entered 01/15/13 17:28:24   Desc
Exhibit F - G   Page 13 of 68

Case 2:06-bk-11205-VZ   Claim 38-1   Filed 10/31/06   Desc Main Document   Page 6
of 61

1   The law firm of Wasserman, Comden, Casselman & Pearson, L.L.P., changed its name

2   effective January 1, 2006. It is now known as Wasserman, Comden & Casselman, L.L.P.

3        2.   Defendants LYDIA HARRIS (hereinafter "HARRIS"), MARION H.

4   KNIGHT, aka SUGE KNIGHT (hereinafter "KNIGHT"), DERMOT GIVENS (hereinafter

5   "GIVENS") and KEVIN GILLIAM aka BATTLECAT (hereinafter "GILLIAM") are

6   individuals who, at all material times resided in Los Angeles County, California.

7        3.   Plaintiff is informed and believes and thereon alleges that the remaining

8   defendants, LIFESTYLE RECORDS, INC., NEW IMAGE MEDIA CORP., DEATH

9   ROW RECORDS, INC., DEATH ROW RECORDS, L.L.C., and THA ROW, INC. are

10   business entities who were or are authorized to transact business in the State of California.

11        4.   Plaintiff is ignorant of the true names and capacities of defendants sued

12   herein as Does 1 through 100 and therefore sues these defendants by such fictitious names.

13   Plaintiff will amend this pleading to allege the true names and capacities of such Does

14   when ascertained. The conduct of Does 1 through 100 proximately caused damages to

15   plaintiff as alleged herein. DOES 1 through 25 are the alter egos of LYDIA HARRIS,

16   LIFESTYLE RECORDS, INC. and NEW IMAGE MEDIA CORP. (hereinafter "The

17   HARRIS Defendants"). DOES 26 through 50 are the alter egos of MARION H. KNIGHT,

18   aka SUGE KNIGHT and DEATH ROW RECORDS, INC. (hereinafter "The KNIGHT

19   Defendants"). DOES 51 through 75 are the alter egos of GILLIAM. Does 76-100 are the

20   persons and entities that knowingly interfered with plaintiffs contractual lien rights.

21        5.   On or about January 25, 2002, plaintiff and defendant HARRIS entered into

22   a written Contingency Fee Agreement in Los Angeles County, California whereby plaintiff

23   agreed to represent HARRIS in connection with liability claims against MARION H.

24   KNIGHT, aka SUGE KNIGHT and his related entity DEATH ROW RECORDS, INC, and

25   in connection with liability claims against GILLIAM. A copy of that written retainer

26   agreement is attached as Exhibit F, and is incorporated herein by this reference.

27        6.   Some of the material terms of the Contingency Fee Agreement include that

28   WCCP was authorized to incur reasonable costs and expenses in performing legal services

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
J123884.)

2

FIRST AMENDED COMPLAINT

86

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 5 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 14 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 7
of 61

1   and that "[HARRIS] agrees to reimburse [WCCP] for such costs and expenses in addition

2   to the contingency fee. . ."

3        7.    HARRIS discussed and agreed to a forty percent (40%) contingency fee and

4   acknowledged that the fee arrangement was fair and reasonable.

5        8.    HARRIS specifically negotiated a contingency fee arrangement and agreed

6   to allow a lien upon any recovery for payment of attorneys' fees, "to secure payment to

7   Attorney of all sums due under this Agreement for services rendered or costs advanced,

8   Client hereby grants Attorney a lien on Client's claim and any cause of action or lawsuit

9   filed thereon, and to any recovery Client may obtain, whether by settlement, judgment or

10  otherwise."

11       9.    Plaintiff has performed all conditions, covenants and promises of the

12  Agreement, and represented HARRIS vigorously and competently in her litigation against

13  the KNIGHT Defendants.  On February 26, 2002, plaintiff prepared and filed a complaint

14  for damages on behalf of The HARRIS Defendants, Los Angeles Superior Court Case

15  Number BC268857.

16       10.   Plaintiff prosecuted the HARRIS lawsuit from February 26, 2002, through

17  March 9, 2005 when the Court entered a money judgment in favor of HARRIS and her

18  related business entity NEW IMAGE MEDIA CORP. and against The KNIGHT

19  Defendants in the sum of $107 million ($45 million for economic damages, $2 million for

20  non-economic damages and $60 million for punitive damages).  A copy of the Judgment is

21  attached hereto and incorporated herein by reference as Exhibit A.  In addition, on March

22  26, 2004, the Court entered judgment in favor of HARRIS and her related business entity

23  NEW IMAGE MEDIA CORP. and against GILLIAM in the sum of $760,000 plus interest

24  (attached as Exhibit C).

25       11.   On or about May 19, 2005, HARRIS discharged plaintiff as her attorney.  On

26  or about May 20, 2005, HARRIS filed a Substitution of Attorney with the Court indicating

27  that she was representing herself.

28

LAW OFFICES
HAIGHT, BROWN &
BONSTEEL, L.L.P.
Los Angeles

WC11-0000007
J123384.1

3
FIRST AMENDED COMPLAINT

87

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 6 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 15 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 8
of 61

1     12.   On May 19, 2005, plaintiff filed and served on defendants a Notice of

2   Attorney Lien equal to forty percent (40%) of any and all gross recovery, payments or

3   consideration of any kind or nature paid or transferred in satisfaction, in whole or in part,

4   of the Judgment against KNIGHT, et al., entered in LASC Case No. BC268857 (40% of

5   $107 million, plus interest accruing at the rate of $29,315.00 per day), plus costs expended

6   in the sum of $213,890.27. (Exhibit C.) On September 9, 2005, plaintiff filed and served

7   on GILLIAM a Notice of Lien in the sum of $304,000.00 plus interest. (Exhibit D.)

8     13.   On June 17, 2005, HARRIS filed with the Court a "Notice of Settlement"

9   which represents that HARRIS and KNIGHT had agreed to a conditional settlement on

10   "specified terms that are not to be performed within 45 days of the settlement." The Notice

11   states that a Request for Dismissal will be filed no later than May 27, 2005 (40 days

12   earlier). By the terms of the "Notice of Settlement," the negotiations and settlement itself

13   occurred before a Substitution of Attorney was filed. None of the defendants notified

14   plaintiff of any such negotiations or settlement and the defendants have, affirmatively

15   concealed the fact of such negotiations and the settlement terms.

16     14.   It was reported on August 29, 2005 in the Los Angeles Times that HARRIS

17   has received the sum of $1.2 million as a result of the lawsuit. A "settlement" in the sum

18   of $1 million is reported by counsel for KNIGHT in this action. Plaintiff has received no

19   compensation for professional services rendered.

20     15.   Plaintiff has requested and defendants have refused to disclose the material

21   terms of the settlement or make any payment to the plaintiff. Plaintiff is informed and

22   believes and thereon alleges that HARRIS and The KNIGHT Defendants conspired to

23   conceal the true terms of any settlement agreement (if any), and the true sum(s) of any

24   payment(s) from plaintiff, and that the defendants willfully and intentionally executed one

25   or more settlement agreements, all in disregard of plaintiff's valid lien rights. Plaintiff is

26   informed and believes and thereon alleges that HARRIS and The KNIGHT Defendants

27   deliberately chose not to file a Partial Satisfaction of Judgment in order to conceal the

28   material terms of the settlement from plaintiff.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

4

FIRST AMENDED COMPLAINT

88

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 7 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 16 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 9
of 61

1      16.    Plaintiff is informed, and thereon alleges, that HARRIS negotiated a secret

2  settlement agreement with the KNIGHT defendants that resulted in HARRIS being paid at

3  least $1 million by the KNIGHT defendants. (HARRIS and the KNIGHT Defendants have

4  since disagreed on whether that payment effectuated a full or partial payment under their

5  settlement agreement, or whether a meeting of the minds occurred at all, so as to create a

6  binding settlement agreement. Both parties have admitted that the $1 million was

7  transferred from the KNIGHT Defendants to HARRIS to satisfy, in full or in part, the

8  Judgment.) HARRIS claims, or has claimed, that she, through other counsel, Dermot

9  Damien Givens, negotiated a purported settlement with the KNIGHT Defendants that

10  would result in the KNIGHT Defendants paying her consideration including, among other

11  things, the greater of $5.8 million paid to her annually on a specified date over five years,

12  or the income generated from certain specified songs or intellectual properties owned by

13  the KNIGHT Defendants.

14      17.    On further information and belief, plaintiff alleges that HARRIS has

15  received other sums and assets from the KNIGHT Defendants, in partial satisfaction of the

16  Judgment, the value of which is subject to proof at trial but which is believed to total not

17  less than $2 million. Accordingly, plaintiff claims damage against HARRIS in the sum of

18  40 percent of any gross recoveries she obtained, or may obtain in the future, from all or

19  any of the KNIGHT Defendants.

20      18.    As a result of this, plaintiff has been damaged by HARRIS' failure and

21  refusal to pay for all or part the attorneys' fees called for in the Retainer Agreement,

22  including but not limited to payment of forty percent (40%) of any and all gross recovery,

23  payments or consideration of any kind paid to HARRIS to date. Other defendants have

24  similarly caused damage by failing and refusing to acknowledge plaintiff's lien rights, or

25  to actually pay or reserve any of the funds paid to HARRIS to satisfy the lien for attorneys'

26  services properly put into place by plaintiff.

27

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEL, L.L.P.
Los Angeles

WCI1-0000007
3123884.1

5

FIRST AMENDED COMPLAINT

## FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

### (Against Lydia Harris, Lifestyle Records, Inc., New Image Media Corp. and Does 1 through 25, Inclusive)

19. Plaintiff incorporates by this reference all allegations and facts alleged in paragraphs 1 through 18, above.

20. On or about January 25, 2002, plaintiff and defendant HARRIS entered into a written Contingency Fee Agreement in Los Angeles County, California whereby plaintiff agreed to represent HARRIS in connection with liability claims against MARION H. KNIGHT, aka SUGE KNIGHT and his related entity DEATH ROW RECORDS, INC, and in connection with liability claims against GILLIAM. A copy of that written retainer agreement, attached as Exhibit F, is incorporated herein in full by this reference.

21. Some of the material terms of the Contingency Fee Agreement include that WCCP is authorized to incur reasonable costs and expenses in performing legal services and that "[HARRIS] agrees to reimburse [WCCP] for such costs and expenses in addition to the contingency fee. . ." The contingency fee negotiated by HARRIS was for forty percent (40%); HARRIS acknowledged that the fee arrangement is fair and reasonable.

22. The Contingency Fee Agreement negotiated by HARRIS further specifically included language granting plaintiff a lien upon any recovery, for payment of plaintiff's attorneys' fees, "to secure payment to Attorney of all sums due under this Agreement for services rendered or costs advanced, Client hereby grants Attorney a lien on Client's claim and any cause of action or lawsuit filed thereon, and to any recovery Client may obtain, whether by settlement, judgment or otherwise."

23. Plaintiff has performed all conditions, covenants and promises of the Agreement. On February 26, 2002, plaintiff prepared and filed a complaint for damages on behalf of The HARRIS Defendants, Los Angeles Superior Court Case Number BC268857.

24. Plaintiff prosecuted the HARRIS lawsuit from February 26, 2002 through March 9, 2005 when the Court entered a money judgment in favor of HARRIS and her

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

6

FIRST AMENDED COMPLAINT

90

Case 1:13-ap-01035-MT   Doc 1-2   Filed 02/15/13   Entered 02/15/13 10:29:31   Desc
Exhibit Exhibits 8 to 9   Page 9 of 77

Case 1:96-bk-15521-GM   Doc 160-2   Filed 01/15/13   Entered 01/15/13 17:28:24   Desc
Exhibit F - G   Page 18 of 68

Case 2:06-bk-11205-VZ   Claim 38-1   Filed 10/31/06   Desc Main Document   Page 11
of 61

1  related business entity NEW IMAGE MEDIA CORP. and against The KNIGHT

2  Defendants in the sum of $107 million ($45 million for economic damages, $2 million for

3  non-economic damages and $60 million for punitive damages).  A copy of the Judgment is

4  attached hereto and incorporated herein by reference as Exhibit A.  In addition, on March

5  26, 2004, the Court entered judgment in favor of HARRIS and her related business entity

6  NEW IMAGE MEDIA CORP. and against GILLIAM in the sum of $760,000 plus interest.

7  (Exhibit B.)

8       25.   On or about May 19, 2005, HARRIS discharged plaintiff as her attorney.  On

9  or about May 20, 2005, HARRIS filed a Substitution of Attorney with the Court indicating

10  that she was representing herself.

11       26.   On May 19, 2005, plaintiff filed and served on defendants a Notice of

12  Attorney Lien equal to forty percent (40%) of any and all gross recovery, payments or

13  consideration of any kind or nature paid or transferred in satisfaction, in whole or in part,

14  of the Judgment against KNIGHT, et al., entered in LASC Case No. BC268857 (40% of

15  $107 million plus interest accruing at the rate of $29,315.00 per day) plus costs expended

16  in the sum of $213,890.27. (Exhibit C.)  On September 9, 2005, plaintiff filed and served

17  on GILLIAM a Notice of Lien in the sum of $304,000.00 plus interest.  (Exhibit D.)

18       27.   On June 17, 2005, HARRIS filed with the Court a "Notice of Settlement"

19  which represents that HARRIS and KNIGHT had agreed to a conditional settlement on

20  "specified terms that are not to be performed within 45 days of the settlement."  The

21  Notice states that a Request for Dismissal will be filed no later than May 27, 2005 (40 days

22  earlier).  By the terms of the "Notice of Settlement," the negotiations and settlement itself

23  occurred before a Substitution of Attorney was filed.  None of the defendants notified

24  plaintiff of any such negotiations or settlement and the defendants have, affirmatively

25  concealed the fact of such negotiations and the settlement terms.

26       28.   The HARRIS Defendants have breached the material terms of the

27  Contingency Fee Agreement by, among other things, failing and refusing to pay plaintiff

28  for professional legal services rendered on her behalf.

LAW OFFICES
HAIGHT, BROWN &
HONESTEEL, L.L.P.
Los Angeles        WC11-0000007
3123884.1                           7

FIRST AMENDED COMPLAINT

91

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 10 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 19 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 12
of 61

29.     As a result of HARRIS' breach of contract, plaintiff has been damaged by HARRIS' failure and refusal to pay for all or part the attorneys' fees called for in the Retainer Agreement, including but not limited to payment of forty percent (40%) of any and all gross recovery, payments or consideration of any kind paid to HARRIS to date.

30.     Plaintiff is informed, and thereon alleges, that its damages include, but are not limited to, HARRIS's failure and refusal to pay anything at all to plaintiff out of the $1 million secret purported settlement paid by or through the KNIGHT Defendants to HARRIS in or about June 2005.  Refusal to pay any sum at all to the plaintiff out of that $1 million violates plaintiff's lien rights, and is a breach of HARRIS' Retainer Fee Agreement with plaintiff.  No other payments have been made by HARRIS to plaintiff from any other payments or transfers made to HARRIS by or on behalf of the KNIGHT Defendants (if any), in further violation of plaintiff's lien rights and in further breach of HARRIS' Retainer Fee Agreement with plaintiff.

