# EXHIBIT 10

# EXHIBIT 10

Form B10 (Official Form 10) (10/05)

| **United States Bankruptcy Court**   Central District of California | **PROOF OF CLAIM** |
|---|---|

| Name of Debtor<br>DEATH ROW RECORDS, | Case Number<br>2:06-bk-11205 BC | |
|---|---|---|

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>MICHAEL RAY HARRIS | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | **FILED**<br><br>MAY - 4 2006<br><br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY _____ Deputy Clerk |
|---|---|---|
| Name and address where notices should be sent:<br>Steven M. Goldberg, Esq.<br>Russ August & Kabat<br>12424 Wilshire Bl., #1200<br>Los Angeles, CA 90025<br>Telephone number: | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | FY 206<br><br>This space is for Court use only. |
| Last four digits of account or other number by which creditor identifies debtor:  (310) 826-7474 | Check here ☐ replaces<br>if this claim ☐ amends   a previously filed claim, dated: _____ | |

| 1. **Basis for Claim**<br>☐ Goods sold<br>☐ Services performed<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>☒ Other  Court Judgment | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (Fill out below)<br>Last four digits of your Social Security number: _____<br>Unpaid compensation for services performed<br>from _____ to _____<br>      (date)        (date) |
|---|---|

2. **Date debt was incurred:**  3/9/2005    | 3. **If court judgment, date obtained:** March 9, 2005

4. **Total Amount of Claim at Time Case Filed:** $ 117,318,631.50

| | $_____ | $_____ | $ 117,318,631.50 |
|---|---|---|---|
| | (unsecured) | (secured) | (priority) | (Total) |

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. **Secured Claim.**<br>☐ Check this box if your claim is secured by collateral (including a right of setoff).<br><br>Brief Description of Collateral:<br>☐ Real Estate   ☐ Motor Vehicle<br>☐ Other _____<br><br>Value of Collateral: $_____<br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____<br>6. **Unsecured Nonpriority Claim.**  $117,318,631.50<br>☒ Check this box if (a) there is no collateral or lien securing your claim, or (b) your claim exceeds the value of the property securing it or (c) none or only part of your claim is entitled to priority. | 7. **Unsecured Priority Claim.**<br>☐ Check this box if you have an unsecured priority claim, all or part of which is entitled to priority.<br>Amount entitled to priority $_____<br>Specify the priority of the claim:<br>☐ Wages, salaries or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).<br>☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).<br>☐ Up to $2,225* of deposits toward purchase, lease or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).<br>☐ Domestic support obligations under - 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).<br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).<br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).<br>*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05.  Pub. L. 109-8 |
|---|---|

| 8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>9. **Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.<br>10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | This space is for Court use only. |
|---|---|
| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any). | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## ITEMIZATION OF ADDITIONAL CHARGES

<u>Original Judgment</u>: $107,000,000 (see attached Judgment in LASC Case No. BC 268857)

<u>Statutory Interest</u>: 10% per annum as follows—

$29,315.07 per day from entry of judgment (March 9, 2005) through payment of $1,000,000 on May 27, 2005 = $2,315,890.50.

$29,041.10 (daily rate of interest on reduced amount of judgment ($106,000,000)) per day from May 27, 2005 to date case filed, April 04, 2006 = $9,002,741.00.

<u>Total Statutory Interest</u>: $11,318,631.50.

<u>Total payments against judgment by debtor</u>: $1,000,000.

**<u>Total claim as of date case filed</u>: $117,318,631.50.**

160

F.D.

1  DAVID B. CASSELMAN (SBN 81657)
   I.DONALD WEISSMAN (SBN 67980)
2  WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
   5567 Reseda Boulevard, Suite 330
3  Post Office Box 7033
   Tarzana, California 91357-7033
4  Telephone:  (818) 705-6800 • (323) 872-0995
   Facsimile:   (818) 705-8147
5
6  Attorneys for Plaintiffs
   LYDIA HARRIS and NEW IMAGE MEDIA
   CORPORATION
7

**FILED**
LOS ANGELES SUPERIOR COURT

MAR 0 9 2005

JOHN A. CLARKE, CLERK
By: _____
R. CASTLE

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               FOR THE COUNTY OF LOS ANGELES

10

11  LYDIA HARRIS, LIFESTYLE          )   CASE NO. BC 268857
    RECORDS, INC., AND NEW IMAGE     )
12  MEDIA CORP.,                     )
                                     )   Case Assigned to:
13          Plaintiffs,              )   Judge Ronald M. Sohigian – Dept. 41
                                     )
14      v.                           )   [Complaint Filed: February 26, 2002]
                                     )
15  KEVIN GILLIAM AKA BATTLECAT;     )
    MARION H. KNIGHT AKA SUGE        )
16  KNIGHT; DEATH ROW RECORDS;       )        JUDGMENT
    THA ROW, INC.; DAVID E. KENNER;  )
17  DAVID E. KENNER PROFESSIONAL     )
    LAW CORPORATION; DAVID E.        )
18  KENNER, A PROFESSIONAL           )
    CORPORATION; THE DAVID E.        )
19  KENNER TRUST; INTERSCOPE         )
    RECORDS; JIMMY IOVINE; JOHN T.   )
20  MCCLAIN, JR.; A&M RECORDS; ET    )
    AL.,                             )
21                                   )
            Defendants.              )
22                                   )

23

24          Upon the Order striking the Answer of MARION H. KNIGHT, aka SUGE KNIGHT, and

25  DEATH ROW RECORDS, INC., ~~AKA DEATH ROW RECORDS E.T.C., AKA THA ROW, INC.~~,

26  to Plaintiffs' Complaint and entering default thereon, consideration of the Plaintiffs' Application

27  for Default Prove-up Damages and the supporting declarations of Lydia Harris, I.Donald

28  Weissman, Michael Harris and Phil Ames, and good cause appearing therefor,

_JUDGMENT_

161

1  IT IS HEREBY ADJUDGED that judgment is entered in favor of plaintiffs, LYDIA

2  HARRIS and NEW IMAGE MEDIA CORP., and against defendants, MARION H. KNIGHT

3  aka SUGE KNIGHT, *and* DEATH ROW RECORDS, INC., ~~Aka DEATH ROW RECORDS, LLC,~~

4  ~~and THA ROW, INC.,~~ in the sum of $ *45,000,000* for economic damages,

5  $ *2,000,000* for non-economic damages, $ *60,000,000* for punitive damages,

6

7  Further, PLAINTIFFS to recover costs pursuant to a memorandum of costs to be filed

8  pursuant to the statute *in the amount of $* _____

9

10

11  Dated: *3-9-05*                    *Ronald M. Sohigian*

12                                     JUDGE OF THE LOS ANGELES SUPERIOR COURT

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
DEBRA VANIMAN CRAWFORD, SBN 116222
LAW OFFICES OF CRAWFORD & CRAWFORD
P.O. Box 373
SW Mission & 4th
Carmel, California 93921-0373
TELEPHONE NO.: 831-624-2422    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): LYDIA HARRIS

FL-180

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY
STREET ADDRESS: 1200 Aguajito Road
MAILING ADDRESS: 1200 Aguajito Road
CITY AND ZIP CODE: Monterey, CA 93940
BRANCH NAME: MONTEREY

MARRIAGE OF
PETITIONER: MICHAEL RAY HARRIS

RESPONDENT: LYDIA HARRIS

JUDGMENT
[X] DISSOLUTION    [ ] LEGAL SEPARATION    [ ] NULLITY
   [ ] Status only
   [ ] Reserving jurisdiction over termination of
     marital or domestic partnership status
   [ ] Judgment on reserved issues
Date marital or domestic partnership status ends: DATE OF FILE STAMP    DEC 2 3 2005

FOR COURT USE ONLY

FILED
DEC 2 3 2005
LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
C.J. CAMACHO        DEPUTY

CASE NUMBER:
DR 43369

1. [ ] This judgment [ ] contains personal conduct restraining orders. [ ] modifies existing restraining orders.
   The restraining orders are contained on page(s)        of the attachment. They expire on (date):

2. This proceeding was heard as follows: [ ] Default or uncontested [ ] By declaration under Family Code section 2336
   [X] Contested
   a. Date: 11-14-05    Dept.: 13    Room:
   b. Judicial officer (name): ADRIENNE M. GROVER    [ ] Temporary judge
   c. [X] Petitioner present in court    [X] Attorney present in court (name): STEVEN M. GOLDBERG
   d. [X] Respondent present in court    [X] Attorney present in court (name): DEBRA V. CRAWFORD
   e. [ ] Claimant present in court (name):    [ ] Attorney present in court (name):
   f. [X] Other (specify name): Attorney for
     Petitioner: DAN GOLDMAN

3. The court acquired jurisdiction of the respondent on (date): June 9, 2005
   a. [X] The respondent was served with process.
   b. [ ] The respondent appeared.

THE COURT ORDERS, GOOD CAUSE APPEARING
4. a. [X] Judgment of dissolution is entered. Marital or domestic partnership status is terminated and the parties are restored to the
     status of single persons
     (1) [X] on (specify date): SAME DATE AS FILE STAMP    DEC 2 3 2005
     (2) [ ] on a date to be determined on noticed motion of either party or on stipulation.
  b. [ ] Judgment of legal separation is entered.
  c. [ ] Judgment of nullity is entered. The parties are declared to be single persons on the ground of (specify):

  d. [ ] This judgment will be entered nunc pro tunc as of (date):
  e. [ ] Judgment on reserved issues.
  f. The [ ] petitioner's [ ] respondent's    former name is restored to (specify):
  g. [ ] Jurisdiction is reserved over all other issues, and all present orders remain in effect except as provided below.
  h. [ ] This judgment contains provisions for child support or family support. Each party must complete and file with the court a
     Child Support Case Registry Form (form FL-191) within 10 days of the date of this judgment. The parents must notify the
     court of any change in the information submitted within 10 days of the change, by filing an updated form. The Notice
     of Rights and Responsibilities—Health Care Costs and Reimbursement Procedures and Information Sheet on Changing a
     Child Support Order (form FL-192) is attached.

