# EXHIBIT 13

EXHIBIT 13

Form B10 (Official Form 10) (10/05)

| United States Bankruptcy Court    Central District of California | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>Marion Knight, Jr. aka Suge Knight | Case Number    LA 06-11187-EC |
|---|---|

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>Wasserman, Comden & Casselman, L.L.P.<br><br>Name and address where notices should be sent:<br>Wasserman, Comden & Casselman,L.L.P.<br>C/O David B. Casselman<br>5567 Reseda Boulevard, Suite 330<br>Tarzana, CA 91357-7033<br>Telephone number: (818) 705-6800; Facsimile (818) 345-0162 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | **FILED**<br><br>OCT 3 1 2006<br><br>CLERK, U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY_____ Deputy Clerk<br><br>This space is for Court use only. |
|---|---|---|

| Last four digits of account or other number by which creditor identifies debtor: | Check here ☐ replaces<br>if this claim ☐ amends    a previously filed claim, dated: _____ |
|---|---|

| 1. **Basis for Claim**<br>☐ Goods sold<br>☐ Services performed<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>☑ Other  See Attachment | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (Fill out below)<br>Last four digits of your Social Security number: _____<br>Unpaid compensation for services performed<br>from _____ to _____<br>    (date)        (date) |
|---|---|

2. Date debt was incurred:

3. If court judgment, date obtained: March 9, 2005

4. **Total Amount of Claim at Time Case Filed:**    $ 60,418,315.00    $_____    $_____    In an amt not less than  $ 60,418,315.00*
                                                                        (unsecured)    (secured)    (priority)    (Total)
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.  *See attachment for additional claims against Debtor.
☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.  See Attachment for Details.

| 5. **Secured Claim.**<br>☐ Check this box if your claim is secured by collateral (including a right of setoff).<br><br>Brief Description of Collateral:<br>☐ Real Estate    ☐ Motor Vehicle<br>☐ Other _____<br><br>Value of Collateral:    $_____<br><br>Amount of arrearage and other charges <u>at time case filed</u> included in secured claim, if any:  $_____<br>6. **Unsecured Nonpriority Claim.**    $_____<br>☐ Check this box if (a) there is no collateral or lien securing your claim, or (b) your claim exceeds the value of the property securing it or (c) none or only part of your claim is entitled to priority. | 7. **Unsecured Priority Claim.**<br>☐ Check this box if you have an unsecured priority claim, all or part of which is entitled to priority.<br>Amount entitled to priority  $_____<br>Specify the priority of the claim:<br>☐ Wages, salaries or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).<br>☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).<br>☐ Up to $2,225* of deposits toward purchase, lease or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).<br>☐ Domestic support obligations under - 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).<br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).<br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).<br>*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8 |
|---|---|

| 8.  **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>9.  **Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.<br>10.  **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | This space is for Court use only. |
|---|---|

| Date<br>10/30/06 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>David B. Casselman |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

ORIGINAL

206

### ATTACHMENT TO PROOF OF CLAIM
### FILED BY WASSERMAN, COMDEN & CASSELMAN, L.L.P.

Wasserman, Comden & Casselman, L.L.P. ("Wasserman") has the followings claims against the Debtor:[1]

(1)   **Contingency Fee & Reimbursement of Expenses Arising out of Harris Judgment.** Wasserman has a pending state court action (the "Wasserman Action") against, among others, Marion H. Knight *aka* Suge Knight ("Mr. Knight"), and Death Row Records, Inc. ("Death Row" and collectively, with Mr. Knight, the "Debtors"). The Wasserman Action was commenced on September 21, 2005 by the filing of a complaint in the Superior Court of the State of California for the County of Los Angeles - Central District (the "State Court"), styled Wasserman, Comden & Casselman, L.L.P. v. Lydia Harris; Lifestyle Records, Inc.; New Image Media Corp.; Marion H. Knight, *aka* Suge Knight; Death Row Records, Inc.; Death Row Records, L.L.C.; Tha Row, Inc.; Dermot Givens; Kevin Gilliam *aka* Battlecat; and Does 1 through 100, inclusive and bearing case number BC 308790.[2] The Wasserman Action arises out of Wasserman's representation[3] of the Harris Parties in that certain action (the "Harris Action") commenced by the Harris Parties against, among others, Mr. Knight and Death Row. On March 9, 2006, Judgment was entered in the Harris Action in favor of Lydia Harris and New Image Media Corp. ("New Image") against the Debtors in the sum of $107 million, which included $60 million in punitive damages (the "Harris Judgment"). Wasserman is entitled to its 40% contingency fee on any recovery, as well as reimbursement for all out of pocket expenses. To the extent the Harris Parties have any claim against this estate, Wasserman is entitled to be paid directly from the Debtor's estate for its 40% contingency fee and related reimbursement of expenses.

(2)   **Direct Claims Against the Debtors.** On or about May 19, 2005, after the Harris Judgment was entered and after all appeals had been waived, Lydia terminated Wasserman as her attorney. In response and also on May 19, 2005, Wasserman filed and served on the Harris Parties and the Debtors a Notice of Attorney Lien (the "Attorney Lien Notice") equal to 40% of any and all gross recovery, payments or consideration of any kind or nature paid or transferred in satisfaction

---

[1] Wasserman reserves the right to supplement its claim.

[2] A true and correct copy of the First Amended Complaint filed by Wasserman in the Wasserman Action (the "First Amended Complaint") is annexed hereto.

[3] On or about January 25, 2002, Wasserman, on the one hand, and Lydia Harris, New Image Entertainment, Inc., and Lifestyle Records, Inc. (the "Harris Parties"), on the other hand, entered into a written Contingency Fee Agreement (the "Contingency Fee Agreement") pursuant to which Wasserman agreed to represent the Harris Parties in connection with liability claims against, among others, the Debtors. Pursuant to the Contingency Fee Agreement, Wasserman is entitled to a forty-percent (40%) contingency fee on any recovery, as well as reimbursement of all reasonable out of pocket litigation costs and expenses.

1

ATTACHMENT TO PROOF OF CLAIM FILED BY WASSERMAN, COMDEN & CASSELMAN L.L.P.

207

of the Harris Judgment (40% of $107 million, plus interest accruing at the rate of
$29,315.00 day), plus costs of $213,890.27.[4]   Despite the Contingency Fee
Agreement, Lydia and the Debtors secretly negotiated during the time she was
represented by Wasserman and purportedly entered into a settlement agreement
pursuant to which the Harris Judgment would be resolved.  The Debtors and the
Harris Parties are currently litigating over this purported settlement. However, it
is undisputed that, despite signature of the Contingency Fee Agreement by Lydia
and receipt of the Attorney Lien Notice by Lydia and the Debtors, the Debtors
and/or related entities paid to Lydia the sum of at least $1 million[5] without
acknowledging Wasserman's lien rights, or reserving any of the funds paid to
Lydia to satisfy Wasserman's lien.  Lydia refused to voluntarily pay any portion
of the $1 million to Wasserman, or even to reimburse Wasserman's actual costs,
which were in excess of $200,000.  The Debtors, who had full knowledge of
Wasserman's Attorney Lien Notice, proceeded to pay Lydia the $1 million
purported settlement payment.  As set forth more fully in the First Amended
Complaint filed in the Wasserman Action,  Wasserman has alleged the following
causes of action against the Harris Parties and the Debtors: (1) breach of contract
of the Contingency Fee Agreement; (2) quantum meruit based on the actual legal
services provided by Wasserman to the Harris Parties; (3) for money had and
received; (4) an accounting of any and all gross recovery, payments or
consideration of any kind paid or transferred in satisfaction, whole or part, of the
Harris Judgment; (5) interference with contract based on, among others, the
Debtors' conspiracy to deprive Wasserman of its lien rights; (6) an equitable
assignment of 40% of the Harris Judgment and/or 40% of any settlement or other
recoveries obtained by or on behalf of the Harris Parties; and (7) declaratory relief
that Wasserman may recover judgment against the Debtors and their related
entities and alter egos in the sum of 40% of the Harris Judgment, plus interest at
the rate of $29,315 per day from March 9, 2005.

---

[4] A true and correct copy of the Attorney Lien Notice is attached as Exhibit "C" to the First
Amended Complaint.
[5] Since the payment of the $1 million, Lydia and the Debtors have disagreed on whether that
payment effectuated a full or partial payment under the purported settlement agreement, or
whether a meeting of the minds occurred at all, so as to create a binding settlement agreement.

2

ATTACHMENT TO PROOF OF CLAIM FILED BY WASSERMAN, COMDEN & CASSELMAN L.L.P.

1  Peter Q. Ezzell (Bar No. 53497)
   Nancy E. Lucas (Bar No. 126854)
2  HAIGHT BROWN & BONESTEEL LLP
   6080 Center Drive, Suite 800
3  Los Angeles, CA 90045-1574
   Telephone: 310.215.7100
4  Facsimile: 310.215.7300

5  David B. Casselman (Bar No. 91657)
   Leonard J. Comden (Bar No. 56775)
6  Howard S. Blum (Bar No. 60603)
   WASSERMAN, COMDEN & CASSELMAN, L.L.P.
7  5567 Reseda Boulevard, Suite 330
   Post Office box 7033
8  Tarzana, CA  91357-7033
   Telephone:  (818) 705-6800 * (323) 872-0995
9  Facsimile:  (818) 345-0162

10 Associated Attorneys for Plaintiff
   WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.

11

12         SUPERIOR COURT OF THE STATE OF CALIFORNIA

13         FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

14

15 WASSERMAN, COMDEN,                    )  Case No. BC 340196
   CASSELMAN & PEARSON, L.L.P.,          )
16                                       )  [Assigned to Judge Ronald M. Sohigian,
            Plaintiff,                   )  Dept. 41]
17                                       )
        v.                               )  FIRST AMENDED COMPLAINT
18 LYDIA HARRIS; LIFESTYLE              )
   RECORDS, INC., NEW IMAGE MEDIA       )
19 CORP.; MARION H. KNIGHT, aka SUGE    )
   KNIGHT; DEATH ROW RECORDS,           )
20 INC.; DEATH ROW RECORDS, L.L.C.;     )  Complaint Filed:  September 21, 2005
   THA ROW, INC.; DERMOT GIVENS;        )  Trial Date:         April 17, 2006
21 KEVIN GILLIAM aka BATTLECAT;         )
   AND DOES 1 through 100, Inclusive,   )
22                                       )
            Defendants.                  )
23                                       )

24                    **GENERAL ALLEGATIONS**

25       1.    Plaintiff, WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.

26 (hereinafter "WCCP") is a limited liability partnership organized and existing under the

27 laws of the State of California with its principal place of business in Tarzana, California.

28

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 0 4 2006

John A. Clarke, Executive Officer/Clerk

By _____,Deputy
   A E LA FLEUR-CLAYTON

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

1
FIRST AMENDED COMPLAINT

209

Peter Q. Ezzell (Bar No. 53497)
Nancy E. Lucas (Bar No. 126854)
HAIGHT BROWN & BONESTEEL LLP
6080 Center Drive, Suite 800
Los Angeles, CA 90045-1574
Telephone: 310.215.7100
Facsimile: 310.215.7300

David B. Casselman (Bar No. 91657)
Leonard J. Comden (Bar No. 56775)
Howard S. Blum (Bar No. 60603)
WASSERMAN, COMDEN & CASSELMAN, L.L.P.
5567 Reseda Boulevard, Suite 330
Post Office box 7033
Tarzana, CA  91357-7033
Telephone:   (818) 705-6800 * (323) 872-0995
Facsimile:   (818) 345-0162

Associated Attorneys for Plaintiff
WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P., <br><br> Plaintiff, <br><br> v. <br><br> LYDIA HARRIS; LIFESTYLE RECORDS, INC., NEW IMAGE MEDIA CORP.; MARION H. KNIGHT, aka SUGE KNIGHT; DEATH ROW RECORDS, INC.; DEATH ROW RECORDS, L.L.C.; THA ROW, INC.; DERMOT GIVENS; KEVIN GILLIAM aka BATTLECAT; AND DOES 1 through 100, Inclusive, <br><br> Defendants. | Case No. BC 340196 <br><br> [Assigned to Judge Ronald M. Sohigian, Dept. 41] <br><br> FIRST AMENDED COMPLAINT <br><br> Complaint Filed: September 21, 2005 <br> Trial Date:  April 17, 2006 |

## GENERAL ALLEGATIONS

1.    Plaintiff, WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P. (hereinafter "WCCP") is a limited liability partnership organized and existing under the laws of the State of California with its principal place of business in Tarzana, California.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

1

FIRST AMENDED COMPLAINT

210

1  The law firm of Wasserman, Comden, Casselman & Pearson, L.L.P., changed its name

2  effective January 1, 2006.  It is now known as Wasserman, Comden & Casselman, L.L.P.

3      2.    Defendants LYDIA HARRIS (hereinafter "HARRIS"), MARION H.

4  KNIGHT, aka SUGE KNIGHT (hereinafter "KNIGHT"), DERMOT GIVENS (hereinafter

5  "GIVENS") and KEVIN GILLIAM aka BATTLECAT (hereinafter "GILLIAM") are

6  individuals who, at all material times resided in Los Angeles County, California.

