# EXHIBIT 14

# EXHIBIT 14

Form B10 (Official Form 10) (10/05)

| United States Bankruptcy Court    Central District of California | PROOF OF CLAIM |
|---|---|

**Name of Debtor**
Death Row Records, Inc.

**Case Number** LA 06-11205-EC

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor** (The person or other entity to whom the debtor owes money or property):

Wasserman, Comden & Casselman, L.L.P.

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

**Name and address where notices should be sent:**

Wasserman, Comden & Casselman,L.L.P.
C/O David B. Casselman
5567 Reseda Boulevard, Suite 330
Tarzana, CA 91357-7033
Telephone number: (818) 705-6800; Facsimile (818) 345-0162

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

```
      FILED

   OCT 3 1 2006

 CLERK, U.S. BANKRUPTCY COURT
 CENTRAL DISTRICT OF CALIFORNIA
 BY              Deputy Clerk
```

**This space is for Court use only.**

Last four digits of account or other number by which creditor identifies debtor:

Check here ☐ replaces
if this claim ☐ amends    a previously filed claim, dated: _____

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☑ Other  See Attachment

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (Fill out below)
  Last four digits of your Social Security number: _____
  Unpaid compensation for services performed
  from _____ to _____
       (date)         (date)

**2.** Date debt was incurred:

**3.** If court judgment, date obtained: March 9, 2005

**4. Total Amount of Claim at Time Case Filed:** $ 60,418,315.00   $_____   $_____   In an amt not less than $ 60,418,315.00*
                                          (unsecured)   (secured)   (priority)   (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.  *See attachment for additional claims against Debtor.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.   See Attachment for Details.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other _____

Value of Collateral:  $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any $_____

**6. Unsecured Nonpriority Claim.**   $_____
☐ Check this box if (a) there is no collateral or lien securing your claim, or (b) your claim exceeds the value of the property securing it or (c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim, all or part of which is entitled to priority.
Amount entitled to priority  $_____
Specify the priority of the claim:
- ☐ Wages, salaries or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
- ☐ Up to $2,225* of deposits toward purchase, lease or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
- ☐ Domestic support obligations under - 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
- ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8

**8.    Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9.    Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10.   Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

**This space is for Court use only.**

| Date 10/30/06 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):  David B. Casselman  *[signature]* |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

ORIGINAL

266

## ATTACHMENT TO PROOF OF CLAIM
### FILED BY WASSERMAN, COMDEN & CASSELMAN, L.L.P.

Wasserman, Comden & Casselman, L.L.P. ("Wasserman") has the followings claims against the Debtor:[1]

(1)  Contingency Fee & Reimbursement of Expenses Arising out of Harris Judgment. Wasserman has a pending state court action (the "Wasserman Action") against, among others, Marion H. Knight *aka* Suge Knight ("Mr. Knight"), and Death Row Records, Inc. ("Death Row" and collectively, with Mr. Knight, the "Debtors"). The Wasserman Action was commenced on September 21, 2005 by the filing of a complaint in the Superior Court of the State of California for the County of Los Angeles - Central District (the "State Court"), styled Wasserman, Comden & Casselman, L.L.P. v. Lydia Harris; Lifestyle Records, Inc.; New Image Media Corp.; Marion H. Knight, *aka* Suge Knight; Death Row Records, Inc.; Death Row Records, L.L.C.; Tha Row, Inc.; Dermot Givens; Kevin Gilliam *aka* Battlecat; and Does 1 through 100, inclusive and bearing case number BC 308790.[2] The Wasserman Action arises out of Wasserman's representation[3] of the Harris Parties in that certain action (the "Harris Action") commenced by the Harris Parties against, among others, Mr. Knight and Death Row. On March 9, 2006, Judgment was entered in the Harris Action in favor of Lydia Harris and New Image Media Corp. ("New Image") against the Debtors in the sum of $107 million, which included $60 million in punitive damages (the "Harris Judgment"). Wasserman is entitled to its 40% contingency fee on any recovery, as well as reimbursement for all out of pocket expenses. To the extent the Harris Parties have any claim against this estate, Wasserman is entitled to be paid directly from the Debtor's estate for its 40% contingency fee and related reimbursement of expenses.

(2)  Direct Claims Against the Debtors. On or about May 19, 2005, after the Harris Judgment was entered and after all appeals had been waived, Lydia terminated Wasserman as her attorney. In response and also on May 19, 2005, Wasserman filed and served on the Harris Parties and the Debtors a Notice of Attorney Lien (the "Attorney Lien Notice") equal to 40% of any and all gross recovery, payments or consideration of any kind or nature paid or transferred in satisfaction

---

[1] Wasserman reserves the right to supplement its claim.

[2] A true and correct copy of the First Amended Complaint filed by Wasserman in the Wasserman Action (the "First Amended Complaint") is annexed hereto.

[3] On or about January 25, 2002, Wasserman, on the one hand, and Lydia Harris, New Image Entertainment, Inc., and Lifestyle Records, Inc. (the "Harris Parties"), on the other hand, entered into a written Contingency Fee Agreement (the "Contingency Fee Agreement") pursuant to which Wasserman agreed to represent the Harris Parties in connection with liability claims against, among others, the Debtors. Pursuant to the Contingency Fee Agreement, Wasserman is entitled to a forty-percent (40%) contingency fee on any recovery, as well as reimbursement of all reasonable out of pocket litigation costs and expenses.

1

ATTACHMENT TO PROOF OF CLAIM FILED BY WASSERMAN, COMDEN & CASSELMAN L.L.P.

267

of the Harris Judgment (40% of $107 million, plus interest accruing at the rate of $29,315.00 day), plus costs of $213,890.27.[4]   Despite the Contingency Fee Agreement, Lydia and the Debtors secretly negotiated during the time she was represented by Wasserman and purportedly entered into a settlement agreement pursuant to which the Harris Judgment would be resolved. The Debtors and the Harris Parties are currently litigating over this purported settlement. However, it is undisputed that, despite signature of the Contingency Fee Agreement by Lydia and receipt of the Attorney Lien Notice by Lydia and the Debtors, the Debtors and/or related entities paid to Lydia the sum of at least $1 million[5] without acknowledging Wasserman's lien rights, or reserving any of the funds paid to Lydia to satisfy Wasserman's lien. Lydia refused to voluntarily pay any portion of the $1 million to Wasserman, or even to reimburse Wasserman's actual costs, which were in excess of $200,000. The Debtors, who had full knowledge of Wasserman's Attorney Lien Notice, proceeded to pay Lydia the $1 million purported settlement payment. As set forth more fully in the First Amended Complaint filed in the Wasserman Action, Wasserman has alleged the following causes of action against the Harris Parties and the Debtors: (1) breach of contract of the Contingency Fee Agreement; (2) quantum meruit based on the actual legal services provided by Wasserman to the Harris Parties; (3) for money had and received; (4) an accounting of any and all gross recovery, payments or consideration of any kind paid or transferred in satisfaction, whole or part, of the Harris Judgment; (5) interference with contract based on, among others, the Debtors' conspiracy to deprive Wasserman of its lien rights; (6) an equitable assignment of 40% of the Harris Judgment and/or 40% of any settlement or other recoveries obtained by or on behalf of the Harris Parties; and (7) declaratory relief that Wasserman may recover judgment against the Debtors and their related entities and alter egos in the sum of 40% of the Harris Judgment, plus interest at the rate of $29,315 per day from March 9, 2005.

---

[4] A true and correct copy of the Attorney Lien Notice is attached as Exhibit "C" to the First Amended Complaint.
[5] Since the payment of the $1 million, Lydia and the Debtors have disagreed on whether that payment effectuated a full or partial payment under the purported settlement agreement, or whether a meeting of the minds occurred at all, so as to create a binding settlement agreement.

2

268

1 | Peter Q. Ezzell (Bar No. 53497)
Nancy E. Lucas (Bar No. 126854)
2 | HAIGHT BROWN & BONESTEEL LLP
6080 Center Drive, Suite 800
3 | Los Angeles, CA 90045-1574
Telephone: 310.215.7100
4 | Facsimile: 310.215.7300

5 | David B. Casselman (Bar No. 91657)
Leonard J. Comden (Bar No. 56775)
6 | Howard S. Blum (Bar No. 60603)
WASSERMAN, COMDEN & CASSELMAN, L.L.P.
7 | 5567 Reseda Boulevard, Suite 330
Post Office box 7033
8 | Tarzana, CA 91357-7033
Telephone:  (818) 705-6800 * (323) 872-0995
9 | Facsimile:  (818) 345-0162

10 | Associated Attorneys for Plaintiff
WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 0 4 2006

John A. Clarke, Executive Officer/Clerk

By _____ ,Deputy
A E LA FLEUR-CLAYTON

11

12 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13 | **FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

14

| | |
|---|---|
| 15  WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P., | Case No. BC 340196 |
| 16 | [Assigned to Judge Ronald M. Sohigian, Dept. 41] |
| 17  Plaintiff, | |
| 18  v. | FIRST AMENDED COMPLAINT |
| 18  LYDIA HARRIS; LIFESTYLE RECORDS, INC., NEW IMAGE MEDIA | |
| 19  CORP.; MARION H. KNIGHT, aka SUGE KNIGHT; DEATH ROW RECORDS, | |
| 20  INC.; DEATH ROW RECORDS, L.L.C.; THA ROW, INC.; DERMOT GIVENS; | Complaint Filed:  September 21, 2005 |
| 21  KEVIN GILLIAM aka BATTLECAT; AND DOES 1 through 100, Inclusive, | Trial Date:  April 17, 2006 |
| 22  Defendants. | |
| 23 | |

24 | ### GENERAL ALLEGATIONS

25 | 1.    Plaintiff, WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.

26 | (hereinafter "WCCP") is a limited liability partnership organized and existing under the

27 | laws of the State of California with its principal place of business in Tarzana, California.

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

1
FIRST AMENDED COMPLAINT

269

1 Peter Q. Ezzell (Bar No. 53497)

1 Peter Q. Ezzell (Bar No. 53497)
  Nancy E. Lucas (Bar No. 126854)
2 HAIGHT BROWN & BONESTEEL LLP
  6080 Center Drive, Suite 800
3 Los Angeles, CA 90045-1574
  Telephone: 310.215.7100
4 Facsimile: 310.215.7300

5 David B. Casselman (Bar No. 91657)
  Leonard J. Comden (Bar No. 56775)
6 Howard S. Blum (Bar No. 60603)
  WASSERMAN, COMDEN & CASSELMAN, L.L.P.
7 5567 Reseda Boulevard, Suite 330
  Post Office box 7033
8 Tarzana, CA 91357-7033
  Telephone:   (818) 705-6800 * (323) 872-0995
9 Facsimile:   (818) 345-0162

10 Associated Attorneys for Plaintiff
   WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.

11

12            SUPERIOR COURT OF THE STATE OF CALIFORNIA

13         FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

14

15 WASSERMAN, COMDEN,                    ) Case No. BC 340196
   CASSELMAN & PEARSON, L.L.P.,          )
16                                       ) [Assigned to Judge Ronald M. Sohigian,
              Plaintiff,                 ) Dept. 41]
17                                       )
        v.                               ) FIRST AMENDED COMPLAINT
18 LYDIA HARRIS; LIFESTYLE               )
   RECORDS, INC., NEW IMAGE MEDIA        )
19 CORP.; MARION H. KNIGHT, aka SUGE     )
   KNIGHT; DEATH ROW RECORDS,            )
20 INC.; DEATH ROW RECORDS, L.L.C.;      ) Complaint Filed: September 21, 2005
   THA ROW, INC.; DERMOT GIVENS;         ) Trial Date:      April 17, 2006
21 KEVIN GILLIAM aka BATTLECAT;          )
   AND DOES 1 through 100, Inclusive,    )
22                                       )
              Defendants.                )
23                                       )

24                        GENERAL ALLEGATIONS

25      1.    Plaintiff, WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.

26 (hereinafter "WCCP") is a limited liability partnership organized and existing under the

27 laws of the State of California with its principal place of business in Tarzana, California.

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

1

FIRST AMENDED COMPLAINT

4/3/06

270

1  The law firm of Wasserman, Comden, Casselman & Pearson, L.L.P., changed its name

2  effective January 1, 2006. It is now known as Wasserman, Comden & Casselman, L.L.P.

3  2.   Defendants LYDIA HARRIS (hereinafter "HARRIS"), MARION H.

4  KNIGHT, aka SUGE KNIGHT (hereinafter "KNIGHT"), DERMOT GIVENS (hereinafter

5  "GIVENS") and KEVIN GILLIAM aka BATTLECAT (hereinafter "GILLIAM") are

6  individuals who, at all material times resided in Los Angeles County, California.

7  3.   Plaintiff is informed and believes and thereon alleges that the remaining

8  defendants, LIFESTYLE RECORDS, INC., NEW IMAGE MEDIA CORP., DEATH

9  ROW RECORDS, INC., DEATH ROW RECORDS, L.L.C., and THA ROW, INC. are

10  business entities who were or are authorized to transact business in the State of California.

11  4.   Plaintiff is ignorant of the true names and capacities of defendants sued

12  herein as Does 1 through 100 and therefore sues these defendants by such fictitious names.

