EXHIBIT 9A

EXHIBIT 9A

Case 2:06-bk-11187-VZ    Claim 34-1    Filed 10/31/06    Desc Main Document    Page 1
of 60

Form B10 (Official Form 10) (10/05)

| United States Bankruptcy Court    Central District of California | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>Marion Knight, Jr. aka Suge Knight | Case Number    LA 06-11187-EC |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>Wasserman, Comden & Casselman, L.L.P.<br><br><br>Name and address where notices should be sent:<br><br>Wasserman, Comden & Casselman,L.L.P.<br>C/O David B. Casselman, Suite 330<br>5567 Reseda Boulevard, Suite 330<br>Tarzana, CA 91357-7033<br>Telephone number: (818) 705-6800; Facsimile (818) 345-0162 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | **FILED**<br><br>OCT 3 1 2006<br><br>CLERK, U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY _____ Deputy Clerk<br><br>This space is for Court use only. |
|---|---|---|

| Last four digits of account or other number by which creditor identifies debtor: | Check here    ☐ replaces<br>if this claim    ☐ amends    a previously filed claim, dated: _____ |
|---|---|

| 1. Basis for Claim<br>☐ Goods sold<br>☐ Services performed<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>☑ Other See Attachment | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (Fill out below)<br><br>Last four digits of your Social Security number: _____<br>Unpaid compensation for services performed<br><br>from _____ to _____<br>(date)    (date) |
|---|---|

| 2. Date debt was incurred: | 3. If court judgment, date obtained: March 9, 2005 |
|---|---|

4. Total Amount of Claim at Time Case Filed:    $ 60,418,315.00    $ _____    $ _____    $ 60,418,315.00*
(unsecured)    (secured)    (priority)    (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.    *See Attachment for additional claims against Debtor.
☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.    See Attachment for Details.

| 5. Secured Claim.<br>☐ Check this box if your claim is secured by collateral (including a right of setoff).<br><br>Brief Description of Collateral:<br>☐ Real Estate    ☐ Motor Vehicle<br>☐ Other _____<br><br>Value of Collateral:  $ _____<br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any $ _____<br>6. Unsecured Nonpriority Claim.    $ _____<br>☐ Check this box if (a) there is no collateral or lien securing your claim, or (b) your claim exceeds the value of the property securing it or (c) none or only part of your claim is entitled to priority. | 7. Unsecured Priority Claim.<br>☐ Check this box if you have an unsecured priority claim, all or part of which is entitled to priority.<br>Amount entitled to priority $ _____<br>Specify the priority of the claim:<br>☐ Wages, salaries or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).<br>☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).<br>☐ Up to $2,225* of deposits toward purchase, lease or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).<br>☐ Domestic support obligations under - 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).<br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).<br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).<br>*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8 |
|---|---|

| 8.    Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>9.    Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.<br>10.    Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | This space is for Court use only. |
|---|---|
| Date<br>10/30/06 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>David B. Casselman    /s/ | |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

ORIGINAL

## ATTACHMENT TO PROOF OF CLAIM
### FILED BY WASSERMAN, COMDEN & CASSELMAN, L.L.P.

Wasserman, Comden & Casselman, L.L.P. ("Wasserman") has the followings claims against the Debtor:[1]

(1)  Contingency Fee & Reimbursement of Expenses Arising out of Harris Judgment. Wasserman has a pending state court action (the "Wasserman Action") against, among others, Marion H. Knight *aka* Suge Knight ("Mr. Knight"), and Death Row Records, Inc. ("Death Row" and collectively, with Mr. Knight, the "Debtors"). The Wasserman Action was commenced on September 21, 2005 by the filing of a complaint in the Superior Court of the State of California for the County of Los Angeles - Central District (the "State Court"), styled Wasserman, Comden & Casselman, L.L.P. v. Lydia Harris; Lifestyle Records, Inc.; New Image Media Corp.; Marion H. Knight, *aka* Suge Knight; Death Row Records, Inc.; Death Row Records, L.L.C.; Tha Row, Inc.; Dermot Givens; Kevin Gilliam *aka* Battlecat; and Does 1 through 100, inclusive and bearing case number BC 308790.[2] The Wasserman Action arises out of Wasserman's representation[3] of the Harris Parties in that certain action (the "Harris Action") commenced by the Harris Parties against, among others, Mr. Knight and Death Row. On March 9, 2006, Judgment was entered in the Harris Action in favor of Lydia Harris and New Image Media Corp. ("New Image") against the Debtors in the sum of $107 million, which included $60 million in punitive damages (the "Harris Judgment"). Wasserman is entitled to its 40% contingency fee on any recovery, as well as reimbursement for all out of pocket expenses. To the extent the Harris Parties have any claim against this estate, Wasserman is entitled to be paid directly from the Debtor's estate for its 40% contingency fee and related reimbursement of expenses.

(2)  Direct Claims Against the Debtors. On or about May 19, 2005, after the Harris Judgment was entered and after all appeals had been waived, Lydia terminated Wasserman as her attorney. In response and also on May 19, 2005, Wasserman filed and served on the Harris Parties and the Debtors a Notice of Attorney Lien (the "Attorney Lien Notice") equal to 40% of any and all gross recovery, payments or consideration of any kind or nature paid or transferred in satisfaction

---

[1] Wasserman reserves the right to supplement its claim.

[2] A true and correct copy of the First Amended Complaint filed by Wasserman in the Wasserman Action (the "First Amended Complaint") is annexed hereto.

[3] On or about January 25, 2002, Wasserman, on the one hand, and Lydia Harris, New Image Entertainment, Inc., and Lifestyle Records, Inc. (the "Harris Parties"), on the other hand, entered into a written Contingency Fee Agreement (the "Contingency Fee Agreement") pursuant to which Wasserman agreed to represent the Harris Parties in connection with liability claims against, among others, the Debtors. Pursuant to the Contingency Fee Agreement, Wasserman is entitled to a forty-percent (40%) contingency fee on any recovery, as well as reimbursement of all reasonable out of pocket litigation costs and expenses.

1

of the Harris Judgment (40% of $107 million, plus interest accruing at the rate of $29,315.00 day), plus costs of $213,890.27.[4]   Despite the Contingency Fee Agreement, Lydia and the Debtors secretly negotiated during the time she was represented by Wasserman and purportedly entered into a settlement agreement pursuant to which the Harris Judgment would be resolved. The Debtors and the Harris Parties are currently litigating over this purported settlement. However, it is undisputed that, despite signature of the Contingency Fee Agreement by Lydia and receipt of the Attorney Lien Notice by Lydia and the Debtors, the Debtors and/or related entities paid to Lydia the sum of at least $1 million[5] without acknowledging Wasserman's lien rights, or reserving any of the funds paid to Lydia to satisfy Wasserman's lien. Lydia refused to voluntarily pay any portion of the $1 million to Wasserman, or even to reimburse Wasserman's actual costs, which were in excess of $200,000.  The Debtors, who had full knowledge of Wasserman's Attorney Lien Notice, proceeded to pay Lydia the $1 million purported settlement payment.  As set forth more fully in the First Amended Complaint filed in the Wasserman Action,  Wasserman has alleged the following causes of action against the Harris Parties and the Debtors: (1) breach of contract of the Contingency Fee Agreement; (2) quantum meruit based on the actual legal services provided by Wasserman to the Harris Parties; (3) for money had and received; (4) an accounting of any and all gross recovery, payments or consideration of any kind paid or transferred in satisfaction, whole or part, of the Harris Judgment; (5) interference with contract based on, among others, the Debtors' conspiracy to deprive Wasserman of its lien rights; (6) an equitable assignment of 40% of the Harris Judgment and/or 40% of any settlement or other recoveries obtained by or on behalf of the Harris Parties; and (7) declaratory relief that Wasserman may recover judgment against the Debtors and their related entities and alter egos in the sum of 40% of the Harris Judgment, plus interest at the rate of $29,315 per day from March 9, 2005.

---

[4] A true and correct copy of the Attorney Lien Notice is attached as Exhibit "C" to the First Amended Complaint.

[5] Since the payment of the $1 million, Lydia and the Debtors have disagreed on whether that payment effectuated a full or partial payment under the purported settlement agreement, or whether a meeting of the minds occurred at all, so as to create a binding settlement agreement.

2

ATTACHMENT TO PROOF OF CLAIM FILED BY WASSERMAN, COMDEN & CASSELMAN L.L.P.



1   Peter Q. Ezzell (Bar No. 53497)
    Nancy E. Lucas (Bar No. 126854)
2   HAIGHT BROWN & BONESTEEL LLP
    6080 Center Drive, Suite 800
3   Los Angeles, CA 90045-1574
    Telephone: 310.215.7100
4   Facsimile: 310.215.7300

5   David B. Casselman (Bar No. 91657)
    Leonard J. Comden (Bar No. 56775)
6   Howard S. Blum (Bar No. 60603)
    WASSERMAN, COMDEN & CASSELMAN, L.L.P.
7   5567 Reseda Boulevard, Suite 330
    Post Office box 7033
8   Tarzana, CA  91357-7033
    Telephone:   (818) 705-6800 * (323) 872-0995
9   Facsimile:   (818) 345-0162

10  Associated Attorneys for Plaintiff
    WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.

11

12          SUPERIOR COURT OF THE STATE OF CALIFORNIA

13          FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

14

15  WASSERMAN, COMDEN,                )  Case No. BC 340196
    CASSELMAN & PEARSON, L.L.P.,      )
16                                    )  [Assigned to Judge Ronald M. Sohigian,
            Plaintiff,                )  Dept. 41]
17                                    )
        v.                            )  FIRST AMENDED COMPLAINT
18                                    )
    LYDIA HARRIS; LIFESTYLE           )
19  RECORDS, INC., NEW IMAGE MEDIA    )
    CORP.; MARION H. KNIGHT, aka SUGE )
20  KNIGHT; DEATH ROW RECORDS,        )
    INC.; DEATH ROW RECORDS, L.L.C.;  )  Complaint Filed:  September 21, 2005
    THA ROW, INC.; DERMOT GIVENS;     )  Trial Date:       April 17, 2006
21  KEVIN GILLIAM aka BATTLECAT;      )
    AND DOES 1 through 100, Inclusive,)
22                                    )
            Defendants.               )
23                                    )

24                  **GENERAL ALLEGATIONS**

25      1.    Plaintiff, WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.

26  (hereinafter "WCCP") is a limited liability partnership organized and existing under the

27  laws of the State of California with its principal place of business in Tarzana, California.

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles
WC11-0000007
3123884.1

                              1
              FIRST AMENDED COMPLAINT

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 0 4 2006

John A. Clarke, Executive Officer/Clerk
By _____ ,Deputy
    A E LA FLEUR-CLAYTON

Conformed Copy

```
 1   Peter Q. Ezzell (Bar No. 53497)
     Nancy E. Lucas (Bar No. 126854)
 2   HAIGHT BROWN & BONESTEEL LLP
     6080 Center Drive, Suite 800
 3   Los Angeles, CA 90045-1574
     Telephone: 310.215.7100
 4   Facsimile: 310.215.7300

 5   David B. Casselman (Bar No. 91657)
     Leonard J. Comden (Bar No. 56775)
 6   Howard S. Blum (Bar No. 60603)
     WASSERMAN, COMDEN & CASSELMAN, L.L.P.
 7   5567 Reseda Boulevard, Suite 330
     Post Office box 7033
 8   Tarzana, CA  91357-7033
     Telephone:  (818) 705-6800 * (323) 872-0995
 9   Facsimile:  (818) 345-0162

10   Associated Attorneys for Plaintiff
     WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.

11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13            FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

14

15   WASSERMAN, COMDEN,              )   Case No. BC 340196
     CASSELMAN & PEARSON, L.L.P.,    )
16                                   )   [Assigned to Judge Ronald M. Sohigian,
                                     )   Dept. 41]
17          Plaintiff,               )
                                     )   FIRST AMENDED COMPLAINT
18      v.                           )
                                     )
     LYDIA HARRIS; LIFESTYLE         )
19   RECORDS, INC., NEW IMAGE MEDIA  )
     CORP.; MARION H. KNIGHT, aka SUGE)
20   KNIGHT; DEATH ROW RECORDS,      )
     INC.; DEATH ROW RECORDS, L.L.C.;)   Complaint Filed:  September 21, 2005
21   THA ROW, INC.; DERMOT GIVENS;   )   Trial Date:       April 17, 2006
     KEVIN GILLIAM aka BATTLECAT;    )
22   AND DOES 1 through 100, Inclusive,)
                                     )
23          Defendants.              )
                                     )
24
```

### GENERAL ALLEGATIONS

25    1.    Plaintiff, WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.

26  (hereinafter "WCCP") is a limited liability partnership organized and existing under the

27  laws of the State of California with its principal place of business in Tarzana, California.

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

1
FIRST AMENDED COMPLAINT

4/13/06

1 | The law firm of Wasserman, Comden, Casselman & Pearson, L.L.P., changed its name

2 | effective January 1, 2006. It is now known as Wasserman, Comden & Casselman, L.L.P.

3 |     2.    Defendants LYDIA HARRIS (hereinafter "HARRIS"), MARION H.

4 | KNIGHT, aka SUGE KNIGHT (hereinafter "KNIGHT"), DERMOT GIVENS (hereinafter

5 | "GIVENS") and KEVIN GILLIAM aka BATTLECAT (hereinafter "GILLIAM") are

6 | individuals who, at all material times resided in Los Angeles County, California.

7 |     3.    Plaintiff is informed and believes and thereon alleges that the remaining

8 | defendants, LIFESTYLE RECORDS, INC., NEW IMAGE MEDIA CORP., DEATH

9 | ROW RECORDS, INC., DEATH ROW RECORDS, L.L.C., and THA ROW, INC. are

10 | business entities who were or are authorized to transact business in the State of California.

11 |     4.    Plaintiff is ignorant of the true names and capacities of defendants sued

12 | herein as Does 1 through 100 and therefore sues these defendants by such fictitious names.

13 | Plaintiff will amend this pleading to allege the true names and capacities of such Does

14 | when ascertained. The conduct of Does 1 through 100 proximately caused damages to

15 | plaintiff as alleged herein. DOES 1 through 25 are the alter egos of LYDIA HARRIS,

16 | LIFESTYLE RECORDS, INC. and NEW IMAGE MEDIA CORP. (hereinafter "The

17 | HARRIS Defendants"). DOES 26 through 50 are the alter egos of MARION H. KNIGHT,

18 | aka SUGE KNIGHT and DEATH ROW RECORDS, INC. (hereinafter "The KNIGHT

19 | Defendants"). DOES 51 through 75 are the alter egos of GILLIAM. Does 76-100 are the

20 | persons and entities that knowingly interfered with plaintiffs contractual lien rights.

21 |     5.    On or about January 25, 2002, plaintiff and defendant HARRIS entered into

22 | a written Contingency Fee Agreement in Los Angeles County, California whereby plaintiff

23 | agreed to represent HARRIS in connection with liability claims against MARION H.

24 | KNIGHT, aka SUGE KNIGHT and his related entity DEATH ROW RECORDS, INC, and

25 | in connection with liability claims against GILLIAM. A copy of that written retainer

26 | agreement is attached as Exhibit F, and is incorporated herein by this reference.

27 |     6.    Some of the material terms of the Contingency Fee Agreement include that

28 | WCCP was authorized to incur reasonable costs and expenses in performing legal services

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

2

FIRST AMENDED COMPLAINT

1  and that "[HARRIS] agrees to reimburse [WCCP] for such costs and expenses in addition

2  to the contingency fee. . ."

3      7.    HARRIS discussed and agreed to a forty percent (40%) contingency fee and

4  acknowledged that the fee arrangement was fair and reasonable.

5      8.    HARRIS specifically negotiated a contingency fee arrangement and agreed

6  to allow a lien upon any recovery for payment of attorneys' fees, "to secure payment to

7  Attorney of all sums due under this Agreement for services rendered or costs advanced,

8  Client hereby grants Attorney a lien on Client's claim and any cause of action or lawsuit

9  filed thereon, and to any recovery Client may obtain, whether by settlement, judgment or

10  otherwise."

11      9.    Plaintiff has performed all conditions, covenants and promises of the

12  Agreement, and represented HARRIS vigorously and competently in her litigation against

13  the KNIGHT Defendants. On February 26, 2002, plaintiff prepared and filed a complaint

14  for damages on behalf of The HARRIS Defendants, Los Angeles Superior Court Case

15  Number BC268857.

16      10.    Plaintiff prosecuted the HARRIS lawsuit from February 26, 2002, through

17  March 9, 2005 when the Court entered a money judgment in favor of HARRIS and her

18  related business entity NEW IMAGE MEDIA CORP. and against The KNIGHT

19  Defendants in the sum of $107 million ($45 million for economic damages, $2 million for

20  non-economic damages and $60 million for punitive damages). A copy of the Judgment is

21  attached hereto and incorporated herein by reference as Exhibit A. In addition, on March

22  26, 2004, the Court entered judgment in favor of HARRIS and her related business entity

23  NEW IMAGE MEDIA CORP. and against GILLIAM in the sum of $760,000 plus interest

24  (attached as Exhibit C).

25      11.    On or about May 19, 2005, HARRIS discharged plaintiff as her attorney. On

26  or about May 20, 2005, HARRIS filed a Substitution of Attorney with the Court indicating

27  that she was representing herself.

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

3

FIRST AMENDED COMPLAINT

1     12.    On May 19, 2005, plaintiff filed and served on defendants a Notice of

2  Attorney Lien equal to forty percent (40%) of any and all gross recovery, payments or

3  consideration of any kind or nature paid or transferred in satisfaction, in whole or in part,

4  of the Judgment against KNIGHT, et al., entered in LASC Case No. BC268857 (40% of

5  $107 million, plus interest accruing at the rate of $29,315.00 per day), plus costs expended

6  in the sum of $213,890.27. (Exhibit C.)  On September 9, 2005, plaintiff filed and served

7  on GILLIAM a Notice of Lien in the sum of $304,000.00 plus interest.  (Exhibit D.)

8     13.    On June 17, 2005, HARRIS filed with the Court a "Notice of Settlement"

9  which represents that HARRIS and KNIGHT had agreed to a conditional settlement on

10  "specified terms that are not to be performed within 45 days of the settlement." The Notice

11  states that a Request for Dismissal will be filed no later than May 27, 2005 (40 days

12  earlier).  By the terms of the "Notice of Settlement," the negotiations and settlement itself

13  occurred before a Substitution of Attorney was filed.  None of the defendants notified

14  plaintiff of any such negotiations or settlement and the defendants have, affirmatively

15  concealed the fact of such negotiations and the settlement terms.

16     14.    It was reported on August 29, 2005 in the Los Angeles Times that HARRIS

17  has received the sum of $1.2 million as a result of the lawsuit.  A "settlement" in the sum

18  of $1 million is reported by counsel for KNIGHT in this action.  Plaintiff has received no

19  compensation for professional services rendered.

20     15.    Plaintiff has requested and defendants have refused to disclose the material

21  terms of the settlement or make any payment to the plaintiff.  Plaintiff is informed and

22  believes and thereon alleges that HARRIS and The KNIGHT Defendants conspired to

23  conceal the true terms of any settlement agreement (if any), and the true sum(s) of any

24  payment(s) from plaintiff, and that the defendants willfully and intentionally executed one

25  or more settlement agreements, all in disregard of plaintiff's valid lien rights.  Plaintiff is

26  informed and believes and thereon alleges that HARRIS and The KNIGHT Defendants

27  deliberately chose not to file a Partial Satisfaction of Judgment in order to conceal the

28  material terms of the settlement from plaintiff.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

4

FIRST AMENDED COMPLAINT

16.    Plaintiff is informed, and thereon alleges, that HARRIS negotiated a secret settlement agreement with the KNIGHT defendants that resulted in HARRIS being paid at least $1 million by the KNIGHT defendants. (HARRIS and the KNIGHT Defendants have since disagreed on whether that payment effectuated a full or partial payment under their settlement agreement, or whether a meeting of the minds occurred at all, so as to create a binding settlement agreement. Both parties have admitted that the $1 million was transferred from the KNIGHT Defendants to HARRIS to satisfy, in full or in part, the Judgment.) HARRIS claims, or has claimed, that she, through other counsel, Dermot Damien Givens, negotiated a purported settlement with the KNIGHT Defendants that would result in the KNIGHT Defendants paying her consideration including, among other things, the greater of $5.8 million paid to her annually on a specified date over five years, or the income generated from certain specified songs or intellectual properties owned by the KNIGHT Defendants.

17.    On further information and belief, plaintiff alleges that HARRIS has received other sums and assets from the KNIGHT Defendants, in partial satisfaction of the Judgment, the value of which is subject to proof at trial but which is believed to total not less than $2 million. Accordingly, plaintiff claims damage against HARRIS in the sum of 40 percent of any gross recoveries she obtained, or may obtain in the future, from all or any of the KNIGHT Defendants.

18.    As a result of this, plaintiff has been damaged by HARRIS' failure and refusal to pay for all or part the attorneys' fees called for in the Retainer Agreement, including but not limited to payment of forty percent (40%) of any and all gross recovery, payments or consideration of any kind paid to HARRIS to date. Other defendants have similarly caused damage by failing and refusing to acknowledge plaintiff's lien rights, or to actually pay or reserve any of the funds paid to HARRIS to satisfy the lien for attorneys' services properly put into place by plaintiff.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

5
FIRST AMENDED COMPLAINT

## FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

### (Against Lydia Harris, Lifestyle Records, Inc., New Image Media Corp. and

### Does 1 through 25, Inclusive)

19.    Plaintiff incorporates by this reference all allegations and facts alleged in
paragraphs 1 through 18, above.

20.    On or about January 25, 2002, plaintiff and defendant HARRIS entered into
a written Contingency Fee Agreement in Los Angeles County, California whereby plaintiff
agreed to represent HARRIS in connection with liability claims against MARION H.
KNIGHT, aka SUGE KNIGHT and his related entity DEATH ROW RECORDS, INC, and
in connection with liability claims against GILLIAM. A copy of that written retainer
agreement, attached as Exhibit F, is incorporated herein in full by this reference.

21.    Some of the material terms of the Contingency Fee Agreement include that
WCCP is authorized to incur reasonable costs and expenses in performing legal services
and that "[HARRIS] agrees to reimburse [WCCP] for such costs and expenses in addition
to the contingency fee. . ." The contingency fee negotiated by HARRIS was for forty
percent (40%); HARRIS acknowledged that the fee arrangement is fair and reasonable.

22.    The Contingency Fee Agreement negotiated by HARRIS further specifically
included language granting plaintiff a lien upon any recovery, for payment of plaintiff's
attorneys' fees, "to secure payment to Attorney of all sums due under this Agreement for
services rendered or costs advanced, Client hereby grants Attorney a lien on Client's claim
and any cause of action or lawsuit filed thereon, and to any recovery Client may obtain,
whether by settlement, judgment or otherwise."

23.    Plaintiff has performed all conditions, covenants and promises of the
Agreement. On February 26, 2002, plaintiff prepared and filed a complaint for damages
on behalf of The HARRIS Defendants, Los Angeles Superior Court Case Number
BC268857.

24.    Plaintiff prosecuted the HARRIS lawsuit from February 26, 2002 through
March 9, 2005 when the Court entered a money judgment in favor of HARRIS and her

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

6

FIRST AMENDED COMPLAINT

1  related business entity NEW IMAGE MEDIA CORP. and against The KNIGHT

2  Defendants in the sum of $107 million ($45 million for economic damages, $2 million for

3  non-economic damages and $60 million for punitive damages). A copy of the Judgment is

4  attached hereto and incorporated herein by reference as Exhibit A. In addition, on March

5  26, 2004, the Court entered judgment in favor of HARRIS and her related business entity

6  NEW IMAGE MEDIA CORP. and against GILLIAM in the sum of $760,000 plus interest.

7  (Exhibit B.)

8       25.    On or about May 19, 2005, HARRIS discharged plaintiff as her attorney. On

9  or about May 20, 2005, HARRIS filed a Substitution of Attorney with the Court indicating

10  that she was representing herself.

11      26.    On May 19, 2005, plaintiff filed and served on defendants a Notice of

12  Attorney Lien equal to forty percent (40%) of any and all gross recovery, payments or

13  consideration of any kind or nature paid or transferred in satisfaction, in whole or in part,

14  of the Judgment against KNIGHT, et al., entered in LASC Case No. BC268857 (40% of

15  $107 million plus interest accruing at the rate of $29,315.00 per day) plus costs expended

16  in the sum of $213,890.27. (Exhibit C.) On September 9, 2005, plaintiff filed and served

17  on GILLIAM a Notice of Lien in the sum of $304,000.00 plus interest. (Exhibit D.)

18      27.    On June 17, 2005, HARRIS filed with the Court a "Notice of Settlement"

19  which represents that HARRIS and KNIGHT had agreed to a conditional settlement on

20  "specified terms that are not to be performed within 45 days of the settlement." The

21  Notice states that a Request for Dismissal will be filed no later than May 27, 2005 (40 days

22  earlier). By the terms of the "Notice of Settlement," the negotiations and settlement itself

23  occurred before a Substitution of Attorney was filed. None of the defendants notified

24  plaintiff of any such negotiations or settlement and the defendants have, affirmatively

25  concealed the fact of such negotiations and the settlement terms.

26      28.    The HARRIS Defendants have breached the material terms of the

27  Contingency Fee Agreement by, among other things, failing and refusing to pay plaintiff

28  for professional legal services rendered on her behalf.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WCI1-0000007
3123884.1

7

FIRST AMENDED COMPLAINT

1     29.   As a result of HARRIS' breach of contract, plaintiff has been damaged by

2 HARRIS' failure and refusal to pay for all or part the attorneys' fees called for in the

3 Retainer Agreement, including but not limited to payment of forty percent (40%) of any

4 and all gross recovery, payments or consideration of any kind paid to HARRIS to date.

5     30.   Plaintiff is informed, and thereon alleges, that its damages include, but are

6 not limited to, HARRIS's failure and refusal to pay anything at all to plaintiff out of the $1

7 million secret purported settlement paid by or through the KNIGHT Defendants to

8 HARRIS in or about June 2005. Refusal to pay any sum at all to the plaintiff out of that $1

9 million violates plaintiff's lien rights, and is a breach of HARRIS' Retainer Fee

10 Agreement with plaintiff. No other payments have been made by HARRIS to plaintiff

11 from any other payments or transfers made to HARRIS by or on behalf of the KNIGHT

12 Defendants (if any), in further violation of plaintiff's lien rights and in further breach of

13 HARRIS' Retainer Fee Agreement with plaintiff.

14         **SECOND CAUSE OF ACTION**

15         **QUANTUM MERUIT**

16   **(Plaintiff vs. The HARRIS Defendants and DOES 1 Through 25, Inclusive)**

17     31.   Plaintiff incorporates herein by reference paragraphs 1 through 18 of this

18 First Amended Complaint as though fully set forth herein.

19     32.   Within the past two years, plaintiff rendered legal services to The HARRIS

20 Defendants and incurred costs in connection with those legal services at the special request

21 of the HARRIS Defendants. The HARRIS Defendants promised to pay plaintiff for those

22 legal services and costs. Neither the HARRIS Defendants nor plaintiff reasonably

23 expected or believed that plaintiff would provide legal services, and prepay legal costs, on

24 behalf of the HARRIS Defendants for no compensation at all.

25     33.   Upon plaintiff's information and belief, the reasonable value of the services

26 and unpaid costs incurred by plaintiff for the benefit of The HARRIS Defendants may

27 exceed $10 million.

28

LAW OFFICES HAIGHT, BROWN & BONESTEEL, L.L.P. Los Angeles    WC11-0000007 3123884.1

8

**FIRST AMENDED COMPLAINT**

1    Plaintiff has repeatedly demanded from the HARRIS Defendants information

2    concerning any purported settlement with The KNIGHT Defendants, or the receipt

3    of payments from or on behalf of the KNIGHT Defendants. The HARRIS

4    Defendants have refused and continue to refuse to provide completely and accurately

5    any such information, or pay any sums for the reasonable value of professional

6    services rendered on behalf of HARRIS.THIRD CAUSE OF ACTION

7    FOR MONEY HAD AND RECEIVED

8    (Plaintiff vs. The HARRIS Defendants and DOES 1 Through 25, Inclusive)

9    35.    Plaintiff incorporates herein by reference paragraphs 1 through 18 of this

10   First Amended Complaint as though fully set forth herein.

11   36.    Plaintiff is informed and believes and thereon alleges that as a proximate

12   result of professional legal services performed by plaintiff on behalf of The HARRIS

13   Defendants, The HARRIS Defendants received payments or other consideration in full or

14   partial satisfaction of the $107 million judgment against The KNIGHT Defendants.

