1    Petitioners LYDIA HARRIS and NEW IMAGE MEDIA CORP. appeared by their

2  attorney of record, I.DONALD WEISSMAN, ESQ. of Wasserman, Comden, Casselman &

3  Pearson, L.L.P.  Respondent KEVIN GILLIAM aka BATTLECAT, through his counsel of

4  record filed a Notice of Non-Opposition to Plaintiffs' Petition to Conform.

5

6    Proof having been made to the satisfaction of the court that the petition should be

7  granted, IT IS ORDERED that the award of Hon. William S. Schoettler (Retired) dated

8  December 24, 2003, is confirmed in all respects and that judgment be entered in conformity

9  therewith.

10

11  DATED: *maw 26, 2004*    By: _____

12                                            Judge of the Superior Court
                                              DAVID A. WORKMAN
13

14                              JUDGMENT

15

16    The award of Hon. William S. Schoettler (Retired) having been confirmed by order of this

17  court on February 5, 2004, IT IS ADJUDGED that petitioner NEW IMAGE MEDIA CORP.,

18  recover from respondent KEVIN GILLIAM aka BATTLECAT the sum of $760,000.00, together

19  with interest thereon at the rate of ten (10) percent per year from February 5, 2004, and costs of

20  this proceeding in the sum of $_____.

21

22  DATED: *hoard 26, 2004*  By: _____

23                                            Judge of the Superior Court
                                              DAVID A. WORKMAN
24

25

26

27

28

372694.1              *ORDER CONFIRMING ARBITRATION AWARD AND JUDGMENT*              00117

PROOF OF SERVICE
Harris et al. v. Gilliam et al.
BC268857

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of LOS ANGELES, STATE OF CALIFORNIA. My business address is: 5567 Reseda Boulevard, Suite 330, Post Office Box 7033, Tarzana, California 91357-7033. I am over the age of 18 years and am not a party to this action.

On March 9, 2004 I served the following document(s) entitled ORDER CONFIRMING ARBITRATION AWARD AND JUDGMENT on ALL INTERESTED PARTIES in this action:

Hayes F. Michel, Esq.                     Counsel for Kevin Gilliam, p/k/a
PROSKAUER ROSE LLP                        Battlecat
2049 Century Park East, Suite 3200
Los Angeles, California 90067-3206
Tel.: (310) 557-2900
Fax: (310) 557-2193

☒   BY MAIL: By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal Service. The correspondence, pleadings and other matters are deposited with the United States Postal Service with postage thereon fully prepaid in Tarzana, California, on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   BY OVERNIGHT COURIER: I caused the above-referenced document(s) to be delivered to _____ for delivery to the above address(es).

☐   BY FAX: I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown above.

☐   BY PERSONAL SERVICE: I served such envelope to be delivered by hand to the offices of the addressee(s).

☒   [State]   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐   [Federal]   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 9, 2004, at Tarzana, California.

_____
BILLIE J. TOWE

00118

**EXHIBIT C**

00119

DAVID B. CASSELMAN (SBN 81657)
I.DONALD WEISSMAN (SBN 67980)
HOWARD S. BLUM (SBN 60609)
WASSERMAN, COMDEN, CASSELMAN & PEARSON
5567 Reseda Boulevard, Suite 330
Post Office Box 7033
Tarzana, California 91357-7033
Telephone:  (818) 705-6800 · (323) 872-0995
Facsimile:  (818) 705-8147

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 19 2005

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
R. Arralla

Attorneys for Plaintiffs
LYDIA HARRIS and NEW IMAGE MEDIA
CORPORATION

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| LYDIA HARRIS, LIFESTYLE RECORDS, INC., AND NEW IMAGE MEDIA CORP., <br><br> Plaintiffs, <br><br> v. <br><br> KEVIN GILLIAM AKA BATTLECAT; MARION H. KNIGHT AKA SUGE KNIGHT; DEATH ROW RECORDS; THA ROW, INC.; DAVID E. KENNER; DAVID E. KENNER PROFESSIONAL LAW CORPORATION; DAVID E. KENNER, A PROFESSIONAL CORPORATION; THE DAVID E. KENNER TRUST; INTERSCOPE RECORDS; JIMMY IOVINE; JOHN T. MCCLAIN, JR.; A&M RECORDS; ET AL., <br><br> Defendants. | CASE NO. BC 268857 <br><br> Case Assigned to: <br> Judge Ronald M. Sohigian - Dept. 41 <br><br> [Complaint Filed: February 26, 2002] <br><br> NOTICE OF ATTORNEY LIEN |

TO:  JUDGMENT CREDITORS LYDIA HARRIS AND NEW IMAGE MEDIA CORP.;

JUDGMENT DEBTORS MARION H. KNIGHT AKA SUGE KNIGHT and DEATH ROW

RECORDS, INC.; DERMOT DAMIAN GIVENS AND ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that the law firm of Wasserman, Comden Casselman &

Pearson L.L.P. (hereinafter the "Firm"), hereby gives notice of its lien equal to forty percent

402921.1                          *NOTICE OF ATTORNEY LIEN*

00120

1   (40%) of any and all gross recovery, payments, or consideration of any kind or nature paid or

2   transferred in satisfaction, in whole or in part, of the judgment entered in the above-referenced

3   action in the principal sum of $107,000,000.00, plus interest accruing at the rate of $29,315.00

4   per day. Said percentage is to be applied after priority payment to the Firm of costs expended

5   in the sum of $213,890.27

6

7      PLEASE TAKE FURTHER NOTICE that Wasserman, Comden, Casselman &

8   Pearson L.L.P. must be named as a co-payee on any instrument or WRITING satisfying, in

9   whole or in part, said judgment. Failure to include Wasserman, Comden, Casselman & Pearson

10   L.L.P. as a co-payee will subject the payor to liability for duplicate payment of the sums

11   transferred.

12

13      PLEASE TAKE FURTHER NOTICE that the judgment creditors must notify any

14   transferee or assignee of the judgment, or anyone claiming an interest in said judgment, of the

15   content and existence of this lien.

16

17   DATED: May 18, 2005           WASSERMAN, COMDEN, CASSELMAN &

18                        PEARSON L.L.P.

19

20               By: _____

21                      DAVID B. CASSELMAN

                          Attorneys for Plaintiffs

22                      LYDIA HARRIS and NEW IMAGE MEDIA

                          CORPORATION

23

24

25

26

27

28

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

2

402933.1               *NOTICE OF ATTORNEY LIEN*

00121

PROOF OF SERVICE
*Lydia Harris v. Kevin Gilliam, et al.*
(LASC Case No. BC 268857)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of LOS ANGELES, STATE OF CALIFORNIA. My business address is: 5567 Reseda Boulevard, Suite 330, Post Office Box 7033, Tarzana, California 91357-7033. I am over the age of 18 years and am not a party to this action.

On May 19, 2005, I served the following document(s) entitled NOTICE OF ATTORNEY LIEN on ALL INTERESTED PARTIES in this action:

SEE ATTACHED LIST

☒ BY MAIL: By placing a true copy ............ in a sealed envelope addressed as above, and placing ...... collection and ...... following ordinary business practices. I am readily f ...... practice of collection and processing correspon ...... ..er matters for mailing with the United States Postal Service ...... ..ace, pleadings and other matters are deposited with the United Sta..... ..e Service with postage thereon fully prepaid in Tarzana, California, on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter d ...... more ...... lay after date of deposit for mailing in affidavit.

☐ BY OVERNI ...... ..ed the above-referenced document(s) to be delivered to ........................... ...... .:livery to the above address(es).

☐ BY FAX: ...... ..d a copy of the foregoing document(s) this date via telecopier to the facsi...... ..ers shown above.

☐ BY PERSC ...... RVICE: I served such envelope to be delivered by hand to the offices of the address..e(s).

☒ [State] I declar ...... ..der penalty of perjury under the laws of the State of California that t' ...... ..egoing is true and correct.

☐ [Fede. ...] I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

...... May 19, 2005, at Tarzana, California.

Leslie Adler.

3

NOTICE OF ATTORNEY LIEN

00122

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*(left margin, vertical)* WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

### SERVICE LIST
*Lydia Harris v. Kevin Gilliam, et al.*
(LASC Case No. BC226857)

Lydia Harris
3910 Daphne Street
Houston, TX 77021

New Image Media Corp.
c/o Lydia Harris
3910 Daphne Street
Houston, TX 77021

Hayes F. Michel, Esq.
PROSKAUER ROSE LLP
2049 Century Park East, Suite 3200
Los Angeles, California 90067-3206
Tel.: (310) 557-2900
Fax: (310) 557-2193
*Counsel for Kevin Gilliam, p/k/a Battlecat*

Alan S. Gutman, Esq.
LAW OFFICES OF ALAN S. GUTMAN
9401 Wilshire Boulevard, Suite 575
Beverly Hills, California 90212-2918
Tel: (310) 385-0700
Fax: (310) 385-0710
*Counsel for Sony Music Entertainment, Inc.,
Relativity Entertainment, Inc. fka Relativity
Records, Inc., Loud Records, LLC and
Loud Records, Inc.*

Bart H. Williams, Esq.
Megan M. LaBelle, Esq.
MUNGER, TOLLES & OLSON, L.L.P.
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071-1560
Tel: (213) 683-9295
Fax: (213) 687-3702
*Counsel for Interscope Records , Jimmy Iovine,
John A. McClain, III, Aftermath Records and
Andre Young*

Joseph Golden, Esq.
Law Offices of Joseph Golden
10100 Santa Monica Boulevard, Suite 800
Los Angeles, CA 90067-4100
Tel.: (310) 772-2260
Fax: (310) 772-2299
*Counsel for TVT Records LLC and TVT Music,
Inc.*

Neil C. Erickson, Esq.
Katherine J. Kuneberger, Esq.
JEFFER, MANGELS, BUTLER &
MARMARO LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067-4308
Tel.: (310) 203-8080
Fax: (310) 203-0567
*Counsel for Marion H. Knight aka Suge Knight;
Death Row Records; Tha Row Records*

George L. Mallory, Jr., Esq.
MALLORY & ASSOCIATES
1925 Century Park East, Suite 2000
Los Angeles, CA 90067-2701
Tel: (310) 788-5555
Fax: (310) 788-5570
*Counsel for Hollywood Records, Inc.*

Death Row Records
8200 Wilshire Boulevard
P.O. Box 3037
Beverly Hills, CA 90212

Marion H. Knight
aka Suge Knight
c/o Death Row Records
8200 Wilshire Boulevard
P.O. Box 3037
Beverly Hills, CA 90212

Tha Row
8200 Wilshire Boulevard
P.O. Box 3037
Beverly Hills, CA 90212

Suge Publishing
c/o Death Row Records
8200 Wilshire Boulevard
P.O. Box 3037
Beverly Hills, CA 90212

Joseph A. Davis, Esq.
DAVIS AND WINSTON
9911 West Pico Boulevard
Suite 1400
Los Angeles, CA 900035
Tel: (310) 277-4662
*Counsel for Bad Boy Entertainment, Inc.*

4

402964.1

NOTICE OF ATTORNEY LIEN

1   Peter J. Anderson, Esq.
    LAW OFFICES OF PETER J. ANDERSON
2   100 Wilshire Boulevard, Suite #2010
    Santa Monica, California 90401
3   Tel:    (310) 260-6030
    Fax:    (310) 260-6040
4   Counsel for Zomba Recording Corp.

5   Daniel J. Aaron, Esq.
    DANIEL J. AARON, P.C.
6   11 Madison Avenue, 12th Floor
    New York, New York 10010
7   Tel:    (212) 684-4466
    Fax:    (212) 684-5566
8   Co-Counsel for Koch Entertainment
    Distribution

9
    Dermot Damian Givens, Esq.
10  433 North Camden Drive, #600
    Beverly Hills, CA 90210

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

James H. Turken, Esq.
Sharon A. Urias, Esq.
THELEN, REID & PRIEST LLP
333 South Hope Street, Suite 2900
Los Angeles, California 90071-3048
Tel:    (213) 576-8000
Fax:    (213) 576-8080
Counsel for Priority Records, LLC

Eve H. Wagner, Esq.
SAUER & WAGNER LLP
1801 Century Park East, Suite 520
Los Angeles, California 90067
Tel:    (310) 712-8100
Fax:    (310) 712-8108
Co-Counsel for Koch Entertainment
Distribution

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

5

318522.1                    NOTICE OF ATTORNEY LIEN

00124

**EXHIBIT D**

00125

1  DAVID B. CASSELMAN (Bar No. 81657)
   I. DONALD WEISSMAN (Bar No. 67980)
2  HOWARD S. BLUM (Bar No. 60603)
   WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.
3  5567 Reseda Boulevard, Suite 330
   Post Office Box 7033
4  Tarzana, California 91357-7033
   Telephone: (818) 705-6800 · (323) 872-0995
5  Facsimile: (818) 345-0162

6  Former Attorneys for Plaintiffs LYDIA
   HARRIS and NEW IMAGE MEDIA
7  CORPORATION

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                COUNTY OF LOS ANGELES, CENTRAL DISTRICT

11

12  LYDIA HARRIS, LIFESTYLE           CASE NO. BC268857
    RECORDS, INC., AND NEW IMAGE
13  MEDIA CORP.,                      NOTICE OF ATTORNEY LIEN

14            Plaintiffs,             Assigned to the Honorable Ronald M.
                                      Sohigian (Dept. 41)
15       vs.
                                      [Complaint Filed: February 26, 2002]
16  KEVIN GILLIAM AKA BATTLECAT;
    MARION H. KNIGHT AKA SUGE
17  KNIGHT; DEATH ROW RECORDS;
    THA ROW, INC.; DAVID E. KENNER;
18  DAVID E. KENNER PROFESSIONAL
    LAW CORPORATION; DAVID E.
19  KENNER, A PROFESSIONAL
    CORPORATION; THE DAVID E.
20  KENNER TRUST; INTERSCOPE
    RECORDS; JIMMY IOVINE; JOHN T.
21  MCCLAIN, JR.; A&M RECORDS; ET
    AL.,
22
              Defendants.
23

24

25  TO JUDGMENT CREDITORS KEVIN GILLIAM aka BATTLECAT, THEIR

26  COUNSEL OF RECORD PROSKAUER ROSE LLP AND ALL INTERESTED

27  PARTIES:

28

726231.1

                        NOTICE OF ATTORNEY LIEN

                                                          ~ 00126

1  PLEASE TAKE NOTICE that the law firm of Wasserman, Comden, Cassleman &

2  Pearson, L.L.P. (hereinafter the "Firm"), hereby gives notice of its lien equal to forty

3  percent (40%) of any and all gross recovery, payments, or consideration of any kind or

4  nature paid or transferred in satisfaction, in whole or in part, of the judgment entered in the

5  above-referenced action in the principal sum of $760,000.00 together with interest thereon

6  at the rate of ten percent (10%) per year from February 5, 2004.