### SECOND CAUSE OF ACTION

### QUANTUM MERUIT

### (Plaintiff vs. The HARRIS Defendants and DOES 1 Through 25, Inclusive)

31.     Plaintiff incorporates herein by reference paragraphs 1 through 18 of this First Amended Complaint as though fully set forth herein.

32.     Within the past two years, plaintiff rendered legal services to The HARRIS Defendants and incurred costs in connection with those legal services at the special request of the HARRIS Defendants.  The HARRIS Defendants promised to pay plaintiff for those legal services and costs.  Neither the HARRIS Defendants nor plaintiff reasonably expected or believed that plaintiff would provide legal services, and prepay legal costs, on behalf of the HARRIS Defendants for no compensation at all.

33.     Upon plaintiff's information and belief, the reasonable value of the services and unpaid costs incurred by plaintiff for the benefit of The HARRIS Defendants may exceed $10 million.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

8

FIRST AMENDED COMPLAINT

92

Case 1:13-ap-01035-MT   Doc 1-2   Filed 02/15/13   Entered 02/15/13 10:29:31   Desc
Exhibit Exhibits 8 to 9   Page 11 of 77

Case 1:96-bk-15521-GM   Doc 160-2   Filed 01/15/13   Entered 01/15/13 17:28:24   Desc
Exhibit F - G   Page 20 of 68

Case 2:06-bk-11205-VZ   Claim 38-1   Filed 10/31/06   Desc Main Document   Page 13
of 61

1   Plaintiff has repeatedly demanded from the HARRIS Defendants information

2   concerning any purported settlement with The KNIGHT Defendants, or the receipt

3   of payments from or on behalf of the KNIGHT Defendants. The HARRIS

4   Defendants have refused and continue to refuse to provide completely and accurately

5   any such information, or pay any sums for the reasonable value of professional

6   services rendered on behalf of HARRIS.THIRD CAUSE OF ACTION

7   FOR MONEY HAD AND RECEIVED

8   (Plaintiff vs. The HARRIS Defendants and DOES 1 Through 25, Inclusive)

9        35.   Plaintiff incorporates herein by reference paragraphs 1 through 18 of this

10   First Amended Complaint as though fully set forth herein.

11        36.   Plaintiff is informed and believes and thereon alleges that as a proximate

12   result of professional legal services performed by plaintiff on behalf of The HARRIS

13   Defendants, The HARRIS Defendants received payments or other consideration in full or

14   partial satisfaction of the $107 million judgment against The KNIGHT Defendants.

15        37.   In equity and in good conscience, forty percent (40%) of any recovery to

16   HARRIS should be paid to plaintiff.

17        38.   The HARRIS Defendants have refused to pay anything to plaintiff for the

18   attorneys' fees it incurred, in good faith, on her behalf, and in reliance on HARRIS'

19   written promise to pay plaintiff forty (40) percent of any recovery she obtained against the

20   KNIGHT Defendants. One or more of The HARRIS Defendants received a sum of money

21   from or on behalf of the KNIGHT Defendants, in full or partial satisfaction of the

22   Judgment; upon information and belief, plaintiff contends that this sum was at least $1

23   million. HARRIS, the KNIGHT Defendants, and Dermot Damien Givens concede that at

24   least $1 million was paid by or on behalf of the KNIGHT Defendants to HARRIS, and that

25   no notice of that settlement or payment was given to plaintiff. No fees have been paid to

26   plaintiff from any other transfer of money or assets to or on behalf of the HARRIS

27   Defendants by or on behalf of the KNIGHT Defendants, with the actual knowledge and

28   assistance of their attorney, Dermot Damien Givens, in full or partial satisfaction of the

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WCII-0000007
3123884.1

9

FIRST AMENDED COMPLAINT

93

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 12 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 21 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 14
of 61

1  Judgment. The HARRIS Defendants have instead concealed the terms of any purported

2  settlement with the KNIGHT Defendants from plaintiff, or has hidden the fact of payments

3  made to or on behalf of the HARRIS Defendants from or on behalf of the KNIGHT

4  Defendants.

5

6                    FOURTH CAUSE OF ACTION

7                    FOR AN ACCOUNTING

8                    (Plaintiff vs. All Defendants)

9       39.    Plaintiff incorporates herein by reference paragraphs 1 through 18, and 36

10  through 38 of this First Amended Complaint as though fully set forth herein.

11       40.    Plaintiff has demanded an accounting of any and all gross recovery,

12  payments or consideration of any kind or nature paid or transferred in satisfaction, in

13  whole or in part, of the Judgment entered in LASC Case No. BC268857. The defendants,

14  and each of them, have refused to provide any accounting of the consideration agreed to or

15  paid. Plaintiff therefore now requests that this court order a full and complete accounting

16  of all sums or assets received by or on behalf of any of The HARRIS Defendants, or any of

17  their agents or persons acting on their behalf, from or on behalf of any of the KNIGHT

18  Defendants, or from any other entity or source, in partial or full satisfaction of the

19  Judgment.

20

21                    FIFTH CAUSE OF ACTION

22                    INTERFERENCE WITH CONTRACT

23       (Plaintiff vs. The KNIGHT Defendants, THA ROW RECORDS, LLC,

24       THA ROW, INC., DERMOT GIVENS and DOES 26 Through 100, Inclusive)

25       41.    Plaintiff incorporates herein by reference paragraphs 1 through 18 of this

26  First Amended Complaint as though fully set forth herein.

27       42.    Defendants MARION H. KNIGHT, aka SUGE KNIGHT, DEATH ROW

28  RECORDS, INC., DEATH ROW RECORDS, LLC, THA ROW, INC., DERMOT

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

10

FIRST AMENDED COMPLAINT

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 13 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 22 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 15
of 61

1    GIVENS, LYDIA HARRIS, LIFESTYLE RECORDS, INC., NEW IMAGE MEDIA

2    CORP. and DOES 26 through 100 were served with notice of plaintiffs lien on May 19,

3    2005. Defendant GILLIAM and DOES 70 through 80 were served with Notice of Lien on

4    the GILLIAM Judgment on September 9, 2005. The defendants, and each of them, by and

5    through their authorized representatives, had actual knowledge of plaintiffs valid contract

6    and lien.

7        43.    Plaintiff is informed and believes and thereon alleges that the judgment

8    debtors (The KNIGHT Defendants) and their attorney, DERMOT GIVENS, conspired

9    with HARRIS to deprive plaintiff of its lien rights. Plaintiff is informed and believes and

10   thereon alleges that The KNIGHT Defendants, DERMOT GIVENS and Does 26 through

11   100 caused payments or other consideration to be made to HARRIS pursuant to the

12   judgment without notice to plaintiff and without satisfying any portion of plaintiffs valid

13   lien. The Knight defendants and GIVENS made it more difficult, expensive or

14   burdensome to collect fees and costs which were earned. The Knight defendants and

15   GIVENS either intended to prevent Harris from performing her contractual obligations to

16   plaintiff or knew that collection of fees and costs would be more expensive or burdensome

17   as a result of their conduct.

18       44.    The KNIGHT Defendants, GIVENS and Does 26 through 100 intentionally

19   interfered with plaintiffs valid contractual and/or equitable lien in an amount equal to the

20   payment or other consideration which has passed or will pass between KNIGHT and

21   GILLIAM on the one hand and HARRIS on the other hand.

22       45.    Plaintiff is informed and believes and thereon alleges that The KNIGHT

23   Defendants have provided payments or other consideration to HARRIS with a value in

24   excess of $2 million. Accordingly, plaintiff alleges that, to date, said defendants'

25   intentional interference with plaintiff's contractual lien rights has caused damage to

26   plaintiff in a sum exceeding $1,013,890.27, or forty (40) percent of any actual payments

27   made by or on behalf of the KNIGHT Defendants to the HARRIS Defendants, plus

28   interest.

LAW OFFICES
HAIGHT, BROWN &
BONSTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

11

FIRST AMENDED COMPLAINT

95

Case 1:13-ap-01035-MT   Doc 1-2   Filed 02/15/13   Entered 02/15/13 10:29:31   Desc
Exhibit Exhibits 8 to 9   Page 14 of 77

Case 1:96-bk-15521-GM   Doc 160-2   Filed 01/15/13   Entered 01/15/13 17:28:24   Desc
Exhibit F - G   Page 23 of 68

Case 2:06-bk-11205-VZ   Claim 38-1   Filed 10/31/06   Desc Main Document   Page 16
of 61

## SIXTH CAUSE OF ACTION

### FOR ORDER GRANTING EQUITABLE ASSIGNMENT OF JUDGMENTS

### (Plaintiff vs. The KNIGHT Defendants, GILLIAM, Lydia Harris, and

### DOES 1 Through 25

### and DOES 50 through 75, Inclusive)

46.    Plaintiff incorporates herein by reference paragraphs 1 through 18 and 36 through 38 of this First Amended Complaint as though fully set forth herein.

47.    HARRIS discharged plaintiff without cause after entry of judgment in the sum of $107 million against The KNIGHT Defendants.

48.    Plaintiff is informed and believes and thereon alleges that HARRIS discharged plaintiff for the primary purpose of concealing payments and violating plaintiffs contractual right to collect a contingency fee based upon any recovery in the underlying lawsuit, as well as in violation of its rights as set forth in the May 19, 2005 Notice of Lien, as well as violating plaintiffs rights to a contingent fee from any recovery against GILLIAM.

49.    Plaintiffs contract with HARRIS created a lien upon the recovery whether by settlement or judgment. By reason of the professional services rendered, plaintiff is an equitable assignee of the judgments or settlements to the extent of fees and costs which are due plaintiff for services. [*Siciliano v. Fireman's Fund Ins. Co.* (1976) 62 Cal.App.3d 745.]

50.    Plaintiff is informed and believes and thereon alleges that it is entitled to an equitable assignment of forty (40) percent of the judgments against The KNIGHT Defendants and GILLIAM, and/or forty (40) percent of any settlement or other recoveries obtained by or on behalf of the HARRIS Defendants from or on behalf of the KNIGHT Defendants.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

12

FIRST AMENDED COMPLAINT

96

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 15 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 24 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 17
of 61

## SEVENTH CAUSE OF ACTION FOR DECLARATORY RELIEF

### (Plaintiff vs. All Defendants)

51.    Plaintiff incorporates herein by reference paragraphs 1 through 18 and 36 through 38 of this First Amended Complaint as though fully set forth herein.

52.    Plaintiff alleges that it has a valid lien on any and all recovery, payments, or consideration of any kind or nature paid in satisfaction of the judgment against The KNIGHT Defendants for forty percent (40%) of $107 million plus interest at the rate of $29,315.00 per day plus costs expended in the sum of $213,890.27.  Plaintiff alleges that it has a valid lien on any and all recovery, payments, or consideration of any kind or nature paid in satisfaction of the judgment against GILLIAM for forty percent (40%) of $760,000.00 plus interest at the rate of $208.22 per day plus costs as aforementioned.  Plaintiff is informed and believes and thereon alleges that defendants contend that they had or have the right to disregard plaintiffs lien and that KNIGHT and/or GILLIAM can make payments in partial or total satisfaction of the judgment without paying anything to plaintiff.  Plaintiff contends to the contrary:

53.    Plaintiff contends that any settlement agreement between The KNIGHT Defendants and HARRIS and/or any settlement between GILLIAM and HARRIS is void to the extent that it purports to release, extinguish, impair or modify plaintiffs vested rights to recover forty percent (40%) of the judgment plus costs as reflected in the attorney liens served on May 19, 2005 and September 9, 2005.

54.    Plaintiff is informed and believes and thereon alleges that defendants contend that they have or had the right to disregard, impair, release, diminish or extinguish the lien rights of plaintiff.

55.    Plaintiff contends that any agreement between the defendants that was made without the consent of plaintiff is a nullity as to plaintiff because any such agreement was a fraud upon plaintiff, was made with unclean hands and without any consideration to plaintiffs vested interests.  Plaintiff is informed and believes and thereon alleges that defendants contend to the contrary.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
J123884.1

13

FIRST AMENDED COMPLAINT

97

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 16 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 25 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 18
of 61

1      56.    Plaintiff requests a judicial declaration that plaintiff may recover judgment

2  against The KNIGHT Defendants and its related entities and alter egos in the sum of forty

3  percent (40%) of $107 million plus interest at the rate of $27,315.00 per day from March

4  9, 2005.  Plaintiff also requests a judicial declaration that plaintiff may recover judgment

5  against GILLIAM in the sum of forty percent (40%) of $760,000 plus interest at the rate of

6  $208.22 per day from February 5, 2004.

7      WHEREFORE, plaintiff prays for judgment as follows:

8      1.    For special damages in the sum of $42,800,000.00 plus interest jointly and

9  severally against The HARRIS Defendants, The KNIGHT Defendants and DERMOT

10  GIVENS, or according to proof;

11      2.    For special damages in the sum of $304,000.00 plus interest from GILLIAM,

12  or according to proof, **and**

13      3.    For a judgment assigning to plaintiff forty percent (40%) of the March 9,

14  2005 judgment against MARION H. KNIGHT and DEATH ROW RECORDS, INC.,

15  and/or;

16      4.    For a judgment assigning to plaintiff forty percent (40%) of the March 26,

17  2004 judgment against GILLIAM.  Further, plaintiff requests:

18      5.    A judicial declaration that any agreement by and between the defendants

19  which purports to affect the rights of the plaintiff is void;

20      6.    The imposition of a constructive trust upon any proceeds paid to The

21  HARRIS Defendants in satisfaction of the judgments;

22      7.    An accounting, requiring the defendants to disclose to plaintiff the exact

23  arms of any and all settlement agreements reached between the defendants and any

24  consideration paid in satisfaction of the judgment;

25      8.    A temporary restraining order, preliminary injunction and/or permanent

26  injunction freezing and/or attaching the assets of the defendants up to plaintiffs interest in

27  the underlying judgments;

28      9.    Its costs of suit;

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

14

FIRST AMENDED COMPLAINT

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 17 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 26 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 19
of 61

10.    Prejudgment interest, as provided by law;  and

11.    Such further relief which is just and proper.

Dated: April 3, 2006

HAIGHT BROWN & BONESTEEL LLP;
WASSERMAN, COMDEN &
CASSELMAN, L.L.P.


By: _____
Peter Q. Ezzell
Nancy E. Lucas
Stephen M. Caine;
David B. Casselman
Leonard J. Comden
Attorneys for Plaintiff WASSERMAN,
COMDEN, CASSELMAN &
PEARSON, L.L.P.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

15
FIRST AMENDED COMPLAINT

99

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 18 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 27 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 20
of 61



## LIST OF EXHIBITS

A.  Judgment in favor of HARRIS and NEW IMAGE MEDIA CORP. and against MARION H. KNIGHT, aka SUGE KNIGHT and DEATH ROW RECORDS, INC.

B.  March 26, 2004, Court judgment in favor of HARRIS and her related business entity NEW IMAGE MEDIA CORP. and against GILLIAM in the sum of $760,000 plus interest.