Form Adopted for Mandatory Use
Judicial Council of California
FL-180 [Rev. January 1, 2005]

JUDGMENT
(Family Law)

Legal
Solutions
Plus

Page 1 of 2
Family Code, §§ 2024, 2340,
2343, 2346

163

DEC. 13. 2005 10:21AM RUSS AUGUST&KABAT     CRAWFORD & CRAWFORD     NO. 8028   P. 2/16

PURSUANT TO STIPULATION OF THE PARTIES RECITED IN COURT, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.   Of the monies received by Respondent from Marion Knight to date, Sixty Thousand ($60,000) shall be paid to an individual per agreement of the parties. One Hundred and Seventy-Nine Thousand Dollars ($179,000) shall be given to Petitioner and Two Hundred Thousand Dollars ($200,000) shall be retained by Respondent.

Each party shall pay one-half of the copying costs for the Xenon case out of said money.

Respondent shall put Two Hundred Six Thousand Dollars ($206,000) in escrow for potential fees or costs in LASC Case BC 268857.

Each party shall pay taxes, if any, on their share of said money.

2.   Each party is awarded one-half of the net profits of the DVD on the documentary "Welcome to Death Row."

3.   Any and all major decisions on the lawsuit regarding the "Welcome to Death Row" documentary versus Xenon shall be made by the parties jointly. The net proceeds of said lawsuit shall be divided equally by the parties. The costs shall be shared equally by the parties and shall be advanced, if possible. Respondent will keep Petitioner advised of all developments in the case, and shall provide him with copies of all filed documents to date at Petitioner's expense.

4.   Each party shall receive one-half of the net proceeds from the Battlecat Judgment in LASC Case BC 268857, which was an arbitrated judgment.

Petitioner is awarded the Battlecat masters. Respondent shall arrange for shipment of said masters to Petitioner at his cost and direction.

Petitioner shall license the songs from the Battlecat masters in the documentary "Married to the Game" to Respondent at no cost. Each party shall be awarded one-half of the net proceeds of the "Married to the Game" DVD, but Respondent shall have

Judgment; Marriage of Harris; DR 43369

DEC. 13. 2005 10:21AM RUSS AUGUST&KABAT    CRAWFORD & CRAWFORD    NO. 8029    P. 3/4

1   management and control over the "Married to the Game" DVD.   No salary shall be paid

2   to Respondent in determining net proceeds.

3       5.   The corporation KDA is awarded to Respondent.

4       6.   The restaurant Dasha's Soul Food is awarded to Respondent.

5       7.   The proceeds from the "Married to the Game" book is awarded to

6   Respondent.

7       8.   O Lydia, a company, is awarded to Respondent.  However, one-half of the

8   net proceeds from the "Married to the Game" DVD is awarded to each party.

9       9.   The parties shall cooperate to consolidate their ongoing business concerns

10  which are community property and from which they are each getting profits into a

11  company to be created called Harris Enterprises.

12      10.   The company Dream On Production is awarded to Respondent, except for

13  one-half of the net royalties from "Married to the Game" DVD shall be awarded to each

14  party.

15      11.   Petitioner's life story is awarded to Petitioner.

16      12.   Nu Image Media is awarded to Petitioner after the One Hundred Seven

17  Million Dollar judgment in LASC Case BC 288857 has been collected or compromised to

18  the satisfaction of Petitioner and Respondent.

19      13.   The proceeds of Los Angeles Superior Court Case BC 288857 are

20  community property.  The allocation to the parties is reserved as to how much of said

21  proceeds shall be awarded to each party.

22      The fees and costs to Casselmans' firm when they are determined shall be

23  divided between the parties on an equal basis.  Each party shall pay their own fees and

24  costs in the case of Casselman versus Harris which is Los Angeles Superior Court case

25  BC 340196.

26      14.   The issue of child support is reserved.

27      15.   Child custody jurisdiction is in the State of Texas.  The parties have stated

28

Judgment; Marriage of Harris; DR 43369                                    2

165

DEC. 13. 2005 10:22AM 18318 RUSS AUGUST&KABAT    CRAWFORD & CRAWFORD    NO. 5028    P. 4/404/04

1  their intent that Respondent will bring the child of the parties to visit Petitioner once

2  every two months until the child is 18 years of age.

3      16.    The parties jointly support a motion for the appointment of a receiver for the

4  collection of the judgment in LASC Case BC 268857.

5      17.    Each party shall pay their own attorneys fees and costs in this case to date.

6      18.    The Court reserves jurisdiction over the executory portions of this Judgment

7  including the formation of Harris Enterprises.

8      19.    The trial on the issue of the allocation of the proceeds of LASC Case BC

9  268857 is set for January 30, 2006, at 9:00 a.m. in Department 13 of this Court.

10     20.    The parties shall exchange Preliminary Declarations of Disclosure forthwith.

11  The Final Declarations of Disclosure are waived.

12  APPROVED AS TO FORM AND CONTENT:

13

14

15  STEVEN M. GOLDBERG,
    Attorney for Petitioner,
16  MICHAEL HARRIS

17

18

19  DEBRA VANIMAN CRAWFORD,
    Attorney for Respondent,
20  LYDIA HARRIS

21      12-23-05

22                              ADRIENNE M. GROVER,
                                Judge of the Superior Court

23

24

25

26

27

28

Judgment; Marriage of Harris; DR 43369

3

166

Hon. Stephen E. Haberfeld, Discovery Referee
JAMS
707 Wilshire Blvd., 46th Fl.
Los Angeles, CA 90017
Tel.: 213-353-9711
Fax: 213-620-0100
E-Mail: judgehaberfeld@comcast.net

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF MONTEREY

MICHAEL RAY HARRIS,

    Petitioner,

vs.

LYDIA HARRIS,

    Respondent.

Case No. DR 43369

**REFEREE'S ORDER GRANTING PETITIONER'S MOTION TO COMPEL MARION H. "SUGE" KNIGHT TO PRODUCE DOCUMENTS RESPONSIVE TO PETITIONER'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**Hearing**
Date: January 5, 2006
Time: 5:15 p.m.
Place: Via Conference Call
Referee: Hon. Stephen E. Haberfeld

  Petitioner Michael Ray Harris's ("Petitioner's) motion to compel Marion H. "Suge" Knight ("Mr. Knight") to respond and produce documents responsive to Petitioner's first set of requests for production of documents ("Motion") was expressly and specifically referred to the undersigned discovery referee ("Referee") by the Court's Order, dated December 13, 2005 -- which also appointed the Referee.   Steven M. Goldberg, Esq. and Dan Goldman, Esq. of the

Referral

1

[PROPOSED] ORDER

167

1  law firm of Russ August & Kabat appeared and participated with the Referee in a telephonic

2  hearing on the Motion --- which hearing was set by stipulation, including the agreement of

3  Dermot D. Givens, Esq. counsel for Mr. Knight, during a telephonic Status Conference held on

4  January 4, 2006. Debra Crawford, Esq. of the law firm of Crawford & Crawford, counsel for

5  Respondent Lydia Harris in this proceeding --- having been apprised of the stipulated and

6  ordered telephonic hearing during the aforesaid Status Conference --- stated that she did not

7  intend to participate in the hearing on the Motion.

8          Mr. Givens did not appear or participate in the hearing on the Motion, as agreed and

9  accordingly so ordered, or communicate with either the Referee or Petitioner's counsel after the

10 January 4, 2006 Status Conference and before or during the hearing on the Motion concerning

11 that hearing or at all.

12          All participants in the January 4, 2006 Status Conference knew the date, time and call-in

13 information for the hearing on the Motion. Messrs. Goldberg and Goldman dialed in for the

14 telephonic hearing, as agreed and ordered, shortly after 5:15 p.m. (PT). The Referee was already

15 on the line. After waiting for Mr. Givens for approximately five minutes, at approximately 5:20

16 p.m. (PT), the Referee stated that the Referee would go off line until the earlier of being

17 contacted that Mr. Givens had joined the conference call or 5:30 p.m. (PT), at which time the

18 Referee would dial back into the conference call and discuss with whoever was on the line at that

19 time what next to do.

20          At approximately 5:30 p.m. (PT) --- not having been contacted by anyone concerning that

21 or whether Mr. Givens had joined the conference call for the hearing --- the Referee dialed back

22 into the conference call and ascertained that Mr. Givens was not on the line. Petitioner's

23 counsel, Mr. Goldberg, represented to the Referee that Mr. Givens had not joined the conference

24 call at any time prior to the Referee's re-joining the conference call at 5:30 p.m. (PT) and that

25 Mr. Goldberg had unsuccessfully tried to contact Mr. Givens about his joining the telephonic

26 hearing on the Motion during the approximately ten minute (5:20-5:30 p.m. (PT)) interval when

27 the Referee was off-line. Mr. Goldberg represented that he had called Mr. Givens' cell phone

28 and that Mr. Givens did not answer, and Mr. Goldberg left a message, and that Mr. Goldberg

Referral

2

[PROPOSED] ORDER

1    additionally sent Mr. Givens an e-mail, but Mr. Givens did not respond or call in to the

2    conference call.

3        At approximately 5:35 p.m. (PT), the Referee ruled that --- in view of the above-

4    referenced facts and circumstances, and good cause appearing --- the stipulated and ordered

5    telephonic hearing on the Motion would go forward, and the Referee made the following ruling

6    and order concerning the Motion during the hearing which lasted until approximately 5:45 p.m.