7      3.    Plaintiff is informed and believes and thereon alleges that the remaining

8  defendants, LIFESTYLE RECORDS, INC., NEW IMAGE MEDIA CORP., DEATH

9  ROW RECORDS, INC., DEATH ROW RECORDS, L.L.C., and THA ROW, INC. are

10  business entities who were or are authorized to transact business in the State of California.

11      4.    Plaintiff is ignorant of the true names and capacities of defendants sued

12  herein as Does 1 through 100 and therefore sues these defendants by such fictitious names.

13  Plaintiff will amend this pleading to allege the true names and capacities of such Does

14  when ascertained.  The conduct of Does I through 100 proximately caused damages to

15  plaintiff as alleged herein.  DOES 1 through 25 are the alter egos of LYDIA HARRIS,

16  LIFESTYLE RECORDS, INC. and NEW IMAGE MEDIA CORP. (hereinafter "The

17  HARRIS Defendants").  DOES 26 through 50 are the alter egos of MARION H. KNIGHT,

18  aka SUGE KNIGHT and DEATH ROW RECORDS, INC. (hereinafter "The KNIGHT

19  Defendants").  DOES 51 through 75 are the alter egos of GILLIAM.  Does 76-100 are the

20  persons and entities that knowingly interfered with plaintiffs contractual lien rights.

21      5.    On or about January 25, 2002, plaintiff and defendant HARRIS entered into

22  a written Contingency Fee Agreement in Los Angeles County, California whereby plaintiff

23  agreed to represent HARRIS in connection with liability claims against MARION H.

24  KNIGHT, aka SUGE KNIGHT and his related entity DEATH ROW RECORDS, INC, and

25  in connection with liability claims against GILLIAM.  A copy of that written retainer

26  agreement is attached as Exhibit F, and is incorporated herein by this reference.

27      6.    Some of the material terms of the Contingency Fee Agreement include that

28  WCCP was authorized to incur reasonable costs and expenses in performing legal services

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WCI1-0000007
3123884.1

2

FIRST AMENDED COMPLAINT

211

1  and that "[HARRIS] agrees to reimburse [WCCP] for such costs and expenses in addition

2  to the contingency fee. . ."

3      7.   HARRIS discussed and agreed to a forty percent (40%) contingency fee and

4  acknowledged that the fee arrangement was fair and reasonable.

5      8.   HARRIS specifically negotiated a contingency fee arrangement and agreed

6  to allow a lien upon any recovery for payment of attorneys' fees, "to secure payment to

7  Attorney of all sums due under this Agreement for services rendered or costs advanced,

8  Client hereby grants Attorney a lien on Client's claim and any cause of action or lawsuit

9  filed thereon, and to any recovery Client may obtain, whether by settlement, judgment or

10  otherwise."

11      9.   Plaintiff has performed all conditions, covenants and promises of the

12  Agreement, and represented HARRIS vigorously and competently in her litigation against

13  the KNIGHT Defendants.  On February 26, 2002, plaintiff prepared and filed a complaint

14  for damages on behalf of The HARRIS Defendants, Los Angeles Superior Court Case

15  Number BC268857.

16      10.   Plaintiff prosecuted the HARRIS lawsuit from February 26, 2002, through

17  March 9, 2005 when the Court entered a money judgment in favor of HARRIS and her

18  related business entity NEW IMAGE MEDIA CORP. and against The KNIGHT

19  Defendants in the sum of $107 million ($45 million for economic damages, $2 million for

20  non-economic damages and $60 million for punitive damages).  A copy of the Judgment is

21  attached hereto and incorporated herein by reference as Exhibit A.  In addition, on March

22  26, 2004, the Court entered judgment in favor of HARRIS and her related business entity

23  NEW IMAGE MEDIA CORP. and against GILLIAM in the sum of $760,000 plus interest

24  (attached as Exhibit C).

25      11.   On or about May 19, 2005, HARRIS discharged plaintiff as her attorney.  On

26  or about May 20, 2005, HARRIS filed a Substitution of Attorney with the Court indicating

27  that she was representing herself.

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

3

FIRST AMENDED COMPLAINT

212

12.   On May 19, 2005, plaintiff filed and served on defendants a Notice of Attorney Lien equal to forty percent (40%) of any and all gross recovery, payments or consideration of any kind or nature paid or transferred in satisfaction, in whole or in part, of the Judgment against KNIGHT, et al., entered in LASC Case No. BC268857 (40% of $107 million, plus interest accruing at the rate of $29,315.00 per day), plus costs expended in the sum of $213,890.27. (Exhibit C.)  On September 9, 2005, plaintiff filed and served on GILLIAM a Notice of Lien in the sum of $304,000.00 plus interest. (Exhibit D.)

13.   On June 17, 2005, HARRIS filed with the Court a "Notice of Settlement" which represents that HARRIS and KNIGHT had agreed to a conditional settlement on "specified terms that are not to be performed within 45 days of the settlement." The Notice states that a Request for Dismissal will be filed no later than May 27, 2005 (40 days earlier).  By the terms of the "Notice of Settlement," the negotiations and settlement itself occurred before a Substitution of Attorney was filed.  None of the defendants notified plaintiff of any such negotiations or settlement and the defendants have, affirmatively concealed the fact of such negotiations and the settlement terms.

14.   It was reported on August 29, 2005 in the Los Angeles Times that HARRIS has received the sum of $1.2 million as a result of the lawsuit.  A "settlement" in the sum of $1 million is reported by counsel for KNIGHT in this action.  Plaintiff has received no compensation for professional services rendered.

15.   Plaintiff has requested and defendants have refused to disclose the material terms of the settlement or make any payment to the plaintiff.  Plaintiff is informed and believes and thereon alleges that HARRIS and The KNIGHT Defendants conspired to conceal the true terms of any settlement agreement (if any), and the true sum(s) of any payment(s) from plaintiff, and that the defendants willfully and intentionally executed one or more settlement agreements, all in disregard of plaintiff's valid lien rights.  Plaintiff is informed and believes and thereon alleges that HARRIS and The KNIGHT Defendants deliberately chose not to file a Partial Satisfaction of Judgment in order to conceal the material terms of the settlement from plaintiff.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

4

FIRST AMENDED COMPLAINT

213

16.     Plaintiff is informed, and thereon alleges, that HARRIS negotiated a secret settlement agreement with the KNIGHT defendants that resulted in HARRIS being paid at least $1 million by the KNIGHT defendants. (HARRIS and the KNIGHT Defendants have since disagreed on whether that payment effectuated a full or partial payment under their settlement agreement, or whether a meeting of the minds occurred at all, so as to create a binding settlement agreement. Both parties have admitted that the $1 million was transferred from the KNIGHT Defendants to HARRIS to satisfy, in full or in part, the Judgment.) HARRIS claims, or has claimed, that she, through other counsel, Dermot Damien Givens, negotiated a purported settlement with the KNIGHT Defendants that would result in the KNIGHT Defendants paying her consideration including, among other things, the greater of $5.8 million paid to her annually on a specified date over five years, or the income generated from certain specified songs or intellectual properties owned by the KNIGHT Defendants.

17.     On further information and belief, plaintiff alleges that HARRIS has received other sums and assets from the KNIGHT Defendants, in partial satisfaction of the Judgment, the value of which is subject to proof at trial but which is believed to total not less than $2 million. Accordingly, plaintiff claims damage against HARRIS in the sum of 40 percent of any gross recoveries she obtained, or may obtain in the future, from all or any of the KNIGHT Defendants.

18.     As a result of this, plaintiff has been damaged by HARRIS' failure and refusal to pay for all or part the attorneys' fees called for in the Retainer Agreement, including but not limited to payment of forty percent (40%) of any and all gross recovery, payments or consideration of any kind paid to HARRIS to date. Other defendants have similarly caused damage by failing and refusing to acknowledge plaintiff's lien rights, or to actually pay or reserve any of the funds paid to HARRIS to satisfy the lien for attorneys' services properly put into place by plaintiff.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

5

FIRST AMENDED COMPLAINT

214

## FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

### (Against Lydia Harris, Lifestyle Records, Inc., New Image Media Corp. and
### Does 1 through 25, Inclusive)

19.    Plaintiff incorporates by this reference all allegations and facts alleged in paragraphs 1 through 18, above.

20.    On or about January 25, 2002, plaintiff and defendant HARRIS entered into a written Contingency Fee Agreement in Los Angeles County, California whereby plaintiff agreed to represent HARRIS in connection with liability claims against MARION H. KNIGHT, aka SUGE KNIGHT and his related entity DEATH ROW RECORDS, INC, and in connection with liability claims against GILLIAM.  A copy of that written retainer agreement, attached as Exhibit F, is incorporated herein in full by this reference.

21.    Some of the material terms of the Contingency Fee Agreement include that WCCP is authorized to incur reasonable costs and expenses in performing legal services and that "[HARRIS] agrees to reimburse [WCCP] for such costs and expenses in addition to the contingency fee. . ." The contingency fee negotiated by HARRIS was for forty percent (40%);  HARRIS acknowledged that the fee arrangement is fair and reasonable.

22.    The Contingency Fee Agreement negotiated by HARRIS further specifically included language granting plaintiff a lien upon any recovery, for payment of plaintiff's attorneys' fees, "to secure payment to Attorney of all sums due under this Agreement for services rendered or costs advanced, Client hereby grants Attorney a lien on Client's claim and any cause of action or lawsuit filed thereon, and to any recovery Client may obtain, whether by settlement, judgment or otherwise."

23.    Plaintiff has performed all conditions, covenants and promises of the Agreement.  On February 26, 2002, plaintiff prepared and filed a complaint for damages on behalf of The HARRIS Defendants, Los Angeles Superior Court Case Number BC268857.

24.    Plaintiff prosecuted the HARRIS lawsuit from February 26, 2002 through March 9, 2005 when the Court entered a money judgment in favor of HARRIS and her

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
J123884.1

6

FIRST AMENDED COMPLAINT

215

1  related business entity NEW IMAGE MEDIA CORP. and against The KNIGHT

2  Defendants in the sum of $107 million ($45 million for economic damages, $2 million for

3  non-economic damages and $60 million for punitive damages). A copy of the Judgment is

4  attached hereto and incorporated herein by reference as Exhibit A. In addition, on March

5  26, 2004, the Court entered judgment in favor of HARRIS and her related business entity

6  NEW IMAGE MEDIA CORP. and against GILLIAM in the sum of $760,000 plus interest.

7  (Exhibit B.)

8      25.    On or about May 19, 2005, HARRIS discharged plaintiff as her attorney. On

9  or about May 20, 2005, HARRIS filed a Substitution of Attorney with the Court indicating

10  that she was representing herself.

11      26.    On May 19, 2005, plaintiff filed and served on defendants a Notice of

12  Attorney Lien equal to forty percent (40%) of any and all gross recovery, payments or

13  consideration of any kind or nature paid or transferred in satisfaction, in whole or in part,

14  of the Judgment against KNIGHT, et al., entered in LASC Case No. BC268857 (40% of

15  $107 million plus interest accruing at the rate of $29,315.00 per day) plus costs expended

16  in the sum of $213,890.27. (Exhibit C.) On September 9, 2005, plaintiff filed and served

17  on GILLIAM a Notice of Lien in the sum of $304,000.00 plus interest. (Exhibit D.)

18      27.    On June 17, 2005, HARRIS filed with the Court a "Notice of Settlement"

19  which represents that HARRIS and KNIGHT had agreed to a conditional settlement on

20  "specified terms that are not to be performed within 45 days of the settlement." The

21  Notice states that a Request for Dismissal will be filed no later than May 27, 2005 (40 days

22  earlier). By the terms of the "Notice of Settlement," the negotiations and settlement itself

23  occurred before a Substitution of Attorney was filed. None of the defendants notified

24  plaintiff of any such negotiations or settlement and the defendants have, affirmatively

25  concealed the fact of such negotiations and the settlement terms.

26      28.    The HARRIS Defendants have breached the material terms of the

27  Contingency Fee Agreement by, among other things, failing and refusing to pay plaintiff

28  for professional legal services rendered on her behalf.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3125884.1

7

FIRST AMENDED COMPLAINT

216

29.     As a result of HARRIS' breach of contract, plaintiff has been damaged by HARRIS' failure and refusal to pay for all or part the attorneys' fees called for in the Retainer Agreement, including but not limited to payment of forty percent (40%) of any and all gross recovery, payments or consideration of any kind paid to HARRIS to date.

30.     Plaintiff is informed, and thereon alleges, that its damages include, but are not limited to, HARRIS's failure and refusal to pay anything at all to plaintiff out of the $1 million secret purported settlement paid by or through the KNIGHT Defendants to HARRIS in or about June 2005. Refusal to pay any sum at all to the plaintiff out of that $1 million violates plaintiff's lien rights, and is a breach of HARRIS' Retainer Fee Agreement with plaintiff. No other payments have been made by HARRIS to plaintiff from any other payments or transfers made to HARRIS by or on behalf of the KNIGHT Defendants (if any), in further violation of plaintiff's lien rights and in further breach of HARRIS' Retainer Fee Agreement with plaintiff.