13  Plaintiff will amend this pleading to allege the true names and capacities of such Does

14  when ascertained. The conduct of Does I through 100 proximately caused damages to

15  plaintiff as alleged herein. DOES 1 through 25 are the alter egos of LYDIA HARRIS,

16  LIFESTYLE RECORDS, INC. and NEW IMAGE MEDIA CORP. (hereinafter "The

17  HARRIS Defendants"). DOES 26 through 50 are the alter egos of MARION H. KNIGHT,

18  aka SUGE KNIGHT and DEATH ROW RECORDS, INC. (hereinafter "The KNIGHT

19  Defendants"). DOES 51 through 75 are the alter egos of GILLIAM. Does 76-100 are the

20  persons and entities that knowingly interfered with plaintiffs contractual lien rights.

21  5.   On or about January 25, 2002, plaintiff and defendant HARRIS entered into

22  a written Contingency Fee Agreement in Los Angeles County, California whereby plaintiff

23  agreed to represent HARRIS in connection with liability claims against MARION H.

24  KNIGHT, aka SUGE KNIGHT and his related entity DEATH ROW RECORDS, INC, and

25  in connection with liability claims against GILLIAM. A copy of that written retainer

26  agreement is attached as Exhibit F, and is incorporated herein by this reference.

27  6.   Some of the material terms of the Contingency Fee Agreement include that

28  WCCP was authorized to incur reasonable costs and expenses in performing legal services

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

2

FIRST AMENDED COMPLAINT

271

1 | and that "[HARRIS] agrees to reimburse [WCCP] for such costs and expenses in addition

2 | to the contingency fee. . ."

3 |       7.    HARRIS discussed and agreed to a forty percent (40%) contingency fee and

4 | acknowledged that the fee arrangement was fair and reasonable.

5 |       8.    HARRIS specifically negotiated a contingency fee arrangement and agreed

6 | to allow a lien upon any recovery for payment of attorneys' fees, "to secure payment to

7 | Attorney of all sums due under this Agreement for services rendered or costs advanced,

8 | Client hereby grants Attorney a lien on Client's claim and any cause of action or lawsuit

9 | filed thereon, and to any recovery Client may obtain, whether by settlement, judgment or

10 | otherwise."

11 |       9.    Plaintiff has performed all conditions, covenants and promises of the

12 | Agreement, and represented HARRIS vigorously and competently in her litigation against

13 | the KNIGHT Defendants.  On February 26, 2002, plaintiff prepared and filed a complaint

14 | for damages on behalf of The HARRIS Defendants, Los Angeles Superior Court Case

15 | Number BC268857.

16 |      10.    Plaintiff prosecuted the HARRIS lawsuit from February 26, 2002, through

17 | March 9, 2005 when the Court entered a money judgment in favor of HARRIS and her

18 | related business entity NEW IMAGE MEDIA CORP. and against The KNIGHT

19 | Defendants in the sum of $107 million ($45 million for economic damages, $2 million for

20 | non-economic damages and $60 million for punitive damages).  A copy of the Judgment is

21 | attached hereto and incorporated herein by reference as Exhibit A.  In addition, on March

22 | 26, 2004, the Court entered judgment in favor of HARRIS and her related business entity

23 | NEW IMAGE MEDIA CORP. and against GILLIAM in the sum of $760,000 plus interest

24 | (attached as Exhibit C).

25 |      11.    On or about May 19, 2005, HARRIS discharged plaintiff as her attorney.  On

26 | or about May 20, 2005, HARRIS filed a Substitution of Attorney with the Court indicating

27 | that she was representing herself.

28 |

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WCI 1-0000007
3123884.1

3

FIRST AMENDED COMPLAINT

272

1    12.    On May 19, 2005, plaintiff filed and served on defendants a Notice of

2  Attorney Lien equal to forty percent (40%) of any and all gross recovery, payments or

3  consideration of any kind or nature paid or transferred in satisfaction, in whole or in part,

4  of the Judgment against KNIGHT, et al., entered in LASC Case No. BC268857 (40% of

5  $107 million, plus interest accruing at the rate of $29,315.00 per day), plus costs expended

6  in the sum of $213,890.27. (Exhibit C.)  On September 9, 2005, plaintiff filed and served

7  on GILLIAM a Notice of Lien in the sum of $304,000.00 plus interest. (Exhibit D.)

8    13.    On June 17, 2005, HARRIS filed with the Court a "Notice of Settlement"

9  which represents that HARRIS and KNIGHT had agreed to a conditional settlement on

10  "specified terms that are not to be performed within 45 days of the settlement." The Notice

11  states that a Request for Dismissal will be filed no later than May 27, 2005 (40 days

12  earlier).  By the terms of the "Notice of Settlement," the negotiations and settlement itself

13  occurred before a Substitution of Attorney was filed.  None of the defendants notified

14  plaintiff of any such negotiations or settlement and the defendants have, affirmatively

15  concealed the fact of such negotiations and the settlement terms.

16    14.    It was reported on August 29, 2005 in the Los Angeles Times that HARRIS

17  has received the sum of $1.2 million as a result of the lawsuit.  A "settlement" in the sum

18  of $1 million is reported by counsel for KNIGHT in this action.  Plaintiff has received no

19  compensation for professional services rendered.

20    15.    Plaintiff has requested and defendants have refused to disclose the material

21  terms of the settlement or make any payment to the plaintiff.  Plaintiff is informed and

22  believes and thereon alleges that HARRIS and The KNIGHT Defendants conspired to

23  conceal the true terms of any settlement agreement (if any), and the true sum(s) of any

24  payment(s) from plaintiff, and that the defendants willfully and intentionally executed one

25  or more settlement agreements, all in disregard of plaintiff's valid lien rights.  Plaintiff is

26  informed and believes and thereon alleges that HARRIS and The KNIGHT Defendants

27  deliberately chose not to file a Partial Satisfaction of Judgment in order to conceal the

28  material terms of the settlement from plaintiff.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.    WC11-0000007
Los Angeles    3123884.1

4

FIRST AMENDED COMPLAINT

16.    Plaintiff is informed, and thereon alleges, that HARRIS negotiated a secret settlement agreement with the KNIGHT defendants that resulted in HARRIS being paid at least $1 million by the KNIGHT defendants. (HARRIS and the KNIGHT Defendants have since disagreed on whether that payment effectuated a full or partial payment under their settlement agreement, or whether a meeting of the minds occurred at all, so as to create a binding settlement agreement. Both parties have admitted that the $1 million was transferred from the KNIGHT Defendants to HARRIS to satisfy, in full or in part, the Judgment.) HARRIS claims, or has claimed, that she, through other counsel, Dermot Damien Givens, negotiated a purported settlement with the KNIGHT Defendants that would result in the KNIGHT Defendants paying her consideration including, among other things, the greater of $5.8 million paid to her annually on a specified date over five years, or the income generated from certain specified songs or intellectual properties owned by the KNIGHT Defendants.

17.    On further information and belief, plaintiff alleges that HARRIS has received other sums and assets from the KNIGHT Defendants, in partial satisfaction of the Judgment, the value of which is subject to proof at trial but which is believed to total not less than $2 million. Accordingly, plaintiff claims damage against HARRIS in the sum of 40 percent of any gross recoveries she obtained, or may obtain in the future, from all or any of the KNIGHT Defendants.

18.    As a result of this, plaintiff has been damaged by HARRIS' failure and refusal to pay for all or part the attorneys' fees called for in the Retainer Agreement, including but not limited to payment of forty percent (40%) of any and all gross recovery, payments or consideration of any kind paid to HARRIS to date. Other defendants have similarly caused damage by failing and refusing to acknowledge plaintiff's lien rights, or to actually pay or reserve any of the funds paid to HARRIS to satisfy the lien for attorneys' services properly put into place by plaintiff.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

5
FIRST AMENDED COMPLAINT

274

## FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

### (Against Lydia Harris, Lifestyle Records, Inc., New Image Media Corp. and

### Does 1 through 25, Inclusive)

19.   Plaintiff incorporates by this reference all allegations and facts alleged in paragraphs 1 through 18, above.

20.   On or about January 25, 2002, plaintiff and defendant HARRIS entered into a written Contingency Fee Agreement in Los Angeles County, California whereby plaintiff agreed to represent HARRIS in connection with liability claims against MARION H. KNIGHT, aka SUGE KNIGHT and his related entity DEATH ROW RECORDS, INC, and in connection with liability claims against GILLIAM.  A copy of that written retainer agreement, attached as Exhibit F, is incorporated herein in full by this reference.

21.   Some of the material terms of the Contingency Fee Agreement include that WCCP is authorized to incur reasonable costs and expenses in performing legal services and that "[HARRIS] agrees to reimburse [WCCP] for such costs and expenses in addition to the contingency fee. . ."  The contingency fee negotiated by HARRIS was for forty percent (40%);  HARRIS acknowledged that the fee arrangement is fair and reasonable.

22.   The Contingency Fee Agreement negotiated by HARRIS further specifically included language granting plaintiff a lien upon any recovery, for payment of plaintiff's attorneys' fees, "to secure payment to Attorney of all sums due under this Agreement for services rendered or costs advanced, Client hereby grants Attorney a lien on Client's claim and any cause of action or lawsuit filed thereon, and to any recovery Client may obtain, whether by settlement, judgment or otherwise."

23.   Plaintiff has performed all conditions, covenants and promises of the Agreement.  On February 26, 2002, plaintiff prepared and filed a complaint for damages on behalf of The HARRIS Defendants, Los Angeles Superior Court Case Number BC268857.

24.   Plaintiff prosecuted the HARRIS lawsuit from February 26, 2002 through March 9, 2005 when the Court entered a money judgment in favor of HARRIS and her

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WCI1-0000007
3123884.1

6

FIRST AMENDED COMPLAINT

275

1  related business entity NEW IMAGE MEDIA CORP. and against The KNIGHT

2  Defendants in the sum of $107 million ($45 million for economic damages, $2 million for

3  non-economic damages and $60 million for punitive damages). A copy of the Judgment is

4  attached hereto and incorporated herein by reference as Exhibit A. In addition, on March

5  26, 2004, the Court entered judgment in favor of HARRIS and her related business entity

6  NEW IMAGE MEDIA CORP. and against GILLIAM in the sum of $760,000 plus interest.

7  (Exhibit B.)

8      25.    On or about May 19, 2005, HARRIS discharged plaintiff as her attorney. On

9  or about May 20, 2005, HARRIS filed a Substitution of Attorney with the Court indicating

10  that she was representing herself.

11      26.    On May 19, 2005, plaintiff filed and served on defendants a Notice of

12  Attorney Lien equal to forty percent (40%) of any and all gross recovery, payments or

13  consideration of any kind or nature paid or transferred in satisfaction, in whole or in part,

14  of the Judgment against KNIGHT, et al., entered in LASC Case No. BC268857 (40% of

15  $107 million plus interest accruing at the rate of $29,315.00 per day) plus costs expended

16  in the sum of $213,890.27. (Exhibit C.) On September 9, 2005, plaintiff filed and served

17  on GILLIAM a Notice of Lien in the sum of $304,000.00 plus interest. (Exhibit D.)

18      27.    On June 17, 2005, HARRIS filed with the Court a "Notice of Settlement"

19  which represents that HARRIS and KNIGHT had agreed to a conditional settlement on

20  "specified terms that are not to be performed within 45 days of the settlement." The

21  Notice states that a Request for Dismissal will be filed no later than May 27, 2005 (40 days

22  earlier). By the terms of the "Notice of Settlement," the negotiations and settlement itself

23  occurred before a Substitution of Attorney was filed. None of the defendants notified

24  plaintiff of any such negotiations or settlement and the defendants have, affirmatively

25  concealed the fact of such negotiations and the settlement terms.

26      28.    The HARRIS Defendants have breached the material terms of the

27  Contingency Fee Agreement by, among other things, failing and refusing to pay plaintiff

28  for professional legal services rendered on her behalf.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

7

FIRST AMENDED COMPLAINT

276

29. As a result of HARRIS' breach of contract, plaintiff has been damaged by HARRIS' failure and refusal to pay for all or part the attorneys' fees called for in the Retainer Agreement, including but not limited to payment of forty percent (40%) of any and all gross recovery, payments or consideration of any kind paid to HARRIS to date.

30. Plaintiff is informed, and thereon alleges, that its damages include, but are not limited to, HARRIS's failure and refusal to pay anything at all to plaintiff out of the $1 million secret purported settlement paid by or through the KNIGHT Defendants to HARRIS in or about June 2005. Refusal to pay any sum at all to the plaintiff out of that $1 million violates plaintiff's lien rights, and is a breach of HARRIS' Retainer Fee Agreement with plaintiff. No other payments have been made by HARRIS to plaintiff from any other payments or transfers made to HARRIS by or on behalf of the KNIGHT Defendants (if any), in further violation of plaintiff's lien rights and in further breach of HARRIS' Retainer Fee Agreement with plaintiff.