15   37.    In equity and in good conscience, forty percent (40%) of any recovery to

16   HARRIS should be paid to plaintiff.

17   38.    The HARRIS Defendants have refused to pay anything to plaintiff for the

18   attorneys' fees it incurred, in good faith, on her behalf, and in reliance on HARRIS'

19   written promise to pay plaintiff forty (40) percent of any recovery she obtained against the

20   KNIGHT Defendants. One or more of The HARRIS Defendants received a sum of money

21   from or on behalf of the KNIGHT Defendants, in full or partial satisfaction of the

22   Judgment; upon information and belief, plaintiff contends that this sum was at least $1

23   million. HARRIS, the KNIGHT Defendants, and Dermot Damien Givens concede that at

24   least $1 million was paid by or on behalf of the KNIGHT Defendants to HARRIS, and that

25   no notice of that settlement or payment was given to plaintiff. No fees have been paid to

26   plaintiff from any other transfer of money or assets to or on behalf of the HARRIS

27   Defendants by or on behalf of the KNIGHT Defendants, with the actual knowledge and

28   assistance of their attorney, Dermot Damien Givens, in full or partial satisfaction of the

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.    WC11-0000007                        9
Los Angeles          3123884.1             FIRST AMENDED COMPLAINT

1  Judgment. The HARRIS Defendants have instead concealed the terms of any purported

2  settlement with the KNIGHT Defendants from plaintiff, or has hidden the fact of payments

3  made to or on behalf of the HARRIS Defendants from or on behalf of the KNIGHT

4  Defendants.

5

6                          **FOURTH CAUSE OF ACTION**

7                            **FOR AN ACCOUNTING**

8                          **(Plaintiff vs. All Defendants)**

9        39.    Plaintiff incorporates herein by reference paragraphs 1 through 18, and 36

10  through 38 of this First Amended Complaint as though fully set forth herein.

11       40.    Plaintiff has demanded an accounting of any and all gross recovery,

12  payments or consideration of any kind or nature paid or transferred in satisfaction, in

13  whole or in part, of the Judgment entered in LASC Case No. BC268857. The defendants,

14  and each of them, have refused to provide any accounting of the consideration agreed to or

15  paid. Plaintiff therefore now requests that this court order a full and complete accounting

16  of all sums or assets received by or on behalf of any of The HARRIS Defendants, or any of

17  their agents or persons acting on their behalf, from or on behalf of any of the KNIGHT

18  Defendants, or from any other entity or source, in partial or full satisfaction of the

19  Judgment.

20

21                          **FIFTH CAUSE OF ACTION**

22                        **INTERFERENCE WITH CONTRACT**

23      **(Plaintiff vs. The KNIGHT Defendants, THA ROW RECORDS, LLC,**

24    **THA ROW, INC., DERMOT GIVENS and DOES 26 Through 100, Inclusive)**

25       41.    Plaintiff incorporates herein by reference paragraphs 1 through 18 of this

26  First Amended Complaint as though fully set forth herein.

27       42.    Defendants MARION H. KNIGHT, aka SUGE KNIGHT, DEATH ROW

28  RECORDS, INC., DEATH ROW RECORDS, LLC, THA ROW, INC., DERMOT

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WCl1-0000007
3123884.1

                                    10
                    FIRST AMENDED COMPLAINT

1   GIVENS, LYDIA HARRIS, LIFESTYLE RECORDS, INC., NEW IMAGE MEDIA

2   CORP. and DOES 26 through 100 were served with notice of plaintiffs lien on May 19,

3   2005. Defendant GILLIAM and DOES 70 through 80 were served with Notice of Lien on

4   the GILLIAM Judgment on September 9, 2005. The defendants, and each of them, by and

5   through their authorized representatives, had actual knowledge of plaintiffs valid contract

6   and lien.

7        43.    Plaintiff is informed and believes and thereon alleges that the judgment

8   debtors (The KNIGHT Defendants) and their attorney, DERMOT GIVENS, conspired

9   with HARRIS to deprive plaintiff of its lien rights. Plaintiff is informed and believes and

10  thereon alleges that The KNIGHT Defendants, DERMOT GIVENS and Does 26 through

11  100 caused payments or other consideration to be made to HARRIS pursuant to the

12  judgment without notice to plaintiff and without satisfying any portion of plaintiffs valid

13  lien. The Knight defendants and GIVENS made it more difficult, expensive or

14  burdensome to collect fees and costs which were earned. The Knight defendants and

15  GIVENS either intended to prevent Harris from performing her contractual obligations to

16  plaintiff or knew that collection of fees and costs would be more expensive or burdensome

17  as a result of their conduct.

18       44.    The KNIGHT Defendants, GIVENS and Does 26 through 100 intentionally

19  interfered with plaintiffs valid contractual and/or equitable lien in an amount equal to the

20  payment or other consideration which has passed or will pass between KNIGHT and

21  GILLIAM on the one hand and HARRIS on the other hand.

22       45.    Plaintiff is informed and believes and thereon alleges that The KNIGHT

23  Defendants have provided payments or other consideration to HARRIS with a value in

24  excess of $2 million. Accordingly, plaintiff alleges that, to date, said defendants'

25  intentional interference with plaintiff's contractual lien rights has caused damage to

26  plaintiff in a sum exceeding $1,013,890.27, or forty (40) percent of any actual payments

27  made by or on behalf of the KNIGHT Defendants to the HARRIS Defendants, plus

28  interest.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

11

FIRST AMENDED COMPLAINT

### SIXTH CAUSE OF ACTION

### FOR ORDER GRANTING EQUITABLE ASSIGNMENT OF JUDGMENTS

### (Plaintiff vs. The KNIGHT Defendants, GILLIAM, Lydia Harris, and

### DOES 1 Through 25

### and DOES 50 through 75, Inclusive)

46.    Plaintiff incorporates herein by reference paragraphs 1 through 18 and 36 through 38 of this First Amended Complaint as though fully set forth herein.

47.    HARRIS discharged plaintiff without cause after entry of judgment in the sum of $107 million against The KNIGHT Defendants.

48.    Plaintiff is informed and believes and thereon alleges that HARRIS discharged plaintiff for the primary purpose of concealing payments and violating plaintiffs contractual right to collect a contingency fee based upon any recovery in the underlying lawsuit, as well as in violation of its rights as set forth in the May 19, 2005 Notice of Lien, as well as violating plaintiffs rights to a contingent fee from any recovery against GILLIAM.

49.    Plaintiffs contract with HARRIS created a lien upon the recovery whether by settlement or judgment. By reason of the professional services rendered, plaintiff is an equitable assignee of the judgments or settlements to the extent of fees and costs which are due plaintiff for services. [*Siciliano v. Fireman's Fund Ins. Co.* (1976) 62 Cal.App.3d 745.]

50.    Plaintiff is informed and believes and thereon alleges that it is entitled to an equitable assignment of forty (40) percent of the judgments against The KNIGHT Defendants and GILLIAM, and/or forty (40) percent of any settlement or other recoveries obtained by or on behalf of the HARRIS Defendants from or on behalf of the KNIGHT Defendants.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

12

FIRST AMENDED COMPLAINT

## SEVENTH CAUSE OF ACTION FOR DECLARATORY RELIEF

### (Plaintiff vs. All Defendants)

51.    Plaintiff incorporates herein by reference paragraphs 1 through 18 and 36 through 38 of this First Amended Complaint as though fully set forth herein.

52.    Plaintiff alleges that it has a valid lien on any and all recovery, payments, or consideration of any kind or nature paid in satisfaction of the judgment against The KNIGHT Defendants for forty percent (40%) of $107 million plus interest at the rate of $29,315.00 per day plus costs expended in the sum of $213,890.27. Plaintiff alleges that it has a valid lien on any and all recovery, payments, or consideration of any kind or nature paid in satisfaction of the judgment against GILLIAM for forty percent (40%) of $760,000.00 plus interest at the rate of $208.22 per day plus costs as aforementioned. Plaintiff is informed and believes and thereon alleges that defendants contend that they had or have the right to disregard plaintiffs lien and that KNIGHT and/or GILLIAM can make payments in partial or total satisfaction of the judgment without paying anything to plaintiff. Plaintiff contends to the contrary.

53.    Plaintiff contends that any settlement agreement between The KNIGHT Defendants and HARRIS and/or any settlement between GILLIAM and HARRIS is void to the extent that it purports to release, extinguish, impair or modify plaintiffs vested rights to recover forty percent (40%) of the judgment plus costs as reflected in the attorney liens served on May 19, 2005 and September 9, 2005.

54.    Plaintiff is informed and believes and thereon alleges that defendants contend that they have or had the right to disregard, impair, release, diminish or extinguish the lien rights of plaintiff.

55.    Plaintiff contends that any agreement between the defendants that was made without the consent of plaintiff is a nullity as to plaintiff because any such agreement was a fraud upon plaintiff, was made with unclean hands and without any consideration to plaintiffs vested interests. Plaintiff is informed and believes and thereon alleges that defendants contend to the contrary.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

13
FIRST AMENDED COMPLAINT

56. Plaintiff requests a judicial declaration that plaintiff may recover judgment against The KNIGHT Defendants and its related entities and alter egos in the sum of forty percent (40%) of $107 million plus interest at the rate of $27,315.00 per day from March 9, 2005. Plaintiff also requests a judicial declaration that plaintiff may recover judgment against GILLIAM in the sum of forty percent (40%) of $760,000 plus interest at the rate of $208.22 per day from February 5, 2004.

WHEREFORE, plaintiff prays for judgment as follows:

1. For special damages in the sum of $42,800,000.00 plus interest jointly and severally against The HARRIS Defendants, The KNIGHT Defendants and DERMOT GIVENS, or according to proof;

2. For special damages in the sum of $304,000.00 plus interest from GILLIAM, or according to proof, **and**

3. For a judgment assigning to plaintiff forty percent (40%) of the March 9, 2005 judgment against MARION H. KNIGHT and DEATH ROW RECORDS, INC., **and/or**;

4. For a judgment assigning to plaintiff forty percent (40%) of the March 26, 2004 judgment against GILLIAM. Further, plaintiff requests:

5. A judicial declaration that any agreement by and between the defendants which purports to affect the rights of the plaintiff is void;

6. The imposition of a constructive trust upon any proceeds paid to The HARRIS Defendants in satisfaction of the judgments;

7. An accounting, requiring the defendants to disclose to plaintiff the exact arms of any and all settlement agreements reached between the defendants and any consideration paid in satisfaction of the judgment;

8. A temporary restraining order, preliminary injunction and/or permanent injunction freezing and/or attaching the assets of the defendants up to plaintiffs interest in the underlying judgments;

9. Its costs of suit;

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

14
FIRST AMENDED COMPLAINT



1     10.   Prejudgment interest, as provided by law;  and

2     11.   Such further relief which is just and proper.

3  Dated: April 3, 2006              HAIGHT BROWN & BONESTEEL LLP;
                                WASSERMAN, COMDEN &
4                                  CASSELMAN, L.L.P.

5

6                      By:

7                        Peter Q. Ezzell
8                        Nancy E. Lucas
                                Stephen M. Caine;
9                        David B. Casselman
                                Leonard J. Comden
10                     Attorneys for PlaintiffWASSERMAN,
                                COMDEN, CASSELMAN &
11                     PEARSON, L.L.P.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles    WC11-0000007
            3123884.1

15

FIRST AMENDED COMPLAINT

## LIST OF EXHIBITS

A.   Judgment in favor of HARRIS and NEW IMAGE MEDIA CORP. and against MARION H. KNIGHT, aka SUGE KNIGHT and DEATH ROW RECORDS, INC.

B.   March 26, 2004, Court judgment in favor of HARRIS and her related business entity NEW IMAGE MEDIA CORP. and against GILLIAM in the sum of $760,000 plus interest.

C.   May 19, 2005 Notice of Attorney Lien equal to forty percent (40%) of any and all gross recovery, payments or consideration of any kind or nature paid or transferred in satisfaction, in whole or in part, of the Judgment against KNIGHT, et al. entered in LASC Case No. BC268857 (40% of $107 million plus interest accruing at the rate of $29,315.00 per day) plus costs expended in the sum of $213,890.27.

D.   September 9, 2005 Notice of Attorney Lien filed September 9, 2005 in the sum of $304,000.00, plus interest.

E.   Notice of Settlement, filed June 17, 2005.

F.   Contingency Fee Agreement.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

16

FIRST AMENDED COMPLAINT

1

## PROOF OF SERVICE BY MAIL

2

3 | STATE OF CALIFORNIA     )

                      )   ss.:

4 | COUNTY OF LOS ANGELES   )

5 | *WASSERMAN v. LYDIA HARRIS; LIFESTYLE RECORDS*
*BC 340196*

6
     I am employed in the County of Los Angeles, State of California. I am over the age

7 | of 18 and not a party to the within action. My business address is 6080 Center Drive, Suite
800, Los Angeles, CA 90045-1574.

8
     On April 3, 2006, I served on interested parties in said action the within:

9

10 | FIRST AMENDED COMPLAINT

   [X]    (MAIL) by placing a true copy thereof in sealed envelope(s) addressed as stated on

11 | the attached service list.

12

13 |      I am readily familiar with this firm's practice of collection and processing
correspondence for mailing. Under that practice it would be deposited with the U.S. postal

14 | service on that same day with postage thereon fully prepaid at Los Angeles, California, in
the ordinary course of business. I am aware that on motion of party served, service is

15 | presumed invalid if postal cancellation date or postage meter date is more than 1 day after
date of deposit for mailing in affidavit.

16
     Executed on April 3, 2006, at Los Angeles, California.

17
     I declare under penalty of perjury under the laws of the State of California that the

18 | foregoing is true and correct.

19
        Theresa Welsch

20 |       (Type or print name)                          (Signature)

21

22

23

24

25

26

27

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

17

FIRST AMENDED COMPLAINT

MAILING LIST
WASSERMAN v. LYDIA HARRIS; LIFESTYLE RECORDS
BC 340196

| | |
|---|---|
| David B. Casselman<br>Wasserman Comden, Casselman & Pearson<br>5567 Reseda Blvd., #330<br>Tarzana, CA 91357<br><br>Tel:    818-705-6800<br>Fax:   818-705-8634<br>hblum@wcclaw.com | Gary S. Soter<br>Pearson, Soter, Warshaw & Penny<br>15165 Ventura Blvd., #400<br>Sherman Oaks, CA 91403<br><br>Tel:    818-788-8300<br>Fax:   818-788-8104<br>gsoter@pswplaw.com |
| Kevin Gilliam<br>1502 South Alpine Dr.<br>West Covina, CA 91791<br><br>[Pro Per] | |

FIRST AMENDED COMPLAINT

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1



## PROOF OF SERVICE BY OVERNIGHT DELIVERY

1

2

3  STATE OF CALIFORNIA        )
                             )  ss.:
4  COUNTY OF LOS ANGELES      )

5  *WASSERMAN v. LYDIA HARRIS; LIFESTYLE RECORDS*
   *BC 340196*

6
        I am employed in the County of Los Angeles, State of California. I am over the age
7  of 18 and not a party to the within action. My business address is 6080 Center Drive, Suite
   800, Los Angeles, CA 90045-1574.

8
        On April 3, 2006, I served on interested parties in said action the within:
9
   FIRST AMENDED COMPLAINT
10
        I deposited in a box or other facility regularly maintained by Federal Express, an
11 express service carrier, or delivered to a courier or driver authorized by said express
   service carrier to receive documents, a true copy of the foregoing document in
12 sealed envelopes or packages designated by the express service carrier, addressed as
   stated on the attached service list, with fees for overnight delivery paid or provided
13 for.

14      Executed on April 3, 2006, at Los Angeles, California.

15      I declare under penalty of perjury under the laws of the State of California that the
   foregoing is true and correct.
16

17      _____        _____
            Theresa Welsch                    (Signature)
18        (Type or print name)

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

23
FIRST AMENDED COMPLAINT

03/24/06 4:18 PM
Draft

MAILING LIST
WASSERMAN v. LYDIA HARRIS; LIFESTYLE RECORDS
BC 340196

| | |
|---|---|
| Rex Julian Beaber | Dermot Damian Givens |
| 1546 Calmar Court | 433 North Camden Dr., #600 |
| Los Angeles, CA 90024 | Beverly Hills, CA 90210 |
| | |
| Tel:  557-1198 | Tel:  310-854-8823 |
| Fax: | Fax:  323-878-0416 |
| Xerxers@aol.com | dermotg@aol.com |
| | |
| Debra V. Crawford | Steven M. Goldberg |
| P.O. Box 373, SW Mission & 4th, #5 | Russ, August & Kabat |
| Carmel, CA 93921-0373 | 12424 Wilshire Blvd., 12th Floor |
| | Los Angeles, CA 90025 |
| Tel:  831-624-2422 | |
| Fax:  831-624-2428 | Tel:  310-979-8274 |
| ddvcrawford@earthlink.net | Fax:  310-826-6991 |
| | |
| Laurence D. Strick | Larry Nagelberg |
| Law Office of Laurence D. Strick | Nagelberg & Associates |
| 339 N. Sycamore Ave., # 2 | The Tower, Suite 2150 |
| Los Angeles, CA 90036 | 10940 Wilshire Blvd. |
| | Los Angeles, CA 90024 |
| Tel: (323) 964-5231 | |
| Fax: (323) 964-8135 | Tel: (310) 208-3220 |
| | Fax: (310) 208-3830 |
| larrystrick@yahoo.com | |

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

23
FIRST AMENDED COMPLAINT

03/24/06 4:18 PM
Draft

**EXHIBIT A**

1 | DAVID B. CASSELMAN (SBN 81657)
  | I.DONALD WEISSMAN (SBN 67980)
2 | WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.
  | 5567 Reseda Boulevard, Suite 330
3 | Post Office Box 7033
  | Tarzana, California 91357-7033
4 | Telephone:  (818) 705-6800 • (323) 872-0995
  | Facsimile:  (818) 705-8147
5 |
6 | Attorneys for Plaintiffs
  | LYDIA HARRIS and NEW IMAGE MEDIA
  | CORPORATION
7 |

**FILED**

LOS ANGELES SUPERIOR COURT

APR 1 4 2005

JOHN A. CLARKE, CLERK
E. Martinez
BY ELIZABETH MARTINEZ, DEPUTY

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF LOS ANGELES

10 |

11 | LYDIA HARRIS, LIFESTYLE          )   CASE NO. BC 268857
   | RECORDS, INC., AND NEW IMAGE     )
12 | MEDIA CORP.,                     )
   |                                  )   Case Assigned to:
13 |            Plaintiffs,           )   Judge Ronald M. Sohigian - Dept. 41
   |                                  )
14 |     v.                           )   [Complaint Filed: February 26, 2002]
   |                                  )
15 | KEVIN GILLIAM AKA BATTLECAT;     )
   | MARION H. KNIGHT AKA SUGE        )
16 | KNIGHT; DEATH ROW RECORDS;       )   NOTICE OF ENTRY OF JUDGMENT
   | THA ROW, INC.; DAVID E. KENNER;  )
17 | DAVID E. KENNER PROFESSIONAL     )
   | LAW CORPORATION; DAVID E.        )
18 | KENNER, A    PROFESSIONAL        )
   | CORPORATION; THE DAVID E.        )
19 | KENNER TRUST; INTERSCOPE         )
   | RECORDS; JIMMY IOVINE; JOHN T.   )
20 | MCCLAIN, JR.; A&M RECORDS; ET    )
   | AL.,                             )
21 |                                  )
   |            Defendants.           )
22 | _____ )

23 | TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

24 |

25 |     PLEASE TAKE NOTICE that pursuant to the Judgment dated March 9, 2005 (a true

26 | and correct copy of which is attached hereto as Exhibit A), judgment was entered in the sum of

27 | $107,000,000.00, together with interest thereon at the rate of ten (10) percent per year from

28 | March 9, 2005, in favor of LYDIA HARRIS and NEW IMAGE MEDIA CORP. and against

400205.1                           *NOTICE OF ENTRY OF JUDGMENT*



1 | MARION H. KNIGHT, aka SUGE KNIGHT and DEATH ROW RECORDS.

2

3 | DATED: April 13, 2005

WASSERMAN, COMDEN, CASSELMAN &
PEARSON L.L.P.

4

5

6 | By: _____

I.DONALD WEISSMAN
7 | Attorneys for Plaintiffs
LYDIA HARRIS and NEW IMAGE MEDIA
8 | CORPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

400205.1

*NOTICE OF ENTRY OF JUDGMENT*



1  MARION H. KNIGHT, aka SUGE KNIGHT and DEATH ROW RECORDS.

2

3  DATED: April 13, 2005              WASSERMAN, COMDEN, CASSELMAN &
4                                     PEARSON L.L.P.

5

6  By: _____
                    I. DONALD WEISSMAN
7  Attorneys for Plaintiffs
   LYDIA HARRIS and NEW IMAGE MEDIA
8  CORPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

400205.1                        *NOTICE OF ENTRY OF JUDGMENT*

1  DAVID B. CASSELMAN (SBN 81657)
   I.DONALD WEISSMAN (SBN 67980)
2  WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
   5567 Reseda Boulevard, Suite 330
3  Post Office Box 7033
   Tarzana, California 91357-7033
4  Telephone:   (818) 705-6800 • (323) 872-0995
   Facsimile:    (818) 705-8147
5
   Attorneys for Plaintiffs
6  LYDIA HARRIS and NEW IMAGE MEDIA
   CORPORATION
7

**FILED**

LOS ANGELES SUPERIOR COURT

APR 1 4 2005

JOHN A. CLARKE, CLERK
E. Martinez
BY ELIZABETH MARTINEZ, DEPUTY

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10

11  LYDIA HARRIS, LIFESTYLE          )  CASE NO. BC 268857
    RECORDS, INC., AND NEW IMAGE     )
12  MEDIA CORP.,                     )
                                     )  Case Assigned to:
13           Plaintiffs,             )  Judge Ronald M. Sohigian - Dept. 41
                                     )
14       v.                          )  [Complaint Filed: February 26, 2002]
                                     )
15  KEVIN GILLIAM AKA BATTLECAT;     )
    MARION H. KNIGHT AKA SUGE        )
16  KNIGHT; DEATH ROW RECORDS;       )  NOTICE OF ENTRY OF JUDGMENT
    THA ROW, INC.; DAVID E. KENNER;  )
17  DAVID E. KENNER PROFESSIONAL     )
    LAW CORPORATION; DAVID E.        )
18  KENNER, A PROFESSIONAL           )
    CORPORATION; THE DAVID E.        )
19  KENNER TRUST; INTERSCOPE         )
    RECORDS; JIMMY IOVINE; JOHN T.   )
20  MCCLAIN, JR.; A&M RECORDS; ET    )
    AL.,                             )
21                                   )
             Defendants.             )
22  _____ )

23  TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

24

25       PLEASE TAKE NOTICE that pursuant to the Judgment dated March 9, 2005 (a true

26  and correct copy of which is attached hereto as Exhibit A), judgment was entered in the sum of

27  $107,000,000.00, together with interest thereon at the rate of ten (10) percent per year from

28  March 9, 2005, in favor of LYDIA HARRIS and NEW IMAGE MEDIA CORP. and against

400205.1                    *NOTICE OF ENTRY OF JUDGMENT*

*WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.*
*5567 RESEDA BOULEVARD, SUITE 330*
*P.O. BOX 7033*
*TARZANA, CALIFORNIA 91357-7033*

ORIGINAL FILED

1  DAVID B. CASSELMAN (SBN 81657)
   I.DONALD WEISSMAN (SBN 67980)                    MAR 09 2005
2  WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
   5567 Reseda Boulevard, Suite 330                 LOS ANGELES
3  Post Office Box 7033                             SUPERIOR COURT
   Tarzana, California 91357-7033
4  Telephone:    (818) 705-6800 · (323) 872-0995
   Facsimile:    (818) 705-8147
5
   Attorneys for Plaintiffs
6  LYDIA HARRIS and NEW IMAGE MEDIA
   CORPORATION
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10

11  LYDIA HARRIS, LIFESTYLE        )    CASE NO. BC 268857
    RECORDS, INC., AND NEW IMAGE   )
12  MEDIA CORP.,                   )
                                   )    Case Assigned to:
13            Plaintiffs,          )    Judge Ronald M. Sohigian - Dept. 41
                                   )
14       v.                        )    [Complaint Filed: February 26, 2002]
                                   )
15  KEVIN GILLIAM AKA BATTLECAT;   )
    MARION H. KNIGHT AKA SUGE      )
16  KNIGHT; DEATH ROW RECORDS;     )    JUDGMENT
    THA ROW, INC.; DAVID E. KENNER;)
17  DAVID E. KENNER PROFESSIONAL   )
    LAW CORPORATION; DAVID E.      )
18  KENNER, A PROFESSIONAL         )
    CORPORATION; THE DAVID E.      )
19  KENNER TRUST; INTERSCOPE       )
    RECORDS; JIMMY IOVINE; JOHN T. )
20  McCLAIN, JR.; A&M RECORDS; ET  )
    AL.,                           )
21                                 )
             Defendants.           )
22

23

24       Upon the Order striking the Answer of MARION H. KNIGHT, aka SUGE KNIGHT, AND

25  DEATH ROW RECORDS, INC., aka DEATHROW RECORDS L.L.C. and THA ROW, INC.,

26  to Plaintiffs' Complaint and entering default thereon, consideration of the Plaintiffs' Application

27  for Default Prove-up Damages and the supporting declarations of Lydia Harris, I.Donald

28  Weissman, Michael Harris and Phil Ames, and good cause appearing therefor,

                                EX A /

                                _JUDGMENT_

1      IT IS HEREBY ADJUDGED that judgment is entered in favor of plaintiffs, LYDIA

2  HARRIS and NEW IMAGE MEDIA CORP., and against defendants, MARION H. KNIGHT

3  aka SUGE KNIGHT, DEATH ROW RECORDS, INC., ~~and DEATH ROW RECORDS L.L.C.,~~

4  ~~and THE ROW, INC.~~, in the sum of $ _45,000,000_ for economic damages,

5  $ _2,000,000_ for non-economic damages, $ _60,000,000_ for punitive damages.

6

7      Further, PLAINTIFFS to recover costs pursuant to a memorandum of costs to be filed

8  pursuant to the statute, _IN THE AMOUNT OF $ _____._

9

10  Dated: _MAR 0 9 2005_     RONALD M. SOHIGIAN

11            JUDGE OF THE LOS ANGELES SUPERIOR COURT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                        2

*JUDGMENT*

**PROOF OF SERVICE**
Harris et al. v. Gilliam et al.
BC268857

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of LOS ANGELES, STATE OF CALIFORNIA. My business address is: 5567 Reseda Boulevard, Suite 330, Post Office Box 7033, Tarzana, California 91357-7033. I am over the age of 18 years and am not a party to this action.

On April 13, 2005, I served the following document(s) entitled NOTICE OF ENTRY OF JUDGMENT on ALL INTERESTED PARTIES in this action:

| | |
|---|---|
| Dermot Damian Givens, Esq.<br>433 N. Camden Dr., Ste. 600<br>Beverly Hills, CA 90210 | Attorney for defendant MARION H. KNIGHT, DEATH ROW RECORDS and THA ROW, INC. |

☒  **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal Service. The correspondence, pleadings and other matters are deposited with the United States Postal Service with postage thereon fully prepaid in Tarzana, California, on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐  **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to _____ for delivery to the above address(es).

☐  **BY FAX:** I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown above.

☐  **BY PERSONAL SERVICE:** I served such envelope to be delivered by hand to the offices of the addressee(s).

☒  [State]   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐  [Federal]   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 13, 2005, at Tarzana, California.

BILLIE J. TOWE

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

400205.1

*NOTICE OF ENTRY OF JUDGMENT*

**EXHIBIT B**

COPY

FILED
LOS ANGELES SUPERIOR COURT

MAR 2 6 2004

JOHN A. CLARKE, CLERK
BY R. McGLOTHLIN, DEPUTY

1  DAVID B. CASSELMAN (SBN 81657)
   I.DONALD WEISSMAN (SBN 67980)
2  WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
   5567 Reseda Boulevard, Suite 330
3  Post Office Box 7033
   Tarzana, California 91357-7033
4  Telephone:   (818) 705-6800 • (323) 872-0995
   Facsimile:   (818) 705-8147
5
6  Attorneys for Plaintiffs
   LYDIA HARRIS and NEW IMAGE MEDIA
   CORPORATION
7
8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                   FOR THE COUNTY OF LOS ANGELES
10
11 LYDIA HARRIS, LIFESTYLE              )  CASE NO. BC 268857
   RECORDS, INC., AND NEW IMAGE        )
12 MEDIA CORP.,                        )
                                       )  Case Assigned to:
13         Plaintiffs,                 )  Judge David A. Workman - Dept. 40
                                       )
14    v.                               )  [Complaint Filed: February 26, 2002]
                                       )
15 KEVIN GILLIAM AKA BATTLECAT;        )
   MARION H. KNIGHT AKA SUGE           )
16 KNIGHT; DEATH ROW RECORDS;          )  ORDER CONFIRMING
   THA ROW, INC.; DAVID E. KENNER;     )  ARBITRATION AWARD AND
17 DAVID E. KENNER PROFESSIONAL        )  JUDGMENT
   LAW CORPORATION; DAVID E.           )
18 KENNER, A    PROFESSIONAL           )
   CORPORATION; THE DAVID E.           )
19 KENNER TRUST; INTERSCOPE            )
   RECORDS; JIMMY IOVINE; JOHN T.      )
20 MCCLAIN, JR.; A&M RECORDS; ET       )
   AL.,                                )
21                                     )
           Defendants.                 )
22 ─────────────────────────────────── )
23                     ORDER
24
25    The petition of LYDIA HARRIS and NEW IMAGE MEDIA CORP. for an order
26 confirming an arbitration award came on regularly on February 5, 2004, at 8:30 a.m., in
27 Department 40 for hearing by the court.
28

372694.1        ORDER CONFIRMING ARBITRATION AWARD AND JUDGMENT

1    Petitioners LYDIA HARRIS and NEW IMAGE MEDIA CORP. appeared by their

2   attorney of record, I.DONALD WEISSMAN, ESQ. of Wasserman, Comden, Casselman &

3   Pearson, L.L.P. Respondent KEVIN GILLIAM aka BATTLECAT, through his counsel of

4   record filed a Notice of Non-Opposition to Plaintiffs' Petition to Conform.