7

8  PLEASE TAKE FURTHER NOTICE that Wasserman, Comden, Cassleman &

9  Pearson, L.L.P. must be named as co-payee on any instrument or WRITING satisfying, in

10  whole or in part, said judgment. Failure to include Wasserman, Comden, Cassleman &

11  Pearson, L.L.P. as co-payee will subject the payor to liability for duplicate payment of the

12  sums transferred.

13

14  PLEASE TAKE FURTHER NOTICE that the judgment creditors must notify any

15  transferee or assignee of the judgment, or anyone claiming an interest in said judgment, of

16  the content and existence of this lien.

17

18  DATED: September 9, 2005      WASSERMAN, COMDEN, CASSELMAN &
                                   PEARSON, L.L.P.
19                                 DAVID B. CASSELMAN
                                   J.DONALD WEISSMAN
20                                 HOWARD S. BLUM

21

22                                 By: _____
                                         HOWARD S. BLUM
23                                 Former Attorneys for Plaintiffs LYDIA HARRIS
                                   and NEW IMAGE MEDIA CORPORATION
24

25

26

27

28

726281.1

2

NOTICE OF ATTORNEY LIEN

00127

WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033



SERVICE LIST
HARRIS V. KNIGHT, MARIN 'SUGE'
BC268857

1

2

3  Neil C. Erickson, Esq.               Attorneys for Marion H. Knight aka Suge
   Katherine J. Kuneberger, Esq.        Knight, Death Row Records, Tha Row
4  JEFFER, MANGELS, BUTLER &            Records
   MARMARO LLP
5  1900 Avenue of the Stars
   Seventh Floor
6  Los Angeles, CA 90067-4308
   Telephone: (310) 203-8080
7  Facsimile: (310) 203-0567

8  Dermot Damian Givens, Esq.           Attorneys for Marion H. Knight aka Suge
   433 North Camden Drive               Knight, Death Row Records, Tha Row
9  Suite 600                            Records
   Beverly Hills, CA 90210
10
                                        Attorneys for KEVIN GILLIAM aka
11 Hayes F. Michel, Esq.                BATTLECAT
   PROSKAUER ROSE LLP
12 2049 Century Park East
   Suite 3200
13 Los Angeles, CA 90067-3206
   Telephone: (310) 557-2900
14 Facsimile: (310) 557-2193

15

16

17

18

19

20

21

22

23

24

25

26

27

28

726281.1

NOTICE OF ATTORNEY LIEN

WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

00128

00129

EXHIBIT E

CM-200

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
Lydia Harris
3910 Daphne
Houston, TX 77021   FAX NO. (Optional):
E-MAIL ADDRESS (Optional):   (281) 330-4453
ATTORNEY FOR (Name):

**FILED**
LOS ANGELES SUPERIOR COURT

JUN 17 2005

JOHN A. CLARKE, CLERK
E. Martinez
BY ELIZABETH MARTINEZ, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF *Los Angeles*
STREET ADDRESS: *111 N. Hill St.*
MAILING ADDRESS:
CITY AND ZIP CODE: *LA., CA 90011*
BRANCH NAME: *Central District*

PLAINTIFF/PETITIONER: *Lydia Harris*

DEFENDANT/RESPONDENT: *Marion "Suge" Knight ∘ Death Row Inc. Records*

NOTICE OF SETTLEMENT

CASE NUMBER: *BC 268 857*
JUDGE: *Ronald M. Sohigian*
DEPT: *41*

**NOTICE TO PLAINTIFF**
If you have not filed a request for dismissal within 45 days of the date this Notice of Settlement is received by the court or, if the settlement is conditional, within 45 days of the date specified in item 1b, the court must dismiss the case unless good cause is shown within that time why the case should not be dismissed.

To the court, all parties, and any arbitrator or other court-connected ADR neutral involved in this case:

1. This case has been settled. The settlement is:
   a. ☐ Unconditional. A request for dismissal will be filed within 45 days after the date of the settlement.
      Date of settlement:
   b. ☒ Conditional. The settlement agreement conditions dismissal of this matter on the satisfactory completion of specified terms that are not to be performed within 45 days of the date of the settlement. A request for dismissal will be filed no later than (date): *May 27, 2005*

2. Date initial pleading filed: *February 26, 2002*

3. Next scheduled hearing or conference:
   a. Purpose:
   b. Date:          Time:

4. Trial date:
   a. ☒ No trial date set.
   b. ☐ Date:          Time:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: *May 18, 2005*

*Lydia Harris*
▶ _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☒ PARTY WITHOUT ATTORNEY)          (SIGNATURE)

| Form Adopted for Mandatory Use Judicial Council of California CM-200 [New January 1, 2004] | NOTICE OF SETTLEMENT | Cal. Rules of Court, rule 225 |

00130

**EXHIBIT F**

00131

WASSERMAN, COMDEN & CASSELMAN L.L.P.
5567 Reseda Boulevard, Suite 330
Post Office Box 7033
Tarzana, California 91357-7033
(818) 705-6800  (323) 877-0995
Fax (818) 996-8266

## CONTINGENCY FEE AGREEMENT

THIS IS AN AGREEMENT between _Lydia Harris_ and _New Image Entertainment, Inc. and Lifestyle Records, Inc._, hereinafter referred to as "Client," and Wasserman, Comden & Casselman L.L.P., hereinafter referred to as "Attorney." Unless a different Agreement is made in writing, this Agreement alone shall govern the respective rights and responsibilities of Client and Attorney.

**1.    Claims Covered by Agreement:** Client retains Attorney to represent Client in connection with representation regarding matters concerning Rattlesst, including, but not limited to breach of licensing, publishing and all intellectual property issues.

This Agreement does not cover other related claims that may arise and may require legal services. If such matters arise, separate agreements for legal services will be required if Client wishes Attorney to handle such matters.

**2.    Services to be Performed by Attorney:** Attorney agrees to perform the following legal services, if necessary, with respect to the claims described above:

- investigation of claims;
- determining responsible parties;
- preparation and filing of lawsuit;
- settlement procedures and negotiations;
- prosecution of claim by arbitration or legal action until award or judgement is obtained; and
- if judgement is obtained in Client's favor, opposing a motion for new trial by an opposing party.

Attorney is authorized to associate or employ, at Attorney's own expense, other counsel to assist in performing the services required by this Agreement, and to appear on Client's behalf in any proceeding or lawsuit.

**3.    Services Not Covered by This Agreement:** If additional services are necessary in connection with Client's claims, and Client requests Attorney to perform such services, fee arrangements for such additional services must be made between Attorney and Client. Such additional services may be required, for example:

- if the judgment obtained is not in Client's favor, or the amount thereof is unsatisfactory to Client;
- if the judgment obtained is in Client's favor, and an opposing party appeals from the judgment;
- if a retrial is ordered after a motion for new trial or mistrial, or reversal of the judgment on appeal; or
- in judgment enforcement proceedings.

**4.    No Guarantee as to Result:** Client acknowledges that Attorney has made no guarantee as to the outcome or the amounts recoverable in connection with Client's claims.

**5.    Litigation Costs and Expenses:** Attorney is authorized to incur reasonable costs and expenses in performing legal services under this Agreement. Client agrees to reimburse Attorney for such costs and expenses in addition to the contingency fee discussed below in the event of any recovery.

    (a)    **Particular Costs and Expenses:** The costs and expenses necessary in this case may include any or all of the following items (This list is not exclusive; other items may also be necessary, and the costs shown are subject to change on prior written notice to Client).

- court filing fees
- process serving fees
- fees to private investigators
- fees to photographers or graphic artists
- fees to experts for consultation and/or appearance at deposition or trial
- jury fees
- mail, messenger and other delivery charges
- parking and other local travel at 31½¢/mile
- transportation, meals, lodging and all other costs of necessary out-of-town travel
- long distance telephone charges
- photocopying (in office) at 30¢/page
- word processing charges
- computerized legal research
- other computer time

    (b)    **Client's Responsibility re Costs:** Attorney may advance such costs and expenses on Client's behalf, but is not obligated to do so. Client agrees to reimburse Attorney out of any settlement or judgment proceeds as a priority payment.

**6.    Contingency Fee to Attorney:** Client acknowledges that he/she has been advised by Attorney and is aware that the contingency fee is a 40% arrangement and has been negotiated between Client and Attorney.

Based on such negotiations, Client agrees that the following fee arrangement is fair and reasonable, and to pay Attorney the following amount:

-1-

00132

If the matter is settled before a lawsuit is filed, the amount equal to four percent (40%) of any recovery obtained.

If the matter is settled after a lawsuit is filed, but before the case is first assigned a trial date, an amount equal to thirty three and forty percent (40%) of any recovery obtained.

Thereafter, an amount equal to forty percent (40%) of any recovery, whether by way of settlement, judgment or compromise.

(a)     Costs and Expenses as Affecting Contingency Fee: Attorney's fee shall be computed based on the gross recovery. Costs and expenses paid by Attorney in connection with Client's claim shall be reimbursed after the contingency fee is computed. Client's share of the recovery shall be the balance remaining after reimbursement of such costs and expenses and payment of the contingency fee.

(b)     Form of Recovery as Affecting Contingency Fee: If the recovery consists of payments to be made over a period of time, or other property not entirely cash or cash-equivalent, the contingency fee shall be based on the present cash value of the recovery as determined by generally recognized accounting and appraisal standards. (For example, if the recovery consists of $1,000 payable at $100/year over 10 years, its present value may be approximately $380, depending on prevalent interest rates.) The contingency fee shall be paid out of the first funds or property received by Client.

(c)     Sanctions Award as Part of Recovery: Monetary sanctions awarded to Attorney during the course of this litigation shall not be considered part of Client's recovery in this action. Such sanctions shall be deemed compensation to counsel for extraordinary time and effort expended as a result of an opposing party's bad faith conduct or failure to comply with discovery demands, court orders or similar obligations. But if the sanctions award includes a costs item (such as the filing fee for making a motion), the amount thereof shall be credited to Client's costs account when received by Attorney.

7.     Effect of Discharge by Client: Client shall have the right to discharge Attorney at any time upon written notice to Attorney. Such discharge shall not affect Client's obligation to reimburse Attorney for costs incurred prior to such discharge. In addition, Attorney shall be entitled to the reasonable value of legal services performed prior to such discharge to be paid by Client from any subsequent recovery on claims covered by this Agreement.

8.     Attorney's Lien: To secure payment to Attorney of all sums due under this Agreement for services rendered or costs advanced, Client hereby grants Attorney a lien on Client's claim and any cause of action or lawsuit filed thereon, and to any recovery Client may obtain, whether by settlement, judgment or otherwise.

9.     Insurance: Weissman, Camden & Casselman L.L.P. maintains errors-and-omissions insurance applicable to the services to be rendered under the terms of this Agreement.

10.     Arbitration of Disputes: If a dispute arises between Attorney and Client regarding fees or services in connection with the above-referenced transaction, such dispute shall be submitted to binding arbitration. This includes any claim for breach of contract, negligence, breach of fiduciary duty or other wrongdoing.

Such arbitration shall be conducted in accordance with the rules of the American Arbitration Association or Judicial Arbitration & Mediation Services, or CCP § 1280 et seq.

You acknowledge that we have explained to you that such binding arbitration may deprive you of various rights that you otherwise might have in a legal action, including without limitation, the right to a jury trial, the right to appeal, and full discovery rights.

INITIALLING BELOW SIGNIFIES ACKNOWLEDGMENT OF THIS EXPLANATION:

_____               M S R
(CLIENT'S INITIALS)                (WC&C)

11.     Client's Receipt of Agreement and Knowledge of Terms: Client acknowledges that he/she has read and fully understands all of the terms and conditions of this Agreement before signing it, and has received a copy of this Agreement upon execution thereof.

Executed at 5567 Reseda Blvd., Suite 330, Tarzana, CA 91357          (place) on    January 15, 2001.

ATTORNEY:                         CLIENT:

WEISSMAN/CAMDEN, CASSELMAN & PEARSON L.L.P.    LYDIA HARRIS

BY: _____               _____
MARTIN S. KUDOY                   3010 W. Avenue K, Suite 424
                                  Lancaster, CA 93534
5567 Reseda Boulevard, Suite 330
Tarzana, California  91357        Telephone:  (Cell) 310-394-2704

(818) 705-6800                    Facsimile:   323-291-7317

Facsimile:  (818) 345-0162

-2-

1-2

**FIRM:**

**DATE:** April 4, 2006

HAIGHT, BROWN AND BO STEEL
6080 CENTER DRIVE, SUITE 8 **COURT/** LASC
LOS ANGELES, CA 90045    **BRANCH:** Central

**CLIENT ACCOUNT #: 124**    **NUMBER:** BC 340196
ROUTE #: 10
**CASE:** Wasserman v. Harris

**PHONE #:**    (310) 215-7100

**DOCUMENTS:**

**FAX #:**    (310) 215-7300    First Amended Complaint

**ATTENTION OF:** S. Caib/T. Welsch
**EXT:** 7739
**ATTY FILE #:** WC11-0087

**CH** 7429065

(213) 628-6338

Janney & Janney
attorney service, inc.