C.  May 19, 2005 Notice of Attorney Lien equal to forty percent (40%) of any and all gross recovery, payments or consideration of any kind or nature paid or transferred in satisfaction, in whole or in part, of the Judgment against KNIGHT, et al. entered in LASC Case No. BC268857 (40% of $107 million plus interest accruing at the rate of $29,315.00 per day) plus costs expended in the sum of $213,890.27.

D.  September 9, 2005 Notice of Attorney Lien filed September 9, 2005 in the sum of $304,000.00, plus interest.

E.  Notice of Settlement, filed June 17, 2005.

F.  Contingency Fee Agreement.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

16

FIRST AMENDED COMPLAINT

100

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 19 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 28 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 21
of 61

## PROOF OF SERVICE BY MAIL

1

2

3   STATE OF CALIFORNIA          )
                                 )   ss.:
4   COUNTY OF LOS ANGELES        )

5   *WASSERMAN v. LYDIA HARRIS; LIFESTYLE RECORDS*
    *BC 340196*
6
        I am employed in the County of Los Angeles, State of California. I am over the age
7   of 18 and not a party to the within action. My business address is 6080 Center Drive, Suite
    800, Los Angeles, CA 90045-1574.
8
        On April 3, 2006, I served on interested parties in said action the within:
9
    FIRST AMENDED COMPLAINT
10
    [X]  (MAIL)  by placing a true copy thereof in sealed envelope(s) addressed as stated on
11       the attached service list.

12
        I am readily familiar with this firm's practice of collection and processing
13  correspondence for mailing. Under that practice it would be deposited with the U.S. postal
    service on that same day with postage thereon fully prepaid at Los Angeles, California, in
14  the ordinary course of business. I am aware that on motion of party served, service is
    presumed invalid if postal cancellation date or postage meter date is more than 1 day after
15  date of deposit for mailing in affidavit.

16      Executed on April 3, 2006, at Los Angeles, California.

17      I declare under penalty of perjury under the laws of the State of California that the
18  foregoing is true and correct.

19
    _____          _____
20       Theresa Welsch                        (Signature)
         (Type or print name)
21

22

23

24

25

26

27

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.        WC11-0000007
Los Angeles             3123884.1

17

FIRST AMENDED COMPLAINT

101

Case 1:13-ap-01035-MT   Doc 1-2   Filed 02/15/13   Entered 02/15/13 10:29:31   Desc
Exhibit Exhibits 8 to 9   Page 20 of 77

Case 1:96-bk-15521-GM   Doc 160-2   Filed 01/15/13   Entered 01/15/13 17:28:24   Desc
Exhibit F - G   Page 29 of 68

Case 2:06-bk-11205-VZ   Claim 38-1   Filed 10/31/06   Desc Main Document   Page 22
of 61

MAILING LIST
WASSERMAN v. LYDIA HARRIS; LIFESTYLE RECORDS
BC 340196

David B. Casselman
Wasserman Comden, Casselman & Pearson
5567 Reseda Blvd., #330
Tarzana, CA 91357

Tel:   818-705-6800
Fax:   818-705-8634
hblum@wccklaw.com

Gary S. Soter
Pearson, Soter, Warshaw & Penny
15165 Ventura Blvd., #400
Sherman Oaks, CA 91403

Tel:   818-788-8300
Fax:   818-788-8104
gsoter@pswplaw.com

Kevin Gilliam
1502 South Alpine Dr.
West Covina, CA 91791

[Pro Per]

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WCI1-0000007
3123884.1

18
FIRST AMENDED COMPLAINT

102

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 21 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 30 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 23
of 61

## PROOF OF SERVICE BY OVERNIGHT DELIVERY

STATE OF CALIFORNIA            )
                               ) ss.:
COUNTY OF LOS ANGELES          )

*WASSERMAN v. LYDIA HARRIS; LIFESTYLE RECORDS*
*BC 340196*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 6080 Center Drive, Suite 800, Los Angeles, CA 90045-1574.

On April 3, 2006, I served on interested parties in said action the within:

FIRST AMENDED COMPLAINT

I deposited in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated on the attached service list, with fees for overnight delivery paid or provided for.

Executed on April 3, 2006, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| Theresa Welsch | |
| --- | --- |
| (Type or print name) | (Signature) |

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

23

FIRST AMENDED COMPLAINT

03/24/06 4:18 PM
Draft

103

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 22 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 31 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 24
of 61

MAILING LIST
WASSERMAN v. LYDIA HARRIS; LIFESTYLE RECORDS
BC 340196

Rex Julian Beaber
1546 Calmar Court
Los Angeles, CA  90024

Tel:    557-1198
Fax:
Xerxers@aol.com

Debra V. Crawford
P.O. Box 373, SW Mission & 4th, #5
Carmel, CA  93921-0373

Tel:    831-624-2422
Fax:    831-624-2428
ddvcrawford@earthlink.net

Laurence D. Strick
Law Office of Laurence D. Strick
339 N. Sycamore Ave., # 2
Los Angeles, CA  90036

Tel: (323) 964-5231
Fax: (323) 964-8135

larrystrick@yahoo.com

Dermot Damian Givens
433 North Camden Dr., #600
Beverly Hills, CA  90210

Tel:    310-854-8823
Fax:    323-878-0416
dermotg@aol.com

Steven M. Goldberg
Russ, August & Kabat
12424 Wilshire Blvd., 12th Floor
Los Angeles, CA  90025

Tel:    310-979-8274
Fax:    310-826-6991

Larry Nagelberg
Nagelberg & Associates
The Tower, Suite 2150
10940 Wilshire Blvd.
Los Angeles, CA  90024

Tel: (310) 208-3220
Fax: (310) 208-3830

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123584.1

23

FIRST AMENDED COMPLAINT

03/24/06 4:18 PM
Draft

104

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 23 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 32 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 25
of 61

EXHIBIT  A

Case 1:13-ap-01035-MT   Doc 1-2   Filed 02/15/13   Entered 02/15/13 10:29:31   Desc
Exhibit Exhibits 8 to 9   Page 24 of 77

Case 1:96-bk-15521-GM   Doc 160-2   Filed 01/15/13   Entered 01/15/13 17:28:24   Desc
Exhibit F - G   Page 33 of 68

Case 2:06-bk-11205-VZ   Claim 38-1   Filed 10/31/06   Desc Main Document   Page 26
of 61

1  DAVID B. CASSELMAN (SBN 81657)
   I.DONALD WEISSMAN (SBN 67980)
2  WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.
   5567 Reseda Boulevard, Suite 330
3  Post Office Box 7033
   Tarzana, California 91357-7033
4  Telephone:  (818) 705-6800 • (323) 872-0995
   Facsimile:  (818) 705-8147

5
6  Attorneys for Plaintiffs
   LYDIA HARRIS and NEW IMAGE MEDIA
   CORPORATION
7

**FILED**
LOS ANGELES SUPERIOR COURT

APR 1 4 2005

JOHN A. CLARKE, CLERK
E. Martinez
BY ELIZABETH MARTINEZ, DEPUTY

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10

11  LYDIA HARRIS, LIFESTYLE          )   CASE NO. BC 268857
    RECORDS, INC., AND NEW IMAGE     )
12  MEDIA CORP.,                     )
                                     )   Case Assigned to:
13           Plaintiffs,             )   Judge Ronald M. Sohigian - Dept. 41
                                     )
14      v.                           )   [Complaint Filed: February 26, 2002]
                                     )
15  KEVIN GILLIAM AKA BATTLECAT;     )
    MARION H. KNIGHT AKA SUGE        )
16  KNIGHT; DEATH ROW RECORDS;       )   NOTICE OF ENTRY OF JUDGMENT
    THA ROW, INC.; DAVID E. KENNER;  )
17  DAVID E. KENNER PROFESSIONAL     )
    LAW CORPORATION; DAVID E.        )
18  KENNER, A PROFESSIONAL           )
    CORPORATION; THE DAVID E.        )
19  KENNER TRUST; INTERSCOPE         )
    RECORDS; JIMMY IOVINE; JOHN T.   )
20  MCCLAIN, JR.; A&M RECORDS; ET    )
    AL.,                             )
21                                   )
             Defendants.             )
22  _____)

23  TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

24

25      PLEASE TAKE NOTICE that pursuant to the Judgment dated March 9, 2005 (a true

26  and correct copy of which is attached hereto as Exhibit A), judgment was entered in the sum of

27  $107,000,000.00, together with interest thereon at the rate of ten (10) percent per year from

28  March 9, 2005, in favor of LYDIA HARRIS and NEW IMAGE MEDIA CORP. and against

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
TARZANA, CALIFORNIA 91357-7033

460205.1                    *NOTICE OF ENTRY OF JUDGMENT*

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 25 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G   Page 34 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06   Desc Main Document    Page 27
of 61



1    MARION H. KNIGHT, aka SUGE KNIGHT and DEATH ROW RECORDS.

2

3    DATED: April 13, 2005                    WASSERMAN, COMDEN, CASSELMAN &
                                             PEARSON L.L.P.
4

5

6    By: _____
                I. DONALD WEISSMAN
7    Attorneys for Plaintiffs
     LYDIA HARRIS and NEW IMAGE MEDIA
8    CORPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

400205.1                       *NOTICE OF ENTRY OF JUDGMENT*

107

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 26 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 35 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 28
of 61

1   MARION H. KNIGHT, aka SUGE KNIGHT and DEATH ROW RECORDS.

2

3   DATED: April 13, 2005                WASSERMAN, COMDEN, CASSELMAN &
                                         PEARSON L.L.P.

4

5

6                                        By:
                                                I. DONALD WEISSMAN
7                                        Attorneys for Plaintiffs
                                         LYDIA HARRIS and NEW IMAGE MEDIA
8                                        CORPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

400205.1                    *NOTICE OF ENTRY OF JUDGMENT*

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 27 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 36 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 29
of 61

1   DAVID B. CASSELMAN (SBN 81657)
    I.DONALD WEISSMAN (SBN 67980)
2   WASSERMAN, COMDEN, CASSELMAN & PEARSON, LLP.
    5567 Reseda Boulevard, Suite 330
3   Post Office Box 7033
    Tarzana, California 91357-7033
4   Telephone:  (818) 705-6800 • (323) 872-0995
    Facsimile:   (818) 705-8147
5
    Attorneys for Plaintiffs
6   LYDIA HARRIS and NEW IMAGE MEDIA
    CORPORATION
7

**FILED**
LOS ANGELES SUPERIOR COURT

APR 1 4 2005

JOHN A. CLARKE, CLERK
E. Martinez
BY ELIZABETH MARTINEZ, DEPUTY

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF LOS ANGELES

10

11   LYDIA HARRIS, LIFESTYLE          )   CASE NO. BC 268857
     RECORDS, INC., AND NEW IMAGE     )
12   MEDIA CORP.,                     )
                                      )   Case Assigned to:
13           Plaintiffs,              )   Judge Ronald M. Sohigian - Dept. 41
                                      )
14   v.                               )   [Complaint Filed: February 26, 2002]
                                      )
15   KEVIN GILLIAM AKA BATTLECAT;     )
     MARION H. KNIGHT AKA SUGE        )
16   KNIGHT; DEATH ROW RECORDS;       )   NOTICE OF ENTRY OF JUDGMENT
     THA ROW, INC.; DAVID E. KENNER;  )
17   DAVID E. KENNER PROFESSIONAL     )
     LAW CORPORATION; DAVID E.        )
18   KENNER, A PROFESSIONAL           )
     CORPORATION; THE DAVID E.        )
19   KENNER TRUST; INTERSCOPE         )
     RECORDS; JIMMY IOVINE; JOHN T.   )
20   MCCLAIN, JR.; A&M RECORDS; ET    )
     AL.,                             )
21                                    )
             Defendants.              )
22   _____)

23   TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

24

25        PLEASE TAKE NOTICE that pursuant to the Judgment dated March 9, 2005 (a true

26   and correct copy of which is attached hereto as Exhibit A), judgment was entered in the sum of

27   $107,000,000.00, together with interest thereon at the rate of ten (10) percent per year from

28   March 9, 2005, in favor of LYDIA HARRIS and NEW IMAGE MEDIA CORP. and against

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

109

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 28 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 37 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 30
of 61

ORIGINAL FILED

MAR 0 9 2005

LOS ANGELES
SUPERIOR COURT

1  DAVID B. CASSELMAN (SBN 81657)
   LDONALD WEISSMAN (SBN 67980)
2  WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
   5567 Reseda Boulevard, Suite 330
3  Post Office Box 7033
   Tarzana, California 91357-7033
4  Telephone:  (818) 705-6800 • (323) 872-0995
   Facsimile:  (818) 705-8147
5
   Attorneys for Plaintiffs
6  LYDIA HARRIS and NEW IMAGE MEDIA
   CORPORATION
7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               FOR THE COUNTY OF LOS ANGELES

10

11 LYDIA HARRIS; LIFESTYLE          )    CASE NO. BC 268857
   RECORDS, INC., AND NEW IMAGE     )
12 MEDIA CORP.,                     )    Case Assigned to:
                                    )    Judge Ronald M. Sohigian - Dept. 41
13            Plaintiffs,            )
                                    )    [Complaint Filed: February 26, 2002]
14    v.                            )
                                    )
15 KEVIN GILLIAM AKA BATTLECAT;     )    JUDGMENT
   MARION H. KNIGHT AKA SUGE        )
16 KNIGHT; DEATH ROW RECORDS;       )
   THA ROW, INC.; DAVID E. KENNER;  )
17 DAVID E. KENNER PROFESSIONAL     )
   LAW CORPORATION; DAVID E.        )
18 KENNER, A PROFESSIONAL           )
   CORPORATION; THE DAVID E.        )
19 KENNER TRUST; INTERSCOPE         )
   RECORDS; JIMMY IOVINE; JOHN T.   )
20 MCCLAIN, JR.; A&M RECORDS; ET    )
   AL.,                             )
21            Defendants.           )
                                    )
22 _____

23      Upon the Order striking the Answer of MARION H. KNIGHT, aka SUGE KNIGHT, ~~AND~~

24 DEATH ROW RECORDS, INC., ~~DEATH ROW RECORDS, L.L.C. and THA ROW, INC.~~

25 to Plaintiffs' Complaint and entering default thereon, consideration of the Plaintiffs' Application

26 for Default Prove-up Damages and the supporting declarations of Lydia Harris, LDonald

27 Weissman, Michael Harris and Phil Ames, and good cause appearing therefor,

28                                      EX A /

                              JUDGMENT

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

110

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 29 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 38 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 31
of 61

IT IS HEREBY ADJUDGED that judgment is entered in favor of plaintiffs, LYDIA

HARRIS and NEW IMAGE MEDIA CORP., and against defendants, MARION H. KNIGHT

aka SUGE KNIGHT, DEATH ROW RECORDS, INC., ~~aka DEATH ROW RECORDS L.L.C.,~~

~~and THE ROW, INC.,~~ in the sum of $ 45 000 000 for economic damages,

$ 2 000 000 for non-economic damages, $ 60 000 000 for punitive damages.

Further, PLAINTIFFS to recover costs pursuant to a memorandum of costs to be filed

pursuant to the statute IN THE AMOUNT OF $ _____.