7    (PT).

8        Based on careful consideration of the papers submitted by Petitioner and Mr. Knight in

9    support of and in opposition to Petitioner's motion to compel Mr. Knight to produce, without

10    objection, all documents responsive to Petitioner's First Set of Requests for Production of

11    Documents ("document request") and, after a hearing and good cause appearing, it is hereby

12    ORDERED as follows. Petitioner's motion to compel is granted as to the production of all

13    documents requested to be produced by Mr. Knight in Petitioner's document request. Mr.

14    Knight is hereby ordered to produce, without objection, all documents in his possession, custody

15    and/or control which are responsive to Petitioner's document request, immediately prior to the

16    commencement of the taking of Mr. Knight's ordered deposition on Tuesday, January 10, 2006

17    at 10:00 a.m., at JAMS, 707 Wilshire Boulevard, 46th Floor, Los Angeles, California 90017.

18    Petitioner's request for monetary sanctions in connection with the Motion is reserved.

19        Immediately prior to the conclusion of the hearing on the Motion, the Referee requested

20    that Petitioner's counsel prepare, submit to the Referee and disseminate to all participants in the

21    discovery reference, including the Wasserman Comden firm, a proposed form of order for the

22    Referee's review and signature, reflecting the Referee's rulings and orders made during the

23    hearing on the Motion.

24    DATED: January 6, 2006

25                                   STEPHEN E. HABERFELD

26                                     Discovery Referee

27

28   Referral

169

## PROOF OF SERVICE
### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 707 Wilshire Blvd. 46th Floor, Los Angeles, CA 90017.

On January 6, 2006, I served the foregoing document described as REFEREE'S ORDER GRANTING PETITIONER'S MOTION TO COMPEL MARION H. "SUGE" KNIGHT TO PRODUCE DOCUMENTS RESPONSIVE TO PETITIONER'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS in the matter of MICHAEL RAY HARRIS V. LYDIA HARRIS to interested parties in this action, as follows:

ORIGINAL FILED TO: (Via fax & mail)

Hon. Adrienne Grover
Monterey Courthouse
1200 Aguajito Road
Courtroom #13
Monterey, CA 93940
Fax: 831-647-5897

( SEE ATTACHED SERVICE LIST )

(X ) BY MAIL:  as follows: I am "readily familiar"  with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Los Angeles, California.

(X )BY FACSIMILE TRANSMISSION:  I caused the above-referenced document(s) to be transmitted to the above-named person(s) at the telecopy numbers on the attached list.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 6, 2006.

_Geraldine C Yulo_
Geraldine C. Yulo

**CA001 – JAMS, Inc.**    Service List

1/6/2006

THE RESOLUTION EXPERTS

Reference # :    1220034123
Case Name :    Harris, Michael Ray vs. Harris, Lydia
Case Type:    FAMI
Referring Judge:
Panelist:    Haberfeld, Stephen E.,

---

**2**    **Goldberg, Steven M.**
Steven M. Goldberg
Russ, August & Kabat                    ( Active )
12424 Wilshire Blvd.                    PETI   Petitioner
Suite 1200                                    Main Phone #  310-826-7474
Los Angeles, CA  90025                 Direct Phone #
sgoldberg@raklaw.com                    FAX #  310-826-6991
Party Represented :

    Michael Ray Harris

---

**3**    **Givens, Dermot**
Dermot Givens
L/O Dermot Givens                       ( Active )
433 Camden Dr.                           RESP   Respondent
Suite 600                                     Main Phone #  310-854-8823
Beverly Hills, CA  90210                Direct Phone #
dermotg@aol.com                          FAX #  323-878-0416
Party Represented :

    Marion Knight
    Death Row Records Inc.

---

**4**    **Crawford, Debra Vaniman**
Debra Vaniman Crawford
Crawford & Crawford                     ( Active )
P.O. Box 373                             RESP   Respondent
SW Mission & 4th                             Main Phone #  831-624-2422
Carmel, CA  93921                        Direct Phone #
Debra@Divorce-123.com                   FAX #  831-624-2428
Party Represented :

    Lydia Harris

---

**5**    **Goldman, Dan**
Dan Goldman
Russ, August & Kabat                    ( Active )
12424 Wilshire Blvd.                    PETI   Petitioner
Suite 1200                                    Main Phone #  310-826-7474
Los Angeles, CA  90025                 Direct Phone #
dwgoldman@raklaw.com                    FAX #  310-826-6991
Party Represented :

    Michael Ray Harris

---

171

**CA001 - JAMS, Inc.**    Service List

**JAMS**

THE RESOLUTION EXPERTS

1/6/2006

6    **Comden, Leonard J.**

Leonard J. Comden                          ( Active )
Wasserman, Comden, Casselman & Pearson    RESP   Respondent
5567 Reseda Blvd., Suite 330                        Main Phone # 818-705-6800
PO Box 7033                                         Direct Phone #
Tarzana, CA 91357-7033                                FAX # 818-345-0162
lcomden@wccplaw.com
Party Represented :

    Wasserman, Comden, Casselman & Pearson

172

## PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  12424 Wilshire Boulevard, 12th Floor, Los Angeles, California 90025.

    On May 4, 2006 I caused to be served the foregoing document described as PROOF OF CLAIM on interested parties in this action

☑  by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

☐  by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

**SERVICE NAME/ADDRESS**

☑  BY MAIL

☐  I deposited such in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

☑  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☑  Federal:  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

    Executed on May 4, 2006 at Los Angeles, California.

NICOLE JONES

2714-01 POS-DR-special

173

## SERVICE LIST

| | |
|---|---|
| Robert S. Altagen, Esq.<br>111 Corporate Center Drive, Ste. 201<br>Monterey Park, CA 91754 | *Attorney for Debtor, Death Row Records* |
| Death Row Records, Inc.<br>PO Box 3037<br>Beverly Hills, CA 90212 | *Debtor* |
| Office of the US Trustee<br>725 S. Figueroa Street, 26th floor<br>Los Angeles, CA 90017 | *Trustee* |

2714-01 POS-DR-special

174

# EXHIBIT 11

EXHIBIT 11

ORIGINAL

Form B10 (Official Form 10) (10/05)

| United States Bankruptcy Court    Central District of California | | PROOF OF CLAIM |
|---|---|---|

**Name of Debtor** MARION KNIGHT, JR. aka SUGE KNIGHT  —  **Case Number** LA 06-11187-EC

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor** (The person or other entity to whom the debtor owes money or property):
LYDIA HARRIS

☒ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

**Name and address where notices should be sent:**
SHARON Z. WEISS (State Bar No. 169446)
WEINSTEIN, WEISS & ORDUBEGIAN LLP
1925 Century Park East, Suite 1150
Los Angeles, CA 90067-2712
Telephone number: (310) 203-9393

☐ Check box if the address differs from the address on the envelope sent to you by the court.

**FILED**
OCT 19 2006
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT...
BY...

This space is for Court use only.

Last four digits of account or other number by which creditor identifies debtor: — Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated: _____

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☒ Personal injury/wrongful death
☐ Taxes
☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (Fill out below)
Last four digits of your Social Security number: _____
Unpaid compensation for services performed
from _____ to _____
         (date)        (date)

**2. Date debt was incurred:** Dec. 15, 1992 - Feb. 26, 2002    **3. If court judgment, date obtained:** March 9, 2005

**4. Total Amount of Claim at Time Case Filed:** $ 107 million*    $ _____    $ _____    $ _____
(unsecured)    (secured)    (priority)    (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges. * In excess of $107 million - some or all may be secured.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any $ _____

**6. Unsecured Nonpriority Claim.**    $ 107 million
☒ Check this box if (a) there is no collateral or lien securing your claim, or (b) your claim exceeds the value of the property securing it or (c) none or only part of your claim is entitled to priority.    * See above.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim, all or part of which is entitled to priority.
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,225* of deposits toward purchase, lease or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Domestic support obligations under - 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This space is for Court use only.

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| Sep ____, 2006 | LYDIA HARRIS |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

175

F.O.

1    DAVID B. CASSELMAN (SBN 81657)
     I.DONALD WEISSMAN (SBN 67980)
2    WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
     5567 Reseda Boulevard, Suite 330
3    Post Office Box 7033
     Tarzana, California 91357-7033
4    Telephone:    (818) 705-6800 • (323) 872-0995
     Facsimile:    (818) 705-8147
5
     Attorneys for Plaintiffs
6    LYDIA HARRIS and NEW IMAGE MEDIA
     CORPORATION
7

**FILED**
LOS ANGELES SUPERIOR COURT

MAR 0 9 2005

JOHN A. CLARKE, CLERK
By: _____
         R. CASTLE

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF LOS ANGELES

10

11   LYDIA HARRIS, LIFESTYLE          )    CASE NO. BC 268857
     RECORDS, INC., AND NEW IMAGE     )
12   MEDIA CORP.,                     )    Case Assigned to:
                                      )    Judge Ronald M. Sohigian - Dept. 41
13                 Plaintiffs,        )
                                      )    [Complaint Filed: February 26, 2002]
14        v.                          )
                                      )
15   KEVIN GILLIAM AKA BATTLECAT;     )    JUDGMENT
     MARION H. KNIGHT AKA SUGE        )
16   KNIGHT; DEATH ROW RECORDS;       )
     THA ROW, INC.; DAVID E. KENNER;  )
17   DAVID E. KENNER PROFESSIONAL     )
     LAW CORPORATION; DAVID E.        )
18   KENNER, A PROFESSIONAL           )
     CORPORATION; THE DAVID E.        )
19   KENNER TRUST; INTERSCOPE         )
     RECORDS; JIMMY IOVINE; JOHN T.   )
20   MCCLAIN, JR.; A&M RECORDS; ET    )
     AL.,                             )
21                 Defendants.        )
                                      )
22
                _____

23        Upon the Order striking the Answer of MARION H. KNIGHT, aka SUGE KNIGHT, and

24   DEATH ROW RECORDS, INC., ~~THE DEATH ROW RECORDS, L.L.C.~~, ~~THA ROW, INC.~~,

25   to Plaintiffs' Complaint and entering default thereon, consideration of the Plaintiffs' Application

26   for Default Prove-up Damages and the supporting declarations of Lydia Harris, I.Donald

27   Weissman, Michael Harris and Phil Ames, and good cause appearing therefor,

28

                    _____JUDGMENT_____

                              — 2 —

1  IT IS HEREBY ADJUDGED that judgment is entered in favor of plaintiffs, LYDIA

2  HARRIS and NEW IMAGE MEDIA CORP., and against defendants, MARION H. KNIGHT

3  aka SUGE KNIGHT, DEATH ROW RECORDS, INC., aka DEATH ROW RECORDS, L.L.C.,

4  and THA ROW, INC., in the sum of $ 45,000,000 for economic damages,

5  $ 2,000,000 for non-economic damages, $ 60,000,000 for punitive damages.