## SECOND CAUSE OF ACTION

## QUANTUM MERUIT

### (Plaintiff vs. The HARRIS Defendants and DOES 1 Through 25, Inclusive)

31.     Plaintiff incorporates herein by reference paragraphs 1 through 18 of this First Amended Complaint as though fully set forth herein.

32.     Within the past two years, plaintiff rendered legal services to The HARRIS Defendants and incurred costs in connection with those legal services at the special request of the HARRIS Defendants. The HARRIS Defendants promised to pay plaintiff for those legal services and costs. Neither the HARRIS Defendants nor plaintiff reasonably expected or believed that plaintiff would provide legal services, and prepay legal costs, on behalf of the HARRIS Defendants for no compensation at all.

33.     Upon plaintiff's information and belief, the reasonable value of the services and unpaid costs incurred by plaintiff for the benefit of The HARRIS Defendants may exceed $10 million.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

8

FIRST AMENDED COMPLAINT

217

1    <u>Plaintiff has repeatedly demanded from the HARRIS Defendants information</u>

2    <u>concerning any purported settlement with The KNIGHT Defendants, or the receipt</u>

3    <u>of payments from or on behalf of the KNIGHT Defendants.  The HARRIS</u>

4    <u>Defendants have refused and continue to refuse to provide completely and accurately</u>

5    <u>any such information, or pay any sums for the reasonable value of professional</u>

6    <u>services rendered on behalf of HARRIS.</u>**THIRD CAUSE OF ACTION**

7    **FOR MONEY HAD AND RECEIVED**

8    <u>(Plaintiff vs. The HARRIS Defendants and DOES 1 Through 25, Inclusive)</u>

9    35.    Plaintiff incorporates herein by reference paragraphs 1 through 18 of this

10    First Amended Complaint as though fully set forth herein.

11    36.    Plaintiff is informed and believes and thereon alleges that as a proximate

12    result of professional legal services performed by plaintiff on behalf of The HARRIS

13    Defendants, The HARRIS Defendants received payments or other consideration in full or

14    partial satisfaction of the $107 million judgment against The KNIGHT Defendants.

15    37.    In equity and in good conscience, forty percent (40%) of any recovery to

16    HARRIS should be paid to plaintiff.

17    38.    The HARRIS Defendants have refused to pay anything to plaintiff for the

18    attorneys' fees it incurred, in good faith, on her behalf, and in reliance on HARRIS'

19    written promise to pay plaintiff forty (40) percent of any recovery she obtained against the

20    KNIGHT Defendants.  One or more of The HARRIS Defendants received a sum of money

21    from or on behalf of the KNIGHT Defendants, in full or partial satisfaction of the

22    Judgment; upon information and belief, plaintiff contends that this sum was at least $1

23    million.  HARRIS, the KNIGHT Defendants, and Dermot Damien Givens concede that at

24    least $1 million was paid by or on behalf of the KNIGHT Defendants to HARRIS, and that

25    no notice of that settlement or payment was given to plaintiff.  No fees have been paid to

26    plaintiff from any other transfer of money or assets to or on behalf of the HARRIS

27    Defendants by or on behalf of the KNIGHT Defendants, with the actual knowledge and

28    assistance of their attorney, Dermot Damien Givens, in full or partial satisfaction of the

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

9

FIRST AMENDED COMPLAINT

218

1  Judgment.  The HARRIS Defendants have instead concealed the terms of any purported

2  settlement with the KNIGHT Defendants from plaintiff, or has hidden the fact of payments

3  made to or on behalf of the HARRIS Defendants from or on behalf of the KNIGHT

4  Defendants.

5

6                              **FOURTH CAUSE OF ACTION**

7                                 **FOR AN ACCOUNTING**

8                              **(Plaintiff vs. All Defendants)**

9         39.    Plaintiff incorporates herein by reference paragraphs 1 through 18, and 36

10  through 38 of this First Amended Complaint as though fully set forth herein.

11        40.    Plaintiff has demanded an accounting of any and all gross recovery,

12  payments or consideration of any kind or nature paid or transferred in satisfaction, in

13  whole or in part, of the Judgment entered in LASC Case No. BC268857.  The defendants,

14  and each of them, have refused to provide any accounting of the consideration agreed to or

15  paid.  Plaintiff therefore now requests that this court order a full and complete accounting

16  of all sums or assets received by or on behalf of any of The HARRIS Defendants, or any of

17  their agents or persons acting on their behalf, from or on behalf of any of the KNIGHT

18  Defendants, or from any other entity or source, in partial or full satisfaction of the

19  Judgment.

20

21                              **FIFTH CAUSE OF ACTION**

22                          **INTERFERENCE WITH CONTRACT**

23        **(Plaintiff vs. The KNIGHT Defendants, THA ROW RECORDS, LLC,**

24     **THA ROW, INC., DERMOT GIVENS and DOES 26 Through 100, Inclusive)**

25        41.    Plaintiff incorporates herein by reference paragraphs 1 through 18 of this

26  First Amended Complaint as though fully set forth herein.

27        42.    Defendants MARION H. KNIGHT, aka SUGE KNIGHT, DEATH ROW

28  RECORDS, INC., DEATH ROW RECORDS, LLC, THA ROW, INC., DERMOT

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

10

FIRST AMENDED COMPLAINT

219

1  GIVENS, LYDIA HARRIS, LIFESTYLE RECORDS, INC., NEW IMAGE MEDIA

2  CORP. and DOES 26 through 100 were served with notice of plaintiffs lien on May 19,

3  2005. Defendant GILLIAM and DOES 70 through 80 were served with Notice of Lien on

4  the GILLIAM Judgment on September 9, 2005. The defendants, and each of them, by and

5  through their authorized representatives, had actual knowledge of plaintiffs valid contract

6  and lien.

7      43.   Plaintiff is informed and believes and thereon alleges that the judgment

8  debtors (The KNIGHT Defendants) and their attorney, DERMOT GIVENS, conspired

9  with HARRIS to deprive plaintiff of its lien rights. Plaintiff is informed and believes and

10  thereon alleges that The KNIGHT Defendants, DERMOT GIVENS and Does 26 through

11  100 caused payments or other consideration to be made to HARRIS pursuant to the

12  judgment without notice to plaintiff and without satisfying any portion of plaintiffs valid

13  lien. The Knight defendants and GIVENS made it more difficult, expensive or

14  burdensome to collect fees and costs which were earned. The Knight defendants and

15  GIVENS either intended to prevent Harris from performing her contractual obligations to

16  plaintiff or knew that collection of fees and costs would be more expensive or burdensome

17  as a result of their conduct.

18      44.   The KNIGHT Defendants, GIVENS and Does 26 through 100 intentionally

19  interfered with plaintiffs valid contractual and/or equitable lien in an amount equal to the

20  payment or other consideration which has passed or will pass between KNIGHT and

21  GILLIAM on the one hand and HARRIS on the other hand.

22      45.   Plaintiff is informed and believes and thereon alleges that The KNIGHT

23  Defendants have provided payments or other consideration to HARRIS with a value in

24  excess of $2 million. Accordingly, plaintiff alleges that, to date, said defendants'

25  intentional interference with plaintiff's contractual lien rights has caused damage to

26  plaintiff in a sum exceeding $1,013,890.27, or forty (40) percent of any actual payments

27  made by or on behalf of the KNIGHT Defendants to the HARRIS Defendants, plus

28  interest.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

11

FIRST AMENDED COMPLAINT

220

## SIXTH CAUSE OF ACTION

## FOR ORDER GRANTING EQUITABLE ASSIGNMENT OF JUDGMENTS

## (Plaintiff vs. The KNIGHT Defendants, GILLIAM, Lydia Harris, and

## DOES 1 Through 25

## and DOES 50 through 75, Inclusive)

46.    Plaintiff incorporates herein by reference paragraphs 1 through 18 and 36 through 38 of this First Amended Complaint as though fully set forth herein.

47.    HARRIS discharged plaintiff without cause after entry of judgment in the sum of $107 million against The KNIGHT Defendants.

48.    Plaintiff is informed and believes and thereon alleges that HARRIS discharged plaintiff for the primary purpose of concealing payments and violating plaintiffs contractual right to collect a contingency fee based upon any recovery in the underlying lawsuit, as well as in violation of its rights as set forth in the May 19, 2005 Notice of Lien, as well as violating plaintiffs rights to a contingent fee from any recovery against GILLIAM.

49.    Plaintiffs contract with HARRIS created a lien upon the recovery whether by settlement or judgment.  By reason of the professional services rendered, plaintiff is an equitable assignee of the judgments or settlements to the extent of fees and costs which are due plaintiff for services.  [*Siciliano v. Fireman's Fund Ins. Co.* (1976) 62 Cal.App.3d 745.]

50.    Plaintiff is informed and believes and thereon alleges that it is entitled to an equitable assignment of forty (40) percent of the judgments against The KNIGHT Defendants and GILLIAM, and/or forty (40) percent of any settlement or other recoveries obtained by or on behalf of the HARRIS Defendants from or on behalf of the KNIGHT Defendants.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

12

FIRST AMENDED COMPLAINT

221

## SEVENTH CAUSE OF ACTION FOR DECLARATORY RELIEF

### (Plaintiff vs. All Defendants)

51.   Plaintiff incorporates herein by reference paragraphs 1 through 18 and 36 through 38 of this First Amended Complaint as though fully set forth herein.

52.   Plaintiff alleges that it has a valid lien on any and all recovery, payments, or consideration of any kind or nature paid in satisfaction of the judgment against The KNIGHT Defendants for forty percent (40%) of $107 million plus interest at the rate of $29,315.00 per day plus costs expended in the sum of $213,890.27.  Plaintiff alleges that it has a valid lien on any and all recovery, payments, or consideration of any kind or nature paid in satisfaction of the judgment against GILLIAM for forty percent (40%) of $760,000.00 plus interest at the rate of $208.22 per day plus costs as aforementioned.  Plaintiff is informed and believes and thereon alleges that defendants contend that they had or have the right to disregard plaintiffs lien and that KNIGHT and/or GILLIAM can make payments in partial or total satisfaction of the judgment without paying anything to plaintiff.  Plaintiff contends to the contrary.

53.   Plaintiff contends that any settlement agreement between The KNIGHT Defendants and HARRIS and/or any settlement between GILLIAM and HARRIS is void to the extent that it purports to release, extinguish, impair or modify plaintiffs vested rights to recover forty percent (40%) of the judgment plus costs as reflected in the attorney liens served on May 19, 2005 and September 9, 2005.

54.   Plaintiff is informed and believes and thereon alleges that defendants contend that they have or had the right to disregard, impair, release, diminish or extinguish the lien rights of plaintiff.

55.   Plaintiff contends that any agreement between the defendants that was made without the consent of plaintiff is a nullity as to plaintiff because any such agreement was a fraud upon plaintiff, was made with unclean hands and without any consideration to plaintiffs vested interests.  Plaintiff is informed and believes and thereon alleges that defendants contend to the contrary.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

13

FIRST AMENDED COMPLAINT

222

56. Plaintiff requests a judicial declaration that plaintiff may recover judgment against The KNIGHT Defendants and its related entities and alter egos in the sum of forty percent (40%) of $107 million plus interest at the rate of $27,315.00 per day from March 9, 2005. Plaintiff also requests a judicial declaration that plaintiff may recover judgment against GILLIAM in the sum of forty percent (40%) of $760,000 plus interest at the rate of $208.22 per day from February 5, 2004.

WHEREFORE, plaintiff prays for judgment as follows:

1. For special damages in the sum of $42,800,000.00 plus interest jointly and severally against The HARRIS Defendants, The KNIGHT Defendants and DERMOT GIVENS, or according to proof;

2. For special damages in the sum of $304,000.00 plus interest from GILLIAM, or according to proof, **and**

3. For a judgment assigning to plaintiff forty percent (40%) of the March 9, 2005 judgment against MARION H. KNIGHT and DEATH ROW RECORDS, INC., **and/or;**

4. For a judgment assigning to plaintiff forty percent (40%) of the March 26, 2004 judgment against GILLIAM.  Further, plaintiff requests:

5. A judicial declaration that any agreement by and between the defendants which purports to affect the rights of the plaintiff is void;

6. The imposition of a constructive trust upon any proceeds paid to The HARRIS Defendants in satisfaction of the judgments;

7. An accounting, requiring the defendants to disclose to plaintiff the exact arms of any and all settlement agreements reached between the defendants and any consideration paid in satisfaction of the judgment;

8. A temporary restraining order, preliminary injunction and/or permanent injunction freezing and/or attaching the assets of the defendants up to plaintiffs interest in the underlying judgments;

9. Its costs of suit;

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

14

FIRST AMENDED COMPLAINT

223

10.    Prejudgment interest, as provided by law;  and

11.    Such further relief which is just and proper.

Dated:  April 3, 2006

HAIGHT BROWN & BONESTEEL LLP;
WASSERMAN, COMDEN &
CASSELMAN, L.L.P.