## SECOND CAUSE OF ACTION

## QUANTUM MERUIT

### (Plaintiff vs. The HARRIS Defendants and DOES 1 Through 25, Inclusive)

31. Plaintiff incorporates herein by reference paragraphs 1 through 18 of this First Amended Complaint as though fully set forth herein.

32. Within the past two years, plaintiff rendered legal services to The HARRIS Defendants and incurred costs in connection with those legal services at the special request of the HARRIS Defendants. The HARRIS Defendants promised to pay plaintiff for those legal services and costs. Neither the HARRIS Defendants nor plaintiff reasonably expected or believed that plaintiff would provide legal services, and prepay legal costs, on behalf of the HARRIS Defendants for no compensation at all.

33. Upon plaintiff's information and belief, the reasonable value of the services and unpaid costs incurred by plaintiff for the benefit of The HARRIS Defendants may exceed $10 million.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

8

FIRST AMENDED COMPLAINT

277

1  Plaintiff has repeatedly demanded from the HARRIS Defendants information

2  concerning any purported settlement with The KNIGHT Defendants, or the receipt

3  of payments from or on behalf of the KNIGHT Defendants.  The HARRIS

4  Defendants have refused and continue to refuse to provide completely and accurately

5  any such information, or pay any sums for the reasonable value of professional

6  services rendered on behalf of HARRIS.THIRD CAUSE OF ACTION

7  FOR MONEY HAD AND RECEIVED

8  (Plaintiff vs. The HARRIS Defendants and DOES 1 Through 25, Inclusive)

9       35.    Plaintiff incorporates herein by reference paragraphs 1 through 18 of this

10  First Amended Complaint as though fully set forth herein.

11       36.    Plaintiff is informed and believes and thereon alleges that as a proximate

12  result of professional legal services performed by plaintiff on behalf of The HARRIS

13  Defendants, The HARRIS Defendants received payments or other consideration in full or

14  partial satisfaction of the $107 million judgment against The KNIGHT Defendants.

15       37.    In equity and in good conscience, forty percent (40%) of any recovery to

16  HARRIS should be paid to plaintiff.

17       38.    The HARRIS Defendants have refused to pay anything to plaintiff for the

18  attorneys' fees it incurred, in good faith, on her behalf, and in reliance on HARRIS'

19  written promise to pay plaintiff forty (40) percent of any recovery she obtained against the

20  KNIGHT Defendants.  One or more of The HARRIS Defendants received a sum of money

21  from or on behalf of the KNIGHT Defendants, in full or partial satisfaction of the

22  Judgment; upon information and belief, plaintiff contends that this sum was at least $1

23  million.  HARRIS, the KNIGHT Defendants, and Dermot Damien Givens concede that at

24  least $1 million was paid by or on behalf of the KNIGHT Defendants to HARRIS, and that

25  no notice of that settlement or payment was given to plaintiff.  No fees have been paid to

26  plaintiff from any other transfer of money or assets to or on behalf of the HARRIS

27  Defendants by or on behalf of the KNIGHT Defendants, with the actual knowledge and

28  assistance of their attorney, Dermot Damien Givens, in full or partial satisfaction of the

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

9

FIRST AMENDED COMPLAINT

278

1  Judgment.  The HARRIS Defendants have instead concealed the terms of any purported

2  settlement with the KNIGHT Defendants from plaintiff, or has hidden the fact of payments

3  made to or on behalf of the HARRIS Defendants from or on behalf of the KNIGHT

4  Defendants.

5

6                    **FOURTH CAUSE OF ACTION**

7                    **FOR AN ACCOUNTING**

8                    **(Plaintiff vs. All Defendants)**

9        39.    Plaintiff incorporates herein by reference paragraphs 1 through 18, and 36

10  through 38 of this First Amended Complaint as though fully set forth herein.

11       40.    Plaintiff has demanded an accounting of any and all gross recovery,

12  payments or consideration of any kind or nature paid or transferred in satisfaction, in

13  whole or in part, of the Judgment entered in LASC Case No. BC268857.  The defendants,

14  and each of them, have refused to provide any accounting of the consideration agreed to or

15  paid.  Plaintiff therefore now requests that this court order a full and complete accounting

16  of all sums or assets received by or on behalf of any of The HARRIS Defendants, or any of

17  their agents or persons acting on their behalf, from or on behalf of any of the KNIGHT

18  Defendants, or from any other entity or source, in partial or full satisfaction of the

19  Judgment.

20

21                    **FIFTH CAUSE OF ACTION**

22                    **INTERFERENCE WITH CONTRACT**

23         **(Plaintiff vs. The KNIGHT Defendants, THA ROW RECORDS, LLC,**

24         **THA ROW, INC., DERMOT GIVENS and DOES 26 Through 100, Inclusive)**

25       41.    Plaintiff incorporates herein by reference paragraphs 1 through 18 of this

26  First Amended Complaint as though fully set forth herein.

27       42.    Defendants MARION H. KNIGHT, aka SUGE KNIGHT, DEATH ROW

28  RECORDS, INC., DEATH ROW RECORDS, LLC, THA ROW, INC., DERMOT

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

10

FIRST AMENDED COMPLAINT

279

1  GIVENS, LYDIA HARRIS, LIFESTYLE RECORDS, INC., NEW IMAGE MEDIA

2  CORP. and DOES 26 through 100 were served with notice of plaintiffs lien on May 19,

3  2005. Defendant GILLIAM and DOES 70 through 80 were served with Notice of Lien on

4  the GILLIAM Judgment on September 9, 2005. The defendants, and each of them, by and

5  through their authorized representatives, had actual knowledge of plaintiffs valid contract

6  and lien.

7       43.    Plaintiff is informed and believes and thereon alleges that the judgment

8  debtors (The KNIGHT Defendants) and their attorney, DERMOT GIVENS, conspired

9  with HARRIS to deprive plaintiff of its lien rights. Plaintiff is informed and believes and

10 thereon alleges that The KNIGHT Defendants, DERMOT GIVENS and Does 26 through

11 100 caused payments or other consideration to be made to HARRIS pursuant to the

12 judgment without notice to plaintiff and without satisfying any portion of plaintiffs valid

13 lien. The Knight defendants and GIVENS made it more difficult, expensive or

14 burdensome to collect fees and costs which were earned. The Knight defendants and

15 GIVENS either intended to prevent Harris from performing her contractual obligations to

16 plaintiff or knew that collection of fees and costs would be more expensive or burdensome

17 as a result of their conduct.

18      44.    The KNIGHT Defendants, GIVENS and Does 26 through 100 intentionally

19 interfered with plaintiffs valid contractual and/or equitable lien in an amount equal to the

20 payment or other consideration which has passed or will pass between KNIGHT and

21 GILLIAM on the one hand and HARRIS on the other hand.

22      45.    Plaintiff is informed and believes and thereon alleges that The KNIGHT

23 Defendants have provided payments or other consideration to HARRIS with a value in

24 excess of $2 million. Accordingly, plaintiff alleges that, to date, said defendants'

25 intentional interference with plaintiff's contractual lien rights has caused damage to

26 plaintiff in a sum exceeding $1,013,890.27, or forty (40) percent of any actual payments

27 made by or on behalf of the KNIGHT Defendants to the HARRIS Defendants, plus

28 interest.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WCI11-0000007
3123884.1

11

FIRST AMENDED COMPLAINT

280

## SIXTH CAUSE OF ACTION

### FOR ORDER GRANTING EQUITABLE ASSIGNMENT OF JUDGMENTS

### (Plaintiff vs. The KNIGHT Defendants, GILLIAM, Lydia Harris, and

### DOES 1 Through 25

### and DOES 50 through 75, Inclusive)

46.    Plaintiff incorporates herein by reference paragraphs 1 through 18 and 36 through 38 of this First Amended Complaint as though fully set forth herein.

47.    HARRIS discharged plaintiff without cause after entry of judgment in the sum of $107 million against The KNIGHT Defendants.

48.    Plaintiff is informed and believes and thereon alleges that HARRIS discharged plaintiff for the primary purpose of concealing payments and violating plaintiffs contractual right to collect a contingency fee based upon any recovery in the underlying lawsuit, as well as in violation of its rights as set forth in the May 19, 2005 Notice of Lien, as well as violating plaintiffs rights to a contingent fee from any recovery against GILLIAM.

49.    Plaintiffs contract with HARRIS created a lien upon the recovery whether by settlement or judgment.  By reason of the professional services rendered, plaintiff is an equitable assignee of the judgments or settlements to the extent of fees and costs which are due plaintiff for services.  [*Siciliano v. Fireman's Fund Ins. Co.* (1976) 62 Cal.App.3d 745.]

50.    Plaintiff is informed and believes and thereon alleges that it is entitled to an equitable assignment of forty (40) percent of the judgments against The KNIGHT Defendants and GILLIAM, and/or forty (40) percent of any settlement or other recoveries obtained by or on behalf of the HARRIS Defendants from or on behalf of the KNIGHT Defendants.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

12

FIRST AMENDED COMPLAINT

281

## SEVENTH CAUSE OF ACTION FOR DECLARATORY RELIEF

### (Plaintiff vs. All Defendants)

51.     Plaintiff incorporates herein by reference paragraphs 1 through 18 and 36 through 38 of this First Amended Complaint as though fully set forth herein.

52.     Plaintiff alleges that it has a valid lien on any and all recovery, payments, or consideration of any kind or nature paid in satisfaction of the judgment against The KNIGHT Defendants for forty percent (40%) of $107 million plus interest at the rate of $29,315.00 per day plus costs expended in the sum of $213,890.27.  Plaintiff alleges that it has a valid lien on any and all recovery, payments, or consideration of any kind or nature paid in satisfaction of the judgment against GILLIAM for forty percent (40%) of $760,000.00 plus interest at the rate of $208.22 per day plus costs as aforementioned. Plaintiff is informed and believes and thereon alleges that defendants contend that they had or have the right to disregard plaintiffs lien and that KNIGHT and/or GILLIAM can make payments in partial or total satisfaction of the judgment without paying anything to plaintiff.  Plaintiff contends to the contrary:

53.     Plaintiff contends that any settlement agreement between The KNIGHT Defendants and HARRIS and/or any settlement between GILLIAM and HARRIS is void to the extent that it purports to release, extinguish, impair or modify plaintiffs vested rights to recover forty percent (40%) of the judgment plus costs as reflected in the attorney liens served on May 19, 2005 and September 9, 2005.

54.     Plaintiff is informed and believes and thereon alleges that defendants contend that they have or had the right to disregard, impair, release, diminish or extinguish the lien rights of plaintiff.

55.     Plaintiff contends that any agreement between the defendants that was made without the consent of plaintiff is a nullity as to plaintiff because any such agreement was a fraud upon plaintiff, was made with unclean hands and without any consideration to plaintiffs vested interests.  Plaintiff is informed and believes and thereon alleges that defendants contend to the contrary.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

13

FIRST AMENDED COMPLAINT

282

1    56.   Plaintiff requests a judicial declaration that plaintiff may recover judgment

2  against The KNIGHT Defendants and its related entities and alter egos in the sum of forty

3  percent (40%) of $107 million plus interest at the rate of $27,315.00 per day from March

4  9, 2005.  Plaintiff also requests a judicial declaration that plaintiff may recover judgment

5  against GILLIAM in the sum of forty percent (40%) of $760,000 plus interest at the rate of

6  $208.22 per day from February 5, 2004.

7    WHEREFORE, plaintiff prays for judgment as follows:

8    1.   For special damages in the sum of $42,800,000.00 plus interest jointly and

9  severally against The HARRIS Defendants, The KNIGHT Defendants and DERMOT

10 GIVENS, or according to proof;

11   2.   For special damages in the sum of $304,000.00 plus interest from GILLIAM,

12 or according to proof, **and**

13   3.   For a judgment assigning to plaintiff forty percent (40%) of the March 9,

14 2005 judgment against MARION H. KNIGHT and DEATH ROW RECORDS, INC.,

15 **and/or;**

16   4.   For a judgment assigning to plaintiff forty percent (40%) of the March 26,

17 2004 judgment against GILLIAM.  Further, plaintiff requests:

18   5.   A judicial declaration that any agreement by and between the defendants

19 which purports to affect the rights of the plaintiff is void;

20   6.   The imposition of a constructive trust upon any proceeds paid to The

21 HARRIS Defendants in satisfaction of the judgments;

22   7.   An accounting, requiring the defendants to disclose to plaintiff the exact

23 arms of any and all settlement agreements reached between the defendants and any

24 consideration paid in satisfaction of the judgment;

25   8.   A temporary restraining order, preliminary injunction and/or permanent

26 injunction freezing and/or attaching the assets of the defendants up to plaintiffs interest in

27 the underlying judgments;

28   9.   Its costs of suit;

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

14

FIRST AMENDED COMPLAINT

283

10.    Prejudgment interest, as provided by law;  and

11.    Such further relief which is just and proper.

Dated: April 3, 2006

HAIGHT BROWN & BONESTEEL LLP;
WASSERMAN, COMDEN &
CASSELMAN, L.L.P.