5

6    Proof having been made to the satisfaction of the court that the petition should be

7   granted, IT IS ORDERED that the award of Hon. William S. Schoettler (Retired) dated

8   December 24, 2003, is confirmed in all respects and that judgment be entered in conformity

9   therewith.

10

11   DATED: _March 26, 2004_    By: _____

12                                          Judge of the Superior Court
                                               DAVID A. WORKMAN
13

14                                JUDGMENT

15

16    The award of Hon. William S. Schoettler (Retired) having been confirmed by order of this

17   court on February 5, 2004, IT IS ADJUDGED that petitioner NEW IMAGE MEDIA CORP.,

18   recover from respondent KEVIN GILLIAM aka BATTLECAT the sum of $760,000.00, together

19   with interest thereon at the rate of ten (10) percent per year from February 5, 2004, and costs of

20   this proceeding in the sum of $_____.

21

22   DATED: _March 26, 2004_    By: _____

23                                          Judge of the Superior Court
                                               DAVID A. WORKMAN
24

25

26

27

28

_ORDER CONFIRMING ARBITRATION AWARD AND JUDGMENT_

372694.1

5957 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

PROOF OF SERVICE
Harris et al. v. Gilliam et al.
BC268857

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of LOS ANGELES, STATE OF CALIFORNIA. My business address is: 5567 Reseda Boulevard, Suite 330, Post Office Box 7033, Tarzana, California 91357-7033. I am over the age of 18 years and am not a party to this action.

On March 9, 2004 I served the following document(s) entitled ORDER CONFIRMING ARBITRATION AWARD AND JUDGMENT on ALL INTERESTED PARTIES in this action:

Hayes F. Michel, Esq.                    *Counsel for Kevin Gilliam, p/k/a*
PROSKAUER ROSE LLP                       *Battlecat*
2049 Century Park East, Suite 3200
Los Angeles, California 90067-3206
Tel.: (310) 557-2900
Fax: (310) 557-2193

☒ **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal Service. The correspondence, pleadings and other matters are deposited with the United States Postal Service with postage thereon fully prepaid in Tarzana, California, on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to _____ for delivery to the above address(es).

☐ **BY FAX:** I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown above.

☐ **BY PERSONAL SERVICE:** I served such envelope to be delivered by hand to the offices of the addressee(s).

☒ [State]   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ [Federal]   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 9, 2004, at Tarzana, California.

BILLIE J. TOWE

EXHIBIT C

1   DAVID B. CASSELMAN (SBN 81657)
    I.DONALD WEISSMAN (SBN 67980)
2   HOWARD S. BLUM (SBN 60609)
    WASSERMAN, COMDEN, CASSELMAN & PEARSON
3   5567 Reseda Boulevard, Suite 330
    Post Office Box 7033
4   Tarzana, California 91357-7033
    Telephone:   (818) 705-6800 · (323) 872-0995
5   Facsimile:   (818) 705-8147

6   Attorneys for Plaintiffs
    LYDIA HARRIS and NEW IMAGE MEDIA
7   CORPORATION

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 1 9 2005

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
   R. Arraiga

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF LOS ANGELES

10

11   LYDIA HARRIS, LIFESTYLE            )   CASE NO. BC 268857
     RECORDS, INC., AND NEW IMAGE      )
12   MEDIA CORP.,                       )   Case Assigned to:
                                        )   Judge Ronald M. Sohigian - Dept. 41
13           Plaintiffs,                )
                                        )   [Complaint Filed: February 26, 2002]
14       v.                             )
                                        )
15   KEVIN GILLIAM AKA BATTLECAT;       )
     MARION H. KNIGHT AKA SUGE          )
16   KNIGHT; DEATH ROW RECORDS;         )   NOTICE OF ATTORNEY LIEN
     THA ROW, INC.; DAVID E. KENNER;    )
17   DAVID E. KENNER PROFESSIONAL       )
     LAW CORPORATION; DAVID E.          )
18   KENNER, A PROFESSIONAL             )
     CORPORATION; THE DAVID E.          )
19   KENNER TRUST; INTERSCOPE           )
     RECORDS; JIMMY IOVINE; JOHN T.     )
20   MCCLAIN, JR.; A&M RECORDS; ET      )
     AL.,                               )
21                                      )
             Defendants.                )
22   _____    )

23   TO: JUDGMENT CREDITORS LYDIA HARRIS AND NEW IMAGE MEDIA CORP.;

24   JUDGMENT DEBTORS MARION H. KNIGHT AKA SUGE KNIGHT and DEATH ROW

25   RECORDS, INC.; DERMOT DAMIAN GIVENS AND ALL INTERESTED PARTIES:

26

27       PLEASE TAKE NOTICE that the law firm of Wasserman, Comden Casselman &

28   Pearson L.L.P. (hereinafter the "Firm"), hereby gives notice of its lien equal to forty percent

402923.1                    NOTICE OF ATTORNEY LIEN

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  (40%) of any and all gross recovery, payments, or consideration of any kind or nature paid or

2  transferred in satisfaction, in whole or in part, of the judgment entered in the above-referenced

3  action in the principal sum of $107,000,000.00, plus interest accruing at the rate of $29,315.00

4  per day. Said percentage is to be applied after priority payment to the Firm of costs expended

5  in the sum of $213,890.27

6

7      PLEASE TAKE FURTHER NOTICE that Wasserman, Comden, Casselman &

8  Pearson L.L.P. must be named as a co-payee on any instrument or WRITING satisfying, in

9  whole or in part, said judgment. Failure to include Wasserman, Comden, Casselman & Pearson

10  L.L.P. as a co-payee will subject the payor to liability for duplicate payment of the sums

11  transferred.

12

13      PLEASE TAKE FURTHER NOTICE that the judgment creditors must notify any

14  transferee or assignee of the judgment, or anyone claiming an interest in said judgment, of the

15  content and existence of this lien.

16

17  DATED: May 18, 2005            WASSERMAN, COMDEN, CASSELMAN &

18                                 PEARSON L.L.P.

19

20                    By:_____

21                            DAVID B. CASSELMAN
                            Attorneys for Plaintiffs
22                          LYDIA HARRIS and NEW IMAGE MEDIA
                            CORPORATION

23

24

25

26

27

28

2

402923.1                    *NOTICE OF ATTORNEY LIEN*

**PROOF OF SERVICE**
*Lydia Harris v. Kevin Gilliam, et al.*
(LASC Case No. BC 268857)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of LOS ANGELES, STATE OF CALIFORNIA. My business address is: 5567 Reseda Boulevard, Suite 330, Post Office Box 7033, Tarzana, California 91357-7033. I am over the age of 18 years and am not a party to this action

On May 19, 2005, I served the following document(s) entitled NOTICE OF ATTORNEY LIEN on ALL INTERESTED PARTIES in this action:

SEE ATTACHED LIST

☒  BY MAIL: By placing a true cor...  ...in a sealed envelope addressed as above, and placi... ...collect... ...ind... ...following ordinary business practices. I am readily 1... ...practice of collection and processing correspon... ...er matters for mailing with the United States Postal Serv...e... ...nce, pleadings and other matters are deposited with the United Sta... ...Service with postage thereon fully prepaid in Tarzana, California, on the same day in the ordinar... course of business. I am aware that on motion of the party served, service is p...med invalid if the postal cancellation date or postage meter d... ...more ...lay after date of deposit for mailing in affidavit.

☐  BY OVERNI...  ...ed the ...bove-referenced document(s) to be delivered to _____ n...  ...livery to the above address(es).

☐  BY FAX: ...  ...d a copy of the foregoing document(s) this date via telecopier to the facsi... ...ers shown above.

☐  BY PERS... ...RVICE: I served such envelope to be delivered by hand to the offices of the addressee(s).

☒  [State] I decla... ...nder penalty of perjury under the laws of the State of California that t... ...egoing is true and correct.

☐  [Feder...] I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

...t May 19, 2005, at Tarzana, California.

*Leslie Adler*

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

3

3185822

*NOTICE OF ATTORNEY LIEN*

SERVICE LIST
*Lydia Harris v. Kevin Gilliam, et al.*
(LASC Case No. BC226857)

Lydia Harris
3910 Daphne Street
Houston, TX 77021

Hayes F. Michel, Esq.
PROSKAUER ROSE LLP
2049 Century Park East, Suite 3200
Los Angeles, California 90067-3206
Tel.:    (310) 557-2900
Fax:    (310) 557-2193
*Counsel for Kevin Gilliam, p/k/a Battlecat*

Bart H. Williams, Esq.
Megan M. LaBelle, Esq.
MUNGER, TOLLES & OLSON, L.L.P.
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071-1560
Tel:    (213) 683-9295
Fax:    (213) 687-3702
*Counsel for Interscope Records , Jimmy Iovine,
John A. McClain, III, Aftermath Records and
Andre Young*

Neil C. Erickson, Esq.
Katherine J. Kuneberger, Esq.
JEFFER, MANGELS, BUTLER &
MARMARO LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067-4308
Tel.: (310) 203-8080
Fax: (310) 203-0567
*Counsel for Marion H. Knight aka Suge Knight;
Death Row Records; Tha Row Records*

Death Row Records
8200 Wilshire Boulevard
P.O. Box 3037
Beverly Hills, CA 90212

Tha Row
8200 Wilshire Boulevard
P.O. Box 3037
Beverly Hills, CA 90212

Joseph A. Davis, Esq.
DAVIS AND WINSTON
9911 West Pico Boulevard
Suite 1400
Los Angeles, CA 900035
Tel:  (310) 277-4662
*Counsel for Bad Boy Entertainment, Inc.*

New Image Media Corp.
c/o Lydia Harris
3910 Daphne Street
Houston, TX 77021

Alan S. Gutman, Esq.
LAW OFFICES OF ALAN S. GUTMAN
9401 Wilshire Boulevard, Suite 575
Beverly Hills, California 90212-2918
Tel:    (310) 385-0700
Fax:    (310) 385-0710
*Counsel for Sony Music Entertainment, Inc.,
Relativity Entertainment, Inc. fka Relativity
Records, Inc., Loud Records, LLC and
Loud Records, Inc.*

Joseph Golden, Esq.
Law Offices of Joseph Golden
10100 Santa Monica Boulevard, Suite 800
Los Angeles, CA 90067-4100
Tel.: (310) 772-2260
Fax: (310) 772-2299
*Counsel for TVT Records LLC and TVT Music,
Inc.*

George L. Mallory, Jr., Esq.
MALLORY & ASSOCIATES
1925 Century Park East, Suite 2000
Los Angeles, CA 90067-2701
Tel: (310) 788-5555
Fax: (310) 788-5570
*Counsel for Hollywood Records, Inc.*

Marion H. Knight
aka Suge Knight
c/o Death Row Records
8200 Wilshire Boulevard
P.O. Box 3037
Beverly Hills, CA 90212

Suge Publishing
c/o Death Row Records
8200 Wilshire Boulevard
P.O. Box 3037
Beverly Hills, CA 90212

4

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

1    Peter J. Anderson, Esq.
     LAW OFFICES OF PETER J. ANDERSON
2    100 Wilshire Boulevard, Suite #2010
     Santa Monica, California 90401
3    Tel:    (310) 260-6030
     Fax:    (310) 260-6040
4    Counsel for Zomba Recording Corp.

5    Daniel J. Aaron, Esq.
     DANIEL J. AARON, P.C.
6    11 Madison Avenue, 12th Floor
     New York, New York 10010
7    Tel:    (212) 684-4466
     Fax:    (212) 684-5566
8    Co-Counsel for Koch Entertainment
     Distribution
9
     Dermot Damian Givens, Esq.
10   433 North Camden Drive, #600
     Beverly Hills, CA 90210
11

     James H. Turken, Esq.
     Sharon A. Urias, Esq.
     THELEN, REID & PRIEST LLP
     333 South Hope Street, Suite 2900
     Los Angeles, California 90071-3048
     Tel:    (213) 576-8000
     Fax:    (213) 576-8080
     Counsel for Priority Records, LLC

     Eve H. Wagner, Esq.
     SAUER & WAGNER LLP
     1801 Century Park East, Suite 520
     Los Angeles, California 90067
     Tel:    (310) 712-8100
     Fax:    (310) 712-8108
     Co-Counsel for Koch Entertainment
     Distribution

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

NOTICE OF ATTORNEY LIEN

318582.2

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P. O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

**EXHIBIT  D**

1 │ DAVID B. CASSELMAN (Bar No. 81657)
│ I. DONALD WEISSMAN (Bar No. 67980)
2 │ HOWARD S. BLUM (Bar No. 60603)
│ WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.
3 │ 5567 Reseda Boulevard, Suite 330
│ Post Office Box 7033
4 │ Tarzana, California 91357-7033
│ Telephone: (818) 705-6800 • (323) 872-0995
5 │ Facsimile: (818) 345-0162

6 │ Former Attorneys for Plaintiffs LYDIA
│ HARRIS and NEW IMAGE MEDIA
7 │ CORPORATION

8

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    COUNTY OF LOS ANGELES, CENTRAL DISTRICT

11

12 │ LYDIA HARRIS, LIFESTYLE          CASE NO. BC268857
│ RECORDS, INC., AND NEW IMAGE
13 │ MEDIA CORP.,                     NOTICE OF ATTORNEY LIEN

14 │            Plaintiffs,           Assigned to the Honorable Ronald M.
│                                  Sohigian (Dept. 41)
15 │      vs.
│                                  [Complaint Filed: February 26, 2002]
16 │ KEVIN GILLIAM AKA BATTLECAT;
│ MARION H. KNIGHT AKA SUGE
17 │ KNIGHT; DEATH ROW RECORDS;
│ THA ROW, INC.; DAVID E. KENNER;
18 │ DAVID E. KENNER PROFESSIONAL
│ LAW CORPORATION; DAVID E.
19 │ KENNER, A PROFESSIONAL
│ CORPORATION; THE DAVID E.
20 │ KENNER TRUST; INTERSCOPE
│ RECORDS; JIMMY IOVINE; JOHN T.
21 │ MCCLAIN, JR.; A&M RECORDS; ET
│ AL.,
22 │
│            Defendants.
23

24

25 │    TO JUDGMENT CREDITORS KEVIN GILLIAM aka BATTLECAT, THEIR

26 │ COUNSEL OF RECORD PROSKAUER ROSE LLP AND ALL INTERESTED

27 │ PARTIES:

28

726281.1

                          NOTICE OF ATTORNEY LIEN

(sidebar, left margin, rotated) WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1       PLEASE TAKE NOTICE that the law firm of Wasserman, Comden, Cassleman &
2   Pearson, L.L.P. (hereinafter the "Firm"), hereby gives notice of its lien equal to forty
3   percent (40%) of any and all gross recovery, payments, or consideration of any kind or
4   nature paid or transferred in satisfaction, in whole or in part, of the judgment entered in the
5   above-referenced action in the principal sum of $760,000.00 together with interest thereon
6   at the rate of ten percent (10%) per year from February 5, 2004.

7
8       PLEASE TAKE FURTHER NOTICE that Wasserman, Comden, Cassleman &
9   Pearson, L.L.P. must be named as co-payee on any instrument or WRITING satisfying, in
10  whole or in part, said judgment. Failure to include Wasserman, Comden, Cassleman &
11  Pearson, L.L.P. as co-payee will subject the payor to liability for duplicate payment of the
12  sums transferred.

13
14      PLEASE TAKE FURTHER NOTICE that the judgment creditors must notify any
15  transferee or assignee of the judgment, or anyone claiming an interest in said judgment, of
16  the content and existence of this lien.

17
18  DATED: September 9, 2005    WASSERMAN, COMDEN, CASSELMAN &
                                    PEARSON, L.L.P.
19                                  DAVID B. CASSELMAN
                                    I.DONALD WEISSMAN
20                                  HOWARD S. BLUM

21
22  By: _____
                HOWARD S. BLUM
23  Former Attorneys for Plaintiffs LYDIA HARRIS
    and NEW IMAGE MEDIA CORPORATION
24
25
26
27
28

726281.1

2
NOTICE OF ATTORNEY LIEN

WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033



SERVICE LIST
HARRIS V. KNIGHT, MARIN 'SUGE'
BC268857

1

2

3  Neil C. Erickson, Esq.                    Attorneys for Marion H. Knight aka Suge
   Katherine J. Kuneberger, Esq.             Knight, Death Row Records, Tha Row
4  JEFFER, MANGELS, BUTLER &                 Records
   MARMARO LLP
5  1900 Avenue of the Stars
   Seventh Floor
6  Los Angeles, CA 90067-4308
   Telephone: (310) 203-8080
7  Facsimile: (310) 203-0567

8  Dermot Damian Givens, Esq.                Attorneys for Marion H. Knight aka Suge
   433 North Camden Drive                    Knight, Death Row Records, Tha Row
9  Suite 600                                 Records
   Beverly Hills, CA 90210
10                                            Attorneys for KEVIN GILLIAM aka
11 Hayes F. Michel, Esq.                      BATTLECAT
   PROSKAUER ROSE LLP
12 2049 Century Park East
   Suite 3200
13 Los Angeles, CA 90067-3206
   Telephone: (310) 557-2900
14 Facsimile: (310) 557-2193

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

726251.1

NOTICE OF ATTORNEY LIEN

**EXHIBIT E**

Case 2:06-bk-11187-VZ    Claim 34-1    Filed 10/31/06    Desc Main Document    Page 48 of 60

CM-200

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

Lydia Harris
3910 Daphne
Houston, Tx 77021    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):    (281) 330-4453
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: L.A., CA 90011
CITY AND ZIP CODE: CA., CA 90011
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: Lydia Harris

DEFENDANT/RESPONDENT: Marion "Suge" Knight ∘ Death Row Inc. Records

NOTICE OF SETTLEMENT

FILED
LOS ANGELES SUPERIOR COURT

JUN 1 7 2005

JOHN A. CLARKE, CLERK
E. Martinez
BY ELIZABETH MARTINEZ, DEPUTY

CASE NUMBER:
BC 268 857
JUDGE: Ronald M. Sohigian
DEPT.: 41

---

**NOTICE TO PLAINTIFF**

If you have not filed a request for dismissal within 45 days of the date this Notice of Settlement is received by the court or, if the settlement is conditional, within 45 days of the date specified in item 1b, the court must dismiss the case unless good cause is shown within that time why the case should not be dismissed.

---

To the court, all parties, and any arbitrator or other court-connected ADR neutral involved in this case:

1. This case has been settled. The settlement is:
   a. ☐ Unconditional. A request for dismissal will be filed within 45 days after the date of the settlement.
      Date of settlement:
   b. ☒ Conditional. The settlement agreement conditions dismissal of this matter on the satisfactory completion of specified terms that are not to be performed within 45 days of the date of the settlement. A request for dismissal will be filed no later than (date): May 27, 2005

2. Date initial pleading filed: February 26, 2002

3. Next scheduled hearing or conference:
   a. Purpose:
   b. Date:    Time:

4. Trial date:
   a. ☒ No trial date set.
   b. ☐ Date:    Time:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 18, 2005

_____    ▶ Lydia Harris
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☒ PARTY WITHOUT ATTORNEY)    (SIGNATURE)

| Form Adopted for Mandatory Use Judicial Council of California CM-200 [New January 1, 2004] | NOTICE OF SETTLEMENT | Cal. Rules of Court, rule 225 American LegalNet, Inc. www.USCourtForms.com |

EXHIBIT  F

WASSERMAN, COMDEN & CASSELMAN L.L.P.
5567 Reseda Boulevard, Suite 330
Post Office Box 7033
Tarzana, California 91357-7033
(818) 705-6800  (323) 872-0995
Fax (818) 996-8266

### CONTINGENCY FEE AGREEMENT

THIS IS AN AGREEMENT between _Lydia Harris_ and New Image Entertainment, Inc. and Lifestyle Records, Inc., hereinafter referred to as "Client," and Wasserman, Comden & Casselman L.L.P., hereinafter referred to as "Attorney." Unless a different Agreement is made in writing, this Agreement alone shall govern the respective rights and responsibilities of Client and Attorney.

1.    _Claims Covered by Agreement:_ Client retains Attorney to represent Client in connection with representation regarding matters concerning Battlecat, including, but not limited to breach of licensing, publishing and all intellectual property issues.

This Agreement does not cover other related claims that may arise and may require legal services. If such matters arise, separate agreements for legal services will be required if Client wishes Attorney to handle such matters.

2.    _Services to be Performed by Attorney:_ Attorney agrees to perform the following legal services, if necessary, with respect to the claims described above:

–    investigation of claims;
–    determining responsible parties;
–    preparation and filing of lawsuit;
–    settlement procedures and negotiations;
–    prosecution of claim by arbitration or legal action until award or judgment is obtained; and
–    if judgment is obtained in Client's favor, opposing a motion for new trial by an opposing party.

Attorney is authorized to associate or employ, at Attorney's own expense, other counsel to assist in performing the services required by this Agreement, and to appear as Client's behalf in any proceeding or lawsuit.

3.    _Services Not Covered by This Agreement:_ If additional services are necessary in connection with Client's claims, and Client requests Attorney to perform such services, fee arrangements for such additional services must be made between Attorney and Client. Such additional services may be required, for example:

–    if the judgment obtained is not in Client's favor, or the amount thereof is unsatisfactory to Client;
–    if the judgment obtained is in Client's favor, and an opposing party appeals from the judgment;
–    if a retrial is ordered after a motion for new trial or mistrial, or reversal of the judgment on appeal; or
–    in judgment enforcement proceedings.

4.    _No Guarantee as to Result:_ Client acknowledges that Attorney has made no guarantee as to the outcome or the amounts recoverable in connection with Client's claims.

5.    _Litigation Costs and Expenses:_ Attorney is authorized to incur reasonable costs and expenses in performing legal services under this Agreement. Client agrees to reimburse Attorney for such costs and expenses in addition to the contingency fee discussed below in the event of any recovery.

(a)    _Particular Costs and Expenses:_ The costs and expenses necessary in this case may include any or all of the following items (This list is not exclusive; other items may also be necessary, and the rates shown are subject to change on prior written notice to Client.)

–    court filing fees
–    process serving fees
–    fees to private investigators
–    fees to photographers or graphic artists
–    fees to experts for consultation and/or appearance at deposition or trial
–    jury fees
–    mail, messenger and other delivery charges
–    parking and other local travel at 31½¢/mile
–    transportation, meals, lodging and all other costs of necessary out-of-town travel
–    long distance telephone charges
–    photocopying (in office) at 30¢/page
–    word processing charges
–    computerized legal research
–    other computer time

(b)    _Client's Responsibility re Costs:_ Attorney may advance such costs and expenses on Client's behalf, but is not obligated to do so. Client agrees to reimburse Attorney out of any settlement or judgment proceeds as a priority payment.

6.    _Contingency Fee to Attorney:_ Client acknowledges that he/she has been advised by Attorney and is aware that the contingency fee is a 40% arrangement and has been negotiated between Client and Attorney.

Based on such negotiations, Client agrees that the following fee arrangement is fair and reasonable, and to pay Attorney the following amount:

-1-

*If the matter is settled before a lawsuit is filed, the amount equal to for... cent (40%) of any recovery obtained.*

*If the matter is settled after a lawsuit is filed, but before the case is first assigned a trial date, an amount equal to thirty three and forty percent (40%) of any recovery obtained.*

*Thereafter, an amount equal to forty percent (40%) of any recovery, whether by way of settlement, judgment or compromise.*

(a) *Costs and Expenses as Affecting Contingency Fee: Attorney's fee shall be computed based on the gross recovery. Costs and expenses paid by Attorney in connection with Client's claim shall be reimbursed after the contingency fee is computed. Client's share of the recovery shall be the balance remaining after reimbursement of such costs and expenses and payment of the contingency fee.*

(b) *Form of Recovery as Affecting Contingency Fee: If the recovery consists of payments to be made over a period of time, or other property not entirely cash or cash-equivalent, the contingency fee shall be based on the present cash value of the recovery as determined by generally recognized accounting and appraisal standards. (For example, if the recovery consists of $1,000 payable at $100/year over 10 years, its present value may be approximately $380, depending on prevalent interest rates.) The contingency fee shall be paid out of the first funds or property received by Client.*

(c) *Sanctions Awards not Part of Recovery: Monetary sanctions awarded to Attorney during the course of this litigation shall not be considered part of Client's recovery in this action. Such sanctions shall be deemed compensation to counsel for extraordinary time and effort expended as a result of an opposing party's bad faith conduct or failure to comply with discovery demands, court orders or similar obligations. But if the sanctions award includes a costs item (such as the filing fee for making a motion), the amount thereof shall be credited to Client's costs account when received by Attorney.*

7.    *Effect of Discharge by Client: Client shall have the right to discharge Attorney at any time upon written notice to Attorney. Such discharge shall not affect Client's obligation to reimburse Attorney for costs incurred prior to such discharge. In addition, Attorney shall be entitled to the reasonable value of legal services performed prior to such discharge to be paid by Client from any subsequent recovery on claims covered by this Agreement.*

8.    *Attorney's Lien: To secure payment to Attorney of all sums due under this Agreement for services rendered or costs advanced, Client hereby grants Attorney a lien on Client's claim and any cause of action or lawsuit filed thereon, and to any recovery Client may obtain, whether by settlement, judgment or otherwise.*

9.    *Insurance: Wasserman, Comden & Casselman L.L.P. maintains errors-and-omissions insurance applicable to the services to be rendered under the terms of this Agreement.*

10.    *Arbitration of Disputes: If a dispute arises between Attorney and Client regarding fees or services in connection with the above-referenced transaction, such dispute shall be submitted to binding arbitration. This includes any claim for breach of contract, negligence, breach of fiduciary duty or other wrongdoing.*

*Such arbitration shall be conducted in accordance with the rules of the American Arbitration Association or Judicial Arbitration & Mediation Services, or CCP § 1280 et.seq.*

*You acknowledge that we have explained to you that such binding arbitration may deprive you of various rights that you otherwise might have in a legal action, including without limitation, the right to a jury trial, the right to appeal, and full discovery rights.*

*INITIALING BELOW SIGNIFIES ACKNOWLEDGMENT OF THIS EXPLANATION:*

_____    M S R
(CLIENT'S INITIALS)    (WC&C)

11.    *Client's Receipt of Agreement and Knowledge of Terms: Client acknowledges that he/she has read and fully understands all of the terms and conditions of this Agreement before signing it, and has received a copy of this Agreement upon execution thereof.*

*Executed at 5567 Reseda Blvd., Suite 330, Tarzana, CA 91357* _____ *(place) on* ___January 25, 2001.___

ATTORNEY:                                          CLIENT:

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.    LYDIA HARRIS

BY: _____                        _____
MARTIN S. RUDOY                                     3010 W. Avenue K, Suite 424
                                                    Lancaster, CA 93536
5567 Reseda Boulevard, Suite 330
Tarzana, California 91357                            Telephone: (Cell) 310-591-2704

(818) 705-6800                                       Facsimile: __323-291-3317__

Facsimile: (818) 345-0162

-2-

1-2

**FIRM:**

HAIGHT, BROWN AND DO STEEL
6080 CENTER DRIVE, SUITE 80
LOS ANGELES, CA 90045

CLIENT ACCOUNT #: 124
ROUTE #: 10

PHONE #:     (310) 215-7100

FAX #:     (310) 215-7300

**ATTENTION OF:** S. Caih/T. Welsch
EXT:    7739
**ATTY FILE #:** WC11-0007

**DATE:** April 4, 2006

**COURT/** LASC
**BRANCH:** Central

**NUMBER:** BC 349196
**CASE:** Wasserman v. Harris

**DOCUMENTS:**
First Amended Complaint

**CH** 7429065

**(213) 628-6338**

**Janney & Janney attorney service, inc.**

1313 W. 8TH ST., SUITE #310
LOS ANGELES, CA 90017

MEMBER · CALIFORNIA ASSOCIATION OF PHOTOCOPIERS AND PROCESS SERVERS
FOUNDING MEMBER · NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

PLEASE TEAR PERFS OFF THIS SIDE ONLY / RETAIN LAST COPY

### PLEASE NOTE ANY SPECIFIC OR TIMELY FILING REQUIREMENTS

**INSTRUCTIONS:**

- [x] FILE & CONFORM
- [ ] ISSUE
- [ ] RECORD
- [ ] COPY
- [ ] CERTIFY
- [ ] OTHER (specify):
- [ ] ADVANCE FEES
- [ ] CHECK ATTACHED $ _____

**SERVE**
PER ATTACHED
SERVICE INSTRUCTIONS

## DO TODAY

APPEARANCE FEES PAID: ☐ YES   ☐ NO

IF YES, DATE PAID: _____

UPCOMING HEARINGS (IMPORTANT) DATE: _____ TIME: _____ DEPT. _____

REPORT: _____

_____

_____

_____

_____

**STATUTE-DATE:**

| ITEM | CHARGES |
|---|---|
| RUSH FILING | |
| OUT OF COUNTY | |
| INDEX | |
| RECORDING | |
| COURT SERVICE | |
| FAX | |
| JANNEY ADVANCED | |
| CHECK # | |

- [ ] ASSIGNMENT COMPLETED BY _____ INITIALS
- [ ] ATTY. CALLED _____ DATE

SPOKE WITH _____

- [ ] REJECTED
- [ ] BILLING TO FOLLOW

1   2   3   4   5   6   7   8   9   10   11   12   13   14   15   16   17   18   19   20

ATTORNEY'S FILE COPY

FIRM:
HAIGHT, BROWN AND BO   STEEL
9080 CENTER DRIVE, SUITE 80
LOS ANGELES, CA 90045

CLIENT ACCOUNT #:  124
ROUTE #:  10

PHONE #:     (310) 215-7100

FAX #:       (310) 215-7300

ATTENTION OF:  S. Caine/T. Welsch
EXT:      7729
ATTY FILE #:  WC11-0007

DATE: April 4, 2006
COURT/ BRANCH:  LASC
Central

NUMBER:  BC 340196
CASE:  Wasserman v Harris

DOCUMENTS:
First Amended Complaint
Redline Version of same.