MEMBER - CALIFORNIA ASSOCIATION OF PHOTOCOPIERS AND PROCESS SERVERS
FOUNDING MEMBER - NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

1313 W. 8TH ST., SUITE #310
LOS ANGELES, CA 90017

PLEASE TEAR PERFS OFF THIS SIDE ONLY / RETAIN LAST COPY

**PLEASE NOTE ANY SPECIFIC OR TIMELY FILING REQUIREMENTS**

**INSTRUCTIONS:**
- ☑ FILE & CONFORM
- ☐ ISSUE
- ☐ RECORD
- ☐ COPY
- ☐ CERTIFY
- ☐ OTHER (specify):
- ☐ ADVANCE FEES
- ☐ CHECK ATTACHED $

**SERVE** PER ATTACHED SERVICE INSTRUCTIONS

**DO TODAY**

APPEARANCE FEES PAID: ☐ YES  ☐ NO

IF YES, DATE PAID:

**STATUTE-DATE:**

UPCOMING HEARINGS (IMPORTANT) DATE: _____ TIME: _____ DEPT. _____

REPORT:

| ITEM | CHARGES |
|------|---------|
| RUSH FILING | |
| OUT OF COUNTY | |
| INDEX | |
| RECORDING | |
| COURT SERVICE | |
| FAX | |

☐ ASSIGNMENT COMPLETED BY _____ INITIALS

☐ REJECTED

☐ ATTY. CALLED _____ DATE

SPOKE WITH _____

☐ BILLING TO FOLLOW

| JANNEY ADVANCED | |
|------|---------|
| CHECK # | |

1  2  3  4  5  6  7  8  9  10  11  12  13  14  15  16  17  18  19  20

**ATTORNEY'S FILE COPY**

00134

FIRM:     DATE: April 4, 2006

HAIGHT, BROWN AND BO  STEEL
8080 CENTER DRIVE, SUITE 800
LOS ANGELES, CA 90045

COURT/   LASC
BRANCH:   Central

CLIENT ACCOUNT #: 124
ROUTE # : 10

NUMBER:   BC 340196

CASE:   Wasserman v Harris

PHONE #:   (310) 215-7100

FAX #:   (310) 215-7300

DOCUMENTS:

First Amended Complaint
Redline Version of same.

ATTENTION OF:   S. Caine/T. Weis
EXT:   7739
ATTY FILE #:   WC11-0007

**CH 7429064**

(213) 628-6338

J Janney & Janney
attorney service, inc.

1313 W. 8TH ST., SUITE #310
LOS ANGELES, CA 90017

FOUNDING MEMBER • CALIFORNIA ASSOCIATION OF PHOTOCOPIERS AND PROCESS SERVERS
MEMBER • NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

PLEASE TEAR PERFS OFF THIS SIDE ONLY / RETAIN LAST COPY

---

**PLEASE NOTE ANY SPECIFIC OR TIMELY FILING REQUIREMENTS**

**INSTRUCTIONS:**

☐ FILE & CONFORM
☐ ISSUE
☐ RECORD
☐ COPY
☐ CERTIFY
☑ OTHER (specify):
☐ ADVANCE FEES
☐ CHECK ATTACHED $ _____

**SERVE** PER ATTACHED SERVICE INSTRUCTIONS

**DO TODAY**

Deliver the attached documents to the Clerk in Dept. 41 as a courtesy copy of documents being filed today.

APPEARANCE FEES PAID: ☐YES ☐NO

**STATUTE-DATE:**

IF YES, DATE PAID: _____

UPCOMING HEARINGS (IMPORTANT) DATE: _____ TIME: _____ DEPT. _____

REPORT: _____

| ITEM | CHARGES |
|---|---|
| RUSH FILING | |
| OUT OF COUNTY | |
| INDEX | |
| RECORDING | |
| COURT SERVICE | |
| FAX | |

☐ ASSIGNMENT COMPLETED BY _____ INITIALS

☐ ATTY. CALLED _____ DATE   SPOKE WITH _____

☐ REJECTED

☐ BILLING TO FOLLOW

| JANNEY ADVANCED | |
|---|---|
| CHECK # | |

1  2  3  4  5  6  7  8  9  10  11  12  13  14  15  16  17  18  19  20

**ATTORNEY'S FILE COPY**

-00135

**FedEx Express US Airbill**

FedEx Tracking Number: 8569 4066 0358

Sender's Copy

**From** (Please print and press hard)

Date: 3/31/06

Sender's FedEx Account Number: 0904-1912-9

Sender's Name: Stephen M. Caine    Phone: (310) 215-7801

Company: HAIGHT BROWN BONESTEEL

Address: 6080 CENTER DR STE 800

City: LOS ANGELES    State: CA    ZIP: 90045

Your Internal Billing Reference: WC11-0007

**To**

Recipient's Name: Dermot Damian Givens    Phone: (310) 854-8823

Company:

Recipient's Address: 433 North Camden Drive #600

Address:

City: Beverly Hills    State: CA    ZIP: 90210

0332443625

**4a Express Package Service** — Packages up to 150 lbs.

[X] FedEx Standard Overnight

**4b Express Freight Service** — Packages over 150 lbs.

**5 Packaging**

[X] FedEx Pak

**6 Special Handling**

[X] No

**7 Payment** Bill to:

[X] Sender

Total Packages / Total Weight / Total Declared Value: $ .00

**8 NEW Residential Delivery Signature Options**

519

00136

00332443625

**FedEx** US Airbill

Tracking Number: 8569 4066 0369

Sender's Copy

From
Date 3/31/06    Sender's FedEx Account Number 0904-1912-9
Sender's Name Stephen M. Caine    Phone (310) 215-7801
Company HAIGHT BROWN BONESTEEL
Address 6080 CENTER DR STE 800.
City LOS ANGELES    State CA    ZIP 90045

Your Internal Billing Reference WC11-0007

To
Recipient's Name Debra V. Crawford    Phone (831) 624-2422
Company
Recipient's Address SW Mission & 4th, #5
Address
City Carmel    State CA    ZIP 9392100373

0332443625

00137

**FedEx Express** US Airbill

8569 4066 0483    **Sender's Copy**

**1 From** Please print and press hard

Date 3/31/06    Sender's FedEx Account Number 0904-1912-9

Sender's Name Stephen M. Caine    Phone (310) 215-7801

Company HAIGHT BROWN BONESTEEL

Address 6080 CENTER DR STE 800

City LOS ANGELES    State CA    ZIP 90045

Your Internal Billing Reference WC11-0007 OPTIONAL

**To**

Recipient's Name Laurence D. Strick    Phone (323) 964-5231

Company Law Office of Laurence D. Strick

Recipient's Address 339 N. Sycamore Ave., #2

City Los Angeles    State CA    ZIP 90036

0332443625

**4a Express Package Service**
- [ ] FedEx Priority Overnight
- [X] FedEx Standard Overnight
- [ ] FedEx First Overnight
- [ ] FedEx 2Day
- [ ] FedEx Express Saver

**4b Express Freight Service**
- [ ] FedEx 1Day Freight
- [ ] FedEx 2Day Freight
- [ ] FedEx 3Day Freight

**5 Packaging**
- [ ] FedEx Envelope
- [X] FedEx Pak
- [ ] FedEx Box
- [ ] FedEx Tube
- [ ] Other

**6 Special Handling**
- SATURDAY Delivery
- [X] No
- [ ] Yes
- [ ] Dry Ice
- [ ] Cargo Aircraft Only

**7 Payment** Bill to
- [X] Sender
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [ ] Cash/Check

Total Packages    Total Weight    Total Declared Value $ .00

**8 NEW Residential Delivery Signature Options**
- [ ] No Signature Required
- [ ] Direct Signature
- [ ] Indirect Signature    519

FedEx US Airbill

FedEx Tracking Number: 8569 4066 0472

Sender's Copy

**From** Please print and press hard
Date: 3/31/06
Sender's FedEx Account Number: 0904-1912-9
Sender's Name: Stephen M. Caine   Phone (310) 215-7801
Company: HAIGHT BROWN BONESTEEL
Address: 6080 CENTER DR STE 900
City: LOS ANGELES   State CA   ZIP 90045

Your Internal Billing Reference: WC11-0007   ORIGINAL

**To**
Recipient's Name: Steven M. GOldber   Phone (310) 979-8274
Company: Russ August & Kabat
Recipient's Address: 12424 Wilshire Blvd., Ste. 12th FL
Address:
City: Los Angeles   State CA   ZIP 90025

0332443625

store your addresses at fedex.com

4a Express Package Service
4b Express Freight Service
5 Packaging
6 Special Handling
7 Payment
8 NEW Residential Delivery Signature Options

519

00139

**FedEx.** *US Airbill*

Express

Tracking Number: 8569 4066 0461

Sender's Copy

From
Date 3/31/06
Sender's FedEx Account Number 0904-1912-9

Sender's Name Stephen M. Caine    Phone (310) 215-7801

Company HAIGHT BROWN BONESTEEL

Address 6080 CENTER DR STE 800

City LOS ANGELES    State CA    ZIP 90045

Your Internal Billing Reference WC11-0007

To
Recipient's Name Larry Nagelberg    Phone (310) 208-3220

Company Nagelberg & Associates

Recipient's Address The Tower, Suite 2150

Address 10940 Wilshire Blvd.

City Los Angeles    State CA    ZIP 90024

0332443625

**4a Express Package Service**
- FedEx Priority Overnight
- [X] FedEx Standard Overnight
- FedEx First Overnight
- FedEx 2Day
- FedEx Express Saver

**4b Express Freight Service**
- FedEx 1Day Freight
- FedEx 2Day Freight
- FedEx 3Day Freight

**5 Packaging**
- FedEx Envelope
- [X] FedEx Pak
- FedEx Box
- FedEx Tube
- Other

**6 Special Handling**
- SATURDAY Delivery NOT Available
- HOLD Weekday at FedEx Location
- HOLD Saturday at FedEx Location
- [X] No
- Yes
- Yes
- Dry Ice
- Cargo Aircraft Only

**7 Payment** Bill to:
- [X] Sender
- Recipient
- Third Party
- Credit Card
- Cash/Check

Total Packages    Total Weight    Total Declared Value $

**8 NEW Residential Delivery Signature Options**
- No Signature Required
- Direct Signature
- Indirect Signature

519

00140

**FedEx.** US Airbill   Express

FedEx Tracking Number: 8569 4066 0347

From
Date 3/31/06   Sender's FedEx Account Number 0904-1912-9

Sender's Name Stephen M. Caine   Phone (310) 215-7B01

Company HAIGHT BROWN BONESTEEL

Address 6080 CENTER DR STE 800

City LOS ANGELES   State CA   ZIP 90045

Your Internal Billing Reference WC11-0007

Recipient's Name Rex Julian Beaber   Phone ( ) 557-1198

Address 1546 Calmar Court

City Los Angeles   State CA   ZIP 90024

0332443625

0333341645

**Sender's Copy**

4a Express Package Service
FedEx Priority Overnight
FedEx Standard Overnight
FedEx First Overnight
FedEx 2Day
FedEx Express Saver

4b Express Freight Service
FedEx 1Day Freight
FedEx 2Day Freight
FedEx 3Day Freight

5 Packaging
FedEx Envelope
FedEx Pak
FedEx Box
FedEx Tube
Other

6 Special Handling
SATURDAY Delivery
HOLD Weekday
HOLD Saturday
No   Yes
Dry Ice
Cargo Aircraft Only

7 Payment   Bill to:
Sender
Recipient
Third Party
Credit Card
Cash/Check

Total Packages   Total Weight   Total Declared Value

8 NEW Residential Delivery Signature Options
No Signature Required
Direct Signature
Indirect Signature
519



MAILING LIST
WASSERMAN v. LYDIA HARRIS; LIFESTYLE RECORDS
BC 340196

Rex Julian Beaber
1546 Calmar Court
Los Angeles, CA 90024

Tel:  557-1198
Fax:
Xerxers@aol.com

**F K**

Gary S. Soter
Pearson, Soter, Warshaw & Penny
15165 Ventura Blvd., #400
Sherman Oaks, CA 91403

Tel:  818-788-8300
Fax:  818-788-8104
gsoter@nswplaw.com

**MAIL**

David B. Casselman
Wasserman Comden, Casselman & Pearson
5567 Reseda Blvd., #330
Tarzana, CA 91357

Tel:  818-705-6800
Fax:  818-705-8634
hblum@wcclaw.com

**MAIL**

Dermot Damian Givens
433 North Camden Dr., #600
Beverly Hills, CA 90210

Tel:  310-854-8823
Fax:  323-878-0416
dermotg@aol.com

**FX**

Kevin Gilliam
1502 South Alpine Dr.
West Covina, CA 91791

[Pro Per]

**MAIL**

Debra V. Crawford
P.O. Box 373, SW Mission & 4th, #5
Carmel, CA 93921-0373

Tel:  831-624-2422
Fax:  831-624-2428
ddvcrawford@earthlink.net

**MAIL FED** *K*

Steven M. Goldberg
Russ, August & Kabat
12424 Wilshire Blvd., 12th Floor
Los Angeles, CA 90025

Tel:  310-979-8274
Fax:  310-826-6991
sgoldberg@raklaw.com

**FX**

Laurence D. Strick
Law Office of Laurence D. Strick
339 N. Sycamore Ave., # 2
Los Angeles, CA 90036

Tel: (323) 964-5231
Fax: (323) 964-8135
larrystrick@yahoo.com

**FX**

Larry Nagelberg
Nagelberg & Associates
The Tower, Suite 2150
10940 Wilshire Blvd.
Los Angeles, CA 90024

Tel: (310) 208-3220
Fax: (310) 208-3830

**F K**

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000003
3123664.1

22

FIRST AMENDED COMPLAINT

00142

# EXHIBIT 5

00143

*Part 1 of 6*

1   **HILL, FARRER & BURRILL LLP**
    Daniel J. McCarthy (Bar No. 101081)
2   One California Plaza, 37th Floor
    300 South Grand Avenue
3   Los Angeles, CA 90071-3147
    Telephone: (213) 620-0460
4   Fax: (213) 624-4840

```
┌─────────────────────────┐
│          FILED          │
│                         │
│       NOV 1 – 2006      │
│                         │
│    CLERK U.S. BANKRUPTCY │
│  CENTRAL DISTRICT OF CALIFORNIA │
│             Deputy Clerk │
└─────────────────────────┘
```

5   Attorneys for Debtor in Possession and Plaintiff
    MARION KNIGHT, JR., and Proposed Special
6   Counsel for Plaintiff R. TODD NEILSON, CHAPTER
    11 TRUSTEE FOR DEATH ROW RECORDS, INC.