Dated: MAR 0 9 2005

RONALD M. SOHIGIAN

JUDGE OF THE LOS ANGELES SUPERIOR COURT

WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.
5567 RESEDA BOULEVARD, SUITE 350
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

2

JUDGMENT

111

Case 1:13-ap-01035-MT   Doc 1-2   Filed 02/15/13   Entered 02/15/13 10:29:31   Desc
Exhibit Exhibits 8 to 9   Page 30 of 77

Case 1:96-bk-15521-GM   Doc 160-2   Filed 01/15/13   Entered 01/15/13 17:28:24   Desc
Exhibit F - G   Page 39 of 68

Case 2:06-bk-11205-VZ   Claim 38-1   Filed 10/31/06   Desc Main Document   Page 32
of 61

**PROOF OF SERVICE**
Harris et al. v. Gilliam et al.
BC268857

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of LOS ANGELES, STATE OF CALIFORNIA. My business address is: 5567 Reseda Boulevard, Suite 330, Post Office Box 7033, Tarzana, California 91357-7033. I am over the age of 18 years and am not a party to this action.

On April 13, 2005, I served the following document(s) entitled NOTICE OF ENTRY OF JUDGMENT on ALL INTERESTED PARTIES in this action:

Dermot Damian Givens, Esq.                 Attorney for defendant MARION H.
433 N. Camden Dr., Ste. 600                KNIGHT, DEATH ROW RECORDS
Beverly Hills, CA 90210                    and THA ROW, INC.

☒ **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal Service. The correspondence, pleadings and other matters are deposited with the United States Postal Service with postage thereon fully prepaid in Tarzana, California, on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to _____ for delivery to the above address(es).

☐ **BY FAX:** I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown above.

☐ **BY PERSONAL SERVICE:** I served such envelope to be delivered by hand to the offices of the addressee(s).

☒ [State]   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ [Federal]   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 13, 2005, at Tarzana, California.

BILLIE J. TOWE

400205.1

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

112

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 31 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 40 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 33
of 61

**EXHIBIT B**

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 32 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 41 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 34
of 61

COPY

FILED
LOS ANGELES SUPERIOR COURT

MAR 2 6 2004

JOHN A. CLARKE, CLERK
R. McGlothlin
BY R. McGLOTHLIN, DEPUTY

1   DAVID B. CASSELMAN (SBN 81657)
    I.DONALD WEISSMAN (SBN 67980)
2   WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
    5567 Reseda Boulevard, Suite 330
3   Post Office Box 7033
    Tarzana, California 91357-7033
4   Telephone:   (818) 705-6800 • (323) 872-0995
    Facsimile:   (818) 705-8147
5
    Attorneys for Plaintiffs
6   LYDIA HARRIS and NEW IMAGE MEDIA
    CORPORATION
7
8           SUPERIOR COURT OF THE STATE OF CALIFORNIA
9               FOR THE COUNTY OF LOS ANGELES
10
11  LYDIA HARRIS, LIFESTYLE              CASE NO. BC 268857
    RECORDS, INC., AND NEW IMAGE
12  MEDIA CORP.,                          Case Assigned to:
                                          Judge David A. Workman - Dept. 40
13          Plaintiffs,
                                          [Complaint Filed: February 26, 2002]
14      v.

15  KEVIN GILLIAM AKA BATTLECAT;
    MARION H. KNIGHT AKA SUGE             ORDER CONFIRMING
16  KNIGHT; DEATH ROW RECORDS;            ARBITRATION AWARD AND
    THA ROW, INC.; DAVID E. KENNER;       JUDGMENT
17  DAVID E. KENNER PROFESSIONAL
    LAW CORPORATION; DAVID E.
18  KENNER, A PROFESSIONAL
    CORPORATION; THE DAVID E.
19  KENNER TRUST; INTERSCOPE
    RECORDS; JIMMY IOVINE; JOHN T.
20  MCCLAIN, JR.; A&M RECORDS; ET
    AL.,
21
            Defendants.
22
23                     ORDER
24
25      The petition of LYDIA HARRIS and NEW IMAGE MEDIA CORP. for an order
26  confirming an arbitration award came on regularly on February 5, 2004, at 8:30 a.m., in
27  Department 40 for hearing by the court.
28

Left margin (vertical text): WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
TARZANA, CALIFORNIA 91357-7033

372694.1

*ORDER CONFIRMING ARBITRATION AWARD AND JUDGMENT*

114

1
2
3
4    Petitioners LYDIA HARRIS and NEW IMAGE MEDIA CORP. appeared by their attorney of record, I.DONALD WEISSMAN, ESQ. of Wasserman, Comden, Casselman & Pearson, L.L.P. Respondent KEVIN GILLIAM aka BATTLECAT, through his counsel of record filed a Notice of Non-Opposition to Plaintiffs' Petition to Conform.

5
6    Proof having been made to the satisfaction of the court that the petition should be
7    granted, IT IS ORDERED that the award of Hon. William S. Schoettler (Retired) dated
8    December 24, 2003, is confirmed in all respects and that judgment be entered in conformity
9    therewith.

10
11    DATED: _March 26, 2004_    By: _____
                                      Judge of the Superior Court
12                                        DAVID A. WORKMAN

13                              JUDGMENT
14
15    The award of Hon. William S. Schoettler (Retired) having been confirmed by order of this
16    court on February 5, 2004, IT IS ADJUDGED that petitioner NEW IMAGE MEDIA CORP.,
17    recover from respondent KEVIN GILLIAM aka BATTLECAT the sum of $760,000.00, together
18    with interest thereon at the rate of ten (10) percent per year from February 5, 2004, and costs of
19    this proceeding in the sum of $_____.

20
21
22    DATED: _March 26, 2004_    By: _____
                                      Judge of the Superior Court
23                                        DAVID A. WORKMAN

24
25
26
27
28

312694.1

_ORDER CONFIRMING ARBITRATION AWARD AND JUDGMENT_

2567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

115

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 34 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 43 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 36
of 61

PROOF OF SERVICE
<u>Harris et al. v. Gilliam et al.</u>
BC268857

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of LOS ANGELES, STATE OF CALIFORNIA. My business address is: 5567 Reseda Boulevard, Suite 330, Post Office Box 7033, Tarzana, California 91357-7033. I am over the age of 18 years and am not a party to this action.

On March 9, 2004 I served the following document(s) entitled ORDER CONFIRMING ARBITRATION AWARD AND JUDGMENT on ALL INTERESTED PARTIES in this action:

Hayes F. Michel, Esq.                    *Counsel for Kevin Gilliam, p/k/a*
PROSKAUER ROSE LLP                        *Battlecat*
2049 Century Park East, Suite 3200
Los Angeles, California 90067-3206
Tel.: (310) 557-2900
Fax: (310) 557-2193

☒    BY MAIL: By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal Service. The correspondence, pleadings and other matters are deposited with the United States Postal Service with postage thereon fully prepaid in Tarzana, California, on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    BY OVERNIGHT COURIER: I caused the above-referenced document(s) to be delivered to _____ for delivery to the above address(es).

☐    BY FAX: I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown above.

☐    BY PERSONAL SERVICE: I served such envelope to be delivered by hand to the offices of the addressee(s).

☒    [State]    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐    [Federal]    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 9, 2004, at Tarzana, California.

BILLIE J. TOWE

EXHIBIT C

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 36 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 45 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 38
of 61

1  DAVID B. CASSELMAN (SBN 81657)
   I.DONALD WEISSMAN (SBN 67980)
2  HOWARD S. BLUM (SBN 60609)
   WASSERMAN, COMDEN, CASSELMAN & PEARSON
3  5567 Reseda Boulevard, Suite 330
   Post Office Box 7033
4  Tarzana, California 91357-7033
   Telephone:  (818) 705-6800 · (323) 872-0995
5  Facsimile:  (818) 705-8147

6  Attorneys for Plaintiffs
   LYDIA HARRIS and NEW IMAGE MEDIA
7  CORPORATION

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 19 2005

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
R. Arraign

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF LOS ANGELES

10

11  LYDIA HARRIS, LIFESTYLE              )   CASE NO. BC 268857
    RECORDS, INC., AND NEW IMAGE        )
12  MEDIA CORP.,                         )
                                         )   Case Assigned to:
13          Plaintiffs,                  )   Judge Ronald M. Sohigian - Dept. 41
                                         )
14      v.                               )   [Complaint Filed: February 26, 2002]
                                         )
15  KEVIN GILLIAM AKA BATTLECAT;         )
    MARION H. KNIGHT AKA SUGE            )
16  KNIGHT; DEATH ROW RECORDS;           )   NOTICE OF ATTORNEY LIEN
    THA ROW, INC.; DAVID E. KENNER;      )
17  DAVID E. KENNER PROFESSIONAL         )
    LAW CORPORATION; DAVID E.            )
18  KENNER, A PROFESSIONAL               )
    CORPORATION; THE DAVID E.            )
19  KENNER TRUST; INTERSCOPE             )
    RECORDS; JIMMY IOVINE; JOHN T.       )
20  MCCLAIN, JR.; A&M RECORDS; ET        )
    AL.,                                 )
21                                       )
            Defendants.                  )
22                                       )

23      TO:  JUDGMENT CREDITORS LYDIA HARRIS AND NEW IMAGE MEDIA CORP.;

24  JUDGMENT DEBTORS MARION H. KNIGHT AKA SUGE KNIGHT and DEATH ROW

25  RECORDS, INC.; DERMOT DAMIAN GIVENS AND ALL INTERESTED PARTIES:

26

27      PLEASE TAKE NOTICE that the law firm of Wasserman, Comden Casselman &

28  Pearson L.L.P. (hereinafter the "Firm"), hereby gives notice of its lien equal to forty percent

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
TARZANA, P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

402923.1

*NOTICE OF ATTORNEY LIEN*

118

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 37 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 46 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 39
of 61

1    (40%) of any and all gross recovery, payments, or consideration of any kind or nature paid or

2    transferred in satisfaction, in whole or in part, of the judgment entered in the above-referenced

3    action in the principal sum of $107,000,000.00, plus interest accruing at the rate of $29,315.00

4    per day.  Said percentage is to be applied after priority payment to the Firm of costs expended

5    in the sum of $213,890.27

6

7        PLEASE TAKE FURTHER NOTICE that Wasserman, Comden, Casselman &

8    Pearson L.L.P. must be named as a co-payee on any instrument or WRITING satisfying, in

9    whole or in part, said judgment. Failure to include Wasserman, Comden, Casselman & Pearson

10    L.L.P. as a co-payee will subject the payor to liability for duplicate payment of the sums

11    transferred.

12

13        PLEASE TAKE FURTHER NOTICE that the judgment creditors must notify any

14    transferee or assignee of the judgment, or anyone claiming an interest in said judgment, of the

15    content and existence of this lien.

16

17    DATED: May 18, 2005            WASSERMAN, COMDEN, CASSELMAN &
                                      PEARSON L.L.P.
18

19

20                            By: _____
                                   DAVID B. CASSELMAN
21                                 Attorneys for Plaintiffs
                                   LYDIA HARRIS and NEW IMAGE MEDIA
22                                 CORPORATION

23

24

25

26

27

28

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 38 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 47 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 40
of 61

**PROOF OF SERVICE**
*Lydia Harris v. Kevin Gilliam, et al.*
(LASC Case No. BC 268857)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of LOS ANGELES, STATE OF CALIFORNIA. My business address is: 5567 Reseda Boulevard, Suite 330, Post Office Box 7033, Tarzana, California 91357-7033. I am over the age of 18 years and am not a party to this action

On May 19, 2005, I served the following document(s) entitled NOTICE OF ATTORNEY LIEN on ALL INTERESTED PARTIES in this action:

SEE ATTACHED LIST

☒ BY MAIL : By placing a true cop      in a sealed envelope addressed as above, and placi      collect   and      following ordinary business practices. I am readily f      practice   of collection and processing correspon      ier matters for mailing with the United States Postal Service      nce, pleadings and other matters are deposited with the United Sta.      Service with postage thereon fully prepaid in Tarzana, California, on the same day in the ordinar  course of business. I am aware that on motion of the party served, service is p   med invalid if the postal cancellation date or postage meter d      more      lay after date of deposit for mailing in affidavit.

☐ BY OVERNI      ed the above-referenced document(s) to be delivered to _____ n delivery to the above address(es).

☐ BY FAX: '      d a copy of the foregoing document(s) this date via telecopier to the facsi      ers shown above.

☐ BY PERS   . RVICE: I served such envelope to be delivered by hand to the offices of the addressee(s).

☒ [State] I declar  der penalty of perjury under the laws of the State of California that      egoing is true and correct.

☐ [ ]der   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

May 19, 2005, at Tarzana, California.

_____
Leslie Adler

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3

Case 1:13-ap-01035-MT   Doc 1-2   Filed 02/15/13   Entered 02/15/13 10:29:31   Desc
Exhibit Exhibits 8 to 9   Page 39 of 77

Case 1:96-bk-15521-GM   Doc 160-2   Filed 01/15/13   Entered 01/15/13 17:28:24   Desc
Exhibit F - G   Page 48 of 68

Case 2:06-bk-11205-VZ   Claim 38-1   Filed 10/31/06   Desc Main Document   Page 41
of 61

SERVICE LIST
*Lydia Harris v. Kevin Gilliam, et al.*
(LASC Case No. BC226857)

Lydia Harris
3910 Daphne Street
Houston, TX 77021

New Image Media Corp.
c/o Lydia Harris
3910 Daphne Street
Houston, TX 77021

Hayes F. Michel, Esq.
PROSKAUER ROSE LLP
2049 Century Park East, Suite 3200
Los Angeles, California 90067-3206
Tel.: (310) 557-2900
Fax: (310) 557-2193
*Counsel for Kevin Gilliam, p/k/a Battlecat*

Alan S. Gutman, Esq.
LAW OFFICES OF ALAN S. GUTMAN
9401 Wilshire Boulevard, Suite 575
Beverly Hills, California 90212-2918
Tel: (310) 385-0700
Fax: (310) 385-0710
*Counsel for Sony Music Entertainment, Inc.,
Relativity Entertainment, Inc. fka Relativity
Records, Inc., Loud Records, LLC and
Loud Records, Inc.*

Bart H. Williams, Esq.
Megan M. LaBelle, Esq.
MUNGER, TOLLES & OLSON, L.L.P.
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071-1560
Tel: (213) 683-9295
Fax: (213) 687-3702
*Counsel for Interscope Records, Jimmy Iovine,
John A. McClain, III, Aftermath Records and
Andre Young*

Joseph Golden, Esq.
Law Offices of Joseph Golden
10100 Santa Monica Boulevard; Suite 800
Los Angeles, CA 90067-4100
Tel.: (310) 772-2260
Fax: (310) 772-2299
*Counsel for TVT Records LLC and TVT Music,
Inc.*

Neil C. Erickson, Esq.
Katherine J. Kuneberger, Esq.
JEFFER, MANGELS, BUTLER &
MARMARO LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067-4308
Tel.: (310) 203-8080
Fax: (310) 203-0567
*Counsel for Marion H. Knight aka Suge Knight;
Death Row Records; Tha Row Records*

George L. Mallory, Jr., Esq.
MALLORY & ASSOCIATES
1925 Century Park East, Suite 2000
Los Angeles, CA 90067-2701
Tel: (310) 788-5555
Fax: (310) 788-5570
*Counsel for Hollywood Records, Inc.*