6

7  Further, PLAINTIFFS to recover costs pursuant to a memorandum of costs to be filed

8  pursuant to the statute in the amount of $ _____

9

10  Dated: 3-9-05

11  _____
    JUDGE OF THE LOS ANGELES SUPERIOR COURT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

*JUDGMENT*

177

FL-180

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):

DEBRA VANHAM CRAWFORD, SBN 116222
LAW OFFICES OF CRAWFORD & CRAWFORD
P.O. Box 373
SW Mission & 4th
Carmel, California 93921-0373
TELEPHONE NO.: 831-624-2422    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): LYDIA HARRIS

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** MONTEREY
STREET ADDRESS: 1200 Aguajito Road
MAILING ADDRESS: 1200 Aguajito Road
CITY AND ZIP CODE: Monterey, Ca 93940
BRANCH NAME: MONTEREY

**MARRIAGE OF**
PETITIONER: MICHAEL RAY HARRIS

RESPONDENT: LYDIA HARRIS

**JUDGMENT**
[X] DISSOLUTION    [ ] LEGAL SEPARATION    [ ] NULLITY
   [ ] Status only
   [ ] Reserving jurisdiction over termination of
       marital or domestic partnership status
   [ ] Judgment on reserved issues
   Date marital or domestic partnership status ends: DATE OF FILE STAMP

**FOR COURT USE ONLY**

FILED

DEC 2 3 2005

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
C.T. CAMACHO    DEPUTY

DEC 2 3 2005

**CASE NUMBER:**

DR 43369

1. [ ] This judgment    [ ] contains personal conduct restraining orders.
   The restraining orders are contained on page(s)    of the attachment. They expire on (date):    [ ] modifies existing restraining orders.

2. This proceeding was heard as follows: [ ] Default or uncontested  [ ] By declaration under Family Code section 2336
   [X] Contested
   a. Date: 11-14-05    Dept.: 13    Room:
   b. Judicial officer (name): ADRIENNE M. GROVER    [ ] Temporary judge
   c. [ ] Petitioner present in court    [X] Attorney present in court (name): STEVEN M. GOLDBERG
   d. [X] Respondent present in court    [X] Attorney present in court (name): DEBRA V. CRAWFORD
   e. [ ] Claimant present in court (name):    [ ] Attorney present in court (name):
   f. [X] Other (specify name): Attorney for
       Petitioner: DAN GOLDMAN

3. The court acquired jurisdiction of the respondent on (date): June 9, 2003
   a. [X] The respondent was served with process.
   b. [ ] The respondent appeared.

**THE COURT ORDERS, GOOD CAUSE APPEARING**

4. a. [ ] Judgment of dissolution is entered. Marital or domestic partnership status is terminated and the parties are restored to the
          status of single persons
       (1) [X] on (specify date): SAME DATE AS FILE STAMP    DEC 2 3 2005
       (2) [ ] on a date to be determined on noticed motion of either party or on stipulation.
   b. [ ] Judgment of legal separation is entered.
   c. [ ] Judgment of nullity is entered. The parties are declared to be single persons on the ground of (specify):

   d. [ ] This judgment will be entered nunc pro tunc as of (date):
   e. [ ] Judgment on reserved issues.
   f. [ ] The [ ] petitioner's [ ] respondent's    former name is restored to (specify):
   g. [ ] Jurisdiction is reserved over all other issues, and all present orders remain in effect except as provided below.
   h. [ ] This judgment contains provisions for child support or family support. Each party must complete and file with the court a
          Child Support Case Registry Form (form FL-191) within 10 days of the date of this judgment. The parents must notify the
          court of any change in the information submitted within 10 days of the change, by filing an updated form. The Notice
          of Rights and Responsibilities—Health Care Costs and Reimbursement Procedures and Information Sheet on Changing a
          Child Support Order (form FL-192) is attached.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
FL-180 [Rev. January 1, 2005]

**JUDGMENT**
(Family Law)

Legal
Solutions
Plus

Family Code, §§ 2024, 2340,
2343, 2346

DEC. 13. 2005 10:21AM RUSS AUGUST&KABAT    CRAWFORD & CRAWFORD    NO. 8078    P. 1/82/84

PURSUANT TO STIPULATION OF THE PARTIES RECITED IN COURT, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. Of the monies received by Respondent from Marion Knight to date, Sixty Thousand ($60,000) shall be paid to an individual per agreement of the parties. One Hundred and Seventy-Nine Thousand Dollars ($179,000) shall be given to Petitioner and Two Hundred Thousand Dollars ($200,000) shall be retained by Respondent.

Each party shall pay one-half of the copying costs for the Xenon case out of said money.

Respondent shall put Two Hundred Six Thousand Dollars ($206,000) in escrow for potential fees or costs in LASC Case BC 288857.

Each party shall pay taxes, if any, on their share of said money.

2. Each party is awarded one-half of the net profits of the DVD on the documentary "Welcome to Death Row."

3. Any and all major decisions on the lawsuit regarding the "Welcome to Death Row" documentary versus Xenon shall be made by the parties jointly. The net proceeds of said lawsuit shall be divided equally by the parties. The costs shall be shared equally by the parties and shall be advanced, if possible. Respondent will keep Petitioner advised of all developments in the case, and shall provide him with copies of all filed documents to date at Petitioner's expense.

4. Each party shall receive one-half of the net proceeds from the Battlecat Judgment in LASC Case BC 288857, which was an arbitrated judgment.

Petitioner is awarded the Battlecat masters. Respondent shall arrange for shipment of said masters to Petitioner at his cost and direction.

Petitioner shall license the songs from the Battlecat masters in the documentary "Married to the Game" to Respondent at no cost. Each party shall be awarded one-half of the net proceeds of the "Married to the Game" DVD, but Respondent shall have

Judgment; Marriage of Harris; DR 43369

-5-

DEC. 13. 2005 10:21AM 1831ERUSS AUGUST&KABAT       CRAWFORD & CRAWFORD       NO. 8929    P. 3/4

management and control over the "Married to the Game" DVD.    No salary shall be paid to Respondent in determining net proceeds.

     5.    The corporation KDA is awarded to Respondent.

     6.    The restaurant Dasha's Soul Food is awarded to Respondent.

     7.    The proceeds from the "Married to the Game" book is awarded to Respondent.

     8.    O Lydie, a company, is awarded to Respondent. However, one-half of the net proceeds from the "Married to the Game" DVD is awarded to each party.

     9.    The parties shall cooperate to consolidate their ongoing business concerns which are community property and from which they are each getting profits into a company to be created called Harris Enterprises.

     10.    The company Dream On Production is awarded to Respondent, except for one-half of the net royalties from "Married to the Game" DVD shall be awarded to each party.

     11.    Petitioner's life story is awarded to Petitioner.

     12.    Nu Image Media is awarded to Petitioner after the One Hundred Seven Million Dollar judgment in LASC Case BC 288857 has been collected or compromised to the satisfaction of Petitioner and Respondent.

     13.    The proceeds of Los Angeles Superior Court Case BC 288857 are community property. The allocation to the parties is reserved as to how much of said proceeds shall be awarded to each party.

     The fees and costs to Casselmans' firm when they are determined shall be divided between the parties on an equal basis. Each party shall pay their own fees and costs in the case of Casselman versus Harris which is Los Angeles Superior Court case BC 340196.

     14.    The issue of child support is reserved.

     15.    Child custody jurisdiction is in the State of Texas. The parties have stated

Judgment; Marriage of Harris; DR 43369                                          2

DEC. 13. 2005 10:22AM 10318 RUSS AUGUSTI&KABAT          CRAWFORD & CRAWFORD          NO. 8028   P. 4/404/06

1 | their intent that Respondent will bring the child of the parties to visit Petitioner once

2 | every two months until the child is 18 years of age.

3 |     16.  The parties jointly support a motion for the appointment of a receiver for the

4 | collection of the judgment in LASC Case BC 268857.

5 |     17.  Each party shall pay their own attorneys fees and costs in this case to date.

6 |     18.  The Court reserves jurisdiction over the executory portions of this Judgment

7 | including the formation of Harris Enterprises.

8 |     19.  The trial on the issue of the allocation of the proceeds of LASC Case BC

9 | 268857 is set for January 30, 2006, at 8:00 a.m. in Department 13 of this Court.

10 |     20.  The parties shall exchange Preliminary Declarations of Disclosure forthwith.

11 | The Final Declarations of Disclosure are waived.