By: _____
       Peter Q. Ezzell
       Nancy E. Lucas
       Stephen M. Caine;
       David B. Casselman
       Leonard J. Comden
       Attorneys for Plaintiff WASSERMAN,
       COMDEN, CASSELMAN &
       PEARSON, L.L.P.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

15

FIRST AMENDED COMPLAINT

224

### LIST OF EXHIBITS

A.  Judgment in favor of HARRIS and NEW IMAGE MEDIA CORP. and against MARION H. KNIGHT, aka SUGE KNIGHT and DEATH ROW RECORDS, INC.

B.  March 26, 2004, Court judgment in favor of HARRIS and her related business entity NEW IMAGE MEDIA CORP. and against GILLIAM in the sum of $760,000 plus interest.

C.  May 19, 2005 Notice of Attorney Lien equal to forty percent (40%) of any and all gross recovery, payments or consideration of any kind or nature paid or transferred in satisfaction, in whole or in part, of the Judgment against KNIGHT, et al. entered in LASC Case No. BC268857 (40% of $107 million plus interest accruing at the rate of $29,315.00 per day) plus costs expended in the sum of $213,890.27.

D.  September 9, 2005 Notice of Attorney Lien filed September 9, 2005 in the sum of $304,000.00, plus interest.

E.  Notice of Settlement, filed June 17, 2005.

F.  Contingency Fee Agreement.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

16

FIRST AMENDED COMPLAINT

225

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA      )
                         )  ss.:
COUNTY OF LOS ANGELES    )

*WASSERMAN v. LYDIA HARRIS; LIFESTYLE RECORDS*
BC 340196

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 6080 Center Drive, Suite 800, Los Angeles, CA 90045-1574.

    On April 3, 2006, I served on interested parties in said action the within:

FIRST AMENDED COMPLAINT

[X]  (MAIL) by placing a true copy thereof in sealed envelope(s) addressed as stated on the attached service list.

    I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

    Executed on April 3, 2006, at Los Angeles, California.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Theresa Welsch
(Type or print name)                           (Signature)

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.        WC11-0000007
Los Angeles              3123884.1

17

FIRST AMENDED COMPLAINT

226

MAILING LIST
WASSERMAN v. LYDIA HARRIS; LIFESTYLE RECORDS
BC 340196

| | |
|---|---|
| David B. Casselman<br>Wasserman Comden, Casselman & Pearson<br>5567 Reseda Blvd., #330<br>Tarzana, CA 91357<br><br>Tel:   818-705-6800<br>Fax:   818-705-8634<br>hblum@wcclaw.com | Gary S. Soter<br>Pearson, Soter, Warshaw & Penny<br>15165 Ventura Blvd., #400<br>Sherman Oaks, CA 91403<br><br>Tel:   818-788-8300<br>Fax:   818-788-8104<br>gsoter@pswplaw.com |
| Kevin Gilliam<br>1502 South Alpine Dr.<br>West Covina, CA 91791<br><br>[Pro Per] | |

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

18

FIRST AMENDED COMPLAINT

227

## PROOF OF SERVICE BY OVERNIGHT DELIVERY

STATE OF CALIFORNIA     )
                         ) ss.:
COUNTY OF LOS ANGELES  )

*WASSERMAN v. LYDIA HARRIS; LIFESTYLE RECORDS*
*BC 340196*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 6080 Center Drive, Suite 800, Los Angeles, CA 90045-1574.

On April 3, 2006, I served on interested parties in said action the within:

FIRST AMENDED COMPLAINT

I deposited in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated on the attached service list, with fees for overnight delivery paid or provided for.

Executed on April 3, 2006, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
      Theresa Welsch
    (Type or print name)

_____
          (Signature)

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

23
FIRST AMENDED COMPLAINT

03/24/06 4:18 PM
Draft

228

1
2

## MAILING LIST
## WASSERMAN v. LYDIA HARRIS; LIFESTYLE RECORDS
BC 340196

3   Rex Julian Beaber
    1546 Calmar Court
4   Los Angeles, CA 90024

5   Tel:   557-1198
    Fax:
6   Xerxers@aol.com

7   Debra V. Crawford
    P.O. Box 373, SW Mission & 4th, #5
8   Carmel, CA 93921-0373

9   Tel: 831-624-2422
    Fax: 831-624-2428
10  ddvcrawford@earthlink.net

11
    Laurence D. Strick
12  Law Office of Laurence D. Strick
    339 N. Sycamore Ave., # 2
13  Los Angeles, CA 90036

14  Tel: (323) 964-5231
    Fax: (323) 964-8135
15
    larrystrick@yahoo.com
16

Dermot Damian Givens
433 North Camden Dr., #600
Beverly Hills, CA 90210

Tel:   310-854-8823
Fax:   323-878-0416
dermotg@aol.com

Steven M. Goldberg
Russ, August & Kabat
12424 Wilshire Blvd., 12th Floor
Los Angeles, CA 90025

Tel:   310-979-8274
Fax:   310-826-6991

Larry Nagelberg
Nagelberg & Associates
The Tower, Suite 2150
10940 Wilshire Blvd.
Los Angeles, CA 90024

Tel: (310) 208-3220
Fax: (310) 208-3830

17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

23
FIRST AMENDED COMPLAINT

03/24/06 4:18 PM
Draft

229

EXHIBIT A

1. DAVID B. CASSELMAN (SBN 81657)
2. I.DONALD WEISSMAN (SBN 67980)
   WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.
   5567 Reseda Boulevard, Suite 330
3. Post Office Box 7033
   Tarzana, California 91357-7033
4. Telephone:  (818) 705-6800 • (323) 872-0995
   Facsimile:  (818) 705-8147
5.
   Attorneys for Plaintiffs
6. LYDIA HARRIS and NEW IMAGE MEDIA
   CORPORATION
7.

**FILED**
LOS ANGELES SUPERIOR COURT

APR 14 2005

JOHN A. CLARKE, CLERK
E. Martinez
BY ELIZABETH MARTINEZ, DEPUTY

8.           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9.                FOR THE COUNTY OF LOS ANGELES

10.

11. LYDIA HARRIS, LIFESTYLE          )   CASE NO. BC 268857
    RECORDS, INC., AND NEW IMAGE     )
12. MEDIA CORP.,                     )
                                     )   Case Assigned to:
13.          Plaintiffs,             )   Judge Ronald M. Sohigian - Dept. 41
                                     )
14.    v.                            )   [Complaint Filed: February 26, 2002]
                                     )
15. KEVIN GILLIAM AKA BATTLECAT;     )
    MARION H. KNIGHT AKA SUGE        )
16. KNIGHT; DEATH ROW RECORDS;       )   NOTICE OF ENTRY OF JUDGMENT
    THA ROW, INC.; DAVID E. KENNER;  )
17. DAVID E. KENNER PROFESSIONAL     )
    LAW CORPORATION; DAVID E.        )
18. KENNER, A    PROFESSIONAL        )
    CORPORATION; THE DAVID E.        )
19. KENNER TRUST; INTERSCOPE         )
    RECORDS; JIMMY IOVINE; JOHN T.   )
20. MCCLAIN, JR.; A&M RECORDS; ET    )
    AL.,                             )
21.                                  )
             Defendants.             )
22.  _____)

23. TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

24.

25.        PLEASE TAKE NOTICE that pursuant to the Judgment dated March 9, 2005 (a true

26. and correct copy of which is attached hereto as Exhibit A), judgment was entered in the sum of

27. $107,000,000.00, together with interest thereon at the rate of ten (10) percent per year from

28. March 9, 2005, in favor of LYDIA HARRIS and NEW IMAGE MEDIA CORP, and against

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

400205.1                    *NOTICE OF ENTRY OF JUDGMENT*



1  MARION H. KNIGHT, aka SUGE KNIGHT and DEATH ROW RECORDS.

2

3  DATED: April 13, 2005              WASSERMAN, COMDEN, CASSELMAN &
                                     PEARSON L.L.P.
4

5

6  By: _____
                                          I. DONALD WEISSMAN
7  Attorneys for Plaintiffs
   LYDIA HARRIS and NEW IMAGE MEDIA
8  CORPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

400205.1

*NOTICE OF ENTRY OF JUDGMENT*

232



1    MARION H. KNIGHT, aka SUGE KNIGHT and DEATH ROW RECORDS.

2

3    DATED: April 13, 2005                    WASSERMAN, COMDEN, CASSELMAN &
4                                             PEARSON L.L.P.

5

6    By: _____
                            I. DONALD WEISSMAN
7        Attorneys for Plaintiffs
         LYDIA HARRIS and NEW IMAGE MEDIA
8        CORPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

1.  DAVID B. CASSELMAN (SBN 81657)
    I.DONALD WEISSMAN (SBN 67980)

2.  WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
    5567 Reseda Boulevard, Suite 330

3.  Post Office Box 7033
    Tarzana, California 91357-7033

4.  Telephone:   (818) 705-6800 • (323) 872-0995
    Facsimile:   (818) 705-8147

5.

6.  Attorneys for Plaintiffs
    LYDIA HARRIS and NEW IMAGE MEDIA
    CORPORATION

7.

**FILED**
LOS ANGELES SUPERIOR COURT

APR 1 4 2005

JOHN A. CLARKE, CLERK
E. Martinez
BY ELIZABETH MARTINEZ, DEPUTY

8.          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9.                  FOR THE COUNTY OF LOS ANGELES

10.

11.  LYDIA HARRIS, LIFESTYLE            )  CASE NO. BC 268857
     RECORDS, INC., AND NEW IMAGE      )
12.  MEDIA CORP.,                       )
                                        )  Case Assigned to:
13.          Plaintiffs,                )  Judge Ronald M. Sohigian - Dept. 41
                                        )
14.       v.                            )  [Complaint Filed: February 26, 2002]
                                        )
15.  KEVIN GILLIAM AKA BATTLECAT;       )
     MARION H. KNIGHT AKA SUGE          )
16.  KNIGHT; DEATH ROW RECORDS;         )  NOTICE OF ENTRY OF JUDGMENT
     THA ROW, INC.; DAVID E. KENNER;    )
17.  DAVID E. KENNER PROFESSIONAL       )
     LAW CORPORATION; DAVID E.          )
18.  KENNER, A PROFESSIONAL             )
     CORPORATION; THE DAVID E.          )
19.  KENNER TRUST; INTERSCOPE           )
     RECORDS; JIMMY IOVINE; JOHN T.     )
20.  MCCLAIN, JR.; A&M RECORDS; ET      )
     AL.,                               )
21.                                     )
             Defendants.                )
22.  _____

23.  TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

24.

25.          PLEASE TAKE NOTICE that pursuant to the Judgment dated March 9, 2005 (a true

26.  and correct copy of which is attached hereto as Exhibit A), judgment was entered in the sum of

27.  $107,000,000.00, together with interest thereon at the rate of ten (10) percent per year from

28.  March 9, 2005, in favor of LYDIA HARRIS and NEW IMAGE MEDIA CORP. and against

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

400205.1                    *NOTICE OF ENTRY OF JUDGMENT*

234

ORIGINAL FILED

MAR 0 9 2005

LOS ANGELES
SUPERIOR COURT

1  DAVID B. CASSELMAN (SBN 81657)
   I.DONALD WEISSMAN (SBN 67980)
2  WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
   5567 Reseda Boulevard, Suite 330
3  Post Office Box 7033
   Tarzana, California 91357-7033
4  Telephone: (818) 705-6800 • (323) 872-0995
   Facsimile:   (818) 705-8147
5
   Attorneys for Plaintiffs
6  LYDIA HARRIS and NEW IMAGE MEDIA
   CORPORATION
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10

11 LYDIA HARRIS, LIFESTYLE          )   CASE NO. BC 268857
   RECORDS, INC., AND NEW IMAGE     )
12 MEDIA CORP.,                     )
                                    )   Case Assigned to:
13         Plaintiffs,              )   Judge Ronald M. Sohigian - Dept. 41
                                    )
14      v.                          )   [Complaint Filed: February 26, 2002]
                                    )
15 KEVIN GILLIAM AKA BATTLECAT;     )
   MARION H. KNIGHT AKA SUGE        )
16 KNIGHT; DEATH ROW RECORDS;       )   JUDGMENT
   THA ROW, INC.; DAVID E. KENNER;  )
17 DAVID E. KENNER PROFESSIONAL     )
   LAW CORPORATION;  DAVID  E.      )
18 KENNER,  A   PROFESSIONAL        )
   CORPORATION;  THE  DAVID  E.     )
19 KENNER TRUST;  INTERSCOPE        )
   RECORDS; JIMMY IOVINE; JOHN T.   )
20 MCCLAIN, JR.; A&M RECORDS; ET    )
   AL.,                             )
21                                  )
           Defendants.              )
22 ─────────────────────────────────

23        Upon the Order striking the Answer of MARION H. KNIGHT, aka SUGE KNIGHT, AND

24 DEATH ROW RECORDS, INC., aka DEATH ROW RECORDS L.L.P., and THA ROW, INC.,

25 to Plaintiffs' Complaint and entering default thereon, consideration of the Plaintiffs' Application

26 for Default Prove-up Damages and the supporting declarations of Lydia Harris, I.Donald

27 Weissman, Michael Harris and Phil Ames, and good cause appearing therefor,

28                              EX A

─────────────────────────────────────────
JUDGMENT

235

IT IS HEREBY ADJUDGED that judgment is entered in favor of plaintiffs, LYDIA

HARRIS and NEW IMAGE MEDIA CORP., and against defendants, MARION H. KNIGHT

aka SUGE KNIGHT, DEATH ROW RECORDS, INC., ~~and DEATH ROW RECORDS L.L.C.,~~

~~and THE ROW, INC.,~~ in the sum of $ _45,000,000_ for economic damages,

$ _2,000,000_ for non-economic damages, $ _60,000,000_ for punitive damages.