By: _____

Peter Q. Ezzell
Nancy E. Lucas
Stephen M. Caine;
David B. Casselman
Leonard J. Comden
Attorneys for Plaintiff WASSERMAN,
COMDEN, CASSELMAN &
PEARSON, L.L.P.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

15

FIRST AMENDED COMPLAINT

284

## LIST OF EXHIBITS

A.    Judgment in favor of HARRIS and NEW IMAGE MEDIA CORP. and
      against MARION H. KNIGHT, aka SUGE KNIGHT and DEATH ROW
      RECORDS, INC.

B.    March 26, 2004, Court judgment in favor of HARRIS and her related
      business entity NEW IMAGE MEDIA CORP. and against GILLIAM in the
      sum of $760,000 plus interest.

C.    May 19, 2005 Notice of Attorney Lien equal to forty percent (40%) of any
      and all gross recovery, payments or consideration of any kind or nature paid
      or transferred in satisfaction, in whole or in part, of the Judgment against
      KNIGHT, et al. entered in LASC Case No. BC268857 (40% of $107 million
      plus interest accruing at the rate of $29,315.00 per day) plus costs expended
      in the sum of $213,890.27.

D.    September 9, 2005 Notice of Attorney Lien filed September 9, 2005 in the
      sum of $304,000.00, plus interest.

E.    Notice of Settlement, filed June 17, 2005.

F.    Contingency Fee Agreement.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

16

FIRST AMENDED COMPLAINT

285

## PROOF OF SERVICE BY MAIL

1

2

3  STATE OF CALIFORNIA        )
                              )   ss.:
4  COUNTY OF LOS ANGELES      )

5  *WASSERMAN v. LYDIA HARRIS; LIFESTYLE RECORDS*
   *BC 340196*

6      I am employed in the County of Los Angeles, State of California.  I am over the age
7  of 18 and not a party to the within action.  My business address is 6080 Center Drive, Suite
   800, Los Angeles, CA 90045-1574.

8      On April 3, 2006, I served on interested parties in said action the within:

9  FIRST AMENDED COMPLAINT

10  ☒  (MAIL)  by placing a true copy thereof in sealed envelope(s) addressed as stated on
11     the attached service list.

12

13      I am readily familiar with this firm's practice of collection and processing
    correspondence for mailing.  Under that practice it would be deposited with the U.S. postal
14  service on that same day with postage thereon fully prepaid at Los Angeles, California, in
    the ordinary course of business.  I am aware that on motion of party served, service is
15  presumed invalid if postal cancellation date or postage meter date is more than 1 day after
    date of deposit for mailing in affidavit.

16      Executed on April 3, 2006, at Los Angeles, California.

17      I declare under penalty of perjury under the laws of the State of California that the
18  foregoing is true and correct.

19

20      Theresa Welsch                                    _____
        (Type or print name)                                  (Signature)

21

22

23

24

25

26

27

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.     WC11-0000007                    17
Los Angeles           3123884.1          FIRST AMENDED COMPLAINT

286

MAILING LIST
WASSERMAN v. LYDIA HARRIS; LIFESTYLE RECORDS
BC 340196

David B. Casselman
Wasserman Comden, Casselman & Pearson
5567 Reseda Blvd., #330
Tarzana, CA 91357

Tel:    818-705-6800
Fax:    818-705-8634
hblum@wcclaw.com

Gary S. Soter
Pearson, Soter, Warshaw & Penny
15165 Ventura Blvd., #400
Sherman Oaks, CA 91403

Tel:    818-788-8300
Fax:    818-788-8104
gsoter@pswplaw.com

Kevin Gilliam
1502 South Alpine Dr.
West Covina, CA 91791

[Pro Per]

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

18
FIRST AMENDED COMPLAINT

287

## PROOF OF SERVICE BY OVERNIGHT DELIVERY

STATE OF CALIFORNIA      )    ss.:

COUNTY OF LOS ANGELES      )

*WASSERMAN v. LYDIA HARRIS; LIFESTYLE RECORDS*
BC 340196

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 6080 Center Drive, Suite 800, Los Angeles, CA 90045-1574.

    On April 3, 2006, I served on interested parties in said action the within:

FIRST AMENDED COMPLAINT

    I deposited in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated on the attached service list, with fees for overnight delivery paid or provided for.

    Executed on April 3, 2006, at Los Angeles, California.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Theresa Welsch
_____      _____
(Type or print name)          (Signature)

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

23

FIRST AMENDED COMPLAINT

03/24/06 4:18 PM
Draft

288

MAILING LIST
WASSERMAN v. LYDIA HARRIS; LIFESTYLE RECORDS
BC 340196

Rex Julian Beaber
1546 Calmar Court
Los Angeles, CA  90024

Tel:   557-1198
Fax:
Xerxers@aol.com

Debra V. Crawford
P.O. Box 373, SW Mission & 4th, #5
Carmel, CA  93921-0373

Tel:   831-624-2422
Fax:   831-624-2428
ddvcrawford@earthlink.net

Laurence D. Strick
Law Office of Laurence D. Strick
339 N. Sycamore Ave., # 2
Los Angeles, CA  90036

Tel: (323) 964-5231
Fax: (323) 964-8135

larrystrick@yahoo.com

Dermot Damian Givens
433 North Camden Dr., #600
Beverly Hills, CA  90210

Tel:   310-854-8823
Fax:   323-878-0416
dermotg@aol.com

Steven M. Goldberg
Russ, August & Kabat
12424 Wilshire Blvd., 12th Floor
Los Angeles, CA  90025

Tel:   310-979-8274
Fax:   310-826-6991

Larry Nagelberg
Nagelberg & Associates
The Tower, Suite 2150
10940 Wilshire Blvd.
Los Angeles, CA  90024

Tel: (310) 208-3220
Fax: (310) 208-3830

LAW OFFICES
HAIGHT, BROWN &
BONSTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

23
FIRST AMENDED COMPLAINT

03/24/06 4:18 PM
Draft

289

EXHIBIT  A

1  DAVID B. CASSELMAN (SBN 81657)
   I.DONALD WEISSMAN (SBN 67980)
2  WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.
   5567 Reseda Boulevard, Suite 330
3  Post Office Box 7033
   Tarzana, California 91357-7033
4  Telephone:  (818) 705-6800 • (323) 872-0995
   Facsimile:   (818) 705-8147
5
   Attorneys for Plaintiffs
6  LYDIA HARRIS and NEW IMAGE MEDIA
   CORPORATION
7

**FILED**
LOS ANGELES SUPERIOR COURT

APR 1 4 2005

JOHN A. CLARKE, CLERK
E. Martinez
BY ELIZABETH MARTINEZ, DEPUTY

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10

11  LYDIA HARRIS, LIFESTYLE           )  CASE NO. BC 268857
    RECORDS, INC., AND NEW IMAGE      )
12  MEDIA CORP.,                      )
                                      )  Case Assigned to:
13          Plaintiffs,               )  Judge Ronald M. Sohigian - Dept. 41
                                      )
14      v.                            )  [Complaint Filed:  February 26, 2002]
                                      )
15  KEVIN GILLIAM AKA BATTLECAT;      )
    MARION H. KNIGHT AKA SUGE         )
16  KNIGHT; DEATH ROW RECORDS;        )  NOTICE OF ENTRY OF JUDGMENT
    THA ROW, INC.; DAVID E. KENNER;   )
17  DAVID E. KENNER PROFESSIONAL      )
    LAW CORPORATION; DAVID E.         )
18  KENNER, A PROFESSIONAL            )
    CORPORATION; THE DAVID E.         )
19  KENNER TRUST; INTERSCOPE          )
    RECORDS; JIMMY IOVINE; JOHN T.    )
20  MCCLAIN, JR.; A&M RECORDS; ET     )
    AL.,                              )
21                                    )
            Defendants.               )
22  _____     )

23  TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

24

25          PLEASE TAKE NOTICE that pursuant to the Judgment dated March 9, 2005 (a true

26  and correct copy of which is attached hereto as Exhibit A), judgment was entered in the sum of

27  $107,000,000.00, together with interest thereon at the rate of ten (10) percent per year from

28  March 9, 2005, in favor of LYDIA HARRIS and NEW IMAGE MEDIA CORP. and against

400205.1                        *NOTICE OF ENTRY OF JUDGMENT*



1  MARION H. KNIGHT, aka SUGE KNIGHT and DEATH ROW RECORDS.

2

3  DATED: April 13, 2005          WASSERMAN, COMDEN, CASSELMAN &
                                    PEARSON L.L.P.
4

5

6  By: _____
                                    I. DONALD WEISSMAN
7                                   Attorneys for Plaintiffs
   LYDIA HARRIS and NEW IMAGE MEDIA
8  CORPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

400205.1                        *NOTICE OF ENTRY OF JUDGMENT*

292



1    MARION H. KNIGHT, aka SUGE KNIGHT and DEATH ROW RECORDS.

2

3    DATED: April 13, 2005                WASSERMAN, COMDEN, CASSELMAN &
                                          PEARSON L.L.P.
4

5

6    By: _____
                  I. DONALD WEISSMAN
7    Attorneys for Plaintiffs
     LYDIA HARRIS and NEW IMAGE MEDIA
8    CORPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

4J0205.1                    *NOTICE OF ENTRY OF JUDGMENT*

1   DAVID B. CASSELMAN (SBN 81657)
    I.DONALD WEISSMAN (SBN 67980)
2   WASSERMAN, COMDEN, CASSELMAN & PEARSON
    5567 Reseda Boulevard, Suite 330
3   Post Office Box 7033
    Tarzana, California 91357-7033
4   Telephone:   (818) 705-6800 • (323) 872-0995
    Facsimile:   (818) 705-8147

5

    Attorneys for Plaintiffs
6   LYDIA HARRIS and NEW IMAGE MEDIA
    CORPORATION

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF LOS ANGELES

10

11  LYDIA HARRIS, LIFESTYLE          )   CASE NO. BC 268857
    RECORDS, INC., AND NEW IMAGE     )
12  MEDIA CORP.,                     )
                                     )   Case Assigned to:
13              Plaintiffs,          )   Judge Ronald M. Sohigian - Dept. 41
                                     )
14          v.                       )   [Complaint Filed: February 26, 2002]
                                     )
15  KEVIN GILLIAM AKA BATTLECAT;     )
    MARION H. KNIGHT AKA SUGE        )
16  KNIGHT; DEATH ROW RECORDS;       )   NOTICE OF ENTRY OF JUDGMENT
    THA ROW, INC.; DAVID E. KENNER;  )
17  DAVID E. KENNER PROFESSIONAL     )
    LAW CORPORATION; DAVID E.        )
18  KENNER, A PROFESSIONAL           )
    CORPORATION; THE DAVID E.        )
19  KENNER TRUST; INTERSCOPE         )
    RECORDS; JIMMY IOVINE; JOHN T.   )
20  MCCLAIN, JR.; A&M RECORDS; ET    )
    AL.,                             )
21                                   )
                Defendants.          )
22  _____ )

23  TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

24

25          PLEASE TAKE NOTICE that pursuant to the Judgment dated March 9, 2005 (a true

26  and correct copy of which is attached hereto as Exhibit A), judgment was entered in the sum of

27  $107,000,000.00, together with interest thereon at the rate of ten (10) percent per year from

28  March 9, 2005, in favor of LYDIA HARRIS and NEW IMAGE MEDIA CORP. and against

_____

400205.1                    *NOTICE OF ENTRY OF JUDGMENT*

FILED
LOS ANGELES SUPERIOR COURT

APR 1 4 2005

JOHN A. CLARKE, CLERK
E. Martinez
BY ELIZABETH MARTINEZ, DEPUTY

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
5567 RESEDA O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

ORIGINAL FILED

MAR 09 2005

LOS ANGELES
SUPERIOR COURT

1  DAVID B. CASSELMAN (SBN 81657)
   I.DONALD WEISSMAN (SBN 67980)
2  WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
   5567 Reseda Boulevard, Suite 330
3  Post Office Box 7033
   Tarzana, California 91357-7033
4  Telephone:  (818) 705-6800 · (323) 872-0995
   Facsimile:  (818) 705-8147

5

6  Attorneys for Plaintiffs
   LYDIA HARRIS and NEW IMAGE MEDIA
   CORPORATION

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               FOR THE COUNTY OF LOS ANGELES

10

11 LYDIA HARRIS, LIFESTYLE          )  CASE NO. BC 268857
   RECORDS, INC., AND NEW IMAGE     )
12 MEDIA CORP.,                     )
                                    )  Case Assigned to:
13        Plaintiffs,               )  Judge Ronald M. Sohigian - Dept. 41
                                    )
14   v.                             )  [Complaint Filed: February 26, 2002]
                                    )
15 KEVIN GILLIAM AKA BATTLECAT;     )
   MARION H. KNIGHT AKA SUGE        )  JUDGMENT
16 KNIGHT; DEATH ROW RECORDS;       )
   THA ROW, INC.; DAVID E. KENNER;  )
17 DAVID E. KENNER PROFESSIONAL     )
   LAW CORPORATION; DAVID E.        )
18 KENNER, A PROFESSIONAL           )
   CORPORATION; THE DAVID E.        )
19 KENNER TRUST; INTERSCOPE         )
   RECORDS; JIMMY IOVINE; JOHN T.   )
20 MCCLAIN, JR.; A&M RECORDS; ET    )
   AL.,                             )
21                                  )
          Defendants.               )
22 _____ )

23        Upon the Order striking the Answer of MARION H. KNIGHT, aka SUGE KNIGHT, AND

24 DEATH ROW RECORDS, INC., AKA DEATH ROW RECORDS L.L.C. and THA ROW, INC.;

25 to Plaintiffs' Complaint and entering default thereon, consideration of the Plaintiffs' Application

26 for Default Prove-up Damages and the supporting declarations of Lydia Harris, I.Donald

27 Weissman, Michael Harris and Phil Ames, and good cause appearing therefor,

28                              EX A

_____

                        JUDGMENT

1      IT IS HEREBY ADJUDGED that judgment is entered in favor of plaintiffs, LYDIA

2 HARRIS and NEW IMAGE MEDIA CORP., and against defendants, MARION H. KNIGHT

3 aka SUGE KNIGHT, DEATH ROW RECORDS, INC., ~~DEATH ROW RECORDS L.L.C.~~,

4 ~~and DEATH ROW, INC.~~, in the sum of $ _45,000,000_ for economic damages,

5 $ _2,000,000_ for non-economic damages, $ _60,000,000_ for punitive damages.