**CH 7429064**

Janney & Janney attorney service, inc.

(213) 628-6338

1313 W. 8TH ST., SUITE #310
LOS ANGELES, CA 90017

MEMBER - CALIFORNIA ASSOCIATION OF PHOTOCOPIERS AND PROCESS SERVERS
FOUNDING MEMBER - NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

PLEASE TEAR PERFS OFF THIS SIDE ONLY / RETAIN LAST COPY

---

| PLEASE NOTE ANY SPECIFIC OR TIMELY FILING REQUIREMENTS |
|---|

**INSTRUCTIONS:**
- [ ] FILE & CONFORM
- [ ] ISSUE
- [ ] RECORD
- [ ] COPY
- [ ] CERTIFY
- [x] OTHER (specify)
- [ ] ADVANCE FEES
- [ ] CHECK ATTACHED $ _____

| SERVE PER ATTACHED SERVICE INSTRUCTIONS | **DO TODAY** |

Deliver the attached documents to the
Clerk in Dept. 41 as a courtesy copy
of documents being filed today.

APPEARANCE FEES PAID: ☐ YES  ☐ NO

IF YES, DATE PAID: _____

UPCOMING HEARINGS (IMPORTANT) DATE: _____ TIME: _____ DEPT. _____

REPORT: _____

**STATUTE-DATE:**

| ITEM | CHARGES |
|---|---|
| RUSH FILING | |
| OUT OF COUNTY | |
| INDEX | |
| RECORDING | |
| COURT SERVICE | |
| FAX | |

| ☐ ASSIGNMENT COMPLETED BY _____ INITIALS | ☐ REJECTED |
| ☐ ATTY. CALLED _____ DATE | SPOKE WITH _____ | ☐ BILLING TO FOLLOW |

| JANNEY ADVANCED | |
| CHECK # | |

1  2  3  4  5  6  7  8  9  10  11  12  13  14  15  16  17  18  19  20

ATTORNEY'S FILE COPY

**FedEx** US Airbill

Express

FedEx Tracking Number  8569 4066 0358

Sender's Copy

**From**  Please print and press hard.

Date  3/31/06    Sender's FedEx Account Number  0904-1912-9

Sender's Name  Stephen M. Caine    Phone ( 310 ) 215-7801

Company  HAIGHT BROWN BONESTEEL

Address  6080 CENTER DR STE 900

City  LOS ANGELES    State  CA    ZIP  90045

Your Internal Billing Reference  WC11-0007

**To**

Recipient's Name  Dermot Damian Givens    Phone ( 310 ) 854-8823

Company

Recipient's Address  433 North Camden Drive #600

Address

City  Beverly Hills    State  CA    ZIP  90210

0332443625

Store your addresses at fedex.com

**4a Express Package Service**    Packages up to 150 lbs.
- [ ] FedEx Priority Overnight
- [X] FedEx Standard Overnight
- [ ] FedEx First Overnight
- [ ] FedEx 2Day
- [ ] FedEx Express Saver

**4b Express Freight Service**    Packages over 150 lbs.
- [ ] FedEx 1Day Freight
- [ ] FedEx 2Day Freight
- [ ] FedEx 3Day Freight

**5 Packaging**
- [ ] FedEx Envelope
- [XX] FedEx Pak*
- [ ] FedEx Box
- [ ] FedEx Tube
- [ ] Other

**6 Special Handling**
- [ ] SATURDAY Delivery
- [ ] HOLD Weekday
- [ ] HOLD Saturday

Does this shipment contain dangerous goods?
- [X] No
- [ ] Yes
- [ ] Yes  Dry Ice
- [ ] Cargo Aircraft Only

**7 Payment**  Bill to:
- [X] Sender
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [ ] Cash/Check

Total Packages    Total Weight    Total Declared Value

**8 NEW Residential Delivery Signature Options**
- [ ] No Signature Required
- [ ] Direct Signature
- [ ] Indirect Signature

515

**FedEx.** US Airbill
Express

FedEx Tracking Number **8569 4066 0369**

Sender's Copy

From *Please print and press hard*

Date **3/31/06**   Sender's FedEx Account Number   **0904-1912-9**

Sender's Name **Stephen M. Caine**   Phone ( **310** ) **215-7801**

Company **HAIGHT BROWN BONESTEEL**

Address **6080 CENTER DR STE 800**

City **LOS ANGELES**   State **CA**   ZIP **90045**

Your Internal Billing Reference **WC11-0007**

To

Recipient's Name **Debra V. Crawford**   Phone ( **831** ) **624-2422**

Company

Recipient's Address **SW Mission & 4th, #5**

Address

City **Carmel**   State **CA**   ZIP **9392100373**

**0332443625**

**4a Express Package Service**
☐ FedEx Priority Overnight
☒ FedEx Standard Overnight
☐ FedEx First Overnight
☐ FedEx 2Day
☐ FedEx Express Saver

**4b Express Freight Service**
☐ FedEx 1Day Freight
☐ FedEx 2Day Freight
☐ FedEx 3Day Freight

**5 Packaging**
☐ FedEx Envelope   ☒ FedEx Pak   ☐ FedEx Box   ☐ FedEx Tube   ☐ Other

**6 Special Handling**
☒ No   ☐ Yes   ☐ Yes   ☐ Dry Ice   ☐ Cargo Aircraft Only

**7 Payment** *Bill to*
☒ Sender   ☐ Recipient   ☐ Third Party   ☐ Credit Card   ☐ Cash/Check

Total Packages   Total Weight   Total Declared Value

**8 NEW Residential Delivery Signature Options**
☐ No Signature Required   ☐ Direct Signature   ☐ Indirect Signature

**519**

**fedEx** *US Airbill*

Tracking Number: 8569 4066 0483

**Sender's Copy**

**From** *Please print and press hard.*

Date 3/31/06    Sender's FedEx Account Number 0904-1912-9

Sender's Name Stephen M. Caine    Phone (310) 215-7801

Company HAIGHT BROWN BONESTEEL

Address 6080 CENTER DR STE 800

City LOS ANGELES    State CA    ZIP 90045

Your Internal Billing Reference WC11-0007

**To**

Recipient's Name Laurence D. Strick    Phone (323) 964-5231

Company Law Office of Laurence D. Strick

Recipient's Address 339 N. Sycamore Ave., #2

Address

City Los Angeles    State CA    ZIP 90036

0332443625

**4a Express Package Service**
- FedEx Priority Overnight
- [X] FedEx Standard Overnight
- FedEx First Overnight
- FedEx 2Day
- FedEx Express Saver

**4b Express Freight Service**
- FedEx 1Day Freight
- FedEx 2Day Freight
- FedEx 3Day Freight

**5 Packaging**
- FedEx Envelope
- [X] FedEx Pak
- FedEx Box
- FedEx Tube
- Other

**6 Special Handling**
- SATURDAY Delivery
- HOLD Weekday at FedEx Location
- HOLD Saturday at FedEx Location
- [X] No    Yes    Yes    Dry Ice    Cargo Aircraft Only

**7 Payment** *Bill to:*
- [X] Sender    Recipient    Third Party    Credit Card    Cash/Check

Total Packages    Total Weight    Total Declared Value $  .00

**8 NEW Residential Delivery Signature Options**
- No Signature Required
- Direct Signature
- Indirect Signature

519

**FedEx** *US Airbill*    FedEx Tracking Number **8569 4066 0472**    **Sender's Copy**

**From** *Please print and press hard.*

Date **3/31/06**    Sender's FedEx Account Number **0904-1912-9**

Sender's Name **Stephen M. Caine**    Phone **(310) 215-7801**

Company **HAIGHT BROWN BONESTEEL**

Address **6080 CENTER DR STE 800**

City **LOS ANGELES**    State **CA**    ZIP **90045**

Your Internal Billing Reference **WC11-0007**

**To**

Recipient's Name **Steven M. GOldber**    Phone **(310) 979-8274**

Company **Russ August & Kabat**

Recipient's Address **12424 Wilshire Blvd., Ste. 12th FL**

City **Los Angeles**    State **CA**    ZIP **90025**

**0332443625**

**4a Express Package Service** — *Packages up to 150 lbs.*
- FedEx Priority Overnight
- FedEx Standard Overnight
- FedEx First Overnight
- FedEx 2Day
- FedEx Express Saver

**4b Express Freight Service** — *Packages over 150 lbs.*
- FedEx 1Day Freight
- FedEx 2Day Freight
- FedEx 3Day Freight

**5 Packaging**
- FedEx Envelope
- [X] FedEx Pak
- FedEx Box
- FedEx Tube
- Other

**6 Special Handling**
- SATURDAY Delivery
- HOLD Weekday
- HOLD Saturday
- [X] No
- Yes

**7 Payment** *Bill to:*
- [X] Sender
- Recipient
- Third Party
- Credit Card
- Cash/Check

Total Packages    Total Weight    Total Declared Value $        .00

**8 NEW Residential Delivery Signature Options**
- No Signature Required
- Direct Signature
- Indirect Signature

**519**

Case 2:06-bk-11187-VZ   Claim 34-1   Filed 10/31/06   Desc Main Document   Page 58
of 60

**FedEx** *US Airbill*

FedEx Tracking Number: 8569 4066 0461

Sender's Copy

**From** *Please print and press hard.*

Date **3/31/06**   Sender's FedEx Account Number **0904-1912-9**

Sender's Name **Stephen M. Caine**   Phone **(310) 215-7801**

Company **HAIGHT BROWN BONESTEEL**

Address **6080 CENTER DR STE 800**

City **LOS ANGELES**   State **CA**   ZIP **90045**

Your Internal Billing Reference **WC11-0007**

**To**

Recipient's Name **Larry Nagelberg**   Phone **(310) 208-3220**

Company **Nagelberg & Associates**

Recipient's Address **The Tower, Suite 2150**

Address **10940 Wilshire Blvd.**

City **Los Angeles**   State **CA**   ZIP **90024**

0332443625

**4a Express Package Service**
- [ ] FedEx Priority Overnight
- [X] FedEx Standard Overnight
- [ ] FedEx First Overnight
- [ ] FedEx 2Day
- [ ] FedEx Express Saver

**4b Express Freight Service**
- [ ] FedEx 1Day Freight
- [ ] FedEx 2Day Freight
- [ ] FedEx 3Day Freight

**5 Packaging**
- [ ] FedEx Envelope*
- [X] FedEx Pak*
- [ ] FedEx Box
- [ ] FedEx Tube
- [ ] Other

**6 Special Handling**

**7 Payment** *Bill to:*
- [ ] Sender
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [ ] Cash/Check

Total Packages   Total Weight   Total Declared Value

**8 NEW Residential Delivery Signature Options**
- [ ] No Signature Required
- [ ] Direct Signature
- [ ] Indirect Signature

519

**FedEx. US Airbill**
Express

FedEx Tracking Number  8569 4066 0347

**From** *Please print and press hard.*

Date  3/31/06       Sender's FedEx Account Number  0904-1912-9

Sender's Name  Stephen M. Caine

Phone (310) 215-7801

Company  HAIGHT BROWN BONESTEEL

Address  6080 CENTER DR STE 800

City  LOS ANGELES       State  CA   ZIP  90045

Your Internal Billing Reference  WC11-0007

Recipient's Name  Rex Julian Beaber       Phone ( 1 557-1198

Recipient's Address  1546 Calmar Court

Los Angeles       State  CA   ZIP  90024

0332443625

**4a Express Package Service**
- FedEx Priority Overnight
- ☒ FedEx Standard Overnight
- FedEx First Overnight
- FedEx 2Day
- FedEx Express Saver

**4b Express Freight Service**
- FedEx 1Day Freight
- FedEx 2Day Freight
- FedEx 3Day Freight

**5 Packaging**
- FedEx Envelope
- ☒ FedEx Pak
- FedEx Box
- FedEx Tube
- Other

**6 Special Handling**
- SATURDAY Delivery
- HOLD Weekday
- HOLD Saturday
- ☒ No
- Yes
- Yes
- Dry Ice
- Cargo Aircraft Only

**7 Payment** *Bill to:*
- ☒ Sender
- Recipient
- Third Party
- Credit Card
- Cash/Check

Total Packages       Total Weight       Total Declared Value

**8 NEW Residential Delivery Signature Options**
- No Signature Required
- Direct Signature
- Indirect Signature

519

Sender's Copy

```
 1                            MAILING LIST
 2        WASSERMAN v. LYDIA HARRIS; LIFESTYLE RECORDS
                            BC 340196
 3
 4   Rex Julian Beaber                    Gary S. Soter
     1546 Calmar Court                    Pearson, Soter, Warshaw & Penny
 5   Los Angeles, CA  90024               15165 Ventura Blvd., #400
                                          Sherman Oaks, CA  91403
 6   Tel:   557-1198                      MAIL
     Fax:                                 Tel:   818-788-8300
 7   Xerxers@aol.com                      Fax:   818-788-8104
                                          gsoter@pswplaw.com
 8   David B. Casselman                   Dermot Damian Givens
     Wasserman Comden, Casselman & Pearson 433 North Camden Dr., #600
 9   5567 Reseda Blvd., #330              Beverly Hills, CA  90210
     Tarzana, CA  91357
10                                        Tel:   310-854-8823
     Tel:   818-705-6800   MAIL           Fax:   323-878-0416   FX
11   Fax:   818-705-8634                  dermotg@aol.com
     hhlum@wcclaw.com
12
13   Kevin Gilliam                        Debra V. Crawford
     1502 South Alpine Dr.   MAIL         P.O. Box 373, SW Mission & 4th, #5
14   West Covina, CA  91791               Carmel, CA  93921-0373
15   [Pro Per]                            Tel:   831-624-2422
                                          Fax:   831-624-2428
16                                        ddvcrawford@earthlink.net
17   Steven M. Goldberg                   Laurence D. Strick
     Russ, August & Kabat                 Law Office of Laurence D. Strick
18   12424 Wilshire Blvd., 12th Floor     339 N. Sycamore Ave., # 2
     Los Angeles, CA  90025               Los Angeles, CA  90036   FX
19   Tel:   310-979-8274   FX             Tel: (323) 964-5231
     Fax:   310-826-6991                  Fax: (323) 964-8135
20   sgoldberg@rnklaw.com                 larrystrick@yahoo.com
21   Larry Nagelberg
     Nagelberg & Associates
22   The Tower, Suite 2150
     10940 Wilshire Blvd.
23   Los Angeles, CA  90024   F K
24   Tel: (310) 208-3220
     Fax: (310) 208-3830
25
26
27
28
```

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-00xxxxx7
3123886(.)

22

FIRST AMENDED COMPLAINT

EXHIBIT 9B

EXHIBIT 9B

Form B10 (Official Form 10) (10/05)

| United States Bankruptcy Court    Central District of California | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>Death Row Records, Inc. | Case Number    LA 06-11205-EC | |

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>Wasserman, Comden & Casselman, L.L.P. | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | **FILED**<br><br>OCT 3 1 2006<br><br>CLERK, U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY _____ Deputy Clerk |
|---|---|---|
| Name and address where notices should be sent:<br>Wasserman, Comden & Casselman,L.L.P.<br>C/O David B. Casselman<br>5567 Reseda Boulevard, Suite 330<br>Tarzana, CA 91357-7033<br>Telephone number: (818) 705-6800; Facsimile (818) 345-0162 | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | |
| Last four digits of account or other number by which creditor identifies debtor: | Check here ☐ replaces<br>if this claim    ☐ amends    a previously filed claim, dated: _____ | This space is for Court use only. |

| **1. Basis for Claim**<br>☐ Goods sold<br>☐ Services performed<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>☑ Other See Attachment | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (Fill out below)<br>Last four digits of your Social Security number: _____<br>Unpaid compensation for services performed<br>from _____ to _____<br>    (date)       (date) |
|---|---|
| **2. Date debt was incurred:** | **3. If court judgment, date obtained:** March 9, 2005 |

**4. Total Amount of Claim at Time Case Filed:**    $ 60,418,315.00    $ _____    $ _____    $ 60,418,315.00*
          (unsecured)      (secured)     (priority)    (Total)
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.  *See attachment for additional claims against Debtor.
☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.  See Attachment for Details.

| **5. Secured Claim.**<br>☐ Check this box if your claim is secured by collateral (including a right of setoff).<br><br>Brief Description of Collateral:<br>☐ Real Estate    ☐ Motor Vehicle<br>☐ Other<br><br>Value of Collateral:  $ _____<br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any $ _____<br>**6. Unsecured Nonpriority Claim.**  $ _____<br>☐ Check this box if (a) there is no collateral or lien securing your claim, or (b) your claim exceeds the value of the property securing it or (c) none or only part of your claim is entitled to priority. | **7. Unsecured Priority Claim.**<br>☐ Check this box if you have an unsecured priority claim, all or part of which is entitled to priority.<br>Amount entitled to priority $ _____<br>Specify the priority of the claim:<br>☐ Wages, salaries or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).<br>☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).<br>☐ Up to $2,225* of deposits toward purchase, lease or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).<br>☐ Domestic support obligations under - 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).<br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).<br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).<br>*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8 |
|---|---|

| **8.** **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>**9.** **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.<br>**10.** **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | This space is for Court use only. |
|---|---|
| Date<br>10/30/06 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)<br>David B. Casselman   _[signature]_ | |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

ORIGINAL

### ATTACHMENT TO PROOF OF CLAIM
### FILED BY WASSERMAN, COMDEN & CASSELMAN, L.L.P.

Wasserman, Comden & Casselman, L.L.P. ("Wasserman") has the followings claims against the Debtor:[1]

(1)  Contingency Fee & Reimbursement of Expenses Arising out of Harris Judgment. Wasserman has a pending state court action (the "Wasserman Action") against, among others, Marion H. Knight *aka* Suge Knight ("Mr. Knight"), and Death Row Records, Inc. ("Death Row" and collectively, with Mr. Knight, the "Debtors"). The Wasserman Action was commenced on September 21, 2005 by the filing of a complaint in the Superior Court of the State of California for the County of Los Angeles - Central District (the "State Court"), styled Wasserman, Comden & Casselman, L.L.P. v. Lydia Harris; Lifestyle Records, Inc.; New Image Media Corp.; Marion H. Knight, *aka* Suge Knight; Death Row Records, Inc.; Death Row Records, L.L.C.; Tha Row, Inc.; Dermot Givens; Kevin Gilliam *aka* Battlecat; and Does 1 through 100, inclusive and bearing case number BC 308790.[2]  The Wasserman Action arises out of Wasserman's representation[3] of the Harris Parties in that certain action (the "Harris Action") commenced by the Harris Parties against, among others, Mr. Knight and Death Row.  On March 9, 2006, Judgment was entered in the Harris Action in favor of Lydia Harris and New Image Media Corp. ("New Image") against the Debtors in the sum of $107 million, which included $60 million in punitive damages (the "Harris Judgment"). Wasserman is entitled to its 40% contingency fee on any recovery, as well as reimbursement for all out of pocket expenses.  To the extent the Harris Parties have any claim against this estate, Wasserman is entitled to be paid directly from the Debtor's estate for its 40% contingency fee and related reimbursement of expenses.

(2)  Direct Claims Against the Debtors.  On or about May 19, 2005, after the Harris Judgment was entered and after all appeals had been waived, Lydia terminated Wasserman as her attorney.  In response and also on May 19, 2005, Wasserman filed and served on the Harris Parties and the Debtors a Notice of Attorney Lien (the "Attorney Lien Notice") equal to 40% of any and all gross recovery, payments or consideration of any kind or nature paid or transferred in satisfaction

---

[1] Wasserman reserves the right to supplement its claim.

[2] A true and correct copy of the First Amended Complaint filed by Wasserman in the Wasserman Action (the "First Amended Complaint") is annexed hereto.

[3] On or about January 25, 2002, Wasserman, on the one hand, and Lydia Harris, New Image Entertainment, Inc., and Lifestyle Records, Inc. (the "Harris Parties"), on the other hand, entered into a written Contingency Fee Agreement (the "Contingency Fee Agreement") pursuant to which Wasserman agreed to represent the Harris Parties in connection with liability claims against, among others, the Debtors. Pursuant to the Contingency Fee Agreement, Wasserman is entitled to a forty-percent (40%) contingency fee on any recovery, as well as reimbursement of all reasonable out of pocket litigation costs and expenses.

1

ATTACHMENT TO PROOF OF CLAIM FILED BY WASSERMAN, COMDEN & CASSELMAN L.L.P.

of the Harris Judgment (40% of $107 million, plus interest accruing at the rate of $29,315.00 day), plus costs of $213,890.27.[4] Despite the Contingency Fee Agreement, Lydia and the Debtors secretly negotiated during the time she was represented by Wasserman and purportedly entered into a settlement agreement pursuant to which the Harris Judgment would be resolved. The Debtors and the Harris Parties are currently litigating over this purported settlement. However, it is undisputed that, despite signature of the Contingency Fee Agreement by Lydia and receipt of the Attorney Lien Notice by Lydia and the Debtors, the Debtors and/or related entities paid to Lydia the sum of at least $1 million[5] without acknowledging Wasserman's lien rights, or reserving any of the funds paid to Lydia to satisfy Wasserman's lien. Lydia refused to voluntarily pay any portion of the $1 million to Wasserman, or even to reimburse Wasserman's actual costs, which were in excess of $200,000. The Debtors, who had full knowledge of Wasserman's Attorney Lien Notice, proceeded to pay Lydia the $1 million purported settlement payment. As set forth more fully in the First Amended Complaint filed in the Wasserman Action, Wasserman has alleged the following causes of action against the Harris Parties and the Debtors: (1) breach of contract of the Contingency Fee Agreement; (2) quantum meruit based on the actual legal services provided by Wasserman to the Harris Parties; (3) for money had and received; (4) an accounting of any and all gross recovery, payments or consideration of any kind paid or transferred in satisfaction, whole or part, of the Harris Judgment; (5) interference with contract based on, among others, the Debtors' conspiracy to deprive Wasserman of its lien rights; (6) an equitable assignment of 40% of the Harris Judgment and/or 40% of any settlement or other recoveries obtained by or on behalf of the Harris Parties; and (7) declaratory relief that Wasserman may recover judgment against the Debtors and their related entities and alter egos in the sum of 40% of the Harris Judgment, plus interest at the rate of $29,315 per day from March 9, 2005.

---

[4] A true and correct copy of the Attorney Lien Notice is attached as Exhibit "C" to the First Amended Complaint.
[5] Since the payment of the $1 million, Lydia and the Debtors have disagreed on whether that payment effectuated a full or partial payment under the purported settlement agreement, or whether a meeting of the minds occurred at all, so as to create a binding settlement agreement.

2

1  Peter Q. Ezzell (Bar No. 53497)
   Nancy E. Lucas (Bar No. 126854)
2  HAIGHT BROWN & BONESTEEL LLP
   6080 Center Drive, Suite 800
3  Los Angeles, CA 90045-1574
   Telephone:  310.215.7100
4  Facsimile:  310.215.7300

5  David B. Casselman (Bar No. 91657)
   Leonard J. Comden (Bar No. 56775)
6  Howard S. Blum (Bar No. 60603)
   WASSERMAN, COMDEN & CASSELMAN, L.L.P.
7  5567 Reseda Boulevard, Suite 330
   Post Office box 7033
8  Tarzana, CA  91357-7033
   Telephone:    (818) 705-6800 * (323) 872-0995
9  Facsimile:    (818) 345-0162

10 Associated Attorneys for Plaintiff
   WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.

11

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 0 4 2006

John A. Clarke, Executive Officer/Clerk

By _____,Deputy
   A E LA FLEUR-CLAYTON

12             SUPERIOR COURT OF THE STATE OF CALIFORNIA

13         FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

14

15 WASSERMAN, COMDEN,                    ) Case No. BC 340196
   CASSELMAN & PEARSON, L.L.P.,          )
16                                       ) [Assigned to Judge Ronald M. Sohigian,
                  Plaintiff,             ) Dept. 41]
17                                       )
         v.                              ) FIRST AMENDED COMPLAINT
18 LYDIA HARRIS; LIFESTYLE              )
   RECORDS, INC., NEW IMAGE MEDIA       )
19 CORP.; MARION H. KNIGHT, aka SUGE    )
   KNIGHT; DEATH ROW RECORDS,           )
20 INC.; DEATH ROW RECORDS, L.L.C.;     ) Complaint Filed:  September 21, 2005
   THA ROW, INC.; DERMOT GIVENS;        ) Trial Date:         April 17, 2006
21 KEVIN GILLIAM aka BATTLECAT;         )
   AND DOES 1 through 100, Inclusive,   )
22                                       )
                  Defendants.            )
23 _____ )

24                   GENERAL ALLEGATIONS

25      1.    Plaintiff, WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.

26 (hereinafter "WCCP") is a limited liability partnership organized and existing under the

27 laws of the State of California with its principal place of business in Tarzana, California.

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

1
FIRST AMENDED COMPLAINT

1  Peter Q. Ezzell (Bar No. 53497)
   Nancy E. Lucas (Bar No. 126854)
2  HAIGHT BROWN & BONESTEEL LLP
   6080 Center Drive, Suite 800
3  Los Angeles, CA 90045-1574
   Telephone:  310.215.7100
4  Facsimile:  310.215.7300

5  David B. Casselman (Bar No. 91657)
   Leonard J. Comden (Bar No. 56775)
6  Howard S. Blum (Bar No. 60603)
   WASSERMAN, COMDEN & CASSELMAN, L.L.P.
7  5567 Reseda Boulevard, Suite 330
   Post Office box 7033
8  Tarzana, CA  91357-7033
   Telephone:    (818) 705-6800 * (323) 872-0995
9  Facsimile:    (818) 345-0162

10 Associated Attorneys for Plaintiff
   WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.

11

·12            SUPERIOR COURT OF THE STATE OF CALIFORNIA

13             FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

14

15 WASSERMAN, COMDEN,                  )  Case No. BC 340196
   CASSELMAN & PEARSON, L.L.P.,        )
16                                     )  [Assigned to Judge Ronald M. Sohigian,
              Plaintiff,               )  Dept. 41]
17                                     )
         v.                            )  FIRST AMENDED COMPLAINT
18                                     )
   LYDIA HARRIS; LIFESTYLE            )
19 RECORDS, INC., NEW IMAGE MEDIA      )
   CORP.; MARION H. KNIGHT, aka SUGE   )
20 KNIGHT; DEATH ROW RECORDS,          )
   INC.; DEATH ROW RECORDS, L.L.C.;    )  Complaint Filed:  September 21, 2005
21 THA ROW, INC.; DERMOT GIVENS;       )  Trial Date:        April 17, 2006
   KEVIN GILLIAM aka BATTLECAT;        )
22 AND DOES 1 through 100, Inclusive,  )
                                       )
23            Defendants.              )

24 _____

                  GENERAL ALLEGATIONS

25     1.    Plaintiff, WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.

26 (hereinafter "WCCP") is a limited liability partnership organized and existing under the

27 laws of the State of California with its principal place of business in Tarzana, California.

28      ·

LAW OFFICES
HAIGHT, BROWN &        WC11-0000007                        1
BONESTEEL, L.L.P.      3123884.1
  Los Angeles                        FIRST AMENDED COMPLAINT

4/13/06

1  The law firm of Wasserman, Comden, Casselman & Pearson, L.L.P., changed its name

2  effective January 1, 2006.  It is now known as Wasserman, Comden & Casselman, L.L.P.

3      2.    Defendants LYDIA HARRIS (hereinafter "HARRIS"), MARION H.

4  KNIGHT, aka SUGE KNIGHT (hereinafter "KNIGHT"), DERMOT GIVENS (hereinafter

5  "GIVENS") and KEVIN GILLIAM aka BATTLECAT (hereinafter "GILLIAM") are

6  individuals who, at all material times resided in Los Angeles County, California.

7      3.    Plaintiff is informed and believes and thereon alleges that the remaining

8  defendants, LIFESTYLE RECORDS, INC., NEW IMAGE MEDIA CORP., DEATH

9  ROW RECORDS, INC., DEATH ROW RECORDS, L.L.C., and THA ROW, INC. are

10  business entities who were or are authorized to transact business in the State of California.

11      4.    Plaintiff is ignorant of the true names and capacities of defendants sued

12  herein as Does 1 through 100 and therefore sues these defendants by such fictitious names.

13  Plaintiff will amend this pleading to allege the true names and capacities of such Does

14  when ascertained.  The conduct of Does I through 100 proximately caused damages to

15  plaintiff as alleged herein.  DOES 1 through 25 are the alter egos of LYDIA HARRIS,

16  LIFESTYLE RECORDS, INC. and NEW IMAGE MEDIA CORP. (hereinafter "The

17  HARRIS Defendants").  DOES 26 through 50 are the alter egos of MARION H. KNIGHT,

18  aka SUGE KNIGHT and DEATH ROW RECORDS, INC. (hereinafter "The KNIGHT

19  Defendants").  DOES 51 through 75 are the alter egos of GILLIAM.  Does 76-100 are the

20  persons and entities that knowingly interfered with plaintiffs contractual lien rights.