7

8               UNITED STATES BANKRUPTCY COURT

9           FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                   LOS ANGELES DIVISION

11

| | |
|---|---|
| 12   In re: | CASE NO. LA-06-11187 EC |
| 13   MARION KNIGHT, JR., | |
| 14 | Chapter 11 |
| 15         Debtor. | ADV. NO. LA-06-01660-EC |
| 16   MARION KNIGHT, JR., and R. TODD | **FIRST AMENDED COMPLAINT FOR:** |
| 17   NEILSON, CHAPTER 11 TRUSTEE FOR DEATH ROW RECORDS, INC., | **1. INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONSHIP;** |
| 18         Plaintiffs, | **2. AVOIDANCE OF PREFERENTIAL TRANSFERS UNDER 11 U.S.C. § 547;** |
| 19       vs. | **3. AVOIDANCE OF FRAUDULENT TRANSFERS UNDER 11 U.S.C. § 548;** |
| 20   LYDIA HARRIS and MICHAEL RAY HARRIS, | **4. AVOIDANCE OF FRAUDULENT TRANSFERS UNDER 11 U.S.C. § 542 AND CIVIL CODE § 3439.05;** |
| 21         Defendants. | **5. RECOVERY OF PROPERTY UNDER 11 U.S.C. § 551;** |
| 22 | **6. OBJECTION TO CLAIMS UNDER 11 U.S.C. § 502(a) AND (d);** |
| 23 | **7. SUBORDINATION OF CLAIMS UNDER 11 U.S.C. § 510(c);** |
| 24 | **8. SUBORDINATION OF CLAIMS UNDER 11 U.S.C. § 510(b)** |
| 25 | **[Filed With Permission From Court]** |
| 26 | **DATE:** February 27, 2007 |
| 27 | **TIME:** 2:30 p.m.<br>**PLACE:** Courtroom 1639 |
| 28 | |

00144

1    COMES NOW, MARION KNIGHT, JR., and R. TODD NEILSON, Chapter 11 Trustee

2    for DEATH ROW RECORDS, INC. (sometimes collectively referred to herein as "plaintiffs"),

3    and they complain of defendants, and each of them, as follows:

<div align="center"><u>General Allegations</u></div>

<div align="center"><u>Jurisdiction and Venue</u></div>

6    1.    This Court has jurisdiction over the claims alleged in this Complaint under 28

7    U.S.C. §1334.

8    2.    Venue of the claims alleged in this Complaint is proper before this Court under 28

9    U.S.C. §1409 in that the claims alleged herein give rise to a proceeding arising under Title 11 of

10    the United States Code or are claims arising in or related to this Chapter 11 case under Title 11 of

11    the United States Code.

12    3.    The claims alleged herein present a core proceeding within the meaning of 28

13    U.S.C. §157(b)(2)(A), (B), (C), (E), (F), (H), and/or (O).

14    4.    At hearing on October 18, 2006, the United States Bankruptcy Court for the

15    Central District of California, Los Angeles Division (the "Bankruptcy Court") granted the motion

16    of Lydia Harris, as joined by Michael Ray Harris, to the extent that it requested that the

17    Bankruptcy Court abstain from hearing the first six claims for relief in the original Complaint that

18    commenced the above-captioned adversary proceeding.  As such, those claims are not re-alleged

19    in this First Amended Complaint, which now is limited to the seventh through fourteenth claims

20    alleged in the original Complaint, which have been renumbered as the first through eighth claims,

21    and which have been amended, as permitted by the Bankruptcy Court. The facts underlying the

22    first through sixth claims alleged in the original Complaint, however, bear upon the remaining

23    claims on which the Court did not abstain, so those facts are re-alleged in this First Amended

24    Complaint.

<div align="center"><u>The Parties</u></div>

26    5.    Marion Knight, Jr. ("Mr. Knight"), who also is known as Suge Knight and Marion

27    Hugh Knight, is an individual and resident of the County of Los Angeles, State of California.  On

28    April 4, 2006, he filed a voluntary Chapter 11 petition for relief commencing Case No. LA-06-

<div align="center">- 2 -</div>

A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1   11137 EC in the Bankruptcy Court.

2       6.      Death Row Records, Inc. ("Death Row Records") is now and at all times

3   mentioned herein has been a corporation organized and existing under the laws of the State of

4   California, with its principal place of business in the County of Los Angeles, California.  On

5   April 4, 2006, Death Row Records also filed a voluntary Chapter 11 petition for relief

6   commencing Case No. LA-06-111205 EC in the Bankruptcy Court.

7       7.      By Order entered on July 11, 2006, the Bankruptcy Court granted the motion of

8   the Office of the United States Trustee to appoint a Chapter 11 trustee for the estate of Death Row

9   Records.  The Office of the United States Trustee subsequently appointed R. Todd Neilson as the

10  Chapter 11 Trustee for the estate of Death Row Records, and the Bankruptcy Court approved that

11  appointment by order entered on July 19, 2006.  Mr. Neilson continues to act in the capacity as

12  the Chapter 11 Trustee for the estate of Death Row Records.  As such, he has substituted in as the

13  real party in interest for Death Row Records in the above-captioned adversary proceeding.  All

14  allegations in this First Amended Complaint by Mr. Neilson on made based upon information and

15  belief.

16      8.      Plaintiffs are informed and believe and based thereon alleged that Lydia Harris is

17  now an individual and resident of the State of Texas, though she previously was a resident of the

18  State of California at certain times relevant to this Complaint.

19      9.      Plaintiffs are informed and believe and based thereon alleged that Michael Ray

20  Harris is now and at all times mentioned herein has been an individual and resident of the State of

21  California, and that he presently is incarcerated in San Quentin State Prison in San Quentin,

22  California.

23      10.     Plaintiffs are informed and believe and based thereon alleged that Lydia Harris and

24  Michael Ray Harris were married to each other at all times mentioned herein until December 23,

25  2005, when their marriage was dissolved by Judgment of the Superior Court of the State of

26  California for the County of Monterey under which the proceeds of the below-described State

27  Court action were determined to be the community property of Lydia Harris and Michael Ray

28  Harris.

00146

1  **The Underlying State Court Action**

2      11.      Plaintiffs are informed and believe and based thereon alleged that on or about

3  February 26, 2002, Lydia Harris filed a Complaint in the Los Angeles County Superior Court,

4  Central District, commencing Case No. BC 268857 against Mr. Knight, Death Row Records, and

5  others (the "State Court action").  A true and correct copy of that Complaint is attached hereto as

6  **Exhibit A**.

7      12.      Plaintiffs are informed and believe and based thereon alleged that on or about

8  March 9, 2005, the Court in the State Court action entered a default judgment against Mr. Knight

9  and Death Row Records, a true and correct copy of which is attached hereto as **Exhibit B** (the

10  "Default Judgment").

11  **The 2005 "Valid Settlement Agreement"**

12      13.      During the time period March through June 2005, Mr. Knight and Death Row

13  Records were financially unable to make any payment to Lydia Harris on the Default Judgment.

14  Further, during that same time period, based upon existing tax and judgment liens that were prior

15  to any judgment lien that Lydia Harris had or could have obtained, Lydia Harris had little or no

16  possibility of collecting from Mr. Knight or Death Row Records on any portion of the Default

17  Judgment.  Mr. Knight verbally communicated these facts directly to Lydia Harris during the

18  approximate period March through May 2005, and plaintiffs are informed and believe and based

19  therein allege that counsel of record for Mr. Knight and Death Row Records in the State Court

20  action, who was Dermot Givens, also verbally communicated these facts during the same period

21  to Lydia Harris through her counsel and that he later verbally communicated these facts directly

22  to Lydia Harris when she was not represented by counsel in the State Court action.

23      14.      In late May 2005, Mr. Knight paid Lydia Harris the sum of $1,000,000.00 based

24  upon the belief that Mr. Knight and Death Row Records had entered into a written settlement

25  agreement with Lydia Harris under which she was releasing them from any and all liability under

26  the Default Judgment.  This sum of money was advanced to Mr. Knight by Interscope Records,

27  Inc., and it was paid to Ms. Harris in the form of a cashier's check for $10,000.00 that was paid to

28  Ms. Harris on approximately May 20, 2005, and a cashier's check for $990,000.00 that was paid

-4-

00147

A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1   to Ms. Harris on approximately May 27, 2005. Attached hereto as **Exhibit C** is a true and correct

2   copy of the cashier's check for $990,000.00.

3          15.     Attached hereto as **Exhibit D** is a true and correct copy of the written settlement

4   agreement (the "Valid Settlement Agreement") that Mr. Knight is informed and believes that both

5   he and Lydia Harris signed in approximately late April 2005 at a time prior to the payment of

6   $1,000,000.00 by Mr. Knight to Lydia Harris. As confirmation of that Valid Settlement

7   Agreement, Lydia Harris executed a Notice of Settlement dated as of May 18, 2005, a true and

8   correct copy of which is attached hereto as **Exhibit E**. The Notice of Settlement was filed with

9   the Court in the State Court action on June 17, 2005, by Dermot Givens, who was counsel of

10   record for Mr. Knight and Death Row Records at the time, though the filing of that Notice was

11   delayed by Mr. Givens at the request of Ms. Harris.

<div align="center">

**The Parties' Contentions Regarding Alleged Settlement Agreements**

**And The Default Judgment**

</div>

14          16.     Plaintiffs are informed and believe and based thereon allege that defendant

15   Michael Ray Harris was permitted to intervene in the State Court action in January 2006; that he

16   asserts that he is entitled to an interest in the Default Judgment under the community property

17   laws of the State of California; and that Lydia Harris agrees that Michael Ray Harris has a

18   community property interest in the Default Judgment, as has been determined by the Judgment of

19   the Superior Court of the State of California for the County of Monterey, which was entered on

20   approximately December 23, 2005.

21          17.     Plaintiffs are informed and believe and based thereon alleged that Lydia Harris and

22   Michael Ray Harris contend that the Default Judgment entered against Mr. Knight and Death

23   Row Records in the State Court action is valid and enforceable. Though plaintiffs recognize that

24   counsel for Mr. Knight and Death Row Records in the State Court action did not seek relief from

25   the Default Judgment or file an appeal for an entry of the Default Judgment, they contend that the

26   Default Judgment is invalid and unenforceable because the health and safety of their counsel of

27   record in the State Court action (Dermot Givens) and of his child were threatened by Lydia Harris

28   and Michael Ray Harris and by people acting on their behalf; because Mr. Givens was induced

<div align="center">- 5 -</div>

00148

1   not to pursue an appeal from the Default Judgment and to seek relief from the Default Judgment

2   under California Code of Civil Procedure §473 based upon misrepresentations made to him by

3   Michael Ray Harris and Lydia Harris and by people acting on their behalf; because Mr. Givens

4   was acting under duress and undue influence, rather than in the best interests of Mr. Knight and

5   Death Row Records; because Mr. Knight and Death Row Records believed that the State Court

6   action had been settled; and because Mr. Knight and Death Row Records did not have sufficient

7   notice and opportunity to be heard with respect to the entry of the Default Judgment, thereby

8   rendering it void under applicable law.

9       18.    Plaintiffs contend that the Valid Settlement Agreement that was entered into in

10  approximately late April 2005, a copy of which is attached hereto as **Exhibit D**, is a valid and

11  enforceable settlement agreement with Lydia Harris that binds Michael Ray Harris, who claims

12  an interest in the Default Judgment that was settled by that Valid Settlement Agreement.

13      19.    Plaintiffs are informed and believes and based thereon alleges that Lydia Harris

14  now contends that she never signed the Valid Settlement Agreement and that she contends that

15  another settlement agreement was signed under which no consideration was provided by her to

16  Mr. Knight or Death Row Records, whether in the form of releases, a reduction in excess of the

17  $1,000,000.00 paid to her in the amount owing under the Default Judgment, any agreement to

18  forbear in collecting, or otherwise.

19      20.    Plaintiffs are further informed and believe and based thereon alleged that Lydia

20  Harris and Michael Ray Harris contend that the Valid Settlement Agreement is a not valid and

21  enforceable settlement agreement.

22      21.    Plaintiffs are informed and believe and based thereon alleged that Lydia Harris and

23  Michael Ray Harris contend that another settlement agreement was entered into between Mr.

24  Knight and Death Row Records, on the one hand, and Lydia Harris, on the other hand, in

25  approximately May 2005; that **Exhibit F** hereto is a true and correct copy of that settlement

26  agreement (the "Invalid Settlement Agreement"), though there may be other versions of a

27  settlement agreement that Lydia Harris and Michael Ray Harris contend were the settlement

28  agreement that was entered into between Mr. Knight and Death Row Records, on the one hand,

00149

1    and Lydia Harris, on the other hand; and that the sum of $1,000,000.00 was paid by Mr. Knight to

2    Lydia Harris pursuant to that Invalid Settlement Agreement.  Plaintiffs contend that Mr. Knight

3    and Death Row Records never saw or executed the Invalid Settlement Agreement and that the

4    Invalid Settlement Agreement is void, invalid and unenforceable as against plaintiffs and Death

5    Row Records.

6    22.    Plaintiffs further contend that there was no meeting of the minds on the part of Mr.