Death Row Records
8200 Wilshire Boulevard
P.O. Box 3037
Beverly Hills, CA 90212

Marion H. Knight
aka Suge Knight
c/o Death Row Records
8200 Wilshire Boulevard
P.O. Box 3037
Beverly Hills, CA 90212

Tha Row
8200 Wilshire Boulevard
P.O. Box 3037
Beverly Hills, CA 90212

Suge Publishing
c/o Death Row Records
8200 Wilshire Boulevard
P.O. Box 3037
Beverly Hills, CA 90212

Joseph A. Davis, Esq.
DAVIS AND WINSTON
9911 West Pico Boulevard
Suite 1400
Los Angeles, CA 900035
Tel: (310) 277-4662
*Counsel for Bad Boy Entertainment, Inc.*

4

WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

402964.1

*NOTICE OF ATTORNEY LIEN*

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 40 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 49 of 68

Case 2:06-bk-11205-VZ . Claim 38-1    Filed 10/31/06    Desc Main Document    Page 42
of 61

1  Peter J. Anderson, Esq.
   LAW OFFICES OF PETER J. ANDERSON
2  100 Wilshire Boulevard, Suite #2010
   Santa Monica, California 90401
3  Tel:   (310) 260-6030
   Fax:   (310) 260-6040
4  *Counsel for Zomba Recording Corp.*

5  Daniel J. Aaron, Esq.
   DANIEL J. AARON, P.C.
6  11 Madison Avenue, 12th Floor
   New York, New York 10010
7  Tel:   (212) 684-4466
   Fax:   (212) 684-5566
8  *Co-Counsel for Koch Entertainment*
   *Distribution*

9  Dermot Damian Givens, Esq.
10 433 North Camden Drive, #600
   Beverly Hills, CA 90210

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

James H. Turken, Esq.
Sharon A. Urias, Esq.
THELEN, REID & PRIEST LLP
333 South Hope Street, Suite 2900
Los Angeles, California 90071-3048
Tel:   (213) 576-8000
Fax:   (213) 576-8080
*Counsel for Priority Records, LLC*

Eve H. Wagner, Esq.
SAUER & WAGNER LLP
1801 Century Park East, Suite 520
Los Angeles, California 90067
Tel:   (310) 712-8100
Fax:   (310) 712-8108
*Co-Counsel for Koch Entertainment*
*Distribution*

WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

5

318582.2

*NOTICE OF ATTORNEY LIEN*

EXHIBIT D

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 42 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G · Page 51 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 44
of 61

1  DAVID B. CASSELMAN (Bar No. 81657)
   I. DONALD WEISSMAN (Bar No. 67980)
2  HOWARD S. BLUM (Bar No. 60603)
   WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.
3  5567 Reseda Boulevard, Suite 330
   Post Office Box 7033
4  Tarzana, California 91357-7033
   Telephone: (818) 705-6800 · (323) 872-0995
5  Facsimile: (818) 345-0162

6  Former Attorneys for Plaintiffs LYDIA
   HARRIS and NEW IMAGE MEDIA
7  CORPORATION

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10            COUNTY OF LOS ANGELES, CENTRAL DISTRICT

11

12  LYDIA HARRIS, LIFESTYLE            CASE NO. BC268857
    RECORDS, INC., AND NEW IMAGE
13  MEDIA CORP.,                       NOTICE OF ATTORNEY LIEN

14                  Plaintiffs,        Assigned to the Honorable Ronald M.
                                       Sohigian (Dept. 41)
15       vs.
                                       [Complaint Filed: February 26, 2002]
16  KEVIN GILLIAM AKA BATTLECAT;
    MARION H. KNIGHT AKA SUGE
17  KNIGHT; DEATH ROW RECORDS;
    THA ROW, INC.; DAVID E. KENNER;
18  DAVID E. KENNER PROFESSIONAL
    LAW CORPORATION; DAVID E.
19  KENNER, A PROFESSIONAL
    CORPORATION; THE DAVID E.
20  KENNER TRUST; INTERSCOPE
    RECORDS; JIMMY IOVINE; JOHN T.
21  MCCLAIN, JR.; A&M RECORDS; ET
    AL.,
22
                    Defendants.
23

24

25       TO JUDGMENT CREDITORS KEVIN GILLIAM aka BATTLECAT, THEIR

26  COUNSEL OF RECORD PROSKAUER ROSE LLP AND ALL INTERESTED

27  PARTIES:

28

726281.1
                          NOTICE OF ATTORNEY LIEN

WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

124

Case 1:13-ap-01035-MT   Doc 1-2   Filed 02/15/13   Entered 02/15/13 10:29:31   Desc
Exhibit Exhibits 8 to 9   Page 43 of 77

Case 1:96-bk-15521-GM   Doc 160-2   Filed 01/15/13   Entered 01/15/13 17:28:24   Desc
Exhibit F - G   Page 52 of 68

Case 2:06-bk-11205-VZ   Claim 38-1   Filed 10/31/06   Desc Main Document   Page 45
of 61

1   PLEASE TAKE NOTICE that the law firm of Wasserman, Comden, Cassleman &

2   Pearson, L.L.P. (hereinafter the "Firm"), hereby gives notice of its lien equal to forty

3   percent (40%) of any and all gross recovery, payments, or consideration of any kind or

4   nature paid or transferred in satisfaction, in whole or in part, of the judgment entered in the

5   above-referenced action in the principal sum of $760,000.00 together with interest thereon

6   at the rate of ten percent (10%) per year from February 5, 2004.

7

8   PLEASE TAKE FURTHER NOTICE that Wasserman, Comden, Cassleman &

9   Pearson, L.L.P. must be named as co-payee on any instrument or WRITING satisfying, in

10  whole or in part, said judgment. Failure to include Wasserman, Comden, Cassleman &

11  Pearson, L.L.P. as co-payee will subject the payor to liability for duplicate payment of the

12  sums transferred.

13

14  PLEASE TAKE FURTHER NOTICE that the judgment creditors must notify any

15  transferee or assignee of the judgment, or anyone claiming an interest in said judgment, of

16  the content and existence of this lien.

17

18  DATED: September 9, 2005     WASSERMAN, COMDEN, CASSELMAN &
                                   PEARSON, L.L.P.
19                                 DAVID B. CASSELMAN
                                   I.DONALD WEISSMAN
20                                 HOWARD S. BLUM

21

22                                 By: _____
                                        HOWARD S. BLUM
23                                 Former Attorneys for Plaintiffs LYDIA HARRIS
                                   and NEW IMAGE MEDIA CORPORATION

24

25

26

27

28

726281.1                                  2
                              NOTICE OF ATTORNEY LIEN

WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

125

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 44 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 53 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 46
of 61

PROOF OF SERVICE

HARRIS V. GILLIAM

Case No. BC268857

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of LOS ANGELES, STATE OF CALIFORNIA. My business address is 5567 Reseda Boulevard, Suite 330, Tarzana, California 91356. I am over the age of eighteen years and am not a party to the within action;

On September 9, 2005, I served the following document(s) entitled NOTICE OF ATTORNEY LIEN on ALL INTERESTED PARTIES in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

SEE ATTACHED LIST

BY MAIL: By placing a true copy thereof in a sealed envelope addressed as above, and placing it for and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings and other matters for mailing with the United States Postal Service. The correspondence, pleadings and other matters are deposited with the United States Postal Service with postage thereon fully prepaid in Tarzana, California, on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 9, 2005, at Tarzana, California.

Natalie M. Halpern

WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA #1537-7033

726281.1

NOTICE OF ATTORNEY LIEN

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 45 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G   Page 54 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 47
of 61

SERVICE LIST
HARRIS V. KNIGHT, MARIN 'SUGE'
BC268857

1

2

3   Neil C. Erickson, Esq.                    Attorneys for Marion H. Knight aka Suge
    Katherine J. Kuneberger, Esq.             Knight, Death Row Records, Tha Row
4   JEFFER, MANGELS, BUTLER &                 Records
    MARMARO LLP
5   1900 Avenue of the Stars
    Seventh Floor
6   Los Angeles, CA 90067-4308
    Telephone: (310) 203-8080
7   Facsimile: (310) 203-0567

8   Dermot Damian Givens, Esq.                Attorneys for Marion H. Knight aka Suge
    433 North Camden Drive                    Knight, Death Row Records, Tha Row
9   Suite 600                                 Records
    Beverly Hills, CA 90210
10                                            Attorneys for KEVIN GILLIAM aka
11  Hayes F. Michel, Esq.                     BATTLECAT
    PROSKAUER ROSE LLP
12  2049 Century Park East
    Suite 3200
13  Los Angeles, CA 90067-3206
    Telephone: (310) 557-2900.
    Facsimile: (310) 557-2193
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

726281.1

NOTICE OF ATTORNEY LIEN

127

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 46 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 55 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 48
of 61

EXHIBIT E

Case 1:13-ap-01035-MT   Doc 1-2   Filed 02/15/13   Entered 02/15/13 10:29:31   Desc
Exhibit Exhibits 8 to 9   Page 47 of 77

Case 1:96-bk-15521-GM   Doc 160-2   Filed 01/15/13   Entered 01/15/13 17:28:24   Desc
Exhibit F - G   Page 56 of 68

Case 2:06-bk-11205-VZ   Claim 38-1   Filed 10/31/06   Desc Main Document   Page 49
of 61

CM-200

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):

Lydia Harris
3910 Daphne
Houston, TX 77021

TELEPHONE NO.: (281) 330-4453   FAX NO. (Optional):

E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: LA, CA 90012
BRANCH NAME: Central District

FOR COURT USE ONLY

**FILED**
LOS ANGELES SUPERIOR COURT

JUN. 1 7 2005

JOHN A. CLARKE, CLERK
E. Martinez
BY ELIZABETH MARTINEZ, DEPUTY

PLAINTIFF/PETITIONER: Lydia Harris

DEFENDANT/RESPONDENT: Marion 'Suge' Knight + Death Row Inc. Records

**NOTICE OF SETTLEMENT**

CASE NUMBER: BC 268 857

JUDGE: Ronald M. Sohigion

DEPT: 41

---

**NOTICE TO PLAINTIFF**

If you have not filed a request for dismissal within 45 days of the date this Notice of Settlement is received by the court or, if the settlement is conditional, within 45 days of the date specified in item 1b, the court must dismiss the case unless good cause is shown within that time why the case should not be dismissed.

---

To the court, all parties, and any arbitrator or other court-connected ADR neutral involved in this case:

1. This case has been settled. The settlement is:
   a. ☐ Unconditional. A request for dismissal will be filed within 45 days after the date of the settlement.
      Date of settlement:
   b. ☒ Conditional. The settlement agreement conditions dismissal of this matter on the satisfactory completion of specified terms that are not to be performed within 45 days of the date of the settlement. A request for dismissal will be filed no later than (date): May 27, 2005

2. Date initial pleading filed: February 26, 2002

3. Next scheduled hearing or conference:
   a. Purpose:
   b. Date:                    Time:

4. Trial date:
   a. ☒ No trial date set.
   b. ☐ Date:                    Time:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 18, 2005

Lydia Harris
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☒ PARTY WITHOUT ATTORNEY)

_Lydia Harris_
(SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California
CM-200 [New January 1, 2005]

**NOTICE OF SETTLEMENT**

Cal. Rules of Court, rule 225

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 48 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 57 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 50
of 61

EXHIBIT F

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 49 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 58 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 51
of 61

*WASSERMAN, COMDEN & CASSELMAN L.L.P.*
*5567 Reseda Boulevard, Suite 330*
*Post Office Box 7033*
*Tarzana, California 91357-7033*
*(818) 705-6800  (323) 872-0995*
*Fax (818) 996-8266*

### CONTINGENCY FEE AGREEMENT

THIS IS AN AGREEMENT between _Lydia Harris_ and New Image Entertainment, Inc. and Lifestyle Records, Inc., hereinafter referred to as "Client," and Wasserman, Comden & Casselman L.L.P., hereinafter referred to as "Attorney." Unless a different Agreement is made in writing, this Agreement alone shall govern the respective rights and responsibilities of Client and Attorney.

1.    **Claims Covered by Agreement:** Client retains Attorney to represent Client in connection with representation regarding matters concerning  Basiness, including, but not limited to breach of licensing, publishing and all intellectual property issues.

This Agreement does not cover other related claims that may arise and may require legal services.  If such matters arise, separate agreements for legal services will be required if Client wishes Attorney to handle such matters.

2.    **Services to be Performed by Attorney:** Attorney agrees to perform the following legal services, if necessary, with respect to the claims described above:

—    investigation of claims;
—    determining responsible parties;
—    preparation and filing of lawsuit;
—    settlement procedures and negotiations;
—    prosecution of claim by arbitration or legal action until award or judgment is obtained; and
—    if judgment is obtained in Client's favor, opposing a motion for new trial by an opposing party.

Attorney is authorized to associate or employ, at Attorney's own expense, other counsel to assist in performing the services required by this Agreement, and to appear on Client's behalf in any proceeding or lawsuit.

3.    **Services Not Covered by This Agreement:** If additional services are necessary in connection with Client's claims, and Client requests Attorney to perform such services, fee arrangements for such additional services must be made between Attorney and Client. Such additional services may be required, for example:

—    If the judgment obtained is not in Client's favor, or the amount thereof is unsatisfactory to Client;
—    If the judgment obtained is in Client's favor, and an opposing party appeals from the judgment;
—    If a retrial is ordered after a motion for new trial or mistrial, or reversal of the judgment on appeal; or
—    In judgment enforcement proceedings.

4.    **No Guarantee as to Result:** Client acknowledges that Attorney has made no guarantee as to the outcome or the amount recoverable in connection with Client's claim.

5.    **Litigation Costs and Expenses:** Attorney is authorized to incur reasonable costs and expenses in performing legal services under this Agreement.  Client agrees to reimburse Attorney for such costs and expenses in addition to the contingency fee discussed below in the event of any recovery.

(a)    **Particular Costs and Expenses:** The costs and expenses necessary in this case may include any or all of the following items: (The list is not exclusive; other items may also be necessary, and the rates shown are subject to change on prior written notice to Client.)

—    court filing fees
—    process serving fees
—    fees to private investigators
—    fees to photographers or graphic artists
—    fees to experts for consultation and/or appearance at deposition or trial
—    jury fees
—    mail, messenger and other delivery charges
—    parking and other local travel at 31½¢/mile
—    transportation, meals, lodging and all other costs of necessary out-of-town travel
—    long distance telephone charges
—    photocopying (in office) at 30¢/page
—    word processing charges
—    computerized legal research
—    other computer time

(b)    **Client's Responsibility re Costs:** Attorney may advance such costs and expenses on Client's behalf, but is not obligated to do so.  Client agrees to reimburse Attorney out of any settlement or judgment proceeds as a priority payment.

6.    **Contingency Fee to Attorney:**  Client acknowledges that he/she has been advised by Attorney and is aware that the contingency fee is a 40% arrangement and has been negotiated between Client and Attorney.

Based on such negotiations, Client agrees that the following fee arrangement is fair and reasonable, and to pay Attorney the following amounts:

-1-

131

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 50 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 59 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 52
of 61

If the matter is settled before a lawsuit is filed, the amount equal to for____ ____ cent (40%) of any recovery obtained.