12 | APPROVED AS TO FORM AND CONTENT:

13 |

14 |

15 | STEVEN M. GOLDBERG,
   | Attorney for Petitioner,
   | MICHAEL HARRIS

16 |

17 |

18 | DEBRA VANIMAN CRAWFORD,
   | Attorney for Respondent,
19 | LYDIA HARRIS

20 |

21 | 12-23-05                    ADRIENNE M. GROVER,
22 |                             Judge of the Superior Court

23 |

24 |

25 |

26 |

27 |

28 |

Judgment; Marriage of Harris; DR 43369                    3

1  Hon. Stephen E. Haberfeld, Discovery Referee
2  JAMS
   707 Wilshire Blvd., 46th Fl.
3  Los Angeles, CA 90017
   Tel.:  213-353-9711
4  Fax:  213-620-0100
   E-Mail: judgehaberfeld@comcast.net
5

6

7

8

9

10

11              SUPERIOR COURT OF CALIFORNIA

12               COUNTY OF MONTEREY

13

14  MICHAEL RAY HARRIS,           Case No. DR 43369

15          Petitioner,      **REFEREE'S ORDER GRANTING**
                       **PETITIONER'S MOTION TO COMPEL**
16                       **MARION H. "SUGE" KNIGHT TO**
   vs.                     **PRODUCE DOCUMENTS RESPONSIVE**
17                       **TO PETITIONER'S FIRST SET OF**
                       **REQUESTS FOR PRODUCTION OF**
18  LYDIA HARRIS,           **DOCUMENTS**

19          Respondent.    Hearing
                       Date:  January 5, 2006
20                       Time:  5:15 p.m.
                       Place:  Via Conference Call
21                       Referee:  Hon. Stephen E. Haberfeld

22

23      Petitioner Michael Ray Harris's ("Petitioner's") motion to compel Marion H. "Suge"

24  Knight ("Mr. Knight") to respond and produce documents responsive to Petitioner's first set

25  of requests for production of documents ("Motion") was expressly and specifically referred to

26  the undersigned discovery referee ("Referee") by the Court's Order, dated December 13, 2005 –

27  which also appointed the Referee.   Steven M. Goldberg, Esq. and Dan Goldman, Esq. of the

28

                        1
                  [PROPOSED] ORDER

1  law firm of Russ August & Kabat appeared and participated with the Referee in a telephonic

2  hearing on the Motion --- which hearing was set by stipulation, including the agreement of

3  Dermot D. Givens, Esq. counsel for Mr. Knight, during a telephonic Status Conference held on

4  January 4, 2006. Debra Crawford, Esq. of the law firm of Crawford & Crawford, counsel for

5  Respondent Lydia Harris in this proceeding --- having been apprised of the stipulated and

6  ordered telephonic hearing during the aforesaid Status Conference --- stated that she did not

7  intend to participate in the hearing on the Motion. ·

8      Mr. Givens did not appear or participate in the hearing on the Motion, as agreed and

9  accordingly so ordered, or communicate with either the Referee or Petitioner's counsel after the

10  January 4, 2006 Status Conference and before or during the hearing on the Motion concerning

11  that hearing or at all.

12      All participants in the January 4, 2006 Status Conference knew the date, time and call-in

13  information for the hearing on the Motion.   Messrs. Goldberg and Goldman dialed in for the

14  telephonic hearing, as agreed and ordered, shortly after 5:15 p.m. (PT).   The Referee was already

15  on the line. After waiting for Mr. Givens for approximately five minutes, at approximately 5:20

16  p.m. (PT), the Referee stated that the Referee would go off line until the earlier of being

17  contacted that Mr. Givens had joined the conference call or 5:30 p.m. (PT), at which time the

18  Referee would dial back into the conference call and discuss with whoever was on the line at that

19  time what next to do.

20      At approximately 5:30 p.m. (PT) --- not having been contacted by anyone concerning that

21  or whether Mr. Givens had joined the conference call for the hearing --- the Referee dialed back

22  into the conference call and ascertained that Mr. Givens was not on the line.   Petitioner's

23  counsel, Mr. Goldberg, represented to the Referee that Mr. Givens had not joined the conference

24  call at any time prior to the Referee's re-joining the conference call at 5:30 p.m. (PT) and that

25  Mr. Goldberg had unsuccessfully tried to contact Mr. Givens about his joining the telephonic

26  hearing on the Motion during the approximately ten minute (5:20-5:30 p.m. (PT)) interval when

27  the Referee was off-line. Mr. Goldberg represented that he had called Mr. Givens' cell phone

28  and that Mr. Givens did not answer, and Mr. Goldberg left a message, and that Mr. Goldberg

2

[PROPOSED] ORDER

1 additionally sent Mr. Givens an e-mail, but Mr. Givens did not respond or call in to the

2 conference call.

3     At approximately 5:35 p.m. (PT), the Referee ruled that --- in view of the above-

4 referenced facts and circumstances, and good cause appearing --- the stipulated and ordered

5 telephonic hearing on the Motion would go forward, and the Referee made the following ruling

6 and order concerning the Motion during the hearing which lasted until approximately 5:45 p.m.

7 (PT).

8     Based on careful consideration of the papers submitted by Petitioner and Mr. Knight in

9 support of and in opposition to Petitioner's motion to compel Mr. Knight to produce, without

10 objection, all documents responsive to Petitioner's First Set of Requests for Production of

11 Documents ("document request") and, after a hearing and good cause appearing, it is hereby

12 ORDERED as follows. Petitioner's motion to compel is granted as to the production of all

13 documents requested to be produced by Mr. Knight in Petitioner's document request. Mr.

14 Knight is hereby ordered to produce, without objection, all documents in his possession, custody

15 and/or control which are responsive to Petitioner's document request, immediately prior to the

16 commencement of the taking of Mr. Knight's ordered deposition on Tuesday, January 10, 2006

17 at 10:00 a.m., at JAMS, 707 Wilshire Boulevard, 46th Floor, Los Angeles, California 90017.

18 Petitioner's request for monetary sanctions in connection with the Motion is reserved.

19     Immediately prior to the conclusion of the hearing on the Motion, the Referee requested

20 that Petitioner's counsel prepare, submit to the Referee and disseminate to all participants in the

21 discovery reference, including the Wasserman Comden firm, a proposed form of order for the

22 Referee's review and signature, reflecting the Referee's rulings and orders made during the

23 hearing on the Motion.

24

25 DATED: January 6, 2006

26                        STEPHEN E. HABERFELD
                         Discovery Referee

27

28

3

[PROPOSED] ORDER

## PROOF OF SERVICE
### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.   I am over the age of 18 and not a party to the within action; my business address is 707 Wilshire Blvd. 46th Floor, Los Angeles, CA 90017.

On January 6, 2006, I served the foregoing document described as REFEREE'S ORDER GRANTING PETITIONER'S MOTION TO COMPEL MARION H. "SUGE" KNIGHT TO PRODUCE DOCUMENTS RESPONSIVE TO PETITIONER'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS in the matter of MICHAEL RAY HARRIS V. LYDIA HARRIS to interested parties in this action, as follows:

ORIGINAL FILED TO: (Via fax & mail)

Hon. Adrienne Grover
Monterey Courthouse
1200 Aguajito Road
Courtroom #13
Monterey, CA 93940
Fax: 831-647-5897


( SEE ATTACHED SERVICE LIST )


(X ) BY MAIL:   as follows: I am "readily familiar"  with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service.   I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business.  I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Los Angeles, California.

(X )BY FACSIMILE TRANSMISSION:  I caused the above-referenced document(s)  to be transmitted to  the above-named person(s) at the telecopy numbers on the attached list.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 6, 2006.

_Geraldine C Yelo_
Geraldine C. Yelo

–//–

185

CA001 - JAMS, Inc.    Service List

**JAMS**
*THE RESOLUTION EXPERTS*

1/6/2006

Reference # :    1220034123
Case Name :    Harris, Michael Ray vs. Harris, Lydia
Case Type:    FAMI
Referring Judge:
Panelist:    Haberfeld, Stephen E.,

---

**2    Goldberg, Steven M.**

Steven M. Goldberg                          ( Active )
Russ, August & Kabat                        PETI   Petitioner
12424 Wilshire Blvd.                                 Main Phone # 310-826-7474
Suite 1200                                              Direct Phone #
Los Angeles, CA 90025                              FAX # 310-826-6991
sgoldberg@raklaw.com
Party Represented :

    Michael Ray Harris

---

**3    Givens, Dermot**

Dermot Givens                               ( Active )
L/O Dermot Givens                           RESP   Respondent
433 Camden Dr.                                       Main Phone # 310-854-8823
Suite 600                                               Direct Phone #
Beverly Hills, CA 90210                             FAX # 323-878-0416
dermotg@aol.com
Party Represented :

    Marion Knight
    Death Row Records Inc.