Further, PLAINTIFFS to recover costs pursuant to a memorandum of costs to be filed

pursuant to the statute _IN THE AMOUNT OF $_____._

Dated: _MAR 0 9 2005_ _____

RONALD M. SOHIGIAN
JUDGE OF THE LOS ANGELES SUPERIOR COURT

2

JUDGMENT

236

**PROOF OF SERVICE**
<u>Harris et al. v. Gilliam et al.</u>
BC268857

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of LOS ANGELES, STATE OF CALIFORNIA. My business address is: 5567 Reseda Boulevard, Suite 330, Post Office Box 7033, Tarzana, California 91357-7033. I am over the age of 18 years and am not a party to this action.

On April 13, 2005, I served the following document(s) entitled **NOTICE OF ENTRY OF JUDGMENT** on ALL INTERESTED PARTIES in this action:

Dermot Damian Givens, Esq.                    Attorney for defendant MARION H.
433 N. Camden Dr., Ste. 600                   KNIGHT, DEATH ROW RECORDS
Beverly Hills, CA 90210                       and THA ROW, INC.

☒    **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal Service. The correspondence, pleadings and other matters are deposited with the United States Postal Service with postage thereon fully prepaid in Tarzana, California, on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to _____ for delivery to the above address(es).

☐    **BY FAX:** I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown above.

☐    **BY PERSONAL SERVICE:** I served such envelope to be delivered by hand to the offices of the addressee(s).

☒    [State]    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐    [Federal]    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 13, 2005, at Tarzana, California.

BILLIE J. TOWE

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

400205.1

*NOTICE OF ENTRY OF JUDGMENT*

237

**EXHIBIT  B**

238

COPY

FILED
LOS ANGELES SUPERIOR COURT

MAR 2 6 2004

JOHN A. CLARKE, CLERK
BY R. McGLOTHLIN, DEPUTY

1  DAVID B. CASSELMAN (SBN 81657)
   I.DONALD WEISSMAN (SBN 67980)
2  WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
   5567 Reseda Boulevard, Suite 330
3  Post Office Box 7033
   Tarzana, California 91357-7033
4  Telephone:  (818) 705-6800 • (323) 872-0995
   Facsimile:  (818) 705-8147
5
6  Attorneys for Plaintiffs
   LYDIA HARRIS and NEW IMAGE MEDIA
   CORPORATION
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10

11 LYDIA HARRIS, LIFESTYLE           )  CASE NO. BC 268857
   RECORDS, INC., AND NEW IMAGE      )
12 MEDIA CORP.,                      )
                                     )  Case Assigned to:
13         Plaintiffs,               )  Judge David A. Workman - Dept. 40
                                     )
14      v.                           )  [Complaint Filed: February 26, 2002]
                                     )
15 KEVIN GILLIAM AKA BATTLECAT;      )
   MARION H. KNIGHT AKA SUGE         )
16 KNIGHT; DEATH ROW RECORDS;        )  ORDER CONFIRMING
   THA ROW, INC.; DAVID E. KENNER;   )  ARBITRATION AWARD AND
17 DAVID E. KENNER PROFESSIONAL      )  JUDGMENT
   LAW CORPORATION; DAVID E.         )
18 KENNER, A       PROFESSIONAL      )
   CORPORATION; THE DAVID E.         )
19 KENNER TRUST; INTERSCOPE          )
   RECORDS; JIMMY IOVINE; JOHN T.    )
20 MCCLAIN, JR.; A&M RECORDS; ET     )
   AL.,                             )
21                                   )
           Defendants.               )
22

23                          ORDER

24

25      The petition of LYDIA HARRIS and NEW IMAGE MEDIA CORP. for an order

26 confirming an arbitration award came on regularly on February 5, 2004, at 8:30 a.m., in

27 Department 40 for hearing by the court.

28

1    Petitioners LYDIA HARRIS and NEW IMAGE MEDIA CORP. appeared by their

2  attorney of record, I.DONALD WEISSMAN, ESQ. of Wasserman, Comden, Casselman &

3  Pearson, L.L.P.  Respondent KEVIN GILLIAM aka BATTLECAT, through his counsel of

4  record filed a Notice of Non-Opposition to Plaintiffs' Petition to Conform.

5

6    Proof having been made to the satisfaction of the court that the petition should be

7  granted, IT IS ORDERED that the award of Hon. William S. Schoettler (Retired) dated

8  December 24, 2003, is confirmed in all respects and that judgment be entered in conformity

9  therewith.

10

11  DATED: _March 26, 2004_    By: _____
                            Judge of the Superior Court
12                              DAVID A. WORKMAN

13

14                              JUDGMENT

15

16    The award of Hon. William S. Schoettler (Retired) having been confirmed by order of this

17  court on February 5, 2004, IT IS ADJUDGED that petitioner NEW IMAGE MEDIA CORP.,

18  recover from respondent KEVIN GILLIAM aka BATTLECAT the sum of $760,000.00, together

19  with interest thereon at the rate of ten (10) percent per year from February 5, 2004, and costs of

20  this proceeding in the sum of $_____.

21

22  DATED: _March 26, 2004_    By: _____
                            Judge of the Superior Court
23                              DAVID A. WORKMAN

24

25

26

27

28

372694.1

*ORDER CONFIRMING ARBITRATION AWARD AND JUDGMENT*

240

# PROOF OF SERVICE
### Harris et al. v. Gilliam et al.
BC268857

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of LOS ANGELES, STATE OF CALIFORNIA. My business address is: 5567 Reseda Boulevard, Suite 330, Post Office Box 7033, Tarzana, California 91357-7033. I am over the age of 18 years and am not a party to this action.

On March 9, 2004 I served the following document(s) entitled ORDER CONFIRMING ARBITRATION AWARD AND JUDGMENT on ALL INTERESTED PARTIES in this action:

Hayes F. Michel, Esq.                    *Counsel for Kevin Gilliam, p/k/a*
PROSKAUER ROSE LLP                       *Battlecat*
2049 Century Park East, Suite 3200
Los Angeles, California 90067-3206
Tel.:  (310) 557-2900
Fax:  (310) 557-2193

☒  **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal Service. The correspondence, pleadings and other matters are deposited with the United States Postal Service with postage thereon fully prepaid in Tarzana, California, on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐  **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to _____ for delivery to the above address(es).

☐  **BY FAX:** I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown above.

☐  **BY PERSONAL SERVICE:** I served such envelope to be delivered by hand to the offices of the addressee(s).

☒  [State]    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐  [Federal]    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 9, 2004, at Tarzana, California.

BILL E. TOWE

241

EXHIBIT  C

242

1  DAVID B. CASSELMAN (SBN 81657)
   I.DONALD WEISSMAN (SBN 67980)
2  HOWARD S. BLUM (SBN 60609)
   WASSERMAN, COMDEN, CASSELMAN & PEARSON
3  5567 Reseda Boulevard, Suite 330
   Post Office Box 7033
4  Tarzana, California 91357-7033
   Telephone:  (818) 705-6800 • (323) 872-0995
5  Facsimile:  (818) 705-8147

6  Attorneys for Plaintiffs
   LYDIA HARRIS and NEW IMAGE MEDIA
7  CORPORATION

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 19 2005

John A. Clarke, Executive Officer/Clerk

By ___R. Anaiga___, Deputy
R. Anaiga

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF LOS ANGELES

10

11  LYDIA HARRIS, LIFESTYLE              )    CASE NO. BC 268857
    RECORDS, INC., AND NEW IMAGE        )
12  MEDIA CORP.,                        )
                                        )    Case Assigned to:
13              Plaintiffs,             )    Judge Ronald M. Sohigian - Dept. 41
                                        )
14      v.                             )    [Complaint Filed: February 26, 2002]
                                        )
15  KEVIN GILLIAM AKA BATTLECAT;       )
    MARION H. KNIGHT AKA SUGE          )
16  KNIGHT; DEATH ROW RECORDS;         )    NOTICE OF ATTORNEY LIEN
    THA ROW, INC.; DAVID E. KENNER;    )
17  DAVID E. KENNER PROFESSIONAL       )
    LAW CORPORATION; DAVID E.          )
18  KENNER, A PROFESSIONAL             )
    CORPORATION; THE DAVID E.          )
19  KENNER TRUST; INTERSCOPE           )
    RECORDS; JIMMY IOVINE; JOHN T.     )
20  MCCLAIN, JR.; A&M RECORDS; ET      )
    AL.,                               )
21                                     )
                Defendants.            )
22  _____)

23  TO:  JUDGMENT CREDITORS LYDIA HARRIS AND NEW IMAGE MEDIA CORP.;

24  JUDGMENT DEBTORS MARION H. KNIGHT AKA SUGE KNIGHT and DEATH ROW

25  RECORDS, INC.; DERMOT DAMIAN GIVENS AND ALL INTERESTED PARTIES:

26

27          PLEASE TAKE NOTICE that the law firm of Wasserman, Comden Casselman &

28  Pearson L.L.P. (hereinafter the "Firm"), hereby gives notice of its lien equal to forty percent

*(left margin, vertical text)* WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

402923.1                    *NOTICE OF ATTORNEY LIEN*

1    (40%) of any and all gross recovery, payments, or consideration of any kind or nature paid or

2    transferred in satisfaction, in whole or in part, of the judgment entered in the above-referenced

3    action in the principal sum of $107,000,000.00, plus interest accruing at the rate of $29,315.00

4    per day. Said percentage is to be applied after priority payment to the Firm of costs expended

5    in the sum of $213,890.27

6

7        PLEASE TAKE FURTHER NOTICE that Wasserman, Comden, Casselman &

8    Pearson L.L.P. must be named as a co-payee on any instrument or WRITING satisfying, in

9    whole or in part, said judgment. Failure to include Wasserman, Comden, Casselman & Pearson

10   L.L.P. as a co-payee will subject the payor to liability for duplicate payment of the sums

11   transferred.

12

13       PLEASE TAKE FURTHER NOTICE that the judgment creditors must notify any

14   transferee or assignee of the judgment, or anyone claiming an interest in said judgment, of the

15   content and existence of this lien.

16

17   DATED: May 18, 2005            WASSERMAN, COMDEN, CASSELMAN &
18                                  PEARSON L.L.P.

19

20                                 By: _____
21                                      DAVID B. CASSELMAN
                                    Attorneys for Plaintiffs
22                                  LYDIA HARRIS and NEW IMAGE MEDIA
                                    CORPORATION

23

24

25

26

27

28

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 31357-7033

2

PROOF OF SERVICE
*Lydia Harris v. Kevin Gilliam, et al.*
(LASC Case No. BC 268857)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of LOS ANGELES, STATE OF CALIFORNIA. My business address is: 5567 Reseda Boulevard, Suite 330, Post Office Box 7033, Tarzana, California 91357-7033. I am over the age of 18 years and am not a party to this action

On May 19, 2005, I served the following document(s) entitled NOTICE OF ATTORNEY LIEN on ALL INTERESTED PARTIES in this action:

SEE ATTACHED LIST

☒ BY MAIL: By placing a true copy ⋯⋯ in a sealed envelope addressed as above, and placing ⋯ collecti⋯ ⋯ ⋯ following ordinary business practices. I am readily 1⋯ ⋯ ⋯ ⋯ practice of collection and processing correspon⋯ ⋯ ⋯er matters for mailing with the United States Postal Servic⋯ ⋯ ⋯ ⋯nce, pleadings and other matters are deposited with the United Sta⋯ ⋯ ⋯ Service with postage thereon fully prepaid in Tarzana, California, on the same day in the ordinary course of business. I am aware that on motion of the party served, service is pre⋯med invalid if the postal cancellation date or postage meter d⋯ ⋯ more ⋯ ⋯ay after date of deposit for mailing in affidavit.

☐ BY OVERNI⋯ ⋯ ⋯ed the above-referenced document(s) to be delivered to _____ ⋯ ⋯ delivery to the above address(es).

☐ BY FAX: ⋯ ⋯ed a copy of the foregoing document(s) this date via telecopier to the facsi⋯ ⋯ ⋯ers shown above.

☐ BY PERS⋯ ⋯ RVICE: I served such envelope to be delivered by hand to the offices of the addressee(s).

☒ [State] I declar⋯ ⋯nder penalty of perjury under the laws of the State of California that t⋯ ⋯egoing is true and correct.

☐ [Feder⋯ I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

⋯ May 19, 2005, at Tarzana, California.