6

7      Further, PLAINTIFFS to recover costs pursuant to a memorandum of costs to be filed

8 pursuant to the statute _IN THE AMOUNT OF $_____.

9

10       MAR 0 9 2005       RONALD M. SOHIGIAN

11 Dated: _____       JUDGE OF THE LOS ANGELES SUPERIOR COURT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

JUDGMENT

296

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

PROOF OF SERVICE
Harris et al. v. Gilliam et al.
BC268857

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of LOS ANGELES, STATE OF CALIFORNIA. My business address is: 5567 Reseda Boulevard, Suite 330, Post Office Box 7033, Tarzana, California 91357-7033. I am over the age of 18 years and am not a party to this action.

On April 13, 2005, I served the following document(s) entitled **NOTICE OF ENTRY OF JUDGMENT** on ALL INTERESTED PARTIES in this action:

Dermot Damian Givens, Esq.                   Attorney for defendant MARION H.
433 N. Camden Dr., Ste. 600                   KNIGHT, DEATH ROW RECORDS
Beverly Hills, CA 90210                       and THA ROW, INC.

☒ **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal Service. The correspondence, pleadings and other matters are deposited with the United States Postal Service with postage thereon fully prepaid in Tarzana, California, on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to _____ for delivery to the above address(es).

☐ **BY FAX:** I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown above.

☐ **BY PERSONAL SERVICE:** I served such envelope to be delivered by hand to the offices of the addressee(s).

☒ [State]    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ [Federal]    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 13, 2005, at Tarzana, California.

BILLIE J. TOWE

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

400205.1

*NOTICE OF ENTRY OF JUDGMENT*

297

**EXHIBIT  B**

COPY

FILED
LOS ANGELES SUPERIOR COURT

MAR 2 6 2004

JOHN A. CLARKE, CLERK
BY R. McGLOTHLIN, DEPUTY

1  DAVID B. CASSELMAN (SBN 81657)
   I.DONALD WEISSMAN (SBN 67980)
2  WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
   5567 Reseda Boulevard, Suite 330
3  Post Office Box 7033
   Tarzana, California 91357-7033
4  Telephone:  (818) 705-6800 • (323) 872-0995
   Facsimile:   (818) 705-8147
5
6  Attorneys for Plaintiffs
   LYDIA HARRIS and NEW IMAGE MEDIA
   CORPORATION
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF LOS ANGELES

10

11  LYDIA HARRIS, LIFESTYLE          )   CASE NO. BC 268857
    RECORDS, INC., AND NEW IMAGE     )
12  MEDIA CORP.,                     )
                                     )   Case Assigned to:
13         Plaintiffs,               )   Judge David A. Workman - Dept. 40
                                     )
14  v.                               )   [Complaint Filed:  February 26, 2002]
                                     )
15  KEVIN GILLIAM AKA BATTLECAT;     )
    MARION H. KNIGHT AKA SUGE        )   ORDER CONFIRMING
16  KNIGHT; DEATH ROW RECORDS;       )   ARBITRATION AWARD AND
    THA ROW, INC.; DAVID E. KENNER;  )   JUDGMENT
17  DAVID E. KENNER PROFESSIONAL     )
    LAW CORPORATION; DAVID E.        )
18  KENNER, A PROFESSIONAL           )
    CORPORATION; THE DAVID E.        )
19  KENNER TRUST; INTERSCOPE         )
    RECORDS; JIMMY IOVINE; JOHN T.   )
20  McCLAIN, JR.; A&M RECORDS; ET    )
    AL.,                             )
21                                   )
           Defendants.               )
22  _____  )

23                            ORDER

24

25         The petition of LYDIA HARRIS and NEW IMAGE MEDIA CORP. for an order

26  confirming an arbitration award came on regularly on February 5, 2004, at 8:30 a.m., in

27  Department 40 for hearing by the court.

28

_____
372694.1
        ORDER CONFIRMING ARBITRATION AWARD AND JUDGMENT

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

1    Petitioners LYDIA HARRIS and NEW IMAGE MEDIA CORP. appeared by their

2   attorney of record, I.DONALD WEISSMAN, ESQ. of Wasserman, Comden, Casselman &

3   Pearson, L.L.P.  Respondent KEVIN GILLIAM aka BATTLECAT, through his counsel of

4   record filed a Notice of Non-Opposition to Plaintiffs' Petition to Conform.

5

6    Proof having been made to the satisfaction of the court that the petition should be

7   granted, IT IS ORDERED that the award of Hon. William S. Schoettler (Retired) dated

8   December 24, 2003, is confirmed in all respects and that judgment be entered in conformity

9   therewith.

10

11   DATED: _march 26, 2004_   By: _____
                                Judge of the Superior Court
12                                DAVID A. WORKMAN

13                        JUDGMENT

14

15    The award of Hon. William S. Schoettler (Retired) having been confirmed by order of this

16   court on February 5, 2004, IT IS ADJUDGED that petitioner NEW IMAGE MEDIA CORP.,

17   recover from respondent KEVIN GILLIAM aka BATTLECAT the sum of $760,000.00, together

18   with interest thereon at the rate of ten (10) percent per year from February 5, 2004, and costs of

19   this proceeding in the sum of $_____.

20

21

22   DATED: _march 26, 2004_   By: _____
                                Judge of the Superior Court
23                                DAVID A. WORKMAN

24

25

26

27

28

*ORDER CONFIRMING ARBITRATION AWARD AND JUDGMENT*

372694.1

300

PROOF OF SERVICE
<u>Harris et al. v. Gilliam et al.</u>
BC268857

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of LOS ANGELES, STATE OF CALIFORNIA. My business address is: 5567 Reseda Boulevard, Suite 330, Post Office Box 7033, Tarzana, California 91357-7033. I am over the age of 18 years and am not a party to this action.

On March 9, 2004 I served the following document(s) entitled ORDER CONFIRMING ARBITRATION AWARD AND JUDGMENT on ALL INTERESTED PARTIES in this action:

Hayes F. Michel, Esq.                        *Counsel for Kevin Gilliam, p/k/a*
PROSKAUER ROSE LLP                           *Battlecat*
2049 Century Park East, Suite 3200
Los Angeles, California 90067-3206
Tel.:  (310) 557-2900
Fax:  (310) 557-2193

☒  **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal Service. The correspondence, pleadings and other matters are deposited with the United States Postal Service with postage thereon fully prepaid in Tarzana, California, on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐  **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to _____ for delivery to the above address(es).

☐  **BY FAX:** I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown above.

☐  **BY PERSONAL SERVICE:** I served such envelope to be delivered by hand to the offices of the addressee(s).

☒  [State]    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐  [Federal]    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 9, 2004, at Tarzana, California.

BILLIE J. TOWE

301

EXHIBIT  C

302

1    DAVID B. CASSELMAN (SBN 81657)
     I.DONALD WEISSMAN (SBN 67980)
2    HOWARD S. BLUM (SBN 60609)
     WASSERMAN, COMDEN, CASSELMAN & PEARSON
3    5567 Reseda Boulevard, Suite 330
     Post Office Box 7033
4    Tarzana, California 91357-7033
     Telephone:  (818) 705-6800 · (323) 872-0995
5    Facsimile:  (818) 705-8147

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 19 2005

John A. Clarke, Executive Officer/Clerk

By _R. Arriaga_, Deputy
R. Arriaga

6    Attorneys for Plaintiffs
7    LYDIA HARRIS and NEW IMAGE MEDIA
     CORPORATION

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            FOR THE COUNTY OF LOS ANGELES

10

11    LYDIA HARRIS, LIFESTYLE
     RECORDS, INC., AND NEW IMAGE
12    MEDIA CORP.,

13         Plaintiffs,

14       v.

15    KEVIN GILLIAM AKA BATTLECAT;
     MARION H. KNIGHT AKA SUGE
16    KNIGHT; DEATH ROW RECORDS;
     THA ROW, INC.; DAVID E. KENNER;
17    DAVID E. KENNER PROFESSIONAL
     LAW CORPORATION; DAVID E.
18    KENNER, A PROFESSIONAL
     CORPORATION; THE DAVID E.
19    KENNER TRUST; INTERSCOPE
     RECORDS; JIMMY IOVINE; JOHN T.
20    MCCLAIN, JR.; A&M RECORDS; ET
     AL.,

21         Defendants.

22

CASE NO. BC 268857

Case Assigned to:
Judge Ronald M. Sohigian - Dept. 41

[Complaint Filed: February 26, 2002]

NOTICE OF ATTORNEY LIEN

23   TO:  JUDGMENT CREDITORS LYDIA HARRIS AND NEW IMAGE MEDIA CORP.;

24   JUDGMENT DEBTORS MARION H. KNIGHT AKA SUGE KNIGHT and DEATH ROW

25   RECORDS, INC.; DERMOT DAMIAN GIVENS AND ALL INTERESTED PARTIES:

26

27       PLEASE TAKE NOTICE that the law firm of Wasserman, Comden Casselman &

28   Pearson L.L.P. (hereinafter the "Firm"), hereby gives notice of its lien equal to forty percent

303

1 (40%) of any and all gross recovery, payments, or consideration of any kind or nature paid or

2 transferred in satisfaction, in whole or in part, of the judgment entered in the above-referenced

3 action in the principal sum of $107,000,000.00, plus interest accruing at the rate of $29,315.00

4 per day. Said percentage is to be applied after priority payment to the Firm of costs expended

5 in the sum of $213,890.27

6

7     PLEASE TAKE FURTHER NOTICE that Wasserman, Comden, Casselman &

8 Pearson L.L.P. must be named as a co-payee on any instrument or WRITING satisfying, in

9 whole or in part, said judgment. Failure to include Wasserman, Comden, Casselman & Pearson

10 L.L.P. as a co-payee will subject the payor to liability for duplicate payment of the sums

11 transferred.

12

13     PLEASE TAKE FURTHER NOTICE that the judgment creditors must notify any

14 transferee or assignee of the judgment, or anyone claiming an interest in said judgment, of the

15 content and existence of this lien.

16

17 DATED: May 18, 2005     WASSERMAN, COMDEN, CASSELMAN &
    PEARSON L.L.P.

18

19

20     By: _____

21     DAVID B. CASSELMAN
    Attorneys for Plaintiffs

22     LYDIA HARRIS and NEW IMAGE MEDIA
    CORPORATION

23

24

25

26

27

28

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

2

304

**PROOF OF SERVICE**
*Lydia Harris v. Kevin Gilliam, et al.*
(LASC Case No. BC 268857)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

    I am employed in the County of LOS ANGELES, STATE OF CALIFORNIA. My business address is: 5567 Reseda Boulevard, Suite 330, Post Office Box 7033, Tarzana, California 91357-7033. I am over the age of 18 years and am not a party to this action

    On May 19, 2005, I served the following document(s) entitled NOTICE OF ATTORNEY LIEN on ALL INTERESTED PARTIES in this action:

SEE ATTACHED LIST

☒    BY MAIL : By placing a true cor    in a sealed envelope addressed as above, and placin  collect  and  following ordinary business practices. I am readily    practice of collection and processing correspon    ner matters for mailing with the United States Postal Serv ce  nce, pleadings and other matters are deposited with the United Sta.  Service with postage thereon fully prepaid in Tarzana, California, on the same day in the ordinar course of business. I am aware that on motion of the party served, service is p med invalid if the postal cancellation date or postage meter d more lay after date of deposit for mailing in affidavit.

☐    BY OVERNI    ed the above-referenced document(s) to be delivered to _____ n delivery to the above address(es).

☐    BY FAX: ed a copy of the foregoing document(s) this date via telecopier to the facsi  ers shown above.

☐    BY PERS .  RVICE: I served such envelope to be delivered by hand to the offices of the addressee(s).

☒    [State] I declar nder penalty of perjury under the laws of the State of California that ' egoing is true and correct.

☐    [ ede t ]  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

May 19, 2005, at Tarzana, California.