21      5.    On or about January 25, 2002, plaintiff and defendant HARRIS entered into

22  a written Contingency Fee Agreement in Los Angeles County, California whereby plaintiff

23  agreed to represent HARRIS in connection with liability claims against MARION H.

24  KNIGHT, aka SUGE KNIGHT and his related entity DEATH ROW RECORDS, INC, and

25  in connection with liability claims against GILLIAM.  A copy of that written retainer

26  agreement is attached as Exhibit F, and is incorporated herein by this reference.

27      6.    Some of the material terms of the Contingency Fee Agreement include that

28  WCCP was authorized to incur reasonable costs and expenses in performing legal services

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

2
FIRST AMENDED COMPLAINT

1  and that "[HARRIS] agrees to reimburse [WCCP] for such costs and expenses in addition

2  to the contingency fee. . ."

3      7.    HARRIS discussed and agreed to a forty percent (40%) contingency fee and

4  acknowledged that the fee arrangement was fair and reasonable.

5      8.    HARRIS specifically negotiated a contingency fee arrangement and agreed

6  to allow a lien upon any recovery for payment of attorneys' fees, "to secure payment to

7  Attorney of all sums due under this Agreement for services rendered or costs advanced,

8  Client hereby grants Attorney a lien on Client's claim and any cause of action or lawsuit

9  filed thereon, and to any recovery Client may obtain, whether by settlement, judgment or

10  otherwise."

11      9.    Plaintiff has performed all conditions, covenants and promises of the

12  Agreement, and represented HARRIS vigorously and competently in her litigation against

13  the KNIGHT Defendants.  On February 26, 2002, plaintiff prepared and filed a complaint

14  for damages on behalf of The HARRIS Defendants, Los Angeles Superior Court Case

15  Number BC268857.

16      10.    Plaintiff prosecuted the HARRIS lawsuit from February 26, 2002, through

17  March 9, 2005 when the Court entered a money judgment in favor of HARRIS and her

18  related business entity NEW IMAGE MEDIA CORP. and against The KNIGHT

19  Defendants in the sum of $107 million ($45 million for economic damages, $2 million for

20  non-economic damages and $60 million for punitive damages).  A copy of the Judgment is

21  attached hereto and incorporated herein by reference as Exhibit A.  In addition, on March

22  26, 2004, the Court entered judgment in favor of HARRIS and her related business entity

23  NEW IMAGE MEDIA CORP. and against GILLIAM in the sum of $760,000 plus interest

24  (attached as Exhibit C).

25      11.    On or about May 19, 2005, HARRIS discharged plaintiff as her attorney.  On

26  or about May 20, 2005, HARRIS filed a Substitution of Attorney with the Court indicating

27  that she was representing herself.

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WCI1-0000007
3123884.1

3

FIRST AMENDED COMPLAINT

1    12.    On May 19, 2005, plaintiff filed and served on defendants a Notice of

2  Attorney Lien equal to forty percent (40%) of any and all gross recovery, payments or

3  consideration of any kind or nature paid or transferred in satisfaction, in whole or in part,

4  of the Judgment against KNIGHT, et al., entered in LASC Case No. BC268857 (40% of

5  $107 million, plus interest accruing at the rate of $29,315.00 per day), plus costs expended

6  in the sum of $213,890.27. (Exhibit C.)  On September 9, 2005, plaintiff filed and served

7  on GILLIAM a Notice of Lien in the sum of $304,000.00 plus interest. (Exhibit D.)

8    13.    On June 17, 2005, HARRIS filed with the Court a "Notice of Settlement"

9  which represents that HARRIS and KNIGHT had agreed to a conditional settlement on

10  "specified terms that are not to be performed within 45 days of the settlement." The Notice

11  states that a Request for Dismissal will be filed no later than May 27, 2005 (40 days

12  earlier).  By the terms of the "Notice of Settlement," the negotiations and settlement itself

13  occurred before a Substitution of Attorney was filed.  None of the defendants notified

14  plaintiff of any such negotiations or settlement and the defendants have, affirmatively

15  concealed the fact of such negotiations and the settlement terms.

16    14.    It was reported on August 29, 2005 in the Los Angeles Times that HARRIS

17  has received the sum of $1.2 million as a result of the lawsuit.  A "settlement" in the sum

18  of $1 million is reported by counsel for KNIGHT in this action.  Plaintiff has received no

19  compensation for professional services rendered.

20    15.    Plaintiff has requested and defendants have refused to disclose the material

21  terms of the settlement or make any payment to the plaintiff.  Plaintiff is informed and

22  believes and thereon alleges that HARRIS and The KNIGHT Defendants conspired to

23  conceal the true terms of any settlement agreement (if any), and the true sum(s) of any

24  payment(s) from plaintiff, and that the defendants willfully and intentionally executed one

25  or more settlement agreements, all in disregard of plaintiff's valid lien rights.  Plaintiff is

26  informed and believes and thereon alleges that HARRIS and The KNIGHT Defendants

27  deliberately chose not to file a Partial Satisfaction of Judgment in order to conceal the

28  material terms of the settlement from plaintiff.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

4

FIRST AMENDED COMPLAINT

16.    Plaintiff is informed, and thereon alleges, that HARRIS negotiated a secret settlement agreement with the KNIGHT defendants that resulted in HARRIS being paid at least $1 million by the KNIGHT defendants. (HARRIS and the KNIGHT Defendants have since disagreed on whether that payment effectuated a full or partial payment under their settlement agreement, or whether a meeting of the minds occurred at all, so as to create a binding settlement agreement. Both parties have admitted that the $1 million was transferred from the KNIGHT Defendants to HARRIS to satisfy, in full or in part, the Judgment.) HARRIS claims, or has claimed, that she, through other counsel, Dermot Damien Givens, negotiated a purported settlement with the KNIGHT Defendants that would result in the KNIGHT Defendants paying her consideration including, among other things, the greater of $5.8 million paid to her annually on a specified date over five years, or the income generated from certain specified songs or intellectual properties owned by the KNIGHT Defendants.

17.    On further information and belief, plaintiff alleges that HARRIS has received other sums and assets from the KNIGHT Defendants, in partial satisfaction of the Judgment, the value of which is subject to proof at trial but which is believed to total not less than $2 million. Accordingly, plaintiff claims damage against HARRIS in the sum of 40 percent of any gross recoveries she obtained, or may obtain in the future, from all or any of the KNIGHT Defendants.

18.    As a result of this, plaintiff has been damaged by HARRIS' failure and refusal to pay for all or part the attorneys' fees called for in the Retainer Agreement, including but not limited to payment of forty percent (40%) of any and all gross recovery, payments or consideration of any kind paid to HARRIS to date. Other defendants have similarly caused damage by failing and refusing to acknowledge plaintiff's lien rights, or to actually pay or reserve any of the funds paid to HARRIS to satisfy the lien for attorneys' services properly put into place by plaintiff.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

5

FIRST AMENDED COMPLAINT

<u>FIRST CAUSE OF ACTIONFOR BREACH OF CONTRACT</u>

<u>(Against Lydia Harris, Lifestyle Records, Inc., New Image Media Corp. and</u>

<u>Does 1 through 25, Inclusive)</u>

19.    Plaintiff incorporates by this reference all allegations and facts alleged in paragraphs 1 through 18, above.

20.    On or about January 25, 2002, plaintiff and defendant HARRIS entered into a written Contingency Fee Agreement in Los Angeles County, California whereby plaintiff agreed to represent HARRIS in connection with liability claims against MARION H. KNIGHT, aka SUGE KNIGHT and his related entity DEATH ROW RECORDS, INC, and in connection with liability claims against GILLIAM.  A copy of that written retainer agreement, attached as Exhibit F, is incorporated herein in full by this reference.

21.    Some of the material terms of the Contingency Fee Agreement include that WCCP is authorized to incur reasonable costs and expenses in performing legal services and that "[HARRIS] agrees to reimburse [WCCP] for such costs and expenses in addition to the contingency fee. . ."  The contingency fee negotiated byHARRIS was for forty percent (40%);  HARRIS acknowledged that the fee arrangement is fair and reasonable.

22.    The Contingency Fee Agreement negotiated by HARRIS further specifically included language granting plaintiff a lien upon any recovery, for payment of plaintiff's attorneys' fees, "to secure payment to Attorney of all sums due under this Agreement for services rendered or costs advanced, Client hereby grants Attorney a lien on Client's claim and any cause of action or lawsuit filed thereon, and to any recovery Client may obtain, whether by settlement, judgment or otherwise."

23.    Plaintiff has performed all conditions, covenants and promises of the Agreement.  On February 26, 2002, plaintiff prepared and filed a complaint for damages on behalf of The HARRIS Defendants, Los Angeles Superior Court Case Number BC268857.

24.    Plaintiff prosecuted the HARRIS lawsuit from February 26, 2002 through March 9, 2005 when the Court entered a money judgment in favor of HARRIS and her

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

6

FIRST AMENDED COMPLAINT

1  related business entity NEW IMAGE MEDIA CORP. and against The KNIGHT

2  Defendants in the sum of $107 million ($45 million for economic damages, $2 million for

3  non-economic damages and $60 million for punitive damages). A copy of the Judgment is

4  attached hereto and incorporated herein by reference as Exhibit A. In addition, on March

5  26, 2004, the Court entered judgment in favor of HARRIS and her related business entity

6  NEW IMAGE MEDIA CORP. and against GILLIAM in the sum of $760,000 plus interest.

7  (Exhibit B.)

8       25.    On or about May 19, 2005, HARRIS discharged plaintiff as her attorney. On

9  or about May 20, 2005, HARRIS filed a Substitution of Attorney with the Court indicating

10 that she was representing herself.

11      26.    On May 19, 2005, plaintiff filed and served on defendants a Notice of

12 Attorney Lien equal to forty percent (40%) of any and all gross recovery, payments or

13 consideration of any kind or nature paid or transferred in satisfaction, in whole or in part,

14 of the Judgment against KNIGHT, et al., entered in LASC Case No. BC268857 (40% of

15 $107 million plus interest accruing at the rate of $29,315.00 per day) plus costs expended

16 in the sum of $213,890.27. (Exhibit C.) On September 9, 2005, plaintiff filed and served

17 on GILLIAM a Notice of Lien in the sum of $304,000.00 plus interest. (Exhibit D.)

18      27.    On June 17, 2005, HARRIS filed with the Court a "Notice of Settlement"

19 which represents that HARRIS and KNIGHT had agreed to a conditional settlement on

20 "specified terms that are not to be performed within 45 days of the settlement." The

21 Notice states that a Request for Dismissal will be filed no later than May 27, 2005 (40 days

22 earlier). By the terms of the "Notice of Settlement," the negotiations and settlement itself

23 occurred before a Substitution of Attorney was filed. None of the defendants notified

24 plaintiff of any such negotiations or settlement and the defendants have, affirmatively

25 concealed the fact of such negotiations and the settlement terms.

26      28.    The HARRIS Defendants have breached the material terms of the

27 Contingency Fee Agreement by, among other things, failing and refusing to pay plaintiff

28 for professional legal services rendered on her behalf.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
J123884.1

7

FIRST AMENDED COMPLAINT

29.    As a result of HARRIS' breach of contract, plaintiff has been damaged by HARRIS' failure and refusal to pay for all or part the attorneys' fees called for in the Retainer Agreement, including but not limited to payment of forty percent (40%) of any and all gross recovery, payments or consideration of any kind paid to HARRIS to date.

30.    Plaintiff is informed, and thereon alleges, that its damages include, but are not limited to, HARRIS's failure and refusal to pay anything at all to plaintiff out of the $1 million secret purported settlement paid by or through the KNIGHT Defendants to HARRIS in or about June 2005. Refusal to pay any sum at all to the plaintiff out of that $1 million violates plaintiff's lien rights, and is a breach of HARRIS' Retainer Fee Agreement with plaintiff. No other payments have been made by HARRIS to plaintiff from any other payments or transfers made to HARRIS by or on behalf of the KNIGHT Defendants (if any), in further violation of plaintiff's lien rights and in further breach of HARRIS' Retainer Fee Agreement with plaintiff.

## SECOND CAUSE OF ACTION

## QUANTUM MERUIT

### (Plaintiff vs. The HARRIS Defendants and DOES 1 Through 25, Inclusive)

31.    Plaintiff incorporates herein by reference paragraphs 1 through 18 of this First Amended Complaint as though fully set forth herein.

32.    Within the past two years, plaintiff rendered legal services to The HARRIS Defendants and incurred costs in connection with those legal services at the special request of the HARRIS Defendants. The HARRIS Defendants promised to pay plaintiff for those legal services and costs. Neither the HARRIS Defendants nor plaintiff reasonably expected or believed that plaintiff would provide legal services, and prepay legal costs, on behalf of the HARRIS Defendants for no compensation at all.

33.    Upon plaintiff's information and belief, the reasonable value of the services and unpaid costs incurred by plaintiff for the benefit of The HARRIS Defendants may exceed $10 million.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

8

FIRST AMENDED COMPLAINT

1   Plaintiff has repeatedly demanded from the HARRIS Defendants information

2   concerning any purported settlement with The KNIGHT Defendants, or the receipt

3   of payments from or on behalf of the KNIGHT Defendants. The HARRIS

4   Defendants have refused and continue to refuse to provide completely and accurately

5   any such information, or pay any sums for the reasonable value of professional

6   services rendered on behalf of HARRIS. THIRD CAUSE OF ACTION

7   FOR MONEY HAD AND RECEIVED

8   (Plaintiff vs. The HARRIS Defendants and DOES 1 Through 25, Inclusive)

9       35.    Plaintiff incorporates herein by reference paragraphs 1 through 18 of this

10  First Amended Complaint as though fully set forth herein.

11      36.    Plaintiff is informed and believes and thereon alleges that as a proximate

12  result of professional legal services performed by plaintiff on behalf of The HARRIS

13  Defendants, The HARRIS Defendants received payments or other consideration in full or

14  partial satisfaction of the $107 million judgment against The KNIGHT Defendants.

15      37.    In equity and in good conscience, forty percent (40%) of any recovery to

16  HARRIS should be paid to plaintiff.

17      38.    The HARRIS Defendants have refused to pay anything to plaintiff for the

18  attorneys' fees it incurred, in good faith, on her behalf, and in reliance on HARRIS'

19  written promise to pay plaintiff forty (40) percent of any recovery she obtained against the

20  KNIGHT Defendants. One or more of The HARRIS Defendants received a sum of money

21  from or on behalf of the KNIGHT Defendants, in full or partial satisfaction of the

22  Judgment; upon information and belief, plaintiff contends that this sum was at least $1

23  million. HARRIS, the KNIGHT Defendants, and Dermot Damien Givens concede that at

24  least $1 million was paid by or on behalf of the KNIGHT Defendants to HARRIS, and that

25  no notice of that settlement or payment was given to plaintiff. No fees have been paid to

26  plaintiff from any other transfer of money or assets to or on behalf of the HARRIS

27  Defendants by or on behalf of the KNIGHT Defendants, with the actual knowledge and

28  assistance of their attorney, Dermot Damien Givens, in full or partial satisfaction of the

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

9

FIRST AMENDED COMPLAINT

1  Judgment. The HARRIS Defendants have instead concealed the terms of any purported

2  settlement with the KNIGHT Defendants from plaintiff, or has hidden the fact of payments

3  made to or on behalf of the HARRIS Defendants from or on behalf of the KNIGHT

4  Defendants.

5

6                              **FOURTH CAUSE OF ACTION**

7                                **FOR AN ACCOUNTING**

8                              **(Plaintiff vs. All Defendants)**

9        39.    Plaintiff incorporates herein by reference paragraphs 1 through 18, and 36

10  through 38 of this First Amended Complaint as though fully set forth herein.

11       40.    Plaintiff has demanded an accounting of any and all gross recovery,

12  payments or consideration of any kind or nature paid or transferred in satisfaction, in

13  whole or in part, of the Judgment entered in LASC Case No. BC268857. The defendants,

14  and each of them, have refused to provide any accounting of the consideration agreed to or

15  paid. Plaintiff therefore now requests that this court order a full and complete accounting

16  of all sums or assets received by or on behalf of any of The HARRIS Defendants, or any of

17  their agents or persons acting on their behalf, from or on behalf of any of the KNIGHT

18  Defendants, or from any other entity or source, in partial or full satisfaction of the

19  Judgment.

20

21                              **FIFTH CAUSE OF ACTION**

22                          **INTERFERENCE WITH CONTRACT**

23      **(Plaintiff vs. The KNIGHT Defendants, THA ROW RECORDS, LLC,**

24   **THA ROW, INC., DERMOT GIVENS and DOES 26 Through 100, Inclusive)**

25       41.    Plaintiff incorporates herein by reference paragraphs 1 through 18 of this

26  First Amended Complaint as though fully set forth herein.

27       42.    Defendants MARION H. KNIGHT, aka SUGE KNIGHT, DEATH ROW

28  RECORDS, INC., DEATH ROW RECORDS, LLC, THA ROW, INC., DERMOT

1  GIVENS, LYDIA HARRIS, LIFESTYLE RECORDS, INC., NEW IMAGE MEDIA

2  CORP. and DOES 26 through 100 were served with notice of plaintiffs lien on May 19,

3  2005. Defendant GILLIAM and DOES 70 through 80 were served with Notice of Lien on

4  the GILLIAM Judgment on September 9, 2005. The defendants, and each of them, by and

5  through their authorized representatives, had actual knowledge of plaintiffs valid contract

6  and lien.

7       43.    Plaintiff is informed and believes and thereon alleges that the judgment

8  debtors (The KNIGHT Defendants) and their attorney, DERMOT GIVENS, conspired

9  with HARRIS to deprive plaintiff of its lien rights. Plaintiff is informed and believes and

10  thereon alleges that The KNIGHT Defendants, DERMOT GIVENS and Does 26 through

11  100 caused payments or other consideration to be made to HARRIS pursuant to the

12  judgment without notice to plaintiff and without satisfying any portion of plaintiffs valid

13  lien. The Knight defendants and GIVENS made it more difficult, expensive or

14  burdensome to collect fees and costs which were earned. The Knight defendants and

15  GIVENS either intended to prevent Harris from performing her contractual obligations to

16  plaintiff or knew that collection of fees and costs would be more expensive or burdensome

17  as a result of their conduct.

18       44.    The KNIGHT Defendants, GIVENS and Does 26 through 100 intentionally

19  interfered with plaintiffs valid contractual and/or equitable lien in an amount equal to the

20  payment or other consideration which has passed or will pass between KNIGHT and

21  GILLIAM on the one hand and HARRIS on the other hand.

22       45.    Plaintiff is informed and believes and thereon alleges that The KNIGHT

23  Defendants have provided payments or other consideration to HARRIS with a value in

24  excess of $2 million. Accordingly, plaintiff alleges that, to date, said defendants'

25  intentional interference with plaintiff's contractual lien rights has caused damage to

26  plaintiff in a sum exceeding $1,013,890.27, or forty (40) percent of any actual payments

27  made by or on behalf of the KNIGHT Defendants to the HARRIS Defendants, plus

28  interest.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WCI1-0000007
3123884.1

11
FIRST AMENDED COMPLAINT

## SIXTH CAUSE OF ACTION

### FOR ORDER GRANTING EQUITABLE ASSIGNMENT OF JUDGMENTS

### (Plaintiff vs. The KNIGHT Defendants, GILLIAM, Lydia Harris, and

### DOES 1 Through 25

### and DOES 50 through 75, Inclusive)

46.    Plaintiff incorporates herein by reference paragraphs 1 through 18 and 36 through 38 of this First Amended Complaint as though fully set forth herein.

47.    HARRIS discharged plaintiff without cause after entry of judgment in the sum of $107 million against The KNIGHT Defendants.

48.    Plaintiff is informed and believes and thereon alleges that HARRIS discharged plaintiff for the primary purpose of concealing payments and violating plaintiffs contractual right to collect a contingency fee based upon any recovery in the underlying lawsuit, as well as in violation of its rights as set forth in the May 19, 2005 Notice of Lien, as well as violating plaintiffs rights to a contingent fee from any recovery against GILLIAM.

49.    Plaintiffs contract with HARRIS created a lien upon the recovery whether by settlement or judgment. By reason of the professional services rendered, plaintiff is an equitable assignee of the judgments or settlements to the extent of fees and costs which are due plaintiff for services. [*Siciliano v. Fireman's Fund Ins. Co.* (1976) 62 Cal.App.3d 745.]

50.    Plaintiff is informed and believes and thereon alleges that it is entitled to an equitable assignment of forty (40) percent of the judgments against The KNIGHT Defendants and GILLIAM, and/or forty (40) percent of any settlement or other recoveries obtained by or on behalf of the HARRIS Defendants from or on behalf of the KNIGHT Defendants.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

12
FIRST AMENDED COMPLAINT

## SEVENTH CAUSE OF ACTION FOR DECLARATORY RELIEF

### (Plaintiff vs. All Defendants)

51.    Plaintiff incorporates herein by reference paragraphs 1 through 18 and 36 through 38 of this First Amended Complaint as though fully set forth herein.

52.    Plaintiff alleges that it has a valid lien on any and all recovery, payments, or consideration of any kind or nature paid in satisfaction of the judgment against The KNIGHT Defendants for forty percent (40%) of $107 million plus interest at the rate of $29,315.00 per day plus costs expended in the sum of $213,890.27. Plaintiff alleges that it has a valid lien on any and all recovery, payments, or consideration of any kind or nature paid in satisfaction of the judgment against GILLIAM for forty percent (40%) of $760,000.00 plus interest at the rate of $208.22 per day plus costs as aforementioned. Plaintiff is informed and believes and thereon alleges that defendants contend that they had or have the right to disregard plaintiffs lien and that KNIGHT and/or GILLIAM can make payments in partial or total satisfaction of the judgment without paying anything to plaintiff. Plaintiff contends to the contrary.

53.    Plaintiff contends that any settlement agreement between The KNIGHT Defendants and HARRIS and/or any settlement between GILLIAM and HARRIS is void to the extent that it purports to release, extinguish, impair or modify plaintiffs vested rights to recover forty percent (40%) of the judgment plus costs as reflected in the attorney liens served on May 19, 2005 and September 9, 2005.

54.    Plaintiff is informed and believes and thereon alleges that defendants contend that they have or had the right to disregard, impair, release, diminish or extinguish the lien rights of plaintiff.

55.    Plaintiff contends that any agreement between the defendants that was made without the consent of plaintiff is a nullity as to plaintiff because any such agreement was a fraud upon plaintiff, was made with unclean hands and without any consideration to plaintiffs vested interests. Plaintiff is informed and believes and thereon alleges that defendants contend to the contrary.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

13
FIRST AMENDED COMPLAINT

1    56.    Plaintiff requests a judicial declaration that plaintiff may recover judgment

2 against The KNIGHT Defendants and its related entities and alter egos in the sum of forty

3 percent (40%) of $107 million plus interest at the rate of $27,315.00 per day from March

4 9, 2005. Plaintiff also requests a judicial declaration that plaintiff may recover judgment

5 against GILLIAM in the sum of forty percent (40%) of $760,000 plus interest at the rate of

6 $208.22 per day from February 5, 2004.

7    WHEREFORE, plaintiff prays for judgment as follows:

8    1.    For special damages in the sum of $42,800,000.00 plus interest jointly and

9 severally against The HARRIS Defendants, The KNIGHT Defendants and DERMOT

10 GIVENS, or according to proof;

11    2.    For special damages in the sum of $304,000.00 plus interest from GILLIAM,

12 or according to proof, and

13    3.    For a judgment assigning to plaintiff forty percent (40%) of the March 9,

14 2005 judgment against MARION H. KNIGHT and DEATH ROW RECORDS, INC.,

15 and/or;

16    4.    For a judgment assigning to plaintiff forty percent (40%) of the March 26,

17 2004 judgment against GILLIAM. Further, plaintiff requests:

18    5.    A judicial declaration that any agreement by and between the defendants

19 which purports to affect the rights of the plaintiff is void;

20    6.    The imposition of a constructive trust upon any proceeds paid to The

21 HARRIS Defendants in satisfaction of the judgments;

22    7.    An accounting, requiring the defendants to disclose to plaintiff the exact

23 arms of any and all settlement agreements reached between the defendants and any

24 consideration paid in satisfaction of the judgment;

25    8.    A temporary restraining order, preliminary injunction and/or permanent

26 injunction freezing and/or attaching the assets of the defendants up to plaintiffs interest in

27 the underlying judgments;

28    9.    Its costs of suit;

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WCI1-0000007
3123884.1

14
FIRST AMENDED COMPLAINT



1    10.    Prejudgment interest, as provided by law;  and

2    11.    Such further relief which is just and proper.

3    Dated: April 3, 2006                    HAIGHT BROWN & BONESTEEL LLP;
                                            WASSERMAN, COMDEN &
4                                           CASSELMAN, L.L.P.

5

6                                           By: _____

7                                           Peter Q. Ezzell
                                            Nancy E. Lucas
8                                           Stephen M. Caine;
                                            David B. Casselman
9                                           Leonard J. Comden
                                            Attorneys for Plaintiff WASSERMAN,
10                                          COMDEN, CASSELMAN &
                                            PEARSON, L.L.P.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
HAIGHT, BROWN &        WC11-0000007                15
BONESTEEL, L.L.P.      3123884.1
Los Angeles                              FIRST AMENDED COMPLAINT

## LIST OF EXHIBITS

A.   Judgment in favor of HARRIS and NEW IMAGE MEDIA CORP. and against MARION H. KNIGHT, aka SUGE KNIGHT and DEATH ROW RECORDS, INC.

B.   March 26, 2004, Court judgment in favor of HARRIS and her related business entity NEW IMAGE MEDIA CORP. and against GILLIAM in the sum of $760,000 plus interest.

C.   May 19, 2005 Notice of Attorney Lien equal to forty percent (40%) of any and all gross recovery, payments or consideration of any kind or nature paid or transferred in satisfaction, in whole or in part, of the Judgment against KNIGHT, et al. entered in LASC Case No. BC268857 (40% of $107 million plus interest accruing at the rate of $29,315.00 per day) plus costs expended in the sum of $213,890.27.

D.   September 9, 2005 Notice of Attorney Lien filed September 9, 2005 in the sum of $304,000.00, plus interest.

E.   Notice of Settlement, filed June 17, 2005.

F.   Contingency Fee Agreement.

LAW OFFICES &
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

16

FIRST AMENDED COMPLAINT

# PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA    )    ss.:
COUNTY OF LOS ANGELES   )

*WASSERMAN v. LYDIA HARRIS; LIFESTYLE RECORDS*
*BC 340196*

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 6080 Center Drive, Suite 800, Los Angeles, CA 90045-1574.

    On April 3, 2006, I served on interested parties in said action the within:

FIRST AMENDED COMPLAINT

☒  (MAIL) by placing a true copy thereof in sealed envelope(s) addressed as stated on the attached service list.

    I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

    Executed on April 3, 2006, at Los Angeles, California.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Theresa Welsch
    (Type or print name)              (Signature)

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

17

FIRST AMENDED COMPLAINT



MAILING LIST
WASSERMAN v. LYDIA HARRIS; LIFESTYLE RECORDS
BC 340196

| | |
|---|---|
| David B. Casselman<br>Wasserman Comden, Casselman & Pearson<br>5567 Reseda Blvd., #330<br>Tarzana, CA  91357<br><br>Tel:    818-705-6800<br>Fax:    818-705-8634<br>hblum@wcclaw.com | Gary S. Soter<br>Pearson, Soter, Warshaw & Penny<br>15165 Ventura Blvd., #400<br>Sherman Oaks, CA  91403<br><br>Tel:    818-788-8300<br>Fax:    818-788-8104<br>gsoter@pswplaw.com |
| Kevin Gilliam<br>1502 South Alpine Dr.<br>West Covina, CA  91791<br><br>[Pro Per] | |

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

18
FIRST AMENDED COMPLAINT



## PROOF OF SERVICE BY OVERNIGHT DELIVERY

STATE OF CALIFORNIA          )
                             )   ss.:
COUNTY OF LOS ANGELES        )

*WASSERMAN v. LYDIA HARRIS; LIFESTYLE RECORDS*
*BC 340196*

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 6080 Center Drive, Suite 800, Los Angeles, CA 90045-1574.

    On April 3, 2006, I served on interested parties in said action the within:

FIRST AMENDED COMPLAINT

    I deposited in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated on the attached service list, with fees for overnight delivery paid or provided for.