7    Knight and Death Row Records regarding material terms of the Invalid Settlement Agreement,

8    and that it is also void, invalid and unenforceable for that reason.

9    23.    Plaintiffs further contend that Mr. Knight and Death Row Records received no

10    consideration under the Invalid Settlement Agreement.

11    24.    Plaintiffs further contend that, if neither the Valid Settlement Agreement nor the

12    Invalid Settlement Agreement are found by the Bankruptcy Court to be enforceable, then there at

13    least was a verbal settlement agreement between Mr. Knight and Death Row Records, on the one

14    hand, and Lydia Harris, on the other hand, that Mr. Knight and Death Row Records have

15    performed upon under which Lydia Harris agreed to accept the sum of $1,000,000.00 in full

16    settlement of all claims alleged by her in the State Court action and in full satisfaction of the

17    Default Judgment in the State Court action.  Plaintiffs are informed and believe and based thereon

18    allege that defendants contend otherwise.

19    25.    On or before late May 2005, when Mr. Knight obtained the sum of $1,000,000.00

20    to pay Lydia Harris pursuant to the Valid Settlement Agreement described above and pursuant to

21    his understanding that said payment would operate to settle all claims made by Lydia Harris in

22    the State Court action and the Default Judgment in that action, Lydia Harris represented to Mr.

23    Knight, who she knew that was acting on behalf of himself and on behalf of Death Row Records,

24    and to counsel for Mr. Knight and Death Row Records in the State Court action (Mr. Givens) that

25    she had executed the Valid Settlement Agreement and that the sum of $1,000,000.00 would be

26    accepted by her in full settlement of all claims made by her in the State Court action and in full

27    settlement of the Default Judgment in that action.  Ms. Harris knew or should have known that

28    any such statements by her to Mr. Givens would be repeated by him to Mr. Knight.  Mr. Knight

- 7 -

1    believed that representation and he neither knew nor had reason to know that the representation

2    would later be claimed to be false by Lydia Harris.  Accordingly, Mr. Knight and Death Row

3    Records actually and justifiably relied upon Lydia Harris' representation in paying the sum of

4    $1,000,000.00, which Lydia Harris now contends was paid pursuant to the Invalid Settlement

5    Agreement.

6         26.    After Lydia Harris was paid the sum of $1,000,000.00 in late May 2005, she failed

7    to disclose to Mr. Knight, Death Row Records, or their counsel in the State Court action that she

8    intended to assert that sum of $1,000,000.00 actually had been paid to her under the Invalid

9    Settlement Agreement, rather than in full settlement of all claims made by her in the State Court

10   action and in full settlement of the Default Judgment in that action.

11        27.    Mr. Knight did not discover the true facts regarding the misrepresentations and

12   omissions alleged in the two preceding paragraphs until a hearing in the State Court action on

13   March 31, 2006, at which Lydia Harris stated under oath in a declaration submitted by her

14   counsel that the sum of $1,000,000.00 was paid to her pursuant to the Invalid Settlement

15   Agreement and that it was not paid in full settlement of all claims made by her in the State Court

16   action and in full settlement of the Default Judgment in that action.  A true and correct copy of

17   that declaration is attached hereto as **Exhibit H**.

18        28.    In the event that the Court determines that the Mr. Knight and Death Row Records

19   actually entered into and executed the Invalid Settlement Agreement or at least agreed to be

20   governed by the terms and conditions of the Invalid Settlement Agreement, despite the fact that it

21   was not executed, plaintiffs contend that the Invalid Settlement Agreement is not enforceable

22   because they are entitled to rescission of that Agreement and the return of the sum of

23   $1,000,000.00 to the estates of Mr. Knight or Death Row Records.

24        29.    Plaintiffs are informed and believe and based thereon allege that, during the

25   approximate period March 2005 through March 2006, Michael Harris and Lydia Harris and

26   people acting on their behalf furthered the above-described fraud upon Mr. Knight and Death

27   Row Records and upon the State Court in the State Court action by exerting undue influence and

28   pressure upon counsel of record for Mr. Knight and Death Row Records in the State Court action

- 8 -

00151

1   by, among other things, threatening said counsel and his family, none of which was disclosed by

2   Lydia Harris or Michael Harris to Mr. Knight or Death Row Records and which Lydia Harris and

3   Michael Harris prevented counsel for Mr. Knight and Death Row Records in the State Court

4   action from disclosing to Mr. Knight and Death Row Records because of said undue influence

5   and threats. Mr. Knight and Death Row Records did not discover these facts until approximately

6   May 10, 2006.

7        30.    Mr. Knight and Death Row Records relied on the representations and

8   nondisclosures set forth in paragraphs 25, 26 and 29 above, as follows:

9             a.    Mr. Knight obtained an advance from Interscope Records, which was used

10   to pay Lydia Harris the sum of $1,000,000.00 in late May 2005;

11             b.    Mr. Knight and Death Row Records did not pursue their rights to appeal

12   the Default Judgment or to seek an order vacating it under California Code of Civil Procedure

13   §473 and other applicable law, but instead let applicable periods lapse during which such relief

14   could have been requested in a timely manner;

15             c.    Mr. Knight and Death Row Records did not defend themselves in the State

16   Court action after May 2005.

17        31.    If Mr. Knight and Death Row Record had known the true facts and had Lydia

18   Harris not made the misrepresentations alleged above, Mr. Knight would not have obtained an

19   advance from Interscope Records and used that advance to pay Lydia Harris the sum of

20   $1,000,000.00; Mr. Knight and Death Row Records would have sought an order vacating the

21   Default Judgment under California Code of Civil Procedure §473 and other applicable law; they

22   would have pursued an appeal from the Default Judgment in a timely manner; and they would

23   have defended themselves in the State Court action after May 2005.

24        32.    Mr. Knight and Death Row Records have been damaged as the sole and proximate

25   result of the above-described misrepresentations and material omissions by Lydia Harris to them

26   as follows:

27             a.    Mr. Knight paid Lydia Harris the sum of $1,000,000.00;

28             b.    Mr. Knight and Death Row Records did not obtain an order vacating the

00152

A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1   Default Judgment, either from the State Court or from an appellate court;

2          c.      Mr. Knight and Death Row Records incurred fees and costs in the State

3   Court action in an amount subject to proof in this action; and

4          d.      Mr. Knight and Death Row Records were forced to file their respective

5   Chapter 11 cases and to incur the fees and costs in connection with those cases, including the fees

6   and costs of their own counsel and all other professionals entitled to payment of administrative

7   expenses counsel, which sums continue to be incurred, all in an amount subject to proof at trial in

8   this action.

9          33.     If the representations that were made by Lydia Harris to Mr. Knight and Death

10  Row Records were not intentional, as alleged hereinabove, then they were negligently made by

11  Lydia Harris at the time they were made in that she did not have reason to believe they were true

12  when made and in that she knew or should have known that Mr. Knight and Death Row Records

13  would rely upon those representations in acting in the manner set forth hereinabove

14                          **The 1996 Settlement Agreement**

15         34.     Plaintiffs are informed and believe and based thereon allege that Interscope

16  Records, Inc., Michael Ray Harris, Mr. Knight, Death Row Records and others entered into a

17  Settlement and Release Agreement dated as of March 14, 1996, a true and correct copy of which

18  is attached hereto as **Exhibit G** (the "1996 Settlement Agreement").

19         35.     In the event that plaintiffs are granted relief from the Default Judgment through an

20  order vacating it, whether in this Court or in State Court, plaintiffs will be entitled to enforce the

21  1996 Settlement Agreement as against Michael Ray Harris and Lydia Harris

22         36.     Plaintiffs are informed and believe and based thereon allege that Interscope

23  Records, Inc., satisfied all covenants and conditions under the 1996 Settlement Agreement,

24  including payment of the sum of $300,000.00 required under paragraph 1 of that Settlement

25  Agreement.

26         37.     By paragraph 2 of the 1996 Settlement Agreement, Michael Ray Harris

27  acknowledged and agreed, *inter alia*, that neither he nor any individual or entity affiliated with

28  him (including his wife, Lydia Harris) held any interest in Death Row Records and that neither he

                                    - 10 -

1  nor any individual or entity affiliated with him (including his wife, Lydia Harris) was entitled to

2  any profits or other monies generated by Death Row Records, including, but not limited to, any

3  monies generated from the exploitation of any recordings of Death Row Records' artists

4  distributed by Interscope Records or anyone else.

5      38.    By paragraph 3 of the 1996 Settlement Agreement, Michael Ray Harris

6  quitclaimed to Death Row Records any interest or control in Death Row Records that he ever had,

7  owned or held, or could, shall or hereafter have, own or hold.

8      39.    Under paragraph 5 of the 1996 Settlement Agreement, Michael Ray Harris

9  released Mr. Knight, Death Row Records, and others from all claims.

10      40.    Under paragraph 8 of the 1996 Settlement Agreement, Michael Ray Harris agreed

11  never to commence or prosecute any action or suit on any of the claims released by him.

12      41.    Under paragraph 17 of the 1996 Settlement Agreement, Michael Ray Harris

13  agreed to indemnify and hold Mr. Knight and Death Row Records harmless from any claim,

14  demand, debt, obligation, liability, cost, expenses, right of action or causes of action, based in

15  arising out of, or in connection with, any transfer or assignment or purported transfer or

16  assignment of any claims released under the 1996 Settlement Agreement.

17      42.    Under paragraph 15 of the 1996 Settlement Agreement, the prevailing party is

18  entitled to all fees and costs incurred as a result of any proceeding between the parties relating to

19  the 1996 Settlement Agreement.

20      43.    Plaintiffs contend that the 1996 Settlement Agreement operated to release Mr.

21  Knight and Death Row Records from any and all claims held by Michael Ray Harris against Mr.

22  Knight and Death Row Records related to Death Row Records, including those now alleged by

23  him through the Default Judgment obtained by Lydia Harris against Mr. Knight and Death Row

24  Records in the State Court action. Plaintiffs are informed and believe and based thereon allege

25  that Lydia Harris and Michael Ray Harris deny those contentions.

26      44.    Plaintiffs contend that the 1996 Settlement Agreement operated to release Mr.

27  Knight and Death Row Records from any and all claims held by Lydia Harris against Mr. Knight

28  and Death Row Records related to Death Row Records, including those now alleged and held by

- 11 -

00154

1    Lydia Harris in the State Court action. Plaintiffs are informed and believe and based thereon

2    allege that Lydia Harris and Michael Ray Harris deny those contentions.

3                      **FIRST CLAIM FOR RELIEF**

4        **(For Intentional Interference with Contractual Relationship**

5     **by Mr. Knight and Chapter 11 Trustee R. Todd Neilson Against Lydia Harris)**

6           45.     Plaintiffs incorporate herein by reference paragraphs 1 through 44 hereinabove and

7    46 through 91 hereinbelow as though fully set forth herein.

8           46.     Mr. Knight and Death Row Records had a contractual relationship with Dermot

9    Givens under which they employed him to represent them as their counsel in the State Court

10    action.

11           47.     Defendants interfered with the attorney-client contractual relationship that Mr.

12    Knight and Death Row Records had with Mr. Givens by the conduct more fully alleged herein,

13    including threatening him and his child, exerting undue influence over him, defrauding him, and

14    otherwise improperly pressuring him.

15           48.     As the sole and proximate result of defendants' wrongful conduct, Mr. Givens did

16    not act in the best interests of Mr. Knight and Death Row Records in the State Court action by

17    failing to appeal the Default Judgment; failing to obtain relief from the Default Judgment under

18    California Code of Civil Procedure § 473 and other applicable law; failing to seek enforcement of

19    the Valid Settlement Agreement in the State Court action; failing to otherwise adequately

20    represent Mr. Knight and Death Row Records in the State Court action during the period March

21    2005 through March 2006; and failing to provide the Valid Settlement Agreement to successor

22    counsel to enforce at hearing in the State Court action on March 31, 2006.

23           49.     As the sole and proximate result of defendants' wrongful conduct, Mr. Givens

24    failed to take the actions specified in the preceding paragraph, thereby causing damage to Mr.

25    Knight and Death Row Records, as follows:

26                a.     Mr. Knight and Death Row Records did not obtain an order vacating the

27    Default Judgment, either from the State Court or from an appellate court;

28                b.     Mr. Knight and Death Row Records incurred fees and costs in the State

1  Court action in an amount subject to proof in this action; and

2          c.    Mr. Knight and Death Row Records were forced to file their respective

3  Chapter 11 cases and to incur the fees and costs in connection with those cases, including the fees

4  and costs of their own counsel and all other professionals entitled to payment of administrative

5  expenses counsel, which sums continue to be incurred, all in an amount subject to proof at trial in

6  this action.

7      50.    The conduct of defendants in intentionally interfering with the attorney-client

8  contractual relationship that Mr. Knight and Death Row Records had with Mr. Givens was

9  despicable conduct that was carried on by them for their own benefit and with willful and

10  conscious disregard of Mr. Knight and Death Row Records' rights, and said conduct was

11  fraudulent. Accordingly, plaintiffs are entitled to exemplary damages from defendants pursuant

12  to the provisions of California Civil Code § 3294 in an amount subject to proof at trial in this

13  action.

14  <div align="center">SECOND CLAIM FOR RELIEF</div>

15  <div align="center">(For Avoidance of Preferential Transfers Under U.S.C. § 547 or,</div>

16  <div align="center">Alternatively, for Recovery of Damages Under 11 U.S.C. § 550(a)</div>

17  <div align="center">by Mr. Knight or Chapter 11 Trustee R. Todd Neilson Against Lydia Harris)</div>

18      51.    Plaintiffs incorporate herein by reference paragraphs 1 through 50 hereinabove and

19  52 through 91 hereinbelow as though fully set forth herein.