If the matter is settled after a lawsuit is filed, but before the case is first assigned a trial date, an amount equal to thirty three and forty percent (40%) of any recovery obtained.

Thereafter, an amount equal to forty percent (40%) of any recovery, whether by way of settlement, judgment or compromise.

(a)   *Costs and Expenses as Affecting Contingency Fee*:  Attorney's fee shall be computed based on the gross recovery.  Costs and expenses paid by Attorney in connection with Client's claim shall be reimbursed after the contingency fee is computed.  Client's share of the recovery shall be the balance remaining after reimbursement of such costs and expenses and payment of the contingency fee.

(b)   *Form of Recovery as Affecting Contingency Fee*:  If the recovery consists of payments to be made over a period of time, or other property not entirely cash or cash-equivalent, the contingency fee shall be based on the present cash value of the recovery as determined by generally recognized accounting and appraisal standards.  (For example, if the recovery consists of $1,000 payable at $100/year over 10 years, its present value may be approximately $380, depending on prevailing interest rates.)  The contingency fee shall be paid out of the first funds or property received by Client.

(c)   *Sanctions Awards not Part of Recovery*:  Monetary sanctions awarded to Attorney during the course of this litigation shall not be considered part of Client's recovery in this action.  Such sanctions shall be deemed as compensation to counsel for extraordinary time and effort expended as a result of an opposing party's bad faith conduct or failure to comply with discovery demands, court orders or similar obligations.  But if the sanctions award includes a costs item (such as the filing fee for making a motion), the amount thereof shall be credited to Client's cost account when received by Attorney.

7.   *Effect of Discharge by Client*:  Client shall have the right to discharge Attorney at any time upon written notice to Attorney.  Such discharge shall not affect Client's obligation to reimburse Attorney for costs incurred prior to such discharge.  In addition, Attorney shall be entitled to the reasonable value of legal services performed prior to such discharge to be paid by Client from any subsequent recovery on claims covered by this Agreement.

8.   *Attorney's Lien*:  To secure payment to Attorney of all sums due under this Agreement for services rendered or costs advanced, Client hereby grants Attorney a lien on Client's claim and any cause of action or lawsuit filed thereon, and to any recovery Client may obtain, whether by settlement, judgment or otherwise.

9.   *Insurance*:  Wasserman, Comden & Casselman L.L.P. maintains errors-and-omissions insurance applicable to the services to be rendered under the terms of this Agreement.

10.   *Arbitration of Disputes*:  If a dispute arises between Attorney and Client regarding fees or services in connection with the above-referenced transaction, such dispute shall be submitted to binding arbitration.  This includes any claim for breach of contract, negligence, breach of fiduciary duty or other wrongdoing.

Such arbitration shall be conducted in accordance with the rules of the American Arbitration Association or Judicial Arbitration & Mediation Services, or CCP § 1280 et seq.

You acknowledge that we have explained to you that such binding arbitration may deprive you of various rights that you otherwise might have in a legal action, including without limitation, the right to a jury trial, the right to appeal, and full discovery rights.

*INITIALING BELOW SIGNIFIES ACKNOWLEDGMENT OF THIS EXPLANATION:*

_____   *(CLIENT'S INITIALS)*          _MSR_   *(WC&C)*

11.   *Client's Receipt of Agreement and Knowledge of Terms*:  Client acknowledges that he/she has read and fully understands all of the terms and conditions of this Agreement before signing it, and has received a copy of this Agreement upon execution thereof.

Executed at 5567 Reseda Blvd., Suite 330, Tarzana, CA 91357          (place) on   January 25, 2002.

ATTORNEY:                                CLIENT:

WASSERMAN COMDEN, CASSELMAN & PEARSON L.L.P.     LYDIA HARRIS

BY: _____                      _____
   MARTIN S. RUDOY                       7010 W. Avenue K, Suite 624
                                         Lancaster, CA 93536
5567 Reseda Boulevard, Suite 330
Tarzana, California  91357               Telephone:   (Cell) 310-596-2704

(818) 705-6800                           Facsimile:   323-291-7317

Facsimile: (818) 345-0161

-2-

1-2

132

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 51 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 60 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 53
of 61

FIRM:                                      DATE: April 4, 2006
    HAIGHT, BROWN AND BO STEEL
    6080 CENTER DRIVE, SUITE 80       COURT/ LASC
    LOS ANGELES, CA 90045             BRANCH: Central

    CLIENT ACCOUNT #: 124        NUMBER: BC 340196
        ROUTE #: 10

PHONE #:      (310) 215-7100       CASE: Wasserman v. Harris

                                   DOCUMENTS:
FAX #:       (310) 215-7300           First Amended Complaint

ATTENTION OF:  S. Caih/T. Welsch
        EXT:    7739
ATTY FILE #:  WC11-0007

**CH** 7429065

**(213) 628-6338**

**Janney & Janney attorney service, inc.**

1313 W. 8TH ST., SUITE #310
LOS ANGELES, CA 90017

MEMBER - CALIFORNIA ASSOCIATION OF
FOUNDING MEMBER - NATIONAL ASSOCIATION OF PHOTOCOPIERS AND REGISTERED
AND PROFESSIONAL PROCESS SERVERS

**PLEASE NOTE ANY SPECIFIC OR TIMELY FILING REQUIREMENTS**

INSTRUCTIONS:
☑ FILE & CONFORM        | SERVE            | **DO TODAY**
☐ ISSUE                 | PER ATTACHED
☐ RECORD                | SERVICE INSTRUCTIONS
☐ COPY
☐ CERTIFY
☐ OTHER (specify):
☐ ADVANCE FEES
☐ CHECK ATTACHED $ _____

APPEARANCE FEES PAID: ☐YES  ☐NO        **STATUTE-DATE:**
IF YES, DATE PAID: _____

UPCOMING HEARINGS (IMPORTANT) DATE: _____ TIME: _____ DEPT. _____
REPORT:
_____
_____
_____
_____
_____

| ITEM | CHARGES |
|---|---|
| RUSH FILING | |
| OUT OF COUNTY | |
| INDEX | |
| RECORDING | |
| COURT SERVICE | |
| FAX | |
| JANNEY ADVANCED | |
| CHECK # | |

☐ ASSIGNMENT COMPLETED BY _____        ☐ REJECTED
            INITIALS
☐ ATTY. CALLED ____  SPOKE  ____        ☐ BILLING
        DATE    WITH                      TO FOLLOW

1  2  3  4  5  6  7  8  9  10  11  12  13  14  15  16  17  18  19  20
                        ATTORNEY'S FILE COPY

PLEASE TEAR PERFS OFF THIS SIDE ONLY / RETAIN LAST COPY

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 52 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 61 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 54
of 61

FIRM: HAIGHT, BROWN AND BO  STEEL
5080 CENTER DRIVE, SUITE 800
LOS ANGELES, CA 90045

DATE: April 4, 2006

COURT: LASC

BRANCH: Central

CLIENT ACCOUNT #: 124
ROUTE #: 10

NUMBER: BC 340196

CASE: Wasserman v Harris

PHONE #: (310) 215-7100

FAX #: (310) 215-7300

ATTENTION OF: S. Caine/T. Welsch
EXT: 7729

ATTY FILE #: WC11-0007

DOCUMENTS:
First Amended Complaint
Redline Version of same.

CH7429064

(213) 628-6338

Janney & Janney
attorney service, inc.

MEMBER - CALIFORNIA ASSOCIATION OF PHOTOCOPIERS AND PROCESS SERVERS
FOUNDING MEMBER - NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

1313 W. 8TH ST., SUITE #310
LOS ANGELES, CA 90017

PLEASE TEAR PERFS OFF THIS SIDE ONLY / RETAIN LAST COPY

**PLEASE NOTE ANY SPECIFIC OR TIMELY FILING REQUIREMENTS**

INSTRUCTIONS:
- [ ] FILE & CONFORM
- [ ] ISSUE
- [ ] RECORD
- [ ] COPY
- [ ] CERTIFY
- [x] OTHER (specify):
- [ ] ADVANCE FEES
- [ ] CHECK ATTACHED $

SERVE
PER ATTACHED
SERVICE INSTRUCTIONS

**DO TODAY**

Deliver the attached documents to the
Clerk in Dept. 41 as a courtesy copy
of documents being filed today.

APPEARANCE FEES PAID: [ ]YES  [ ]NO

STATUTE-DATE:

IF YES, DATE PAID: _____

UPCOMING HEARINGS (IMPORTANT) DATE: _____ TIME: _____ DEPT. _____

REPORT: _____

| ITEM | CHARGES |
|---|---|
| RUSH FILING | |
| OUT OF COUNTY | |
| INDEX | |
| RECORDING | |
| COURT SERVICE | |
| FAX | |
| JANNEY ADVANCED | |
| CHECK # | |

[ ] ASSIGNMENT COMPLETED BY _____ INITIALS

[ ] ATTY. CALLED _____ DATE  SPOKE WITH _____

[ ] REJECTED

[ ] BILLING TO FOLLOW

1  2  3  4  5  6  7  8  9  10  11  12  13  14  15  16  17  18  19  20
ATTORNEY'S FILE COPY

134

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 53 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 62 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 55
of 61

**FedEx. US Airbill** Express

FedEx Tracking Number: 8569 4066 0358

Sender's Copy

**From**
Date: 3/31/06    Sender's FedEx Account Number: 0904-1912-9

Sender's Name: Stephen M. Caine    Phone ( 310 ) 215-7801

Company: HAIGHT BROWN BONESTEEL

Address: 6080 CENTER DR STE 800

City: LOS ANGELES    State: CA    ZIP: 90045

Your Internal Billing Reference: WC11-0007

**To**
Recipient's Name: Dermot Damian Givens    Phone ( 310 854-8823

Recipient's Address: 433 North Camden Drive #600

Address:

City: Beverly Hills    State: CA    ZIP: 90210

0332443625

Store your addresses at fedex.com

**4a Express Package Service**    Packages up to 150 lbs.

- FedEx Priority Overnight
- FedEx Standard Overnight
- FedEx First Overnight
- FedEx 2Day
- FedEx Express Saver

**4b Express Freight Service**    Packages over 150 lbs.

- FedEx 1Day Freight
- FedEx 2Day Freight
- FedEx 3Day Freight

**5 Packaging**

- FedEx Envelope*
- XX FedEx Pak*
- FedEx Box
- FedEx Tube
- Other

**6 Special Handling**

- SATURDAY Delivery NOT Available for
- HOLD Weekday at FedEx Location NOT Available for
- HOLD Saturday at FedEx Location Available ONLY for

Does this shipment contain dangerous goods?

- No
- Yes
- Yes
- Dry Ice
- Cargo Aircraft Only

**7 Payment**    Bill to:

- X Sender
- Recipient
- Third Party
- Credit Card
- Cash/Check

Total Packages    Total Weight    Total Declared Value

**8 NEW Residential Delivery Signature Options**

- No Signature Required
- Direct Signature
- Indirect Signature

519

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 54 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 63 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document.    Page 56
of 61

**FedEx** Express · *US Airbill*    Tracking Number: 8569 4066 0369

From
Date 3/31/06    Sender's FedEx Account Number 0904-1712-9
Sender's Name Stephen M. Caine    Phone (310) 215-7801
Company HAIGHT BROWN BONESTEEL
Address 6080 CENTER DR STE 800
City LOS ANGELES    State CA    ZIP 90045
Your Internal Billing Reference WC11-0007

To
Recipient's Name Debra V. Crawford    Phone (831) 624-2422
Address SW Mission & 4th, #5
City Carmel    State CA    ZIP 9392100373

0332443625

Sender's Copy

4a Express Package Service    Packages up to 150 lbs.
☐ FedEx Priority Overnight    ☒ FedEx Standard Overnight    ☐ FedEx First Overnight
☐ FedEx 2Day    ☐ FedEx Express Saver
4b Express Freight Service    Packages over 150 lbs.
☐ FedEx 2Day Freight    ☐ FedEx 3Day Freight
5 Packaging
☐ FedEx Envelope    ☒ FedEx Pak    ☐ FedEx Box    ☐ FedEx Tube    ☐ Other
6 Special Handling
☐ SATURDAY Delivery    ☐ HOLD Weekday at FedEx Location    ☐ HOLD Saturday at FedEx Location
Does this shipment contain dangerous goods?
☒ No    ☐ Yes    ☐ Yes    ☐ Dry Ice    ☐ Cargo Aircraft Only
7 Payment Bill to:
☒ Sender    ☐ Recipient    ☐ Third Party    ☐ Credit Card    ☐ Cash/Check
Total Packages    Total Weight    Total Declared Value
8 NEW Residential Delivery Signature Options
☐ No Signature Required    ☐ Direct Signature    ☐ Indirect Signature    519

136

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 55 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 64 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 57
of 61

**FedEx** US Airbill    FedEx Tracking Number 8569 4066 0483    Sender's Copy

**From**

Date 3/31/06    Sender's FedEx Account Number 0904-1912-9

Sender's Name Stephen M. Caine    Phone (310) 215-7801

Company HAIGHT BROWN BONESTEEL

Address 6080 CENTER DR STE 800

City LOS ANGELES    State CA    ZIP 90045

Your Internal Billing Reference WC11-0007

**To**

Recipient's Name Laurence D. Strick    Phone (323) 964-5231

Law Office of Laurence D. Strick

Recipient's Address 339 N. Sycamore Ave., #2

City Los Angeles    State CA    ZIP 90036

0332443625

Ship and track packages at fedex.com

4a Express Package Service    Packages up to 150 lbs.
☒ FedEx Standard Overnight

4b Express Freight Service    Packages over 150 lbs.

5 Packaging
☒ FedEx Pak

6 Special Handling
☒ No

7 Payment Bill to
☒ Sender

Total Packages    Total Weight    Total Declared Value
$    .00

8 NEW Residential Delivery Signature Options
519

137

Case 1:13-ap-01035-MT    Doc 1-2    Filed 02/15/13    Entered 02/15/13 10:29:31    Desc
Exhibit Exhibits 8 to 9    Page 56 of 77

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 65 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 58
of 61

**FedEx Express** — US Airbill!

FedEx Tracking Number: 8569 4066 0472

Sender's Copy

**From**

Date: 3/31/06

Sender's FedEx Account Number: 0704-1912-9

Sender's Name: Stephen M. Caine

Phone: (310) 215-7801

Company: HAIGHT BROWN BONESTEEL

Address: 6080 CENTER DR STE 800

City: LOS ANGELES    State: CA    ZIP: 90045

Your Internal Billing Reference: WC11-0007

**To**

Recipient's Name: Steven M. Goldber    Phone: (310) 979-8274

Company: Russ August & Kabat

Address: 12424 Wilshire Blvd., Ste. 12th FL

City: Los Angeles    State: CA    ZIP: 90025

0332443625

Store your addresses at fedex.com

**4a Express Package Service** — Packages up to 150 lbs.

☐ FedEx Priority Overnight
☒ FedEx Standard Overnight
☐ FedEx First Overnight
☐ FedEx 2Day
☐ FedEx Express Saver

**4b Express Freight Service** — Packages over 150 lbs.

☐ FedEx 1Day Freight
☐ FedEx 2Day Freight

**5 Packaging**

☐ FedEx Envelope*
☒ FedEx Pak*
☐ FedEx Box
☐ FedEx Tube
☐ Other

**6 Special Handling**

☐ SATURDAY Delivery
☐ HOLD Weekday
☐ HOLD Saturday

Does this shipment contain dangerous goods?