---

**4    Crawford, Debra Vaniman**

Debra Vaniman Crawford                      ( Active )
Crawford & Crawford                         RESP   Respondent
P.O. Box 373                                         Main Phone # 831-624-2422
SW Mission & 4th                                     Direct Phone #
Carmel, CA 93921                                    FAX # 831-624-2428
Debra@Divorce-123.com
Party Represented :

    Lydia Harris

---

**5    Goldman, Dan**

Dan Goldman                                 ( Active )
Russ, August & Kabat                        PETI   Petitioner
12424 Wilshire Blvd.                                 Main Phone # 310-826-7474
Suite 1200                                              Direct Phone #
Los Angeles, CA 90025                              FAX # 310-826-6991
dwgoldman@rakiaw.com
Party Represented :

    Michael Ray Harris

---

707 WILSHIRE BLVD.   46TH FLOOR   LOS ANGELES, CA 90017   tel: 213-620-1133   fax: 213-620-0100    Page    1

186

CA001 - JAMS, Inc.    Service List

1/6/2006

6       **Comden, Leonard J.**
Leonard J. Comden
Wasserman, Comden, Casselman & Pearson
5567 Reseda Blvd., Suite 330
PO Box 7033
Tarzana, CA  91357-7033
lcomden@wocplaw.com
Party Represented :

THE RESOLUTION EXPERTS
( Active )
RESP  Respondent
              Main Phone #  818-705-6800
              Direct Phone #
              FAX #  818-345-0162

Wasserman, Comden, Casselman & Pearson

707 WILSHIRE BLVD.   46TH FLOOR   LOS ANGELES, CA 90017   TEL  213-620-1133   FAX  213-620-0100      Page      2

- 13 -

187

P. 1

x x x Transmission Result Report(Memory TX) ( Jan. 6, 2006  2:49PM ) x x x

Date/Time: Jan. 6, 2006  2:13PM

| File No. Mode | Destination | Pg(s) | Result | Page No. Sent |
|---|---|---|---|---|
| 4540 Memory TX | 18315475891 — REFAXED TO CawT | P. 7 | E-3) 3) | P. 1-7 |
| | Judge Haberfeld | | OK | |
| | 13108266991 | | OK | |
| | 13238780416 — CORRECT # GIVENS | | E-2) 2) 2) 2) 2) | P. 1-7 |
| | 18316242428 — CRAWFORD | | E-3) 3) | P. 1-7 |
| | 13108266991 | | OK | |
| | 18183450162 | | OK | |

Reason for error
E. 1) Hang up or line fail          E. 2) Busy
E. 3) No answer                     E. 4) No facsimile connection

January 6, 2006

Hon. Adelmont Crocter
Monterey Courthouse
1200 Aguajito Road
Courtroom #13
Monterey, CA 93940
Fax: 833-917-3397

Re:  Hords, Michael Ray v. Hord's Leslie
Case:  DR 43349
SAME: 1220834125

Dear Judge Crocter:

    Attached please find Judge Stephen Haberfeld's Referee's Order for your review and consideration.

    Due to the production date and time of this coming Tuesday morning, the attached Order is being faxed and mailed to you and all counsel.

    Thank you for your attention. Please feel free to contact me should you have any questions at 213-253-0711.

Sincerely,

Alex Yude
Gertrude Yale
Sr. Case Manager to
Judge Stephen Haberfeld, Discovery Referee
syuder@arcadr.com

cc:  all counsel

−14−

188

## PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  12424 Wilshire Boulevard, 12th Floor, Los Angeles, California 90025.

    On May 4, 2006 I caused to be served the foregoing document described as PROOF OF CLAIM on interested parties in this action

☑    by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

☐    by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

**SERVICE NAME/ADDRESS**

☑    BY MAIL

☐    I deposited such in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

☑    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☑    Federal:  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

    Executed on May 4, 2006 at Los Angeles, California.

_____
NICOLE JONES

2714-01 POS-DR-special

~15~

189

1

### SERVICE LIST

2

Daniel McCarthy, Esq.                     *Attorney for Debtor, Marion H. Knight,*

3   Hill, Farrer & Burrill LLP                *Jr.*
300 S. Grand Avenue, 37th floor
4   Los Angeles, CA 90071

5   Marion H. Knight, Jr.                     *Debtor*
PO Box 3037
6   Beverly Hills, CA 90212

7   Alvin Mar, Esq.                           *Trustee*
Office of the US Trustee
8   725 S. Figueroa Street, 26th floor
Los Angeles, CA 90017

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2714-01 POS-DK-special

$-16-$

190

# EXHIBIT 12

# EXHIBIT 12

Case 2:06-bk-11205-VZ    Claim 23-1    Filed 10/19/06    Desc Main Document    Page 1
of 15

ORIGINAL

Form B10 (Official Form 10) (10/05)

| United States Bankruptcy Court    Central District of California | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor: DEATH ROW RECORDS, INC. | Case Number LA 06-11205-EC | |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property): **LYDIA HARRIS** | ☒ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | FILED

OCT 19 2006

CLERK, U.S. BANKRUPTCY CRT
CENTRAL DISTRICT OF CA
BY _____ |
|---|---|---|
| Name and address where notices should be sent: SHARON Z. WEISS (State Bar No. 169446) WEINSTEIN, WEISS & ORDUBEGIAN LLP 1925 Century Park East, Suite 1150 Los Angeles, CA 90067-2712 Telephone number: (310) 203-9393 | ☐ Check box if you have never received any notices from the bankruptcy court in this case. ☐ Check box if the address differs from the address on the envelope sent to you by the court. | This space is for Court use only. |
| Last four digits of account or other number by which creditor identifies debtor: | Check here if this claim ☐ replaces ☐ amends    a previously filed claim, dated: _____ | |

| 1. Basis for Claim ☐ Goods sold ☐ Services performed ☐ Money loaned ☒ Personal injury/wrongful death ☐ Taxes ☐ Other _____ | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) ☐ Wages, salaries, and compensation (Fill out below) Last four digits of your Social Security number: _____ Unpaid compensation for services performed from _____ to _____ (date)    (date) |
|---|---|

| 2. Date debt was incurred: Dec. 15, 1992 - Feb. 26, 2002 | 3. If court judgment, date obtained: March 9, 2005 |
|---|---|

4. Total Amount of Claim at Time Case Filed: $ 107 million*  $_____  $_____  $_____
                                                   (unsecured)    (secured)    (priority)    (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges. * In excess of $107 million - some or all may be secured.

5. Secured Claim.
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any $_____

6. Unsecured Nonpriority Claim.    $107 million
☒ Check this box if (a) there is no collateral or lien securing your claim, or (b) your claim exceeds the value of the property securing it or (c) none or only part of your claim is entitled to priority.    * See above.

7. Unsecured Priority Claim.
☐ Check this box if you have an unsecured priority claim, all or part of which is entitled to priority.
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,225* of deposits toward purchase, lease or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Domestic support obligations under - 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8

8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This space is for Court use only.

| Date Sep ___, 2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): LYDIA HARRIS |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

191

F.D.

1  DAVID B. CASSELMAN (SBN 81657)
   I.DONALD WEISSMAN  (SBN 67980)
2  WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
   5567 Reseda Boulevard, Suite 330
3  Post Office Box 7033
   Tarzana, California 91357-7033
4  Telephone:   (818) 705-6800 • (323) 872-0995
   Facsimile:    (818) 705-8147

5  Attorneys for Plaintiffs
6  LYDIA HARRIS and NEW IMAGE MEDIA
   CORPORATION

7

**FILED**
LOS ANGELES SUPERIOR COURT

MAR 0 9 2005

JOHN A. CLARKE, CLERK
By:
N. CASTLE

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF LOS ANGELES

10

11  LYDIA HARRIS, LIFESTYLE
    RECORDS, INC., AND NEW IMAGE
12  MEDIA CORP.,

13            Plaintiffs,

14      v.

15  KEVIN GILLIAM AKA BATTLECAT;
    MARION H. KNIGHT AKA SUGE
16  KNIGHT; DEATH ROW RECORDS;
    THA ROW, INC.; DAVID E. KENNER;
17  DAVID E. KENNER PROFESSIONAL
    LAW CORPORATION; DAVID E.
18  KENNER, A PROFESSIONAL
    CORPORATION; THE DAVID E.
    KENNER TRUST; INTERSCOPE
19  RECORDS; JIMMY IOVINE; JOHN T.
    McCLAIN, JR.; A&M RECORDS; ET
20  AL.,

21            Defendants.

22

CASE NO. BC 268857

Case Assigned to:
Judge Ronald M. Sohigian – Dept. 41

[Complaint Filed: February 26, 2002]

**JUDGMENT**

23        Upon the Order striking the Answer of MARION H. KNIGHT, aka SUGE KNIGHT, and

24  DEATH ROW RECORDS, INC., ~~DEATH ROW RECORDS, LLC, THA ROW, INC.,~~

25  to Plaintiffs' Complaint and entering default thereon, consideration of the Plaintiffs' Application

26  for Default Prove-up Damages and the supporting declarations of Lydia Harris, I.Donald

27  Weissman, Michael Harris and Phil Ames, and good cause appearing therefor,

28

*JUDGMENT*

-2-

192

IT IS HEREBY ADJUDGED that judgment is entered in favor of plaintiffs, LYDIA

HARRIS and NEW IMAGE MEDIA CORP., and against defendants, MARION H. KNIGHT

aka SUGE KNIGHT, DEATH ROW RECORDS, INC., ~~aka DEATH ROW RECORDS, L.C.,~~

~~and THA ROW, INC.,~~ in the sum of $ *45,000,000* for economic damages,

$ *2,000,000* for non-economic damages, $ *60,000,000* for punitive damages.