Leslie Adler

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

3

## SERVICE LIST
*Lydia Harris v. Kevin Gilliam, et al.*
(LASC Case No. BC226857)

Lydia Harris
3910 Daphne Street
Houston, TX 77021

Hayes F. Michel, Esq.
PROSKAUER ROSE LLP
2049 Century Park East, Suite 3200
Los Angeles, California 90067-3206
Tel.:    (310) 557-2900
Fax:    (310) 557-2193
*Counsel for Kevin Gilliam, p/k/a Battlecat*

Bart H. Williams, Esq.
Megan M. LaBelle, Esq.
MUNGER, TOLLES & OLSON, L.L.P.
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071-1560
Tel:    (213) 683-9295
Fax:    (213) 687-3702
*Counsel for Interscope Records , Jimmy Iovine,
John A. McClain, III, Aftermath Records and
Andre Young*

Neil C. Erickson, Esq.
Katherine J. Kuneberger, Esq.
JEFFER,   MANGELS,   BUTLER   &
MARMARO LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067-4308
Tel.: (310) 203-8080
Fax: (310) 203-0567
*Counsel for Marion H. Knight aka Suge Knight;
Death Row Records; Tha Row Records*

Death Row Records
8200 Wilshire Boulevard
P.O. Box 3037
Beverly Hills, CA 90212

Tha Row
8200 Wilshire Boulevard
P.O. Box 3037
Beverly Hills, CA 90212

Joseph A. Davis, Esq.
DAVIS AND WINSTON
9911 West Pico Boulevard
Suite 1400
Los Angeles, CA 900035
Tel: (310) 277-4662
*Counsel for Bad Boy Entertainment, Inc.*

New Image Media Corp.
c/o Lydia Harris
3910 Daphne Street
Houston, TX 77021

Alan S. Gutman, Esq.
LAW OFFICES OF ALAN S. GUTMAN
9401 Wilshire Boulevard, Suite 575
Beverly Hills, California 90212-2918
Tel:    (310) 385-0700
Fax:    (310) 385-0710
*Counsel for Sony Music Entertainment, Inc.,
Relativity Entertainment, Inc. fka Relativity
Records, Inc., Loud Records, LLC and
Loud Records, Inc.*

Joseph Golden, Esq.
Law Offices of Joseph Golden
10100 Santa Monica Boulevard; Suite 800
Los Angeles, CA 90067-4100
Tel.: (310) 772-2260
Fax: (310) 772-2299
*Counsel for TVT Records LLC and TVT Music,
Inc.*

George L. Mallory, Jr., Esq.
MALLORY & ASSOCIATES
1925 Century Park East, Suite 2000
Los Angeles, CA 90067-2701
Tel: (310) 788-5555
Fax: (310) 788-5570
*Counsel for Hollywood Records, Inc.*

Marion H. Knight
aka Suge Knight
c/o Death Row Records
8200 Wilshire Boulevard
P.O. Box 3037
Beverly Hills, CA 90212

Suge Publishing
c/o Death Row Records
8200 Wilshire Boulevard
P.O. Box 3037
Beverly Hills, CA 90212

4

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARTANA, CALIFORNIA 91357-7033

402964.1                    *NOTICE OF ATTORNEY LIEN*

Peter J. Anderson, Esq.
LAW OFFICES OF PETER J. ANDERSON
100 Wilshire Boulevard, Suite #2010
Santa Monica, California 90401
Tel:    (310) 260-6030
Fax:    (310) 260-6040
*Counsel for Zomba Recording Corp.*

Daniel J. Aaron, Esq.
DANIEL J. AARON, P.C.
11 Madison Avenue, 12th Floor
New York, New York 10010
Tel:    (212) 684-4466
Fax:    (212) 684-5566
*Co-Counsel for Koch Entertainment
Distribution*

Dermot Damian Givens, Esq.
433 North Camden Drive, #600
Beverly Hills, CA 90210

James H. Turken, Esq.
Sharon A. Urias, Esq.
THELEN, REID & PRIEST LLP
333 South Hope Street, Suite 2900
Los Angeles, California 90071-3048
Tel:    (213) 576-8000
Fax:    (213) 576-8080
*Counsel for Priority Records, LLC*

Eve H. Wagner, Esq.
SAUER & WAGNER LLP
1801 Century Park East, Suite 520
Los Angeles, California 90067
Tel:    (310) 712-8100
Fax:    (310) 712-8108
*Co-Counsel for Koch Entertainment
Distribution*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

5

*NOTICE OF ATTORNEY LIEN*

3185822

247

**EXHIBIT  D**

248

DAVID B. CASSELMAN (Bar No. 81657)
I. DONALD WEISSMAN (Bar No. 67980)
HOWARD S. BLUM (Bar No. 60603)
**WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.**
5567 Reseda Boulevard, Suite 330
Post Office Box 7033
Tarzana, California 91357-7033
Telephone: (818) 705-6800 • (323) 872-0995
Facsimile: (818) 345-0162

Former Attorneys for Plaintiffs LYDIA
HARRIS and NEW IMAGE MEDIA
CORPORATION

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| LYDIA HARRIS, LIFESTYLE RECORDS, INC., AND NEW IMAGE MEDIA CORP., <br><br> Plaintiffs, <br><br> vs. <br><br> KEVIN GILLIAM AKA BATTLECAT; MARION H. KNIGHT AKA SUGE KNIGHT; DEATH ROW RECORDS; THA ROW, INC.; DAVID E. KENNER; DAVID E. KENNER PROFESSIONAL LAW CORPORATION; DAVID E. KENNER, A PROFESSIONAL CORPORATION; THE DAVID E. KENNER TRUST; INTERSCOPE RECORDS; JIMMY IOVINE; JOHN T. MCCLAIN, JR.; A&M RECORDS; ET AL., <br><br> Defendants. | CASE NO. BC268857 <br><br> **NOTICE OF ATTORNEY LIEN** <br><br> Assigned to the Honorable Ronald M. Sohigian (Dept. 41) <br><br> [Complaint Filed: February 26, 2002] |

TO JUDGMENT CREDITORS KEVIN GILLIAM aka BATTLECAT, THEIR
COUNSEL OF RECORD PROSKAUER ROSE LLP AND ALL INTERESTED
PARTIES:

*(vertical sidebar)* WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

726281.1

*(margin, vertical text):* WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1      PLEASE TAKE NOTICE that the law firm of Wasserman, Comden, Cassleman &

2  Pearson, L.L.P. (hereinafter the "Firm"), hereby gives notice of its lien equal to forty

3  percent (40%) of any and all gross recovery, payments, or consideration of any kind or

4  nature paid or transferred in satisfaction, in whole or in part, of the judgment entered in the

5  above-referenced action in the principal sum of $760,000.00 together with interest thereon

6  at the rate of ten percent (10%) per year from February 5, 2004.

7

8      PLEASE TAKE FURTHER NOTICE that Wasserman, Comden, Cassleman &

9  Pearson, L.L.P. must be named as co-payee on any instrument or WRITING satisfying, in

10  whole or in part, said judgment. Failure to include Wasserman, Comden, Cassleman &

11  Pearson, L.L.P. as co-payee will subject the payor to liability for duplicate payment of the

12  sums transferred.

13

14      PLEASE TAKE FURTHER NOTICE that the judgment creditors must notify any

15  transferee or assignee of the judgment, or anyone claiming an interest in said judgment, of

16  the content and existence of this lien.

17

18  DATED: September 9, 2005       WASSERMAN, COMDEN, CASSELMAN &
                                    PEARSON, L.L.P.

19                                      DAVID B. CASSELMAN
                                    I.DONALD WEISSMAN

20                                      HOWARD S. BLUM

21                                      By: _____

22                                           HOWARD S. BLUM
                  Former Attorneys for Plaintiffs LYDIA HARRIS

23                       and NEW IMAGE MEDIA CORPORATION

24

25

26

27

28

726281.1

250



**SERVICE LIST**
**HARRIS V. KNIGHT, MARIN 'SUGE'**
**BC268857**

1

2

3   Neil C. Erickson, Esq.                    Attorneys for Marion H. Knight aka Suge
    Katherine J. Kuneberger, Esq.            Knight, Death Row Records, Tha Row
4   JEFFER, MANGELS, BUTLER &               Records
    MARMARO LLP
5   1900 Avenue of the Stars
    Seventh Floor
6   Los Angeles, CA 90067-4308
    Telephone: (310) 203-8080
7   Facsimile: (310) 203-0567

8   Dermot Damian Givens, Esq.              Attorneys for Marion H. Knight aka Suge
    433 North Camden Drive                  Knight, Death Row Records, Tha Row
9   Suite 600                               Records
    Beverly Hills, CA 90210
10
                                            Attorneys for KEVIN GILLIAM aka
11  Hayes F. Michel, Esq.                   BATTLECAT
    PROSKAUER ROSE LLP
12  2049 Century Park East
    Suite 3200
13  Los Angeles, CA 90067-3206
    Telephone: (310) 557-2900
14  Facsimile: (310) 557-2193

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

726231.1

NOTICE OF ATTORNEY LIEN

251

CM-200

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

Lydia Harris
3910 Daphne
Houston, Tx 77021   FAX NO. (Optional):
E-MAIL ADDRESS (Optional):   (281) 330-4453
ATTORNEY FOR (Name):

FOR COURT USE ONLY

**FILED**

LOS ANGELES SUPERIOR COURT

JUN 17 2005

JOHN A. CLARKE, CLERK

E. Martinez

BY ELIZABETH MARTINEZ, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF *Los Angeles*
STREET ADDRESS: *111 N. Hill St.*
MAILING ADDRESS:
CITY AND ZIP CODE: *LA., CA 90011*
BRANCH NAME: *Central District*

PLAINTIFF/PETITIONER: *Lydia Harris*

DEFENDANT/RESPONDENT: *Marion 'Suge' Knight ◦ Death Row Inc. Records*

NOTICE OF SETTLEMENT

CASE NUMBER: *BC 268 857*

JUDGE: *Ronald M. Sohigian*

DEPT: *41*

---

**NOTICE TO PLAINTIFF**

If you have not filed a request for dismissal within 45 days of the date this Notice of Settlement is received by the court or, if the settlement is conditional, within 45 days of the date specified in item 1b, the court must dismiss the case unless good cause is shown within that time why the case should not be dismissed.

---

To the court, all parties, and any arbitrator or other court-connected ADR neutral involved in this case:

1. This case has been settled. The settlement is:

   a. ☐ **Unconditional.** A request for dismissal will be filed within 45 days after the date of the settlement.
   Date of settlement:

   b. ☒ **Conditional.** The settlement agreement conditions dismissal of this matter on the satisfactory completion of specified terms that are not to be performed within 45 days of the date of the settlement. A request for dismissal will be filed no later than (date): *May 27, 2005*

2. Date initial pleading filed: *February 26, 2002*

3. Next scheduled hearing or conference:

   a. Purpose:

   b. Date:                          Time:

4. Trial date:

   a. ☒ No trial date set.

   b. ☐ Date:                        Time:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: *May 18, 2005*

_____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☒ PARTY WITHOUT ATTORNEY)

▶ *Lydia Harris*
_____
(SIGNATURE)

---

Form Adopted for Mandatory Use
Judicial Council of California
CM-200 [New January 1, 2004]

NOTICE OF SETTLEMENT

Cal. Rules of Court, rule 225

American LegalNet, Inc.   www.USCourtForms.com

253

EXHIBIT  F

WASSERMAN, COMDEN & CASSELMAN L.L.P.
5567 Reseda Boulevard, Suite 330
Post Office Box 7033
Tarzana, California 91357-7033
(818) 705-6800  (323) 872-0995
Fax (818) 996-8266

## CONTINGENCY FEE AGREEMENT

THIS IS AN AGREEMENT between _Lydia Harris  and New Image Entertainment, Inc. and Lifestyle Records, Inc._, hereinafter referred to as "Client," and Wasserman, Comden & Casselman L.L.P., hereinafter referred to as "Attorney." Unless a different Agreement is made in writing, this Agreement alone shall govern the respective rights and responsibilities of Client and Attorney.

1.    _Claims Covered by Agreement:_  Client retains Attorney to represent Client in connection with _representation regarding matters concerning Battlecat, including, but not limited to breach of licensing, publishing and all intellectual property issues._

This Agreement does not cover other related claims that may arise and may require legal services. If such matters arise, separate agreements for legal services will be required if Client wishes Attorney to handle such matters.

2.    _Services to be Performed by Attorney:_  Attorney agrees to perform the following legal services, if necessary, with respect to the claims described above:

–    investigation of claims;
–    determining responsible parties;
–    preparation and filing of lawsuit;
–    settlement procedures and negotiations;
–    prosecution of claim by arbitration or legal action until award or judgment is obtained; and
–    if judgment is obtained in Client's favor, opposing a motion for new trial by an opposing party.

Attorney is authorized to associate or employ, at Attorney's own expense, other counsel to assist in performing the services required by this Agreement, and to appear on Client's behalf in any proceeding or lawsuit.

3.    _Services Not Covered by This Agreement:_  If additional services are necessary in connection with Client's claims, and Client requests Attorney to perform such services, fee arrangements for such additional services must be made between Attorney and Client. Such additional services may be required, for example:

–    if the judgment obtained is not in Client's favor, or the amount thereof is unsatisfactory to Client;
–    if the judgment obtained is in Client's favor, and an opposing party appeals from the judgment;
–    if a retrial is ordered after a motion for new trial or mistrial, or reversal of the judgment on appeal; or
–    in judgment enforcement proceedings.