_____
Leslie Adler

3

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

**SERVICE LIST**
*Lydia Harris v. Kevin Gilliam, et al.*
(LASC Case No. BC226857)

Lydia Harris
3910 Daphne Street
Houston, TX 77021

New Image Media Corp.
c/o Lydia Harris
3910 Daphne Street
Houston, TX 77021

Hayes F. Michel, Esq.
PROSKAUER ROSE LLP
2049 Century Park East, Suite 3200
Los Angeles, California 90067-3206
Tel.:    (310) 557-2900
Fax:    (310) 557-2193
*Counsel for Kevin Gilliam, p/k/a Battlecat*

Alan S. Gutman, Esq.
LAW OFFICES OF ALAN S. GUTMAN
9401 Wilshire Boulevard, Suite 575
Beverly Hills, California 90212-2918
Tel:    (310) 385-0700
Fax:    (310) 385-0710
*Counsel for Sony Music Entertainment, Inc.,
Relativity Entertainment, Inc. fka Relativity
Records, Inc., Loud Records, LLC and
Loud Records, Inc.*

Bart H. Williams, Esq.
Megan M. LaBelle, Esq.
MUNGER, TOLLES & OLSON, L.L.P.
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071-1560
Tel:    (213) 683-9295
Fax:    (213) 687-3702
*Counsel for Interscope Records, Jimmy Iovine,
John A. McClain, III, Aftermath Records and
Andre Young*

Joseph Golden, Esq.
Law Offices of Joseph Golden
10100 Santa Monica Boulevard; Suite 800
Los Angeles, CA  90067-4100
Tel.: (310) 772-2260
Fax: (310) 772-2299
*Counsel for TVT Records LLC and TVT Music,
Inc.*

Neil C. Erickson, Esq.
Katherine J. Kuneberger, Esq.
JEFFER, MANGELS, BUTLER    &
MARMARO LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067-4308
Tel.: (310) 203-8080
Fax: (310) 203-0567
*Counsel for Marion H. Knight aka Suge Knight;
Death Row Records; Tha Row Records*

George L. Mallory, Jr., Esq.
MALLORY & ASSOCIATES
1925 Century Park East, Suite 2000
Los Angeles, CA  90067-2701
Tel: (310) 788-5555
Fax: (310) 788-5570
*Counsel for Hollywood Records, Inc.*

Death Row Records
8200 Wilshire Boulevard
P.O. Box 3037
Beverly Hills, CA 90212

Marion H. Knight
aka Suge Knight
c/o Death Row Records
8200 Wilshire Boulevard
P.O. Box 3037
Beverly Hills, CA 90212

Tha Row
8200 Wilshire Boulevard
P.O. Box 3037
Beverly Hills, CA 90212

Suge Publishing
c/o Death Row Records
8200 Wilshire Boulevard
P.O. Box 3037
Beverly Hills, CA 90212

Joseph A. Davis, Esq.
DAVIS AND WINSTON
9911 West Pico Boulevard
Suite 1400
Los Angeles, CA  900035
Tel:  (310) 277-4662
*Counsel for Bad Boy Entertainment, Inc.*

4

WASSERMAN, COMDEN, CASSELMAN & PEARLSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

402964.1

*NOTICE OF ATTORNEY LIEN*

1  Peter J. Anderson, Esq.
   LAW OFFICES OF PETER J. ANDERSON
2  100 Wilshire Boulevard, Suite #2010
   Santa Monica, California 90401
3  Tel:   (310) 260-6030
   Fax:   (310) 260-6040
4  *Counsel for Zomba Recording Corp.*

5  Daniel J. Aaron, Esq.
   DANIEL J. AARON, P.C.
6  11 Madison Avenue, 12th Floor
   New York, New York 10010
7  Tel:   (212) 684-4466
   Fax:   (212) 684-5566
8  *Co-Counsel for Koch Entertainment*
   *Distribution*

9
   Dermot Damian Givens, Esq.
10 433 North Camden Drive, #600
   Beverly Hills, CA 90210

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

James H. Turken, Esq.
Sharon A. Urias, Esq.
THELEN, REID & PRIEST LLP
333 South Hope Street, Suite 2900
Los Angeles, California 90071-3048
Tel:   (213) 576-8000
Fax:   (213) 576-8080
*Counsel for Priority Records, LLC*

Eve H. Wagner, Esq.
SAUER & WAGNER LLP
1801 Century Park East, Suite 520
Los Angeles, California 90067
Tel:   (310) 712-8100
Fax:   (310) 712-8108
*Co-Counsel for Koch Entertainment*
*Distribution*

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

5

318582.2

307

EXHIBIT  D

1  DAVID B. CASSELMAN (Bar No. 81657)
   I. DONALD WEISSMAN (Bar No. 67980)
2  HOWARD S. BLUM (Bar No. 60603)
   WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.
3  5567 Reseda Boulevard, Suite 330
   Post Office Box 7033
4  Tarzana, California 91357-7033
   Telephone: (818) 705-6800 • (323) 872-0995
5  Facsimile: (818) 345-0162

6  Former Attorneys for Plaintiffs LYDIA
   HARRIS and NEW IMAGE MEDIA
7  CORPORATION

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                 COUNTY OF LOS ANGELES, CENTRAL DISTRICT

11

12 LYDIA HARRIS, LIFESTYLE           CASE NO. BC268857
   RECORDS, INC., AND NEW IMAGE
13 MEDIA CORP.,                      NOTICE OF ATTORNEY LIEN

14          Plaintiffs,              Assigned to the Honorable Ronald M.
                                     Sohigian (Dept. 41)
15      vs.
                                     [Complaint Filed: February 26, 2002]
16 KEVIN GILLIAM AKA BATTLECAT;
   MARION H. KNIGHT AKA SUGE
17 KNIGHT; DEATH ROW RECORDS;
   THA ROW, INC.; DAVID E. KENNER;
18 DAVID E. KENNER PROFESSIONAL
   LAW CORPORATION; DAVID E.
19 KENNER, A PROFESSIONAL
   CORPORATION; THE DAVID E.
20 KENNER TRUST; INTERSCOPE
   RECORDS; JIMMY IOVINE; JOHN T.
21 MCCLAIN, JR.; A&M RECORDS; ET
   AL.,
22
            Defendants.
23

24

25      TO JUDGMENT CREDITORS KEVIN GILLIAM aka BATTLECAT, THEIR

26 COUNSEL OF RECORD PROSKAUER ROSE LLP AND ALL INTERESTED

27 PARTIES:

28

726281.1

                          NOTICE OF ATTORNEY LIEN

WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  PLEASE TAKE NOTICE that the law firm of Wasserman, Comden, Casselman &

2  Pearson, L.L.P. (hereinafter the "Firm"), hereby gives notice of its lien equal to forty

3  percent (40%) of any and all gross recovery, payments, or consideration of any kind or

4  nature paid or transferred in satisfaction, in whole or in part, of the judgment entered in the

5  above-referenced action in the principal sum of $760,000.00 together with interest thereon

6  at the rate of ten percent (10%) per year from February 5, 2004.

7

8  PLEASE TAKE FURTHER NOTICE that Wasserman, Comden, Casselman &

9  Pearson, L.L.P. must be named as co-payee on any instrument or WRITING satisfying, in

10  whole or in part, said judgment.  Failure to include Wasserman, Comden, Casselman &

11  Pearson, L.L.P. as co-payee will subject the payor to liability for duplicate payment of the

12  sums transferred.

13

14  PLEASE TAKE FURTHER NOTICE that the judgment creditors must notify any

15  transferee or assignee of the judgment, or anyone claiming an interest in said judgment, of

16  the content and existence of this lien.

17

18  DATED: September 9, 2005        WASSERMAN, COMDEN, CASSELMAN &
                                    PEARSON, L.L.P.
19                                  DAVID B. CASSELMAN
                                    I.DONALD WEISSMAN
20                                  HOWARD S. BLUM

21
                                    By: _Howard Blum_____
22                                         HOWARD S. BLUM
                                    Former Attorneys for Plaintiffs LYDIA HARRIS
23                                  and NEW IMAGE MEDIA CORPORATION

24

25

26

27

28

726281.1

2
NOTICE OF ATTORNEY LIEN

WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

310

PROOF OF SERVICE

HARRIS V. GILLIAM

Case No. BC268857

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of LOS ANGELES, STATE OF CALIFORNIA. My business address is 5567 Reseda Boulevard, Suite 330, Tarzana, California 91356. I am over the age of eighteen years and am not a party to the within action;

On September 9, 2005, I served the following document(s) entitled NOTICE OF ATTORNEY LIEN on ALL INTERESTED PARTIES in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

SEE ATTACHED LIST

BY MAIL:  By placing a true copy thereof in a sealed envelope addressed as above, and placing it for and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings and other matters for mailing with the United States Postal Service. The correspondence, pleadings and other matters are deposited with the United States Postal Service with postage thereon fully prepaid in Tarzana, California, on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 9, 2005, at Tarzana, California.

Natalie M. Halpern

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

726281.1

NOTICE OF ATTORNEY LIEN

**SERVICE LIST**
**HARRIS V. KNIGHT, MARIN 'SUGE'**
BC268857

1

2

3   Neil C. Erickson, Esq.                    Attorneys for Marion H. Knight aka Suge
    Katherine J. Kuneberger, Esq.             Knight, Death Row Records, Tha Row
4   JEFFER, MANGELS, BUTLER &                 Records
    MARMARO LLP
5   1900 Avenue of the Stars
    Seventh Floor
6   Los Angeles, CA 90067-4308
    Telephone: (310) 203-8080
7   Facsimile: (310) 203-0567

8   Dermot Damian Givens, Esq.                Attorneys for Marion H. Knight aka Suge
    433 North Camden Drive                    Knight, Death Row Records, Tha Row
9   Suite 600                                 Records
    Beverly Hills, CA 90210
10                                            Attorneys for KEVIN GILLIAM aka
    Hayes F. Michel, Esq.                     BATTLECAT
11  PROSKAUER ROSE LLP
    2049 Century Park East
12  Suite 3200
    Los Angeles, CA 90067-3206
13  Telephone: (310) 557-2900
    Facsimile: (310) 557-2193
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 21357-7033

726281.1

NOTICE OF ATTORNEY LIEN

312

EXHIBIT 313

CM-200

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*

Lydia Harris
3910 Daphne
Houston, Tx 77021   FAX NO. *(Optional)*:

TELEPHONE NO.:

E-MAIL ADDRESS *(Optional)*:   (281) 330-4453

ATTORNEY FOR *(Name)*:

FOR COURT USE ONLY

# FILED

LOS ANGELES SUPERIOR COURT

JUN 1 7 2005

JOHN A. CLARKE, CLERK

BY E. Martinez

BY ELIZABETH MARTINEZ, DEPUTY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: LA., CA 90011,
CITY AND ZIP CODE: Central District
BRANCH NAME:

PLAINTIFF/PETITIONER: Lydia Harris

DEFENDANT/RESPONDENT: Marion 'Suge' Knight o Death Row Inc. Records

CASE NUMBER:
BC 268 857

JUDGE: Ronald m. Sohigian

DEPT: 41

NOTICE OF SETTLEMENT

---

### NOTICE TO PLAINTIFF

If you have not filed a request for dismissal within 45 days of the date this Notice of Settlement is received by the court or, if the settlement is conditional, within 45 days of the date specified in item 1b, the court must dismiss the case unless good cause is shown within that time why the case should not be dismissed.

---

To the court, all parties, and any arbitrator or other court-connected ADR neutral involved in this case:

1. This case has been settled. The settlement is:
   a. ☐ Unconditional. A request for dismissal will be filed within 45 days after the date of the settlement.
   Date of settlement:
   b. ☒ Conditional. The settlement agreement conditions dismissal of this matter on the satisfactory completion of specified terms that are not to be performed within 45 days of the date of the settlement. A request for dismissal will be filed no later than *(date)*: May 27, 2005

2. Date initial pleading filed: February 26, 2002

3. Next scheduled hearing or conference:
   a. Purpose:
   b. Date:                 Time:

4. Trial date:
   a. ☒ No trial date set.
   b. ☐ Date:               Time:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 18, 2005

Lydia Harris
*(TYPE OR PRINT NAME OF ☐ ATTORNEY ☒ PARTY WITHOUT ATTORNEY)*

*(SIGNATURE)*

Form Adopted for Mandatory Use
Judicial Council of California
CM-200 [New January 1, 2004]

NOTICE OF SETTLEMENT

Cal. Rules of Court, rule 225

American LegalNet, Inc.   www.USCourtForms.com

314

EXHIBIT  F

315

*WASSERMAN, COMDEN & CASSELMAN L.L.P.*
*5567 Reseda Boulevard, Suite 330*
*Post Office Box 7033*
*Tarzana, California 91357-7033*
*(818) 705-6800  (323) 872-0995*
*Fax (818) 996-1266*

### CONTINGENCY FEE AGREEMENT

THIS IS AN AGREEMENT between _Lydia Harris_ and _New Image Entertainment, Inc._ and _Lifestyle Records, Inc._, hereinafter referred to as "Client," and Wasserman, Comden & Casselman L.L.P., hereinafter referred to as "Attorney." Unless a different Agreement is made in writing, this Agreement alone shall govern the respective rights and responsibilities of Client and Attorney.