    Executed on April 3, 2006, at Los Angeles, California.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

      Theresa Welsch
     (Type or print name)                    (Signature)

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

23
FIRST AMENDED COMPLAINT

03/24/06 4:18 PM
Draft



MAILING LIST
WASSERMAN v. LYDIA HARRIS; LIFESTYLE RECORDS
BC 340196

Rex Julian Beaber
1546 Calmar Court
Los Angeles, CA  90024

Tel:   557-1198
Fax:
Xerxers@aol.com

Debra V. Crawford
P.O. Box 373, SW Mission & 4th, #5
Carmel, CA  93921-0373

Tel:   831-624-2422
Fax:   831-624-2428
ddvcrawford@earthlink.net

Laurence D. Strick
Law Office of Laurence D. Strick
339 N. Sycamore Ave., # 2
Los Angeles, CA  90036

Tel: (323) 964-5231
Fax: (323) 964-8135

larrystrick@yahoo.com

Dermot Damian Givens
433 North Camden Dr., #600
Beverly Hills, CA  90210

Tel:   310-854-8823
Fax:   323-878-0416
dermotg@aol.com

Steven M. Goldberg
Russ, August & Kabat
12424 Wilshire Blvd., 12th Floor
Los Angeles, CA  90025

Tel:   310-979-8274
Fax:   310-826-6991

Larry Nagelberg
Nagelberg & Associates
The Tower, Suite 2150
10940 Wilshire Blvd.
Los Angeles, CA  90024

Tel:  (310) 208-3220
Fax:  (310) 208-3830

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

23

FIRST AMENDED COMPLAINT

03/24/06 4:18 PM
DraR

**EXHIBIT A**

1. | DAVID B. CASSELMAN (SBN 81657)
   | DONALD WEISSMAN (SBN 67980)

2. | WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.
   | 5567 Reseda Boulevard, Suite 330

3. | Post Office Box 7033
   | Tarzana, California 91357-7033

4. | Telephone:  (818) 705-6800 • (323) 872-0995
   | Facsimile:   (818) 705-8147

5.

6. | Attorneys for Plaintiffs
   | LYDIA HARRIS and NEW IMAGE MEDIA
   | CORPORATION

7.

**FILED**
LOS ANGELES SUPERIOR COURT

APR 1 4 2005

JOHN A. CLARKE, CLERK
E. Martinez
BY ELIZABETH MARTINEZ, DEPUTY

8. |    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9. |          FOR THE COUNTY OF LOS ANGELES

10.

11. | LYDIA HARRIS, LIFESTYLE          )   CASE NO. BC 268857
    | RECORDS, INC., AND NEW IMAGE     )
12. | MEDIA CORP.,                     )
    |                                  )   Case Assigned to:
13. |         Plaintiffs,              )   Judge Ronald M. Sohigian - Dept. 41
    |                                  )
14. | v.                               )   [Complaint Filed: February 26, 2002]
    |                                  )
15. | KEVIN GILLIAM AKA BATTLECAT;     )
    | MARION H. KNIGHT AKA SUGE        )
16. | KNIGHT; DEATH ROW RECORDS;       )   NOTICE OF ENTRY OF JUDGMENT
    | THA ROW, INC.; DAVID E. KENNER;  )
17. | DAVID E. KENNER PROFESSIONAL     )
    | LAW CORPORATION; DAVID E.        )
18. | KENNER, A PROFESSIONAL           )
    | CORPORATION; THE DAVID E.        )
19. | KENNER TRUST; INTERSCOPE         )
    | RECORDS; JIMMY IOVINE; JOHN T.   )
20. | MCCLAIN, JR.; A&M RECORDS; ET    )
    | AL.,                             )
21. |                                  )
    |         Defendants.              )
22.

23. | TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

24.

25. |     PLEASE TAKE NOTICE that pursuant to the Judgment dated March 9, 2005 (a true

26. | and correct copy of which is attached hereto as Exhibit A), judgment was entered in the sum of

27. | $107,000,000.00, together with interest thereon at the rate of ten (10) percent per year from

28. | March 9, 2005, in favor of LYDIA HARRIS and NEW IMAGE MEDIA CORP. and against

400205.1                    *NOTICE OF ENTRY OF JUDGMENT*

*(left margin, vertical text:)* WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.  5567 RESEDA BOULEVARD, SUITE 330  P.O. BOX 7033  TARZANA, CALIFORNIA 91357-7033



1  MARION H. KNIGHT, aka SUGE KNIGHT and DEATH ROW RECORDS.

2

3  DATED: April 13, 2005                WASSERMAN, COMDEN, CASSELMAN &
4                                       PEARSON L.L.P.

5

6                                       By: _____
7                                              I. DONALD WEISSMAN
                                         Attorneys for Plaintiffs
8                                        LYDIA HARRIS and NEW IMAGE MEDIA
                                         CORPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

400205.1                    *NOTICE OF ENTRY OF JUDGMENT*

1  MARION H. KNIGHT, aka SUGE KNIGHT and DEATH ROW RECORDS.

2

3  DATED: April 13, 2005               WASSERMAN, COMDEN, CASSELMAN &
4                                      PEARSON L.L.P.

5

6                              By: _____
                                        I. DONALD WEISSMAN
7                              Attorneys for Plaintiffs
                               LYDIA HARRIS and NEW IMAGE MEDIA
8                              CORPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

400205.1                       *NOTICE OF ENTRY OF JUDGMENT*

1   DAVID B. CASSELMAN (SBN 81657)    **FILED**
    I.DONALD WEISSMAN (SBN 67980)    LOS ANGELES SUPERIOR COURT

2   WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
    5567 Reseda Boulevard, Suite 330    APR 1 4 2005

3   Post Office Box 7033
    Tarzana, California 91357-7033    JOHN A. CLARKE, CLERK

4   Telephone:   (818) 705-6800 · (323) 872-0995    *E. Martinez*
    Facsimile:    (818) 705-8147    BY ELIZABETH MARTINEZ, DEPUTY

5

6   Attorneys for Plaintiffs
    LYDIA HARRIS and NEW IMAGE MEDIA
    CORPORATION

7

8             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                FOR THE COUNTY OF LOS ANGELES

10

11   LYDIA HARRIS, LIFESTYLE    )   CASE NO. BC 268857
    RECORDS, INC., AND NEW IMAGE   )

12   MEDIA CORP.,           )   Case Assigned to:
                            )

13        Plaintiffs,       )   Judge Ronald M. Sohigian - Dept. 41
                            )

14   v.                   )   [Complaint Filed: February 26, 2002]
                            )

15   KEVIN GILLIAM AKA BATTLECAT;   )
    MARION H. KNIGHT AKA SUGE    )

16   KNIGHT; DEATH ROW RECORDS;   )   NOTICE OF ENTRY OF JUDGMENT
    THA ROW, INC.; DAVID E. KENNER;   )
    DAVID E. KENNER PROFESSIONAL   )

17   LAW CORPORATION; DAVID E.   )
    KENNER, A PROFESSIONAL    )

18   CORPORATION; THE DAVID E.    )
    KENNER TRUST; INTERSCOPE    )

19   RECORDS; JIMMY IOVINE; JOHN T.   )
    MCCLAIN, JR.; A&M RECORDS; ET   )

20   AL.,                  )
                            )

21        Defendants.      )

22                               )

23   TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

24

25        PLEASE TAKE NOTICE that pursuant to the Judgment dated March 9, 2005 (a true

26   and correct copy of which is attached hereto as Exhibit A), judgment was entered in the sum of

27   $107,000,000.00, together with interest thereon at the rate of ten (10) percent per year from

28   March 9, 2005, in favor of LYDIA HARRIS and NEW IMAGE MEDIA CORP. and against

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
TARZANA, CALIFORNIA 91337-7033

*400205.1*

                 *NOTICE OF ENTRY OF JUDGMENT*

ORIGINAL FILED

MAR 0 9 2005
LOS ANGELES
SUPERIOR COURT

1  DAVID B. CASSELMAN (SBN 81657)
   I.DONALD WEISSMAN (SBN 67980)
2  WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
   5567 Reseda Boulevard, Suite 330
3  Post Office Box 7033
   Tarzana, California 91357-7033
4  Telephone:   (818) 705-6800 • (323) 872-0995
   Facsimile:   (818) 705-8147
5
   Attorneys for Plaintiffs
6  LYDIA HARRIS and NEW IMAGE MEDIA
   CORPORATION
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10

11  LYDIA HARRIS, LIFESTYLE          )   CASE NO. BC 268857
    RECORDS, INC., AND NEW IMAGE     )
12  MEDIA CORP.,                     )
                                     )   Case Assigned to:
13          Plaintiffs,              )   Judge Ronald M. Sohigian - Dept. 41
                                     )
14  v.                               )   [Complaint Filed: February 26, 2002]
                                     )
15  KEVIN GILLIAM AKA BATTLECAT;     )
    MARION H. KNIGHT AKA SUGE        )
16  KNIGHT; DEATH ROW RECORDS;       )   JUDGMENT
    THA ROW, INC.; DAVID E. KENNER;  )
17  DAVID E. KENNER PROFESSIONAL     )
    LAW CORPORATION; DAVID E.        )
18  KENNER, A PROFESSIONAL           )
    CORPORATION; THE DAVID E.        )
19  KENNER TRUST; INTERSCOPE         )
    RECORDS; JIMMY IOVINE; JOHN T.   )
20  MCCLAIN, JR.; A&M RECORDS; ET    )
    AL.,                             )
21                                   )
            Defendants.              )
22                                   )

23       Upon the Order striking the Answer of MARION H. KNIGHT, aka SUGE KNIGHT, AND

24  DEATH ROW RECORDS, INC., aka DEATHROW RECORDS L.P. and THA ROW, INC.,

25  to Plaintiffs' Complaint and entering default thereon, consideration of the Plaintiffs' Application

26  for Default Prove-up Damages and the supporting declarations of Lydia Harris, I.Donald

27  Weissman, Michael Harris and Phil Ames, and good cause appearing therefor,

28                           EX A /

                            JUDGMENT

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  IT IS HEREBY ADJUDGED that judgment is entered in favor of plaintiffs, LYDIA
2  HARRIS and NEW IMAGE MEDIA CORP., and against defendants, MARION H. KNIGHT
3  aka SUGE KNIGHT, DEATH ROW RECORDS, INC., ~~aka DEATH ROW RECORDS L.L.C.~~,
4  ~~and THE ROW, INC.~~, in the sum of $ 45,000,000 for economic damages,
5  $ 2,000,000 for non-economic damages, $ 60,000,000 for punitive damages.
6
7  Further, PLAINTIFFS to recover costs pursuant to a memorandum of costs to be filed
8  pursuant to the statute. IN THE AMOUNT OF $ _____
9
10  Dated: MAR 0 9 2005          RONALD M. SOHIGIAN
11                              JUDGE OF THE LOS ANGELES SUPERIOR COURT
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

2

*JUDGMENT*

**PROOF OF SERVICE**
Harris et al. v. Gilliam et al.
BC268857

1

2

3    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

4        I am employed in the County of LOS ANGELES, STATE OF CALIFORNIA. My business address is: 5567 Reseda Boulevard, Suite 330, Post Office Box 7033, Tarzana,

5    California 91357-7033. I am over the age of 18 years and am not a party to this action.

6        On April 13, 2005, I served the following document(s) entitled NOTICE OF ENTRY OF JUDGMENT on ALL INTERESTED PARTIES in this action:

7    Dermot Damian Givens, Esq.                    Attorney for defendant MARION H.
     433 N. Camden Dr., Ste. 600                   KNIGHT, DEATH ROW RECORDS
8    Beverly Hills, CA 90210                       and THA ROW, INC.

9

10   ☒   **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as
         above, and placing it for collection and mailing following ordinary business
11       practices. I am readily familiar with the firm's practice of collection and
         processing correspondence, pleadings, and other matters for mailing with the
12       United States Postal Service. The correspondence, pleadings and other matters are
         deposited with the United States Postal Service with postage thereon fully prepaid
13       in Tarzana, California, on the same day in the ordinary course of business. I am
         aware that on motion of the party served, service is presumed invalid if the postal
14       cancellation date or postage meter date is more than one day after date of deposit
         for mailing in affidavit.

15   ☐   **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be
         delivered to _____ for delivery to the above address(es).
16

17   ☐   **BY FAX:** I transmitted a copy of the foregoing document(s) this date via
         telecopier to the facsimile numbers shown above.

18   ☐   **BY PERSONAL SERVICE:** I served such envelope to be delivered by hand to
         the offices of the addressee(s).

19

20   ☒   [State]      I declare under penalty of perjury under the laws of the State of
                      California that the foregoing is true and correct.

21

22   ☐   [Federal]    I declare that I am employed in the office of a member of the bar of
                      this court at whose direction the service was made.

23   Executed on April 13, 2005, at Tarzana, California.

24

25

26                                                    BILLIE J. TOWE

27

28

NOTICE OF ENTRY OF JUDGMENT

400205.1

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

**EXHIBIT  B**

COPY

FILED
LOS ANGELES SUPERIOR COURT

MAR 2 6 2004

JOHN A. CLARKE, CLERK

BY R. McGLOTHLIN, DEPUTY

1   DAVID B. CASSELMAN (SBN 81657)
    I. DONALD WEISSMAN (SBN 67980)
2   WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
    5567 Reseda Boulevard, Suite 330
3   Post Office Box 7033
    Tarzana, California 91357-7033
4   Telephone:   (818) 705-6800 • (323) 872-0995
    Facsimile:   (818) 705-8147
5
6   Attorneys for Plaintiffs
    LYDIA HARRIS and NEW IMAGE MEDIA
    CORPORATION
7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       FOR THE COUNTY OF LOS ANGELES

10

11  LYDIA HARRIS, LIFESTYLE            )   CASE NO. BC 268857
    RECORDS, INC., AND NEW IMAGE       )
12  MEDIA CORP.,                       )
                                       )   Case Assigned to:
13          Plaintiffs,                )   Judge David A. Workman - Dept. 40
                                       )
14      v.                             )   [Complaint Filed: February 26, 2002]
                                       )
15  KEVIN GILLIAM AKA BATTLECAT;       )
    MARION H. KNIGHT AKA SUGE          )
16  KNIGHT; DEATH ROW RECORDS;         )   ORDER CONFIRMING
    THA ROW, INC.; DAVID E. KENNER;    )   ARBITRATION AWARD AND
17  DAVID E. KENNER PROFESSIONAL       )   JUDGMENT
    LAW CORPORATION; DAVID E.          )
18  KENNER, A    PROFESSIONAL          )
    CORPORATION; THE DAVID E.          )
19  KENNER TRUST; INTERSCOPE           )
    RECORDS; JIMMY IOVINE; JOHN T.     )
20  MCCLAIN, JR.; A&M RECORDS; ET      )
    AL.,                               )
21                                     )
            Defendants.                )
22

23                              ORDER

24

25      The petition of LYDIA HARRIS and NEW IMAGE MEDIA CORP. for an order

26  confirming an arbitration award came on regularly on February 5, 2004, at 8:30 a.m., in

27  Department 40 for hearing by the court.

28

372694.1          ORDER CONFIRMING ARBITRATION AWARD AND JUDGMENT

1
2
3
4

Petitioners LYDIA HARRIS and NEW IMAGE MEDIA CORP. appeared by their attorney of record, I.DONALD WEISSMAN, ESQ. of Wasserman, Comden, Casselman & Pearson, L.L.P. Respondent KEVIN GILLIAM aka BATTLECAT, through his counsel of record filed a Notice of Non-Opposition to Plaintiffs' Petition to Conform.

5
6
7
8
9

Proof having been made to the satisfaction of the court that the petition should be granted, IT IS ORDERED that the award of Hon. William S. Schoettler (Retired) dated December 24, 2003, is confirmed in all respects and that judgment be entered in conformity therewith.

10
11    DATED: _mars 26, 2004_    By: _____
12                                    Judge of the Superior Court
                                        DAVID A. WORKMAN
13
14                                    JUDGMENT
15
16    The award of Hon. William S. Schoettler (Retired) having been confirmed by order of this
17    court on February 5, 2004, IT IS ADJUDGED that petitioner NEW IMAGE MEDIA CORP.,
18    recover from respondent KEVIN GILLIAM aka BATTLECAT the sum of $760,000.00, together
19    with interest thereon at the rate of ten (10) percent per year from February 5, 2004, and costs of
20    this proceeding in the sum of $_____.

21
22    DATED: _heard 26, 2004_    By: _____
23                                    Judge of the Superior Court
                                        DAVID A. WORKMAN
24
25
26
27
28

312694.1                    _ORDER CONFIRMING ARBITRATION AWARD AND JUDGMENT_

PROOF OF SERVICE
<u>Harris et al. v. Gilliam et al.</u>
BC268857

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of LOS ANGELES, STATE OF CALIFORNIA. My business address is: 5567 Reseda Boulevard, Suite 330, Post Office Box 7033, Tarzana, California 91357-7033. I am over the age of 18 years and am not a party to this action.

On March 9, 2004 I served the following document(s) entitled ORDER CONFIRMING ARBITRATION AWARD AND JUDGMENT on ALL INTERESTED PARTIES in this action:

Hayes F. Michel, Esq.                           *Counsel for Kevin Gilliam, p/k/a*
PROSKAUER ROSE LLP                              *Battlecat*
2049 Century Park East, Suite 3200
Los Angeles, California  90067-3206
Tel.:  (310) 557-2900
Fax:  (310) 557-2193

☒    BY MAIL: By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal Service. The correspondence, pleadings and other matters are deposited with the United States Postal Service with postage thereon fully prepaid in Tarzana, California, on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    BY OVERNIGHT COURIER:  I caused the above-referenced document(s) to be delivered to _____ for delivery to the above address(es).

☐    BY FAX: I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown above.

☐    BY PERSONAL SERVICE:  I served such envelope to be delivered by hand to the offices of the addressee(s).

☒    [State]    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐    [Federal]   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 9, 2004, at Tarzana, California.

BILLIE T. TOWE

**EXHIBIT  C**

1  DAVID B. CASSELMAN (SBN 81657)
   I.DONALD WEISSMAN (SBN 67980)
2  HOWARD S. BLUM (SBN 60609)
   WASSERMAN, COMDEN, CASSELMAN & PEARSON    CONFORMED COPY
3  5567 Reseda Boulevard, Suite 330                    OF ORIGINAL FILED
   Post Office Box 7033                                Los Angeles Superior Court
4  Tarzana, California 91357-7033
   Telephone:  (818) 705-6800 • (323) 872-0995         MAY 19 2005
5  Facsimile:   (818) 705-8147
                                                       John A. Clarke, Executive Officer/Clerk
6  Attorneys for Plaintiffs                            By R. Arauga  , Deputy
   LYDIA HARRIS and NEW IMAGE MEDIA                        R. Arauja
7  CORPORATION

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       FOR THE COUNTY OF LOS ANGELES

10

11  LYDIA HARRIS, LIFESTYLE              )   CASE NO. BC 268857
    RECORDS, INC., AND NEW IMAGE         )
12  MEDIA CORP.,                         )
                                         )   Case Assigned to:
13              Plaintiffs,              )   Judge Ronald M. Sohigian - Dept. 41
                                         )
14       v.                              )   [Complaint Filed: February 26, 2002]
                                         )
15  KEVIN GILLIAM AKA BATTLECAT;         )
    MARION H. KNIGHT AKA SUGE            )
16  KNIGHT; DEATH ROW RECORDS;           )   NOTICE OF ATTORNEY LIEN
    THA ROW, INC.; DAVID E. KENNER;      )
17  DAVID E. KENNER PROFESSIONAL         )
    LAW CORPORATION; DAVID E.            )
18  KENNER, A  PROFESSIONAL              )
    CORPORATION; THE DAVID E.            )
19  KENNER TRUST; INTERSCOPE             )
    RECORDS; JIMMY IOVINE; JOHN T.       )
20  MCCLAIN, JR.; A&M RECORDS; ET        )
    AL.,                                 )
21                                       )
                Defendants.              )
22                                       )

23  TO:  JUDGMENT CREDITORS LYDIA HARRIS AND NEW IMAGE MEDIA CORP.;

24  JUDGMENT DEBTORS MARION H. KNIGHT AKA SUGE KNIGHT and DEATH ROW

25  RECORDS, INC.; DERMOT DAMIAN GIVENS AND ALL INTERESTED PARTIES:

26

27       PLEASE TAKE NOTICE that the law firm of Wasserman, Comden Casselman &

28  Pearson L.L.P. (hereinafter the "Firm"), hereby gives notice of its lien equal to forty percent

---

402923.1                          NOTICE OF ATTORNEY LIEN

1   (40%) of any and all gross recovery, payments, or consideration of any kind or nature paid or

2   transferred in satisfaction, in whole or in part, of the judgment entered in the above-referenced

3   action in the principal sum of $107,000,000.00, plus interest accruing at the rate of $29,315.00

4   per day.  Said percentage is to be applied after priority payment to the Firm of costs expended

5   in the sum of $213,890.27

6

7          PLEASE TAKE FURTHER NOTICE that Wasserman, Comden, Casselman &

8   Pearson L.L.P. must be named as a co-payee on any instrument or WRITING satisfying, in

9   whole or in part, said judgment. Failure to include Wasserman, Comden, Casselman & Pearson

10  L.L.P. as a co-payee will subject the payor to liability for duplicate payment of the sums

11  transferred.

12

13         PLEASE TAKE FURTHER NOTICE that the judgment creditors must notify any

14  transferee or assignee of the judgment, or anyone claiming an interest in said judgment, of the

15  content and existence of this lien.

16

17  DATED: May 18, 2005          WASSERMAN, COMDEN, CASSELMAN &

18                               PEARSON L.L.P.

19

20                               By: _____

21                                    DAVID B. CASSELMAN
                                 Attorneys for Plaintiffs

22                               LYDIA HARRIS and NEW IMAGE MEDIA
                                 CORPORATION

23

24

25

26

27

28

2
*NOTICE OF ATTORNEY LIEN*

402923.1

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

1
PROOF OF SERVICE
*Lydia Harris v. Kevin Gilliam, et al.*

2
(LASC Case No. BC 268857)

3
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

4
I am employed in the County of LOS ANGELES, STATE OF CALIFORNIA. My business address is: 5567 Reseda Boulevard, Suite 330, Post Office Box 7033, Tarzana,

5
California 91357-7033. I am over the age of 18 years and am not a party to this action

6
On May 19, 2005, I served the following document(s) entitled NOTICE OF
ATTORNEY LIEN on ALL INTERESTED PARTIES in this action:

7

8
SEE ATTACHED LIST

9

10    ☒
BY MAIL: By placing a true cop      in a sealed envelope addressed as above,
and placi     collecti   and       following ordinary business practices. I am

11
readily f                          practice of collection and processing

12
correspon                       ter matters for mailing with the United States
Postal Serv ce        ce, pleadings and other matters are deposited with

13
the United Sta..      . Service with postage thereon fully prepaid in Tarzana,
California, on the same day in the ordinar  course of business. I am aware that on

14
motion of the party served, service is pr :med invalid if the postal cancellation
date or postage meter d  t more        lay after date of deposit for mailing in

15
affidavit.

16    ☐
BY OVERNI                        ied the bove-referenced document(s) to be
delivered to                            n  lelivery to the above address(es).

17    ☐
BY FAX:      :d a copy of the foregoing document(s) this date via telecopier
to the facsi.      ers shown above.

18    ☐
BY PERS  n.      RVICE: I served such envelope to be delivered by hand to the
offices of the addressee(s).

19

20    ☒
[State] I decla   nder penalty of perjury under the laws of the State of California
that f  egoing is true and correct.

21    ☐
[Feder  '  I declare that I am employed in the office of a member of the bar of
this court at whose direction the service was made.

22

23
: May 19, 2005, at Tarzana, California.

24

25
Leslie Adler.

26

27

28

3

318,582.2                                *NOTICE OF ATTORNEY LIEN*

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

**SERVICE LIST**
*Lydia Harris v. Kevin Gilliam, et al.*
(LASC Case No. BC226857)

1

2

3

4  Lydia Harris
3910 Daphne Street
5  Houston, TX 77021

6  Hayes F. Michel, Esq.
PROSKAUER ROSE LLP
7  2049 Century Park East, Suite 3200
Los Angeles, California 90067-3206
8  Tel.:   (310) 557-2900
Fax:   (310) 557-2193
9  *Counsel for Kevin Gilliam, p/k/a Battlecat*

10 Bart H. Williams, Esq.
Megan M. LaBelle, Esq.
11 MUNGER, TOLLES & OLSON, L.L.P.
355 South Grand Avenue, 35ᵗʰ Floor
12 Los Angeles, California 90071-1560
Tel:   (213) 683-9295
13 Fax:   (213) 687-3702
*Counsel for Interscope Records , Jimmy Iovine,*
14 *John A. McClain, III, Aftermath Records and*
*Andre Young*

15 Neil C. Erickson, Esq.
Katherine J. Kuneberger, Esq.
16 JEFFER, MANGELS, BUTLER &
MARMARO LLP
17 1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067-4308
18 Tel.: (310) 203-8080
Fax: (310) 203-0567
19 *Counsel for Marion H. Knight aka Suge Knight;*
*Death Row Records; Tha Row Records*

20

21 Death Row Records
8200 Wilshire Boulevard
22 P.O. Box 3037
Beverly Hills, CA 90212

23 Tha Row
8200 Wilshire Boulevard
24 P.O. Box 3037
Beverly Hills, CA 90212

25

26 Joseph A. Davis, Esq.
DAVIS AND WINSTON
27 9911 West Pico Boulevard
Suite 1400
28 Los Angeles, CA. 900035
Tel: (310) 277-4662
*Counsel for Bad Boy Entertainment, Inc.*

New Image Media Corp.
c/o Lydia Harris
3910 Daphne Street
Houston, TX 77021

Alan S. Gutman, Esq.
LAW OFFICES OF ALAN S. GUTMAN
9401 Wilshire Boulevard, Suite 575
Beverly Hills, California 90212-2918
Tel:   (310) 385-0700
Fax:   (310) 385-0710
*Counsel for Sony Music Entertainment, Inc.,*
*Relativity Entertainment, Inc. fka Relativity*
*Records, Inc., Loud Records, LLC and*
*Loud Records, Inc.*

Joseph Golden, Esq.
Law Offices of Joseph Golden
10100 Santa Monica Boulevard; Suite 800
Los Angeles, CA 90067-4100
Tel.: (310) 772-2260
Fax: (310) 772-2299
*Counsel for TVT Records LLC and TVT Music,*
*Inc.*

George L. Mallory, Jr., Esq.
MALLORY & ASSOCIATES
1925 Century Park East, Suite 2000
Los Angeles, CA  90067-2701
Tel: (310) 788-5555
Fax: (310) 788-5570
*Counsel for Hollywood Records, Inc.*

Marion H. Knight
aka Suge Knight
c/o Death Row Records
8200 Wilshire Boulevard
P.O. Box 3037 ·
Beverly Hills, CA 90212

Suge Publishing
c/o Death Row Records
8200 Wilshire Boulevard
P.O. Box 3037
Beverly Hills, CA 90212

4

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

402964.1                                    *NOTICE OF ATTORNEY LIEN*

1    Peter J. Anderson, Esq.
    LAW OFFICES OF PETER J. ANDERSON
2    100 Wilshire Boulevard, Suite #2010
    Santa Monica, California 90401
3    Tel:    (310) 260-6030
    Fax:    (310) 260-6040
4    Counsel for Zomba Recording Corp.

5    Daniel J. Aaron, Esq.
    DANIEL J. AARON, P.C.
6    11 Madison Avenue, 12th Floor
    New York, New York 10010
7    Tel:    (212) 684-4466
    Fax:    (212) 684-5566
8    Co-Counsel for Koch Entertainment
    Distribution

9

10   Dermot Damian Givens, Esq.
    433 North Camden Drive, #600
11   Beverly Hills, CA 90210

James H. Turken, Esq.
Sharon A. Urias, Esq.
THELEN, REID & PRIEST LLP
333 South Hope Street, Suite 2900
Los Angeles, California 90071-3048
Tel:    (213) 576-8000
Fax:    (213) 576-8080
Counsel for Priority Records, LLC

Eve H. Wagner, Esq.
SAUER & WAGNER LLP
1801 Century Park East, Suite 520
Los Angeles, California 90067
Tel:    (310) 712-8100
Fax:    (310) 712-8108
Co-Counsel for Koch Entertainment
Distribution

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

5

318582.2

EXHIBIT D

1  DAVID B. CASSELMAN (Bar No. 81657)
   I. DONALD WEISSMAN (Bar No. 67980)
2  HOWARD S. BLUM (Bar No. 60603)
   WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.
3  5567 Reseda Boulevard, Suite 330
   Post Office Box 7033
4  Tarzana, California 91357-7033
   Telephone: (818) 705-6800 · (323) 872-0995
5  Facsimile: (818) 345-0162

6  Former Attorneys for Plaintiffs LYDIA
   HARRIS and NEW IMAGE MEDIA
7  CORPORATION

8

SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10

11

12  LYDIA HARRIS, LIFESTYLE          CASE NO. BC268857
    RECORDS, INC., AND NEW IMAGE
13  MEDIA CORP.,                     NOTICE OF ATTORNEY LIEN

14                Plaintiffs,        Assigned to the Honorable Ronald M.
                                     Sohigian (Dept. 41)
15        vs.
                                     [Complaint Filed: February 26, 2002]
16  KEVIN GILLIAM AKA BATTLECAT;
    MARION H. KNIGHT AKA SUGE
17  KNIGHT; DEATH ROW RECORDS;
    THA ROW, INC.; DAVID E. KENNER;
18  DAVID E. KENNER PROFESSIONAL
    LAW CORPORATION; DAVID E.
19  KENNER, A PROFESSIONAL
    CORPORATION; THE DAVID E.
20  KENNER TRUST; INTERSCOPE
    RECORDS; JIMMY IOVINE; JOHN T.
21  MCCLAIN, JR.; A&M RECORDS; ET
    AL.,
22
                  Defendants.
23

24

25    TO JUDGMENT CREDITORS KEVIN GILLIAM aka BATTLECAT, THEIR

26  COUNSEL OF RECORD PROSKAUER ROSE LLP AND ALL INTERESTED

27  PARTIES:

28

726281.1

NOTICE OF ATTORNEY LIEN

WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1    PLEASE TAKE NOTICE that the law firm of Wasserman, Comden, Casselman &

2  Pearson, L.L.P. (hereinafter the "Firm"), hereby gives notice of its lien equal to forty

3  percent (40%) of any and all gross recovery, payments, or consideration of any kind or

4  nature paid or transferred in satisfaction, in whole or in part, of the judgment entered in the

5  above-referenced action in the principal sum of $760,000.00 together with interest thereon

6  at the rate of ten percent (10%) per year from February 5, 2004.