20      52.    Plaintiffs are informed and believe and based thereon allege that, if the Default

21  Judgment entered against Mr. Knight and Death Row Records and in favor of Lydia Harris in the

22  State Court action is deemed to be valid and enforceable, then Lydia Harris has been determined

23  by virtue of that Default Judgment to have been a partner of Mr. Knight in connection with Death

24  Row Records, thereby making her an "insider" of Mr. Knight and of Death Row Records as the

25  term "insider" is defined under 11 U.S.C. § 101(31)(A)(iii) and 101(31)(B)(v).

26      53.    The transfer of $1,000,000.00 by Mr. Knight to Lydia Harris in late May 2005,

27  constituted a payment of antecedent debt claimed that Lydia Harris claimed that was owed to her

28  by Mr. Knight and Death Row Records, as alleged in the Complaint in the State Court action and

<div align="center">- 13 -</div>

1  as determined by virtue of the Default Judgment entered against Mr. Knight and Death Row

2  Records in the State Court action.

3      54.    As of the filing of this Complaint, plaintiffs are uncertain whether the

4  $1,000,000.00 transfer would be deemed under applicable law to have been made on behalf of

5  Mr. Knight individually or on behalf of Death Row Records, but it was made on behalf of one or

6  the other. As such, this claim is alternatively brought by Mr. Knight or Death Row Records.

7      55.    At the time of the transfer of the sum of $1,000,000.00 by Mr. Knight to Lydia

8  Harris, Mr. Knight and Death Row Records were insolvent, especially if the debt under the

9  Default Judgment is included in the determination of insolvency.

10      56.    The transfer of $1,000,000.00 made by Mr. Knight to Lydia Harris was made

11  within one year of the filing of the voluntary Chapter 11 petitions by Mr. Knight and Death Row

12  Records on April 4, 2006.

13      57.    The transfer of $1,000,000.00 to Lydia Harris by Mr. Knight enabled Lydia Harris

14  to receive more than she would have received if Mr. Knight's bankruptcy case were a case under

15  Chapter 7 of Title 11 of the United States Code, if that transfer had not been made, and if Lydia

16  Harris had received payment on her claims against Mr. Knight to the extent provided by Title 11

17  of the United States Code.

18      58.    Based upon the foregoing, pursuant to 11 U.S.C. § 547, Mr. Knight or Death Row

19  Records is entitled to avoid the transfer of $1,000,000.00 made to Lydia Harris.

20      59.    Alternatively, based on the foregoing, pursuant to 11 U.S.C. § 550(a), Mr. Knight

21  or Death Row Records is entitled to recover from Lydia Harris the sum of $1,000,000.00 plus

22  interest thereon at the legal rate.

23              **THIRD CLAIM FOR RELIEF**

24      **(For Avoidance of Fraudulent Transfers Under 11 U.S.C. § 548 or,**

25      **Alternatively, for Recovery of Damages Under 11 U.S.C. § 550(a)**

26      **by Mr. Knight or Chapter 11 Trustee R. Todd Neilson Against Lydia Harris)**

27      60.    Plaintiffs incorporate herein by reference paragraphs 1 through 59 hereinabove and

28  61 through 91 hereinbelow as though fully set forth herein.

00157

61. As alleged hereinabove, Mr. Knight and Death Row Records both were insolvent at the time of the transfer of $1,000,000.00 to Lydia Harris in late May 2005, within the meaning of 11 U.S.C. § 548(a)(1)(B)(ii)(I), especially if the debt under the Default Judgment is included in the determination of insolvency.

62. As set forth above, plaintiffs contend that the sum of $1,000,000.00 was paid to Lydia Harris in full settlement of the Default Judgment and all claims held by her against Mr. Knight and Death Row Records. However, if the sum of $1,000,000.00 is deemed to have been paid by Mr. Knight to Lydia Harris without receiving any consideration in return in the form of releases under the Valid Settlement Agreement or any other consideration, then neither Mr. Knight nor Death Row Records received reasonably equivalent value in exchange for the sum of $1,000,000.00 transferred to Lydia Harris in late May 2005, within the meaning of 11 U.S.C. § 548(a)(1)(B)(i).

63. There were creditors holding claims against Mr. Knight and Death Row Records at the time of the transfer of $1,000,000.00 to Lydia Harris in late May 2005, which still remain as creditors holding claims against Mr. Knight and Death Row Records. Those creditors include but are not limited to the Internal Revenue Service, the California Franchise Tax Board, The Marshall Law Firm, P.C., and McPherson & Kalmansohn, a law partnership, though plaintiffs do not admit that the claims of those creditors as against Mr. Knight or Death Row Records are valid claims.

64. Based upon the foregoing, pursuant to 11 U.S.C. § 548, Mr. Knight or Chapter 11 Trustee R. Todd Neilson is entitled to avoid the transfer of $1,000,000.00 to Lydia Harris.

65. Alternatively, based on the foregoing, pursuant to 11 U.S.C. § 550(a), Mr. Knight or Chapter 11 Trustee R. Todd Neilson is entitled to recover from Lydia Harris the sum of $1,000,000.00 plus interest thereon at the legal rate.

### FOURTH CLAIM FOR RELIEF

**(For Avoidance and Recovery of Fraudulent Transfers Under 11 U.S.C. § 542 and California Civil Code § 3439.05, or, Alternatively, for Recovery of Damages By Mr. Knight or Chapter 11 Trustee R. Todd Neilson Against Lydia Harris)**

66. Plaintiffs incorporate herein by reference paragraphs 1 through 65 hereinabove and

- 15 -

00158

1   67 through 91 hereinbelow as though fully set forth herein.

2       67.    As alleged hereinabove, Mr. Knight and Death Row Records both were insolvent

3   at the time of the transfer of $1,000,000.00 to Lydia Harris in late May 2005, within the meaning

4   of California Civil Code § 3439.02(a), especially if the debt under the Default Judgment is

5   included in the determination of insolvency.

6       68.    As set forth above, plaintiffs contend that the sum of $1,000,000.00 was paid to

7   Lydia Harris in full settlement of the Default Judgment and all claims held by her against Mr.

8   Knight and Death Row Records,  However, if the sum of $1,000,000.00 is deemed to have been

9   paid by Mr. Knight to Lydia Harris without receiving any consideration in return in the form of

10   releases under the Valid Settlement Agreement or any other consideration, then neither Mr.

11   Knight nor Death Row Records received reasonably equivalent value in exchange for the sum of

12   $1,000,000.00 transferred to Lydia Harris in late May 2005, within the meaning of California

13   Civil Code § 3439.05.

14       69.    As set forth above, there were creditors holding claims against Mr. Knight and

15   Death Row Records at the time of the transfer of $1,000,000.00 to Lydia Harris in late May 2005,

16   which still remain as creditors holding claims against Mr. Knight and Death Row Records.

17       70.    Pursuant to the allegations set forth in above, which have been incorporated into

18   this Claim for Relief, Mr. Knight or Chapter 11 Trustee R. Todd Neilson is entitled to avoid the

19   transfer of $1,000,000.00 to Lydia Harris pursuant to the provisions of 11 U.S.C. § 542 and

20   California Civil Code § 3439.05 and § 3439.07(a)(1).  Alternatively, Mr. Knight or Chapter 11

21   Trustee R. Todd Neilson is entitled to recover the sum of $1,000,000.00 from Lydia Harris

22   pursuant to the provisions of 11 U.S.C. § 542 and California Civil Code § 3439.08(b), plus

23   interest thereon at the legal rate.

24             **FIFTH CLAIM FOR RELIEF**

25   **(To Preserve Any Avoided Transfers for the Benefit of the Estate**

26   **Pursuant to 11 U.S.C. § 551 by Mr. Knight or**

27   **Chapter 11 Trustee R. Todd Neilson Against Lydia Harris)**

28       71.    Plaintiffs incorporate herein by reference paragraphs 1 through 70 hereinabove and

- 16 -

A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1   72 through 91 hereinbelow as though fully set forth herein.

2     72.     Pursuant to 11 U.S.C. § 551, Mr. Knight and Chapter 11 Trustee R. Todd Neilson

3 seek to preserve any transfers avoided under 11 U.S.C. § 542, 544, 547 or 548 for the benefit of

4 the Chapter 11 estate of Mr. Knight or Death Row Records.

5 <center>SIXTH CLAIM FOR RELIEF</center>

6 <center>**(Objection By Mr. Knight and Chapter 11 Trustee R. Todd Neilson to Claims**</center>

7 <center>**by Lydia Harris and Michael Ray Harris**</center>

8 <center>**Under 11 U.S.C. §§ 502(a) and 502(d)**</center>

9     73.     Plaintiffs incorporate herein by reference paragraphs 1 through 72 hereinabove and

10 74 through 91 hereinbelow as though fully set forth herein.

11     74.     Plaintiffs are informed and believe and based thereon alleged that Lydia Harris and

12 Michael Ray Harris each contend that they hold a claim against Mr. Knight's Chapter 11 estate

13 and Death Row Records' Chapter 11 estate based upon the Default Judgment entered in the State

14 Court action in favor of Lydia Harris and that Michael Ray Harris contends that his claim is based

15 upon his community property interests in that Default Judgment.

16     75.     Plaintiffs are further informed and believe and based thereon alleged that, even if

17 the Default Judgment is deemed to be unenforceable, Lydia Harris and Michael Ray Harris both

18 contend that they hold claims against Mr. Knight's Chapter 11 estate and Death Row Records'

19 Chapter 11 estate.

20     76.     Plaintiffs are further informed and believe and based thereon alleged that Michael

21 Ray Harris has filed a proof of claim in Mr. Knight's Chapter 11 case, a true and correct copy of

22 which is attached hereto as **Exhibit I**. Plaintiffs are further informed and believe and based

23 thereon alleged that Michael Ray Harris has filed a proof of claim in Death Row Records'

24 Chapter 11 case, a true and correct copy of which is attached hereto as **Exhibit J**.

25     77.     Plaintiffs are further informed and believe and based thereon alleged that Lydia

26 Harris has filed a proof of claim in Mr. Knight's Chapter 11 case, a true and correct copy of

27 which is attached hereto as **Exhibit K**. Plaintiffs are further informed and believe and based

28 thereon alleged that Lydia Harris has filed a proof of claim in Death Row Records' Chapter 11

<center>- 17 -</center>

A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1  case, a true and correct copy of which is attached hereto as **Exhibit L**.

2      78.    Pursuant to 11 U.S.C. § 502(d), any claims of Lydia Harris against Mr. Knight's

3  Chapter 11 estate should be disallowed until such time as Lydia Harris has returned to the

4  Chapter 11 estate the sum of $1,000,000.00, plus interest thereon, pursuant to the claims set forth

5  above.

6      79.    Because the claim of Michael Ray Harris is derivative of the claim of Lydia

7  Harris, any claim of Michael Ray Harris against Mr. Knight's Chapter 11 estate also should be

8  disallowed under 11 U.S.C. § 502(d) until such time as Lydia Harris and/or Michael Ray Harris

9  pays the sum of $1,000,000.00, plus interest thereon, to Mr. Knight's Chapter 11 estate pursuant

10  claims set forth above.

11      80.    Mr. Knight objects to the claims of Lydia Harris and Michael Ray Harris against

12  his Chapter 11 estate on the grounds that the allegations by Lydia Harris in the Complaint filed in

13  the State Court action are false; that neither Lydia Harris nor Michael Ray Harris ever had any

14  right, title or interest in Death Row Records or in any interests of Mr. Knight or any other person

15  or entity in Death Row Records; that Lydia Harris and Michael Ray Harris have no support for

16  their claims against Mr. Knight; that neither Mr. Knight nor Death Row Records engaged in any

17  wrongful conduct as to Lydia Harris and/or Michael Ray Harris that damaged them in any way;

18  and that any such claims of Lydia Harris and Michael Ray Harris were settled, released and

19  waived pursuant to the 1996 Settlement Agreement, the Valid Settlement Agreement and/or a

20  verbal settlement agreement with Lydia Harris in approximately April or May 2005 under which

21  the sum of $1,000,000.00 was paid to her.

22      81.    Chapter 11 Trustee R. Todd Neilson objects to the claims of Lydia Harris and

23  Michael Ray Harris against Death Row Records' Chapter 11 estate on the grounds that the

24  allegations by Lydia Harris in the Complaint filed in the State Court action are false; that neither

25  Lydia Harris nor Michael Ray Harris ever had any right, title or interest in Death Row Records or

26  in any interests of Mr. Knight or any other person or entity in Death Row Records; that Lydia

27  Harris and Michael Ray Harris have no support for their claims against Death Row Records;

28  neither Mr. Knight nor Death Row Records engaged in any wrongful conduct as to Lydia Harris

00161

1   and/or Michael Ray Harris that damaged them in any way; and that any such claims of Lydia

2   Harris and Michael Ray Harris were settled, released and waived pursuant to the 1996 Settlement

3   Agreement, the Valid Settlement Agreement and/or a verbal settlement agreement with Lydia

4   Harris in approximately April or May 2005 under which the sum of $1,000,000.00 was paid to

5   her.

6       82.     Based upon the foregoing, the claims of Lydia Harris and Michael Ray Harris

7   against Mr. Knight's Chapter 11 estate and against Death Row Records' Chapter 11 estate should

8   be disallowed pursuant to 11 U.S.C. § 502(a) and § 502(d).

9                    SEVENTH CLAIM FOR RELIEF

10   (Claim By Mr. Knight and Chapter 11 Trustee R. Todd Neilson to Subordinate Claims

11       by Lydia Harris and Michael Ray Harris and for Transfer of Liens

12                    Under 11 U.S.C. §§ 510(c))

13       83.     Plaintiffs incorporate herein by reference paragraphs 1 through 82 hereinabove and

14   84 through 91 hereinbelow as though fully set forth herein.

15       84.     Lydia Harris has engaged in inequitable conduct towards Mr. Knight and Death

16   Row Records by, among other things:

17          a.     Lydia Harris filed and proceeded with the State Court action as against Mr.