☒ No    ☐ Yes    ☐ Yes    ☐ Dry Ice
☐ Cargo Aircraft Only

**7 Payment** Bill to:

☒ Sender    ☐ Recipient    ☐ Third Party    ☐ Credit Card    ☐ Cash/Check

Total Packages    Total Weight    Total Declared Value

$            .00

**8 NEW Residential Delivery Signature Options**

☐ No Signature Required
☐ Direct Signature
☐ Indirect Signature

519

138

Case 1:96-bk-15521-GM    Doc 160-2    Filed 01/15/13    Entered 01/15/13 17:28:24    Desc
Exhibit F - G    Page 66 of 68

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 59
of 61

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 60 of 61

MAILING LIST
WASSERMAN v. LYDIA HARRIS; LIFESTYLE RECORDS
BC 340196

| | |
|---|---|
| Rex Julian Beaber<br>1546 Calmar Court<br>Los Angeles, CA 90024<br><br>Tel:    557-1198<br>Fax:<br>Xerxers@aol.com  **FK** | Gary S. Soter<br>Pearson, Soter, Warshaw & Penny<br>15165 Ventura Blvd., #400<br>Sherman Oaks, CA 91403<br><br>Tel:    818-788-8300<br>Fax:    818-788-8104  **MAIL**<br>gsoter@psgwnlaw.com |
| David B. Casselman<br>Wasserman Comden, Casselman & Pearson<br>5567 Reseda Blvd., #330<br>Tarzana, CA 91357<br><br>Tel:    818-705-6800  **MAIL**<br>Fax:    818-705-8634<br>bblum@wcclaw.com | Dermot Damian Givens<br>433 North Camden Dr., #600<br>Beverly Hills, CA 90210<br><br>Tel:    310-854-8823<br>Fax:    323-878-0416  **FX**<br>dermotp@aol.com |
| Kevin Gilliam<br>1502 South Alpine Dr.  **MAIL**<br>West Covina, CA 91791<br><br>[Pro Per] | Debra V. Crawford<br>P.O. Box 373, SW Mission & 4th, #5<br>Carmel, CA 93921-0373<br><br>Tel:    831-624-2422  **MAIL FED**<br>Fax:    831-624-2428<br>ddvcrawford@earthlink.net |
| Steven M. Goldberg<br>Russ, August & Kabat<br>12424 Wilshire Blvd., 12th Floor<br>Los Angeles, CA 90025  **FX**<br><br>Tel:    310-979-8274<br>Fax:    310-826-6991<br>sgoldberg@raklaw.com | Laurence D. Strick<br>Law Office of Laurence D. Strick<br>339 N. Sycamore Ave., # 2<br>Los Angeles, CA 90036  **FX**<br><br>Tel:    (323) 964-5231<br>Fax:    (323) 964-8135<br>larrystrick@yahoo.com |
| Larry Nagelberg<br>Nagelberg & Associates<br>The Tower, Suite 2150  **FK**<br>10940 Wilshire Blvd.<br>Los Angeles, CA 90024<br><br>Tel:  (310) 208-3220<br>Fax:  (310) 208-3830 | |

141

# EXHIBIT 9

# EXHIBIT 9

Form B10 (Official Form 10) (10/05)

| United States Bankruptcy Court    Central District of California | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>MARION H. KNIGHT, JR. | Case Number<br>LA06-11187 EC |
|---|---|

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

MICHAEL RAY HARRIS

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:

Steven M. Goldberg, Esq.
Russ August & Kabat
12424 Wilshire Bl #1200
Los Angeles, CA 90025

Telephone number:   (310) 826-7474

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

**FILED**

MAY - 4 2006

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
                      Deputy Clerk

F42cc

This space is for Court use only.

Last four digits of account or other number by which creditor identifies debtor:

Check here ☐ replaces
if this claim ☐ amends   a previously filed claim, dated: _____

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☒ Other Court Judgment

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (Fill out below)

Last four digits of your Social Security number: _____

Unpaid compensation for services performed

from _____ to _____
         (date)         (date)

**2. Date debt was incurred:** March 9, 2005

**3. If court judgment, date obtained:** March 9, 2005

**4. Total Amount of Claim at Time Case Filed:** $117,318,631.50

|  | $ | $ | $117,318,631.50 |
|---|---|---|---|
| (unsecured) | (secured) | (priority) | (Total) |

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any $_____

**6. Unsecured Nonpriority Claim.** $ 117,318,631.50
☒ Check this box if (a) there is no collateral or lien securing your claim, or (b) your claim exceeds the value of the property securing it or (c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim, all or part of which is entitled to priority.
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,225* of deposits toward purchase, lease or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Domestic support obligations under - 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(_).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8

**8.** **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9.** **Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10.** **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This space is for Court use only.

| Date<br>5/3/06 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>STEVEN M. GOLDBERG, ESQ. |
|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

142

### ITEMIZATION OF ADDITIONAL CHARGES

Original Judgment: $107,000,000 (see attached Judgment in LASC Case No. BC 268857)

Statutory Interest: 10% per annum as follows—

$29,315.07 per day from entry of judgment (March 9, 2005) through payment of $1,000,000 on May 27, 2005 = $2,315,890.50.

$29,041.10 (daily rate of interest on reduced amount of judgment ($106,000,000)) per day from May 27, 2005 to date case filed, April 04, 2006 = $9,002,741.00.

Total Statutory Interest: $11,318,631.50.

Total payments against judgment by debtor: $1,000,000.

**Total claim as of date case filed: $117,318,631.50**

143

*F.D.*

1   DAVID B. CASSELMAN (SBN 81657)
    I.DONALD WEISSMAN (SBN 67980)

**FILED**

LOS ANGELES SUPERIOR COURT

2   **WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.**
    5567 Reseda Boulevard, Suite 330

MAR 0 9 2005

3   Post Office Box 7033
    Tarzana, California 91357-7033

JOHN A. CLARKE, CLERK

4   Telephone:   (818) 705-6800 • (323) 872-0995
    Facsimile:   (818) 705-8147

By: _____
    H. CASTLE

5

6   Attorneys for Plaintiffs
    **LYDIA HARRIS and NEW IMAGE MEDIA**
    **CORPORATION**

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10

11  **LYDIA HARRIS, LIFESTYLE**            )   CASE NO. BC 268857
    **RECORDS, INC., AND NEW IMAGE**       )
12  **MEDIA CORP.,**                        )   Case Assigned to:
                                            )   Judge Ronald M. Sohigian – Dept. 41
13            Plaintiffs,                    )
                                            )   [Complaint Filed:  February 26, 2002]
14        v.                                )
                                            )
15  **KEVIN GILLIAM AKA BATTLECAT;**       )        **JUDGMENT**
    **MARION H. KNIGHT AKA SUGE**          )
16  **KNIGHT; DEATH ROW RECORDS;**         )
    **THA ROW, INC.; DAVID E. KENNER;**    )
17  **DAVID E. KENNER PROFESSIONAL**       )
    **LAW CORPORATION; DAVID E.**          )
18  **KENNER, A PROFESSIONAL**             )
    **CORPORATION; THE DAVID E.**          )
19  **KENNER TRUST; INTERSCOPE**           )
    **RECORDS; JIMMY IOVINE; JOHN T.**     )
20  **MCCLAIN, JR.; A&M RECORDS; ET**      )
    **AL.,**                                )
21                                          )
              Defendants.                    )
22

23

24        Upon the Order striking the Answer of MARION H. KNIGHT, aka SUGE KNIGHT, and

25  DEATH ROW RECORDS, INC., ~~and DEATH ROW RECORDS, LLC. and THA ROW, INC.,~~

26  to Plaintiffs' Complaint and entering default thereon, consideration of the Plaintiffs' Application

27  for Default Prove-up Damages and the supporting declarations of Lydia Harris, I.Donald

28  Weissman, Michael Harris and Phil Ames, and good cause appearing therefor,

*JUDGMENT*

144

1  **IT IS HEREBY ADJUDGED** that judgment is entered in favor of plaintiffs, LYDIA

2  HARRIS and NEW IMAGE MEDIA CORP., and against defendants, MARION H. KNIGHT

3  aka SUGE KNIGHT, DEATH ROW RECORDS, INC., ~~aka DEATH ROW RECORDS, L.L.C.,~~

4  ~~and  THA  ROW,  INC.,~~  in  the  sum  of  $ *45,000,000* or  economic  damages,

5  $ *2,000,000* for non-economic damages, $ *60,000,000* for punitive damages,

6

7  Further, PLAINTIFFS to recover costs pursuant to a memorandum of costs to be filed

8  pursuant to the statute *in the amount of $ _____*

9

10  Dated: *3-9-05*                    *Ronald M. Sohigian*

11                                     JUDGE OF THE LOS ANGELES SUPERIOR COURT

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 1 357-7033

2

*JUDGMENT*

145

FL-180

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
DEBRA VANIMAN CRAWFORD, SBN 116222
LAW OFFICES OF CRAWFORD & CRAWFORD
P.O. Box 373
SW Mission & 4th
Carmel, California 93921-0373
TELEPHONE NO.: 831-624-2422   FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): LYDIA HARRIS

FOR COURT USE ONLY

**FILED**

DEC 23 2005

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
C.J. CAMACHO   DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTERBY
STREET ADDRESS: 1200 Aguajito Road
MAILING ADDRESS: 1200 Aguajito Road
CITY AND ZIP CODE: Monterey, CA 93940
BRANCH NAME: MONTEREY

MARRIAGE OF
PETITIONER: MICHAEL RAY HARRIS

RESPONDENT: LYDIA HARRIS

**JUDGMENT**

[X] DISSOLUTION     [ ] LEGAL SEPARATION     [ ] NULLITY
   [ ] Status only
   [ ] Reserving jurisdiction over termination of
       marital or domestic partnership status
   [ ] Judgment on reserved issues   DEC 23 2005
Date marital or domestic partnership status ends: DATE OF FILE STAMP

CASE NUMBER:
DR 43369

1. [ ] This judgment [ ] contains personal conduct restraining orders. [ ] modifies existing restraining orders.
   The restraining orders are contained on page(s)          of the attachment. They expire on (date):

2. This proceeding was heard as follows: [ ] Default or uncontested [ ] By declaration under Family Code section 2336
   [X] Contested
   a. Date: 11-14-05 (name):   Dept.: 13   Room:
   b. Judicial officer (name): ADRIENNE M. GROVER   [ ] Temporary judge
   c. [X] Petitioner present in court   [X] Attorney present in court (name): STEVEN M. GOLDBERG
   d. [X] Respondent present in court   [X] Attorney present in court (name): DEBRA V. CRAWFORD
   e. [ ] Claimant present in court (name):   [ ] Attorney present in court (name):
   f. [X] Other (specify name): Attorney for
          Petitioner: DAN GOLDMAN

3. The court acquired jurisdiction of the respondent on (date): June 9, 2005
   a. [X] The respondent was served with process.
   b. [ ] The respondent appeared.

THE COURT ORDERS, GOOD CAUSE APPEARING

4. a. [X] Judgment of dissolution is entered. Marital or domestic partnership status is terminated and the parties are restored to the
          status of single persons
          (1) [X] on (specify date): SAME DATE AS FILE STAMP   DEC 23 2005
          (2) [ ] on a date to be determined on noticed motion of either party or on stipulation.
   b. [ ] Judgment of legal separation is entered.
   c. [ ] Judgment of nullity is entered. The parties are declared to be single persons on the ground of (specify):

   d. [ ] This judgment will be entered nunc pro tunc as of (date):
   e. [ ] Judgment on reserved issues.
   f. The [ ] petitioner's [ ] respondent's   former name is restored to (specify):
   g. [ ] Jurisdiction is reserved over all other issues, and all present orders remain in effect except as provided below.
   h. [ ] This judgment contains provisions for child support or family support. Each party must complete and file with the court a
          Child Support Case Registry Form (form FL-191) within 10 days of the date of this judgment. The parents must notify the
          court of any change in the information submitted within 10 days of the change, by filing an updated form. The Notice
          of Rights and Responsibilities—Health Care Costs and Reimbursement Procedures and Information Sheet on Changing a
          Child Support Order (form FL-192) is attached.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
FL-180 [Rev. January 1, 2005]

**JUDGMENT**
(Family Law)

Legal
Solutions
& Plus

Family Code, §§ 2024, 2340,
2343, 2346

146

DEC. 13. 2005 10:21AM RUSS AUGUST&KABAT     CRAWFORD & CRAWFORD     NO. 8028   P. 2/4

1   PURSUANT TO STIPULATION OF THE PARTIES RECITED IN COURT, IT IS HEREBY

2   ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

3

4   1.   Of the monies received by Respondent from Marion Knight to date, Sixty

5   Thousand ($60,000) shall be paid to an individual per agreement of the parties,  One

6   Hundred and Seventy-Nine Thousand Dollars ($179,000) shall be given to Petitioner

7   and Two Hundred Thousand Dollars ($200,000) shall be retained by Respondent.

8       Each party shall pay one-half of the copying costs for the Xenon case out of said

9   money.

10      Respondent shall put Two Hundred Six Thousand Dollars ($206,000) in escrow

11  for potential fees or costs in LASC Case BC 268857.

12      Each party shall pay taxes, if any, on their share of said money.

13  2.   Each party is awarded one-half of the net profits of the DVD on the

14  documentary "Welcome to Death Row."

15  3.   Any and all major decisions on the lawsuit regarding the "Welcome to Death

16  Row" documentary versus Xenon shall be made by the parties jointly.  The net proceeds

17  of said lawsuit shall be divided equally by the parties.  The costs shall be shared equally

18  by the parties and shall be advanced, if possible.  Respondent will keep Petitioner

19  advised of all developments in the case, and shall provide him with copies of all filed

20  documents to date at Petitioner's expense.

21  4.   Each party shall receive one-half of the net proceeds from the Battlecat

22  Judgment in LASC Case BC 268857, which was an arbitrated judgment.

23      Petitioner is awarded the Battlecat masters.  Respondent shall arrange for

24  shipment of said masters to Petitioner at his cost and direction.

25      Petitioner shall license the songs from the Battlecat masters in the documentary

26  "Married to the Game" to Respondent at no cost.  Each party shall be awarded one-half

27  of the net proceeds of the "Married to the Game" DVD, but Respondent shall have

28

Judgment; Marriage of Harris; DR 43369

147

DEC. 13. 2005 10:21AM RUSS AUGUST&KABAT    CRAWFORD & CRAWFORD    NO. 8028    P. 3/4

1  management and control over the "Married to the Game" DVD.  No salary shall be paid

2  to Respondent in determining net proceeds.

3        5.  The corporation KOA is awarded to Respondent.

4        6.  The restaurant Dasha's Soul Food is awarded to Respondent.