Further, PLAINTIFFS to recover costs pursuant to a memorandum of costs to be filed

pursuant to the statute *in the amount of $* _____

Dated: *3-9-05*                    *Ronald M. Sohigian*

JUDGE OF THE LOS ANGELES SUPERIOR COURT

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

2

*JUDGMENT*

~ 3 ~

193

FL-180

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
DEBRA VANIMAN CRAWFORD, SBN 116222
LAW OFFICES OF CRAWFORD & CRANFORD
P.O. Box 373
SW Mission & 4th
Carmel, California 93921-0373
TELEPHONE NO: 831-624-2422   FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): LYDIA HARRIS

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY
STREET ADDRESS: 1200 Aguajito Road
MAILING ADDRESS: 1200 Aguajito Road
CITY AND ZIP CODE: Monterey, CA 93940
BRANCH NAME: MONTEREY

MARRIAGE OF
PETITIONER: MICHAEL RAY HARRIS

RESPONDENT: LYDIA HARRIS

**FOR COURT USE ONLY**

**FILED**

DEC 2 3 2005

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
C.J. CAMACHO        DEPUTY

JUDGMENT
[X] DISSOLUTION    [ ] LEGAL SEPARATION    [ ] NULLITY
[ ] Status only
[ ] Reserving jurisdiction over termination of
    marital or domestic partnership status
[ ] Judgment on reserved issues
Date marital or domestic partnership status ends: DATE OF FILE STAMP

CASE NUMBER:
DR 43369

DEC 2 3 2005

1. [ ] This judgment [ ] contains personal conduct restraining orders. [ ] modifies existing restraining orders.
   The restraining orders are contained on page(s) _____ of the attachment. They expire on (date): _____

2. This proceeding was heard as follows: [ ] Default or uncontested [ ] By declaration under Family Code section 2336
   [X] Contested
   a. Date: 11-14-05       Dept: 13       Room: _____
   b. Judicial officer (name): ADRIENNE M. GROVER   [ ] Temporary judge
   c. [ ] Petitioner present in court          [X] Attorney present in court (name): STEVEN M. GOLDBERG
   d. [X] Respondent present in court          [X] Attorney present in court (name): DEBRA V. CRAWFORD
   e. [ ] Claimant present in court (name):    [ ] Attorney present in court (name):
   f. [X] Other (specify name): Attorney for
         Petitioner: DAN GOLDMAN

3. The court acquired jurisdiction of the respondent on (date): June 9, 2005
   a. [X] The respondent was served with process.
   b. [ ] The respondent appeared.

THE COURT ORDERS, GOOD CAUSE APPEARING
4. a. [X] Judgment of dissolution is entered. Marital or domestic partnership status is terminated and the parties are restored to the
         status of single persons.
      (1) [X] on (specify date): SAME DATE AS FILE STAMP   DEC 2 3 2005
      (2) [ ] on a date to be determined on noticed motion of either party or on stipulation.
   b. [ ] Judgment of legal separation is entered.
   c. [ ] Judgment of nullity is entered. The parties are declared to be single persons on the ground of (specify):

   d. [ ] This judgment will be entered nunc pro tunc as of (date):
   e. [ ] Judgment on reserved issues.
   f. The [ ] petitioner's [ ] respondent's former name is restored to (specify):
   g. [ ] Jurisdiction is reserved over all other issues, and all present orders remain in effect except as provided below.
   h. [ ] This judgment contains provisions for child support or family support. Each party must complete and file with the court a
         Child Support Case Registry Form (form FL-191) within 10 days of the date of this judgment. The parents must notify the
         court of any change in the information submitted within 10 days of the change, by filing an updated form. The Notice
         of Rights and Responsibilities—Health Care Costs and Reimbursement Procedures and Information Sheet on Changing a
         Child Support Order (form FL-192) is attached.

Form Adopted for Mandatory Use
Judicial Council of California
FL-180 [Rev. January 1, 2005]

JUDGMENT
(Family Law)

Legal
Solutions
Plus

Family Code, §§ 2024, 2340,
2343, 2346
Page 1 of 2

- 4 -

194

DEC. 13. 2005 10:21AM AUGUST&KABAT    CRAWFORD & CRAWFORD    NO. 8028    P. 2/

PURSUANT TO STIPULATION OF THE PARTIES RECITED IN COURT, IT IS HEREBY
ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

    1.    Of the monies received by Respondent from Marion Knight to date, Sixty
Thousand ($60,000) shall be paid to an individual per agreement of the parties. One
Hundred and Seventy-Nine Thousand Dollars ($179,000) shall be given to Petitioner
and Two Hundred Thousand Dollars ($200,000) shall be retained by Respondent.

    Each party shall pay one-half for the copying costs for the Xenon case out of said
money.

    Respondent shall put Two Hundred Six Thousand Dollars ($206,000) in escrow
for potential fees or costs in LASC Case BC 288857.

    Each party shall pay taxes, if any, on their share of said money.

    2.    Each party is awarded one-half of the net profits of the DVD on the
documentary "Welcome to Death Row."

    3.    Any and all major decisions on the lawsuit regarding the "Welcome to Death
Row" documentary versus Xenon shall be made by the parties jointly. The net proceeds
of said lawsuit shall be divided equally by the parties. The costs shall be shared equally
by the parties and shall be advanced, if possible. Respondent will keep Petitioner
advised of all developments in the case, and shall provide him with copies of all filed
documents to date at Petitioner's expense.

    4.    Each party shall receive one-half of the net proceeds from the Battlecat
Judgment in LASC Case BC 288857, which was an arbitrated judgment.

    Petitioner is awarded the Battlecat masters. Respondent shall arrange for
shipment of said masters to Petitioner at his cost and direction.

    Petitioner shall license the songs from the Battlecat masters in the documentary
"Married to the Game" to Respondent at no cost. Each party shall be awarded one-half
of the net proceeds of the "Married to the Game" DVD, but Respondent shall have

Judgment; Marriage of Harris; DR 43369

195

DEC. 13. 2005 10:21AM RUSS AUGUST&KABAT     CRAWFORD & CRAWFORD     NO. 8028   P. 3/4

1  management and control over the "Married to the Game" DVD.   No salary shall be paid

2  to Respondent in determining net proceeds.

3      5.   The corporation KDA is awarded to Respondent.

4      6.   The restaurant Dasha's Soul Food is awarded to Respondent.

5      7.   The proceeds from the "Married to the Game" book is awarded to

6  Respondent.

7      8.   O Lydia, a company, is awarded to Respondent.  However, one-half of the

8  net proceeds from the "Married to the Game" DVD is awarded to each party.

9      9.   The parties shall cooperate to consolidate their ongoing business concerns

10 which are community property and from which they are each getting profits into a

11 company to be created called Harris Enterprises.

12     10.   The company Dream On Production is awarded to Respondent, except for

13 one-half of the net royalties from "Married to the Game" DVD shall be awarded to each

14 party.

15     11.   Petitioner's life story is awarded to Petitioner.

16     12.   Nu Image Media is awarded to Petitioner after the One Hundred Seven

17 Million Dollar judgment in LASC Case BC 268857 has been collected or compromised to

18 the satisfaction of Petitioner and Respondent.

19     13.   The proceeds of Los Angeles Superior Court Case BC 268857 are

20 community property.  The allocation to the parties is reserved as to how much of said

21 proceeds shall be awarded to each party.

22     The fees and costs to Casselmans' firm when they are determined shall be

23 divided between the parties on an equal basis.  Each party shall pay their own fees and

24 costs in the case of Casselman versus Harris which is Los Angeles Superior Court case

25 BC 340196.

26     14.   The issue of child support is reserved.

27     15.   Child custody jurisdiction is in the State of Texas.  The parties have stated

28

Judgment; Marriage of Harris; DR 43369                               2

DEC. 13. 2005 10:22AM CRAWFORD & CRAWFORD   NO. 9028   P. 4/404/04

1   their intent that Respondent will bring the child of the parties to visit Petitioner once

2   every two months until the child is 18 years of age.

3       16.   The parties jointly support a motion for the appointment of a receiver for the

4   collection of the judgment in LASC Case BC 268857.

5       17.   Each party shall pay their own attorneys fees and costs in this case to date.

6       18.   The Court reserves jurisdiction over the executory portions of this Judgment

7   including the formation of Harris Enterprises.

8       19.   The trial on the issue of the allocation of the proceeds of LASC Case BC

9   268857 is set for January 30, 2006, at 8:00 a.m. in Department 13 of this Court.

10       20.   The parties shall exchange Preliminary Declarations of Disclosure forthwith.

11   The Final Declarations of Disclosure are waived.

12   APPROVED AS TO FORM AND CONTENT:

13

14

15   STEVEN M. GOLDBERG,
    Attorney for Petitioner,
16   MICHAEL HARRIS

17

18

19   DEBRA VANIMAN CRAWFORD,
    Attorney for Respondent,
20   LYDIA HARRIS

21      12-23-05

22                  ADRIENNE M. GROVER,
                 Judge of the Superior Court

23

24

25

26

27

28

Judgment; Marriage of Harris; DR 43369     3

1  Hon. Stephen E. Haberfeld, Discovery Referee
   JAMS
2  707 Wilshire Blvd., 46th Fl.
3  Los Angeles, CA 90017
   Tel.:   213-353-9711
4  Fax:   213-620-0100
   E-Mail: judgehaberfeld@comcast.net
5

6

7

8

9

10

11            SUPERIOR COURT OF CALIFORNIA

12               COUNTY OF MONTEREY

13

14  MICHAEL RAY HARRIS,                  Case No. DR 43369

15              Petitioner,              REFEREE'S ORDER GRANTING
                                         PETITIONER'S MOTION TO COMPEL
16  vs.                                  MARION H. "SUGE" KNIGHT TO
                                         PRODUCE DOCUMENTS RESPONSIVE
17                                       TO PETITIONER'S FIRST SET OF
    LYDIA HARRIS,                        REQUESTS FOR PRODUCTION OF
18                                       DOCUMENTS
              Respondent.
19                                       Hearing
20                                       Date:   January 5, 2006
                                         Time:   5:15 p.m.
21                                       Place:  Via Conference Call
                                         Referee: Hon. Stephen E. Haberfeld
22

23        Petitioner Michael Ray Harris's ("Petitioner's) motion to compel Marion H, "Suge"

24  Knight ("Mr. Knight") to respond and produce documents responsive to Petitioner's first set

25  of requests for production of documents ("Motion") was expressly and specifically referred to

26  the undersigned discovery referee ("Referee") by the Court's Order, dated December 13, 2005 -

27  - which also appointed the Referee.   Steven M. Goldberg, Esq. and Dan Goldman, Esq. of the

28

                                    1
                             [PROPOSED] ORDER

1  law firm of Russ August & Kabat appeared and participated with the Referee in a telephonic

2  hearing on the Motion --- which hearing was set by stipulation, including the agreement of

3  Dermot D. Givens, Esq. counsel for Mr. Knight, during a telephonic Status Conference held on

4  January 4, 2006. Debra Crawford, Esq. of the law firm of Crawford & Crawford, counsel for

5  Respondent Lydia Harris in this proceeding --- having been apprised of the stipulated and

6  ordered telephonic hearing during the aforesaid Status Conference --- stated that she did not

7  intend to participate in the hearing on the Motion.