4.    _No Guarantee as to Result:_  Client acknowledges that Attorney has made no guarantee as to the outcome or the amounts recoverable in connection with Client's claims.

5.    _Litigation Costs and Expenses:_  Attorney is authorized to incur reasonable cost and expenses in performing legal services under this Agreement.  Client agrees to reimburse Attorney for such costs and expenses in addition to the contingency fee discussed below in the event of any recovery:

(a)    _Particular Costs and Expenses:_  The costs and expenses necessary in this case may include any or all of the following items (The list is not exclusive; other items may also be necessary, and the rates shown are subject to change on prior written notice to Client.)

–    court filing fees
–    process serving fees
–    fees to private investigators
–    fees to photographers or graphic artists
–    fees to experts for consultation and/or appearance at deposition or trial
–    jury fees
–    mail, messenger and other delivery charges
–    parking and other local travel at 31½¢/mile
–    transportation, meals, lodging and all other costs of necessary out-of-town travel
–    long distance telephone charges
–    photocopying (in office) at 30¢/page
–    word processing charges
–    computerized legal research
–    other computer time

(b)    _Client's Responsibility re Costs:_  Attorney may advance such costs and expenses on Client's behalf, but is not obligated to do so.  Client agrees to reimburse Attorney out of any settlement or judgment proceeds as a priority payment.

6.    _Contingency Fee to Attorney:_  Client acknowledges that he/she has been advised by Attorney and is aware that the contingency fee is a 40% arrangement and has been negotiated between Client and Attorney.

Based on such negotiations, Client agrees that the following fee arrangement is fair and reasonable, and to pay Attorney the following amount:

255

If the matter is settled before a lawsuit is filed, the amount equal to forty percent (40%) of any recovery obtained.

If the matter is settled after a lawsuit is filed, but before the case is first assigned a trial date, an amount equal to thirty three and forty percent (40%) of any recovery obtained.

Thereafter, an amount equal to forty percent (40%) of any recovery, whether by way of settlement, judgment or compromise.

(a)    *Costs and Expenses as Affecting Contingency Fee:* Attorney's fee shall be computed based on the gross recovery. Costs and expenses paid by Attorney in connection with Client's claim shall be reimbursed after the contingency fee is computed. Client's share of the recovery shall be the balance remaining after reimbursement of such costs and expenses and payment of the contingency fee.

(b)    *Form of Recovery as Affecting Contingency Fee:* If the recovery consists of payments to be made over a period of time, or other property not entirely cash or cash-equivalent, the contingency fee shall be based on the present cash value of the recovery as determined by generally recognized accounting and appraisal standards. (For example, if the recovery consists of $1,000 payable at $100/year over 10 years, its present value may be approximately $380, depending on prevalent interest rates.) The contingency fee shall be paid out of the first funds or property received by Client.

(c)    *Sanctions Awards not Part of Recovery:* Monetary sanctions awarded to Attorney during the course of this litigation shall not be considered part of Client's recovery in this action. Such sanctions shall be deemed compensation to counsel for extraordinary time and effort expended as a result of an opposing party's bad faith conduct or failure to comply with discovery demands, court orders or similar obligations. But if the sanctions award includes a costs item (such as the filing fee for making a motion), the amount thereof shall be credited to Client's costs account when received by Attorney.

7.    *Effect of Discharge by Client:* Client shall have the right to discharge Attorney at any time upon written notice to Attorney. Such discharge shall not affect Client's obligation to reimburse Attorney for costs incurred prior to such discharge. In addition, Attorney shall be entitled to the reasonable value of legal services performed prior to such discharge to be paid by Client from any subsequent recovery on claims covered by this Agreement.

8.    *Attorney's Lien:* To secure payment to Attorney of all sums due under this Agreement for services rendered or costs advanced, Client hereby grants Attorney a lien on Client's claim and any cause of action or lawsuit filed thereon, and to any recovery Client may obtain, whether by settlement, judgment or otherwise.

9.    *Insurance:* Wasserman, Comden & Casselman L.L.P. maintains errors-and-omissions insurance applicable to the services to be rendered under the terms of this Agreement.

10.    *Arbitration of Disputes:* If a dispute arises between Attorney and Client regarding fees or services in connection with the above-referenced transaction, such dispute shall be submitted to binding arbitration. This includes any claim for breach of contract, negligence, breach of fiduciary duty or other wrongdoing.

Such arbitration shall be conducted in accordance with the rules of the American Arbitration Association or Judicial Arbitration & Mediation Services, or CCP § 1280 et.seq..

You acknowledge that we have explained to you that such binding arbitration may deprive you of various rights that you otherwise might have in a legal action, including without limitation, the right to a jury trial, the right to appeal, and full discovery rights.

INITIALING BELOW SIGNIFIES ACKNOWLEDGMENT OF THIS EXPLANATION:

_____                    _____
(CLIENT'S INITIALS)                    (WC&C)

11.    *Client's Receipt of Agreement and Knowledge of Terms:* Client acknowledges that he/she has read and fully understands all of the terms and conditions of this Agreement before signing it, and has received a copy of this Agreement upon execution thereof.

Executed at 5567 Reseda Blvd., Suite 330, Tarzana, CA 91357    (place) on    January 25, 2002.

ATTORNEY:                    CLIENT:

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.    LYDIA HARRIS

BY: _____                    _____
MARTIN S. RUDOY

5567 Reseda Boulevard, Suite 330            7010 W. Avenue K, Suite 624
Tarzana, California  91357                Lancaster, CA 93536

(818) 705-6800                    Telephone:    (Cell) 310-594-2704

Facsimile:  (818) 345-0162            Facsimile:    323-291-3317

1-2

-2-

256

**FIRM:**
HAIGHT, BROWN AND BO[    ]TEEL
6080 CENTER DRIVE, SUITE 8[    ]
LOS ANGELES, CA 90045

CLIENT ACCOUNT #: 124
ROUTE #: 10

PHONE #:    (310) 215-7100

FAX #:    (310) 215-7300

ATTENTION OF: S. Caih/T. Welsch
EXT:    7739
ATTY FILE #: WC11-0007

**DATE:** April 4, 2006

**COURT/** LASC
**BRANCH:** Central

**NUMBER:** BC 340196

**CASE:** Wasserman v. Harris

**DOCUMENTS:**
First Amended Complaint

**CH** 7429065

**(213) 628-6338**

**Janney & Janney attorney service, inc.**

FOUNDING MEMBER · CALIFORNIA ASSOCIATION OF PHOTOCOPIERS AND PROCESS SERVERS · NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

1313 W. 8TH ST., SUITE #310
LOS ANGELES, CA 90017

PLEASE TEAR PERFS OFF THIS SIDE ONLY / RETAIN LAST COPY

---

**PLEASE NOTE ANY SPECIFIC OR TIMELY FILING REQUIREMENTS**

**INSTRUCTIONS:**
- [x] FILE & CONFORM
- [ ] ISSUE
- [ ] RECORD
- [ ] COPY
- [ ] CERTIFY
- [ ] OTHER (specify):
- [ ] ADVANCE FEES
- [ ] CHECK ATTACHED $ _____

**SERVE**
PER ATTACHED
SERVICE INSTRUCTIONS

**DO TODAY**

APPEARANCE FEES PAID: ☐YES   ☐NO

IF YES, DATE PAID: _____

UPCOMING HEARINGS (IMPORTANT) DATE: _____ TIME: _____ DEPT. _____

REPORT:
_____
_____
_____
_____
_____

**STATUTE-DATE:**

| ITEM | CHARGES |
|------|---------|
| RUSH FILING | |
| OUT OF COUNTY | |
| INDEX | |
| RECORDING | |
| COURT SERVICE | |
| FAX | |
| JANNEY ADVANCED | |
| CHECK # | |

☐ **ASSIGNMENT COMPLETED BY** _____ INITIALS

☐ **ATTY. CALLED** _____ DATE   **SPOKE WITH** _____

☐ **REJECTED**

☐ **BILLING TO FOLLOW**

1  2  3  4  5  6  7  8  9  10  11  12  13  14  15  16  17  18  19  20

ATTORNEY'S FILE COPY

257

**CH7429064**

**(213) 628-6338**

**Janney & Janney
attorney service, inc.**

MEMBER · CALIFORNIA ASSOCIATION OF PHOTOCOPIERS AND PROCESS SERVERS
FOUNDING MEMBER · NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

1313 W. 8TH ST. SUITE #310
LOS ANGELES, CA 90017

PLEASE TEAR PERFS OFF THIS SIDE ONLY / RETAIN LAST COPY

| | |
|---|---|
| FIRM: | DATE: April 4, 2006 |
| HAIGHT, BROWN AND BO  STEEL | |
| 9039 CENTER DRIVE, SUITE 800 | COURT/ LASC |
| LOS ANGELES, CA 90045 | BRANCH: Central |
| CLIENT ACCOUNT #: 124 | NUMBER: BC 340196 |
| ROUTE #: 10 | CASE: Wasserman v Harris |
| PHONE #: (310) 215-7100 | DOCUMENTS: |
| FAX #: (310) 215-7300 | First Amended Complaint |
| ATTENTION OF: S. Caine/T. Welsch | Redline Version of same. |
| EXT: 7739 | |
| ATTY FILE #: WC11-0907 | |

## PLEASE NOTE ANY SPECIFIC OR TIMELY FILING REQUIREMENTS

**INSTRUCTIONS:**

☐ FILE & CONFORM
☐ ISSUE
☐ RECORD
☐ COPY
☐ CERTIFY
☒ OTHER (specify):
☐ ADVANCE FEES
☐ CHECK ATTACHED $ _____

**SERVE** PER ATTACHED SERVICE INSTRUCTIONS

**DO TODAY**

Deliver the attached documents to the
Clerk in Dept. 41 as a courtesy copy
of documents being filed today.

APPEARANCE FEES PAID: ☐ YES  ☐ NO      **STATUTE-DATE:**

IF YES, DATE PAID: _____

UPCOMING HEARINGS (IMPORTANT) DATE: _____ TIME: _____ DEPT. _____

REPORT: _____

| ITEM | CHARGES |
|---|---|
| RUSH FILING | |
| OUT OF COUNTY | |
| INDEX | |
| RECORDING | |
| COURT SERVICE | |
| FAX | |
| JANNEY ADVANCED | |
| CHECK # | |

☐ ASSIGNMENT COMPLETED BY _____ INITIALS        ☐ REJECTED

☐ ATTY. CALLED _____ DATE  SPOKE WITH        ☐ BILLING TO FOLLOW

1  2  3  4  5  6  7  8  9  10  11  12  13  14  15  16  17  18  19  20
**ATTORNEY'S FILE COPY**

258

Case 2:06-bk-11187-VZ    Claim 34-1    Filed 10/31/06    Desc Main Document    Page 54
of 60

**FedEx Express** US Airbill

FedEx Tracking Number  **8569 4066 0358**

Sender's Copy

**From** Please print and press hard.

Date  **3/31/06**    Sender's FedEx Account Number  **0904-1912-9**

Sender's Name  **Stephen M. Caine**    Phone ( **310** ) **215-7801**

Company  **HAIGHT BROWN BONESTEEL**

Address  **6080 CENTER DR STE 800**    Dept./Floor/Suite/Room

City  **LOS ANGELES**    State  **CA**    ZIP  **90045**

Your Internal Billing Reference  **WC11-0007**
First 24 characters will appear on invoice.

**To**

Recipient's Name  **Dermot Damian Givens**    Phone ( **310** ) **854-8823**

Company

Recipient's Address  **433 North Camden Drive #600**    Dept./Floor/Suite/Room
We cannot deliver to P.O. boxes or P.O. ZIP codes.

Address
To request a package be held at a specific FedEx location, print FedEx address here.

City  **Beverly Hills**    State  **CA**    ZIP  **90210**

**0332443625**

Store your addresses at fedex.com
Simplify your shipping. Manage your account. Access all the tools you need.