1.    _Claims Covered by Agreement_:  Client retains Attorney to represent Client in connection with representation regarding matters concerning  Battheat, including, but not limited to breach of licensing, publishing and all intellectual property issues.

This Agreement does not cover other related claims that may arise and may require legal services.  If such matters arise, separate arrangements for legal services will be required if Client wishes Attorney to handle such matters.

2.    _Services to be Performed by Attorney_:  Attorney agrees to perform the following legal services, if necessary, with respect to the claims described above:

– investigation of claims;
– determining responsible parties;
– preparation and filing of lawsuit;
– settlement procedures and negotiations;
– prosecution of claim by arbitration or legal action until award or judgment is obtained; and
– if judgment is obtained in Client's favor, opposing a motion for new trial by an opposing party.

Attorney is authorized to associate or employ, at Attorney's own expense, other counsel to assist in performing the services required by this Agreement, and to appear on Client's behalf in any proceeding or lawsuit.

3.    _Services Not Covered by This Agreement_:  If additional services are necessary in connection with Client's claims, and Client requests Attorney to perform such services, fee arrangements for such additional services must be made between Attorney and Client.  Such additional services may be required, for example:

– if the judgment obtained is not in Client's favor, or the amount thereof is unsatisfactory to Client;
– if the judgment obtained is in Client's favor, and an opposing party appeals from the judgment;
– if a retrial is ordered after a motion for new trial or mistrial, or reversal of the judgment on appeal; or
– in judgment enforcement proceedings.

4.    _No Guarantee as to Result_:  Client acknowledges that Attorney has made no guarantee as to the outcome or the amounts recoverable in connection with Client's claims.

5.    _Litigation Costs and Expenses_:  Attorney is authorized to incur reasonable cost and expenses in performing legal services under this Agreement.  Client agrees to reimburse Attorney for such costs and expenses in addition to the contingency fee discussed below in the event of any recovery.

(a)    _Particular Costs and Expenses_:  The costs and expenses necessary in this case may include any or all of the following items (This list is not exclusive; other items may be necessary, and the rates shown are subject to change on prior written notice to Client.)

– court filing fees
– process serving fees
– fees to private investigators
– fees to photographers or graphic artists
– fees to experts for consultation and/or appearance at deposition or trial
– jury fees
– mail, messenger and other delivery charges
– parking and other local travel at 31½¢/mile
– transportation, meals, lodging and all other costs of necessary out-of-town travel
– long distance telephone charges
– photocopying (in office) at 30¢/page
– word processing charges
– computerized legal research
– other computer time

(b)    _Client's Responsibility to Costs_:  Attorney may advance such costs and expenses on Client's behalf, but is not obligated to do so.  Client agrees to reimburse Attorney out of any settlement or judgment proceeds as a priority payment.

6.    _Contingency Fee to Attorney_:  Client acknowledges that he/she has been advised by Attorney and is aware that the contingency fee is a 40% arrangement and has been negotiated between Client and Attorney.

Based on such negotiations, Client agrees that the following fee arrangement is fair and reasonable, and to pay Attorney the following amount:

-1-

If the matter is settled before a lawsuit is filed, the amount equal to forty percent (40%) of any recovery obtained.

If the matter is settled after a lawsuit is filed, but before the case is first assigned a trial date, an amount equal to thirty three and forty percent (40%) of any recovery obtained.

Thereafter, an amount equal to forty percent (40%) of any recovery, whether by way of settlement, judgment or compromise.

(a)  Costs and Expenses as Affecting Contingency Fee: Attorney's fee shall be computed based on the gross recovery. Costs and expenses paid by Attorney in connection with Client's claim shall be reimbursed after the contingency fee is computed. Client's share of the recovery shall be the balance remaining after reimbursement of such costs and expenses and payment of the contingency fee.

(b)  Form of Recovery as Affecting Contingency Fee: If the recovery consists of payments to be made over a period of time, or other property not entirely cash or cash-equivalent, the contingency fee shall be based on the present cash value of the recovery as determined by generally recognized accounting and appraisal standards. (For example, if the recovery consists of $1,000 payable at $100/year over 10 years, its present value may be approximately $380, depending on prevalent interest rates.) The contingency fee shall be paid out of the first funds or property received by Client.

(c)  Sanctions Awards not Part of Recovery: Monetary sanctions awarded to Attorney during the course of this litigation shall not be considered part of Client's recovery in this action. Such sanctions shall be deemed compensation to counsel for extraordinary time and effort expended as a result of an opposing party's bad faith conduct or failure to comply with discovery demands, court orders or similar obligations. But if the sanctions award includes a costs item (such as the filing fee for making a motion), the amount thereof shall be credited to Client's costs account when received by Attorney.

7.  Effect of Discharge by Client: Client shall have the right to discharge Attorney at any time upon written notice to Attorney. Such discharge shall not effect Client's obligation to reimburse Attorney for costs incurred prior to such discharge. In addition, Attorney shall be entitled to the reasonable value of legal services performed prior to such discharge to be paid by Client from any subsequent recovery on claims covered by this Agreement.

8.  Attorney's Lien: To secure payment to Attorney of all sums due under this Agreement for services rendered or costs advanced, Client hereby grants Attorney a lien on Client's claim and any cause of action or lawsuit filed thereon, and to any recovery Client may obtain, whether by settlement, judgment or otherwise.

9.  Insurance: Wasserman, Comden & Casselman L.L.P. maintains errors-and-omissions insurance applicable to the service to be rendered under the terms of this Agreement.

10.  Arbitration of Disputes: If a dispute arises between Attorney and Client regarding fees or services in connection with the above-referenced transaction, such dispute shall be submitted to binding arbitration. This includes any claim for breach of contract, negligence, breach of fiduciary duty or other wrongdoing.

Such arbitration shall be conducted in accordance with the rules of the American Arbitration Association or Judicial Arbitration & Mediation Services, or CCP § 1280 et.seq.

You acknowledge that we have explained to you that such binding arbitration may deprive you of various rights that you otherwise might have in a legal action, including without limitation, the right to a jury trial, the right to appeal, and full discovery rights.

INITIALING BELOW SIGNIFIES ACKNOWLEDGMENT OF THIS EXPLANATION:

_____                    M S R
(CLIENT'S INITIALS)                         (WC&C)

11.  Client's Receipt of Agreement and Knowledge of Terms: Client acknowledges that he/she has read and fully understands all of the terms and conditions of this Agreement before signing it, and has received a copy of this Agreement upon execution thereof.

Executed at 5567 Reseda Blvd., Suite 330, Tarzana, CA 91357 _____ (place) on  January 25, 2002.

ATTORNEY:                                   CLIENT:

WASSERMAN/COMDEN, CASSELMAN & PEARSON L.L.P.    LYDIA HARRIS

BY: _____                   _____
MARTIN S. RUDOY                             7010 W. Avenue K, Suite 624
                                            Lancaster, CA 93536
5567 Reseda Boulevard, Suite 330
Tarzana, California 91357                   Telephone:  (Cell) 310-594-2704

(818) 705-6800                              Facsimile:  323-791-7317

Facsimile:  (818) 345-0162

-2-

1-2

FIRM:

HAIGHT, BROWN AND BO  STEEL
6080 CENTER DRIVE, SU TE 80
LOS ANGELES, CA 90045

CLIENT ACCOUNT #: 124
ROUTE # : 10

PHONE #:        (310) 215-7100

FAX #:        (310) 215-7300

ATTENTION OF:  S. Caih/T. Welsch
EXT:     7739
ATTY FILE #:  WC11-0007

DATE: April 4, 2006

COURT/ LASC
BRANCH: Central

NUMBER: BC 340106
CASE:  Wasserman v. Harris

DOCUMENTS:
    First Amended Complaint

**CH** 7429065

MC20068 (02/04)

FOUNDING MEMBER · CALIFORNIA ASSOCIATION OF PHOTOCOPIERS AND PROCESS SERVERS
MEMBER · NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

**(213)
628-6338**

**Janney & Janney**
**attorney service, inc.**

1313 W. 8TH ST. SUITE #310
LOS ANGELES, CA 90017

PLEASE TEAR PERFS OFF THIS SIDE ONLY / RETAIN LAST COPY

## PLEASE NOTE ANY SPECIFIC OR TIMELY FILING REQUIREMENTS

**INSTRUCTIONS:**
- [x] FILE & CONFORM
- [ ] ISSUE
- [ ] RECORD
- [ ] COPY
- [ ] CERTIFY
- [ ] OTHER (specify):
- [ ] ADVANCE FEES
- [ ] CHECK ATTACHED $ _____

SERVE
PER ATTACHED
SERVICE INSTRUCTIONS

**DO TODAY**

APPEARANCE FEES PAID: [ ] YES   [ ] NO

IF YES, DATE PAID: _____

**STATUTE-DATE:**

UPCOMING HEARINGS (IMPORTANT) DATE: _____ TIME: _____ DEPT. _____

REPORT: _____

_____

_____

_____

_____

_____

| ITEM | CHARGES |
|---|---|
| RUSH FILING | |
| OUT OF COUNTY | |
| INDEX | |
| RECORDING | |
| COURT SERVICE | |
| FAX | |
| JANNEY ADVANCED | |
| CHECK # | |

[ ] **ASSIGNMENT COMPLETED BY** _____ INITIALS

[ ] **ATTY. CALLED** _____ DATE   **SPOKE WITH**

[ ] **REJECTED**

[ ] **BILLING TO FOLLOW**

1   2   3   4   5   6   7   8   9   10   11   12   13   14   15   16   17   18   19   20

ATTORNEY'S FILE COPY

318

FIRM:
HAIGHT, BROWN AND BO  STEEL
5050 CENTER DRIVE, SUITE 800
LOS ANGELES, CA 90045

CLIENT ACCOUNT #: 124
ROUTE #: 10

PHONE #:        (310) 215-7100

FAX #:        (310) 215-7300

ATTENTION OF: S. Caine/T. Welsch
EXT:        7729
ATTY FILE #: WC11-0007

DATE: April 4, 2006

COURT/
BRANCH:        LASC
Central

NUMBER:        BC 340196

CASE:        Wasserman v Harris

DOCUMENTS:

First Amended Complaint
Redline Version of same.

**CH7429064**

**(213) 628-6338**
**Janney & Janney**
**attorney service, inc.**

MEMBER · CALIFORNIA ASSOCIATION OF PHOTOCOPIERS AND PROCESS SERVERS
FOUNDING MEMBER · NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

1313 W. 8TH ST., SUITE #310
LOS ANGELES, CA 90017

PLEASE TEAR PERFS OFF THIS SIDE ONLY / RETAIN LAST COPY

---

## PLEASE NOTE ANY SPECIFIC OR TIMELY FILING REQUIREMENTS

**INSTRUCTIONS:**

| SERVE | DO TODAY |
|---|---|
| PER ATTACHED SERVICE INSTRUCTIONS | |

☐ FILE & CONFORM
☐ ISSUE
☐ RECORD
☐ COPY
☐ CERTIFY
☑ OTHER (specify):
☐ ADVANCE FEES
☐ CHECK ATTACHED $ _____

Deliver the attached documents to the
Clerk in Dept. 41 as a courtesy copy
of documents being filed today.