7

8    PLEASE TAKE FURTHER NOTICE that Wasserman, Comden, Casselman &

9  Pearson, L.L.P. must be named as co-payee on any instrument or WRITING satisfying, in

10  whole or in part, said judgment. Failure to include Wasserman, Comden, Casselman &

11  Pearson, L.L.P. as co-payee will subject the payor to liability for duplicate payment of the

12  sums transferred.

13

14    PLEASE TAKE FURTHER NOTICE that the judgment creditors must notify any

15  transferee or assignee of the judgment, or anyone claiming an interest in said judgment, of

16  the content and existence of this lien.

17

18  DATED: September 9, 2005          WASSERMAN, COMDEN, CASSELMAN &
                                        PEARSON, L.L.P.
19                                      DAVID B. CASSELMAN
                                        I. DONALD WEISSMAN
20                                      HOWARD S. BLUM

21

22                                      By: _Howard Blum_
                                        HOWARD S. BLUM
23                                      Former Attorneys for Plaintiffs LYDIA HARRIS
                                        and NEW IMAGE MEDIA CORPORATION

24

25

26

27

28

726281.1                        2
                        NOTICE OF ATTORNEY LIEN

**PROOF OF SERVICE**

**HARRIS V. GILLIAM**

Case No. BC268857

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of LOS ANGELES, STATE OF CALIFORNIA. My business address is 5567 Reseda Boulevard, Suite 330, Tarzana, California 91356. I am over the age of eighteen years and am not a party to the within action;

On September 9, 2005, I served the following document(s) entitled NOTICE OF ATTORNEY LIEN on ALL INTERESTED PARTIES in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

SEE ATTACHED LIST

BY MAIL: By placing a true copy thereof in a sealed envelope addressed as above, and placing it for and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings and other matters for mailing with the United States Postal Service. The correspondence, pleadings and other matters are deposited with the United States Postal Service with postage thereon fully prepaid in Tarzana, California, on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 9, 2005, at Tarzana, California.

Natalie M. Halpern

726281.1

NOTICE OF ATTORNEY LIEN

WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033



SERVICE LIST
HARRIS V. KNIGHT, MARIN 'SUGE'
BC268857

1
2
3  Neil C. Erickson, Esq.
   Katherine J. Kuneberger, Esq.
4  JEFFER, MANGELS, BUTLER & MARMARO LLP
5  1900 Avenue of the Stars
   Seventh Floor
6  Los Angeles, CA 90067-4308
   Telephone: (310) 203-8080
7  Facsimile: (310) 203-0567
8  Dermot Damian Givens, Esq.
   433 North Camden Drive
9  Suite 600
   Beverly Hills, CA 90210
10
11 Hayes F. Michel, Esq.
   PROSKAUER ROSE LLP
12 2049 Century Park East
   Suite 3200
13 Los Angeles, CA 90067-3206
   Telephone: (310) 557-2900
14 Facsimile: (310) 557-2193

Attorneys for Marion H. Knight aka Suge Knight, Death Row Records, Tha Row Records

Attorneys for Marion H. Knight aka Suge Knight, Death Row Records, Tha Row Records

Attorneys for KEVIN GILLIAM aka BATTLECAT

WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

726281.1
NOTICE OF ATTORNEY LIEN

EXHIBIT E

Case 2:06-bk-11205-VZ    Claim 38-1    Filed 10/31/06    Desc Main Document    Page 49
of 61

CM-200

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State bar number, and address):*
　Lydia Harris
　3910 Daphne
　Houston, Tx 77021    FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:    (281) 330-4453
ATTORNEY FOR *(Name)*:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF *Los Angeles*
STREET ADDRESS: *111 N. Hill St.*
MAILING ADDRESS: *111 N. Hill St.*
CITY AND ZIP CODE: *LA., CA 90011*
BRANCH NAME: *Central District*

PLAINTIFF/PETITIONER: *Lydia Harris*
DEFENDANT/RESPONDENT: *Marion "Suge" Knight & Death Row Inc. Records*

**NOTICE OF SETTLEMENT**

FOR COURT USE ONLY

**FILED**
LOS ANGELES SUPERIOR COURT

JUN 17 2005

JOHN A. CLARKE, CLERK
*E. Martinez*
BY ELIZABETH MARTINEZ, DEPUTY

CASE NUMBER:
*BC 268 857*
JUDGE: *Ronald M. Sohigian*
DEPT: *41*

**NOTICE TO PLAINTIFF**
If you have not filed a request for dismissal within 45 days of the date this Notice of Settlement is received by the court or, if the settlement is conditional, within 45 days of the date specified in item 1b, the court must dismiss the case unless good cause is shown within that time why the case should not be dismissed.

To the court, all parties, and any arbitrator or other court-connected ADR neutral involved in this case:

1. This case has been settled. The settlement is:
   a. ☐ Unconditional. A request for dismissal will be filed within 45 days after the date of the settlement.
      Date of settlement:
   b. ☒ Conditional. The settlement agreement conditions dismissal of this matter on the satisfactory completion of specified terms that are not to be performed within 45 days of the date of the settlement. A request for dismissal will be filed no later than *(date)*: *May 27, 2005*

2. Date initial pleading filed: *February 26, 2002*

3. Next scheduled hearing or conference:
   a. Purpose:
   b. Date:    Time:

4. Trial date:
   a. ☒ No trial date set.
   b. ☐ Date:    Time:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: *May 18, 2005*

_____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☒ PARTY WITHOUT ATTORNEY)

▶ *Lydia Harris*
(SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California
CM-200 [New January 1, 2004]

**NOTICE OF SETTLEMENT**

Cal. Rules of Court, rule 225
American LegalNet, Inc.
www.USCourtForms.com

**EXHIBIT F**

*WASSERMAN, COMDEN & CASSELMAN L.L.P.*
*5567 Reseda Boulevard, Suite 330*
*Post Office Box 7033*
*Tarzana, California 91357-7033*
*(818) 705-6800  (323) 872-0995*
*Fax:(818) 996-8266*

### CONTINGENCY FEE AGREEMENT

THIS IS AN AGREEMENT between __Lydia Harris__ and New Image Entertainment, Inc. and Lifestyle Records, Inc., hereinafter referred to as "Client," and Wasserman, Comden & Casselman L.L.P., hereinafter referred to as "Attorney." Unless a different Agreement is made in writing, this Agreement alone shall govern the respective rights and responsibilities of Client and Attorney.

1.    Claims Covered by Agreement: Client retains Attorney to represent Client in connection with representation regarding matters concerning Business, including, but not limited to breach of licensing, publishing and all intellectual property issues.

This Agreement does not cover other related claims that may arise and may require legal services. If such matters arise, separate agreements for legal services will be required if Client wishes Attorney to handle such matters.

2.    Services to be Performed by Attorney: Attorney agrees to perform the following legal services, if necessary, with respect to the claims described above:

    --    investigation of claims;
    --    determining responsible parties;
    --    preparation and filing of lawsuit;
    --    settlement procedures and negotiations;
    --    prosecution of claim by arbitration or legal action until award or judgment is obtained;
         and
    --    if judgment is obtained in Client's favor, opposing a motion for new trial by an opposing
         party.

Attorney is authorized to associate or employ, at Attorney's own expense, other counsel to assist in performing the services required by this Agreement, and to appear on Client's behalf in any proceeding or lawsuit.

3.    Services Not Covered by This Agreement:  If additional services are necessary in connection with Client's claims, and Client requests Attorney to perform such services, fee arrangements for such additional services must be made between Attorney and Client. Such additional services may be required for example:

    --    if the judgment obtained is not in Client's favor, or the amount thereof is unsatisfactory
         to Client;
    --    if the judgment obtained is in Client's favor, and an opposing party appeals from the
         judgment;
    --    if a retrial is ordered after a motion for new trial or mistrial, or reversal of the judgment
         on appeal; or
    --    in judgment enforcement proceedings.

4.    No Guarantee as to Result:  Client acknowledges that Attorney has made no guarantee as to the outcome or the amounts recoverable in connection with Client's claims.

5.    Litigation Costs and Expenses:  Attorney is authorized to incur reasonable cost and expenses in performing legal services under this Agreement. Client agrees to reimburse Attorney for such costs and expenses in addition to the contingency fee discussed below in the event of any recovery.

    (a)    Particular Costs and Expenses:  The costs and expenses necessary in this case may include any or all of the following items (The list is not exclusive; other items may also be necessary, and the rates shown are subject to change on prior written notice to Client.)

    --    court filing fees
    --    process serving fees
    --    fees to private investigators
    --    fees to photographers or graphic artists
    --    fees to experts for consultation and/or appearance at deposition or trial
    --    jury fees
    --    mail, messenger and other delivery charges
    --    parking and other local travel at 31½¢/mile
    --    transportation, meals, lodging and all other costs of necessary out-of-town travel
    --    long distance telephone charges
    --    photocopying (in office) at 30¢/page
    --    word processing charges
    --    computerized legal research
    --    other computer time

    (b)    Client's Responsibility re Costs:  Attorney may advance such costs and expenses on Client's behalf, but is not obligated to do so. Client agrees to reimburse Attorney for any of any settlement or judgment proceeds as a priority payment.

6.    Contingency Fee to Attorney:  Client acknowledges that he/she has been advised by Attorney and is aware that the contingency fee is a 40% arrangement and has been negotiated between Client and Attorney.

Based on such negotiations, Client agrees that the following fee arrangement is fair and reasonable, and to pay Attorney the following amount:

-1-

*If the matter is settled before a lawsuit is filed, the amount equal to forty percent (40%) of any recovery obtained.*

*If the matter is settled after a lawsuit is filed, but before the case is first assigned a trial date, an amount equal to thirty three and forty percent (40%) of any recovery obtained.*

*Thereafter, an amount equal to forty percent (40%) of any recovery, whether by way of settlement, judgment or compromise.*

(a) *Costs and Expenses as Affecting Contingency Fee: Attorney's fee shall be computed based on the gross recovery. Costs and expenses paid by Attorney in connection with Client's claim shall be reimbursed after the contingency fee is computed. Client's share of the recovery shall be the balance remaining after reimbursement of such costs and expenses and payment of the contingency fee.*

(b) *Form of Recovery as Affecting Contingency Fee: If the recovery consists of payments to be made over a period of time, or other property not entirely cash or cash-equivalent, the contingency fee shall be based on the present cash value of the recovery as determined by generally recognized accounting and appraisal standards. (For example, if the recovery consists of $1,000 payable at $100/year over 10 years, its present value may be approximately $380, depending on prevalent interest rates.) The contingency fee shall be paid out of the first funds or property received by Client.*

(c) *Sanctions Awards not Part of Recovery: Monetary sanctions awarded to Attorney during the course of this litigation shall not be considered part of Client's recovery in this action. Such sanctions shall be deemed compensation to counsel for extraordinary time and effort expended as a result of an opposing party's bad faith conduct or failure to comply with discovery demands, court orders or similar obligations. But if the sanctions award includes a costs item (such as the filing fee for making a motion), the amount thereof shall be credited to Client's costs account when received by Attorney.*

7.     *Effect of Discharge by Client: Client shall have the right to discharge Attorney at any time upon written notice to Attorney. Such discharge shall not affect Client's obligation to reimburse Attorney for costs incurred prior to such discharge. In addition, Attorney shall be entitled to the reasonable value of legal services performed prior to such discharge to be paid by Client from any subsequent recovery on claims covered by this Agreement.*

8.     *Attorney's Lien: To secure payment to Attorney of all sums due under this Agreement for services rendered or costs advanced, Client hereby grants Attorney a lien on Client's claim and any cause of action or lawsuit filed thereon, and to any recovery Client may obtain, whether by settlement, judgment or otherwise.*

9.     *Insurance: Wasserman, Comden & Casselman L.L.P. maintains errors-and-omissions insurance applicable to the services to be rendered under the terms of this Agreement.*

10.   *Arbitration of Disputes: If a dispute arises between Attorney and Client regarding fees or services in connection with the above-referenced transaction, such dispute shall be submitted to binding arbitration. This includes any claim for breach of contract, negligence, breach of fiduciary duty or other wrongdoing.*

*Such arbitration shall be conducted in accordance with the rules of the American Arbitration Association or Judicial Arbitration & Mediation Services, or CCP § 1280 et seq.*

*You acknowledge that we have explained to you that such binding arbitration may deprive you of various rights that you otherwise might have in a legal action, including without limitation, the right to a jury trial, the right to appeal, and full discovery rights.*

*INITIALING BELOW SIGNIFIES ACKNOWLEDGMENT OF THIS EXPLANATION:*

_____                                _____
(CLIENT'S INITIALS)                              (WC&C)

11.   *Client's Receipt of Agreement and Knowledge of Terms: Client acknowledges that he/she has read and fully understands all of the terms and conditions of this Agreement before signing it, and has received a copy of this Agreement upon execution thereof.*

*Executed at 5567 Reseda Blvd., Suite 330, Tarzana, CA 91357* _____ *(place) on* _January 25, 2002_

ATTORNEY:                                        CLIENT:

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.     LYDIA HARRIS

BY: _____                              _____
MARTIN S. RUDDY                                  5010 W. Avenue K, Suite 624
5567 Reseda Boulevard, Suite 330                 Lancaster, CA 93534
Tarzana, California 91357                         Telephone:  (Cell) 310-594-2704

(818) 705-6800

Facsimile: (818) 345-0161                          Facsimile:   323-291-3317

-2-

1-2

**FIRM:** HAIGHT, BROWN AND BONESTEEL
6080 CENTER DRIVE, SUITE 800
LOS ANGELES, CA 90045

**DATE:** April 4, 2006

**COURT/ LASC**
**BRANCH:** Central

CLIENT ACCOUNT #: 124   **NUMBER:** BC 340196
ROUTE # : 10

**PHONE #:** (310) 215-7100

**CASE:** Wasserman v. Harris

**FAX #:** (310) 215-7300

**DOCUMENTS:**
First Amended Complaint

**ATTENTION OF:** S. Caib/T. Welsch
**EXT:** 7739
**ATTY FILE #:** WC11-0007

**CH** 7429065

**(213) 628-6338**
1313 W. 8TH ST., SUITE #310
LOS ANGELES, CA 90017

**Janney & Janney**
**attorney service, inc.**

MEMBER · CALIFORNIA ASSOCIATION OF PHOTOCOPIERS AND PROCESS SERVERS
FOUNDING MEMBER · NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

PLEASE TEAR PERFS OFF THIS SIDE ONLY / RETAIN LAST COPY.

---

**PLEASE NOTE ANY SPECIFIC OR TIMELY FILING REQUIREMENTS**

**INSTRUCTIONS:**
- ☒ FILE & CONFORM
- ☐ ISSUE
- ☐ RECORD
- ☐ COPY
- ☐ CERTIFY
- ☐ OTHER (specify):
- ☐ ADVANCE FEES
- ☐ CHECK ATTACHED $ _____

**SERVE**
PER ATTACHED
SERVICE INSTRUCTIONS

**DO TODAY**

APPEARANCE FEES PAID: ☐ YES  ☐ NO

**STATUTE-DATE:**

IF YES, DATE PAID: _____

UPCOMING HEARINGS (IMPORTANT) DATE: _____ TIME: _____ DEPT. _____

REPORT: _____
_____
_____
_____
_____
_____

| ITEM | CHARGES |
|---|---|
| RUSH FILING | |
| OUT OF COUNTY | |
| INDEX | |
| RECORDING | |
| COURT SERVICE | |
| FAX | |
| JANNEY ADVANCED | |
| CHECK # | |

☐ ASSIGNMENT COMPLETED BY _____
INITIALS

☐ ATTY. CALLED _____   SPOKE WITH _____
DATE

☐ REJECTED

☐ BILLING TO FOLLOW

1  2  3  4  5  6  7  8  9  10  11  12  13  14  15  16  17  18  19  20
ATTORNEY'S FILE COPY

**CH** 7429064

**(213) 628-6338**
Janney & Janney attorney service, inc.

MEMBER - CALIFORNIA ASSOCIATION OF PHOTOCOPIERS AND PROCESS SERVERS
FOUNDING MEMBER - NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

1313 W. 8TH ST., SUITE #310
LOS ANGELES, CA 90017

PLEASE TEAR PERFS OFF THIS SIDE ONLY / RETAIN LAST COPY

FIRM:
HAIGHT, BROWN AND BO  STEEL
5080 CENTER DRIVE, SUITE 80
LOS ANGELES, CA 90045

DATE: April 4, 2006

COURT/ LASC
BRANCH: Central

CLIENT ACCOUNT #: 124
ROUTE #: 10

NUMBER: BC 340196
CASE: Wasserman v Harris

PHONE #:   (310) 215-7100

FAX #:   (310) 215-7300

DOCUMENTS:
First Amended Complaint
Redline Version of same.

ATTENTION OF: S. Caine/T. Welsch
EXT:   7729
ATTY FILE #:  WC11-0007

### PLEASE NOTE ANY SPECIFIC OR TIMELY FILING REQUIREMENTS

**INSTRUCTIONS:**
- [ ] FILE & CONFORM
- [ ] ISSUE
- [ ] RECORD
- [ ] COPY
- [ ] CERTIFY
- [x] OTHER (specify):
- [ ] ADVANCE FEES
- [ ] CHECK ATTACHED $_____

**SERVE** PER ATTACHED SERVICE INSTRUCTIONS

**DO TODAY**

Deliver the attached documents to the Clerk in Dept. 41 as a courtesy copy of documents being filed today.

APPEARANCE FEES PAID: [ ] YES [ ] NO

**STATUTE-DATE:**

IF YES, DATE PAID: _____

UPCOMING HEARINGS (IMPORTANT) DATE:_____ TIME:_____ DEPT._____

REPORT: _____

| ITEM | CHARGES |
|---|---|
| RUSH FILING | |
| OUT OF COUNTY | |
| INDEX | |
| RECORDING | |
| COURT SERVICE | |
| FAX | |
| JANNEY ADVANCED | |
| CHECK # | |

[ ] ASSIGNMENT COMPLETED BY _____ INITIALS
[ ] ATTY. CALLED _____ DATE

[ ] REJECTED
SPOKE WITH _____
[ ] BILLING TO FOLLOW

1  2  3  4  5  6  7  8  9  10  11  12  13  14  15  16  17  18  19  20
ATTORNEY'S FILE COPY

FedEx US Airbill

FedEx Tracking Number: 8569 4066 0358

Sender's Copy

**From**
Date 3/31/06
Sender's FedEx Account Number 0904-1912-9

Sender's Name Stephen M. Caine    Phone ( 310 ) 215-7801

Company HAIGHT BROWN BONESTEEL

Address 6080 CENTER DR STE 800

City LOS ANGELES    State CA    ZIP 90045

Your Internal Billing Reference WC11-0007

**To**
Recipient's Name Dermot Damian Givens    Phone ( 310 ) 854-8823

Company

Recipient's Address 433 North Camden Drive #600

Address

City Beverly Hills    State CA    ZIP 90210

0332443625

**4a Express Package Service** — Packages up to 150 lbs.
- [ ] FedEx Priority Overnight
- [X] FedEx Standard Overnight
- [ ] FedEx First Overnight
- [ ] FedEx 2Day
- [ ] FedEx Express Saver

**4b Express Freight Service** — Packages over 150 lbs.
- [ ] FedEx 1Day Freight
- [ ] FedEx 2Day Freight
- [ ] FedEx 3Day Freight

**5 Packaging**
- [ ] FedEx Envelope
- [XX] FedEx Pak
- [ ] FedEx Box
- [ ] FedEx Tube
- [ ] Other

**6 Special Handling**
- [ ] SATURDAY Delivery
- [ ] HOLD Weekday
- [ ] HOLD Saturday

Does this shipment contain dangerous goods?
- [X] No
- [ ] Yes (as per attached Shipper's Declaration)
- [ ] Yes (Shipper's Declaration not required)
- [ ] Dry Ice
- [ ] Cargo Aircraft Only

**7 Payment** Bill to:
- [X] Sender
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [ ] Cash/Check

Total Packages    Total Weight    Total Declared Value $ .00

**8 NEW Residential Delivery Signature Options**
- [ ] No Signature Required
- [ ] Direct Signature
- [ ] Indirect Signature

519

Store your addresses at fedex.com
Simplify your shipping. Manage your account. Access all the tools you need.

**FedEx** US Airbill

FedEx Tracking Number: 8569 4066 0369

Sender's Copy

**From** *Please print and press hard.*

Date 3/31/06   Sender's FedEx Account Number: 0904-1912-9

Sender's Name: Stephen M. Caine   Phone (310) 215-7801

Company: HAIGHT BROWN BONESTEEL

Address: 6080 CENTER DR STE 800

City LOS ANGELES   State CA   ZIP 90045

Your Internal Billing Reference: WC11-0007

**To**

Recipient's Name: Debra V. Crawford   Phone (831) 624-2422

Company:

Recipient's Address: SW Mission & 4th, #5

Address:

City Carmel   State CA   ZIP 9392100373

0332443625

**4a Express Package Service** *Packages up to 150 lbs.*
- [ ] FedEx Priority Overnight
- [X] FedEx Standard Overnight
- [ ] FedEx First Overnight
- [ ] FedEx 2Day
- [ ] FedEx Express Saver

**4b Express Freight Service** *Packages over 150 lbs.*
- [ ] FedEx 1Day Freight
- [ ] FedEx 2Day Freight
- [ ] FedEx 3Day Freight

**5 Packaging**
- [ ] FedEx Envelope
- [X] FedEx Pak*
- [ ] FedEx Box
- [ ] FedEx Tube
- [ ] Other

**6 Special Handling**
- [ ] SATURDAY Delivery NOT Available for FedEx Standard Overnight, FedEx 2Day
- [ ] HOLD Weekday at FedEx Location
- [ ] HOLD Saturday at FedEx Location

Does this shipment contain dangerous goods?
- [X] No
- [ ] Yes As per attached Shipper's Declaration
- [ ] Yes Shipper's Declaration not required
- [ ] Dry Ice
- [ ] Cargo Aircraft Only

**7 Payment** *Bill to:*
- [X] Sender Acct. No. in Section 1 will be billed.
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [ ] Cash/Check

Total Packages   Total Weight   Total Declared Value

FedEx Use Only

**8 NEW Residential Delivery Signature Options**
- [ ] No Signature Required
- [ ] Direct Signature
- [ ] Indirect Signature

519

Ship and track packages at fedex.com

**FedEx. US Airbill**
Express

FedEx Tracking Number: 8569 4066 0483

Sender's Copy

**From** Please print and press hard.

Date 3/31/06    Sender's FedEx Account Number 0904-1912-9

Sender's Name Stephen M. Caine    Phone (310) 215-7801

Company HAIGHT BROWN BONESTEEL

Address 6080 CENTER DR STE 800

City LOS ANGELES    State CA    ZIP 90045

Your Internal Billing Reference WC11-0007

**To**

Recipient's Name Laurence D. Strick    Phone ( 323) 964-5231

Company Law Office of Laurence D. Strick

Recipient's Address 339 N. Sycamore Ave., #2

Address

City Los Angeles    State CA    ZIP 90036

0332443625

**4a Express Package Service** — Packages up to 150 lbs.

☐ FedEx Priority Overnight
☒ FedEx Standard Overnight
☐ FedEx First Overnight

☐ FedEx 2Day
☐ FedEx Express Saver

**4b Express Freight Service** — Packages over 150 lbs.

☐ FedEx 1Day Freight
☐ FedEx 2Day Freight
☐ FedEx 3Day Freight

**5 Packaging**

☐ FedEx Envelope
☒ FedEx Pak
☐ FedEx Box
☐ FedEx Tube
☐ Other

**6 Special Handling** — Include FedEx address in Section 3.

☐ SATURDAY Delivery
☐ HOLD Weekday
☐ HOLD Saturday

Does this shipment contain dangerous goods?
☒ No    ☐ Yes    ☐ Yes    ☐ Dry Ice    ☐ Cargo Aircraft Only

**7 Payment** Bill to:

☒ Sender    ☐ Recipient    ☐ Third Party    ☐ Credit Card    ☐ Cash/Check

Total Packages    Total Weight    Total Declared Value $

FedEx Use Only

**8 NEW Residential Delivery Signature Options**

☐ No Signature Required
☐ Direct Signature
☐ Indirect Signature    519

**FedEx Express US Airbill**

FedEx Tracking Number  8569 4066 0472

**Sender's Copy**

**From** *Please print and press hard.*

Date  3/31/06    Sender's FedEx Account Number  0904-1912-9

Sender's Name  Stephen M. Caine    Phone (310) 215-7801

Company  HAIGHT BROWN BONESTEEL

Address  6080 CENTER DR STE 800

City  LOS ANGELES    State  CA    ZIP  90045

Your Internal Billing Reference  WC11-0007

**To**

Recipient's Name  Steven M. Goldber    Phone (310) 979-8274

Company  Russ August & Kabat

Recipient's Address  12424 Wilshire Blvd., Ste. 12th FL

Address

City  Los Angeles    State  CA    ZIP  90025

0332443625

Store your addresses at fedex.com

**4a Express Package Service** *Packages up to 150 lbs.*

☐ FedEx Priority Overnight
☒ FedEx Standard Overnight
☐ FedEx First Overnight

☐ FedEx 2Day
☐ FedEx Express Saver

**4b Express Freight Service** *Packages over 150 lbs.*

☐ FedEx 1Day Freight
☐ FedEx 2Day Freight
☐ FedEx 3Day Freight

**5 Packaging**

☐ FedEx Envelope    ☐ FedEx Pak    ☐ FedEx Box    ☐ FedEx Tube    ☐ Other

**6 Special Handling**

☐ SATURDAY Delivery NOT Available for FedEx Standard Overnight
☐ HOLD Weekday at FedEx Location
☐ HOLD Saturday at FedEx Location

Does this shipment contain dangerous goods?

☒ No    ☐ Yes    ☐ Yes    ☐ Dry Ice    ☐ Cargo Aircraft Only

**7 Payment** *Bill to:*

☒ Sender    ☐ Recipient    ☐ Third Party    ☐ Credit Card    ☐ Cash/Check

Total Packages    Total Weight    Total Declared Value

$            .00

**8 NEW Residential Delivery Signature Options**

☐ No Signature Required    ☐ Direct Signature    ☐ Indirect Signature    519

Rev. Date 11/05•Part #156754•©1994–2005 FedEx•PRINTED IN U.S.A. •SM

**FedEx** *US Airbill*
Express

FedEx Tracking Number  8569 4066 0461

**From** *Please print and press hard.*

Date  3/31/06    Sender's FedEx Account Number  0904-1912-9

Sender's Name  Stephen M. Caine    Phone (310) 215-7801

Company  HAIGHT BROWN BONESTEEL

Address  6080 CENTER DR STE 800

City  LOS ANGELES    State  CA    ZIP  90045

Your Internal Billing Reference  WC11-0007    OPTIONAL

**To**

Recipient's Name  Larry Nagelberg    Phone ( 310 )  208-3220

Company  Nagelberg & Associates

Recipient's Address  The Tower, Suite 2150

Address  10940 Wilshire Blvd.

City  Los Angeles    State CA    ZIP  90024

0332443625

Schedule a pickup at fedex.com

**4a  Express Package Service**
- [ ] FedEx Priority Overnight
- [X] FedEx Standard Overnight
- [ ] FedEx First Overnight
- [ ] FedEx 2Day
- [ ] FedEx Express Saver

*Packages up to 150 lbs.*

**4b  Express Freight Service**
- [ ] FedEx 1Day Freight
- [ ] FedEx 2Day Freight
- [ ] FedEx 3Day Freight

*Packages over 150 lbs.*

**5  Packaging**
- [ ] FedEx Envelope
- [ ] FedEx Pak
- [ ] FedEx Box
- [ ] FedEx Tube
- [ ] Other

**6  Special Handling**
- [ ] SATURDAY Delivery NOT Available
- [ ] HOLD Weekday at FedEx Location
- [ ] HOLD Saturday at FedEx Location

Does this shipment contain dangerous goods?
- [X] No
- [ ] Yes  As per attached Shipper's Declaration
- [ ] Yes  Shipper's Declaration not required
- [ ] Dry Ice
- [ ] Cargo Aircraft Only

**7  Payment** *Bill to*
- [X] Sender  Acct. No. in Section 1 will be billed.
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [ ] Cash/Check

Total Packages    Total Weight    Total Declared Value $  .00

**8  NEW Residential Delivery Signature Options**
- [ ] No Signature Required
- [ ] Direct Signature
- [ ] Indirect Signature

517

*Sender's Copy*

**FedEx** *US Airbill*
Express

FedEx Tracking Number    8569 4066 0347

Sender's Copy

From *Please print and press hard*

Date  3/31/06    Sender's FedEx Account Number  0904-1912-9

Sender's Name  Stephen M. Caine    Phone (310) 215-7801

Company  HAIGHT BROWN BONESTEEL

Address  6080 CENTER DR STE 800

City  LOS ANGELES    State  CA    ZIP  90045

Your Internal Billing Reference  WC11-0007

Recipient's Name  Rex Julian Beaber    Phone ( ) 557-1198

Company

Address  1546 Calmar Court

Los Angeles    State  CA    ZIP  90024

0332443625

**4a Express Package Service**

☐ FedEx Priority Overnight
☒ FedEx Standard Overnight
☐ FedEx First Overnight
☐ FedEx 2Day
☐ FedEx Express Saver

**4b Express Freight Service**

☐ FedEx 1Day Freight
☐ FedEx 2Day Freight
☐ FedEx 3Day Freight

**5 Packaging**

☐ FedEx Envelope*
☐ FedEx Pak*
☐ FedEx Box
☐ FedEx Tube
☐ Other

**6 Special Handling**

☐ SATURDAY Delivery
☐ HOLD Weekday at FedEx Location
☐ HOLD Saturday at FedEx Location

Does this shipment contain dangerous goods?