18   Knight and Death Row Records even though the 1996 Settlement Agreement with Michael Ray

19   Harris operated to preclude any claims by Lydia Harris, as determined by the Court in the State

20   Court action as to Interscope Records and as affirmed on appeal by the Court of Appeal for the

21   State of California, Second Appellate District, Division Seven, in case number B166253, in an

22   unpublished decision on June 9, 2004, as modified on June 30, 2004, even though the reasoning

23   of that decision was equally applicable to Mr. Knight and Death Row Records had their counsel

24   of record filed and properly noticed another motion for summary judgment.

25          b.     Lydia Harris proceeded with her efforts to collect on the Default Judgment

26   in the State Court action as against Mr. Knight and Death Row Records after May 2005 in

27   preference to the other creditors of Mr. Knight and Death Row Records, even though Lydia

28   Harris knew that Mr. Knight and Death Row Records believed the matter to be settled and even

00162

A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1  though the Default Judgment had been settled, thereby perpetrating a fraud on the Court in the

2  State Court action.

3            c.    Lydia Harris falsely represented to the State Court under oath on

4  approximately March 31, 2006, that the Invalid Settlement Agreement was the actual settlement

5  agreement entered into by her with Mr. Knight and Death Row Records, thereby perpetrating a

6  fraud on the Court in the State Court action.

7            d.    Plaintiffs are informed and believe and based thereon allege that Lydia

8  Harris concealed from Michael Ray Harris the Valid Settlement Agreement and the

9  $1,000,000.00 settlement payment that she had received from Mr. Knight; that she only disclosed

10 to Michael Ray Harris the settlement payment of $1,000,000.00 after she was forced to do so in

11 connection with the marital dissolution action commenced by Michael Ray Harris against her;

12 and that she still failed to disclose the existence of the Valid Settlement Agreement, but instead

13 falsely contended that the Invalid Settlement Agreement was the enforceable settlement

14 agreement that she had entered into with Mr. Knight and Death Row Records.

15            e.    Plaintiffs are informed and believe and based thereon allege that, during

16 the period June 2005 through March 2006, Lydia Harris improperly pressured and misled Dermot

17 Givens, who was counsel of record for Mr. Knight and Death Row Records at the time in the

18 State Court action, to conceal the fact that Valid Settlement Agreement had been executed by her

19 and that said pressure and false representations in fact resulted in Mr. Givens concealing that fact

20 from Mr. Knight, Death Row Records and replacement counsel for Mr. Knight and Death Row

21 Records in the State Court action, and in Mr. Givens not acting in the best interests of Mr. Knight

22 and Death Row Records.

23            f.    Under the threat of a judgment debtor examination that required the

24 production of documents and information in the State Court action that could have resulted in the

25 preferential treatment of Lydia Harris and Michael Ray Harris and under the threat of the

26 appointment of a receiver in the State Court action that also could have resulted in the preferential

27 treatment of Lydia Harris and Michael Ray Harris, Lydia Harris forced Mr. Knight and Death

28 Row Records to seek the protection of the Bankruptcy Court through filing voluntary petitions on

- 20 -

00163

1    April 4, 2006.

2          g.       To the extent that the Default Judgment is deemed to be enforceable and

3    Lydia Harris is deemed to have been a partner of Mr. Knight in connection with Death Row

4    Records based upon that Default Judgment, she owed both Mr. Knight and Death Row Records a

5    fiduciary duty that she violated through the conduct described above in subparagraphs (a) to (f).

6          85.     Michael Ray Harris has engaged in inequitable conduct towards Mr. Knight and

7    Death Row Records by, among other things:

8          a.       Michael Ray Harris intervened in the State Court action in approximately

9    January 2006 and claimed an interest in the Default Judgment even though he had settled all

10   claims against Mr. Knight and Death Row Records under the 1996 Settlement Agreement and

11   even though he knew that the settlement in 1996 precluded the claims made by Lydia Harris in

12   the State Court action.

13         b.       Plaintiffs are informed and believe and based thereon allege that Michael

14   Ray Harris caused the health and safety of Dermot Givens and his child to be threatened during

15   the approximate period June 2005 through March 2006 and that Michael Ray Harris and his

16   representatives also fraudulently induced Mr. Givens into not pursuing an appeal from the Default

17   Judgment and not seeking relief from it under California Code of Civil Procedure § 473, thereby

18   preventing Mr. Givens from acting in the best interests of Mr. Knight and Death Row Records.

19         c.       Michael Ray Harris also proceeded with his efforts to collect on the

20   Default Judgment in the State Court action as against Mr. Knight and Death Row Records after

21   May 2005 in preference to the other creditors of Mr. Knight and Death Row Records, even

22   though all claims that he held and that were further pursued by Lydia Harris in the State Court

23   action had been settled by the 1996 Settlement Agreement, thereby perpetrating a fraud on the

24   Court in the State Court action.

25         d.       Under the threat of a judgment debtor examination that required the

26   production of documents and information in the State Court action that could have resulted in the

27   preferential treatment of Lydia Harris and Michael Ray Harris and under the threat of the

28   appointment of a receiver in the State Court action that also could have resulted in the preferential

                                        - 21 -                                    00164

1   treatment of Lydia Harris and Michael Ray Harris, Michael Ray Harris also forced Mr. Knight

2   and Death Row Records to seek the protection of the Bankruptcy Court through filing voluntary

3   petitions on April 4, 2006.

4        86.    Due to the inequitable conduct of Lydia Harris and Michael Ray Harris, Mr.

5   Knight and Death Row Records have been damaged in that they have been forced to incur fees

6   and costs in opposing Lydia Harris and Michael Ray Harris in the State Court action; they have

7   the Default Judgment outstanding against them in the State Court action; they have been forced to

8   file Chapter 11 because of the collection efforts of Lydia Harris and Michael Ray Harris in the

9   State Court action; and they have been forced to incur fees and costs in their respective Chapter

10   11 proceedings, among other things.

11        87.    Based upon the foregoing, Mr. Knight and Chapter 11 Trustee R. Todd Neilson are

12   entitled to judgment subordinating the claims of Lydia Harris and Michael Ray Harris against the

13   Chapter 11 estates of Mr. Knight and Death Row Records to the claims of all other creditors of

14   those estates pursuant to 11 U.S.C. § 510(c)(1).

15        88.    Based upon the foregoing, Mr. Knight and Chapter 11 Trustee R. Todd Neilson are

16   entitled to judgment under 11 U.S.C. § 510(c)(2) that orders that any lien securing the claims of

17   Lydia Harris be transferred to the Chapter 11 estates of Mr. Knight and Death Row Records.

18                          EIGHTH CLAIM FOR RELIEF

19   (Claim By Mr. Knight and Chapter 11 Trustee R. Todd Neilson to Subordinate Claims

20         by Lydia Harris and Michael Ray Harris under 11 U.S.C. §510(b))

21        89.    Plaintiffs incorporate herein by reference paragraphs 1 through 88 hereinabove as

22   though fully set forth herein.

23        90.    The claims of Lydia Harris and Michael Ray Harris against Mr. Knight and Death

24   Row Records are based upon the allegation that they advanced services and funds in connection

25   with acquiring an interest in Death Row Records.

26        91.    Pursuant to 11 U.S.C. § 510(b), plaintiffs are entitled to judgment subordinating

27   the claims of Lydia Harris and Michael Ray Harris to the claims of all other creditors to the extent

28   they are based upon the contention that they advanced services and funds in connection with

                                    - 22 -

1  acquiring an interest in Death Row Records.

2  WHEREFORE, plaintiffs respectfully pray for judgment in their favor and against

3  defendants as follows:

4  1.  On the First through Fifth Claims for Relief, for the sum of $1,000,000.00, plus

5  interest thereon at the legal rate.

6  2.  Further, on the First Claim for Relief, for punitive damages in amount to be

7  determined by the Court.

8  3.  On the Sixth Claim for Relief, for disallowance of any claims of Lydia Harris and

9  Michael Ray Harris against Mr. Knight's Chapter 11 estate and against Death Row Records'

10  Chapter 11 estate.

11  4.  On the Seventh Claim for Relief, for subordination of the claims of Lydia Harris

12  and Michael Ray Harris to all other claims and for an order that any lien securing the claims of

13  Lydia Harris be transferred to the Chapter 11 estates of Mr. Knight and Death Row Records.

14  5.  On the Eighth Claim for Relief, for subordination of the claims of Lydia Harris

15  and Michael Ray Harris to all other claims.

16  6.  For the fees and costs incurred by plaintiffs herein.

17  7.  For such other relief as the Court deems appropriate under the circumstances.

18  8.

19  DATED:  October 31, 2006  HILL, FARRER & BURRILL, LLP

20

21  By: _____

22  Daniel J. McCarthy
    Attorneys for Debtor in Possession and Plaintiff
23  MARION KNIGHT, JR., and Proposed Special
    Counsel for Plaintiff R. TODD NEILSON,
24  CHAPTER 11 TRUSTEE FOR DEATH ROW
    RECORDS, INC.

25

26

27

28

- 23 -

A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

**PROOF OF SERVICE**

I, Cindy Cripe, declare:

I am employed by the law firm of DANNING, GILL, DIAMOND & KOLLITZ, LLP, in the County of Los Angeles, State of California. I am employed in the office of a member of the bar of this court at whose direction the service was made. I am over the age of 18 years and am not a party to the within action. My business address is 2029 Century Park East, Third Floor, Los Angeles, California 90067-2904.

On May 2, 2008, I served the following document(s): **NOTICE OF MOTION AND CHAPTER 11 TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT WITH LYDIA HARRIS, MICHAEL HARRIS, CONQUEST MEDIA GROUP, LLC, AND HELEN FRAZER AS THE CHAPTER 7 TRUSTEE FOR THE ESTATE OF LYDIA HARRIS; AND MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF RICHARD K. DIAMOND, AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF** on the interested parties addressed as follows:

SEE ATTACHED LIST

(By Mail) I placed the document for collection and deposit in the mail. I am familiar with this firm's practice for the collection and processing of correspondence for mailing. Under that practice, the document would be placed in a sealed envelope and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at 2029 Century Park East, Third Floor, Los Angeles, California 90067-2904, in the ordinary course of business. The documents served were placed in sealed envelopes and placed for collection and mailing following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct.

Executed on May 2, 2008, at Los Angeles, California.

| | |
|---|---|
| Cindy Cripe | _(Signature)_ |
| (Type or print name) | |

-23-

321941.02 [XP] 0611187A

**SERVICE LIST**

| | |
|---|---|
| **United States Trustee**<br>Alvin Mar<br>Office of the U.S. Trustee<br>725 South Figueroa Street<br>Suite 2600<br>Los Angeles, CA 90017U.S. Trustee | **Attorneys For Official Committee Of Unsecured Creditors**<br>Debra Grassgreen, Esq.<br>Pachulski, Stang, Ziehl & Young LLP<br>150 California Street, 15th Floor<br>San Francisco, CA 94111-4500 |
| **Debtor Marion Knight, Jr.**<br>Marion Knight, Jr.<br>P. O. Box 77622<br>Corona, CA 92877 | **Attorneys For Lydia Harris**<br>Sharon Z. Weiss, Esq.<br>Weinstein, Weiss & Ordubegian LLP<br>1925 Century Park East. Suite 1150<br>Los Angeles, CA 90067-2712 |
| **Attorneys For Debtor**<br>Daniel J. Mccarthy, Esq.<br>Hill, Farrer & Burrill LLP<br>One California Plaza, 37th Floor<br>300 South Grand Avenue<br>Los Angeles, CA 90071-0460 | **Attorneys For Creditor Michael Ray Harris**<br>Steven M. Goldberg, Esq.<br>Russ August & Kabat<br>12424 Wilshire Boulevard, 12th Floor<br>Los Angeles, CA 90025 |
| **Attorneys For R. Todd Neilson, Ch. 11 Trustee**<br>Ashleigh Danker, Esq.<br>Kaye Scholer LLP<br>1999 Avenue Of The Stars #1700<br>Los Angeles, CA 90067-6048 | **Attorneys For Conquest Media**<br>Peter Gurfein, Esq.<br>Akin Gump Strauss Hauer & Feld Llp<br>2029 Century Park East, Suite 2400<br>Los Angeles, CA 90067-3012 |
| | **Attorneys For Helen Ryan Frazer, Chapter 7 Trustee For Lydia Harris**<br>Patrick K. Mcclellan, Esq.<br>Law Offices Of Patrick K. Mcclellan<br>2600 Michelson Drive, Suite 700<br>Irvine, CA 92612 |

-24-

321941.02 [XP] 0611187A

EXHIBIT 11B

EXHIBIT 11B

| | |
|---|---|
| 1 | ERIC P. ISRAEL (State Bar No. 132426)<br>UZZI O. RAANAN (State Bar No. 162747) |
| 2 | JOHN N. TEDFORD, IV (State Bar No. 205537)<br>DANNING, GILL, DIAMOND & KOLLITZ, LLP |
| 3 | 2029 Century Park East, Third Floor<br>Los Angeles, California 90067-2904 |
| 4 | Telephone: (310) 277-0077<br>Facsimile: (310) 277-5735 |

```
                                    ┌─────────────────────────────┐
                                    │     FILED & ENTERED         │
                                    │  ┌───────────────────────┐  │
                                    │  │      MAY 30 2008       │  │
                                    │  └───────────────────────┘  │
                                    │  CLERK U.S. BANKRUPTCY COURT│
                                    │  Central District of California│
                                    │  BY speters   DEPUTY CLERK  │
                                    └─────────────────────────────┘
```

5

Attorneys for Richard K. Diamond, Chapter 11 Trustee

6

7

8                **UNITED STATES BANKRUPTCY COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10                      **LOS ANGELES DIVISION**

11

| | | |
|---|---|---|
| 12 | In re | ) Case No. 2:06-11187-VZ |
| 13 | MARION KNIGHT, JR., | ) Chapter 11 |
| 14 | Debtor. | ) **ORDER GRANTING CHAPTER 11**<br>) **TRUSTEE'S MOTION FOR APPROVAL** |
| 15 | | ) **OF SETTLEMENT WITH LYDIA**<br>) **HARRIS, MICHAEL HARRIS,** |
| 16 | | ) **CONQUEST MEDIA GROUP, LLC, AND**<br>) **HELEN FRAZER AS THE CHAPTER 7** |
| 17 | | ) **TRUSTEE FOR THE ESTATE OF**<br>) **LYDIA HARRIS** (***DOCKET ENTRY*** |
| 18 | | ) ***NO. 524***) |
| 19 | | ) Date:    May 27, 2008 |
| 20 | | ) Time:    11:00 a.m.<br>) Place:   Courtroom 1368 |
| 21 | | )           255 E. Temple St.<br>)           Los Angeles, CA |

22          On May 27, 2008, at 11:00 a.m., the Court heard and considered the Chapter 11 Trustee's

23    Motion for Approval of Settlement with Lydia Harris, Michael Harris, Conquest Media Group,

24    LLC, and Helen Frazer as the Chapter 7 Trustee for the Estate of Lydia Harris (the "Motion")

25    (*docket entry no. 524*) filed by Richard K. Diamond, the Chapter 11 trustee (the "Knight Trustee")

26    for the estate of Marion Knight, Jr. ("Knight"), the Honorable Vincent P. Zurzolo, United States

27    Bankruptcy Judge, presiding.

28

324335.01 (XP) 0611187A

1    The Court having considered the Motion and all papers filed in support thereof, and in

2    adversary proceeding number 2-06-01660-VZ (the "Subject Adversary Proceeding"), having noted

3    that no oppositions were filed thereto, having found that notice of the hearing and the Motion was

4    adequate and proper, having excused the need for appearances by the parties at the hearing, good

5    cause appearing, it is

6    **IT IS ORDERED THAT:**

7    1.    The Motion is granted in its entirety.