5        7.  The proceeds from the "Married to the Game" book is awarded to

6  Respondent.

7        8.  O Lydia, a company, is awarded to Respondent. However, one-half of the

8  net proceeds from the "Married to the Game" DVD is awarded to each party.

9        9.  The parties shall cooperate to consolidate their ongoing business concerns

10  which are community property and from which they are each getting profits into a

11  company to be created called Harris Enterprises.

12        10.  The company Dream On Production is awarded to Respondent, except for

13  one-half of the net royalties from "Married to the Game" DVD shall be awarded to each

14  party.

15        11.  Petitioner's life story is awarded to Petitioner.

16        12.  Nu Image Media is awarded to Petitioner after the One Hundred Seven

17  Million Dollar Judgment in LASC Case BC 268857 has been collected or compromised to

18  the satisfaction of Petitioner and Respondent.

19        13.  The proceeds of Los Angeles Superior Court Case BC 268857 are

20  community property.  The allocation to the parties is reserved as to how much of said

21  proceeds shall be awarded to each party.

22        The fees and costs to Casselmans' firm when they are determined shall be

23  divided between the parties on an equal basis.  Each party shall pay their own fees and

24  costs in the case of Casselman versus Harris which is Los Angeles Superior Court case

25  BC 340196.

26        14.  The issue of child support is reserved.

27        15.  Child custody jurisdiction is in the State of Texas.  The parties have stated

28

Judgment; Marriage of Harris; DR 43369                                    2

DEC. 13. 2005 10:22AM RUSS AUGUST&KABAT    CRAWFORD & CRAWFORD    NO. 9028    P. 4/04

1    their intent that Respondent will bring the child of the parties to visit Petitioner once

2    every two months until the child is 18 years of age.

3        16.    The parties jointly support a motion for the appointment of a receiver for the

4    collection of the judgment in LASC Case BC 268857.

5        17.    Each party shall pay their own attorneys fees and costs in this case to date.

6        18.    The Court reserves jurisdiction over the executory portions of this Judgment

7    including the formation of Harris Enterprises.

8        19.    The trial on the issue of the allocation of the proceeds of LASC Case BC

9    268857 is set for January 30, 2006, at 8:00 a.m. in Department 13 of this Court.

10        20.    The parties shall exchange Preliminary Declarations of Disclosure forthwith.

11    The Final Declarations of Disclosure are waived.

12    APPROVED AS TO FORM AND CONTENT:

13

14

15    STEVEN M. GOLDBERG,
     Attorney for Petitioner,
16    MICHAEL HARRIS

17

18

19    DEBRA VANIMAN CRAWFORD,
     Attorney for Respondent,
20    LYDIA HARRIS

21        12-23-05

22                                 ADRIENNE M. GROVER,
                                  Judge of the Superior Court
23

24

25

26

27

28

Judgment; Marriage of Harris; DR 43369                               3

149

Hon. Stephen E. Haberfeld, Discovery Referee
JAMS
707 Wilshire Blvd., 46th Fl.
Los Angeles, CA 90017
Tel.:    213-353-9711
Fax:    213-620-0100
E-Mail: judgehaberfeld@comcast.net

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF MONTEREY**

| | |
|---|---|
| MICHAEL RAY HARRIS,<br><br>               Petitioner,<br><br>vs.<br><br>LYDIA HARRIS,<br><br>               Respondent. | Case No. DR 43369<br><br>**REFEREE'S ORDER GRANTING PETITIONER'S MOTION TO COMPEL MARION H. "SUGE" KNIGHT TO PRODUCE DOCUMENTS RESPONSIVE TO PETITIONER'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br><u>Hearing</u><br>Date:    January 5, 2006<br>Time:    5:15 p.m.<br>Place:   Via Conference Call<br>Referee: Hon. Stephen E. Haberfeld |

    Petitioner Michael Ray Harris's ("Petitioner's") motion to compel Marion H. "Suge"

Knight ("Mr. Knight") to respond and produce documents responsive to Petitioner's first set

of requests for production of documents ("Motion") was expressly and specifically referred to

the undersigned discovery referee ("Referee") by the Court's Order, dated December 13, 2005 -

- which also appointed the Referee.   Steven M. Goldberg, Esq. and Dan Goldman, Esq. of the

150

1  law firm of Russ August & Kabat appeared and participated with the Referee in a telephonic
2  hearing on the Motion --- which hearing was set by stipulation, including the agreement of
3  Dermot D. Givens, Esq. counsel for Mr. Knight, during a telephonic Status Conference held on
4  January 4, 2006. Debra Crawford, Esq. of the law firm of Crawford & Crawford, counsel for
5  Respondent Lydia Harris in this proceeding --- having been apprised of the stipulated and
6  ordered telephonic hearing during the aforesaid Status Conference --- stated that she did not
7  intend to participate in the hearing on the Motion.

8        Mr. Givens did not appear or participate in the hearing on the Motion, as agreed and
9  accordingly so ordered, or communicate with either the Referee or Petitioner's counsel after the
10  January 4, 2006 Status Conference and before or during the hearing on the Motion concerning
11  that hearing or at all.

12       All participants in the January 4, 2006 Status Conference knew the date, time and call-in
13  information for the hearing on the Motion.  Messrs. Goldberg and Goldman dialed in for the
14  telephonic hearing, as agreed and ordered, shortly after 5:15 p.m. (PT).  The Referee was already
15  on the line.  After waiting for Mr. Givens for approximately five minutes, at approximately 5:20
16  p.m. (PT), the Referee stated that the Referee would go off line until the earlier of being
17  contacted that Mr. Givens had joined the conference call or 5:30 p.m. (PT), at which time the
18  Referee would dial back into the conference call and discuss with whoever was on the line at that
19  time what next to do.

20       At approximately 5:30 p.m. (PT) --- not having been contacted by anyone concerning that
21  or whether Mr. Givens had joined the conference call for the hearing --- the Referee dialed back
22  into the conference call and ascertained that Mr. Givens was not on the line.  Petitioner's
23  counsel, Mr. Goldberg, represented to the Referee that Mr. Givens had not joined the conference
24  call at any time prior to the Referee's re-joining the conference call at 5:30 p.m. (PT) and that
25  Mr. Goldberg had unsuccessfully tried to contact Mr. Givens about his joining the telephonic
26  hearing on the Motion during the approximately ten minute (5:20-5:30 p.m. (PT)) interval when
27  the Referee was off-line.  Mr. Goldberg represented that he had called Mr. Givens' cell phone
28  and that Mr. Givens did not answer, and Mr. Goldberg left a message, and that Mr. Goldberg

Referee]

2

[PROPOSED] ORDER

1   additionally sent Mr. Givens an e-mail, but Mr. Givens did not respond or call in to the

2   conference call.

3       At approximately 5:35 p.m. (PT), the Referee ruled that --- in view of the above-

4   referenced facts and circumstances, and good cause appearing --- the stipulated and ordered

5   telephonic hearing on the Motion would go forward, and the Referee made the following ruling

6   and order concerning the Motion during the hearing which lasted until approximately 5:45 p.m.

7   (PT).

8       Based on careful consideration of the papers submitted by Petitioner and Mr. Knight in

9   support of and in opposition to Petitioner's motion to compel Mr. Knight to produce, without

10   objection, all documents responsive to Petitioner's First Set of Requests for Production of

11   Documents ("document request") and, after a hearing and good cause appearing, it is hereby

12   ORDERED as follows. Petitioner's motion to compel is granted as to the production of all

13   documents requested to be produced by Mr. Knight in Petitioner's document request. Mr.

14   Knight is hereby ordered to produce, without objection, all documents in his possession, custody

15   and/or control which are responsive to Petitioner's document request, immediately prior to the

16   commencement of the taking of Mr. Knight's ordered deposition on Tuesday, January 10, 2006

17   at 10:00 a.m., at JAMS, 707 Wilshire Boulevard, 46th Floor, Los Angeles, California 90017.

18   Petitioner's request for monetary sanctions in connection with the Motion is reserved.

19       Immediately prior to the conclusion of the hearing on the Motion, the Referee requested

20   that Petitioner's counsel prepare, submit to the Referee and disseminate to all participants in the

21   discovery reference, including the Wasserman Comden firm, a proposed form of order for the

22   Referee's review and signature, reflecting the Referee's rulings and orders made during the

23   hearing on the Motion.

24

DATED: January 6, 2006

25                       STEPHEN E. HABERFELD
                            Discovery Referee

26

27

28

Referee1

3

[PROPOSED] ORDER

## PROOF OF SERVICE
### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 707 Wilshire Blvd. 46th Floor, Los Angeles, CA 90017.

On January 6, 2006, I served the foregoing document described as REFEREE'S ORDER GRANTING PETITIONER'S MOTION TO COMPEL MARION H. "SUGE" KNIGHT TO PRODUCE DOCUMENTS RESPONSIVE TO PETITIONER'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS in the matter of MICHAEL RAY HARRIS V. LYDIA HARRIS to interested parties in this action, as follows:

ORIGINAL FILED TO: (Via fax & mail)

Hon. Adrienne Grover
Monterey Courthouse
1200 Aguajito Road
Courtroom #13
Monterey, CA 93940
Fax: 831-647-5897

( SEE ATTACHED SERVICE LIST )

(X ) BY MAIL: as follows: I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Los Angeles, California.

(X )BY FACSIMILE TRANSMISSION: I caused the above-referenced document(s) to be transmitted to the above-named person(s) at the telecopy numbers on the attached list..

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 6, 2006.

_Geraldine C. Yulo_
Geraldine C. Yulo

**CA001 - JAMS, Inc.    Service List**

**JAMS**

THE RESOLUTION EXPERTS

1/6/2006

| | |
|---|---|
| Reference # : | 1220034123 |
| Case Name : | Harris, Michael Ray vs. Harris, Lydia |
| Case Type : | FAMI |
| Referring Judge: | |
| Panelist: | Haberfeld, Stephen E., |

---

**2    Goldberg, Steven M.**

Steven M. Goldberg
Russ, August & Kabat
12424 Wilshire Blvd.
Suite 1200
Los Angeles, CA 90025
sgoldberg@raklaw.com
Party Represented :

   Michael Ray Harris

( Active )
PETI   Petitioner
Main Phone # 310-826-7474
Direct Phone #
FAX # 310-826-6991

---

**3    Givens, Dermot**

Dermot Givens
L/O Dermot Givens
433 Camden Dr.
Suite 600
Beverly Hills, CA 90210
dermotg@aol.com
Party Represented :

   Marion Knight
   Death Row Records Inc.

( Active )
RESP  Respondent
Main Phone # 310-854-8823
Direct Phone #
FAX # 323-878-0416

---

**4    Crawford, Debra Vaniman**

Debra Vaniman Crawford
Crawford & Crawford
P.O. Box 373
SW Mission & 4th
Carmel, CA 93921
Debra@Divorce-123.com
Party Represented :

   Lydia Harris

( Active )
RESP  Respondent
Main Phone # 831-624-2422
Direct Phone #
FAX # 831-624-2428

---

**5    Goldman, Dan**

Dan Goldman
Russ, August & Kabat
12424 Wilshire Blvd.
Suite 1200
Los Angeles, CA 90025
dwgoldman@raklaw.com
Party Represented :

   Michael Ray Harris

( Active )
PETI   Petitioner
Main Phone # 310-826-7474
Direct Phone #
FAX # 310-826-6991

---

707 WILSHIRE BLVD.   46TH FLOOR   LOS ANGELES, CA 90017   ᴸᴸ 213-620-1133   ᶠᴬˣ 213-620-0100       Page    1

154

CA001 - JAMS, Inc.    Service List                                    1/6/2006

**JAMS**

THE RESOLUTION EXPERTS

6        **Comden, Leonard J.**
Leonard J. Comden                          ( Active )
Wasserman, Comden, Casselman & Pearson     RESP   Respondent
5567 Reseda Blvd., Suite 330                    Main Phone # 818-705-6800
PO Box 7033                                     Direct Phone #
Tarzana, CA 91357-7033                              FAX # 818-345-0162
lcomden@wccplaw.com
Party Represented :

  Wasserman, Comden, Casselman & Pearson

155

Case 2:06-bk-11187-VZ    Claim 3-1    Filed 05/04/06    Desc Main Document    Page 15
of 17

P. 1

✳ ✳ ✳ Transmission Result Report(MemoryTX) ( Jan. 6. 2006  2:49PM ) ✳ ✳ ✳

13
23

Date/Time: Jan. 6. 2006  2:13PM

| File No. | Mode | Destination | Pg(s) | Result | Page No! Sent |
|---|---|---|---|---|---|
| 4540 | Memory TX | 18315475891 ~ *REFAXED to couI* | P. 7 | E-3) 3) | P. 1-7 |
| | | Judge Haberfeld | | OK | |
| | | 13108266991 | | OK | |
| | | 13238780416 — *CORRECT # GIVENS* | | E-2) 2) 2) 2) 2) | P. 1-7 |
| | | 18316242428 — *CRAWFORD* | | E-3) 3) | P. 1-7 |
| | | 13108266991 | | OK | |
| | | 18183450162 | | OK | |

Reason for error
E. 1) Hang up or line fail        E. 2) Busy
E. 3) No answer                   E. 4) No facsimile connection



Total Pages: 7
VIA FAX & U.S. MAIL

January 6, 2006

Hon. Adrienne Grover
Monterey Courthouse
1200 Aguajito Road
Courtroom #13
Monterey, CA 93940
Fax: 831-647-5837

Re:   Harris, Michael Ray v. Harris Lydia
Case:   DR 43369
JAMS: 1220034123

Dear Judge Grover:

    Attached please find Judge Stephen Haberfeld's Referee's Order for your review and
consideration.

    Due to the production date and time of this coming Tuesday morning, the attached Order
is being faxed and mailed to you and all counsel.

    Thank you for your attention.  Please feel free to contact me should you have any
questions at 213-253-9711.

Sincerely,

Geraldine Yulo
Sr. Case Manager to
Judge Stephen Haberfeld, Discovery Referee
gyulo@jamsadr.com

cc:   all counsel

707 WILSHIRE BLVD.  46TH FLOOR  LOS ANGELES, CA 91357  3D 213-253-9753  3D 213-626-0269

## PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 12424 Wilshire Boulevard, 12th Floor, Los Angeles, California 90025.

    On May 4, 2006 I caused to be served the foregoing document described as PROOF OF CLAIM on interested parties in this action

☑    by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

☐    by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

**SERVICE NAME/ADDRESS**

☑    BY MAIL

☐    I deposited such in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

☑    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☑    Federal: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

    Executed on May 4, 2006 at Los Angeles, California.

                                      NICOLE JONES

2714-01 POS-DR-special

## SERVICE LIST

| | |
|---|---|
| Daniel McCarthy, Esq.<br>Hill, Farrer & Burrill LLP<br>300 S. Grand Avenue, 37th floor<br>Los Angeles, CA 90071 | *Attorney for Debtor, Marion H. Knight, Jr.* |
| Marion H. Knight, Jr.<br>PO Box 3037<br>Beverly Hills, CA 90212 | *Debtor* |
| Alvin Mar, Esq.<br>Office of the US Trustee<br>725 S. Figueroa Street, 26th floor<br>Los Angeles, CA 90017 | *Trustee* |

2714-01 POS-DR-special

158