8      Mr. Givens did not appear or participate in the hearing on the Motion, as agreed and

9  accordingly so ordered, or communicate with either the Referee or Petitioner's counsel after the

10  January 4, 2006 Status Conference and before or during the hearing on the Motion concerning

11  that hearing or at all.

12      All participants in the January 4, 2006 Status Conference knew the date, time and call-in

13  information for the hearing on the Motion.   Messrs. Goldberg and Goldman dialed in for the

14  telephonic hearing, as agreed and ordered, shortly after 5:15 p.m. (PT).  The Referee was already

15  on the line. After waiting for Mr. Givens for approximately five minutes, at approximately 5:20

16  p.m. (PT), the Referee stated that the Referee would go off line until the earlier of being

17  contacted that Mr. Givens had joined the conference call or 5:30 p.m. (PT), at which time the

18  Referee would dial back into the conference call and discuss with whoever was on the line at that

19  time what next to do.

20      At approximately 5:30 p.m. (PT) --- not having been contacted by anyone concerning that

21  or whether Mr. Givens had joined the conference call for the hearing --- the Referee dialed back

22  into the conference call and ascertained that Mr. Givens was not on the line.  Petitioner's

23  counsel, Mr. Goldberg, represented to the Referee that Mr. Givens had not joined the conference

24  call at any time prior to the Referee's re-joining the conference call at 5:30 p.m. (PT) and that

25  Mr. Goldberg had unsuccessfully tried to contact Mr. Givens about his joining the telephonic

26  hearing on the Motion during the approximately ten minute (5:20-5:30 p.m. (PT)) interval when

27  the Referee was off-line.  Mr. Goldberg represented that he had called Mr. Givens' cell phone

28  and that Mr. Givens did not answer, and Mr. Goldberg left a message, and that Mr. Goldberg

2

[PROPOSED] ORDER

1 | additionally sent Mr. Givens an e-mail, but Mr. Givens did not respond or call in to the

2 | conference call.

3 | At approximately 5:35 p.m. (PT), the Referee ruled that --- in view of the above-

4 | referenced facts and circumstances, and good cause appearing --- the stipulated and ordered

5 | telephonic hearing on the Motion would go forward, and the Referee made the following ruling

6 | and order concerning the Motion during the hearing which lasted until approximately 5:45 p.m.

7 | (PT).

8 | Based on careful consideration of the papers submitted by Petitioner and Mr. Knight in

9 | support of and in opposition to Petitioner's motion to compel Mr. Knight to produce, without

10 | objection, all documents responsive to Petitioner's First Set of Requests for Production of

11 | Documents ("document request") and, after a hearing and good cause appearing, it is hereby

12 | ORDERED as follows. Petitioner's motion to compel is granted as to the production of all

13 | documents requested to be produced by Mr. Knight in Petitioner's document request. Mr.

14 | Knight is hereby ordered to produce, without objection, all documents in his possession, custody

15 | and/or control which are responsive to Petitioner's document request, immediately prior to the

16 | commencement of the taking of Mr. Knight's ordered deposition on Tuesday, January 10, 2006

17 | at 10:00 a.m., at JAMS, 707 Wilshire Boulevard, 46th Floor, Los Angeles, California 90017.

18 | Petitioner's request for monetary sanctions in connection with the Motion is reserved.

19 | Immediately prior to the conclusion of the hearing on the Motion, the Referee requested

20 | that Petitioner's counsel prepare, submit to the Referee and disseminate to all participants in the

21 | discovery reference, including the Wasserman Comden firm, a proposed form of order for the

22 | Referee's review and signature, reflecting the Referee's rulings and orders made during the

23 | hearing on the Motion.

24 | 

25 | DATED: January 6, 2006

STEPHEN E. HABERFELD
Discovery Referee

26 | 

27 | 

28 | 

3

[PROPOSED] ORDER

## PROOF OF SERVICE
### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 707 Wilshire Blvd. 46th Floor, Los Angeles, CA 90017.

On January 6, 2006, I served the foregoing document described as REFEREE'S ORDER GRANTING PETITIONER'S MOTION TO COMPEL MARION H. "SUGE" KNIGHT TO PRODUCE DOCUMENTS RESPONSIVE TO PETITIONER'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS in the matter of MICHAEL RAY HARRIS V. LYDIA HARRIS to interested parties in this action, as follows:

ORIGINAL FILED TO: (Via fax & mail)

Hon. Adrienne Grover
Monterey Courthouse
1200 Aguajito Road
Courtroom #13
Monterey, CA 93940
Fax: 831-647-5897


( SEE ATTACHED SERVICE LIST )


(X ) BY MAIL:   as follows: I am "readily familiar"  with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service.  I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business.  I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Los Angeles, California.

(X )BY FACSIMILE TRANSMISSION:  I caused the above-referenced
    document(s)  to be transmitted to the above-named
    person(s) at the telecopy numbers on the attached list.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 6, 2006.

_Geraldine C. Yulo_
Geraldine C. Yulo

CA001 - JAMS, Inc.    Service List

**JAMS**

THE RESOLUTION EXPERTS

1/6/2006

Reference # :    1226034123
Case Name :    Harris, Michael Ray vs. Harris, Lydia
Case Type:    FAMI
Referring Judge:
Panelist:    Haberfeld, Stephen E.,

---

**2    Goldberg, Steven M.**

Steven M. Goldberg    ( Active )
Russ, August & Kabat    PETI  Petitioner
12424 Wilshire Blvd.    Main Phone # 310-826-7474
Suite 1200    Direct Phone #
Los Angeles, CA 90025    FAX # 310-826-6991
sgoldberg@raklaw.com
Party Represented :

Michael Ray Harris

---

**3    Givens, Dermot**

Dermot Givens    ( Active )
L/O Dermot Givens    RESP  Respondent
433 Camden Dr.    Main Phone # 310-854-8823
Suite 600    Direct Phone #
Beverly Hills, CA 90210    FAX # 323-878-0416
dermotg@aol.com
Party Represented :

Marion Knight
Death Row Records Inc.

---

**4    Crawford, Debra Vaniman**

Debra Vaniman Crawford    ( Active )
Crawford & Crawford    RESP  Respondent
P.O. Box 373    Main Phone # 831-624-2422
SW Mission & 4th    Direct Phone #
Carmel, CA 93921    FAX # 831-624-2428
Debra@Divorce-123.com
Party Represented :

Lydia Harris

---

**5    Goldman, Dan**

Dan Goldman    ( Active )
Russ, August & Kabat    PETI  Petitioner
12424 Wilshire Blvd.    Main Phone # 310-826-7474
Suite 1200    Direct Phone #
Los Angeles, CA 90025    FAX # 310-826-6991
dwgoldman@raklaw.com
Party Represented :

Michael Ray Harris

---

707 WILSHIRE BLVD.   46TH FLOOR   LOS ANGELES, CA 90017   TEL 213-620-1133   FAX 213-620-0100    Page    1

~ 12 ~

CA001 - JAMS, Inc.    Service List                                                          1/6/2006

THE RESOLUTION EXPERTS

6        **Comden, Leonard J.**
Leonard J. Comden                           ( Active )
Wasserman, Comden, Casselman & Pearson      RBSP   Respondent
5567 Reseda Blvd., Suite 330                     Main Phone # 818-705-6800
PO Box 7033                                      Direct Phone #
Tarzana, CA 91357-7033                              FAX # 818-345-0162
lcomden@wccplaw.com
Party Represented :

     Wasserman, Comden, Casselman & Pearson

-13-

203

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | STATE OF CALIFORNIA |
| 3 | COUNTY OF LOS ANGELES |
| 4 | |
| 5 | I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 12424 |
| 6 | Wilshire Boulevard, 12th Floor, Los Angeles, California 90025. |
| 7 | |
| 8 | On May 4, 2006 I caused to be served the foregoing document described as PROOF OF CLAIM on interested parties in this action |
| 9 | |
| 10 | ☑ by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list. |
| 11 | ☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows: |
| 12 | |
| 13 | **SERVICE NAME/ADDRESS** |
| | ☑ BY MAIL |
| 14 | ☐ I deposited such in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. |
| 15 | |
| 16 | ☑ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon |
| 17 | fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if |
| 18 | postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. |
| 19 | |
| 20 | ☑ Federal: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. |
| 21 | Executed on May 4, 2006 at Los Angeles, California. |
| 22 | |
| 23 | NICOLE JONES |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

2714-01 POS-DR-special

─14─

204

## SERVICE LIST

Robert S. Altagen, Esq.                    *Attorney for Debtor, Death Row*
111 Corporate Center Drive, Ste. 201       *Records*
Monterey Park, CA 91754

Death Row Records, Inc.                    *Debtor*
PO Box 3037
Beverly Hills, CA 90212

Office of the US Trustee                    *Trustee*
725 S. Figueroa Street, 26th floor
Los Angeles, CA 90017

2714-01 POS-DR-special

~ 15 ~

205