**4a  Express Package Service**    Packages up to 150 lbs.
- [ ] FedEx Priority Overnight
- [X] FedEx Standard Overnight
- [ ] FedEx First Overnight

**4b  Express Freight Service**    Packages over 150 lbs.
- [ ] FedEx 1Day Freight
- [ ] FedEx 2Day Freight
- [ ] FedEx 3Day Freight

**5  Packaging**
- [ ] FedEx Envelope
- [X] FedEx Pak
- [ ] FedEx Box
- [ ] FedEx Tube
- [ ] Other

**6  Special Handling**    Include FedEx address in Section 3.
- [ ] SATURDAY Delivery
- [ ] HOLD Weekday
- [ ] HOLD Saturday

Does this shipment contain dangerous goods?
- [X] No
- [ ] Yes
- [ ] Yes
- [ ] Dry Ice
- [ ] Cargo Aircraft Only

**7  Payment**  Bill to:
- [X] Sender
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [ ] Cash/Check

Total Packages    Total Weight    Total Declared Value
$ .00

**8  NEW Residential Delivery Signature Options**
- [ ] No Signature Required
- [ ] Direct Signature
- [ ] Indirect Signature

**519**

## FedEx Express — US Airbill

FedEx Tracking Number: **8569 4066 0369**

**From**  Please print and press hard.

Date: 3/31/06
Sender's FedEx Account Number: 0904-1912-9

Sender's Name: Stephen M. Caine
Phone: (310) 215-7801

Company: HAIGHT BROWN BONESTEEL

Address: 6080 CENTER DR STE 800

City: LOS ANGELES    State: CA    ZIP: 90045

Your Internal Billing Reference: WC11-0007

**To**
Recipient's Name: Debra V. Crawford    Phone: (831) 624-2422

Company:

Recipient's Address: SW Mission & 4th, #5

City: Carmel    State: CA    ZIP: 9392100373

0332443625

**Ship and track packages at fedex.com**
Simplify your shipping. Manage your account. Access all the tools you need.

### 4a Express Package Service

- [ ] FedEx Priority Overnight
- [X] FedEx Standard Overnight
- [ ] FedEx First Overnight
- [ ] FedEx 2Day
- [ ] FedEx Express Saver

### 4b Express Freight Service

- [ ] FedEx 1Day Freight
- [ ] FedEx 2Day Freight
- [ ] FedEx 3Day Freight

### 5 Packaging

- [ ] FedEx Envelope
- [X] FedEx Pak*
- [ ] FedEx Box
- [ ] FedEx Tube
- [ ] Other

### 6 Special Handling

- [ ] SATURDAY Delivery
- [ ] HOLD Weekday
- [ ] HOLD Saturday

Does this shipment contain dangerous goods?
- [X] No
- [ ] Yes
- [ ] Yes
- [ ] Dry Ice
- [ ] Cargo Aircraft Only

### 7 Payment    Bill to:

- [X] Sender
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [ ] Cash/Check

| Total Packages | Total Weight | Total Declared Value |
|---|---|---|
| | | $ .00 |

### 8 NEW Residential Delivery Signature Options

- [ ] No Signature Required
- [ ] Direct Signature
- [ ] Indirect Signature

519

Sender's Copy

PULL AND RETAIN THIS COPY BEFORE AFFIXING TO THE PACKAGE. NO POUCH NEEDED.

**FedEx** Express · **US Airbill**

FedEx Tracking Number: 8569 4066 0483

**From**  Please print and press hard.

Date 3/31/06    Sender's FedEx Account Number 0904-1912-9

Sender's Name Stephen M. Caine    Phone ( 310 ) 215-7801

Company HAIGHT BROWN BONESTEEL

Address 6080 CENTER DR STE 800    Dept./Floor/Suite/Room

City LOS ANGELES    State CA    ZIP 90045

Your Internal Billing Reference WC11-0007 OPTIONAL

**To**

Recipient's Name Laurence D. Strick    Phone ( 323 ) 964-5231

Company Law Office of Laurence D. Strick

Recipient's Address 339 N. Sycamore Ave., #2    Dept./Floor/Suite/Room

We cannot deliver to P.O. boxes or P.O. ZIP codes.

Address

To request a package be held at a specific FedEx location, print FedEx address here.

City Los Angeles    State CA    ZIP 90036

0332443625

Ship and track packages at fedex.com
Simplify your shipping. Manage your account. Access all the tools you need.

**Sender's Copy**

**4a Express Package Service** — Packages up to 150 lbs.

☐ FedEx Priority Overnight
☒ FedEx Standard Overnight
☐ FedEx First Overnight

☐ FedEx 2Day
☐ FedEx Express Saver

**4b Express Freight Service** — Packages over 150 lbs.

☐ FedEx 1Day Freight
☐ FedEx 2Day Freight
☐ FedEx 3Day Freight

**5 Packaging**

☐ FedEx Envelope
☒ FedEx Pak
☐ FedEx Box
☐ FedEx Tube
☐ Other

**6 Special Handling**

☐ SATURDAY Delivery
☐ HOLD Weekday
☐ HOLD Saturday

Does this shipment contain dangerous goods?
☒ No
☐ Yes
☐ Yes
☐ Dry Ice
☐ Cargo Aircraft Only

**7 Payment** Bill to:

☒ Sender
☐ Recipient
☐ Third Party
☐ Credit Card
☐ Cash/Check

Total Packages    Total Weight    Total Declared Value
$ .00

FedEx Use Only

**8 NEW Residential Delivery Signature Options**

☐ No Signature Required
☐ Direct Signature
☐ Indirect Signature

519

**FedEx** US Airbill
Express

FedEx Tracking Number: 8569 4066 0472

**Sender's Copy**

**From** Please print and press hard.

Date 3/31/06   Sender's FedEx Account Number 0904-1912-7

Sender's Name Stephen M. Caine   Phone (310) 215-7801

Company HAIGHT BROWN BONESTEEL

Address 6080 CENTER DR STE 800

City LOS ANGELES   State CA   ZIP 90045

Your Internal Billing Reference WC11-0007

**To**
Recipient's Name Steven M. Goldber   Phone (310) 979-8274

Company Russ August & Kabat

Recipient's Address 12424 Wilshire Blvd., Ste. 12th FL

City Los Angeles   State CA   ZIP 90025

0332443625

**4a Express Package Service** — Packages up to 150 lbs.
☐ FedEx Priority Overnight
☐ FedEx Standard Overnight
☐ FedEx First Overnight
☐ FedEx 2Day
☐ FedEx Express Saver

**4b Express Freight Service** — Packages over 150 lbs.
☐ FedEx 1Day Freight
☐ FedEx 2Day Freight
☐ FedEx 3Day Freight

**5 Packaging**
☐ FedEx Envelope   ☒ FedEx Pak   ☐ FedEx Box   ☐ FedEx Tube   ☐ Other

**6 Special Handling**
☐ SATURDAY Delivery NOT Available
☐ HOLD Weekday at FedEx Location
☐ HOLD Saturday at FedEx Location

Does this shipment contain dangerous goods?
☒ No   ☐ Yes   ☐ Yes   ☐ Dry Ice
☐ Cargo Aircraft Only

**7 Payment** Bill to:
☒ Sender   ☐ Recipient   ☐ Third Party   ☐ Credit Card   ☐ Cash/Check

Total Packages   Total Weight   Total Declared Value $      .00

**8 NEW Residential Delivery Signature Options**
☐ No Signature Required   ☐ Direct Signature   ☐ Indirect Signature

519

PULL AND RETAIN THIS COPY BEFORE AFFIXING TO THE PACKAGE. NO POUCH NEEDED.

Store your addresses at fedex.com

262

**FedEx** *US Airbill*
Express

FedEx Tracking Number: 8569 4066 0461

**From** *Please print and press hard.*

Date 3/31/06   Sender's FedEx Account Number 0904-1912-9

Sender's Name Stephen M. Caine   Phone (310) 215-7801

Company HAIGHT BROWN BONESTEEL

Address 6080 CENTER DR STE 800

City LOS ANGELES   State CA   ZIP 90045

Your Internal Billing Reference WC11-0007

**To**

Recipient's Name Larry Nagelberg   Phone (310) 208-3220

Company Nagelberg & Associates

Recipient's Address The Tower, Suite 2150

Address 10940 Wilshire Blvd.

City Los Angeles   State CA   ZIP 90024

0332443625

**Schedule a pickup at fedex.com**
Simplify your shipping. Manage your account. Access all the tools you need.

**Sender's Copy**

**4a Express Package Service** — *Packages up to 150 lbs.*
- ☐ FedEx Priority Overnight
- ☒ FedEx Standard Overnight
- ☐ FedEx First Overnight
- ☐ FedEx 2Day
- ☐ FedEx Express Saver

**4b Express Freight Service** — *Packages over 150 lbs.*
- ☐ FedEx 1Day Freight
- ☐ FedEx 2Day Freight
- ☐ FedEx 3Day Freight

**5 Packaging**
- ☐ FedEx Envelope
- ☒ FedEx Pak*
- ☐ FedEx Box
- ☐ FedEx Tube
- ☐ Other

**6 Special Handling** *Include FedEx address in Section 3.*
- ☐ SATURDAY Delivery
- ☐ HOLD Weekday at FedEx Location
- ☐ HOLD Saturday at FedEx Location

Does this shipment contain dangerous goods?
- ☒ No
- ☐ Yes — Shipper's Declaration not required.
- ☐ Yes — Shipper's Declaration
- ☐ Dry Ice
- ☐ Cargo Aircraft Only

**7 Payment** *Bill to:*
- ☒ Sender
- ☐ Recipient
- ☐ Third Party
- ☐ Credit Card
- ☐ Cash/Check

Total Packages   Total Weight   Total Declared Value $ .00

FedEx Use Only

**8 NEW Residential Delivery Signature Options**
- ☐ No Signature Required
- ☐ Direct Signature
- ☐ Indirect Signature

519

**FedEx** Express   **US Airbill**

FedEx Tracking Number   **8569 4066 0347**

From *Please print and press hard.*

Date  **3/31/06**

Sender's FedEx Account Number  **0704-1912-9**

Sender's Name  **Stephen M. Caine**

Phone ( **310** ) **215-7801**

Company  **HAIGHT BROWN BONESTEEL**

Address  **6080 CENTER DR STE 800**

City **LOS ANGELES**   State **CA**   ZIP **90045**

Your Internal Billing Reference  **WC11-0007**

Recipient's Name  **Rex Julian Beaber**

Phone ( ) **557-1198**

Company

Address  **1546 Calmar Court**

**Los Angeles**   State **CA**   ZIP **90024**

**0332443625**

**4a Express Package Service**   *Packages up to 150 lbs.*
- [ ] FedEx Priority Overnight
- [ ] FedEx Standard Overnight
- [ ] FedEx First Overnight
- [ ] FedEx 2Day
- [ ] FedEx Express Saver

**4b Express Freight Service**   *Packages over 150 lbs.*
- [ ] FedEx 1Day Freight
- [ ] FedEx 2Day Freight
- [ ] FedEx 3Day Freight

**5 Packaging**
- [ ] FedEx Envelope
- [x] FedEx Pak
- [ ] FedEx Box
- [ ] FedEx Tube
- [ ] Other

**6 Special Handling**
- [ ] SATURDAY Delivery
- [ ] HOLD Weekday
- [ ] HOLD Saturday

Does this shipment contain dangerous goods?
- [x] No
- [ ] Yes
- [ ] Yes
- [ ] Dry Ice
- [ ] Cargo Aircraft Only

**7 Payment** *Bill to:*
- [x] Sender
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [ ] Cash/Check

Total Packages   Total Weight   Total Declared Value

**8 NEW Residential Delivery Signature Options**
- [ ] No Signature Required
- [ ] Direct Signature
- [ ] Indirect Signature

**519**

*Sender's Copy*

**264**

MAILING LIST
WASSERMAN v. LYDIA HARRIS; LIFESTYLE RECORDS
BC 340196

| | |
|---|---|
| Rex Julian Beaber<br>1546 Calmar Court<br>Los Angeles, CA  90024<br><br>Tel:   557-1198<br>Fax:<br>Xerxers@aol.com<br><br>*F K* | Gary S. Soter<br>Pearson, Soter, Warshaw & Penny<br>15165 Ventura Blvd., #400<br>Sherman Oaks, CA  91403<br><br>Tel:   818-788-8300<br>Fax:   818-788-8104<br>gsoter@pswplaw.com<br><br>*MAIL* |
| David B. Casselman<br>Wasserman Comden, Casselman & Pearson<br>5567 Reseda Blvd., #330<br>Tarzana, CA  91357<br><br>Tel:   818-705-6800<br>Fax:   818-705-8634<br>hblum@wcclaw.com<br><br>*MAIL* | Dermot Damian Givens<br>433 North Camden Dr., #600<br>Beverly Hills, CA  90210<br><br>Tel:   310-854-8823<br>Fax:   323-878-0416<br>dermotg@aol.com<br><br>*FX* |
| Kevin Gilliam<br>1502 South Alpine Dr.<br>West Covina, CA  91791<br><br>[Pro Per]<br><br>*MAIL* | Debra V. Crawford<br>P.O. Box 373, SW Mission & 4th, #5<br>Carmel, CA  93921-0373<br><br>Tel:   831-624-2422<br>Fax:   831-624-2428<br>ddvcrawford@earthlink.net<br><br>*MAIL FED K* |
| Steven M. Goldberg<br>Russ, August & Kabat<br>12424 Wilshire Blvd., 12th Floor<br>Los Angeles, CA  90025<br><br>Tel:   310-979-8274<br>Fax:   310-826-6991<br>sgoldberg@raklaw.com<br><br>*FX* | Laurence D. Strick<br>Law Office of Laurence D. Strick<br>339 N. Sycamore Ave., # 2<br>Los Angeles, CA  90036<br><br>Tel: (323) 964-5231<br>Fax: (323) 964-8135<br>larrystrick@yahoo.com<br><br>*FX* |
| Larry Nagelberg<br>Nagelberg & Associates<br>The Tower, Suite 2150<br>10940 Wilshire Blvd.<br>Los Angeles, CA  90024<br><br>Tel: (310) 208-3220<br>Fax: (310) 208-3830<br><br>*F K* | |

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

22
FIRST AMENDED COMPLAINT

265