APPEARANCE FEES PAID: ☐ YES  ☐ NO

IF YES, DATE PAID: _____

**STATUTE-DATE:**

| ITEM | CHARGES |
|---|---|
| RUSH FILING | |
| OUT OF COUNTY | |
| INDEX | |
| RECORDING | |
| COURT SERVICE | |
| FAX | |

UPCOMING HEARINGS (IMPORTANT) DATE: _____ TIME: _____ DEPT. _____

REPORT: _____

_____

_____

_____

_____

| ☐ ASSIGNMENT COMPLETED BY _____ | ☐ REJECTED |
|---|---|
| INITIALS | |
| ☐ ATTY. CALLED _____ | SPOKE WITH _____ | ☐ BILLING TO FOLLOW |
| DATE | | |

| | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| JANNEY ADVANCED | |
| CHECK # | |

1  2  3  4  5  6  7  8  9  10  11  12  13    14  15  16  17  18  19  20
ATTORNEY'S FILE COPY

319

**FedEx** *US Airbill*
Express

FedEx Tracking Number: **8569 4066 0358**

**Sender's Copy**

**From** *Please print and press hard.*

Date **3/31/06**   Sender's FedEx Account Number **0904-1912-9**

Sender's Name **Stephen M. Caine**   Phone ( **310** ) **215-7801**

Company **HAIGHT BROWN BONESTEEL**

Address **6080 CENTER DR STE 800**

City **LOS ANGELES**   State **CA**   ZIP **90045**

Your Internal Billing Reference **WC11-0007**

**To**

Recipient's Name **Dermot Damian Givens**   Phone ( **310** ) **854-8823**

Company

Recipient's Address **433 North Camden Drive #600**

City **Beverly Hills**   State **CA**   ZIP **90210**

**0332443625**

Store your addresses at fedex.com

**4a Express Package Service**   *Packages up to 150 lbs.*
- [ ] FedEx Priority Overnight
- [X] FedEx Standard Overnight
- [ ] FedEx First Overnight
- [ ] FedEx 2Day
- [ ] FedEx Express Saver

**4b Express Freight Service**   *Packages over 150 lbs.*
- [ ] FedEx 1Day Freight
- [ ] FedEx 2Day Freight
- [ ] FedEx 3Day Freight

**5 Packaging**
- [ ] FedEx Envelope
- [X] FedEx Pak
- [ ] FedEx Box
- [ ] FedEx Tube
- [ ] Other

**6 Special Handling**
- [ ] SATURDAY Delivery
- [ ] HOLD Weekday
- [ ] HOLD Saturday

Does this shipment contain dangerous goods?
- [X] No
- [ ] Yes As per attached Shipper's Declaration
- [ ] Yes Shipper's Declaration not required.
- [ ] Dry Ice
- [ ] Cargo Aircraft Only

**7 Payment** *Bill to:*
- [X] Sender Acct. No. in Section 1 will be billed.
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [ ] Cash/Check

Total Packages   Total Weight   Total Declared Value
$   .00

**8 NEW Residential Delivery Signature Options**
- [ ] No Signature Required
- [ ] Direct Signature
- [ ] Indirect Signature

**519**

320

**FedEx Express** US Airbill

FedEx Tracking Number: 8569 4066 0369

Sender's Copy

**From**  Please print and press hard.

Date  3/31/06
Sender's FedEx Account Number  0904-1912-9

Sender's Name  Stephen M. Caine    Phone (310) 215-7801

Company  HAIGHT BROWN BONESTEEL

Address  6080 CENTER DR STE 800

City  LOS ANGELES    State  CA    ZIP  90045

Your Internal Billing Reference  WC11-0007

**To**
Recipient's Name  Debra V. Crawford    Phone (831) 624-2422

Company

Recipient's Address  SW Mission & 4th, #5

Address

City  Carmel    State  CA    ZIP  9392100373

0332443625

Ship and track packages at fedex.com

**4a Express Package Service**    Packages up to 150 lbs.
- [ ] FedEx Priority Overnight
- [x] FedEx Standard Overnight
- [ ] FedEx First Overnight

**4b Express Freight Service**    Packages over 150 lbs.
- [ ] FedEx 1Day Freight
- [ ] FedEx 2Day Freight
- [ ] FedEx 3Day Freight

**5 Packaging**
- [ ] FedEx Envelope
- [x] FedEx Pak
- [ ] FedEx Box
- [ ] FedEx Tube
- [ ] Other

**6 Special Handling**    Include FedEx address in Section 3.
- [ ] SATURDAY Delivery
- [ ] HOLD Weekday at FedEx Location
- [ ] HOLD Saturday at FedEx Location

Does this shipment contain dangerous goods?
- [x] No
- [ ] Yes  Shipper's Declaration not required.
- [ ] Yes
- [ ] Dry Ice
- [ ] Cargo Aircraft Only

**7 Payment**  Bill to:
- [x] Sender
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [ ] Cash/Check

Total Packages    Total Weight    Total Declared Value
$    .00

**8 NEW Residential Delivery Signature Options**
- [ ] No Signature Required
- [ ] Direct Signature
- [ ] Indirect Signature

519

321

Case 2:06-bk-11205-VZ   Claim 38-1   Filed 10/31/06   Desc Main Document   Page 57 of 61

**FedEx Express** *US Airbill*

FedEx Tracking Number **8569 4066 0483**

**Sender's Copy**

**From** *Please print and press hard.*

Date **3/31/06**

Sender's FedEx Account Number **0904-1912-9**

Sender's Name **Stephen M. Caine**   Phone ( **310** ) **215-7801**

Company **HAIGHT BROWN BONESTEEL**

Address **6080 CENTER DR STE 800**

City **LOS ANGELES**   State **CA**   ZIP **90045**

Your Internal Billing Reference **WC11-0007**

**To**

Recipient's Name **Laurence D. Strick**   Phone ( **323** ) **964-5231**

Company **Law Office of Laurence D. Strick**

Recipient's Address **339 N. Sycamore Ave., #2**

Address

City **Los Angeles**   State **CA**   ZIP **90036**

**0332443625**

Ship and track packages at fedex.com

**4a Express Package Services** — *Packages up to 150 lbs.*
- [ ] FedEx Priority Overnight
- [ ] FedEx Standard Overnight
- [ ] FedEx First Overnight
- [ ] FedEx 2Day
- [ ] FedEx Express Saver

**4b Express Freight Service** — *Packages over 150 lbs.*
- [ ] FedEx 1Day Freight
- [ ] FedEx 2Day Freight
- [ ] FedEx 3Day Freight

**5 Packaging**
- [ ] FedEx Envelope
- [X] FedEx Pak
- [ ] FedEx Box
- [ ] FedEx Tube
- [ ] Other

**6 Special Handling**
- [ ] SATURDAY Delivery
- [ ] HOLD Weekday at FedEx Location
- [ ] HOLD Saturday at FedEx Location

Does this shipment contain dangerous goods?
- [X] No
- [ ] Yes (As per attached Shipper's Declaration)
- [ ] Yes (Shipper's Declaration not required)
- [ ] Dry Ice
- [ ] Cargo Aircraft Only

**7 Payment** Bill to:
- [X] Sender
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [ ] Cash/Check

Total Packages   Total Weight   Total Declared Value $ .00

**8 NEW Residential Delivery Signature Options**
- [ ] No Signature Required
- [ ] Direct Signature
- [ ] Indirect Signature

**519**

PULL AND RETAIN THIS COPY BEFORE AFFIXING TO THE PACKAGE. NO POUCH NEEDED.

322

**FedEx Express US Airbill**

FedEx Tracking Number: **8569 4066 0472**

Senders Copy

**From**

Date: 3/31/06

Sender's FedEx Account Number: 0904-1912-9

Sender's Name: Stephen M. Caine   Phone ( 310 ) 215-7801

Company: HAIGHT BROWN BONESTEEL

Address: 6080 CENTER DR STE 800

City: LOS ANGELES   State: CA   ZIP: 90045

Your Internal Billing Reference: WC11-0007

**To**

Recipient's Name: Steven M. GOldber   Phone ( 310 ) 979-8274

Company: Russ August & Kabat

Recipient's Address: 12424 Wilshire Blvd., Ste. 12th FL

City: Los Angeles   State: CA   ZIP: 90025

0332443625

**4a Express Package Service** — Packages up to 150 lbs.
- FedEx Priority Overnight
- [X] FedEx Standard Overnight
- FedEx First Overnight
- FedEx 2Day
- FedEx Express Saver

**4b Express Freight Service** — Packages over 150 lbs.
- FedEx 1Day Freight
- FedEx 2Day Freight
- FedEx 3Day Freight

**5 Packaging**
- FedEx Envelope
- [X] FedEx Pak
- FedEx Box
- FedEx Tube
- Other

**6 Special Handling**

One box must be checked.
- [X] No
- Yes (As per attached Shipper's Declaration)
- Dry Ice

**7 Payment** Bill to:
- [X] Sender
- Recipient
- Third Party
- Credit Card
- Cash/Check

Total Packages   Total Weight   Total Declared Value $   .00   FedEx Use Only

**8 NEW Residential Delivery Signature Options**
- No Signature Required
- Direct Signature
- Indirect Signature

519

**FedEx** Express • US Airbill

FedEx Tracking Number: 8569 4066 0461

Senders Copy

From *Please print and press hard.*

Date 3/31/06    Sender's FedEx Account Number 0904-1912-9

Sender's Name Stephen M. Caine    Phone (310) 215-7801

Company HAIGHT BROWN BONESTEEL

Address 6080 CENTER DR STE 800

City LOS ANGELES    State CA    ZIP 90045

Your Internal Billing Reference WC11-0007

To Recipient's Name Larry Nagelberg    Phone ( 310) 208-3220

Company Nagelberg & Associates

Address The Tower, Suite 2150

Address 10940 Wilshire Blvd.

By Los Angeles    State CA    ZIP 90024

0332443625

Schedule a pickup at fedex.com
Simplify your shipping. Manage your account. Access all the tools you need.

4a Express Package Service    Packages up to 150 lbs.
FedEx Priority Overnight    FedEx Standard Overnight    FedEx First Overnight
FedEx 2Day    FedEx Express Saver

4b Express Freight Service    Packages over 150 lbs.
FedEx 1Day Freight    FedEx 2Day Freight    FedEx 3Day Freight

5 Packaging
FedEx Envelope    [X] FedEx Pak    FedEx Box    FedEx Tube    Other

6 Special Handling    Include FedEx address in Section 3.
SATURDAY Delivery    HOLD Weekday    HOLD Saturday
[X] No    Yes    Dry Ice    Cargo Aircraft Only

7 Payment Bill to:
[X] Sender    Recipient    Third Party    Credit Card    Cash/Check

Total Packages    Total Weight    Total Declared Value

8 NEW Residential Delivery Signature Options
No Signature Required    Direct Signature    Indirect Signature    519

324

## FedEx Express  US Airbill

FedEx Tracking Number: **8569 4066 0347**

**From**

Date: 3/31/06

Sender's FedEx Account Number: 0904-1912-9

Sender's Name: Stephen M. Caine

Phone: (310) 215-7801

Company: HAIGHT BROWN BONESTEEL

Address: 6080 CENTER DR STE 800

City: LOS ANGELES    State: CA    ZIP: 90045

Your Internal Billing Reference: WC11-0007

Recipient's Name: Rex Julian Beaber

Phone: ( ) 557-1198

Company:

Recipient's Address: 1546 Calmar Court

Los Angeles    State: CA    ZIP: 90024

0332443625

**4a Express Package Service**

[ ] FedEx Priority Overnight
[X] FedEx Standard Overnight
[ ] FedEx First Overnight

[ ] FedEx 2Day
[ ] FedEx Express Saver

**4b Express Freight Service**

[ ] FedEx 1Day Freight
[ ] FedEx 2Day Freight
[ ] FedEx 3Day Freight

**5 Packaging**

[ ] FedEx Envelope
[X] FedEx Pak
[ ] FedEx Box
[ ] FedEx Tube
[ ] Other

**6 Special Handling**

[ ] SATURDAY Delivery NOT Available for...
[ ] HOLD Weekday at FedEx Location
[ ] HOLD Saturday

Does this shipment contain dangerous goods?

[X] No
[ ] Yes
[ ] Yes
[ ] Dry Ice
[ ] Cargo Aircraft Only

**7 Payment** Bill to:

[X] Sender
[ ] Recipient
[ ] Third Party
[ ] Credit Card
[ ] Cash/Check

Total Packages    Total Weight    Total Declared Value

**8 NEW Residential Delivery Signature Options**

[ ] No Signature Required
[ ] Direct Signature
[ ] Indirect Signature

519

Sender's Copy

0215



MAILING LIST
WASSERMAN v. LYDIA HARRIS; LIFESTYLE RECORDS
BC 340196

| | |
|---|---|
| Rex Julian Beaber<br>1546 Calmar Court<br>Los Angeles, CA 90024<br><br>Tel: 557-1198<br>Fax:<br>Xerxers@aol.com | Gary S. Soter<br>Pearson, Soter, Warshaw & Penny<br>15165 Ventura Blvd., #400<br>Sherman Oaks, CA 91403<br><br>Tel: 818-788-8300<br>Fax: 818-788-8104<br>gsoter@pswplaw.com |
| David B. Casselman<br>Wasserman Comden, Casselman & Pearson<br>5567 Reseda Blvd., #330<br>Tarzana, CA 91357<br><br>Tel: 818-705-6800<br>Fax: 818-705-8634<br>bblum@wcclaw.com | Dermot Damian Givens<br>433 North Camden Dr., #600<br>Beverly Hills, CA 90210<br><br>Tel: 310-854-8823<br>Fax: 323-878-0416<br>dermotg@aol.com |
| Kevin Gilliam<br>1502 South Alpine Dr.<br>West Covina, CA 91791<br><br>[Pro Per] | Debra V. Crawford<br>P.O. Box 373, SW Mission & 4th, #5<br>Carmel, CA 93921-0373<br><br>Tel: 831-624-2422<br>Fax: 831-624-2428<br>ddvcrawford@earthlink.net |
| Steven M. Goldberg<br>Russ, August & Kabat<br>12424 Wilshire Blvd., 12th Floor<br>Los Angeles, CA 90025<br><br>Tel: 310-979-8274<br>Fax: 310-826-6991<br>sgoldberg@raklaw.com | Laurence D. Strick<br>Law Office of Laurence D. Strick<br>339 N. Sycamore Ave., # 2<br>Los Angeles, CA 90036<br><br>Tel: (323) 964-5231<br>Fax: (323) 964-8135<br>larrystrick@yahoo.com |
| Larry Nagelberg<br>Nagelberg & Associates<br>The Tower, Suite 2150<br>10940 Wilshire Blvd.<br>Los Angeles, CA 90024<br><br>Tel: (310) 208-3220<br>Fax: (310) 208-3830 | |

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000097
3123984.1

22
FIRST AMENDED COMPLAINT

326