☒ No
☐ Yes
☐ Yes
☐ Dry Ice
☐ Cargo Aircraft Only

**7 Payment** Bill to:

☒ Sender
☐ Recipient
☐ Third Party
☐ Credit Card
☐ Cash/Check

Total Packages    Total Weight    Total Declared Value

**8 NEW Residential Delivery Signature Options**

☐ No Signature Required
☐ Direct Signature
☐ Indirect Signature

519



MAILING LIST
WASSERMAN v. LYDIA HARRIS; LIFESTYLE RECORDS
BC 340196

| | |
|---|---|
| Rex Julian Beaber<br>1546 Calmar Court<br>Los Angeles, CA 90024<br><br>Tel:  557-1198<br>Fax:<br>Xerxers@aol.com     **F K** | Gary S. Soter<br>Pearson, Soter, Warshaw & Penny<br>15165 Ventura Blvd., #400<br>Sherman Oaks, CA 91403<br><br>Tel:  818-788-8300<br>Fax:  818-788-8104<br>gsoter@pswplaw.com     **MAIL** |
| David B. Casselman<br>Wasserman Comden, Casselman & Pearson<br>5567 Reseda Blvd., #330<br>Tarzana, CA 91357<br><br>Tel:  818-705-6800<br>Fax:  818-705-8634<br>hhlum@wcclaw.com     **MAIL** | Dermot Damian Givens<br>433 North Camden Dr., #600<br>Beverly Hills, CA 90210<br><br>Tel:  310-854-8823<br>Fax:  323-878-0416<br>dermotg@aol.com     **FX** |
| Kevin Gilliam<br>1502 South Alpine Dr.<br>West Covina, CA 91791     **MAIL**<br><br>[Pro Per] | Debra V. Crawford<br>P.O. Box 373, SW Mission & 4th, #5<br>Carmel, CA 93921-0373<br><br>Tel:  831-624-2422<br>Fax:  831-624-2428<br>ddvcrawford@earthlink.net     **MAIL FED K** |
| Steven M. Goldberg<br>Russ, August & Kabat<br>12424 Wilshire Blvd., 12th Floor<br>Los Angeles, CA 90025<br><br>Tel:  310-979-8274<br>Fax:  310-826-6991<br>sgoldberg@raklaw.com     **FX** | Laurence D. Strick<br>Law Office of Laurence D. Strick<br>339 N. Sycamore Ave., # 2<br>Los Angeles, CA 90036<br><br>Tel: (323) 964-5231<br>Fax: (323) 964-8135<br>larrystrick@yahoo.com     **FX** |
| Larry Nagelberg<br>Nagelberg & Associates<br>The Tower, Suite 2150<br>10940 Wilshire Blvd.<br>Los Angeles, CA 90024     **F K**<br><br>Tel: (310) 208-3220<br>Fax: (310) 208-3830 | |

LAW OFFICES &
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123384.1

22

FIRST AMENDED COMPLAINT

# EXHIBIT 10

# EXHIBIT 10

# SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL
### RELEASE OF ALL CLAIMS

This Settlement Agreement and Mutual General Release of All Claims (hereinafter "Agreement") documents the settlement of a lawsuit filed in the Los Angeles Superior Court, entitled *Wasserman, Comden, Casselman & Pearson, LLP v. Lydia Harris, Lifestyle Records, Inc., New Image Media Corp., Marion H. Knight aka Suge Knight, Death Row Records, Inc., Death Row Records, L.L.C., Tha Row, Inc., Dermot Givens, Kevin Gilliam aka Battlecat, and Does 1 through 100,* bearing Los Angeles Superior Court Case No. BC 340196 and related adversary proceeding filed in the United States Bankruptcy Court, Central District of California, entitled *Wasserman, Comden & Casselman, L.L.P. v. Lydia Harris, et al.,* Adv. Case No. 06-01802-EC (hereinafter collectively "Lawsuit"). The Lawsuit involved claims arising from the legal representation by Wasserman, Comden, Casselman & Pearson, LLP (hereinafter "WCCP") of Lydia Harris, Lifestyle Records, Inc., and New Image Media Corp., (hereinafter collectively "Harris Entities") in connection with claims brought by WCCP on behalf of the Harris Entities against Kevin Gilliam aka Battlecat (hereinafter "Battlecat"), Marion H. Knight aka Suge Knight (hereinafter "Knight"), Death Row Records (hereinafter "DRR"), Tha Row, Inc., David E. Kenner, David E. Kenner Professional Law Corporation, David E. Kenner a Professional Corporation, The David E. Kenner Trust, Interscope Records, Jimmy Iovine, John T. McClain, Jr., A&M Records, Arista, Artemis, BadBoy, Beyond Records, Def Jam, Done Deal, D P G, Elektra, Hip-O Records, Hoobangin Records, Jive, J-Records, Loud Records, MCA, Polygram,

WCIS-0000002
3230657.1

1

ᴏᴜ/₁₂/₂ᴜᴜ/ ₁ᴜ.₄₃ ᴘᴀx ᴏ₁ᴏᴜᴜᴜ/ᴏᴜ/        ᴅᴏᴜᴌᴇᴠᴀᴋᴅ ᴘᴜᴅᴌᴀᴌ ᴜᴛᴜᴘ                        ᴀ₀₀₃

Priority, RCA, S.F.E. Ent., Sick Wit It, TVT Records, The Orchard, Tommy Boy, Universal, Warner Bros. Records, Zomba, *et al.*, and bearing Los Angeles Superior Court Case No. BC263857 (hereinafter "Underlying Action"). Michael Harris filed a complaint in intervention in the Underlying Action. On or about March 9, 2005, a Judgment was entered in the Underlying Action in favor of Lydia Harris and New Image Media Corp. and against defendants Knight and DRR (Knight and DRR are sometimes referred to as the "Knight Entities"), in the amount of $107,000,000 (hereinafter the "$107 Million Judgment").

On or about March 26, 2004, the Los Angeles Superior Court entered its Order Confirming Arbitration Award and Judgment in favor of the Harris Entities and against Battlecat in the sum of $760,000, together with 10% interest from February 5, 2004 (hereinafter "Battlecat Judgment"). WCCP commenced enforcement actions to collect on the Battlecat Judgment and to date, collected $18,060.32. Of this amount, $10,973.17 remains in the Client Trust Account of Wasserman, Comden & Casselman, LLP.

On or about January 17, 2006, the Los Angeles Superior Court entered an Order Granting Preliminary Injunction in Favor of WCCP and Against Defendant Lydia Harris, *et al.* (the "Injunction").

On or about February 22, 2006, the Los Angeles Superior Court entered an Order Re Discovery Sanctions against Lydia Harris for the total sum of $8,400.00 (hereinafter "Discovery Order"). Lydia Harris has paid $1800.00 in connection with the Discovery Order.

On or about April 4, 2006, Knight filed for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code, bankruptcy case number LA 06-11187-EC. The same day, DRR also filed for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code, bankruptcy case number LA 06-11205-EC (hereinafter "Knight Bankruptcy").

WC11-0000007
3320057.1

2

Since entry of the $107 Million Judgment and the Battlecat Judgment, WCCP has been succeeded in interest for the purposes of the Lawsuit by Wasserman, Comden & Casselman, LLP (hereinafter "WCC") and Clifford H. Pearson. (Clifford H. Pearson and Pearson, Soter, Warshaw & Penny, LLP shall hereinafter collectively be referred to as "Pearson.")

The parties intend by this Agreement to settle any and all claims WCC and Pearson may have as against the Harris Entities related to the Lawsuit or the Underlying Action, the Battlecat Judgment, Discovery Order and Injunction, and all claims the Harris Entities may have as against WCC and Pearson related to the Lawsuit, the Underlying Action, the Battlecat Judgment, Discovery Order and Injunction.

The parties also intend by this Agreement to settle any and all claims WCC and Pearson may have as against Michael Harris related to the Lawsuit or the Underlying Action, and all claims Michael Harris may have as against WCC and Pearson related to the Lawsuit, the Underlying Action, or the $107 Million Judgment.

## PARTIES

This Agreement is reached among the following parties:

(1)    Wasserman, Comden, & Casselman, a limited liability partnership, as successor to Wasserman, Comden, Casselman & Pearson, LLP, on behalf of itself, and its predecessors, successors, executors, assignees, partners, agents, officers, directors, employees, servants, attorneys, insurers, representatives, administrators, and each of them;

(2)    Clifford H. Pearson, an individual, on behalf of himself, and his heirs, executors, assignees, agents, servants, attorneys, insurers, representatives, administrators, and each of them, as well as Pearson, Soter, Warshaw & Penny, a limited liability partnership, on behalf of itself,

UU/LE/2UU/ 10.44 FAX 0105007007    BOULEVARD POSTAL STOP    @005

and its predecessors, successors, executors, assignees, partners, agents, officers, directors, employees, servants, attorneys, insurers, representatives, administrators, and each of them;

(3)   Lydia Harris, an individual, on behalf of herself, and her heirs, executors, assignees, agents, servants, attorneys, insurers, representatives, administrators, and each of them;

(4)   Lifestyle Records, Inc., a corporation, on behalf of itself, and its predecessors, successors, executors, assignees, agents, officers, directors, employees, servants, attorneys, insurers, representatives, administrators, and each of them;

(5)   New Image Media Corp., a corporation, on behalf of itself, and its predecessors, successors, executors, assignees, agents, officers, directors, employees, servants, attorneys, insurers, representatives, administrators, and each of them;  and

(6)   Michael Harris, an individual, on behalf of himself, and his heirs, executors, assignees, agents, servants, attorneys, insurers, representatives, administrators, and each of them.

## MUTUAL GENERAL RELEASE

Except for the obligations arising under this Agreement and for and in exchange for the consideration described below, WCC and Pearson release the Harris Entities and their heirs, executors, successors, assignees, partners, agents, officers, directors, employees, servants, attorneys, insurers, representatives, and administrators as to any and all claims WCC and Pearson may have, or may have had, as against them relating to or arising from the Lawsuit, the Underlying Action, the Battlecat Judgment, Discovery Order and Injunction. Likewise, except for the obligations arising under this Agreement, and for and in exchange for the consideration described below, the Harris Entities release WCC, Pearson, Leonard J. Comden, Steve K. Wasserman, and David B. Casselman, and their predecessors, successors, executors, assignees,

WC11-0000007
3320587.1                                        4

partners, agents, officers, directors, heirs, executors, assignees, agents, servants, attorneys, insurers, representatives, and administrators as to any and all claims the Harris Entities may have, or may have had as against them relating to or arising from the Lawsuit, the Underlying Action, the Battlecat Judgment, Discovery Order, and Injunction. In providing these mutual releases, WCC and Pearson, on the one hand, and the Harris Entities, on the other hand, fully and forever release, acquit and discharge each other from any and all past, present, and future rights, actions, causes of action, claims, demands, damages, costs, debts, losses, expenses, attorney's fees, penalties, and other compensation of any kind or nature whatsoever, whether known or unknown, suspected or unsuspected, and whether concealed or hidden, which have accrued in favor of one as against the other by reason of any matter whatsoever prior to the date hereof including without limitation on the intended generality and all encompassing scope of this Agreement, any claims which:

(1)   arise out of or are in any way connected with or related to the transactions, occurrences, events, acts or omissions set forth or facts alleged in the pleadings and other papers on file in the Lawsuit or the Underlying Action; or

(2)   arise out of or are in any way connected with or related to any transactions, occurrences, events, acts or omissions, which took place prior to the date hereof.

Additionally, except for the obligations arising under this Agreement, and for and in exchange for the consideration described below WCC and Pearson release Michael Harris and his heirs, executors, successors, assignees, partners, agents, officers, directors, employees, servants, attorneys, insurers, representatives, and administrators, as to any and all claims WCC or Pearson may have, or may have had, as against them relating to or arising from the Lawsuit, the Underlying Action, the Battlecat Judgment, Discovery Order, and Injunction. Likewise, except

WCI1-0000007
3230687.1

5

for the obligations arising under this Agreement and for and in exchange for the consideration described below, Michael Harris releases WCC, Pearson, Leonard J. Comden, Steve K. Wasserman, and David B. Casselman, and their predecessors, successors, executors, assignees, partners, agents, officers, directors, heirs, executors, assignees, agents, servants, attorneys, insurers, representatives, and administrators as to any and all claims Michael Harris may have, or may have had as against them relating to or arising from the Lawsuit, the Underlying Action, the Battlecat Judgment, Discovery Order, and Injunction. In providing these mutual releases, WCC and Pearson on the one hand and Michael Harris on the other hand fully and forever release, acquit and discharge each other from any and all past, present, and future rights, actions, causes of action, claims, demands, damages, costs, debts, losses, expenses, attorney's fees, penalties, and other compensation of any kind or nature whatsoever, whether known or unknown, suspected or unsuspected, and whether concealed or hidden, which have accrued in favor of one as against the other by reason of any matter whatsoever prior to the date hereof including without limitation on the intended generality and all encompassing scope of this Agreement, any claims which:

(1)    arise out of or are in any way connected with or related to the transactions, occurrences, events, acts or omissions set forth or facts alleged in the pleadings and other papers on file in the Lawsuit or the Underlying Action; or

(2)    arise out of or are in any way connected with or related to any transactions, occurrences, events, acts or omissions, which took place prior to the date hereof.

Nothing in the language of this Agreement shall be deemed to revive any claim between the parties which is barred by operation of law as of the time this Agreement is signed.

## CONSIDERATION

As consideration for the settlement of the various claims described herein, and as more fully described immediately above, by entering into this Agreement, WCC and Pearson, on the one hand, and the Harris Entities, on the other hand, each waive any and all rights each may have as against the other. Each shall bear his, her, or its own cost of litigation.

Additionally, as consideration for the settlement of the various claims described herein, and as more fully described immediately above, by entering into this Agreement, WCC and Pearson, on the one hand, and Michael Harris, on the other hand, each waive any and all rights each may have as against the other. Each shall bear his, her, or its own cost of litigation.

Additionally, WCC shall receive the following sums on a dollar for dollar pro rata basis:

(1)    29.75 % of any future recovery received by the Harris Entities from either Knight, DRR or their respective bankruptcy cases in connection with the $107 Million Judgment or as the result of the transfer or assignment of the Harris Entities' claims in either the Knight or DRR bankruptcy cases to any third party. Except as provided in subparagraph (2) immediately below, no money shall be due and owing to WCC or Pearson on account of money paid to the Harris Entities in connection with the $107 Million Judgment prior to the filing of the Lawsuit;

(2)    Effective only after collection of the first $1 Million of future recovery of the $107 Million Judgment to the Harris Entities from either Knight, DRR or their respective bankruptcy cases, $49,583.33 for every million dollars of future net money received by the Harris Entities from either Knight, DRR or their respective bankruptcy cases pursuant to the $107 Million Judgment, until WCC and Pearson have been paid a total of $297,500 over and above the amount referred to in the

7

preceding paragraph. Payments under this sub-division shall also be distributed on a pro rata basis.

Funds received by the Harris Entities pursuant to the $107 Judgment or the Battlecat Judgment shall be deposited into the client trust account of Weinstein, Weiss & Ordubegian LLP. In the event that Weinstein, Weiss & Ordubegian LLP ceases to represent Lydia Harris, said funds shall be deposited into an escrow account agreed upon by the parties.

WCC shall reimburse Weinstein, Weiss & Ordubegian LLP, 29.75% of all of the reasonable legal fees incurred on behalf of the Harris Entities in preserving and defending the $107 Million Judgment, including but not limited to preserving and defending the Harris Entities' claim in the Knight Entities' bankruptcy proceeding, from the date this Agreement is fully executed, provided, however that such payments shall be made **only** from the sums received by WCC from the $107 Million Judgment; and for cash flow purposes only, shall be paid 50% from the first million dollars collected from the Knight Entities, and 50% from the second million dollars collected from the Knight Entities. If additional legal fees are incurred after the proceeds of the second million dollars collected from the Knight Entities are distributed, such fees shall be paid from sums thereafter collected from the Knight Entities.

To illustrate the foregoing, and as an example only, assume that the total amount received from the Knight Entities' bankruptcy is $5,000,000 and the fees incurred by the Harris Entities in the preservation/defense of the Judgment are $200,000 since the execution of this Agreement, the funds would be distributed as follows:

- As to the $200,000 Attorney's fees incurred in bankruptcy: $59,500 would be paid by WCC, paid at the rate of $29,750 out of the first million and $29,750 out of the second million dollars. The balance of $140,500 would be paid by the Harris Entities;

- WCC and Pearson: $5 million gross less $200,000 bankruptcy fees equals $4.8 million. This amount is multiplied by 29.75% which equals $1,428,000. Plus four payments of $49,583.33 which equals $198,333.32 for a net recovery of $1,626,333.32; and

- Harris: $5 million less $200,000 for Attorney's fees, less $1,626,333.33 to WCC, for a net recovery of $3,173,666.67.

- All distributions of money shall be made to the Harris Entities, WCC and Pearson on a dollar for dollar pro rata basis.

The Harris Entities shall not compromise the $107 Million Judgment, or enter into any agreement with the Knight Entities relating in any way to the $107 Million Judgment without providing prior written notice to WCC through its counsel, Haight, Brown & Bonesteel, LLP. Such notice shall be given to WCC prior to the exchange of funds or any other consideration between the Knight Entities and the Harris Entities.

Notwithstanding the foregoing, neither WCC nor Pearson shall have any right to object or interfere with any settlement or compromise of the $107 Million Judgment or to object or interfere with any sale, transfer or assignment by the Harris Entities to any third party of their claims in either the Knight or DRR bankruptcy cases. WCC and Pearson further agree that upon the closing of a transfer or assignment of the $107 Million Judgment, in whole or in part, by the Harris Entities to any third party (other than Michael Harris) (a "Transfer/Assignment"), WCC and Pearson shall release and discharge any lien, claim or encumbrance in their favor on or with respect to the $107 Million Judgment or the portion thereof that is the subject of such Transfer/Assignment (each, a "Release"). WCC and Pearson agree to execute such documents and take all other actions as the Harris Entities reasonably request to effectuate any such Release.

WCC further agrees to provide an index of the Harris Entities' client files and turn over files identified by the Harris Entities within 10 days of such notice. Upon execution of this Agreement, WCC agrees to turn over to Lydia Harris $7,708.65, which is 70.25% of the money

WC11-0009003
J230687.1

9

BOULEVARD POSTAL STOP                    ☒011

collected in connection with the Battlecat Judgment and remaining in the WCC Client Trust Account. The Harris Entities shall waive any and all claims to the remaining $3,264.52, or 29.75%. Neither WCC nor Pearson shall be responsible for any further collection efforts of the Battlecat Judgment, but WCC shall receive 29.75% of all amounts collected on the Battlecat Judgment, net of expenses, but not attorneys' fees. WCC and Pearson hereby release the Harris Entities from any further liability relating to the Discovery Order or the Injunction.

It is a condition hereof and it is the intention of the parties hereto, and each of them, in executing this Agreement, that the same shall be effective as a bar to each and every claim, demand, and cause of action hereinabove specified, and in furtherance of this intention WCC, Pearson, the Harris Entities and Michael Harris hereby expressly waive any and all rights and benefits conferred upon them by the provision of § 1542 of the California *Civil Code* which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Each party to this Agreement hereby declares that he or she is executing this Agreement after having received advice from his or her legal counsel of record and understands and acknowledges the significance and consequences of this Agreement and of this specific waiver of § 1542 of the California *Civil Code*.

Subject to the right of the Harris Entities to sell, transfer or assign their rights to the $107 Million Judgment to a third party, as reflected in this Agreement, WCC, Pearson, the Harris Entities, and Michael Harris represent and warrant to one another that none of them has

WC11-0000007
3230687.1                            10

*M A. M.*

BOULEVARD POSTAL STOP                                    @012

heretofore assigned, settled, or transferred, or purported to assign, settle, or transfer, to any other person or entity any claim or other matter herein released and any party who breaches this warranty shall indemnify, defend, and hold harmless any other party against who such claim, demand, or action is brought.

Except for the obligations arising under this Agreement, each party to this Agreement shall bear all of his, her or its own costs and attorney's fees incurred in connection with the Lawsuit, the Underlying Action, the $107 Million Judgment, the Battecat Judgment, the Injunction and the Discovery Order.

If any action or proceeding is brought for the enforcement of this Agreement or any of its provisions, or for a declaration of the rights and duties agreed to herein or because of an alleged dispute, breach, default, or misrepresentation in connection with any provision of this Agreement, the successful or prevailing party shall be entitled to recover reasonable attorney's fees actually incurred and other costs incurred in connection with that action or proceeding, in addition to any other relief to which the party may be entitled.

This Agreement shall not be construed against the party or its representative who drafted this Agreement or any portion hereof.

This Agreement is, and shall be subject to, governed by, and construed and enforced pursuant to the laws of the State of California.

This Agreement is the entire Agreement between the parties hereto with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements and discussions. The Agreement may be amended only upon an amendment in writing and signed by all parties to this Agreement. Additionally, each party to this Agreement agrees: (1) that no provision or breach of this Agreement may be waived unless in writing signed by the

WC11-6000007
3320087.1

11

*Ph. 11.*

03/12/2007 16:48 FAX 818906/001        BOULEVARD POSTAL STOP                    @013

party to be charged; and (2) that the waiver of any one provision or breach of this Agreement shall not operate as a waiver of any other provision or breach of this Agreement.  It is understood by WCC, Pearson, the Harris Entities, and Michael Harris that this Agreement is made without reliance upon any statement or representation made by the other, apart from what is expressly set forth in this Agreement.

If any term, provision, covenant, or condition of this Agreement is held by any court of competent jurisdiction to be invalid or unenforceable, the remainder of the provisions shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

WCC, through its counsel of record, shall file a request for dismissal of the Lawsuit with prejudice as to the claims against Lydia Harris, Lifestyle Records, Inc., and New Image Media Corp. only, within a reasonable amount of time after this Agreement has been fully executed, and any necessary court approval has been obtained (in both state and federal court).  If necessary, WCC and/or Pearson shall also prepare and execute all necessary documents to effectuate the purpose of this Agreement, except that counsel for Lydia Harris shall prepare any necessary documents to be filed in the Knight Bankruptcy or DRR proceeding.  Lydia Harris shall execute all necessary documents to effectuate the purpose of this Agreement.

Nothing in this Agreement shall prevent WCC from pursuing its claims against Knight, DRR or any other person or entity not released by this Agreement.  Neither WCC nor Pearson shall be entitled, however, to pursue the $107 Million Judgment without the express written consent of the Harris Entities, including, but not limited to, the filing or prosecution of claims in the Knight or DRR bankruptcy cases.  Harris shall reasonably cooperate in WCC's prosecution of any remaining unsettled claims from the Lawsuit.

WCU-0000007
3330687.1

12

The masculine, feminine and neuter gender of any word shall be construed to include each of the other.

This Agreement is binding and shall inure to the benefit of the Parties hereto and to their respective successors, heirs, assigns and representatives. This Agreement and any release that may be contained herein are intended to be final and binding between the Parties hereto and are further to be effective as a full and final accord and satisfaction between the Parties to this Agreement, and each party expressly relies on the finality of this Agreement as a substantial, material factor inducing that party's execution of this Agreement.

In making this Agreement, no party is admitting the sufficiency of any claims, allegations, defenses, affirmative defenses or any other provisions taken against that party, or the lack of sufficiency of its own claims, allegations, defenses, affirmative defenses or any other provisions taken against any other party.

This Agreement may be executed in counterparts, all of which counterparts together shall be deemed to be one instrument.

Each person signing below represents and warrants that he or she has the authority to sign on behalf of each entity on whose behalf he or she signs this Agreement.

Wasserman, Comden & Casselman, LLP

Dated: _____    By: _____
                                 Leonard J. Comden

Dated: _____    By: _____
                                 Clifford H. Pearson, individually, and on
                                 behalf of Pearson, Soter, Warshaw & Penny,
                                 LLP

WC11-0000007
3230687.1

13

The masculine, feminine and neuter gender of any word shall be construed to include each of the other.

This Agreement is binding and shall inure to the benefit of the Parties hereto and to their respective successors, heirs, assigns and representatives. This Agreement and any release that may be contained herein are intended to be final and binding between the Parties hereto and are further to be effective as a full and final accord and satisfaction between the Parties to this Agreement, and each party expressly relies on the finality of this Agreement as a substantial, material factor inducing that party's execution of this Agreement.

In making this Agreement, no party is admitting the sufficiency of any claims, allegations, defenses, affirmative defenses or any other provisions taken against that party, or the lack of sufficiency of its own claims, allegations, defenses, affirmative defenses or any other provisions taken against any other party.

This Agreement may be executed in counterparts, all of which counterparts together shall be deemed to be one instrument.

Each person signing below represents and warrants that he or she has the authority to sign on behalf of each entity on whose behalf he or she signs this Agreement.

Wasserman, Comden & Casselman, LLP

Dated: _____    By: _____
                                Leonard J. Comden

Dated: 3/13    By: _____
                    Clifford H. Pearson, individually, and on
                    behalf of Pearson, Soter, Warshaw & Penny,
                    LLP

WC11-0000097
3230687.1

13

Dated: 3-12-07        By: _Lydia Ha_____
                          Lydia Harris

Lifestyle Records, Inc.

Dated: 3-12-07        By: _Lydia Ha_____
                          Lydia Harris

New Image Media, Corp.

Dated: 3-12 07        By: _Lydia Ha_____
                          Lydia Harris

Dated: _____    By: _____
                             Michael Harris

WC11-0000007
3230687.1                       14

Dated: _____        By: _____
                                   Lydia Harris

                              Lifestyle Records, Inc.

Dated: _____        By: _____
                                   Lydia Harris

                              New Image Media, Corp.

Dated: _____        By: _____
                                   Lydia Harris

Dated: 3-12-07                By: _____
                                   Michael Harris

                              Alvin Brown Signing for
                              Michael Harris as Power
                              of Attorney as

WCH-0000007
X230657.1                              14

APPROVED AS TO FORM AND CONTENT:


Dated: _____        By: _____
                                  Peter Q. Ezzell
                                  Nancy E. Lucas
                                  Haight, Brown & Bonesteel, L.L.P.
                                  Attorneys for Plaintiff
                                  Wasserman, Comden, Casselman &
                                  Pearson, LLP


Dated: _____        By: _____
                                  Sharon Zemel Weiss
                                  Weinstein Weiss & Ordubegian LLP
                                  Attorneys for Defendants
                                  Lydia Harris, Lifestyle Records, Inc. and
                                  New Image Media, Corp.


Dated: _____        By: _____
                                  Steven M. Goldberg
                                  Russ, August & Kabat
                                  Attorneys for Michael Harris


WC11-0000007
2330687.1                         15

BOULEVARD POSTAL STOP

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of Los Angeles

On March 12, 2007, before me, Denise Wolff, Notary Public,
_____ Date _____ Name and Title of Officer (e.g., "Jane Doe, Notary Public")

personally appeared Alvin Brown
_____ Name(s) of Signer(s)

[ ] personally known to me

[✓] (or proved to me on the basis of satisfactory evidence)

to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

DENISE WOLFF
COMM. #1482301
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
My Comm. Exp. April 10, 2008

Place Notary Seal Above

_____
Signature of Notary Public

---------------- OPTIONAL ----------------

*Though the information below is not required by law, it may prove valuable to persons relying on the document
and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: Settlement Agreement And Mutual General
Release of All Claims

Document Date: Signed On March 12, 2007   Number of Pages: 15

Signer(s) Other Than Named Above: Leonard J. Comden, Clifford H. Pearson,
Lydia Harris (three times), Peter Q. Ezzell, Nancy E. Lucas,
Sharon Zemel Weiss and Steven M. Goldberg.

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: Alvin Brown

[ ] Individual
[ ] Corporate Officer — Title(s): _____
[ ] Partner — [ ] Limited [ ] General
[ ] Attorney in Fact
[ ] Trustee
[ ] Guardian or Conservator
[✓] Other: Power of Attorney

Signer Is Representing:
Michael Harris

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

Signer's Name: _____

[ ] Individual
[ ] Corporate Officer — Title(s): _____
[ ] Partner — [ ] Limited [ ] General
[ ] Attorney in Fact
[ ] Trustee
[ ] Guardian or Conservator
[ ] Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

© 2006 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402   Item No. 5907   Reorder: Call Toll-Free 1-800-876-6827