8    2.    The Knight Trustee is authorized to enter into the proposed settlement agreement

9    (the "Settlement Agreement") between the Knight Trustee and R. Todd Neilson, the Chapter 11

10    trustee (the "DRR Trustee") for the estate of Death Row Records, Inc. ("Death Row"), on the one

11    hand, and Lydia Harris, Michael Harris, Conquest Media Group, LLC ("Conquest"), and Helen

12    Frazer, as the Chapter 7 trustee (the "Harris Trustee") for the estate of Lydia Harris, on the other

13    hand, which settlement is hereby approved, and a copy of which was attached as Exhibit "1" to the

14    Declaration of Richard K. Diamond appended to the Motion.

15    3.    The proof of claim filed by Michael Harris on or about May 4, 2006, which proof of

16    claim was assigned claim number 3 by the Clerk of the Court, and the proof of claim filed by Lydia

17    Harris on or about October 19, 2006, which proof of claim was assigned claim number 16 by the

18    Clerk of the Court, are collectively allowed as general unsecured claims in the amount of $30

19    million (collectively the "Harris Allowed Claim") and subordinated claims in the amount of $15

20    million (collectively the "Harris Subordinated Claim").  Any claim of Lydia Harris, Michael

21    Harris, and Conquest (collectively "Conquest/Harris") in excess of the Harris Allowed Claim and

22    the Harris Subordinated Claim is disallowed in its entirety.

23    4.    Total distributions on account of the Harris Allowed Claim from the estate in this

24    case (the "Knight Estate") and the estate in the case of *In re Death Row Records, Inc.*, Bankr. Case

25    No. 2-06-11205-VZ (the "Death Row Estate"), shall be made as follows:

26    a.    The Harris Allowed Claim (Phase 1) shall share pari passu with all other

27    allowed general unsecured claims, to the extent of the first $10 million of distributions to holders of

28    all general unsecured claims (the "Phase 1 Unsecured Claim Distributions"), provided, however,

324335.01 [XP] 0611187A

1  that in no event shall distributions on account of the Harris Allowed Claim (Phase 1) exceed 50%

2  of the Phase 1 Unsecured Claim Distributions, and provided further that notwithstanding anything

3  to the contrary herein or in the Settlement Agreement, distributions on account of the Harris

4  Allowed Claim (Phase 1) will not exceed $3.5 million.

5          b.       To the extent of distributions to general unsecured claims in excess of $10

6  million up to $20 million (the "Phase 2 Unsecured Claim Distributions"), the Harris Allowed

7  Claim (Phase 2) shall share pari passu with all other allowed general unsecured claims (reduced, in

8  each case, by the amount of distributions received on account of the Phase 1 Unsecured Claim

9  Distributions), provided, however, that in no event shall distributions on account of the Harris

10  Allowed Claim (Phase 2) exceed 50% of the Phase 2 Unsecured Claim Distributions, and provided

11  further that notwithstanding anything to the contrary herein or in the Settlement Agreement, until

12  all other general unsecured claims have been paid in full, not including surplus interest, the

13  distribution on account of the Harris Allowed Claim (Phase 2) will not exceed $2 million in

14  addition to the distribution applicable to the Harris Allowed Claim (Phase 1).

15          c.       To the extent of distributions to general unsecured claims in excess of $20

16  million (the "Phase 3 Unsecured Claim Distributions"), the Harris Allowed Claim (Phase 3) shall

17  share distributions pari passu with all other allowed general unsecured claims (reduced, in each

18  case, by the amount of distributions received on account of the Phase 1 Unsecured Claim

19  Distributions and the Phase 2 Unsecured Claim Distributions), provided, however, that in no event

20  shall distributions on account of the Harris Allowed Claim (Phase 3) exceed 50% of the Phase 3

21  Unsecured Claim Distributions.  When all other allowed general unsecured claims have been paid

22  in full, not including prepetition or postpetition interest, the Harris Allowed Claim (Phase 3) shall

23  receive 100% (or shall share pari passu in the event of other similarly negotiated claims) of the

24  remaining Phase 3 Unsecured Claim Distributions until the Harris Allowed Claim is paid in full

25  (exclusive of surplus interest).

26       5.      The Harris Subordinated Claim shall be paid pursuant to the priority afforded by 11

27  U.S.C. § 726(a)(4).

28

324335.01 [XP]  0611187A

6.     Any distributions from the Knight Estate and the Death Row Estate (collectively the "Estates") due the firm of Wasserman, Comden & Castleman, LLP (the "Wasserman Firm"), or Mark Friedman and any other person or entity whose claim is based upon, derivative of or measured by the judgment entered by the Los Angeles Superior Court against Knight and Death Row in case no. BC268857 (collectively "Friedman"), shall be credited against the amounts due Conquest/Harris pursuant to this order and the Settlement Agreement.

7.     If there are any judgment or other liens on property of the Knight Estate in favor of Conquest/Harris, the Harris Trustee, the Wasserman Firm, or Friedman, or any of their successors or assignees, such liens are deemed avoided and preserved for the benefit of the Knight Estate.

8.     The Knight Trustee is authorized to dismiss the Subject Adversary Proceeding with prejudice.

9.     The Knight Trustee is authorized to take such further actions and execute such documents as he believes to be required in order to implement the terms of the settlement agreement approved hereby.

####

DATED: May 30, 2008

_____
United States Bankruptcy Judge

324335.01 [XP] 0611187A

1                 **PROOF OF SERVICE**

2     I, Cindy Cripe, declare:

3     I am employed by the law firm of DANNING, GILL, DIAMOND & KOLLITZ, LLP, in
the County of Los Angeles, State of California. I am employed in the office of a member of the bar

4 of this court at whose direction the service was made. I am over the age of 18 years and am not a
party to the within action. My business address is 2029 Century Park East, Third Floor, Los

5 Angeles, California 90067-2904.

6     On **May 27, 2008**, I served the following document(s): **ORDER GRANTING CHAPTER
11 TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT WITH LYDIA HARRIS,**

7 **MICHAEL HARRIS, CONQUEST MEDIA GROUP, LLC, AND HELEN FRAZER AS THE
CHAPTER 7 TRUSTEE FOR THE ESTATE OF LYDIA HARRIS** (*DOCKET ENTRY*

8 *NO. 524*) on the interested parties addressed as follows:

9 SEE ATTACHED LIST

10 (By Mail) I placed the document for collection and deposit in the mail. I am familiar with this
firm's practice for the collection and processing of correspondence for mailing. Under that

11 practice, the document would be placed in a sealed envelope and deposited with the U.S. Postal
Service on that same day with postage thereon fully prepaid at 2029 Century Park East, Third

12 Floor, Los Angeles, California 90067-2904, in the ordinary course of business. The documents
served were placed in sealed envelopes and placed for collection and mailing following ordinary

13 business practices.

14

15     I declare under penalty of perjury under the laws of the State of California and of the United
States of America that the foregoing is true and correct.

16     Executed on **May 27, 2008**, at Los Angeles, California.

17

18         Cindy Cripe                 /s/ Cindy Cripe
      (Type or print name)                (Signature)

19

20

21

22

23

24

25

26

27

28

324335.01 [XP] 0611187A

1

## SERVICE LIST FOR PROPOSED ORDER

2

3    **United States Trustee**
Office of the U.S. Trustee
4    ATTN: Dare Law
725 S. Figueroa St., Suite 2600
5    Los Angeles, CA 90017

6    **Debtor**
Marion Knight, Jr.
7    P. O. Box 77622
Corona, CA 92877

8    **Attorneys For Debtor**
Daniel J. McCarthy, Esq.
9    Hill, Farrer & Burrill LLP
One California Plaza, 37th Floor
10    300 South Grand Avenue
Los Angeles, CA 90071-0460
11

**Attorneys For R. Todd Neilson,**
12    **Ch. 11 Trustee**
Ashleigh Danker, Esq.
13    Kaye Scholer LLP
1999 Avenue Of The Stars #1700
14    Los Angeles, CA 90067-6048

**Attorneys For Official Committee Of**
**Unsecured Creditors**
Debra Grassgreen, Esq.
Pachulski, Stang, Ziehl & Young LLP
150 California Street, 15th Floor
San Francisco, CA 94111-4500

**Attorneys For Lydia Harris**
Sharon Z. Weiss, Esq.
Weinstein, Weiss & Ordubegian LLP
1925 Century Park East. Suite 1150
Los Angeles, CA 90067-2712

**Attorneys For Creditor Michael Ray**
**Harris**
Steven M. Goldberg, Esq.
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025

**Attorneys For Conquest Media**
Peter Gurfein, Esq.
Akin Gump Strauss Hauer & Feld LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3012

**Attorneys For Helen Ryan Frazer,**
**Chapter 7 Trustee For Lydia Harris**
Patrick K. McClellan, Esq.
Law Offices Of Patrick K. McClellan
2600 Michelson Drive, Suite 700
Irvine, CA 92612

15

16

17

18

19

20

21

22

23

24

25

26

27

28

324335.01 [XP] 0611187A

## SERVICE LIST FOR ENTERED ORDER

| SERVED ELECTRONICALLY | SERVED BY U.S. MAIL |
|---|---|
| **United States Trustee**<br>Office of the U.S. Trustee<br>725 S. Figueroa St., Suite 2600<br>Los Angeles, CA 90017<br>*ustpregion16.la.ecf@usdoj.gov* | **Attorneys For Michael Ray Harris**<br>Steven M. Goldberg, Esq.<br>Russ August & Kabat<br>12424 Wilshire Boulevard, 12th Floor<br>Los Angeles, CA 90025 |
| **Attorneys For Debtor**<br>Daniel J. McCarthy, Esq.<br>Hill, Farrer & Burrill LLP<br>One California Plaza, 37th Floor<br>300 South Grand Avenue<br>Los Angeles, CA 90071-0460<br>*dmccarthy@hillfarrer.com* | **Attorneys For Helen Ryan Frazer, Chapter 7 Trustee For Lydia Harris**<br>Patrick K. McClellan, Esq.<br>Law Offices Of Patrick K. McClellan<br>2600 Michelson Drive, Suite 700<br>Irvine, CA 92612 |
| **Chapter 11 Trustee**<br>Richard K. Diamond<br>Danning, Gill, Diamond & Kollitz, LLP<br>2029 Century Park East, Third Floor<br>Los Angeles, CA 90067<br>*rdiamond@ecf.epiqsystems.com*<br>*smokoena@dgdk.com* | |
| **Attorneys for Chapter 11 Trustee**<br>John N. Tedford, IV, Esq.<br>Danning, Gill, Diamond & Kollitz, LLP<br>2029 Century Park East, Third Floor<br>Los Angeles, CA 90067<br>*jtedford@dgdk.com* | |
| **Attorneys For R. Todd Neilson, Chapter 11 Trustee for Death Row Records, Inc.**<br>Ashleigh Danker, Esq.<br>Kaye Scholer LLP<br>1999 Avenue Of The Stars #1700<br>Los Angeles, CA 90067-6048<br>*adanker@kayescholer.com* | |
| **Attorneys For Official Committee Of Unsecured Creditors**<br>Debra Grassgreen, Esq.<br>Pachulski, Stang, Ziehl & Young LLP<br>150 California Street, 15th Floor<br>San Francisco, CA 94111-4500<br>*dgrassgreen@pszyjw.com* | |

324335.01 [XP]  0611187A

| | SERVED ELECTRONICALLY | SERVED BY U.S. MAIL |
|---|---|---|
| 1 | | |
| 2 | **Attorneys For Lydia Harris** | |
| 3 | Sharon Z. Weiss, Esq.<br>Weinstein, Weiss & Ordubegian LLP | |
| 4 | 1925 Century Park East. Suite 1150<br>Los Angeles, CA  90067-2712 | |
| 5 | *sweiss@wwolawyers.com* | |
| 6 | **Attorneys For Conquest Media**<br>Peter Gurfein, Esq. | |
| 7 | Akin Gump Strauss Hauer & Feld LLP<br>2029 Century Park East, Suite 2400 | |
| 8 | Los Angeles, CA  90067-3012<br>*pgurfein@akingump.com* | |

324335.01 [XP] 0611187A