EXHIBIT 12 A

EXHIBIT 12 A

Peter L. Haviland, CA Bar No. 144967
Steven F. Werth, CA Bar No. 205434
Everett L. Green, CA Bar No. 237936
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067
Telephone: (310) 788-1000
Facsimile: (310) 788-1200

*Attorneys for R. Todd Neilson,*
*Chapter 11 Trustee of Debtor*
*Death Row Records, Inc.*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | CASE NO. 2:06-bk-11205-VZ |
| DEATH ROW RECORDS, INC., | Chapter 11 |
| Debtor. | **NOTICE OF MOTION AND CHAPTER 11 TRUSTEE'S MOTION FOR ORDER APPROVING SETTLEMENT WITH LYDIA HARRIS, MICHAEL HARRIS, CONQUEST MEDIA GROUP, LLC AND HELEN FRAZER AS CHAPTER 7 TRUSTEE OF LYDIA HARRIS AND MEMORANDUM OF POINTS AND AUTHORITIES** |
| | Date:    May 27, 2008 |
| | Time:    11:00 a.m. |
| | Place:   Courtroom 1368 |
| | 255 E. Temple St. |
| | Los Angeles, CA |

NOTICE OF MOTION AND CHAPTER 11 TRUSTEE'S MOTION FOR AN ORDER APPROVING HARRIS SETTLEMENT

1  TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY

2  JUDGE, THE UNITED STATES TRUSTEE, COUNSEL FOR THE OFFICIAL

3  COMMITTEE OF UNSECURED CREDITORS, COUNSEL FOR THE CHAPTER 11

4  TRUSTEE OF MARION KNIGHT, JR., AND PARTIES ENTITLED TO NOTICE:

5       PLEASE TAKE NOTICE that on May 27, 2008, at 11:00 a.m., or as soon thereafter as the

6  matter may be heard, in Courtroom "1368" of the United States Bankruptcy Court located at 255

7  East Temple Street, Los Angeles, California, R. Todd Neilson, the Chapter 11 Trustee (the "Death

8  Row Trustee") of Death Row Records, Inc. (the "Debtor" or "Death Row"), will and does hereby

9  move pursuant to Federal Rule of Bankruptcy Procedure 9019, for an order approving the proposed

10  settlement between the Death Row Trustee and Richard K. Diamond, the Chapter 11 Trustee for the

11  estate of Marion Knight, Jr. (the "Knight Trustee"), on the one hand, and Lydia Harris, Michael

12  Harris, Conquest Media Group, LLC ("Conquest/Harris"), and Helen Frazer, as the Chapter 7 trustee

13  for the estate of Lydia Harris (the "Harris Trustee"), on the other hand.

14       This motion is made on the following grounds:  In both the Knight and Death Row cases,

15  Lydia Harris and Michael Harris separately filed proofs of claims relating to a Superior Court

16  judgment entered in favor of Lydia Harris as a terminating sanction against both Knight and Death

17  Row in the principal amount of $107 million (the "Judgment"), consisting of compensatory damages

18  of $45 million of economic damages and $2 million of non-economic damages, plus $60 million of

19  punitive damages.  In a separate Superior Court judgment in Lydia and Michael Harris' marital

20  dissolution proceeding, the Judgment was found to be a community property asset of their marital

21  estate.  Lydia and Michael Harris have represented that they subsequently assigned their interests in

22  the Judgment to Conquest Media Group, LLC ("Conquest").

23       Litigation relating to the Judgment is pending before the Bankruptcy Court.  The Knight

24  Trustee and the Death Row Trustee are co-plaintiffs in an adversary proceeding originally filed by

25  Marion Knight Jr. ("Knight") and Death Row seeking, among other things, (a) a declaration that the

26  Judgment has been settled and fully resolved, (b) disallowance, reduction and/or subordination of the

27  claims filed by Lydia Harris and Michael Harris, and (c) avoidance of a $1 million payment made by

28  Knight prior to the Petition Date (the "Harris Adversary Proceeding").  Also, Lydia Harris and

1

NOTICE OF MOTION AND CHAPTER 11 TRUSTEE'S MOTION FOR AN ORDER APPROVING HARRIS SETTLEMENT

1    Michael Harris filed an adversary proceeding against Knight seeking a determination that their

2    claims against Knight under the Judgment are non-dischargeable under section 523 of the Code (the

3    "Knight Adversary Proceeding").

4         In August 2007, the Bankruptcy Court ordered the parties to mediation. Since then, the

5    parties have engaged in substantial settlement discussions, frequently with the assistance of the

6    mediator, the Honorable Mitchel R. Goldberg, a judge (now retired) for the United States

7    Bankruptcy Court for the Central District of California, Riverside Division. After substantial

8    settlement negotiations, and subject to approval of the Bankruptcy Court in the Knight and Death

9    Row cases, as well as the Bankruptcy Court in Lydia Harris' personal bankruptcy case, the parties

10   have agreed to the terms of a global settlement which has been memorialized in a written settlement

11   agreement (the "Agreement") which is attached to the Declaration of R. Todd Neilson as Exhibit

12   "A".

13        Under the Agreement, Lydia and Michael Harris' claims against both the Knight and Death

14   Row estates will be allowed as general unsecured claims in the amount of $30 million and a

15   subordinated unsecured claim in the amount of $15 million. The general unsecured claim will be

16   paid in the aggregate in three phases, with the maximum amount to be paid to Conquest/Harris

17   capped in the first two phases to ensure that other allowed general unsecured claims receive certain

18   minimum distributions from and to the extent of available funds.[1] Also, the subordinated claim will

19   be paid pursuant to the priority afforded by section 726(a)(4) of the Bankruptcy Code, again from

20   and to the extent of available funds. The manner which such distributions are allocated as between

21

22   [1]   Pursuant to the Agreement, of the first $10 million of distributions collectively made by the Death Row
23         Trustee and Knight Trustee to general unsecured creditors, the amount paid to Lydia and Michael Harris
           will not exceed 50% of all such distributions and, in any event, will not exceed $3.5 million. Of the next
24         $10 million of distributions collectively made by the Death Row Trustee and Knight Trustee to general
           unsecured creditors, the amount paid to Lydia and Michael Harris will not exceed 50% of all such
25         distributions and, in any event, will not exceed $2 million until all other claims are paid in full. Of the
           next $10 million of distributions collectively made by the Death Row Trustee and Knight Trustee to
26         general unsecured creditors, the amount paid to Lydia and Michael Harris will not exceed 50% of all such
           distributions until other general unsecured claims have been paid in full (exclusive of interest). Once all
27         other allowed general unsecured claims have been paid in full (not including surplus interest), Lydia and
           Michael Harris will receive 100% of further distributions until their claim has been paid in full (exclusive
28         of surplus interest).

NOTICE OF MOTION AND CHAPTER 11 TRUSTEE'S MOTION FOR AN ORDER APPROVING HARRIS SETTLEMENT

KAYE SCHOLER LLP

1   Conquest/Harris and the Harris Trustee will be determined amongst themselves.

2       The Agreement also contains provisions relating to the payment of other claims asserted

3   against the Knight and Death Row estates. For example, proofs of claims have been filed against the

4   Knight and Death Row estates by the law firm of Wasserman, Comden & Casselman, LLP (the

5   "Wasserman Firm"), which represented Lydia Harris in connection with her Superior Court lawsuit

6   against Knight and Death Row. To the extent the Wasserman Firm is entitled to a distribution on

7   account of such claims, Conquest/Harris will indemnify the Death Row and Knight estates for such

8   distributions, and any such distributions will be credited against the distributions that would

9   otherwise be paid to Conquest/Harris.

10       With respect to the pending litigation, the Agreement provides that the Knight Trustee and

11   the Death Row Trustee will dismiss the Harris Adversary Proceeding. In addition, Lydia and

12   Michael Harris will dismiss the Knight Adversary Proceeding. Upon the effective date of the

13   Agreement, the parties will release one another of all known and unknown claims, and any judgment

14   liens are avoided and preserved for the benefit of the estates.

15       The Death Row Trustee believes that the proposed settlement is a fair and reasonable

16   settlement of his claims against Conquest/Harris and the Harris Trustee, and is in the best interests of

17   the Knight estate and its creditors. The Official Committee of Unsecured Creditors (the

18   "Committee") appointed in the Death Row bankruptcy case was heavily involved in the negotiation

19   on the terms set forth in the proposed settlement, and the Death Row Trustee understands that the

20   Committee supports the motion and approval of the Agreement. Accordingly, the Death Row

21   Trustee is requesting approval of his proposed settlement on the terms set forth in the Agreement.

22       The motion is based upon the separate notice, the accompanying Memorandum of Points and

23   Authorities, the Request for Judicial Notice, Declaration of R. Todd Neilson, the papers and

24   pleadings on file in this case, and such other evidence as may be presented to the Court.

25       **PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-

26   1(a)(7), any party opposing the relief sought by the motion must file a response in writing, filed with

27   the Clerk of the Court and served upon the following not less than fourteen (14) days prior to the

28   hearing on the motion:

KAYE SCHOLER LLP

3

1

*Counsel for Knight Trustee*
Eric P. Israel, Esq.
John N. Tedford, IV, Esq.
Danning, Gill, Diamond & Kollitz, LLP
2029 Century Park East, Third Floor
Los Angeles, CA 90067

*Counsel for the Death Row Trustee*
Peter L. Haviland, Esq.
Everett L. Green, Esq.
Kaye Scholer LLP
1999 Ave. of the Stars, 17th Floor
Los Angeles, CA 90067

*Office of the United States Trustee*
Office of the United States Trustee
ATTN: Alvin Mar, Esq.
725 S. Figueroa St., 26th Floor
Los Angeles, California 90017

*Counsel for the Official Committee of Unsecured Creditors*
Debra Grassgreen, Esq.
Pachulski Stang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, CA 94111

*Counsel for Conquest Media Group, LLC*
Peter J. Gurfein, Esq.
Akin, Gump, Straus, Hauer & Feld, LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067

*Counsel for Lydia Harris*
Sharon Z. Weiss, Esq.
Weinstein, Weiss & Ordubegian, LLP
1925 Century Park East, Suite 1150
Los Angeles, CA 90067

*Counsel for Michael Harris*
Steven M. Goldberg, Esq.
Russ August & Kabat, LLP
12424 Wilshire Blvd., 12th Floor
Los Angeles, CA 90025

*Counsel for the Harris Trustee*
Patrick K. McClellan, Esq.
Law Offices of Patrick K. McClellan
2600 Michelson Dr., Suite 700
Irvine, CA 92612

*Counsel for Knight*
Dan McCarthy, Esq.
Hill, Farrer & Burrill, LLP
300 S. Grand Ave., 37th Floor
Los Angeles, CA 90071

Any response not timely filed and served may be deemed by the Court to be consent to the granting of the motion. If you do not have any objection to the motion, you do not need to take any further action.

Dated:  May 2, 2008

KAYE SCHOLER LLP

By: *Steve Werth*

Peter L. Haviland
Steven F. Werth
Everett L. Green
Attorneys for *R. Todd Nielson, Chapter 11 Trustee of Debtor Death Row Records, Inc.*

4

NOTICE OF MOTION AND CHAPTER 11 TRUSTEE'S MOTION FOR AN ORDER APPROVING HARRIS SETTLEMENT

I.

## BACKGROUND

**A.    The Death Row Bankruptcy Case**

   1.    Death Row Records, Inc., a California corporation, was a well-known record company specializing in rap and hip hop music. Since Death Row's inception, except for a few periods of time between 1996 to 2004, Marion Knight ("Knight") served as its sole stockholder, president and chief executive officer.

   2.    In April of 2005, the Debtor ceased business operations following the entry on March 9, 2005 of a judgment in the amount of $107 million in favor of Lydia Harris and the loss of its office lease at 8200 Wilshire in Los Angeles, California.

   3.    On April 4, 2006 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "Code").

   4.    On July 19, 2006, an order was entered appointing R. Todd Neilson as Chapter 11 Trustee.

**B.    The Knight Bankruptcy Case**

   5.    On or about the Petition Date, Knight filed a voluntary petition for relief under Chapter 11 of Title 11 of the Code.

   6.    On March 9, 2007, an order was entered approving the appointment of Richard K. Diamond as the Chapter 11 trustee of the Knight estate.

**C.    The Harris Claim**

   7.    On February 26, 2002, Lydia Harris filed a complaint against Knight and Death Row in the Los Angeles Superior Court (the "State Court Action").

   8.    The complaint alleged, among other things, that Lydia Harris held an ownership interest in Death Row and that Knight and Death Row defrauded her of the prospective economic benefits of her interest.

   9.    Lydia Harris was represented in the State Court Action by the law firm of Wasserman, Comden & Casselman, LLP (the "Wasserman Firm").

5

10. On or about March 9, 2005, the Superior Court entered judgment in favor of Lydia Harris and against Knight and Death Row, jointly and severally, in the principal amount of $107 million: $45 million for economic damages; $2 million for non-economic damages; and $60 million for punitive damages (the "Judgment").

11. On October 19, 2006, Lydia Harris filed Claim No. 23, an unsecured proof of claim in the amount of $107 million seeking payment of the Judgment (the "Lydia Harris Claim"). Lydia Harris filed a similar claim against the Knight estate.[2]

12. On May 4, 2006, Michael Harris filed Claim No. 3, an unsecured proof of claim in the amount of $117,318,631.50 seeking payment of the Judgment and statutory interest (the "Michael Harris Claim").[3] Michael Harris filed a similar claim against the Knight estate.

13. The Michael Harris Claim also attached a judgment of dissolution terminating the marriage of Lydia Harris and Michael Harris and providing that the proceeds of the Judgment is community property.

**D.    Assignment of the Harris Claim to Conquest Media Group, LLC**

14. Lydia Harris and Michael Harris have each represented that they transferred their respective claims against the Knight and Death Row estates arising out of the Judgment to Conquest Media Group, LLC ("Conquest").

15. On April 2, 2007, the Clerk of the Court issued a "*Notice of Transfer of Claim Pursuant to F.R.B.P. 3001(e)*" with respect to both Lydia Harris' and Michael Harris' claims. The notice indicated that Lydia and Michael Harris, respectively transferred their rights, title and interest in their claims to Conquest.

**E.    Lydia Harris' Bankruptcy and Appointment of Harris Trustee**

16. On May 17, 1996, Lydia Harris filed a voluntary petition for relief under Chapter 7 of the Code. Helen Frazer was appointed as the Chapter 7 trustee (the "Harris Trustee") for Lydia

---

[2]    A copy of Lydia Harris' proof of claim filed in this case is attached as Exhibit **"1"** to the Request for Judicial Notice.

[3]    A copy of Michael Harris' proof of claim filed in this case is attached as Exhibit **"2"** to the Request for Judicial Notice.

NOTICE OF MOTION AND CHAPTER 11 TRUSTEE'S MOTION FOR AN ORDER APPROVING HARRIS SETTLEMENT

1   Harris' estate.  On or about December 15, 1999, Lydia Harris' case was closed.  However, during

2   2007 the Harris Trustee became aware of Lydia Harris' alleged claims against the Knight and Death

3   Row estates, which claims arose prior to Lydia Harris' bankruptcy filing.  On or about August 23,

4   2007, pursuant to a stipulation between Lydia Harris and the Harris Trustee, an order was entered re-

5   opening the case and re-appointing Helen Frazer as the Harris Trustee.

6   **F.**   **The Knight Adversary Proceeding**

7   17.   In July 2006, Lydia and Michael Harris filed a complaint against Knight, seeking a

8   determination that the debt owed by Knight arising out of the Judgment is non-dischargeable under

9   section 523(a) of the Code.  This adversary proceeding (the "Knight Adversary Proceeding")

10   remains pending.

11   **G.**   **The Wasserman Firm's Claim**

12   18.   On October 31, 2006, the Wasserman firm filed Claim No. 38, an unsecured proof of

13   claim in the amount of $60,418,315.00 seeking, *inter alia*, contingency fees and payment for legal

14   services provided to Lydia Harris in the State Court Action.[4]

15   **H.**   **The Harris Adversary Proceeding**

16   19.   On June 8, 2006, Knight and Death Row (acting as debtors-in-possession of their

17   respective estates) commenced adversary proceeding 2:06-01660-VZ against Lydia Harris and

18   Michael Harris (the "Harris Adversary Proceeding").

19   20.   On November 1, 2006, Death Row and Knight filed a first amended complaint (the

20   "First Amended Complaint").  The First Amended Complaint, *inter alia*, sought to disallow the

21   Harris Claims or, in the alternative, to subordinate the Harris Claim.[5]

22   21.   Orders were entered on November 20, 2006 and May 31, 2007 respectively,

23   substituting the Death Row Trustee and the Knight Trustee as the real party-in-interest in the Harris

24   Adversary Proceeding.

25   22.   On April 27, 2007, Conquest filed a motion seeking to replace Lydia Harris and

26

27   [4]   A copy of the Wasserman firm's claim is attached as Exhibit **"3"** to the Request for Judicial Notice.

28   [5]   A copy of the First Amended Complaint is attached as Exhibit **"4"** to the Request for Judicial Notice.

7

KAYE SCHOLER LLP

1  Michael Harris as the captioned defendant.  An order was entered, on or about June 7, 2007, denying

2  Conquest's motion.

3          23.    In August of 2007, the Court ordered the parties to mediation.  Accordingly, the

4  parties have engaged in numerous settlement discussions, many with mediator Mitchel R. Goldberg,

5  United States Bankruptcy Judge (now retired).

6          24.    Subject to court approval in this case, the Knight case, and the pending Chapter 7

7  case of Lydia Harris, the Death Row Trustee and the Knight Trustee have agreed to a resolution of

8  the Harris Adversary Proceeding, their claims against Lydia Harris and Michael Harris, Conquest,

9  and the Harris Trustee (collectively the "Harris Parties"), and the Harris Parties' claims against the

10  Knight and Death Row estates (collectively the "Estates").

11  **I.      The Proposed Settlement Agreement**

12          25.    The terms of the parties' settlement are set forth in the Agreement and Mutual

13  Release (the "Agreement") attached as Exhibit "A" to the Declaration of R. Todd Neilson.  The

14  material terms of the Agreement are as follows:[6]

15          a.    The claims of Lydia Harris and Michael Harris against the Estates (collectively

16                referred to hereinafter as the "Harris Claim") will be allowed against the Estates as (a)

17                a general unsecured claim in the amount of $30 million, and (b) a subordinated claim

18                entitled to the priority of claims identified in section 726(a)(4) of the Code in the

19                amount of $15 million.

20          b.    Distributions on account of the general unsecured portion of the Harris Claim will be

21                made in phases, to the extent of available funds:

22                i.    with respect to the first $10 million paid to the Estates' general unsecured

23                      creditors, the general unsecured portion of the Harris Claim will share *pari*

24                      *passu* with all other general unsecured claims except that the total amount

25                      distributed on account of the Harris Claim (a) will not exceed 50% of the total

---

27  [6]  This summary is qualified in all respects by the terms of the Agreement and, in the event of any
28       inconsistency, the terms of the Agreement shall control.

KAYE SCHOLER LLP

1                amount distributed, and (b) in any event, will not exceed $3.5 million;

2       ii.     with respect to the next $10 million paid to the Estates' general unsecured

3                creditors, the general unsecured portion of the Harris Claim will share *pari*

4                *passu* with all other outstanding general unsecured claims except that the total

5                amount distributed on account of the Harris Claim (a) will not exceed 50% of

6                the total amount distributed, and (b) in any event, until all other general

7                unsecured claims have been paid in full (not including pre- or post-petition

8                interest) will not exceed $2 million;

9       iii.    with respect to distributions to general unsecured claims in excess of $20

10                million, the general unsecured portion of the Harris Claim will share *pari*

11                *passu* with all other outstanding general unsecured claims except that the total

12                amount distributed on account of the Harris Claim will not exceed 50% of the

13                total amount distributed at this tier until other general unsecured claims have

14                been paid in full (exclusive of surplus interest); and

15       iv.    once all other allowed general unsecured claims have been paid in full (not

16                including surplus interest), the Harris Claim will receive 100% of further

17                distributions until the Harris Claim has been paid in full (exclusive of surplus

18                interest).[7]

19     c.      The subordinated portion of the Harris Claim will be paid pursuant to the priority

20           afforded by section 726(a)(4) of the Code.

21     d.      Conquest, Lydia Harris and Michael Harris (collectively, "Conquest/Harris") will

22           inform the Wasserman Firm of the settlement. Unless the Wasserman Firm

23           withdraws its proof of claim, the Knight Trustee, Death Row Trustee and/or Harris

24           Trustee may object to the Wasserman Firm's claim. If the Wasserman Firm's claim

25           ultimately is allowed, Conquest/Harris will be responsible for any distribution

26

27    [7]   If the Death Row Trustee and the Knight Trustee have negotiated similar arrangements with other

28       claimants, the Harris Claim will share *pari passu* with such similarly negotiated claims.

NOTICE OF MOTION AND CHAPTER 11 TRUSTEE'S MOTION FOR AN ORDER APPROVING HARRIS SETTLEMENT

KAYE SCHOLER LLP

1    thereon.  Conquest/Harris will indemnify the Estates against any claims by the

2    Wasserman Firm for which the Estates would otherwise be responsible.  Any

3    distribution from the Estates to the Wasserman Firm will be credited against the

4    distributions due Conquest/Harris under the Agreement.

5    e.    Conquest/Harris will also be responsible for distributions made to any person or

6    entity whose claim is based upon, derivative of or measured by the Judgment.

7    Conquest/Harris will indemnify the Estates against any claims by such parties for

8    which the Estates would otherwise be responsible.  Any distribution from the Estates

9    to such parties will be credited against the distributions due Conquest/Harris under

10   the Agreement.

11   f.    The Harris Parties will independently.agree upon the manner in which distributions

12   from the Estates are allocated among the Harris Parties.

13   g.    The Knight Trustee and the Death Row Trustee will cause the Harris Adversary

14   Proceeding to be dismissed.  Similarly, Lydia and Michael Harris will cause the

15   Knight Adversary Proceeding to be dismissed.

16   h.    The Knight Trustee and the Death Row Trustee will each release the Harris Parties

17   from any and all known and unknown claims.  Similarly, the Harris Parties will

18   release the Knight Trustee, the Knight estate, the Death Row Trustee, and the Death

19   Row estate from any and all known and unknown claims.

20   **II.**

21   **JURISDICTION**

22   Jurisdiction herein lies pursuant to 28 U.S.C. §§ 157 and 1334 and Federal Rule of

23   Bankruptcy Procedure ("Bankruptcy Rule") 9019.

24

25

26

27

28

NOTICE OF MOTION AND CHAPTER 11 TRUSTEE'S MOTION FOR AN ORDER APPROVING HARRIS SETTLEMENT

## III.

## MEMORANDUM OF POINTS AND AUTHORITIES

Bankruptcy Rule 9019(a) provides

> On motion by the trustee and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement.

The Supreme Court, in *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968), held that a bankruptcy court, in considering whether to approve a compromise, should inform itself regarding all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

The Ninth Circuit has further held that in determining the fairness, reasonableness and adequacy of a proposed settlement agreement, a court must consider:

> (a) probability of success in the litigation;

> (b) the difficulties, if any, to be encountered in the matter of collection;

> (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

> (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied*, 479 U.S. 854, 107 S. Ct. 189 (1986).

The trustee, as the party proposing the compromise, has the burden of persuading the Court that the compromise is fair and equitable and should be approved. *Id.* Although "the creditors' objections to a compromise must be afforded due deference, such objections are not controlling, [citations], and while the court must preserve the rights of the creditors, it must also weigh certain factors to determine whether the compromise is in the best interest of the bankrupt estate." *Id.* at 1382.

11

KAYE SCHOLER LLP

1    The bankruptcy court has wide latitude and discretion in evaluating a proposed compromise

2    because the judge is "uniquely situated to consider the equities and reasonableness." *U.S. v. Alaska*

3    *Nat'l Bank (In re Walsh Construction, Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982). The Ninth Circuit

4    has further stated:

5    
6    A compromise agreement allows the trustee and the creditor to avoid
    the expenses and burdens associated with litigating "sharply contested
    and dubious" claims. [Citation]. The bankruptcy court need not
7    conduct an exhaustive investigation into the validity of the asserted
    claim. [Citation]. It is sufficient that, after apprising itself of all facts
8    necessary for an intelligent and objective opinion concerning the
    claim's validity, the court determines that either (1) the claim has a
9    "substantial foundation" and is not "clearly invalid as a matter of law,"
10    or (2) the outcome of the claim's litigation is "doubtful."

11    *Id.* at 1328.

12    The court is not "to decide the numerous questions of law and fact raised by [objectors] but

13    rather to canvass the issues and see whether the settlement '*falls below the lowest point in the range*

14    *of reasonableness.*'" *In re Carla Leather, Inc.*, 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1984) (*quoting In*

15    *re W. T. Grant & Co.*, 699 F.2d 599, 608 (2d Cir. 1983) (emphasis added).

16    **The Agreement Satisfies the A & C Factors**

17    The Death Row Trustee believes that the proposed settlement with the Harris Parties is a fair

18    and reasonable settlement of the claims asserted by him against the Harris Parties, and the Harris

19    Parties' claims against the Death Row estate.

20    The probability of success of the Death Row Trustee's claims against the Harris Parties is

21    highly uncertain, and litigation will be time consuming and complex. The Superior Court entered

22    the Judgment on or about March 9, 2005. The time to appeal the Judgment has expired. In order to

23    pursue the Death Row estate's claims against the Harris Parties, the Death Row Trustee would be

24    required to demonstrate to the Superior Court that the Judgment should either be vacated or deemed

25    satisfied.

26    Second, the Judgment is unenforceable because the Bankruptcy Court has abstained from

27    hearing claims relating to the validity of the Judgment, as well as claims seeking to enforce an April

28    2005 written settlement agreement between Knight and Lydia Harris.

12

KAYE SCHOLER LLP

1       Third, vacating the Judgment involves expense, delay and complicated litigation. Such

2   litigation would involve, among other things, the application of judicial estoppel against the

3   Judgment because Lydia Harris failed to disclose the underlying claims in her personal bankruptcy

4   case. The Superior Court would most likely be required to weigh the testimony and credibility of

5   Knight and his state court counsel, Mr. Givens,[8] against Lydia Harris' testimony and credibility.

6   Even if the Death Row Trustee were successful in setting aside the Judgment, he would then be

7   required to litigate with the Harris Parties concerning the validity of their claims that were asserted

8   against Death Row in the Superior Court. Such litigation would require extensive discovery and pre-

9   trial litigation, and could result in the re-entry of judgment against the Debtor after a trial on the

10   merits.

11       Even after the Superior Court litigation over claims from which the Bankruptcy Court has

12   abstained,[9] the Death Row Trustee would have to continue litigating the Harris Adversary

13   Proceeding. Specifically, the Death Row Trustee would have to prove the avoidance claims, the

14   subordination of the $45 million of economic damages as relating to Lydia Harris' alleged

15   shareholder interest, and the subordination of the $60 million in punitive damages as a penalty. Such

16   litigation would likely require more discovery and pre-trial litigation, and the outcome of such

17   litigation is uncertain.

18       Finally, the paramount interest of the creditors weigh in favor of settlement. Pursuant to the

19   Agreement, both the Death Row Trustee and the Knight Trustee will avoid the substantial legal fees

20   and expenses that they would otherwise incur in prosecuting their claims against the Harris Parties.

21   The Agreement provides for a substantial reduction of the Harris Parties' general unsecured claims

22   against the Knight and Death Row estates, from over $107 million to $30 million. At the same time,

23

24   [8]  The Death Row Trustee has filed a legal malpractice complaint against Mr. Givens for actions taken, or
not taken, by him in connection with entry of the Judgment. *See R. Todd Neilson v. Givens*, Case No. 08-

25   01379-VZ (Bankr. C.D. Cal. April 3, 2008).

26   [9]  The claims with respect to which the Bankruptcy Court abstained were: (1) for declaratory relief to
determine the Judgment to be unenforceable; (2) to enforce the settlement that Knight alleges to be the

27   valid settlement agreed to by Lydia Harris; (3) to enforce a pre-litigation settlement with Michael Harris
from 1996; (4) for rescission of the settlement agreement that Lydia Harris alleges to be the valid

28   settlement agreed to by Knight; (5) for fraud and deceit in connection with the 2005 settlement; and (6)
alternatively, for negligent misrepresentation in connection with the 2005 settlement.

13

NOTICE OF MOTION AND CHAPTER 11 TRUSTEE'S MOTION FOR AN ORDER APPROVING HARRIS SETTLEMENT

1  the Agreement contains provisions to ensure that other general unsecured creditors receive at least

2  half of the total distributions made in the first two phases of distributions made to general unsecured

3  creditors. The Agreement also effectively provides for the reimbursement by the Harris Parties to

4  the Death Row Trustee and the Knight Trustee for any distributions made to the Wasserman Firm

5  and any other claims that are based upon, derivative of, or measured by the Judgment. Therefore,

6  the Agreement further reduces the general unsecured claims against the Death Row estate by

7  providing for payment by the Harris Parties to such third party claimants (or the reduction of

8  amounts to be distributed to the Harris Parties). In view of the expense of litigating with the Harris

9  Parties, the risk of loss, and the multiple benefits to be received by the Death Row estate under the

10  Agreement, the proposed settlement with the Harris Parties is in the best interests of the estate and its

11  creditors.

**CONCLUSION**

13  For the foregoing reasons, the Death Row Trustee requests that the Court enter an order (i)

14  approving the proposed settlement with the Harris Parties and (ii) granting such further relief as the

15  Court deems just and proper.

16  Dated: May 2, 2008                    KAYE SCHOLER LLP

18  By: _Steve Werth_____
         Peter L. Haviland
         Steven F. Werth
19       Everett L. Green
         Attorneys for *R. Todd Nielson, Chapter 11*
20       *Trustee of Debtor Death Row Records, Inc.*

NOTICE OF MOTION AND CHAPTER 11 TRUSTEE'S MOTION FOR AN ORDER APPROVING HARRIS SETTLEMENT

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1999 Avenue of the Stars, Suite 1700, Los Angeles, California 90067.

On May 2, 2008, I served the following document described as **NOTICE OF MOTION AND CHAPTER 11 TRUSTEE'S MOTION FOR ORDER APPROVING SETTLEMENT WITH LYDIA HARRIS, MICHAEL HARRIS, CONQUEST MEDIA GROUP, LLC AND HELEN FRAZER AS CHAPTER 7 TRUSTEE OF LYDIA HARRIS AND MEMORANDUM OF POINTS AND AUTHORITIES** by placing a true copy of the above entitled document in a sealed envelope addressed as follows:

**See Attached Service List**

_____ by FACSIMILE

_X_ by **U.S. MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

_____ by **FEDERAL EXPRESS** (causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

_____ by **PERSONAL SERVICE**
  _____ by personally delivering such envelope to the addressee.
  _____ by causing such envelope to be delivered by messenger to the office of the addressee.

_____ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_X_ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 2, 2008, at Los Angeles, California.

_Kenneice Tolliver_____          _____
Name                                          Signature

KAYE SCHOLER LLP

Death Row - Proof.wpd

## SERVICE LIST
### Case Number 2:06-bk-11205-VZ

**Chapter 11 Trustee**
R. Todd Neilson
LECG
2049 Century Park East, Suite 2300
Los Angeles, CA  90067-3125

**Counsel to Knight Trustee**
Eric P. Israel, Esq.
Danning Gill Diamond & Kollitz LLP
2029 Century Park East, Third Floor
Los Angeles, CA  90067

**Debtor Marion Knight, Jr.**
Marion Knight, Jr.
~~1617 Orchard Avenue~~
~~Compton, CA  90221~~ UTF
P. O. Box 77622
Corona, CA  92877

**Pending Litigation Claimant**
Jeffrey Karl Calhoun
~~7006 Magnolia, #149~~
~~Riverside, CA  92506~~ UTF

**Pending Litigation Claimants –
Kenneth Gilbert; Leo Gilbert, and
James Kyle McMichael**
Carey R. Shegerian, Esq.
Shegerian & Associates, Inc.
499 North Cañon Drive
Suite 201
Beverly Hills, CA  90210

**Judgment Creditor**
Kopple & Klinger, LLP, etc.
c/o Herzlich & Blum, LLP
15760 Ventura Boulevard
Suite 2024
Encino, CA  91436-3095

**Trustee's Financial Advisors**
R. Todd Neilson
LECG
2049 Century Park East, Suite 2300
Los Angeles, CA  90067-3125

**Counsel to Debtor**
Robert S. Altagen, Esq.
Law Offices of Robert S. Altagen, Inc.
1111 Corporate Center Drive
Suite 201
Monterey Park, CA  91754

**Counsel to Marion Knight, Jr.**
Daniel J. McCarthy, Esq.
Hill, Farrer & Burrill LLP
One California Plaza
300 South Grand Avnue
37th Floor
Los Angeles, CA  90071-3147

**Pending Litigation Claimant - Santiago
Sandy Sanguillen**
Kyle Sheldon Hackett, Esq.
Kyle S. Hackett Law Offices
3301 Ocean Park Boulevard
Suite 110
Santa Monica, CA  90405

**Pending Litigation Claimants – Maria
Arnaud Watkins and Beverly Broadus
Green**
Wallace L. Mitchell, II, Esq.
Kevin P. Kelley, Esq.
Mitchell & Huston
4299 MacArthur Boulevard
Suite 100
Newport Beach, CA  92660

**Judgment Creditor - O.C.F., Inc.**
Thomas A. Brackney, III, Esq.
Freund & Brackney, LLP
427 North Camden Drive
Beverly Hills, CA  90210

**Knight Trustee**
Richard Diamond, Esq.
Danning Gill Diamond & Kollitz LLP
2029 Century Park East, Third Floor
Los Angeles, CA  90067

**United States Trustee**
Alvin Mar
Office of the U.S. Trustee
725 South Figueroa Street
Suite 2600
Los Angeles, CA  90017

**Attorneys for Creditors Bridgeport
Music, Inc., Southfield Music, Inc.,
Nine Records, Inc. and Westbound
Records, Inc.**
D'Lesli M. Davis, Esq.
Fulbright & Jaworski, LLP
2200 Ross Avenue
Suite 2800
Dallas, TX  75101-2784

**Pending Litigation Claimant -
Avatar Publishing Group LLC**
Reginald K. Brown, Esq.
Reginald K. Brown Law Offices
6080 Center Drive, 6th Floor
Los Angeles, CA  90045

**Judgment Creditor - Kopple &
Klinger**
Allan Herzlich, Esq.
Jerome J. Blum, Esq.
Herzlich & Blum, LLP
15760 Ventura Boulevard
Suite 2024
Encino, CA  91436-3095

**Judgment Creditor**
L. A. Commercial Group dba
Continental Commercial Group
317 South Brand Boulevard
Glendale, CA  91204

**Judgment Creditor — L.A. Comercial Group dba Continental Commercial Group**
Carlos D. Olivares, Esq.
317 South Brand Boulevard
Glendale, CA 91204

**Judgment Creditor**
Alexander Jewelers, Inc.
2089 Galleria at Tyler
Riverside, CA 92503

**Judgment Creditor — Alexander Jewelers, Inc.**
Franklin C. Adams, Esq.
Danielle Sakai, Esq.
Best Best & Krieger LLP
3750 University Avenue
P. O. Box 1028
Riverside, CA 92502

**Judgment Creditor**
CLS Transportation, Inc.
c/o John M. Kalajian, Esq.
P. O. Box 1690
Simi Valley, CA 93062-1690

**Judgment Creditor — CLS Transportation, Inc.**
John M. Kalajian, Esq.
Law Offices of John M. Kalajian
P. O. Box 1690
Simi Valley, CA 93062-1690

**Judgment Creditor**
Eagle Audio, Inc.
911 South Main Street
Ft. Worth, TX 76104

**Judgment Creditor**
Eagle Audio, Inc.
1875 Century Park East
Suite 1240
Los Angeles, CA 90067

**Judgment Creditor — Eagle Audio, Inc.**
Harold P. Margulies, Esq.
1875 Century Park East
Suite 1240
Los Angeles, CA 90067

**Judgment Creditor — Gangi Studios, Inc.**
Don M. Saksida, Esq.
Law Offices of Don M. Sakaida
~~16163 Nordhoff Street~~
~~Suite 322~~
~~North Hills, CA 91343~~
UTF

**Pending Litigation Claimants - Torp., Inc. dba Norwalk Automotive, and Torp, Inc. dba Cerritos Towing**
Teri L. Torp
16423 Pioneer Boulevard
Norwalk, CA 90650

**Pending Litigation Claimant - Clear Channel Outdoor**
Richard F. Hamlin, Esq.
Richard Hamlin Attorneys
7131 West Manchester Avenue
Suite 200
Los Angeles, CA 90045-3554

**Pending Litigation Claimant – Burrelles Informations/Burrelles Press Clipping**
Nathan H. Harris, Esq.
Victor A. Sahn
Richard Baumann
SulmeyerKupetz
333 South Hope Street, 35th Floor
Los Angeles, CA 90071-1406

**Committee Counsel**
Debra Grassgreen, Esq.
Pachulski, Stang, Ziehl & Young LLP
150 California Street, 15th Floor
San Francisco, CA 94111-4500

**Committee Counsel**
Richard Gruber
Pachulski, Stang, Ziehl & Young LLP
10100 Santa Monica Boulevard
11th Floor
Los Angeles, CA 90067

**Committee Chair**
Amanda Metcalf, Esq.
Law Offices of Amanda Metcalf
29 Marin Bay Park Court
San Rafael, CA 94901

**Committee Member and RSFN**
Afeni Shakur and Amaru Entertainment, Inc.
c/o Michael Simon, Esq.
Akerman Senterfitt LLP
725 South Figueroa Street
38th Floor
Los Angeles, CA 90017

**Committee Member and RSFN**
Afeni Shakur and Amaru Entertainment, Inc.
c/o Donald David, Esq.
Brian Bloom, Esq.
Akerman Senterfitt LLP
335 Madison Avenue
Suite 2600
New York, NY 10017

**Committee Member and RFSN**
Mark L. Block, Esq.
Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP
10250 Constellation Boulevard
19th Floor
Los Angeles, CA 90067

**Committee Member and RFSN**
Lydia Harris
c/o David R. Weinstein, Esq.
Sharon Z. Weiss, Esq.
Weinstein, Weiss & Ordubegian LLP
1925 Century Park East
Suite 1150
Los Angeles, CA 90067-2712

**Committee Member and RFSN**
Lydia Harris
3910 Daphne Street
Houston, TX 77021

**Committee Member**
Dwayne Baudy, Esq.
Law Offices of Joseph E. Porter III
206 Third Street
Seal Beach, CA 90740

**RFSN - Attorneys for Party-in-Interest Koch Entertainment LP**
Keith W. Berglund, Esq.
The Berglund Group
149 S. Barrington Avenue, Suite 181
Los Angeles, CA 90049

**Pending Litigation Claimant**
David Z. Chesnoff, Esq.
Goodman & Chesnoff
520 South Fourth Street
Las Vegas, NV 89101

**Interested Party**
David E. Kenner, Esq.
Kenner Law Firm
16000 Ventura Blvd., PH1208
Encino, CA 91436

**Judgment Creditor Claimant**
Margery L. Melvin, Esq.
1249 South Diamond Bar Boulevard
#21
Diamond Bar, CA 91765

**Pending Litigation Claimant - Credit Managers Association of California**
Michael C. McIntyre, Esq.
Law Offices of Rotkin, Schmerin & McIntyre
~~710 Wilshire Boulevard~~
~~Suite 625~~
~~Santa Monica, CA 90401-1724~~
225 South Civic Drive, Suite 2-12
Palm Springs, CA 92262-7228

**RFSN - Attorneys for Party-in-Interest Calvin Broadus (pka Snoop Dogg)**
Martin S. Zohn, Esq.
Proskauer Rose LLP
2049 Century Park East
Suite 3200
Los Angeles, CA 90067-3206

**RFSN - Attorneys for Creditor Wasserman, Comden, Casselman & Pearson, LLP**
Peter Q. Ezzell, Esq.
Haight Brown & Bonesteel LLP
6080 Center Drive
Suite 800
Los Angeles, CA 90045-1574

**RFSN - Attorneys for Party-in-Interest Koch Entertainment LP**
Steven D. Wegner, Esq.
11355 West Olympic Boulevard
Third Floor, East Tower
Los Angeles, CA 90064

**Pending Litigation Claimant**
Caterina De Silvio, Esq.
Fischbein Badillo Wagner
909 Third Avenue
17th Floor
New York, NY 10022

**Judgment Creditor Claimant**
Arrowhead Mountain Spring Water
2767 East Imperial Highway
Brea, CA 92821

**Pending Litigation Claimant Jevon Jones aka "tha Realest"**
Ramiro J. Lluis, Esq.
Law Offices of Ramiro J. Lluis
205 South Broadway, Suite 1000
Los Angeles, CA 90012

**Pending Litigation Claimant - Diversified Acceptance Corp. dba M. Leonard & Associates**
Lloyd Douglas Dix, Esq.
Law Offices of Lloyd Douglas Dix, LLP
22287 Mulholland Way
PMB 414
Calabasas, CA 91302

**RFSN - Attorneys for Creditor Sharitha Golden**
Gary A. Starre, Esq.
Starre, Cohn & Albaum
12100 Wilshire Boulevard
Suite 700
Los Angeles, CA 90025

**RFSN - Attorneys for Creditor Wasserman, Comden & Casselman LLP**
David L. Neale, Esq.
Susan K. Seflin, Esq.
Levene, Neale, Bender, Rankin & Brill L.L.P.
10250 Constellation Boulevard
Suite 1700
Los Angeles, CA 90067

**Judgment Creditor**
Koch Entertainment Label Alliance
Vice President, Business and Legal Affairs
740 Broadway, 7th Floor
New York, NY 10003

**Estate of Tupac Shakur**
Richard S. Fischbein, Esq.
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, NY 10020-1089

**Judgment Creditor Claimant**
Paramount / Ameraycan Recording Studios
6245 Santa Monica Boulevard
Hollywood, CA 90038

**Pending Litigation Claimant - Alshire International, Inc.**
Jacqueline N. Anker, Esq.
Law Offices of Jacqueline N. Anker
~~29 West Anapamu Street~~
~~Suite 101-325~~
~~Santa Barbara, CA 93101~~
UTF 3/08

**Pending Litigation Claimant - Kone, Inc.**
Raymond I. Dyne, Esq.
Law Offices of Raymond I. Dyne
~~6355 Topanga Canyon Boulevard~~
~~Suite 331~~
~~Woodland Hills, CA 91367-2100~~
UTF

**RFSN - Attorneys for Party-in-Interest King, Holmes, Paterno & Berliner LLP**
Howard E. King, Esq.
Michelle N. Jubelirer, Esq.
King, Holmes, Paterno & Berliner LLP
1900 Avenue of the Stars
25th Floor
Los Angeles, CA 90067-4506

David Casselman, Esq.
Wasserman, Comden, Casselman, LLP
5567 Reseda Boulevard
Suite 330
Tarzana, CA 91356

RFSN - Attorneys for Creditor
Michael Ray Harris
Steven M. Goldberg, Esq.
Russ August & Kabat
12424 Wilshire Boulevard
12th Floor
Los Angeles, CA 90025

RFSN - Attorneys for Party-in-Interest
Los Angeles County Treasurer and Tax
Collector
Bonita Sanchez, Supervisor
Los Angeles County Treasurer and Tax
Collector
P.O. Box 54110
Los Angeles, CA 90054-0110

RFSN - Attorneys for Creditors
Bridgeport Music Inc., Southfield
Music, Inc., Westbound Records,
Inc., and Nine Records, Inc.
Richard S. Busch, Esq.
King & Ballow
315 Union Street, Suite 1100
Nashville, TN 37201

RFSN - Attorneys for Party-In-
Interest (MK Case only) Delmar
Arnaud
Bret D. Lewis, Esq.
Law Ofc Bret D. Lewis
12304 Santa Monica Boulevard, #PH
Los Angeles, CA 90025

Creditor
Laurence D. Strick, Esq.
339 N. Sycamore Avenue, #2
Los Angeles, CA 90036

Creditor
Larry Nagelberg, Esq.
Nagelberg & Associates
10940 Wilshire Boulevard
The Tower, Suite 2150
Los Angeles, CA 90024

Creditor
Kathryn A. Meyer
Internal Revenue Service
3018 Federal Building
300 N. Los Angeles Street
Los Angeles, CA 90012

Creditor
Franchise Tax Board
Attn: Bankruptcy
P.O. Box 942840
Sacramento, CA 94267-0040

Creditor
Harold Becks
3255 Wilshire Boulevard
Suite 1734
Los Angeles, CA 90010-1416

Creditor
Dermot Givens, Esq.
433 North Camden Drive
Suite 600
Beverly Hills, CA 90210

Creditor
Cingular Wireless
P.O. Box 60017
Los Angeles, CA 90060

Creditor
Orchard Bank
HSBC Card Services
P.O. Box 60102
City of Industry, CA 91716-0102

Creditor
Nextel
~~P.O. Box 740463~~
~~Cincinnati, OH 45274-0463~~ UTF

Creditor
Don Stabler
Stabler & Associates, Inc.
~~15250 Ventura Boulevard~~
~~Suite 720~~
~~Sherman Oaks, CA 91403~~
UTF 3/08

Rex Julian Bearber
1546 Calmer Court
Los Angeles, CA 90024

Creditor (MK Case)
Warner/Chappell Music, Inc.
c/o Alan S. Gutman, Esq.
9401 Wilshire Boulevard
Suite 575
Beverly Hills, CA 90212-2918

Creditor
Edwin McPherson
McPherson & Kalmansohn
1801 Century Park East
25th Floor
Los Angeles, CA 90067

Party-in-Interest - Pitney Bowes
Credit Corporation (DRR Case)
Melody Anderson, Esq.
Law Offices of Hemar & Associates
2001 Wilshire Boulevard
Suite 300
Santa Monica, CA 90403

Party-In-Interest
Remylie Licensing, Inc.
Sheridan Taylor Group
14724 Ventura Boulevard – Penthouse
Sherman Oaks, CA 91403

Party-In-Interest
Remylie Licensing, Inc.
Sheridan Taylor Group
14127 Ventura Boulevard
Encino, CA 91423

Judgment Creditor Copeland
Capital Inc.
Secured Parties
Copeland Capital Inc.
P.O.B. 728
Park Ridge, NJ 07656

Judgment Creditor Valley Media, Inc.
James Colson, Vice President
Independent Distribution
Valley Media, Inc.
~~1280 Santa Anita Court~~
~~Woodland, CA 95776~~ UTF

RFSN - Creditors C. Delores Tucker
and William Tucker
James Andrew Hinds, Jr., Esq.
Law Offices of James Andrew Hinds, Jr.
21515 Hawthorne Boulevard
Suite 1150
Torrance, CA 90503

RFSN - Creditor C. Delores Tucker
and William Tucker
Richard C. Angino, Esq.
Angino & Rovner, P.C.
4503 North Front Street
Harrisburg, PA 17110

RFSN - The Harry Fox Agency, Inc.
Peter M. Gilhuly, Esq.
Latham & Watkins LLP
633 West Fifth Street
Suite 4000
Los Angeles, CA 9 0071

Creditor
Rex J. Beaber, Esq.
1546 Calmar Court
Los Angeles, CA. 90024

Creditor
Calabasas Animal Clinic
4937 Las Virgenes Road
Suite 101
Calabasas, CA 91302

Creditor
City of LA Office of Finance
P. O. Box 53478
Los Angeles, CA 90053-0478

Creditor
Extremity Preservation, Inc.
P. O. Box 025370
Miami, FL 33102-5370

Creditor
Las Vegas Valley Water District
1001 South Valley View Boulevard
Las Vegas, NV 89153-0001

Creditor
Nevada Power
6226 West Sahara Avenue
Las Vegas, NV 89146-3060

Creditor
The Wilshire Condominium Assn.
~~10580 Wilshire Boulevard~~
~~Los Angeles, CA 90024-4580~~
UTF 3/08

Judgment Creditor - Koch
Entertainment
Jeffrey M. Lowy, Esq.
Mark Robinson, Esq.
Lowy Law Firm
16633 Ventura Boulevard
Suite 800
Encino, CA 91436

RFSN - The Harry Fox Agency, Inc.
Christos P. Badavas
The Harry Fox Agency, Inc.
601 West 26th Street, Fifth Floor
New York, NY 10001

Creditor
Alliance Portfolio
120 Vantis, Suite 515
Aliso Viejo, CA 92656

Creditor
California DMV
P. O. Box 942894
Sacramento, CA 94294-0894

Creditor
City of Miami Beach EMS
Attn: Bob Anderson
Attn: EMS
1700 Convention Ctr. Dr.
Miami Beach, FL 33139

Harry Sendzischew, M.D.
1029 Kane Concourse
Bay Harbor, FL 33154

Creditor
Luis Gonzalez
5210 Romaine Street, #4
Los Angeles, CA 90029

Creditor
Southwest Gas Corp.
P. O. Box 98512
Las Vegas, NV 89193

Creditor
TLC 4 Dogs
348 Mission Drive
Camarillo, CA 93065

Creditor
Debbie Stewart
Bekins Moving & Storage
6300 Valley View Street
Buena Park, CA 90620

Creditor
Michael Ray Harris
CDC #D97093
San Quentin Prison
LEGAL MAIL
P.O. Box D97093
San Quentin, CA 94974

Creditor
Bryan Keropian, DDS, PC
18607 Ventura Boulevard
Suite 206
Tarzana, CA 91356

Creditor
Century Towing
23679 Calabasas Road
Suite 708
Calabasas, CA 91320

Creditor
Estrella Chiropractic
530 N. Estrella Parkway
Suite C-1
Goodyear, AZ 85338

Creditor
LA County Court Trustee
P. O. Box 513544
Los Angeles, CA 90051-1544

Mel & Rose Wine & Spirits
8344 Melrose Avenue
Los Angeles, CA 90069

Creditor
Sunset Ranch
3400 North Beachwood Drive
Hollywood, CA 90068

Judgment Creditor Priority Records
LLC Security Parties
Priority Records, LLC
~~6430 Sunset Boulevard~~
~~Hollywood, CA 90028~~
UTF

Creditor
Jim Jentges
Bekins Moving & Storage
6300 Valley View Street
Buena Park, CA 90620

Paul G. Marshall
The Marshall Firm, P.C.
271 Madison Avenue, 20th Floor
New York, NY 10016

Creditor - Bekins Moving & Storage
Richard J. Kossler, Esq.
231 East Alessandro Boulevard
Suite A
Riverside, CA 92508

Creditor
Interscope Records
2220 Colorado Avenue
Santa Monica, CA 90404

Creditor
Rami Etessami, DDS
9201 Sunset Boulevard
Suite 908
Los Angeles, CA 90069

Counsel for Eagle Rock Entertainment
Jeffrey Lee Costell, Esq.
Costell & Cornelius Law Corporation
1299 Ocean Avenue
Suite 400
Santa Monica, CA 90401

RFSN - Tammy Hawkins and
Digital Revolution Holdings, Inc.
Henry S. David, Esq.
Dreier Stein Kahan Browne Woods
George LLP
The Water Garden
1620 26th, 6th Floor, North Tower
Santa Monica, CA 90404

RFSN - Interscope Records
Wayne R. Terry, Esq.
Hemar, Rousso & Heald LLP
15910 Ventura Boulevard
12th Floor
Encino, CA 91436

RFSN - Sony BMG Music
Entertainment
Ron Weston, Esq.
Senior Vice President
Sony BMG Music Entertainment
550 Madison Avenue
New York, NY 10022-3211

Party-In-Interest
Ron Winter
Ron Winter Productions Limited
No. 1 Technology Park
Colindeep Lane, Colindale
London, NW9 6BX
United Kingdom

Counsel for Michel'le Toussant
Gary A. Plotkin, Esq.
Plotkin, Rapoport & Nahmias
16633 Ventura Boulevard
Suite 800
Encino, CA 91436-1836

Party-In-Interest
Vivienne Austin
3250 Wilshire Boulevard
Suite 1500
Los Angeles, CA 90010

Party-In-Interest
Eric Arima
Eric H. Arima & Company, Inc.
27200 Tourney Road, #211
Valencia, CA 91355

Party-In-Interest
Rap-A-Lot Records, Inc.
Jeffrey S. Shinbrot, Esq.
Jeffrey S. Shinbrot, APLC
8383 Wilshire Boulevard
Suite 1010
Beverly Hills, CA 90211

Party-In-Interest
Rap-A-Lot Records, Inc.
Henry J. Fastoff, IV, Esq.
Charles E. Long, Esq.
Stumpf, Craddock, Massey & Farrimond,
P.C.
1400 Post Oak Boulevard
4th Floor
Houston, TX 77056

Attorneys for Sharzahd Sadaghiana
(Requested Notice)
Ira Benjamin Katz, Esq.
Law Offices of Ira Benjamin Katz
1901 Avenue of the Stars
Suite 1900
Los Angeles, CA 90067

Sheila Lebowitz
County of Los Angeles
Child Support Services Department
5701 South Easter Avenue
Suite 201
Commerce, CA 90040

OCF, Inc.
c/o Freund & Brackey, LLP
427 North Camden Drive
Beverly Hills, CA 90210

Attorneys for Conquest Media
David P. Simonds, Esq.
Channing D. Johnson, Esq.
Akin Gump Strauss Hauer & Feld LLP
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3012

Jeff Wernick
Conquest Media, LLC
486 N. Camden Drive
Suite 272 E
Beverly Hills, CA 90210

c/o Ben Curry, Warden
California Department of Corrections and
Rehabilitation
Correctional Training Facility
P. O. Box 686
Soledad, CA 93960

c/o Robert L. Ayers, Jr., Warden
San Quentin State prison
San Quentin, CA 94964

Creditor
Andre Young
c/o Howard E. King, Esq.
1900 Avenue of the Stars
25th Floor
Los Angeles, CA  90067-4506

Creditor
International Revenue Service
Special Procedures/Bankruptcy
Room 4062, Mail Stop 5022
300 North Los Angeles Street
Los Angeles, CA  90012

Creditor
c/o Ross Weston, Esq.
Sony BMG Music Entertainment
550 Madison Avenue
New York, NY  10022-3211

Creditor
c/o Rex Julian Beaber, Esq.
Wasserman, Comden, Casselman &
Pearson
1546 Calmar Court
Los Angeles, CA  90024

RFSN - Attorneys for Helen Ryan
Frazer, Chapter 7 Trustee for Lydia
Harris
Patrick K. McClellan, Esq.
Law Offices of Patrick K. McClellan
2600 Michelson Drive, Suite 700
Irvine, CA  92612

Creditor
Employment Development Department
Bankruptcy Group MIC 92E
P.O.B. 826880
Sacramento, CA  94280-0001

Creditor
Laffer & Gottlieb CPAS
9454 Wilshire Boulevard
Suite 920
Beverly Hills, CA  90212

Creditor
Thad Weinlein
Acorn Entertainment
~~5777 West Century Boulevard~~
~~10th Floor~~
~~Los Angeles, CA  90045~~
P. O. Box 81318
Las Vegas, NV  89180-1318

RFSN - Attorneys for EverGreen
Copyrights, Inc.
Paul R. Glassman, Esq.
Adam M. Starr, Esq.
Greenberg Traurig, LLP
2450 Colorado Avenue
Suite 400E
Santa Monica, CA  90404

RFSN - Chapter 7 Trustee for Lydia
Harris
Helen Ryan Frazer, Esq.
Atkinson, Andelson
17871 Park Plaza Drive, Suite 200
Cerritos, CA  90703

Creditor
Franchise Tax Board
Special Procedures
P. O. Box 2952
Sacramento, CA  95812-2952

Creditor
Pitney Bowes Credit Corporation
Attn:  Recovery Department
27 Waterview Drive
Shelton, CT  06484-4361

Creditor
TLC4Dogs, Inc.
c/o Christina S. Stokholm
Law Offices of Mark Pachowicz
771 Daily Drive, Suite 230
Camarillo, CA  93010

RFSN - Attorneys for Creditor
Andre Young, p/k/a Dr. Dre
c/o Brian L. Davidoff, Esq.
Duane Kumagai, Esq.
Rutter, Hobbs & Davidoff
Incorporated
1901 Avenue of the Stars, Suite 1700
Los Angeles, CA  90067

EXHIBIT 12 B

EXHIBIT 12 B

1    Peter L. Haviland, CA Bar No. 144967
     Steven F. Werth, CA Bar No. 205434
2    Everett L. Green, CA Bar No. 237936
     KAYE SCHOLER LLP
3    1999 Avenue of the Stars, Suite 1700
     Los Angeles, California 90067
4    Telephone: (310) 788-1000
     Facsimile: (310) 788-1200

5

6    *Attorneys for R. Todd Neilson,*
     *Chapter 11 Trustee of Debtor*
7    *Death Row Records, Inc.*

FILED & ENTERED

JUN 09 2008

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY johnson  DEPUTY CLERK

8             **UNITED STATES BANKRUPTCY COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10             **LOS ANGELES DIVISION**

11   In re                   CASE NO. 2:06-bk-11205-VZ

12   DEATH ROW RECORDS, INC.,       Chapter 11

13         Debtor.          **ORDER GRANTING CHAPTER 11**
                               **TRUSTEE'S MOTION FOR ORDER**
14                                **APPROVING SETTLEMENT WITH LYDIA**
                               **HARRIS, MICHAEL HARRIS, CONQUEST**
15                                **MEDIA GROUP, LLC AND HELEN FRAZER**
                               **AS CHAPTER 7 TRUSTEE OF LYDIA**
16                                **HARRIS**

17                            Date:      May 27, 2008
18                            Time:      11:00 a.m.
                             Place:     Courtroom 1368
19                                            255 E. Temple St.
20                                            Los Angeles, CA

21

22

23

24

25

26

27

28

Kaye Scholer llp

1    The Motion of the Chapter 11 Trustee (the "Death Row Trustee") of Death Row Records,

2    Inc. for an Order Approving Settlement with Lydia Harris, Michael Harris, Conquest Media Group,

3    LLC and Helen Frazer as Chapter 7 Trustee of Lydia Harris (the "Motion") (Docket No. 513) came

4    on for hearing on May 27, 2008.  Good cause appearing therefore, it is

5    **ORDERED THAT:**

6    1.    The Motion is granted.

7    2.    The settlement agreement ("Settlement Agreement"), attached as Exhibit A to the

8    "Declaration Of R. Todd Neilson In Support Of Chapter 11 Trustee's Motion For An Order

9    Approving Settlement With Lydia Harris, Michael Harris, Conquest Media Group, LLP, And Helen

10    Frazer As Chapter 7 Trustee Of Lydia Harris" (Docket No. 514) is hereby approved.

11    3.    The Death Row Trustee is authorized to enter into the Settlement Agreement and to

12    take such further action and execute such documents as is required to implement its terms.

####

DATED: June 9, 2008

_____
United States Bankruptcy Judge

1

[PROPOSED] ORDER GRANTING CHAPTER 11 TRUSTEE'S MOTION APPROVING SETTLEMENT WITH LYDIA HARRIS, MICHAEL
HARRIS, CONQUEST MEDIA GROUP, LLC AND HELEN FRAZER AS CHAPTER 7 TRUSTEE

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1999 Avenue of the Stars, Suite 1700, Los Angeles, California 90067.

On May 23, 2008, I served the following document described as **[PROPOSED] ORDER GRANTING CHAPTER 11 TRUSTEE'S MOTION FOR ORDER APPROVING SETTLEMENT WITH LYDIA HARRIS, MICHAEL HARRIS, CONQUEST MEDIA GROUP, LLC AND HELEN FRAZER AS CHAPTER 7 TRUSTEE OF LYDIA HARRIS** by placing a true copy of the above entitled document in a sealed envelope addressed as follows:

See Attached Service List

__X__   by U.S. MAIL (I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

____   by FEDERAL EXPRESS (causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

____   by PERSONAL SERVICE
          ____   by personally delivering such envelope to the addressee.
          ____   by causing such envelope to be delivered by messenger to the office of the addressee.

__X__   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 23, 2008, at Los Angeles, California.

__Kenneice Tolliver_____          _____/s/Kenneice Tolliver_____
Name                                              Signature

2

Kaye Scholer llp

Kave Scholer llp

SERVICE LIST

Chapter 11 Trustee
R. Todd Neilson
LECG
2049 Century Park East, Suite 2300
Los Angeles, CA  90067-3125

Trustee's Financial Advisors
R. Todd Neilson
LECG
2049 Century Park East, Suite 2300
Los Angeles, CA  90067-3125

Knight Trustee
Richard Diamond, Esq.
Danning Gill Diamond & Kollitz LLP
2029 Century Park East, Third Floor
Los Angeles, CA  90067

Counsel to Knight Trustee
Eric P. Israel, Esq.
Danning Gill Diamond & Kollitz LLP
2029 Century Park East, Third Floor
Los Angeles, CA  90067

Counsel to Debtor
Robert S. Altagen, Esq.
Law Offices of Robert S. Altagen, Inc.
1111 Corporate Center Drive
Suite 201
Monterey Park, CA  91754

United States Trustee
Dare Law
Office of the U.S. Trustee
725 South Figueroa Street
Suite 2600
Los Angeles, CA  90017

Debtor Marion Knight, Jr.
Marion Knight, Jr.
1617 Orchard Avenue
Compton, CA  90221 UTF
P. O. Box 77622
Corona, CA  92877

Counsel to Marion Knight, Jr.
Daniel J. McCarthy, Esq.
Hill, Farrer & Burrill LLP
One California Plaza
300 South Grand Avenue, 37th Floor
Los Angeles, CA  90071-3147

Attorneys for Creditors Bridgeport Music,
Inc.,
Southfield Music, Inc., Nine Records, Inc.
and Westbound Records, Inc.
D'Lesli M. Davis, Esq.
Fulbright & Jaworski, LLP
2200 Ross Avenue
Suite 2800
Dallas, TX  75101-2784

Pending Litigation Claimant
Jeffrey Karl Calhoun
7006 Magnolia, #149
Riverside, CA  92506 UTF

Pending Litigation Claimant
Santiago Sandy Sanguillen
Kyle Sheldon Hackett, Esq.
Kyle S. Hackett Law Offices
3301 Ocean Park Boulevard
Suite 110
Santa Monica, CA  90405

Pending Litigation Claimant
Avatar Publishing Group LLC
Reginald K. Brown, Esq.
Reginald K. Brown Law Offices
6080 Center Drive, 6th Floor
Los Angeles, CA  90045

Pending Litigation Claimants
Kenneth Gilbert, Leo Gilbert,
and James Kyle McMichael
Carey R. Shegerian, Esq.
Shegerian & Associates, Inc.
499 North Cañon Drive, Suite 201
Beverly Hills, CA  90210

Pending Litigation Claimants –
Maria Arnaud Watkins and
Beverly Broadus Green
Wallace L. Mitchell, II, Esq.
Kevin P. Kelley, Esq.
Mitchell & Huston
4299 MacArthur Boulevard, Suite 100
Newport Beach, CA  92660
660 Baker St., Ste. 401
Costa Mesa, CA 92626-4411

3

[PROPOSED] ORDER GRANTING CHAPTER 11 TRUSTEE'S MOTION APPROVING SETTLEMENT WITH LYDIA HARRIS, MICHAEL
HARRIS, CONQUEST MEDIA GROUP, LLC AND HELEN FRAZER AS CHAPTER 7 TRUSTEE

Judgment Creditor - Kopple & Klinger
Allan Herzlich, Esq.
Jerome J. Blum, Esq.
Herzlich & Blum, LLP
15760 Ventura Boulevard
Suite 2024
Encino, CA  91436-3095

Judgment Creditor
Kopple & Klinger, LLP, etc.
c/o Herzlich & Blum, LLP
15760 Ventura Boulevard
Suite 2024
Encino, CA  91436-3095

Judgment Creditor - O.C.F., Inc.
Thomas A. Brackney, III, Esq.
Freund & Brackney, LLP
427 North Camden Drive
Beverly Hills, CA  90210

Judgment Creditor
L. A. Commercial Group dba
Continental Commercial Group
317 South Brand Boulevard
Glendale, CA  91204

Judgment Creditor -- L.A.
Comercial Group dba
Continental Commercial Group
Carlos D. Olivares, Esq.
317 South Brand Boulevard
Glendale, CA  91204

Judgment Creditor
Alexander Jewelers, Inc.
2089 Galleria at Tyler
Riverside, CA  92503

Judgment Creditor -- Alexander Jewelers, Inc.
Franklin C. Adams, Esq.
Danielle Sakai, Esq.
Best Best & Krieger LLP
3750 University Avenue
P. O. Box 1028
Riverside, CA  92502

Judgment Creditor
CLS Transportation, Inc.
c/o John M. Kalajian, Esq.
P. O. Box 1690
Simi Valley, CA  93062-1690

Judgment Creditor -- CLS Transportation, Inc.
John M. Kalajian, Esq.
Law Offices of John M. Kalajian
P. O. Box 1690
Simi Valley, CA  93062-1690

Judgment Creditor
Eagle Audio, Inc.
911 South Main Street
Ft. Worth, TX  76104

Judgment Creditor
Eagle Audio, Inc.
1875 Century Park East
Suite 1240
Los Angeles, CA  90067

Judgment Creditor -- Eagle Audio, Inc.
Harold P. Margulies, Esq.
1875 Century Park East
Suite 1240
Los Angeles, CA  90067

Pending Litigation Claimants - Torp., Inc. dba
Norwalk Automotive, and Torp, Inc. dba
Cerritos Towing
Teri L. Torp
16423 Pioneer Boulevard
Norwalk, CA  90650

Pending Litigation Claimant - Clear Channel
Outdoor
Richard F. Hamlin, Esq.
Richard Hamlin Attorneys
7131 West Manchester Avenue
Suite 200
Los Angeles, CA  90045-3554

Pending Litigation Claimant - Burrelles
Informations/Burrelles Press Clipping
Nathan H. Harris, Esq.
Victor A. Sahn
Richard Baumann
SulmeyerKupetz
333 South Hope Street, 35th Floor
Los Angeles, CA  90071-1406

Committee Counsel
Debra Grassgreen, Esq.
Pachulski, Stang, Ziehl & Young LLP
150 California Street, 15th Floor
San Francisco, CA  94111-4500

Kaye Scholer llp

1

[PROPOSED] ORDER GRANTING CHAPTER 11 TRUSTEE'S MOTION APPROVING SETTLEMENT WITH LYDIA HARRIS, MICHAEL
HARRIS, CONQUEST MEDIA GROUP, LLC AND HELEN FRAZER AS CHAPTER 7 TRUSTEE

Kave Scholer llp

| | |
|---|---|
| **Committee Counsel**<br>Richard Gruber<br>Pachulski, Stang, Ziehl & Young LLP<br>10100 Santa Monica Boulevard<br>11th Floor<br>Los Angeles, CA 90067 | **Committee Member**<br>Dwayne Baudy, Esq.<br>Law Offices of Joseph E. Porter III<br>206 Third Street<br>Seal Beach, CA 90740 |
| **Committee Chair**<br>Amanda Metcalf, Esq.<br>Law Offices of Amanda Metcalf<br>29 Marin Bay Park Court<br>San Rafael, CA 94901 | **RFSN - Attorneys for Party-in-Interest Koch**<br>Entertainment LP<br>Keith W. Berglund, Esq.<br>The Berglund Group<br>149 S. Barrington Avenue, Suite 181<br>Los Angeles, CA 90049 |
| **Committee Member and RSFN**<br>Afeni Shakur and Amaru Entertainment, Inc.<br>c/o Michael Simon, Esq.<br>Akerman Senterfitt LLP<br>725 South Figueroa Street<br>38th Floor<br>Los Angeles, CA 90017 | **RFSN - Attorneys for Party-in-Interest Koch**<br>Entertainment LP<br>Steven D. Wegner, Esq.<br>12424 Wilshire Blvd., Ste 720<br>Los Angeles, CA 90025 |
| **Committee Member and RSFN**<br>Afeni Shakur and Amaru Entertainment, Inc.<br>c/o Eric J. Farber, Esq. | **Judgment Creditor**<br>Koch Entertainment Label Alliance<br>Vice President, Business and Legal Affairs<br>740 Broadway, 7th Floor<br>New York, NY 10003 |
| Pinnacle Law Group, LLP<br>425 California Street, Suite 1800<br>San Francisco, CA<br>94104 | **Pending Litigation Claimant**<br>David Z. Chesnoff, Esq.<br>Goodman & Chesnoff<br>520 South Fourth Street<br>Las Vegas, NV 89101 |
| **Committee Member and RFSN**<br>Mark L. Block, Esq.<br>Christensen, Glaser, Fink, Jacobs, Weil &<br>Shapiro, LLP<br>10250 Constellation Boulevard<br>19th Floor<br>Los Angeles, CA 90067 | **Pending Litigation Claimant**<br>Caterina De Silvio, Esq.<br>Fischbein Badillo Wagner<br>909 Third Avenue<br>17th Floor<br>New York, NY 10022 |
| **Committee Member and RFSN**<br>Lydia Harris<br>c/o David R. Weinstein, Esq.<br>Sharon Z. Weiss, Esq.<br>Weinstein, Weiss & Ordubegian LLP<br>1925 Century Park East<br>Suite 1150<br>Los Angeles, CA 90067-2712 | **Estate of Tupac Shakur**<br>Richard S. Fischbein, Esq.<br>Sonnenschein Nath & Rosenthal LLP<br>1221 Avenue of the Americas<br>New York, NY 10020-1089 |
| **Committee Member and RFSN**<br>Lydia Harris<br>3910 Daphne Street<br>Houston, TX 77021 | **Interested Party**<br>David E. Kenner, Esq.<br>Kenner Law Firm<br>16000 Ventura Blvd., PH1208<br>Encino, CA 91436 |

2

[PROPOSED] ORDER GRANTING CHAPTER 11 TRUSTEE'S MOTION APPROVING SETTLEMENT WITH LYDIA HARRIS, MICHAEL
HARRIS, CONQUEST MEDIA GROUP, LLC AND HELEN FRAZER AS CHAPTER 7 TRUSTEE

Kave Scholer llp

| | |
|---|---|
| Judgment Creditor Claimant<br>Arrowhead Mountain Spring Water<br>2767 East Imperial Highway<br>Brea, CA  92821 | Pending Litigation Claimant - Kone, Inc.<br>Raymond I. Dyne, Esq.<br>Law Offices of Raymond I. Dyne<br>6355 Topanga Canyon Boulevard<br>Suite 331<br>Woodland Hills, CA  91367-2100 UTF |
| Judgment Creditor Claimant<br>Paramount / Ameraycan Recording Studios<br>6245 Santa Monica Boulevard<br>Hollywood, CA  90038 | RFSN - Attorneys for Party-in-Interest Calvin<br>Broadus (pka Snoop Dogg)<br>Martin S. Zohn, Esq. |
| Judgment Creditor Claimant<br>Margery L. Melvin, Esq.<br>1249 South Diamond Bar Blvd #21<br>Diamond Bar, CA  91765 | Proskauer Rose LLP<br>2049 Century Park East<br>Suite 3200<br>Los Angeles, CA  90067-3206 |
| Pending Litigation Claimant Jevon Jones aka<br>"tha Realest"<br>Ramiro J. Lluis, Esq.<br>Law Offices of Ramiro J. Lluis<br>205 South Broadway, Suite 1000<br>Los Angeles, CA  90012 | RFSN - Attorneys for Creditor Sharitha<br>Golden<br>Gary A. Starre, Esq.<br>Starre, Cohn & Albaum<br>12100 Wilshire Boulevard<br>Suite 700<br>Los Angeles, CA  90025 |
| Pending Litigation Claimant - Alshire<br>International, Inc.<br>Jacqueline N. Anker, Esq.<br>Law Offices of Jacqueline N. Anker<br>29 West Anapamu Street<br>Suite 101-325<br>Santa Barbara, CA  93101<br>UTF 3/08 | RFSN - Attorneys for Party-in-Interest King,<br>Holmes, Paterno & Berliner LLP<br>Howard E. King, Esq.<br>Michelle N. Jubelirer, Esq.<br>King, Holmes, Paterno & Berliner LLP<br>1900 Avenue of the Stars, 25th Floor<br>Los Angeles, CA  90067-4506 |
| Pending Litigation Claimant - Credit<br>Managers Association of California<br>Michael C. McIntyre, Esq.<br>Law Offices of Rotkin, Schmerin & McIntyre<br>710 Wilshire Boulevard, Suite 625<br>Santa Monica, CA  90401-1724<br>225 South Civic Drive, Suite 2-12<br>Palm Springs, CA  92262-7228 | RFSN - Attorneys for Creditor Wasserman,<br>Comden, Casselman & Pearson, LLP<br>Peter Q. Ezzell, Esq.<br>Haight Brown & Bonesteel LLP<br>6080 Center Drive<br>Suite 800<br>Los Angeles, CA  90045-1574 |
| Pending Litigation Claimant - Diversified<br>Acceptance Corp. dba M. Leonard &<br>Associates<br>Lloyd Douglas Dix, Esq.<br>Law Offices of Lloyd Douglas Dix, LLP<br>22287 Mulholland Way<br>PMB 414<br>Calabasas, CA  91302 | RFSN - Attorneys for Creditor Wasserman,<br>Comden & Casselman LLP<br>David L. Neale, Esq.<br>Susan K. Seflin, Esq.<br>Levene, Neale, Bender, Rankin & Brill L.L.P.<br>10250 Constellation Blvd., Suite 1700<br>Los Angeles, CA  90067<br>David Casselman, Esq.<br>Wasserman, Comden, Casselman, LLP<br>5567 Reseda Boulevard, Suite 330<br>Tarzana, CA  91356 |

3

[PROPOSED] ORDER GRANTING CHAPTER 11 TRUSTEE'S MOTION APPROVING SETTLEMENT WITH LYDIA HARRIS, MICHAEL
HARRIS, CONQUEST MEDIA GROUP, LLC AND HELEN FRAZER AS CHAPTER 7 TRUSTEE

Kave Scholer llp

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RFSN - Attorneys for Creditor Michael Ray
Harris
Steven M. Goldberg, Esq.
Russ August & Kabat
12424 Wilshire Boulevard
12th Floor
Los Angeles, CA 90025

RFSN - Attorneys for Party-in-Interest Los
Angeles County Treasurer and Tax Collector
Bonita Sanchez, Supervisor
Los Angeles County Treasurer and Tax
Collector
P.O. Box 54110
Los Angeles, CA 90054-0110

RFSN - Attorneys for Creditors Bridgeport
Music Inc., Southfield Music, Inc.,
Westbound Records, Inc., and Nine Records,
Inc.
Richard S. Busch, Esq.
King & Ballow
315 Union Street, Suite 1100
Nashville, TN 37201

RFSN - Attorneys for Party-In-Interest (MK
Case only) Delmar Arnaud
Bret D. Lewis, Esq.
Law Ofc Bret D. Lewis
12304 Santa Monica Boulevard, #PH
Los Angeles, CA 90025

Creditor
Laurence D. Strick, Esq.
339 N. Sycamore Avenue, #2
Los Angeles, CA 90036

Creditor
Larry Nagelberg, Esq.
Nagelberg & Associates
10940 Wilshire Boulevard
The Tower, Suite 2150
Los Angeles, CA 90024

Creditor
Kathryn A. Meyer
Internal Revenue Service
3018 Federal Building
300 N. Los Angeles Street
Los Angeles, CA 90012

Creditor
Franchise Tax Board
Attn: Bankruptcy
P.O. Box 942840
Sacramento, CA 94267-0040

Creditor
Harold Becks
3255 Wilshire Boulevard
Suite 1734
Los Angeles, CA 90010-1416

Creditor
Dermot Givens, Esq.
433 North Camden Drive
Suite 600
Beverly Hills, CA 90210

Creditor
Cingular Wireless
P.O. Box 60017
Los Angeles, CA 90060

Creditor
Orchard Bank
HSBC Card Services
P.O. Box 60102
City of Industry, CA 91716-0102

Creditor
Nextel
P.O. Box 740463
Cincinnati, OH 45274-0463 UTF

Creditor
Don Stabler
Stabler & Associates, Inc.
15250 Ventura Boulevard
Suite 720
Sherman Oaks, CA 91403
UTF 3/08

Rex Julian Bearber
1546 Calmer Court
Los Angeles, CA 90024

Creditor (MK Case)
Warner/Chappell Music, Inc.
c/o Alan S. Gutman, Esq.
9401 Wilshire Boulevard
Suite 575
Beverly Hills, CA 90212-2918

4

[PROPOSED] ORDER GRANTING CHAPTER 11 TRUSTEE'S MOTION APPROVING SETTLEMENT WITH LYDIA HARRIS, MICHAEL
HARRIS, CONQUEST MEDIA GROUP, LLC AND HELEN FRAZER AS CHAPTER 7 TRUSTEE

**Kave Scholer** llp

| | |
|---|---|
| Creditor<br>Edwin McPherson<br>McPherson & Kalmansohn<br>1801 Century Park East<br>25th Floor<br>Los Angeles, CA 90067 | RFSN - The Harry Fox Agency, Inc.<br>Peter M. Gilhuly, Esq.<br>Latham & Watkins LLP<br>633 West Fifth Street<br>Suite 4000<br>Los Angeles, CA 9 0071 |
| Party-in-Interest - Pitney Bowes Credit<br>Corporation (DRR Case)<br>Melody Anderson, Esq.<br>Law Offices of Hemar & Associates<br>2001 Wilshire Boulevard<br>Suite 300<br>Santa Monica, CA 90403 | RFSN - The Harry Fox Agency, Inc.<br>Christos P. Badavas<br>The Harry Fox Agency, Inc.<br>601 West 26th Street, Fifth Floor<br>New York, NY 10001 |
| Party-in-Interest<br>Remrylie Licensing, Inc.<br>Sheridan Taylor Group<br>14724 Ventura Boulevard -- Penthouse<br>Sherman Oaks, CA 91403 | Creditor<br>Michael Ray Harris<br>CDC #D97093<br>San Quentin Prison<br>LEGAL MAIL<br>P.O. Box D97093<br>San Quentin, CA 94974 |
| Party-in-Interest<br>Remrylie Licensing, Inc.<br>Sheridan Taylor Group<br>14127 Ventura Boulevard<br>Encino, CA 91423 | Creditor<br>Rex J. Beaber, Esq.<br>1546 Calmar Court<br>Los Angeles, CA 90024 |
| Judgment Creditor Copeland Capital Inc.<br>Secured Parties<br>Copeland Capital Inc.<br>P.O.B. 728<br>Park Ridge, NJ 07656 | Creditor<br>Alliance Portfolio<br>120 Vantis, Suite 515<br>Aliso Viejo, CA 92656 |
| Judgment Creditor Valley Media, Inc.<br>James Colson, Vice President Independent<br>Distribution<br>Valley Media, Inc.<br>1280 Santa Anita Court<br>Woodland, CA 95776 | Creditor<br>Bryan Keropian, DDS, PC<br>18607 Ventura Boulevard<br>Suite 206<br>Tarzana, CA 91356 |
| RFSN - Creditors C. Delores Tucker and<br>William Tucker<br>James Andrew Hinds, Jr., Esq.<br>Law Office of James Andrew Hinds, Jr.<br>21515 Hawthorne Blvd, Suite 1150<br>Torrance, CA 90503 | Creditor<br>Calabasas Animal Clinic<br>4937 Las Virgenes Road<br>Suite 101<br>Calabasas, CA 91302 |
| RFSN - Creditor C. Delores Tucker and<br>William Tucker<br>Richard C. Angino, Esq.<br>Angino & Rovner, P.C.<br>4503 North Front Street<br>Harrisburg, PA 17110 | Creditor<br>California DMV<br>P. O. Box 942894<br>Sacramento, CA 94294-0894 |
| | Creditor<br>Century Towing<br>23679 Calabasas Road<br>Suite 708<br>Calabasas, CA 91320 |

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Kaye Scholer llp**

Creditor
City of LA Office of Finance
P. O. Box 53478
Los Angeles, CA  90053-0478

Creditor
City of Miami Beach EMS
Attn:  Bob Anderson
Attn:  EMS
1700 Convention Ctr. Dr.
Miami Beach, FL 33139

Creditor
Estrella Chiropractic
530 N. Estrella Parkway, Suite C-1
Goodyear, AZ  85338

Creditor
Extremity Preservation, Inc.
P. O. Box 025370
Miami, FL  33102-5370

Harry Sendzischew, M.D.
1029 Kane Concourse
Bay Harbor, FL  33154

Creditor
LA County Court Trustee
P. O. Box 513544
Los Angeles, CA 90051-1544

Creditor
Las Vegas Valley Water District
1001 South Valley View Boulevard
Las Vegas, NV  89153-0001

Creditor
Luis Gonzalez
5210 Romaine Street, #4
Los Angeles, CA  90029

Mel & Rose Wine & Spirits
8344 Melrose Avenue
Los Angeles, CA  90069

Creditor
Nevada Power
6226 West Sahara Avenue
Las Vegas, NV  89146-3060

Creditor
Southwest Gas Corp.
P. O. Box 98512
Las Vegas, NV 89193

Creditor
Sunset Ranch
3400 North Beachwood Drive
Hollywood, CA  90068

Creditor
The Wilshire Condominium Assn.
10580 Wilshire Boulevard
Los Angeles, CA  90024-4500
UTF 3/08

Creditor
TLC 4 Dogs
348 Mission Drive
Camarillo, CA  93065

Judgment Creditor Priority Records LLC
Security Parties
Priority Records, LLC
6430 Sunset Boulevard
Hollywood, CA  90028
P.O. Box 2490
Los Angeles, CA  90078

Judgment Creditor - Koch Entertainment
Jeffrey M. Lowy, Esq.
Mark Robinson, Esq.
Lowy Law Firm
16633 Ventura Boulevard
Suite 800
Encino, CA  91436

Creditor
Debbie Stewart
Bekins Moving & Storage
6300 Valley View Street
Buena Park, CA  90620

Creditor
Jim Jentges
Bekins Moving & Storage
6300 Valley View Street
Buena Park, CA  90620

Paul G. Marshall
The Marshall Firm, P.C.
271 Madison Avenue, 20th Floor
New York, NY  10016

Creditor - Bekins Moving & Storage
Richard J. Kossler, Esq.
231 East Alessandro Blvd., Suite A
Riverside, CA  92508

6

[PROPOSED] ORDER GRANTING CHAPTER 11 TRUSTEE'S MOTION APPROVING SETTLEMENT WITH LYDIA HARRIS, MICHAEL
HARRIS, CONQUEST MEDIA GROUP, LLC AND HELEN FRAZER AS CHAPTER 7 TRUSTEE

Creditor
Interscope Records
2220 Colorado Avenue
Santa Monica, CA 90404

Party-In-Interest
Vivienne Austin
3250 Wilshire Boulevard
Suite 1500
Los Angeles, CA 90010

Creditor
Rami Etessami, DDS
9201 Sunset Boulevard
Suite 908
Los Angeles, CA 90069

Party-In-Interest
Eric Arima
Eric H. Arima & Company, Inc.
27200 Tourney Road, #211
Valencia, CA 91355

Counsel for Eagle Rock Entertainment
Jeffrey Lee Costell, Esq.
Costell & Cornelius Law Corporation
1299 Ocean Avenue
Suite 400
Santa Monica, CA 90401

Party-In-Interest
Rap-A-Lot Records, Inc.
Jeffrey S. Shinbrot, Esq.
Jeffrey S. Shinbrot, APLC
8383 Wilshire Boulevard, Suite 1010
Beverly Hills, CA 90211

RFSN - Tammy Hawkins and Digital
Revolution Holdings, Inc.
Henry S. David, Esq.
Dreier Stein Kahan Browne Woods George
LLP
The Water Garden
1620 26th, 6th Floor, North Tower
Santa Monica, CA 90404

Party-In-Interest
Rap-A-Lot Records, Inc.
Henry J. Fastoff, IV, Esq.
Charles E. Long, Esq.
Stumpf, Craddock, Massey & Farrimond, P.C.
1400 Post Oak Boulevard, 4th Floor
Houston, TX 77056

RFSN - Interscope Records
Wayne R. Terry, Esq.
Hemar, Rousso & Heald LLP
15910 Ventura Boulevard, 12th Floor
Encino, CA 91436

Attorneys for Sharzahd Sadaghiana
(Requested Notice)
Ira Benjamin Katz, Esq.
Law Offices of Ira Benjamin Katz
1901 Avenue of the Stars, Suite 1900
Los Angeles, CA 90067

RFSN - Sony BMG Music Entertainment
Ron Weston, Esq.
Senior Vice President
Sony BMG Music Entertainment
550 Madison Avenue
New York, NY 10022-3211

Sheila Lebowitz
County of Los Angeles
Child Support Services Department
5701 South Easter Avenue, Suite 201
Commerce, CA 90040

Party-In-Interest
Ron Winter
Ron Winter Productions Limited
No. 1 Technology Park
Colindeep Lane, Colindale
London, NW9 6BX
United Kingdom

OCF, Inc.
c/o Freund & Brackey, LLP
427 North Camden Drive
Beverly Hills, CA 90210

Attorneys for Conquest Media
David P. Simonds, Esq.
Channing D. Johnson, Esq.
Akin Gump Strauss Hauer & Feld LLP
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3012

Counsel for Michel'le Toussant
Gary A. Plotkin, Esq.
Plotkin, Rapoport & Nahmias
16633 Ventura Boulevard, Suite 800
Encino, CA 91436-1836

Kave Scholer llp

7

[PROPOSED] ORDER GRANTING CHAPTER 11 TRUSTEE'S MOTION APPROVING SETTLEMENT WITH LYDIA HARRIS, MICHAEL
HARRIS, CONQUEST MEDIA GROUP, LLC AND HELEN FRAZER AS CHAPTER 7 TRUSTEE

| | |
|---|---|
| Jeff Wernick<br>Conquest Media, LLC<br>486 N. Camden Drive<br>Suite 272 E<br>Beverly Hills, CA 90210 | Creditor<br>c/o Ross Weston, Esq.<br>Sony BMG Music Entertainment<br>550 Madison Avenue<br>New York, NY 10022-3211 |
| c/o Ben Curry, Warden<br>California Department of Corrections and<br>Rehabilitation<br>Correctional Training Facility<br>P. O. Box 686<br>Soledad, CA 93960 | Creditor<br>Thad Weinlein<br>Acorn Entertainment<br>5777 West Century Boulevard<br>10th Floor<br>Los Angeles, CA 90045<br>P. O. Box 81318<br>Las Vegas, NV 89180-1318 |
| c/o Robert L. Ayers, Jr., Warden<br>San Quentin State prison<br>San Quentin, CA 94964 | Creditor<br>TLC4Dogs, Inc.<br>c/o Christina S. Stokholm |
| Creditor<br>Andre Young<br>c/o Howard E. King, Esq.<br>1900 Avenue of the Stars<br>25th Floor<br>Los Angeles, CA 90067-4506 | Law Offices of Mark Pachowicz<br>771 Daily Drive, Suite 230<br>Camarillo, CA 93010 |
| Creditor<br>Employment Development Department<br>Bankruptcy Group MIC 92E<br>P.O.B. 826880<br>Sacramento, CA 94280-0001 | Creditor<br>c/o Rex Julian Beaber, Esq.<br>Wasserman, Comden, Casselman & Pearson<br>1546 Calmar Court<br>Los Angeles, CA 90024 |
| Creditor<br>Franchise Tax Board<br>Special Procedures<br>P. O. Box 2952<br>Sacramento, CA 95812-2952 | RFSN - Attorneys for EverGreen Copyrights,<br>Inc.<br>Paul R. Glassman, Esq.<br>Adam M. Starr, Esq.<br>Greenberg Traurig, LLP<br>2450 Colorado Avenue, Suite 400E<br>Santa Monica, CA 90404 |
| Creditor<br>International Revenue Service<br>Special Procedures/Bankruptcy<br>Room 4062, Mail Stop 5022<br>300 North Los Angeles Street<br>Los Angeles, CA 90012 | RFSN - Attorneys for Creditor Andre Young,<br>p/k/a Dr. Dre<br>c/o Brian L. Davidoff, Esq.<br>Duane Kumagai, Esq.<br>Rutter, Hobbs & Davidoff Incorporated<br>1901 Avenue of the Stars, Suite 1700<br>Los Angeles, CA 90067 |
| Creditor<br>Laffer & Gottlieb CPAS<br>9454 Wilshire Boulevard<br>Suite 920<br>Beverly Hills, CA 90212 | RFSN - Attorneys for Helen Ryan Frazer,<br>Chapter 7 Trustee for Lydia Harris<br>Patrick K. McClellan, Esq.<br>Law Offices of Patrick K. McClellan<br>2600 Michelson Drive, Suite 700<br>Irvine, CA 92612 |
| Creditor<br>Pitney Bowes Credit Corporation<br>Attn: Recovery Department<br>27 Waterview Drive<br>Shelton, CT 06484-4361 | |

Kave Scholer llp

8

[PROPOSED] ORDER GRANTING CHAPTER 11 TRUSTEE'S MOTION APPROVING SETTLEMENT WITH LYDIA HARRIS, MICHAEL
HARRIS, CONQUEST MEDIA GROUP, LLC AND HELEN FRAZER AS CHAPTER 7 TRUSTEE

1    RFSN - Chapter 7 Trustee for Lydia Harris
     Helen Ryan Frazer, Esq.
2    Atkinson, Andelson
     17871 Park Plaza Drive, Suite 200
3    Cerritos, CA  90703

4    Judgment Creditor - L. Miller
     c/o Mark L. Block, Esq.
5    Christensen, Glaser, Fink , Jacobs Weil & Shapiro LLP
     10250 Constellation Blvd., 19th Fl.
6    Los Angeles, CA  90067

7    Judgment Creditor - Gangi Studios, Inc.
     c/o Dan M. Sakaida, Esq.
8    17328 Ventura Blvd., #327
     Encino, Ca  91316

9

10    Judgment Creditor
     Gangi Studios, Inc.
11    10999 Riverside Dr., Ste. 308
     North Hollywood, CA  91602

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kave Scholer llp

9

[PROPOSED] ORDER GRANTING CHAPTER 11 TRUSTEE'S MOTION APPROVING SETTLEMENT WITH LYDIA HARRIS, MICHAEL
HARRIS, CONQUEST MEDIA GROUP, LLC AND HELEN FRAZER AS CHAPTER 7 TRUSTEE

1

**SERVICE LIST FOR ENTERED ORDER**

2

<u>SERVED ELECTRONICALLY</u>                          <u>SERVED BY MAIL</u>

3

United States Trustee                                       Chapter 11 Trustee
4    Alvin Mar                                                   R. Todd Neilson
     Office of the U.S. Trustee                               LECG
5    725 South Figueroa Street, Suite 2600              2049 Century Park East, Suite 2300
     Los Angeles, CA  90017                               Los Angeles, CA  90067-3125

6
     Attorneys for R. Todd Neilson, Chapter 11          Counsel to Knight Trustee
7    Trustee                                                  Eric P. Israel, Esq.
     Steven F. Werth, Esq.                                  Danning Gill Diamond & Kollitz LLP
8    Kaye Scholer LLP                                       2029 Century Park East, Third Floor
     1999 Avenue of the Stars, Suite 1700             Los Angeles, CA  90067
9    Los Angeles, CA 90067

     Knight Trustee
10   Committee Counsel                                    Richard Diamond, Esq.
     Debra Grassgreen, Esq.                               Danning Gill Diamond & Kollitz LLP
11   Pachulski, Stang, Ziehl & Young LLP            2029 Century Park East, Third Floor
     150 California Street, 15th Floor                    Los Angeles, CA  90067
12   San Francisco, CA  94111 4500

13   Counsel for Eagle Rock Entertainment
     Jeffrey Lee Costell, Esq.
14   Costell & Cornelius Law Corporation
     1299 Ocean Avenue, Suite 400
15   Santa Monica, CA  90401

16

17

18

19

20

21

22

23

24

25

26

27

28

1

Kaye Scholer llp

# EXHIBIT 13 A

EXHIBIT 13 A

1   LAW OFFICES OF PATRICK K. McCLELLAN
    PATRICK K. MCCLELLAN #077352
2   2600 Michelson Drive, Suite 700
    Irvine, CA 92612
3   Telephone (949)261-7615
    Facsimile (949)851-2772
4   Proposed Attorney for Helen Ryan Frazer, Chapter 7 Trustee

```
┌─────────────────────────────────┐
│           FILED                 │
│       MAY 05 2008               │
│   CLERK U.S. BANKRUPTCY COURT   │
│   CENTRAL DISTRICT OF CALIFORNIA│
│   By:              Deputy Clerk │
└─────────────────────────────────┘
```

5

6

7                   UNITED STATES BANKRUPTCY COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9                   SAN FERNANDO VALLEY DIVISION

10   In re                        )   Case No. SV96-15521-GM
                                   )   Chapter 7
11                                 )
                                   )
12                                 )   **CHAPTER 7 TRUSTEE'S MOTION FOR**
                                   )   **ORDER APPROVING COMPROMISE OF**
13                                 )   **CONTROVERSY; MEMORANDUM OF**
                                   )   **POINTS AND AUTHORITIES;**
14   LYDIA HARRIS,                 )   **DECLARATION OF HELEN RYAN**
                                   )   **FRAZER IN SUPPORT**
15                                 )
                                   )
16                                 )   Date:  May 27, 2008
                                   )   Time:  11:00 a.m.
17                                 )   Ctrm:  1368
                          Debtor.  )        255 E. Temple Street
18   _____)        Los Angeles, CA 90012

19   TO THE HONORABLE VINCENT ZURZOLO[1], UNITED STATES BANKRUPTCY JUDGE,

20   DEBTOR, DEBTOR'S COUNSEL AND TO ALL CREDITORS AND PARTIES IN INTEREST:

21
            Helen Ryan Frazer, Chapter 7 Trustee in the above-captioned case (hereinafter
22
     "Harris Trustee"), will and hereby does move this court for an Order approving the Harris Trustee's
23
     Compromise with Debtor Lydia Harris, Michael Ray Harris and Conquest Media Group, LLC
24
     (hereinafter collectively "Harris Group"). This Motion will be heard together with, and is
25

26

27

28

                                          1

conditioned upon approval of, the motions to approve the settlement reached between the parties

hereto and Richard K. Diamond, as Chapter 11 Trustee for the bankruptcy estate of Marion "Suge"

Knight (the "Knight Trustee" and the "Knight Estate") and R. Todd Neilson, as Chapter 11 Trustee

for the bankruptcy estate of Death Row Records, Inc. (the "Death Row Trustee" and the "Death Row

Estate", respectively) (collectively the " Chapter 11 Trustees" and the " Chapter 11 Estates."

## I.

## BACKGROUND FACTS

1.    **Lydia Harris' 1996 Chapter 7 Case**

      Lydia Harris ("Lydia") filed a Chapter 7 petition in the Central District of California

on May 20, 1996 (SVG96-15521-GM). Helen Ryan Frazer was the Chapter 7 Trustee in the case.

Lydia's discharge was denied on May 8, 1997. Lydia's case was closed on December 15, 1999

without the administration of any assets or any distribution to her creditors.

2.    **Lydia's Judgment vs. Death Row & Knight For $107,000,000**

      On or about February 26, 2002, Lydia filed a complaint before the California

Superior Court in Los Angeles against Death Row and Knight, commencing case no. BC 308790

(the "Lawsuit"). In the Lawsuit, Lydia contended, among other things, that she owned 50% of

Death Row's predecessor, that Death Row and Knight had defrauded her of her interest in Death

Row, and that Death Row and Knight thereafter slandered her. The Firm of Wasserman, Comden &

Castleman, LLP (the "Wasserman Firm") at all relevant times represented Lydia Harris in the

Lawsuit.

      On or about March 9, 2005, the Superior Court entered a $107,000,000 judgment as a

---

This motion has been transferred by Judge Mund to Judge Zurzolo for hearing because it is related to and
conditioned upon approval of compromise motions being heard by Judge Zurzolo in the Death Row Records,

1    terminating sanction jointly against both Death Row and Knight (the "Judgment"). The Judgment

2    consists of compensatory damages of $45 million of economic damages, $2 million of non-economic

3    damages and $60 million of punitive damages. No appeal was taken from the Judgment.

4            Although the Harrises divorced, Michael has asserted that the Judgment was

5    community property of the Harrises, and hence that he owns an interest in the Judgment.

6    **3.    The Chapter 11 Cases of Death Row Records, Inc. and Marion "Suge" Knight, Jr.**

7

8            On or about April 4, 2006, Marion "Suge" Knight, Jr. ("Knight") filed a voluntary

9    petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"),

10    which case is currently pending before the United States Bankruptcy Court for the Central District of

11    California (the "Bankruptcy Court"), Los Angeles Division, bearing case number 02:bk:06-11187-

12    VZ (the "Knight Case"). Richard K. Diamond serves as the Chapter 11 Trustee for the Knight Estate.

13            On or about April 4, 2006, Death Row Records, Inc. ("Death Row") filed a voluntary

14    petition for relief under Chapter 11 of the Bankruptcy Code, which case is currently pending before

15    the Los Angeles Division of the Bankruptcy Court, bearing case number 02:bk:06-1 1205-VZ (the

16    "Knight Case"). R. Todd Neilson serves as the Chapter 11 Trustee for the Death Row Estate

17

18            On or about October 19, 2006, Lydia filed a proof of claim in the Death Row Case in

19    the sum of $107 million based on the Judgment, which was assigned claim no. 23 ("Lydia's Death

20    Row POC"). On or about October 19, 2006, Lydia filed a proof of claim in the Knight Case in the

21    sum of $107 million, which was assigned claim no. 16 ("Lydia's Knight POC"). Lydia's Death Row

22    POC and Lydia's Knight POC shall be referred to hereinafter collectively as "Lydia's POCs."

23            On or about May 4, 2006, Michael filed a proof of claim in the Death Row Case in

24    the sum of $117,318,631.60 based on the Judgment, which was assigned claim no. 3 (the "Michael's

25    Death Row POC"). On or about May 4, 2006, Michael filed a proof of claim in the Knight Case in

26

27    _____

28    Inc. (LA06-11205-VZ) and Marion Knight, Jr. (LA06-11187-VZ) cases.

1    the sum of $1 17,318,631.60, which was assigned claim no.3 ("Michael's Knight POC"). Michael's

2    Death Row POC and Michael's Knight POC shall be referred to hereinafter collectively as

3    "Michael's POCs." Lydia's POCs and Michael's POCs shall be referred to hereinafter collectively as

4    the "Harris POCs."

5            On or about October 31, 2006, the Wasserman Firm filed a proof of claim against the

6    Death Row Estate in the sum of $60,418,315.00, which was assigned claim no. 38 (the "Wasserman

7    Death Row POC"). On or about October 31, 2006, the Wasserman Firm filed a proof of claim

8    against the Knight Estate in the sum of $60,418,315.00, which was assigned claim no. 34 (the

9    "Wasserman Knight POC"). The Wasserman Death Row POC and the Wasserman Knight POC shall

10   be referred to heriinafter collectively as the "Wasserman POCs."

11

12           On or about June 6, 2006, Knight as Debtor-In-Possession and Death Row as Debtor-

13   in-Possession jointly filed a complaint against the Harrises before the Bankruptcy Court in the

14   Knight Case, commencing adversary proceeding no. 02:bk:06-AP-01660-VZ (the "Adversary

15   Proceeding"). In the Adversary Proceeding, Knight and Death Row sought to, among other things:

16   (1) declare that the Judgment had been compromised and fully resolved by one of several alternative

17   settlements; (2) disallow or reduce the Harris POCs under the theory of judicial estoppel; (3)

18   subordinate the compensatory damage component of the Judgment relating to Lydia's ownership in

19   Death Row pursuant to section 506(c) of the Bankruptcy Code; (4) subordinate the punitive damages

20   component of the Judgment as a penalty pursuant to section 726(a)(4) of the Bankruptcy Code; (5)

21   avoid and recover a $1 million payment made under the Judgment as a preference pursuant to section

22   547 of the Bankruptcy Code; and (6) disallow the Harris POCs pursuant to section 502(d) of the

23   Bankruptcy Code.

24

25

26   **4.    <u>Lydia's Chapter 7 Case Re-Opened In 2007</u>**

27

28           Although all but the slander causes of action related to events that had occurred prior

1    to the Harris Petition Date, Harris failed to disclose the Lawsuit or the claims underlying the Lawsuit

2    on her bankruptcy schedules. When the Harris Trustee discovered that she had rights in and to the

3    Judgment, she reopened the Harris Case and was reappointed as Chapter 7 trustee for the Harris

4    Case. The Harris case was reassigned to Bankruptcy Judge Geraldine Mund in July 2007.

5           The Harris Trustee contends that the Judgment belongs to the Harris Estate. Lydia

6    contends that not all of the $107,000,000 judgment was based upon claims that existed as of May 20,

7    1996 when she filed her Chapter 7 Petition, and that therefore not all of the Judgment belongs to the

8    Harris Estate.

9

10    **5.    Conquest Media's Alleged Interest In Lydia's Judgment**

11           On or about March 13, 2007, Lydia and Michael Harris purportedly assigned their

12    rights in Lydia's judgment (and in the proofs of claim filed in the Chapter 11 cases) to Conquest

13    Media Group, LLC. Notwithstanding that the assignment it received from Lydia (and from Michael

14    Harris) was ineffective, on March 28, 2007 Conquest Media Group, LLC ("Conquest") filed two

15    documents entitled "Request for Issuance of Notice of Transfer of Claim Pursuant to F.R.B.P. 300

16    1(e)" ("Request for Issuance of Notice of Transfer") in the Death Row Chapter 11 case and two

17    similar documents in the Knight Chapter 11 case. By those Requests, Conquest reported that the

18    Proofs of Claim of Michael Harris and Lydia Harris in each Chapter 11 case had been assigned to

19    Conquest Media.

20           The Harris Trustee contends that Lydia's judgment is an unadministered asset in her

21    Chapter 7 case, that Lydia had no legal right to assign her interest in the judgment to Conquest and

22    that the purported assignment is of no force or effect. Lydia, Michael and Conquest contend the

23    assignments from Lydia and Michael to Conquest are valid and enforceable.

24                                        **II.**

25    **THE PROPOSED SETTLEMENTS IN THE CHAPTER 11 CASES**

26           Concurrently with this settlement, the Harris Trustee has entered into an Agreement

27

28

1   and Mutual Release with the Trustees in the DRR and Knight cases, Lydia Harris, Michael Harris

2   and Conquest Media Group, LLC.  Reference is hereby made to that Agreement (attached as Exhibit

3   1) for specifics.  In general, that agreement provides:

4               a.    Harris Allowed Claim.  The Harris Proof of Claim

5   will be allowed in both the Knight Case and the Death Row Case as

6   general unsecured claims in the amount of $30 million (collectively the

7   "Harris Allowed Claims") and subordinated claims in the amount of $15

8   million at the priority level provided in section 726(a)(4) of the

9   Bankruptcy Code (the "Harris Subordinated Claim").

10              b.    Limitation on Distributions on Harris Allowed

11   Claim. "Distributions" are to the total distributions from both the Death

12   Row Estate and the Knight Estate (collectively the "Estates"), whether or

13   not the Cases later are substantively consolidated.

14              i.    The Harris Allowed Claims (Phase 1) will share

15   equally with all other allowed general unsecured claims in the first $10

16   million of distributions;  however, distributions on account of the Harris

17   Allowed Claims (Phase 1) shall not exceed *50%* of Phase 1 Unsecured

18   Claim Distributions; and distributions on account of the Harris Allowed

19   Claims (Phase 1) will not exceed *$3.5* million.

20              ii.    For distributions to general unsecured claims in

21   excess of $10 million up to $20 million ("Phase 2 Unsecured Claim

22   Distributions"), the Harris Allowed Claims (Phase 2) shall share equally

23   with other allowed general unsecured claims; however, distributions on

24   account of the Harris Allowed Claims (Phase 2) shall not exceed *50%* of

25

26

27

28

6

1  Phase 2 Unsecured Claim Distributions, and the distribution on account of

2  the Harris Allowed Claims (Phase 2) will not exceed $2 million in

3  addition to distribution applicable to the Harris Allowed Claims (Phase 1).

4          iii.    To the extent of distributions to general unsecured

5  claims in excess of $20 million ("Phase 3 Unsecured Claim

6  Distributions"), the Harris Allowed Claims (Phase 3) shall share

7  distributions equally with all other allowed general unsecured claims;

8  however, distributions on account of the Harris Allowed Claims (Phase 3)

9  shall not exceed *50%* the Phase 3 Unsecured Claim Distributions. When

10  all other allowed general unsecured claims have been paid in full, not

11  including pre-petition or post-petition interest, the Harris Allowed Claims

12  (Phase 3) shall receive 100% (or shall share equally in the event of other

13  similarly negotiated claims) of the remaining Phase 3 Unsecured Claim

14  Distributions until the Harris Allowed Claims are paid in full.

15          III.

16      **PROPOSED SETTLEMENT IN THIS CASE**

17      Under the proposed settlement in this case (attached as Exhibit 2), the rights of Lydia,

18  Michael, Conquest and the Harris Trustee, in and to the $107,000,000 Judgment will be settled as

19  follows:

20      1.    In the event, and only in the event, the settlement proposal of February 6, 2008

21  between the parties hereto and the Chapter 11 Trustees is finalized and approved by the court in both

22  the Death Row Records, Inc. and the Marion "Suge" Knight chapter 11 cases, then Helen Ryan

23  Frazer Trustee agrees to look solely to distributions, if any, from the Knight and Death Row estates

24

25

26

27

28

1    for satisfaction of the Chapter 7 estate's interest in the Judgment.[2]

2          2.     The Parties agree that from the Proceeds distributed from the Knight and/or

3    Death Row cases on account of the Harris Allowed Claim, the trustees of those estates shall pay

4    directly to Helen Ryan Frazer Trustee, the following:

5       a)     The Trustee will be paid 80% of the first $100,000 to be distributed on account of
6             the Harris Allowed Claim;

7       b)     The Trustee will be paid 70% of the second $100,000 to be distributed on account of
8             the Harris Allowed Claim;

9       c)     The Trustee will be paid 60% of the third $100,000 to be distributed on account of
10            the Harris Allowed Claim;

11       d)     The Trustee will be paid 50% of any and all additional funds to be distributed on
12           account of the Harris Allowed Claim until the first to occur of either (i) all allowed
13           claims, including allowed administrative claims, in the Lydia Harris chapter 7 case
are paid in full, or (ii) the total of Proceeds paid to Helen Ryan Frazer Trustee
pursuant to this agreement reaches $500,000.

14       e)     The parties agree that the claims of Wasserman, Comden, Casselman & Pearson
15           ("Wasserman Firm") and Mark Friedman ("Friedman") are post petition obligations
and the sole responsibility of Lydia Harris, not her bankruptcy estate. Lydia Harris
16           agrees to hold the Trustee and her bankruptcy estate harmless from any diminution in
payments to her estate that occur because of disbursements made from the Knight
17           and/or DRR Chapter 11 cases on account of Proofs of Claims filed therein by
Wasserman and/or Friedman.

18

19                            **IV.**

20         **THE COURT SHOULD APPROVE THE PROPOSED SETTLEMENT**

21       **IN THIS CASE BECAUSE IT IS IN THE BEST INTERESTS OF THE ESTATE.**

22

23      Bankruptcy Rule 9019(a) provides that:

24

25

26

---

27    [2] Pursuant to the Settlements reached between the parties in the DRR and Knight cases, the Harris Claim will
be allowed as a general unsecured claim in the amount of $30,000,000 and as a subordinated claim in the
28    amount of $15,000,000. See Exhibit 1.

1         "On motion by the trustee and after a hearing on notice to creditors, the debtor and

2         indenture trustee as provided in Rule 2002(a) and to such other persons as the court

3         may designate, the court may approve a compromise or settlement."

4       In deciding whether to approve a settlement, the court must determine whether the settlement

5 is in the best interest of the estate. In re Bell & Beckwith 77 B.R. 606 (Bankr.N.D.Ohio 1987).

6       In evaluating the proposed compromise, the court should consider the probability of success

7 in litigation, the complexity of the litigation, the expense, inconvenience and the delay as a result of

8 the litigation as well as the interest of creditors. In re A & C Properties 784 F.2d 1377 (9th Cir.

9 1986).

10      The court is not required to decide questions of law and fact in dispute based on the evidence

11 presented to the court, but to review the issues to see whether the "settlement falls below the lowest

12 point in a range of reasonableness." In re Teletronics Service, Inc. 762 F.2d 189 (2nd Cir. 1985).

13       Applying the standards set forth above to the matter before the court, the Harris Trustee

14 believes that the compromise is fair to the parties involved and to the creditors of the estate.

15 Considering the number and complexity of the issues that exist between the parties hereto, the time

16 and expense of litigating them would be tremendous. Even after the expenditure of time and

17 resources required to litigate the various disputes, there is no assurance that the estate would be

18 successful in establishing its various positions. In addition to the substantial cost and delay

19 associated with pursuing the estate' claims, there is the uncertainty of collecting upon any judgment

20 ultimately obtained, particularly where the judgment debtors are currently in Chapter 11. The

21 proposed compromise is reasonable and rational considering these issues and the settlement is in the

22 best interest of the estate and its creditors.

23

24                      **V.**

25              **CONCLUSION**

26     For the foregoing reasons, the Trustee respectfully requests that the court enter and order:

27     (1)    Approving the Settlement Agreement entered into between the Trustee and the other

28

1   parties thereto;

2        (2)    Authorizing the Trustee to take all actions necessary, including but not limited to

3   executing the documents required to effect the settlement; and

4        (3)    Granting such other and further relief as the court deems proper.

5

6   Dated: May 2, 2008            LAW OFFICE OF PATRICK K. McCLELLAN

7

8                           By:                                     

9                              PATRICK K. McCLELLAN
                                     Attorney for Chapter 7 Trustee
                                     HELEN RYAN FRAZER

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF HELEN RYAN FRAZER

1    I, HELEN RYAN FRAZER, declare as follows:

2

3    1.    I am an attorney duly licensed to practice law in the State of California and in

4    the Bankruptcy Court for the Central District of California.  I am the Chapter 7 Trustee for the estate

5    of LYDIA HARRIS, Debtor.

6

7    2.    Lydia Harris ("Lydia") filed a Chapter 7 petition in the Central District of

8    California on May 20, 1996 (SVG96-15521-GM).  I was appointed as the Chapter 7 Trustee in the

9    case.  Lydia's discharge was denied on May 8, 1997.  Lydia's case was closed on December 15, 1999

10    without the administration of any assets or any distribution to her creditors.

11    3.    On or about February 26, 2002, Lydia filed a complaint before the California

12    Superior Court in Los Angeles against Death Row and Knight, commencing case no. BC 308790

13    (the "Lawsuit"). In the Lawsuit, Lydia contended, among other things, that she owned *50%* of

14    Death Row, that Death Row and Knight had defrauded her of her interest in Death Row, and that

15    Death Row and Knight thereafter slandered her. The Firm of Wasserman, Comden & Castleman,

16    LLP (the "Wasserman Firm") at all relevant times represented Lydia Harris in the

17

18    Lawsuit.

19    4.    On or about March 9, 2005, the Superior Court entered a $107,000,000

20    judgment as a terminating sanction jointly against both Death Row and Knight (the "Judgment").

21    The Judgment consists of compensatory damages of *$45* million of economic damages, $2 million of

22    non-economic damages and $60 million of punitive damages. No appeal was taken from the

23    Judgment.  Although the Harrises divorced, Michael has asserted that the Judgment was community

24    property of the Harrises, and hence that he owns an interest in the Judgment.

25

26    5.    On or about April 4, 2006, Marion "Suge" Knight, Jr. ("Knight") filed a

27    voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy

28

11

1    Code"), which case is currently pending before the United States Bankruptcy Court for the Central

2    District of California (the "Bankruptcy Court"), Los Angeles Division, bearing case number

3    02:bk:06-11187-VZ (the "Knight Case"). Richard K. Diamond serves as the Chapter 11 Trustee for

4    the Knight Estate.

5            6.        On or about April 4, 2006, Death Row Records, Inc. ("Death Row") filed a

6    voluntary petition for relief under Chapter 11 of the Bankruptcy Code, which case is currently

7    pending before the Los Angeles Division of the Bankruptcy Court, bearing case number 02:bk:06-1

8    1205-VZ (the "Knight Case"). R. Todd Neilson serves as the Chapter 11 Trustee for the Death Row

9    Estate
10

11           7.        On or about October 19, 2006, Lydia filed a proof of claim in the Death Row

12   Case in the sum of $107 million based on the Judgment, which was assigned claim no. 23 ("Lydia's

13   Death Row POC"). On or about October 19, 2006, Lydia filed a proof of claim in the Knight Case in

14   the sum of $107 million, which was assigned claim no. 16 ("Lydia's Knight POC"). Lydia's Death

15   Row POC and Lydia's Knight POC shall be referred to hereinafter collectively as "Lydia's POCs."
16

17           8.        On or about May 4, 2006, Michael filed a proof of claim in the Death Row

18   Case in the sum of $117,318,631.60 based on the Judgment. which was assigned claim no. 3 (the

19   "Michael's Death Row POC"). On or about May 4, 2006, Michael filed a proof of claim in the

20   Knight Case in the sum of $1 17,318,631.60, which was assigned claim no.3 ("Michael's Knight

21   POC"). Michael's Death Row POC and Michael's Knight POC shall be referred to hereinafter

22   collectively as "Michael's POCs." Lydia's POCs and Michael's POCs shall be referred to hereinafter

23   collectively as the "Harris POCs."
24

25           9.        On or about October 31, 2006, the Wasserman Firm filed a proof of claim

26   against the Death Row Estate in the sum of $60,418,315.00, which was assigned claim no. 38 (the

27   "Wasserman Death Row POC"). On or about October 31, 2006, the Wasserman Firm filed a proof of

28

claim against the Knight Estate in the sum of $60,418,315.00, which was assigned claim no. 34 (the

"Wasserman Knight POC"). The Wasserman Death Row POC and the Wasserman Knight POC shall

be referred to heriinafter collectively as the "Wasserman POCs."

10.     On or about June 6, 2006, Knight as Debtor-In-Possession and Death Row as

Debtor-in-Possession jointly filed a complaint against the Harrises before the Bankruptcy Court in

the Knight Case, commencing adversary proceeding no. 02:bk:06-AP-01660-VZ (the "Adversary

Proceeding"). In the Adversary Proceeding, Knight and Death Row sought to, among other things:

(1) declare that the Judgment had been compromised and fully resolved by one of several alternative

settlements; (2) disallow or reduce the Harris POCs under the theory of judicial estoppel; (3)

subordinate the compensatory damage component of the Judgment relating to Lydia's ownership in

Death Row pursuant to section 506(c) of the Bankruptcy Code; (4) subordinate the punitive damages

component of the Judgment as a penalty pursuant to section 726(a)(4) of the Bankruptcy Code; (5)

avoid and recover a $1 million payment made under the Judgment as a preference pursuant to section

547 of the Bankruptcy Code; and (6) disallow the Harris POCs pursuant to section 502(d) of the

Bankruptcy Code.

11.     Although all but the slander causes of action related to events that had

occurred prior to the Harris Petition Date, Harris failed to disclose the Lawsuit or the claims

underlying the Lawsuit on her bankruptcy schedules. When I discovered that the estate had rights in

and to the Judgment, I moved to reopen the Harris Case and was reappointed as Chapter 7 trustee for

the Harris Case. The Harris case was reassigned to Bankruptcy Judge Geraldine Mund in July 2007.

12.     As Lydia Harris' Trustee I contend that the Judgment belongs to the Harris

Estate. Lydia contends that not all of the $107,000,000 judgment was based upon claims that existed

as of May 20, 1996 when she filed her Chapter 7 Petition, and that therefore not all of the Judgment

belongs to the Harris Estate.

1    13.    On or about March 13, 2007, Lydia and Michael Harris purportedly assigned

2    their rights in Lydia's judgment (and in the proofs of claim filed in the Chapter 11 cases) to Conquest

3    Media Group, LLC. Notwithstanding that the assignment it received from Lydia (and from Michael

4    Harris) was ineffective, on March 28, 2007 Conquest Media Group, LLC ("Conquest") filed two

5    documents entitled "Request for Issuance of Notice of Transfer of Claim Pursuant to F.R.B.P. 300

6

7    1(e)" ("Request for Issuance of Notice of Transfer") in the Death Row Chapter 11 case and two

8    similar documents in the Knight Chapter 11 case. By those Requests, Conquest reported that the

9    Proofs of Claim of Michael Harris and Lydia Harris in each Chapter 11 case had been assigned to

10    Conquest Media.

11    14.    As Lydia Harris' Trustee, I contend that Lydia's judgment is an

12    unadministered asset in her Chapter 7 case, that Lydia had no legal right to assign her interest in the

13    judgment to Conquest and that the purported assignment is of no force or effect. Lydia, Michael and

14    Conquest contend the assignments from Lydia and Michael to Conquest are valid and enforceable.

15

16    15.    Concurrently with this settlement, as Lydia Harris' Trustee, I have entered into

17    an Agreement and Mutual Release with the Trustees in the DRR and Knight cases, Lydia Harris,

18    Michael Harris and Conquest Media Group, LLC (Exhibit 1 hereto). Reference is hereby made to

19    that Agreement for specifics. In general, that agreement provides that:

20    a.    <u>Harris Allowed Claim</u>. The Harris Proof of Claim

21    will be allowed in both the Knight Case and the Death Row Case as

22    general unsecured claims in the amount of $30 million (collectively the

23    "Harris Allowed Claims") and subordinated claims in the amount of $15

24    million at the priority level provided in section 726(a)(4) of the

25    Bankruptcy Code (the "Harris Subordinated Claim").

26

27    b.    <u>Limitation on Distributions on Harris Allowed</u>

28

1  Claim. "Distributions" are to the total distributions from both the Death

2  Row Estate and the Knight Estate (collectively the "Estates"), whether or

3  not the Cases later are substantively consolidated.

4        i.    The Harris Allowed Claims (Phase 1) will share

5  equally with all other allowed general unsecured claims in the first $10

6  million of distributions; however, distributions on account of the Harris

7  Allowed Claims (Phase 1) shall not exceed *50%* of Phase 1 Unsecured

8  Claim Distributions; and distributions on account of the Harris Allowed

9  Claims (Phase 1) will not exceed *$3.5* million.

10

11        ii.    For distributions to general unsecured claims in

12  excess of $10 million up to $20 million ("Phase 2 Unsecured Claim

13  Distributions"), the Harris Allowed Claims (Phase 2) shall share equally

14  with other allowed general unsecured claims; however, distributions on

15  account of the Harris Allowed Claims (Phase 2) shall not exceed *50%* of

16  Phase 2 Unsecured Claim Distributions, and the distribution on account of

17  the Harris Allowed Claims (Phase 2) will not exceed $2 million in

18  addition to distribution applicable to the Harris Allowed Claims (Phase 1).

19

20        iii.    To the extent of distributions to general unsecured

21  claims in excess of $20 million ("Phase 3 Unsecured Claim

22  Distributions"), the Harris Allowed Claims (Phase 3) shall share

23  distributions equally with all other allowed general unsecured claims;

24  however, distributions on account of the Harris Allowed Claims (Phase 3)

25  shall not exceed *50%* the Phase 3 Unsecured Claim Distributions. When

26  all other allowed general unsecured claims have been paid in full, not

27

28

1  including pre-petition or post-petition interest, the Harris Allowed Claims

2  (Phase 3) shall receive 100% (or shall share equally in the event of other

3  similarly negotiated claims) of the remaining Phase 3 Unsecured Claim

4  Distributions until the Harris Allowed Claims are paid in full.

5        16.    Under the proposed settlement in this case a copy of which is attached as

6  Exhibit 2, the rights of Lydia, Michael, Conquest and the Harris Trustee, in and to the $107,000,000

7  Judgment will be settled as follows:

8        A.    In the event, and only in the event, the settlement proposal of February

9

10  6, 2008 between the parties hereto and the Chapter 11 Trustees is finalized and approved by

11  the court in both the Death Row Records, Inc. and the Marion "Suge" Knight chapter 11

12  cases, then Helen Ryan Frazer Trustee agrees to look solely to distributions, if any, from the

13  Knight and Death Row estates for satisfaction of the Chapter 7 estate's interest in the

14  Judgment.[3]

15

16        B.    The Parties agree that from the Proceeds distributed from the Knight

17  and/or Death Row cases on account of the Harris Allowed Claim, the trustees of those estates

18  shall pay directly to Helen Ryan Frazer Trustee, the following:

19        1)    The Trustee will be paid 80% of the first $100,000 to be

20  distributed on account of the Harris Allowed Claim;

21        2)    The Trustee will be paid 70% of the second $100,000 to be

22  distributed on account of the Harris Allowed Claim;

23        3)    The Trustee will be paid 60% of the third $100,000 to be

24  distributed on account of the Harris Allowed Claim;

25

26  _____

27  [3] Pursuant to the Settlements reached between the parties in the DRR and Knight cases, the Harris Claim will
be allowed as a general unsecured claim in the amount of $30,000,000 and as a subordinated claim in the

28  amount of $15,000,000. See Exhibit __.

4)    The Trustee will be paid 50% of any and all additional funds to be distributed on account of the Harris Allowed Claim until the first to occur of either (i) all allowed claims, including allowed administrative claims, in the Lydia Harris chapter 7 case are paid in full, or (ii) the total of Proceeds paid to Helen Ryan Frazer Trustee pursuant to this agreement reaches $500,000.

5)    The parties agree that the claims of Wasserman, Comden, Casselman & Pearson ("Wassserman Firm") and Mark Friedman ("Friedman") are post petition obligations and the sole responsibility of Lydia Harris, not her bankruptcy estate. Lydia Harris agrees to hold the Trustee and her bankruptcy estate harmless from any diminution in payments to her estate that occur because of disbursements made from the Knight and/or DRR Chapter 11 cases on account of Proofs of Claims filed therein by Wasserman and/or Friedman.

17.    I believe the settlement is in the best interest of the creditors in this estate for several reasons. First, it brings to a conclusion what would be a complicated, time consuming and expensive group of adversary proceedings that would be required to resolve the numerous competing claims to the $107,000,000 judgment. Second, it resolves this estate's claim and gives the estate an interest in the judgment, thereby eliminating the risks and uncertainties of litigation, wherein the possibility exists that the estate could be denied any such interest. Third, approval of the global settlement in the Death Row Records and Marion Knight cases, which is a condition of this settlement, will finally resolve numerous adversary proceedings and claim objections in those cases, bringing to a halt the further incurring of attorneys' fees and costs associated with the continued prosecution thereof. Fourth, the payments to be made to this estate under this settlement have the possibility of generating sufficient funds, depending on the sales price of the DRR and Knight assets,

17

1    to result in a significant distribution to creditors.    For each of these reasons I believe the

2    settlement is in the best interest of creditors and should be approved.

3        I declare under penalty of perjury under the laws of the United States that the foregoing is

4    true and correct.  Executed on May 2, 2008 at Cerritos, California.

5

6

7    HELEN RYAN FRAZER

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 1

## AGREEMENT AND MUTUAL RELEASE

This Agreement and Mutual Release (the "AGREEMENT") is made effective as of February 6, 2008 , by and between Richard K. Diamond, as Chapter 11 Trustee for the bankruptcy estate of Marion "Suge" Knight (the "KNIGHT TRUSTEE" and the "KNIGHT ESTATE") and R. Todd Neilson, as Chapter 11 Trustee for the bankruptcy estate of Death Row Records, Inc. (the "DEATH ROW TRUSTEE" and the "DEATH ROW ESTATE", respectively) (collectively the "TRUSTEES" and the "ESTATES", respectively), on the one hand; and LYDIA Harris ("LYDIA") and Michael Ray Harris ("MICHAEL") (collectively "M & L HARRIS"), Conquest Media Group, LLC ("CONQUEST") and any and all of their assignees or successors (CONQUEST and M & L HARRIS collectively are referred to hereinafter collectively as "CONQUEST/HARRIS") and Helen R. Frazer as Chapter 7 trustee for LYDIA (the "HARRIS CHAPTER 7 TRUSTEE"), on the other hand.  The parties are sometimes hereafter referred to collectively as the "PARTIES" or each individually as a "PARTY".

### RECITALS

This AGREEMENT is entered into with reference to the following facts:

A.     On or about April 4, 2006, Marion "Suge" Knight, Jr. ("KNIGHT") filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "BANKRUPTCY CODE"), which case is currently pending before the United States Bankruptcy Court for the Central District of California (the "BANKRUPTCY COURT"), Los Angeles Division, bearing case number 02:bk:06-11187-VZ (the "KNIGHT CASE").  Richard K. Diamond serves as the Chapter 11 Trustee for the estate of the KNIGHT CASE.

B.     On or about April 4, 2006, Death Row Records, Inc. ("DEATH ROW") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, which case is currently pending before the Los Angeles Division of the BANKRUPTCY COURT, bearing case number 02:bk:06-11205-VZ (the "DEATH ROW CASE").  R. Todd Neilson serves as the Chapter 11 Trustee for the estate of the DEATH ROW CASE.

C.     On or about February 26, 2002, LYDIA filed a complaint before the California Superior Court in Los Angeles against DEATH ROW and KNIGHT, commencing case no. BC 268857 (the "LAWSUIT").  In the LAWSUIT, LYDIA contended, among other things, that she owned 50% of an entity known as Godfather Entertainment, the parent company to Death Row Records, a company different from DEATH ROW, that DEATH ROW and KNIGHT had defrauded her of the prospective economic benefits of her interest in DEATH ROW , and that DEATH ROW and KNIGHT thereafter slandered her (collectively the "KNIGHT/DRR CLAIMS").  The Firm of Wasserman, Comden & Castleman, LLP (the "WASSERMAN FIRM") at all relevant times through approximately April or May 2005 represented LYDIA in the LAWSUIT.

D.     On or about March 9, 2005, the Superior Court entered a $107,000,000 judgment as a terminating sanction jointly against both DEATH ROW and KNIGHT (the "JUDGMENT").  The JUDGMENT consists of compensatory damages of $45 million of economic damages, $2 million of non-economic damages and $60 million of punitive damages.  No appeal was taken from the JUDGMENT.

6205784 v3                                    1

E.    On or about May 17, 1996 ("LYDIA'S PETITION DATE"), LYDIA filed a voluntary petition for relief under Chapter 7 of the BANKRUPTCY CODE before the San Fernando Valley Division of the BANKRUPTCY COURT, which was assigned case no. 01:bk:96-15521-AG (the "HARRIS CHAPTER 7 CASE" and the "HARRIS ESTATE").

F.    The HARRIS CHAPTER 7 CASE was filed approximately 6 years prior to the filing of the LAWSUIT, and LYDIA did not list the KNIGHT/DRR CLAIMS on her bankruptcy schedules. The HARRIS CHAPTER 7 TRUSTEE later discovered that the HARRIS CHAPTER 7 CASE may have rights in and to the JUDGMENT at which time, the HARRIS CHAPTER 7 TRUSTEE was reappointed as trustee of the HARRIS CHAPTER 7 CASE, which was thereafter reassigned to Bankruptcy Judge Geraldine Mund in July 2007.

G.    M & L HARRIS are divorced, however, the family law court in Monterey has jurisdiction over the M & L HARRIS divorce case with respect to property issues still in dispute. The family law court entered a judgment in the family law matter declaring the JUDGMENT to be community property; however the issue of the allocation of the JUDGMENT between M & L HARRIS has not yet been adjudicated.

H.    On or about October 19, 2006, LYDIA filed a proof of claim in the DEATH ROW CASE in the sum of $107 million based on the JUDGMENT, which was assigned claim no. 23 ("LYDIA'S DEATH ROW POC"). On or about October 19, 2006, LYDIA filed a proof of claim in the KNIGHT CASE in the sum of $107 million, which was assigned claim no. 16 ( "LYDIA'S KNIGHT POC"). LYDIA'S DEATH ROW POC and LYDIA'S KNIGHT POC shall be referred to hereinafter collectively as "LYDIA'S POCS."

I.    On or about May 4, 2006, MICHAEL filed a proof of claim in the DEATH ROW CASE in the sum of $117,318,631.60 based on the JUDGMENT, which was assigned claim no. 3 (the "MICHAEL'S DEATH ROW POC"). On or about May 4, 2006, MICHAEL filed a proof of claim in the KNIGHT CASE in the sum of $117,318,631.60, which was assigned claim no.3 ( "MICHAEL'S KNIGHT POC"). MICHAEL'S DEATH ROW POC and MICHAEL'S KNIGHT POC shall be referred to hereinafter collectively as "MICHAEL'S POCS." LYDIA'S POCS and MICHAEL'S POCS shall be referred to hereinafter collectively as the "HARRIS POCS."

J.    On or about October 31, 2006, the WASSERMAN FIRM filed a proof of claim against the DEATH ROW ESTATE in the sum of $60,418,315.00, which was assigned claim no. 38 (the "WASSERMAN DEATH ROW POC"). On or about October 31, 2006, the WASSERMAN FIRM filed a proof of claim against the KNIGHT ESTATE in the sum of $60,418,315.00, which was assigned claim no. 34 (the "WASSERMAN KNIGHT POC"). The WASSERMAN DEATH ROW POC and the WASSERMAN KNIGHT POC shall be referred to hereinafter collectively as the "WASSERMAN POCS."

K.    On or about June 6, 2006, KNIGHT as Debtor-In-Possession and DEATH ROW as Debtor-in-Possession jointly filed a complaint against M & L HARRIS before the BANKRUPTCY COURT in the KNIGHT CASE, commencing adversary proceeding no. 02:bk:06-AP-01660-VZ (the "ADVERSARY PROCEEDING"). In the ADVERSARY PROCEEDING, KNIGHT and DEATH ROW sought to, among other things: (1) declare that the JUDGMENT had been compromised and fully resolved by one of several alternative

C:\Documents and Settings\Patrick K. McClellan\Local Settings\Temporary Internet Files\OLKB0\KNIGHT  FINAL HARRIS SETTLEMENT STIPULATION.DOC                2

settlements; (2) disallow or reduce the HARRIS POCS under various theories, including judicial estoppel; (3) subordinate the compensatory damage component of the JUDGMENT relating to LYDIA's ownership in DEATH ROW pursuant to section 506(c) of the BANKRUPTCY CODE; (4) subordinate the punitive damages component of the JUDGMENT as a penalty pursuant to section 726(a)(4) of the BANKRUPTCY CODE; (5) avoid and recover a $1 million payment made under the JUDGMENT as a preference pursuant to section 547 of the BANKRUPTCY CODE and as a fraudulent conveyance pursuant to sections 544 and 548 of the BANKRUPTCY CODE; and (6) disallow the HARRIS POCS pursuant to section 502(d) of the BANKRUPTCY CODE. M & L HARRIS filed a motion to dismiss the ADVERSARY PROCEEDING which resulted in the BANKRUPTCY COURT abstaining from ruling on certain state law claims for relief, granting dismissal with leave to amend other claims, and staying all claims pending before the BANKRUPTCY COURT.

L.    On or about July 3, 2006, M & L HARRIS filed a complaint against KNIGHT commencing adversary proceeding no. 02-bk:06-AP-01809-VZ, seeking to determine that the JUDGMENT represents a non-dischargeable debt under section 523 of the BANKRUPTCY CODE (the "HARRIS 523 PROCEEDING"). Thereafter, the BANKRUPTCY COURT stayed the HARRIS 523 PROCEEDING to track the ADVERSARY PROCEEDING.

M.    M & L HARRIS state that they assigned the JUDGMENT to CONQUEST, and M & L HARRIS each filed notices of the assignment of the HARRIS POCS in both of the Cases to CONQUEST and filed Notice of the Assignment of the JUDGMENT in the Los Angeles Superior Court case.

N.    The TRUSTEES substituted into the Adversary Proceeding as co-plaintiffs.

O.    In or about August 2007, the BANKRUPTCY COURT ordered the PARTIES to participate in mediation, and the PARTIES since then have participated in numerous mediation sessions before United States Bankruptcy Judge Mitchel R. Goldberg.

P.    In order to eliminate the need for further litigation costs, the PARTIES stipulated and stated on the record on February 6, 2008 before the Honorable Mitchell R. Goldberg terms and conditions of settlement in order to settle completely and forever all disputes, claims, actions, causes of action, demands, damages and liabilities between them. The PARTES set forth in this AGREEMENT the formal terms of their settlement.

Q.    NOW THEREFORE, in consideration of the promises, mutual obligations and undertakings set forth herein and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the PARTIES agree as follows:

1.    Recitals: The Recitals are intended to be and are a part of the AGREEMENT and are incorporated herein.

2.    Settlement Effective Date and Approval Process:

a.    After execution of this AGREEMENT, the TRUSTEES and the HARRIS CHAPTER 7 TRUSTEE shall each file motions seeking entry of orders in their respective cases approving the AGREEMENT (collectively the "Approval Orders"). Each of the

PARTIES shall fully and actively support the respective motions for entry of the Approval Orders.

        b.     The effective date of this AGREEMENT (the "Effective Date") shall mean the first day that is not less than eleven calendar days following the date of entry of the last of the Approval Orders to be entered that is not a Saturday, Sunday or legal holiday as defined in Federal Rule of Bankruptcy Procedure 9006 (a "Business Day"). If an appeal is taken and a stay issued, the Effective Date shall be the first Business day following the date on which the last of the Approval Orders to be entered becomes final, i.e., the date on which no further appeals or other review of the Approval Orders can be taken. In the event that the TRUSTEES or the HARRIS CHAPTER 7 TRUSTEE are unable to obtain the entry of Approval Orders in their respective cases, (a) the AGREEMENT shall automatically be deemed void *ab initio*, and (b) all rights, claims and defenses shall be preserved as they existed on February 6, 2008, and (c) the PARTIES reserve and retain all rights, claims and/or defenses each of them might have had prior to entry into this AGREEMENT.

        3.    <u>Terms of Settlement</u>:

        a.     <u>HARRIS Allowed Claim</u>. The HARRIS POCS will be allowed in both the KNIGHT CASE and the DEATH ROW CASE as general unsecured claims in the amount of $30 million (collectively the "HARRIS ALLOWED CLAIM") and subordinated claims in the amount of $15 million at the priority level provided in section 726(a)(4) of the BANKRUPTCY CODE (collectively the "HARRIS SUBORDINATED CLAIM"). Any claim of CONQUEST/HARRIS in excess of the HARRIS ALLOWED CLAIM and the HARRIS SUBORDINATED CLAIM is disallowed in its entirety.

        b.     <u>Limitation on Distributions on Account of HARRIS ALLOWED CLAIM</u>. For the purpose of this settlement, references to "distributions" are to the total distributions from both the DEATH ROW ESTATE and the KNIGHT ESTATE, whether or not the Cases later are substantively consolidated. If the Cases are not substantively consolidated, the allocation of distributions from the ESTATES on account of the HARRIS ALLOWED CLAIM, as provided herein, will be coordinated to assure that CONQUEST/HARRIS receives the same economic value as contemplated herein.

        i.     The HARRIS ALLOWED CLAIM (Phase 1) will share pari passu with all other allowed general unsecured claims, to the extent of the first $10 million of distributions to holders of all general unsecured claims ("PHASE 1 UNSECURED CLAIM DISTRIBUTIONS"), provided, however, that in no event shall distributions on account of the HARRIS ALLOWED CLAIM (Phase 1) exceed 50% of PHASE 1 UNSECURED CLAIM DISTRIBUTIONS; and *provided, further*, that notwithstanding anything to the contrary contained herein, distributions on account of the HARRIS ALLOWED CLAIM (Phase 1) will not exceed $3.5 million.

        ii.     To the extent of distributions to general unsecured claims in excess of $10 million up to $20 million ("PHASE 2 UNSECURED CLAIM DISTRIBUTIONS"), the HARRIS ALLOWED CLAIM (Phase 2) shall share pari passu with all other allowed general unsecured claims (reduced, in each case, by the amount of distributions received on account of PHASE 1 UNSECURED CLAIMS DISTRIBUTIONS); *provided,*

C:\Documents and Settings\Patrick K. McClellan\Local Settings\Temporary Internet Files\OLKB0\KNIGHT FINAL HARRIS SETTLEMENT STIPULATION.DOC        4

however, that in no event shall distributions on account of the HARRIS ALLOWED CLAIM (Phase 2) exceed 50% of PHASE 2 UNSECURED CLAIM DISTRIBUTIONS, and provided, further, that, notwithstanding anything to the contrary contained herein, until all other allowed general unsecured claims have been paid in full, not including surplus interest, the distribution on account of the HARRIS ALLOWED CLAIM (Phase 2) will not exceed $2 million in addition to the distribution applicable to the HARRIS ALLOWED CLAIM (Phase 1).

          iii.     To the extent of distributions to general unsecured claims in excess of $20 million ("Phase 3 Unsecured Claim Distributions"), the HARRIS ALLOWED CLAIM (Phase 3) shall share distributions pari passu with all other allowed general unsecured claims (reduced, in each case, by the amount of distributions received on account of PHASE 1 UNSECURED CLAIM DISTRIBUTIONS and PHASE 2 UNSECURED CLAIM DISTRIBUTIONS), provided, however, that in no event shall distributions on account of the HARRIS ALLOWED CLAIM (Phase 3) exceed 50% the Phase 3 Unsecured Claim Distributions. When all other allowed general unsecured claims have been paid in full, not including pre-petition or post-petition interest, the HARRIS ALLOWED CLAIM (Phase 3) shall receive 100% (or shall share pari passu in the event of other similarly negotiated claims) of the remaining Phase 3 Unsecured Claim Distributions until the HARRIS ALLOWED CLAIM are paid in full (exclusive of surplus interest).

          iv.     The HARRIS SUBORDINATED CLAIM shall be paid pursuant to the priority afforded by § 726(a)(4) of the BANKRUPTCY CODE.

          c.     Wasserman POCS. CONQUEST/HARRIS will have responsibility for informing the WASSERMAN FIRM of the settlement. Unless the WASSERMAN FIRM consents to a distribution agreement with CONQUEST/HARRIS and withdraws the Wasserman POCS, CONQUEST/HARRIS, the TRUSTEES and/or the HARRIS CHAPTER 7 TRUSTEE may file an objection to the Wasserman POCS. The Wasserman POCS and any other claim filed by the WASSERMAN FIRM against either of the ESTATES shall either be disallowed in their entirety or, if the Court enters an order allowing the Wasserman POCS, any distribution thereon shall be the responsibility of CONQUEST/HARRIS, and CONQUEST/HARRIS agrees to indemnify the ESTATES and the TRUSTEES against any claims by the WASSERMAN FIRM for which the ESTATES would otherwise be responsible upon entry of a Court order to that effect. Any distribution from the ESTATES due the WASSERMAN FIRM shall be credited against the distributions due CONQUEST/HARRIS pursuant to this AGREEMENT.

          d.     Other Related Proofs of Claim. CONQUEST/HARRIS will have responsibility for any amounts due Mark Friedman and any other person or entity whose claim is based upon, derivative of or measured by the JUDGMENT (including without limitation current and former counsel for M & L HARRIS and CONQUEST and any purported assignment of the JUDGMENT) (collectively "Friedman") which shall be payable, if at all, from their respective shares of the proceeds of the claims and JUDGMENT. CONQUEST/HARRIS agrees to indemnify the ESTATES and the TRUSTEES against any claims by any such party for which the ESTATES would otherwise be responsible upon entry of a Court order to that effect. Any distributions from the ESTATES due Friedman shall be credited against the amounts due CONQUEST/HARRIS pursuant to this AGREEMENT.

C:\Documents and Settings\Patrick K. McClellan\Local Settings\Temporary Internet Files\OLKB0\KNIGHT FINAL HARRIS SETTLEMENT STIPULATION.DOC       5

e.    Avoidance of Liens. If there are any judgment or other liens on property of either or both of the ESTATES in favor of CONQUEST/HARRIS, the HARRIS CHAPTER 7 TRUSTEE, Friedman or the WASSERMAN FIRM (or any of their successors or assignees), such liens are deemed avoided. CONQUEST/HARRIS and the HARRIS CHAPTER 7 TRUSTEE agree that they will not, sell, transfer, assign or encumber, in whole or in part, the HARRIS ALLOWED CLAIM or the HARRIS SUBORDINATED CLAIM unless agreed upon in writing by all three of them and the TRUSTEES, or by order of the Court.

f.    Rights of HARRIS CHAPTER 7 TRUSTEE. The HARRIS CHAPTER 7 TRUSTEE will promptly seek approval of the settlement as set forth herein by the BANKRUPTCY COURT in the HARRIS CHAPTER 7 CASE. The HARRIS CHAPTER 7 TRUSTEE will receive such portion of the distribution on account of the HARRIS ALLOWED CLAIM (and the HARRIS SUBORDINATED CLAIM) as set forth above as shall be independently agreed by the HARRIS CHAPTER 7 TRUSTEE and CONQUEST/HARRIS. The Harris Chapter 7 Estate will have no independent claim in either of the Cases, although it is acknowledged that the HARRIS CHAPTER 7 TRUSTEE shall remain a party in interest in both cases.

g.    Dismissal of 523 Claims against KNIGHT. Within 15-business day after the Effective Date, M & L HARRIS agree to dismiss with prejudice the HARRIS 523 PROCEEDING.

h.    No Credit Bidding for HARRIS ALLOWED CLAIM. Neither the HARRIS ALLOWED CLAIM nor the HARRIS SUBORDINATED CLAIM may be used by CONQUEST/HARRIS as part of the consideration for any bid for or acquisition of any of the assets of either or both of the ESTATES.

4.    Dismissal of the Adversary Proceeding. Within 15 business days after the Effective Date, the ADVERSARY PROCEEDING will be dismissed with prejudice by the parties thereto, with said parties to bear their own attorneys' fees and costs.

5.    Right to Object to Claims. CONQUEST/HARRIS, or their successors or assignees, shall have the right to object to other claims and oppose any proposed settlement of other proofs of claims. CONQUEST/HARRIS (including whoever among M & L HARRIS, CONQUEST, any successor or assignee is then the holder of the HARRIS POCS) shall vote affirmatively for any plan of reorganization or plan of liquidation that provides for the treatment of the HARRIS ALLOWED CLAIM and the HARRIS SUBORDINATED CLAIM as provided in this AGREEMENT; provided, however that M & L HARRIS may vote against any plan of reorganization under which pre-petition holders of equity in the DEATH ROW CASE or the KNIGHT CASE retain or receive any interest in either Estate on account of such pre-petition equity before the HARRIS ALLOWED CLAIM and the HARRIS SUBORDINATED CLAIM have been paid in full. For purposes of this paragraph, the retention by KNIGHT or DEATH ROW of the following shall not relieve M & L HARRIS of their obligation to vote to accept the plans: (a) exempt property; (b) that portion of the post-petition income described under that certain Order (1) on Motion of Child Support Services Department Interstate Division to Dismiss Debtor's Chapter 11 Case; and (2) Approving Settlement Stated on Record entered in the KNIGHT CASE on or about November 28, 2007; (c) property abandoned by either of the

C:\Documents and Settings\Patrick K. McClellan\Local Settings\Temporary Internet Files\OLKB0\KNIGHT FINAL HARRIS SETTLEMENT STIPULATION.DOC                6

TRUSTEES; (d) claims sold by the KNIGHT TRUSTEE or the DEATH ROW TRUSTEE on or before April 4, 2008 with Court approval; and/or (e) the proceeds of any of the above.

6.    Representations.  CONQUEST/HARRIS represent and warrant that:

a.    Subject to paragraph 8 below, CONQUEST holds all right, title and interest in the HARRIS POCS and the JUDGMENT subject to the Assignment and Assumption Agreement between CONQUEST and LYDIA dated March 13, 2007, and the Assignment and Assumption Agreement between CONQUEST and MICHAEL dated March 13, 2007, and the agreement between CONQUEST, LYDIA and MICHAEL entered on February 5, 2008 which, includes, among other things a reservation of rights between MICHAEL, LYDIA and CONQUEST.

b.    each of the CONQUEST/HARRIS parties has full authority to enter into this AGREEMENT;

c.    there are no liens or claims against the HARRIS POCS or the JUDGMENT, except for those held by the WASSERMAN FIRM, Mark Friedman, and current and prior counsel for M & L HARRIS and CONQUEST, all of which will be deemed satisfied as against both of the ESTATES under the terms of this AGREEMENT; and

d.    it is not necessary for M & L HARRIS to obtain approval of this AGREEMENT from the Monterey County Superior Court in the M & L HARRIS marital dissolution proceeding bearing case no. DR 43369 (the "MARITAL DISSOLUTION ACTION").

7.    Signatures. The signatures of all PARTIES to this AGREEMENT, including the signatures of M & L HARRIS, shall be notarized.

8.    Future Assignments.

a.    Notwithstanding any provisions in any claim assignment agreements between M & L HARRIS and CONQUEST, in the event of any reversion of the HARRIS POCS and/or the JUDGMENT from CONQUEST (or its successor or assignee) to M & L HARRIS or either of them, M & L HARRIS will be deemed to be successors to CONQUEST and will be bound in the same manner as CONQUEST pursuant to the terms of this AGREEMENT.

b.    In the event that the court in the MARITAL DISSOLUTION ACTION has any jurisdiction to determine the allocation between M & L HARRIS of any distributions on account of the HARRIS POCS from the ESTATES pursuant to this AGREEMENT, M & L HARRIS agree that M & L HARRIS shall have sole responsibility to obtain approval of that allocation, and that the TRUSTEES and the ESTATES shall not have any obligations in that regard. M & L HARRIS further agree that this AGREEMENT is fully enforceable and binding regardless of any possible requirement that said court in the marital

C:\Documents and Settings\Patrick K. McClellan\Local Settings\Temporary Internet Files\OLKB0\KNIGHT FINAL HARRIS SETTLEMENT STIPULATION.DOC

7

dissolution action allocate said distributions or otherwise approve this AGREEMENT in any manner whatsoever.

9.    Releases:

a.    The KNIGHT TRUSTEE's Release.  In consideration of the terms and provisions of and subject to this AGREEMENT, the sufficiency of which is acknowledged by the execution of this AGREEMENT, as of the Effective Date, the KNIGHT TRUSTEE, on behalf of the KNIGHT ESTATE, does hereby fully and forever relieve, release, and discharge CONQUEST/HARRIS, the HARRIS ESTATE, and the HARRIS CHAPTER 7 TRUSTEE, and any and all representatives thereof, of any and all debts, liabilities, demands, obligations, assertions, contentions, arbitrations, promises, acts, contracts, costs, expenses, attorneys' fees, claims, damages, actions, causes of actions, claims for relief, and/or lawsuits, in law or in equity that were made or could have been made in or in response to the Adversary Proceeding, from the beginning of time through the Effective Date of this AGREEMENT, known or unknown, suspected or unsuspected, fixed or contingent.

b.    The DEATH ROW TRUSTEE's Release.  In consideration of the terms and provisions of and subject to this AGREEMENT, the sufficiency of which is acknowledged by the execution of this AGREEMENT, as of the Effective Date, the DEATH ROW TRUSTEE, on behalf of the DEATH ROW ESTATE, does hereby fully and forever relieve, release, and discharge CONQUEST/HARRIS, the HARRIS ESTATE and the HARRIS CHAPTER 7 TRUSTEE, and any and all representatives thereof, of any and all debts, liabilities, demands, obligations, assertions, contentions, arbitrations, promises, acts, contracts, costs, expenses, attorneys' fees, claims, damages, actions, causes of actions, claims for relief, and/or lawsuits, in law or in equity that were made or could have been made in or in response to the Adversary Proceeding, from the beginning of time through the Effective Date of this AGREEMENT, known or unknown, suspected or unsuspected, fixed or contingent.  The release hereby granted is effective only as of the Effective Date, and expressly subject to the term provisions and conditions stated in this AGREEMENT, and shall not be effective until each of those conditions is satisfied.

c.    The CONQUEST/HARRIS Releases.  In consideration of the terms and provisions of and subject to this AGREEMENT, the sufficiency of which is acknowledged by the execution of this AGREEMENT, as of the Effective Date, CONQUEST/HARRIS does hereby fully and forever relieve, release, and discharge the DEATH ROW TRUSTEE, the DEATH ROW ESTATE, the KNIGHT TRUSTEE, the KNIGHT ESTATE, the HARRIS ESTATE and the HARRIS CHAPTER 7 TRUSTEE, and any and all representatives thereof, of any and all debts, liabilities, demands, obligations, assertions, contentions, arbitrations, promises, acts, contracts, costs, expenses, attorneys' fees, claims, damages, actions, causes of actions, claims for relief, and/or lawsuits, in law or in equity, from the beginning of time through the Effective Date of this AGREEMENT, known or unknown, suspected or unsuspected, fixed or contingent.

d.    The HARRIS CHAPTER 7 TRUSTEE's Release.  In consideration of the terms and provisions of and subject to this AGREEMENT, the sufficiency of which is acknowledged by the execution of this AGREEMENT, as of the Effective Date, the HARRIS CHAPTER 7 TRUSTEE does hereby fully and forever relieve, release, and discharge

C:\Documents and Settings\Patrick K. McClellan\Local Settings\Temporary Internet Files\OLKB0\KNIGHT  FINAL HARRIS SETTLEMENT STIPULATION.DOC                    8

the DEATH ROW TRUSTEE, the DEATH ROW ESTATE, the KNIGHT TRUSTEE and the KNIGHT ESTATE, and any and all representatives thereof, of any and all debts, liabilities, demands, obligations, assertions, contentions, arbitrations, promises, acts, contracts, costs, expenses, attorneys' fees, claims, damages, actions, causes of actions, claims for relief, and/or lawsuits, in law or in equity, from the beginning of time through the Effective Date of this AGREEMENT, known or unknown, suspected or unsuspected, fixed or contingent.

     e.    <u>Effect of Releases</u>.  The releases granted above in sub-paragraphs 9(a) through (d) are effective only as of the Effective Date, and expressly subject to the term provisions and conditions stated in this AGREEMENT, and shall not be effective until each of those conditions is satisfied.

     f.    <u>General Release</u>:  The PARTIES expressly waive any and all rights under Section 1542 of the Civil Code of the State of California, or any other federal or state statutory or common law rights or rules similar to Section 1542.  Section 1542 provides as follows:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

The PARTIES expressly waive and release any right or benefit which they have or may have under Section 1542, or any similar law or rule of any jurisdiction, to the full extent that they may waive all such right and benefits pertaining to the matters released in this AGREEMENT. In connection with such waiver and relinquishment, the PARTIES acknowledge that they are aware that they may subsequently discover claims presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true with respect to the matters released in this AGREEMENT. Nevertheless, it is the intention of each PARTY to this AGREEMENT, through this AGREEMENT, and with the advice of counsel, fully, finally, and forever to settle and release all such matters and all such claims relative to these matters which do now exist, may exist, or previously have existed between the PARTIES. In furtherance of such intention, the releases given by this AGREEMENT shall be and remain in effect as full and complete releases of such matters notwithstanding the discovery or existence of any such additional different claims or facts relative to such matters.

     10.    <u>Continuing Jurisdiction of the BANKRUPTCY COURT</u>:  This AGREEMENT is subject to and contingent upon the approval by the BANKRUPTCY COURT in the DEATH ROW CASE, the KNIGHT CASE, and the HARRIS CHAPTER 7 CASE. The BANKRUPTCY COURT shall have exclusive jurisdiction to determine as a core proceeding any dispute or controversy with respect to the interpretation or enforcement of this AGREEMENT.

     11.    <u>Attorney's Fees</u>:  The PARTIES to this AGREEMENT agree to bear all of their own attorney's fees and costs incurred in connection with the Adversary Proceeding and the negotiation, preparation, execution, delivery, and performance of this AGREEMENT.

C:\Documents and Settings\Patrick K. McClellan\Local Settings\Temporary Internet Files\OLKB0\KNIGHT  FINAL HARRIS SETTLEMENT STIPULATION.DOC

9

12.    Disputes:  In the event any PARTY to this AGREEMENT makes a claim or raises a defense against the other PARTY involving the interpretation or enforcement of this AGREEMENT and/or the obligations hereunder, the prevailing party shall be entitled to its reasonable attorneys' fees, expenses, and costs incurred in enforcing this AGREEMENT.

13.    Severability:  If any paragraph, term, or provision of this AGREEMENT shall be held or determined to be unenforceable by a court or tribunal of competent jurisdiction, the same shall be deemed severable from this AGREEMENT and the balance of this AGREEMENT shall continue in full force and effect.  The PARTIES agree that if such paragraph, term, or provision is deemed invalid as written, it shall be deemed valid and enforceable to the fullest extent permitted by law.

14.    Entire Agreement:  This AGREEMENT, with its Exhibits, constitutes a single, integrated written contract expressing the entire agreement of the PARTIES hereto concerning subject matter hereof.  No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any PARTY to this AGREEMENT, except as specifically set forth herein.  All prior agreements, discussions, and negotiations, whether oral or written, have been and are merged and integrated into, and are entirely superseded by this AGREEMENT.

15.    Joint Preparation:  The PARTIES agree that this AGREEMENT shall be deemed to have been prepared by all of the PARTIES jointly, and no ambiguity shall be resolved against any PARTY on the premise that it was responsible for drafting this AGREEMENT, in whole or in part.

16.    Representations and Warranties:  The PARTIES hereto represent and warrant that each signatory hereto has the full right and authority to enter into this AGREEMENT and bind the PARTY on whose behalf he or it has executed this AGREEMENT, except for constraints imposed upon the TRUSTEES and the HARRIS CHAPTER 7 TRUSTEE by the BANKRUPTCY CODE.

17.    Binding Agreement:  This AGREEMENT shall bind and shall inure to the benefit of successors and assigns of each PARTY.  With respect to each of the individual PARTIES, this AGREEMENT shall also bind and inure to the benefit of his or her heirs and assigns.  With respect to each of the entity PARTIES, this AGREEMENT shall also bind and inure to the benefit of any parent, affiliate, predecessor-in-interest, successor-in-interest, or assign.  With respect to each of the PARTIES that are bankruptcy trustees, this AGREEMENT shall also inure to the benefit of and bind any successor or assignee, whether by sale, assignment, transfer under a plan of reorganization or conversation of the DEATH ROW CASE and/or the KNIGHT CASE to a Chapter 7 case under the BANKRUPTCY CODE, or otherwise.

18.    Governing Law:  This AGREEMENT shall be governed by, and construed in accordance with, the laws of the State of California and any disputes arising out of this AGREEMENT shall be brought only in BANKRUPTCY COURT, which shall have exclusive jurisdiction of any and all such disputes as a core matter.

19.    Counterparts:  This AGREEMENT may be executed and delivered in two or more counterparts, each of which, when so executed and delivered, shall be an original, but

such counterparts together shall constitute but one and the same instrument and agreement. Facsimile signatures may be used and shall be deemed to be original signatures for all purposes.

THE PARTIES TO THIS AGREEMENT FURTHER STATE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, THAT IT HAS BEEN FULLY EXPLAINED TO THEM BY THEIR ATTORNEYS, THAT THEY FULLY UNDERSTAND ITS FULL AND BINDING EFFECT, THAT THE ONLY PROMISES MADE TO THEM TO INDUCE THEM TO SIGN THIS AGREEMENT ARE THOSE CONTAINED IN THIS AGREEMENT, AND THAT THEY ARE SIGNING THIS AGREEMENT VOLUNTARILY.

IN WITNESS OF THIS AGREEMENT, the PARTIES and their respective counsel have approved and executed this AGREEMENT on the dates set forth opposite their respective signatures.

Dated: April _, 2008    CHAPTER 11 TRUSTEE OF THE MARION "SUGE" KNIGHT ESTATE

          By: _____
           Richard K. Diamond, Chapter 11 Trustee
           of the Marion "Suge" Knight, Jr. Estate

Dated: April __, 2008    CHAPTER 11 TRUSTEE OF THE DEATH ROW RECORDS, INC. ESTATE

          By: _____
           R. Todd Neilson, Chapter 11 Trustee of the
           Death Row Records, Inc. Estate

Dated: April __, 2008    LYDIA HARRIS

          _____
          Lydia Harris

Dated: April __, 2008    MICHAEL RAY HARRIS

          _____
          Michael Ray Harris

C:\Documents and Settings\RKD\Local Settings\Temporary Internet Files\OLK6\KNIGHT FINAL HARRIS SETTLEMENT STIPULATION_v3.DOC11

such counterparts together shall constitute but one and the same instrument and agreement. Facsimile signatures may be used and shall be deemed to be original signatures for all purposes.

THE PARTIES TO THIS AGREEMENT FURTHER STATE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, THAT IT HAS BEEN FULLY EXPLAINED TO THEM BY THEIR ATTORNEYS, THAT THEY FULLY UNDERSTAND ITS FULL AND BINDING EFFECT, THAT THE ONLY PROMISES MADE TO THEM TO INDUCE THEM TO SIGN THIS AGREEMENT ARE THOSE CONTAINED IN THIS AGREEMENT, AND THAT THEY ARE SIGNING THIS AGREEMENT VOLUNTARILY.

IN WITNESS OF THIS AGREEMENT, the PARTIES and their respective counsel have approved and executed this AGREEMENT on the dates set forth opposite their respective signatures.

Dated: April __, 2008

CHAPTER 11 TRUSTEE OF THE MARION "SUGE" KNIGHT ESTATE

By:_____
Richard K. Diamond, Chapter 11 Trustee of the Marion "Suge" Knight, Jr. Estate

Dated: April 2Y, 2008

CHAPTER 11 TRUSTEE OF THE DEATH ROW RECORDS, INC. ESTATE

By:_____
R. Todd Neilson, Chapter 11 Trustee of the Death Row Records, Inc. Estate

Dated: April __, 2008

LYDIA HARRIS

_____
Lydia Harris

Dated: April __, 2008

MICHAEL RAY HARRIS

_____
Michael Ray Harris

C:\DOCUME~1\VDORAN~1.LEC\LOCALS~1\Temp\notesE1EF34\KNIGHT FINAL HARRIS SETTLEMENT STIPULATION_v3.DOC          11

2812421744          Sugar Creek                          02:07.01 p.m.      05-02-2008        2/3

such counterparts together shall constitute but one and the same instrument and agreement.
Facsimile signatures may be used and shall be deemed to be original signatures for all purposes.

   THE PARTIES TO THIS AGREEMENT FURTHER STATE THAT THEY
HAVE CAREFULLY READ THIS AGREEMENT, THAT IT HAS BEEN FULLY
EXPLAINED TO THEM BY THEIR ATTORNEYS, THAT THEY FULLY
UNDERSTAND ITS FULL AND BINDING EFFECT, THAT THE ONLY
PROMISES MADE TO THEM TO INDUCE THEM TO SIGN THIS AGREEMENT
ARE THOSE CONTAINED IN THIS AGREEMENT, AND THAT THEY ARE
SIGNING THIS AGREEMENT VOLUNTARILY.

   IN WITNESS OF THIS AGREEMENT, the PARTIES and their respective counsel have
approved and executed this AGREEMENT on the dates set forth opposite their respective
signatures.

Dated:  April __, 2008              CHAPTER 11 TRUSTEE OF THE MARION
                                    "SUGE" KNIGHT ESTATE


                                    By:_____
                                       Richard K. Diamond, Chapter 11 Trustee
                                       of the Marion "Suge" Knight, Jr. Estate

Dated:  April __, 2008              CHAPTER 11 TRUSTEE OF THE DEATH
                                    ROW RECORDS, INC. ESTATE


                                    By:_____
                                       R. Todd Neilson, Chapter 11 Trustee of the
                                       Death Row Records, Inc. Estate

Dated: May 2 2008                   LYDIA HARRIS

                                    _Lydia Harris (signature)_
                                    Lydia Harris

Dated: April 11, 2008  Christper K Oconn  MICHAEL RAY HARRIS

                                    _Michael Ray Harris (signature)_
                                    Michael Ray Harris

Macintosh HD:Users:nikki:Documents:QuickMail Pro Data:~Attachments:KNIGHT FINAL HARRJ··    11
1005076106:KNIGHT FINAL HARRIS SETTLEM.DO

Apr 16 2008 9:21    HP LASERJET FAX    9188179411    p.12

Dated: April _15_, 2008

CONQUEST MEDIA GROUP, LLC

By: _____

Title: _Chairman_

Its Duly Authorized Representative

*See attached for notary*

Dated: April ___, 2008

CHAPTER 7 TRUSTEE OF THE LYDIA
HARRIS ESTATE

By: _____

Helen Ryan Fraser, Chapter 7 Trustee of the
Lydia Harris Estate

APPROVED AS TO FORM:

Dated: April ___, 2008

KAYE SCHOLER LLP

By: _____

Ronald L. Leibow, Esq.
Counsel to R. Todd Neilson as Chapter 11
Trustee for Death Row Records, Inc.

Dated: April ___, 2008

DANNING, GILL, DIAMOND & KOLLITZ,
LLP

By: _____

Eric P. Israel, Esq.
Counsel to Richard K. Diamond as Chapter
11 Trustee for Marion "Suge" Knight, Jr.

Dated: April _5_, 2008

AKIN, GUMP, STRAUS, HAUER & FELD,
LLP

By: _____

Peter J. Gurfein, Esq.
Counsel to Conquest Media Group, LLC

C:\Documents and Settings\Owner\Local Settings\Temporary Internet
Files\Content.IE5\BG3QRE2R\KNIGHT__FINAL_HARRIS_SETTLEMENT_STIPULATION[1].DOC12

Dated: April __, 2008

CONQUEST MEDIA GROUP, LLC

By:_____

Title: _____
Its Duly Authorized Representative

Dated: April __, 2008

CHAPTER 7 TRUSTEE OF THE LYDIA
HARRIS ESTATE

By:_____
Helen Ryan Frazer, Chapter 7 Trustee of the
Lydia Harris Estate

APPROVED AS TO FORM:

Dated: April 10, 2008

KAYE SCHOLER LLP

By: _____
Ronald L. Leibow, Esq. PETER HAVILAND
Counsel to R. Todd Neilson as Chapter 11
Trustee for Death Row Records, Inc.

Dated: April 30, 2008

DANNING, GILL, DIAMOND & KOLLITZ,
LLP

By: _____
Eric P. Israel, Esq.
Counsel to Richard K. Diamond as Chapter
11 Trustee for Marion "Suge" Knight, Jr.

Dated: April __, 2008

AKIN, GUMP, STRAUS, HAUER & FELD,
LLP

By:_____
Peter J. Gurfein, Esq.
Counsel to Conquest Media Group, LLC

C:\Documents and Settings\epi\Local Settings\Temporary Internet Files\OLK49\KNIGHT FINAL
HARRIS SETTLEMENT STIPULATION_v3.DOC12

05/02/2008  13:00      949851:                              PATRICK K MCCLE                        PAGE   02/02

Dated: April ___, 2008                    WEINSTEIN, WEISS & ORDUBEGIAN LLP


                                          By:_____
                                             Sharon Z. Weiss, Esq.
                                             Counsel to Lydia Harris

Dated: April 30 2008                      RUSS AUGUST & KABAT, LLP


                                          By:_____
                                             Steven M. Goldberg,
                                             Counsel to Michael Ray Harris

Dated: April 2, 2008                      LAW OFFICES OF PATRICK K.
                                          McCLELLAN

                                          By:_____

                                          Patrick K. McClellan.
                                          Counsel to Helen Ryan Frazer, Chapter 7
                                          Trustee of the Lydia Harris bankruptcy estate

C:\Documents and Settings\epl\Local Settings\Temporary Internet Files\OLK49\KNIGHT FINAL
HARRIS SETTLEMENT STIPULATION.DOC    13

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _Los Angeles_

On _April 21, 2008_ before me, _C. Blair Notary Public_
    Date                  Here Insert Name and Title of the Officer

personally appeared _Richard K. Diamond_
                               Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _C. Blair_
                  Signature of Notary Public

**C. BLAIR**
Commission # 1690864
Notary Public - California
Los Angeles County
My Comm. Expires Aug 31, 2010

Place Notary Seal Above

--- **OPTIONAL** ---

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____   Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer's Name: _____
☑ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5907   Reorder: Call Toll-Free 1-800-876-6827

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**

State of California

County of Los Angeles } ss.

On April 24, 2008 before me, Victoria Lynn Doran
Date                              Name and Title of Officer (e.g., "Jane Doe, Notary Public")

personally appeared R. Todd Neilson
Name(s) of Signer(s)

☐ personally known to me
☒ proved to me on the basis of satisfactory evidence

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

VICTORIA LYNN DORAN
Commission # 1513196
Notary Public - California
Los Angeles County
My Comm. Expires Sep 29, 2008

WITNESS my hand and official seal.

Signature of Notary Public

——————— OPTIONAL ———————

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: Agreement & Mutual Release

Document Date: _____ Number of Pages: 14

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer**

Signer's Name: R. Todd Neilson

☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney-In-Fact
☒ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: Bankruptcy Estate of Death Row Records

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

© 1999 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.nationalnotary.org    Prod. No. 5907    Reorder: Call Toll-Free 1-800-876-6827

2812421744          Sugar Creek

02:07:16 p.m.     05-02-2008          3 /3

**TEXAS ORDINARY CERTIFICATE OF ACKNOWLEDGMENT**          CIVIL PRACTICE & REMEDIES CODE § 121.007

State of Texas
County of Fort Bend

Before me, Christopher K O'Connor, on this
Name and Character of Officer, e.g. "John Doe, Notary Public"
day personally appeared LYDIA HARRIS, on this
Name of Signer

☐ known to me
☐ proved to me on the oath of _____
Name of Credible Witness
☒ proved to me through TDL 12124359
Description of Identity Card or Document

to be the person whose name is subscribed to the foregoing
instrument and acknowledged to me that he/she executed the
same for the purposes and consideration therein expressed.

Given under my hand and seal of office this
2 day of May A.D. 2008
Day        Month        Year

Christopher K O'Connor
Signature of Notary Officer

CHRISTOPHER K OCONNOR
My Commission Expires
December 31, 2011

**OPTIONAL**

Though the information in this section is not required by law, it may prove valuable to persons relying on the
document and could prevent fraudulent removal and reattachment of this form to another document.

**Description of Attached Document**

Title or Type of Document: Agreement and Mutual Release

Document Date: May 2, 2008          Number of Pages: 14

Signer(s) Other Than Named Above: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

© 2005 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.nationalnotary.org          Prod. No. 5243          Reorder: Call Toll-Free 1-800-876-6827

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _Marin_

On _April 11, 2008_, before me, _Johanna D. Hoffmann_,
Date                            Name and Title of Officer (e.g., "Jane Doe, Notary Public")

personally appeared _Michael Ray Harris_
Name(s) of Signer(s)

☑ personally known to me

☑ (or proved to me on the basis of satisfactory evidence)

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_Signature_
Signature of Notary Public

JOHANNA DANIELLE HOFFMANN
Commission # 1603080
Notary Public - California
Alameda County
My Comm. Expires Jul 22, 2010

Place Notary Seal Above

─── OPTIONAL ───

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _Agreement and Mutual Release_

Document Date: _April 11, 2008_                     Number of Pages: _13_

Signer(s) Other Than Named Above: _Richard K. Diamond, R. Todd Neilson, Lydia Harris, Chippard Media Group, Helen Ryan Frazer, Ronald L. Leibow, Eric P. Emel, Peter J. Gurfein, Sharon Z. Weiss_

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _Michael Ray Harris_
☑ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

© 2006 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402    Item No. 5907    Reorder: Call Toll-Free 1-800-876-6827

Apr 16 2008 9:21     HP LASERJET FAX              8188179411              p.13

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _Los Angeles_ }

On _4/15/08_ before me, _Sam Jazayeri, Notary Public_,
personally appeared _Alvin G. Brown_

who proved to me on the basis of satisfactory evidence to
be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws
of the State of California that the foregoing paragraph is
true and correct.

WITNESS my hand and official seal.

Signature _____

SAM JAZAYERI
COMM. #1732056
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires Dec. 2, 2011

Place Notary Seal Above

---------- OPTIONAL ----------

Though the information below is not required by law, it may prove valuable to persons relying on the document
and could prevent fraudulent removal and reattachment of this form to another document.

**Description of Attached Document**

Title or Type of Document: _Agreement and Mutual Release_

Document Date: _4/15/08_                    Number of Pages: _14_

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer is Representing: _____

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer is Representing: _____

© 2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5907   Reorder: Call Toll-Free 1-800-876-6827

## ACKNOWLEDGMENT

STATE OF CALIFORNIA          )
                             )
COUNTY OF LOS ANGELES        )

    On May 1, 2008 before me, Sharon A. Woodard, Notary Public, personally appeared Helen Ryan Frazer, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

    I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

SHARON A. WOODARD
Commission # 1708744
Notary Public - California
Los Angeles County
My Comm. Expires Dec 5, 2010

_____
SIGNATURE OF NOTARY

(Seal)

# Exhibit 2

## AGREEMENT REGARDING RECOVERY

## OF ASSETS FROM DEATH ROW RECORDS, INC.

## AND MARION "SUGE" KNIGHT CHAPTER 11 CASES

This agreement is entered into between Helen Ryan Frazer, Chapter 7 Trustee of the bankruptcy estate of Lydia E. Harris ("Trustee"); Lydia E. Harris, Debtor ("Lydia"), Michael Ray Harris ("Michael") and Conquest Media Group, LLC ("Conquest").

## RECITALS

**WHEREAS,** Lydia Harris ("Lydia") filed a Chapter 7 petition in the Central District of California on May 20, 1996 (SVG96-1552 1-GM). Helen Ryan Frazer ("Trustee Frazer") was the Chapter 7 Trustee in the case. Lydia's case was closed on December 15, 1999 without the administration of any assets; and

**WHEREAS** Lydia filed a complaint in Los Angeles County Superior Court on February 26, 2002, case number BC 268857, asserting various claims for relief against Death Row Records, Inc. ("DRR"), Marion "Suge" Knight, Jr., ("Knight") and others; and

**WHEREAS** on March 9, 2005 Lydia was awarded a judgment in the Superior Court case in the amount of $107,000,000.00 against DRR and Knight; and

**WHEREAS,** Michael Ray Harris ("Michael"), the Debtor's ex-husband, asserts a community property interest in the Judgment and any proceeds flowing therefrom; and

**WHEREAS,** on April 4, 2006 DRR and Knight filed Voluntary Petitions under Chapter 11 on or about April 4, 2006; and

**WHEREAS** Lydia and Michael each filed proofs of claim in the DRR and Knight chapter 11 cases based on the respective interest in the Judgment (the "Proofs of Claim"), which Proofs of Claim Lydia and Michael states were sold and assigned to Conquest Media Group, LLC

6225601 v1

1

on or about March 15, 2007 (the "Assignment"); and

WHEREAS by Order filed August 21, 2007, Lydia's case was re-opened; and

WHEREAS, Trustee Frazer contends that the Judgment is based on claims arising prior to Lydia's bankruptcy case and which belong to Lydia's bankruptcy estate, which contention is disputed by Lydia, Michael and Conquest; and

WHEREAS Trustee Frazer contends that the purported assignment of the Judgment by Lydia to Conquest is invalid and/or void, which contention is disputed by Lydia, Michael and Conquest; and

WHEREAS, on February 6, 2008 the parties hereto entered into a separate settlement proposal with the trustees of the DRR and Knight Chapter 11 cases which settlement proposal, if approved, will give the parties to this agreement an allowed claim (the "Harris Allowed Claim") in the DRR and Knight Chapter 11 cases on terms more specifically provided for in that settlement proposal (the "Chapter 11 Settlement"); and

WHEREAS the within agreement is reached to resolve the dispute between the parties as to their respective rights in the judgment and any recovery resulting therefrom.

### AGREEMENT

NOW THEREFORE, in consideration of the covenants contained herein, it is agreed as follows by the Parties, subject to the approval of the United States Bankruptcy Court in case SVG96-1552 1-GM, that:

1.  In the event, and only in the event, the Chapter 11 Settlement is finalized and approved by the court in both the DRR and Knight estates, then Trustee Frazer agrees to look solely to distributions, if any, from the DRR and/or Knight bankruptcy estates for satisfaction of Lydia Harris Chapter 7 estate's interest in the Judgment, as provided for in this Agreement.

2.      The Parties agree that, until the first to occur of either (i) all allowed claims, including allowed administrative claims, in the Lydia Harris chapter 7 case are paid in full, or (ii) the total of Proceeds paid to Helen Ryan Frazer Trustee pursuant to this agreement reaches $500,000, from the Proceeds distributed from the Knight and/or DRR cases on account of the Harris Allowed Claim the DRR and/or Knight Trustees (or their authorized agent, as the case may be), shall pay directly to Trustee Frazer, the following:

a)      80% of the first $100,000 to be distributed on account of the Harris Allowed Claim;

b)      70% of the second $100,000 to be distributed on account of the Harris Allowed Claim;

c)      60% of the third $100,000 to be distributed on account of the Harris Allowed Claim;

d)      50% of any and all additional funds to be distributed on account of the Harris Allowed Claim.

e)      Trustee Frazer shall account to Lydia Harris, Michael Harris, and Conquest upon receipt of each distribution from the Trustee, which accounting shall set forth the amount received; the application of such funds, and the total remaining claims (including administrative claims) to be paid in the Lydia Harris Chapter 7 estate.

f)      Trustee Frazer shall notify the DRR and Knight estates when all amounts due hereunder have been received by the Lydia Harris Chapter 7 estate, and shall thereafter direct that further payments from the DRR estate of the Knight estate be paid to the holder of the Harris Allowed Claims under the Chapter 11 Settlement. Thereafter, any distributions paid to Trustee Frazer shall be held in trust by Trustee Frazer in favor of, and promptly remitted by Trustee Frazer to, the holder of the Harris Allowed Claims.

g)      The parties agree that the claims of Wasserman, Comden, Casselman & Pearson ("Wassermann Firm") and Mark Friedman ("Friedman") are post petition obligations in the Lydia Harris Chapter 7 case and the sole responsibility of Lydia Harris, not her bankruptcy estate. Lydia Harris agrees to hold the Trustee and her bankruptcy estate harmless from any diminution in payments to her estate that occur because of disbursements made from the Knight and/or DRR Chapter 11 cases on account of Proofs of Claims filed therein by Wasserman and/or Friedman.

6225601 v1                                   3

3.      Effective upon the entry of a final order approving the Chapter 11 Settlement

in both the DRR and Knight chapter 11 cases that is not subject to stay pending appeal, and upon

the entry of a final order approving this Agreement that is not subject to stay pending appeal,

Trustee Frazer, on behalf of herself, her agents, employees, attorneys, officers and directors hereby

releases and discharges Lydia E. Harris, Michael Ray Harris and Conquest Media Group, LLC,

their respective agents, employees, attorneys, officers and directors (in their capacities as

representatives of the Lydia Harris, Michael Ray Harris and/or Conquest Media Group, LLC) from

any and all claims, counterclaims, rights, demands, costs, damages, losses, liabilities, attorneys'

fees, actions and causes of action whatsoever, whether known or unknown, liquidated, unliquidated,

fixed, contingent, material, immaterial, disputed, undisputed, legal or equitable, which the Trustee

now has or hereafter may have against Lydia Harris, Michael Ray Harris and/or Conquest Media

Group, LLC, arising from or related to this chapter 7 proceeding and the Judgment.

4.      Effective upon the entry of a final order approving the Chapter 11 Settlement

in both the DRR and Knight chapter 11 cases that is not subject to stay pending appeal, and upon

the entry of a final order approving this Agreement that is not subject to stay pending appeal Lydia

Harris, Michael Ray Harris and Conquest Media Group, LLC, by and on behalf of themselves, their

agents, employees, attorneys, officers and directors hereby release and discharge Helen Ryan Frazer

Trustee and her respective agents, employees, attorneys, officers and directors (in their capacities as

representatives of the Trustee) from any and all claims, counterclaims, rights, demands, costs,

damages, losses, liabilities, attorneys' fees, actions and causes of action whatsoever, whether known

or unknown, liquidated, unliquidated, fixed, contingent, material, immaterial, disputed, undisputed,

legal or equitable, which they now have or hereafter may have against the Trustee arising from or

related to this chapter 7 proceeding and the Judgment.

6225601 v1                                    4

5.     Each of the Parties further understands that California Civil Code section 1542 provides as follows:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

6.     Each of the Parties hereto expressly waives the provisions and protections of Section 1542 of the California Civil Code. Each of the Parties hereto acknowledges that it has been advised by counsel as to the significance of a waiver of Section 1542 as it applies to unknown claims, and that the waivers herein are made knowingly and voluntarily. Each of the Parties hereto further acknowledges that, to the extent it has not fully investigated or does not know about any facts, events or circumstances occurring at any time in the past through the Effective Date of this Agreement, those unknown facts, events and circumstances, and in particular, any and all unknown claims arising out of them, are hereby expressly waived and released.

7.     Lydia, Michael and Conquest agree that they shall not use the Harris Allowed Claim as a credit in any way in an effort to acquire the assets of the DRR and/or Knight bankruptcy estates without Trustee Frazer's prior written consent.

8.     Each party shall bear its own attorneys' fees and costs incurred in connection with this settlement. If either party becomes involved in further legal proceedings against the other to enforce such parties' respective rights or interests under this Agreement, the prevailing party will be entitled to receive reasonable attorneys' fees incurred in connection with any such proceeding from the other party.

9.     This agreement, including all covenants and agreements contained herein, shall inure to and be binding upon the heirs, representatives, executors, successors and assigns of

6225601 v1                                5

the respective parties.

10.    This Agreement embodies the entire agreement between the parties with respect to the transactions contemplated hereby.

11.    The provisions of this Agreement cannot be waived except by a written agreement of the party against whom a waiver shall be asserted.

12.    This Agreement shall be governed by and construed in accordance with the laws of the State of California. The Parties hereby expressly consent to the personal jurisdiction of the District Court of California, Central District of California.

13.    Time is of the essence in the performance of this Agreement.

14.    This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

15.    Each individual signing this agreement on behalf of an entity represents and warrants that he is authorized to sign this agreement by such.

Dated: _____

LYDIA E. HARRIS
_____

Dated: _____

_____
MICHAEL RAY HARRIS

Dated: 5-1-08

CONQUEST MEDIA GROUP, LLC

By: _____

Dated: 5\2\8

_____
HELEN RYAN FRAZER
Chapter 7 Trustee

8225601 v1

6

APPROVED AS TO FORM:

Dated:                              WEINSTEIN, WEISS & ORDUBEGIAN, LLP

                              By: _____
                                  SHARON Z. WEISS
                                  Attorneys for Lydia Harris


Dated:                              RUSS AUGUST & KABAT

                              By: _____
                                  STEVEN M. GOLDBERG
                                  Attorneys for Michael Ray Harris


Dated: 5/2/08                       AKIN GUMP STRAUSS HAUER & FELD, LLP

                              By: _____
                                  PETER J. GURFEIN
                                  Attorneys for Conquest Media Group, LLC


Dated: 5-2-08                       LAW OFFICE OF PATRICK K. McCLELLAN

                              By: _____
                                  PATRICK K. McCLELLAN
                                  Attorney for Helen Ryan Frazer, Trustee


6225601 v1                                    7

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California.

I am over the age of 18 and not a party to the within action; my business address is 2600 Michelson Drive, Suite 700, Irvine, California 92612.

On May 2, 2008, I served the document(s) described as CHAPTER 7 TRUSTEE'S MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF HELEN RYAN FRAZER on counsel for the parties in this action.

[X] by placing   [ ] the original          [X] a true copy thereof enclosed in sealed envelopes addressed as follows:

(See Attached Service List)


[X]   BY MAIL

[X] As follows I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   BY PERSONAL SERVICE. I delivered such envelope by hand to the offices of the addressee.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 2, 2008, at Irvine, CA.


PATRICK K. McCLELLAN
Type or print name)                        (Signature)

## SERVICE LIST

Sharon Z Weiss, Esq.
Weinstein Weiss & Ordubegian
1925 Century Park E Ste 1150
Los Angeles, CA 90067-2712

Steven M Goldberg, Esq.
12424 Wilshire Blvd 12th Fl
Los Angeles, CA 90025

Peter J. Gurfein, Esq.
Akin, Gump
2029 Century Park East, #2400
Los Angeles, CA 90067

Eric P. Israel, Esq.
Danning Gill, Diamond & Kolitz, LLP
2029 Century Park East, 3rd Floor
Los Angeles, CA 90067

Ronald L. Leibow, Esq.
Kaye Scholer LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067

Office of United States Trustee
725 South Figueroa Street, 26th Floor
Los Angeles, California 90017

EXHIBIT 13 B

EXHIBIT 13 B

1  LAW OFFICES OF PATRICK K. McCLELLAN
   PATRICK K. McCLELLAN #077352
2  2600 Michelson Drive, Suite 700
   Irvine, CA 92612
3  Telephone (949)261-7615
   Facsimile (949)851-2772
4  Proposed Attorney for Helen Ryan Frazer, Chapter 7 Trustee

5

**LODGED**

MAY 30 2008

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

**ENTERED**

JUN -6 2008

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                    Deputy Clerk

**FILED**

JUN -5 2008

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                    Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

10  In re                          )   Case No. SV96-15521-GM
11                                 )   Chapter 7
                                   )
12  LYDIA HARRIS,                  )   **ORDER APPROVING COMPROMISE**
                                   )   **OF CONTROVERSY**
13                                 )
                                   )   Hearing:  May 27, 2008 -11:00 a.m. – Ctrm 1368
14                   Debtor.       )   (Heard concurrently with motions in
                                   )   Case Nos. 06-11187-VZ and 06-11205-VZ)
15  _____    )

16         The court having considered the Chapter 7 Trustee's Motion for Order Approving

17  Compromise of Controversy and on good cause appearing therefore, orders as follows:

18         IT IS HEREBY ORDERED that the Chapter 7 Trustee's settlement as provided for in

19

20  Exhibit 1 attached hereto is hereby approved.

21         IT IS FURTHER ORDERED that the Chapter 7 Trustee is hereby authorized to take

22  any and all actions that may be necessary pursuant to the terms of that settlement.

23

24  Dated:  6/5/08

25

26                                        VINCENT ZURZOLO
                                          United States Bankruptcy Judge
27

28

                                        1

# Exhibit 1

## AGREEMENT AND MUTUAL RELEASE

This Agreement and Mutual Release (the "AGREEMENT") is made effective as of February 6, 2008 , by and between Richard K. Diamond, as Chapter 11 Trustee for the bankruptcy estate of Marion "Suge" Knight (the "KNIGHT TRUSTEE" and the "KNIGHT ESTATE") and R. Todd Neilson, as Chapter 11 Trustee for the bankruptcy estate of Death Row Records, Inc. (the "DEATH ROW TRUSTEE" and the "DEATH ROW ESTATE", respectively) (collectively the "TRUSTEES" and the "ESTATES", respectively), on the one hand; and LYDIA Harris ("LYDIA") and Michael Ray Harris ("MICHAEL") (collectively "M & L HARRIS"), Conquest Media Group, LLC ("CONQUEST") and any and all of their assignees or successors (CONQUEST and M & L HARRIS collectively are referred to hereinafter collectively as "CONQUEST/HARRIS") and Helen R. Frazer as Chapter 7 trustee for LYDIA (the "HARRIS CHAPTER 7 TRUSTEE"), on the other hand. The parties are sometimes hereafter referred to collectively as the "PARTIES" or each individually as a "PARTY".

### RECITALS

This AGREEMENT is entered into with reference to the following facts:

A.    On or about April 4, 2006, Marion "Suge" Knight, Jr. ("KNIGHT") filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "BANKRUPTCY CODE"), which case is currently pending before the United States Bankruptcy Court for the Central District of California (the "BANKRUPTCY COURT"), Los Angeles Division, bearing case number 02:bk:06-11187-VZ (the "KNIGHT CASE"). Richard K. Diamond serves as the Chapter 11 Trustee for the estate of the KNIGHT CASE.

B.    On or about April 4, 2006, Death Row Records, Inc. ("DEATH ROW") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, which case is currently pending before the Los Angeles Division of the BANKRUPTCY COURT, bearing case number 02:bk:06-11205-VZ (the "DEATH ROW CASE"). R. Todd Neilson serves as the Chapter 11 Trustee for the estate of the DEATH ROW CASE.

C.    On or about February 26, 2002, LYDIA filed a complaint before the California Superior Court in Los Angeles against DEATH ROW and KNIGHT, commencing case no. BC 268857 (the "LAWSUIT"). In the LAWSUIT, LYDIA contended, among other things, that she owned 50% of an entity known as Godfather Entertainment, the parent company to Death Row Records, a company different from DEATH ROW, that DEATH ROW and KNIGHT had defrauded her of the prospective economic benefits of her interest in DEATH ROW , and that DEATH ROW and KNIGHT thereafter slandered her (collectively the "KNIGHT/DRR CLAIMS"). The Firm of Wasserman, Comden & Castleman, LLP (the "WASSERMAN FIRM") at all relevant times through approximately April or May 2005 represented LYDIA in the LAWSUIT.

D.    On or about March 9, 2005, the Superior Court entered a $107,000,000 judgment as a terminating sanction jointly against both DEATH ROW and KNIGHT (the "JUDGMENT"). The JUDGMENT consists of compensatory damages of $45 million of economic damages, $2 million of non-economic damages and $60 million of punitive damages. No appeal was taken from the JUDGMENT.

E.     On or about May 17, 1996 ("LYDIA'S PETITION DATE"), LYDIA filed a voluntary petition for relief under Chapter 7 of the BANKRUPTCY CODE before the San Fernando Valley Division of the BANKRUPTCY COURT, which was assigned case no. 01:bk:96-15521-AG (the "HARRIS CHAPTER 7 CASE" and the "HARRIS ESTATE").

F.     The HARRIS CHAPTER 7 CASE was filed approximately 6 years prior to the filing of the LAWSUIT; and LYDIA did not list the KNIGHT/DRR CLAIMS on her bankruptcy schedules. The HARRIS CHAPTER 7 TRUSTEE later discovered that the HARRIS CHAPTER 7 CASE may have rights in and to the JUDGMENT at which time, the HARRIS CHAPTER 7 TRUSTEE was reappointed as trustee of the HARRIS CHAPTER 7 CASE, which was thereafter reassigned to Bankruptcy Judge Geraldine Mund in July 2007.

G.     M & L HARRIS are divorced, however, the family law court in Monterey has jurisdiction over the M & L HARRIS divorce case with respect to property issues still in dispute. The family law court entered a judgment in the family law matter declaring the JUDGMENT to be community property; however the issue of the allocation of the JUDGMENT between M & L HARRIS has not yet been adjudicated.

H.     On or about October 19, 2006, LYDIA filed a proof of claim in the DEATH ROW CASE in the sum of $107 million based on the JUDGMENT, which was assigned claim no. 23 ("LYDIA'S DEATH ROW POC"). On or about October 19, 2006, LYDIA filed a proof of claim in the KNIGHT CASE in the sum of $107 million, which was assigned claim no. 16 ( "LYDIA'S KNIGHT POC"). LYDIA'S DEATH ROW POC and LYDIA'S KNIGHT POC shall be referred to hereinafter collectively as "LYDIA'S POCS."

I.     On or about May 4, 2006, MICHAEL filed a proof of claim in the DEATH ROW CASE in the sum of $117,318,631.60 based on the JUDGMENT, which was assigned claim no. 3 (the "MICHAEL'S DEATH ROW POC"). On or about May 4, 2006, MICHAEL filed a proof of claim in the KNIGHT CASE in the sum of $117,318,631.60, which was assigned claim no.3 ( "MICHAEL'S KNIGHT POC"). MICHAEL'S DEATH ROW POC and MICHAEL'S KNIGHT POC shall be referred to hereinafter collectively as "MICHAEL'S POCS." LYDIA'S POCS and MICHAEL'S POCS shall be referred to hereinafter collectively as the "HARRIS POCS."

J.     On or about October 31, 2006, the WASSERMAN FIRM filed a proof of claim against the DEATH ROW ESTATE in the sum of $60,418,315.00, which was assigned claim no. 38 (the "WASSERMAN DEATH ROW POC"). On or about October 31, 2006, the WASSERMAN FIRM filed a proof of claim against the KNIGHT ESTATE in the sum of $60,418,315.00, which was assigned claim no. 34 (the "WASSERMAN KNIGHT POC"). The WASSERMAN DEATH ROW POC and the WASSERMAN KNIGHT POC shall be referred to hereinafter collectively as the "WASSERMAN POCS."

K.     On or about June 6, 2006, KNIGHT as Debtor-In-Possession and DEATH ROW as Debtor-in-Possession jointly filed a complaint against M & L HARRIS before the BANKRUPTCY COURT in the KNIGHT CASE, commencing adversary proceeding no. 02:bk:06-AP-01660-VZ (the "ADVERSARY PROCEEDING"). In the ADVERSARY PROCEEDING, KNIGHT and DEATH ROW sought to, among other things: (1) declare that the JUDGMENT had been compromised and fully resolved by one of several alternative

C:\Documents and Settings\epi\Local Settings\Temporary Internet Files\OLK49\KNIGHT FINAL
HARRIS SETTLEMENT STIPULATION_v3.DOC2

00025

settlements; (2) disallow or reduce the HARRIS POCS under various theories, including judicial estoppel; (3) subordinate the compensatory damage component of the JUDGMENT relating to LYDIA's ownership in DEATH ROW pursuant to section 506(c) of the BANKRUPTCY CODE; (4) subordinate the punitive damages component of the JUDGMENT as a penalty pursuant to section 726(a)(4) of the BANKRUPTCY CODE; (5) avoid and recover a $1 million payment made under the JUDGMENT as a preference pursuant to section 547 of the BANKRUPTCY CODE and as a fraudulent conveyance pursuant to sections 544 and 548 of the BANKRUPTCY CODE; and (6) disallow the HARRIS POCS pursuant to section 502(d) of the BANKRUPTCY CODE. M & L HARRIS filed a motion to dismiss the ADVERSARY PROCEEDING which resulted in the BANKRUPTCY COURT abstaining from ruling on certain state law claims for relief, granting dismissal with leave to amend other claims, and staying all claims pending before the BANKRUPTCY COURT.

L.    On or about July 3, 2006, M & L HARRIS filed a complaint against KNIGHT commencing adversary proceeding no. 02-bk:06-AP-01809-VZ, seeking to determine that the JUDGMENT represents a non-dischargeable debt under section 523 of the BANKRUPTCY CODE (the "HARRIS 523 PROCEEDING"). Thereafter, the BANKRUPTCY COURT stayed the HARRIS 523 PROCEEDING to track the ADVERSARY PROCEEDING.

M.    M & L HARRIS state that they assigned the JUDGMENT to CONQUEST, and M & L HARRIS each filed notices of the assignment of the HARRIS POCS in both of the Cases to CONQUEST and filed Notice of the Assignment of the JUDGMENT in the Los Angeles Superior Court case.

N.    The TRUSTEES substituted into the Adversary Proceeding as co-plaintiffs.

O.    In or about August 2007, the BANKRUPTCY COURT ordered the PARTIES to participate in mediation, and the PARTIES since then have participated in numerous mediation sessions before United States Bankruptcy Judge Mitchel R. Goldberg.

P.    In order to eliminate the need for further litigation costs, the PARTIES stipulated and stated on the record on February 6, 2008 before the Honorable Mitchell R. Goldberg terms and conditions of settlement in order to settle completely and forever all disputes, claims, actions, causes of action, demands, damages and liabilities between them. The PARTES set forth in this AGREEMENT the formal terms of their settlement.

Q.    NOW THEREFORE, in consideration of the promises, mutual obligations and undertakings set forth herein and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the PARTIES agree as follows:

1.    Recitals: The Recitals are intended to be and are a part of the AGREEMENT and are incorporated herein.

2.    Settlement Effective Date and Approval Process:

a.    After execution of this AGREEMENT, the TRUSTEES and the HARRIS CHAPTER 7 TRUSTEE shall each file motions seeking entry of orders in their respective cases approving the AGREEMENT (collectively the "Approval Orders"). Each of the

C:\Documents and Settings\epi\Local Settings\Temporary Internet Files\OLK49\KNIGHT FINAL HARRIS SETTLEMENT STIPULATION_v3.DOC3

00026

PARTIES shall fully and actively support the respective motions for entry of the Approval Orders.

b.   The effective date of this AGREEMENT (the "Effective Date") shall mean the first day that is not less than eleven calendar days following the date of entry of the last of the Approval Orders to be entered that is not a Saturday, Sunday or legal holiday as defined in Federal Rule of Bankruptcy Procedure 9006 (a "Business Day"). If an appeal is taken and a stay issued, the Effective Date shall be the first Business day following the date on which the last of the Approval Orders to be entered becomes final, i.e., the date on which no further appeals or other review of the Approval Orders can be taken. In the event that the TRUSTEES or the HARRIS CHAPTER 7 TRUSTEE are unable to obtain the entry of Approval Orders in their respective cases, (a) the AGREEMENT shall automatically be deemed void *ab initio*, and (b) all rights, claims and defenses shall be preserved as they existed on February 6, 2008, and (c) the PARTIES reserve and retain all rights, claims and/or defenses each of them might have had prior to entry into this AGREEMENT.

3.   Terms of Settlement:

a.   HARRIS Allowed Claim. The HARRIS POCS will be allowed in both the KNIGHT CASE and the DEATH ROW CASE as general unsecured claims in the amount of $30 million (collectively the "HARRIS ALLOWED CLAIM") and subordinated claims in the amount of $15 million at the priority level provided in section 726(a)(4) of the BANKRUPTCY CODE (collectively the "HARRIS SUBORDINATED CLAIM"). Any claim of CONQUEST/HARRIS in excess of the HARRIS ALLOWED CLAIM and the HARRIS SUBORDINATED CLAIM is disallowed in its entirety.

b.   Limitation on Distributions on Account of HARRIS ALLOWED CLAIM. For the purpose of this settlement, references to "distributions" are to the total distributions from both the DEATH ROW ESTATE and the KNIGHT ESTATE, whether or not the Cases later are substantively consolidated. If the Cases are not substantively consolidated, the allocation of distributions from the ESTATES on account of the HARRIS ALLOWED CLAIM, as provided herein, will be coordinated to assure that CONQUEST/HARRIS receives the same economic value as contemplated herein.

i.   The HARRIS ALLOWED CLAIM (Phase 1) will share pari passu with all other allowed general unsecured claims, to the extent of the first $10 million of distributions to holders of all general unsecured claims ("PHASE 1 UNSECURED CLAIM DISTRIBUTIONS"), provided, however, that in no event shall distributions on account of the HARRIS ALLOWED CLAIM (Phase 1) exceed 50% of PHASE 1 UNSECURED CLAIM DISTRIBUTIONS; and provided, further, that notwithstanding anything to the contrary contained herein, distributions on account of the HARRIS ALLOWED CLAIM (Phase 1) will not exceed $3.5 million.

ii.   To the extent of distributions to general unsecured claims in excess of $10 million up to $20 million ("PHASE 2 UNSECURED CLAIM DISTRIBUTIONS"), the HARRIS ALLOWED CLAIM (Phase 2) shall share pari passu with all other allowed general unsecured claims (reduced, in each case, by the amount of distributions received on account of PHASE 1 UNSECURED CLAIMS DISTRIBUTIONS); provided,

C:\Documents and Settings\epi\Local Settings\Temporary Internet Files\OLK49\KNIGHT FINAL HARRIS SETTLEMENT STIPULATION_v3.DOC4

00027

however, that in no event shall distributions on account of the HARRIS ALLOWED CLAIM (Phase 2) exceed 50% of PHASE 2 UNSECURED CLAIM DISTRIBUTIONS, and provided, further, that, notwithstanding anything to the contrary contained herein, until all other allowed general unsecured claims have been paid in full, not including surplus interest, the distribution on account of the HARRIS ALLOWED CLAIM (Phase 2) will not exceed $2 million in addition to the distribution applicable to the HARRIS ALLOWED CLAIM (Phase 1).

iii.    To the extent of distributions to general unsecured claims in excess of $20 million ("Phase 3 Unsecured Claim Distributions"), the HARRIS ALLOWED CLAIM (Phase 3) shall share distributions pari passu with all other allowed general unsecured claims (reduced, in each case, by the amount of distributions received on account of PHASE 1 UNSECURED CLAIM DISTRIBUTIONS and PHASE 2 UNSECURED CLAIM DISTRIBUTIONS), provided, however, that in no event shall distributions on account of the HARRIS ALLOWED CLAIM (Phase 3) exceed 50% the Phase 3 Unsecured Claim Distributions. When all other allowed general unsecured claims have been paid in full, not including pre-petition or post-petition interest, the HARRIS ALLOWED CLAIM (Phase 3) shall receive 100% (or shall share pari passu in the event of other similarly negotiated claims) of the remaining Phase 3 Unsecured Claim Distributions until the HARRIS ALLOWED CLAIM are paid in full (exclusive of surplus interest).

iv.    The HARRIS SUBORDINATED CLAIM shall be paid pursuant to the priority afforded by § 726(a)(4) of the BANKRUPTCY CODE.

c.    Wasserman POCS.  CONQUEST/HARRIS will have responsibility for informing the WASSERMAN FIRM of the settlement.  Unless the WASSERMAN FIRM consents to a distribution agreement with CONQUEST/HARRIS and withdraws the Wasserman POCS, CONQUEST/HARRIS, the TRUSTEES and/or the HARRIS CHAPTER 7 TRUSTEE may file an objection to the Wasserman POCS.  The Wasserman POCS and any other claim filed by the WASSERMAN FIRM against either of the ESTATES shall either be disallowed in their entirety or, if the Court enters an order allowing the Wasserman POCS, any distribution thereon shall be the responsibility of CONQUEST/HARRIS, and CONQUEST/HARRIS agrees to indemnify the ESTATES and the TRUSTEES against any claims by the WASSERMAN FIRM for which the ESTATES would otherwise be responsible upon entry of a Court order to that effect.  Any distribution from the ESTATES due the WASSERMAN FIRM shall be credited against the distributions due CONQUEST/HARRIS pursuant to this AGREEMENT.

d.    Other Related Proofs of Claim.  CONQUEST/HARRIS will have responsibility for any amounts due Mark Friedman and any other person or entity whose claim is based upon, derivative of or measured by the JUDGMENT (including without limitation current and former counsel for M & L HARRIS and CONQUEST and any purported assignment of the JUDGMENT) (collectively "Friedman") which shall be payable, if at all, from their respective shares of the proceeds of the claims and JUDGMENT.  CONQUEST/HARRIS agrees to indemnify the ESTATES and the TRUSTEES against any claims by any such party for which the ESTATES would otherwise be responsible upon entry of a Court order to that effect.  Any distributions from the ESTATES due Friedman shall be credited against the amounts due CONQUEST/HARRIS pursuant to this AGREEMENT.

C:\Documents and Settings\epi\Local Settings\Temporary Internet Files\OLK49\KNIGHT FINAL HARRIS SETTLEMENT STIPULATION_v3.DOC5

00028

e.    Avoidance of Liens.  If there are any judgment or other liens on property of either or both of the ESTATES in favor of CONQUEST/HARRIS, the HARRIS CHAPTER 7 TRUSTEE, Friedman  or the WASSERMAN FIRM (or any of their successors or assignees), such liens are deemed avoided.  CONQUEST/HARRIS and the HARRIS CHAPTER 7 TRUSTEE agree that they will not, sell, transfer, assign or encumber, in whole or in part, the HARRIS ALLOWED CLAIM or the HARRIS SUBORDINATED CLAIM unless agreed upon in writing by all three of them and the TRUSTEES, or by order of the Court.

f.    Rights of HARRIS CHAPTER 7 TRUSTEE.  The HARRIS CHAPTER 7 TRUSTEE will promptly seek approval of the settlement as set forth herein by the BANKRUPTCY COURT in the HARRIS CHAPTER 7 CASE.  The HARRIS CHAPTER 7 TRUSTEE will receive such portion of the distribution on account of the HARRIS ALLOWED CLAIM (and the HARRIS SUBORDINATED CLAIM) as set forth above as shall be independently agreed by the HARRIS CHAPTER 7 TRUSTEE and CONQUEST/HARRIS.  The Harris Chapter 7 Estate will have no independent claim in either of the Cases, although it is acknowledged that the HARRIS CHAPTER 7 TRUSTEE shall remain a party in interest in both cases.

g.    Dismissal of 523 Claims against KNIGHT.  Within 15-business day after the Effective Date, M & L HARRIS agree to dismiss with prejudice the HARRIS 523 PROCEEDING.

h.    No Credit Bidding for HARRIS ALLOWED CLAIM.  Neither the HARRIS ALLOWED CLAIM nor the HARRIS SUBORDINATED CLAIM may be used by CONQUEST/HARRIS as part of the consideration for any bid for or acquisition of any of the assets of either or both of the ESTATES.

4.    Dismissal of the Adversary Proceeding.  Within 15 business days after the Effective Date, the ADVERSARY PROCEEDING will be dismissed with prejudice by the parties thereto, with said parties to bear their own attorneys' fees and costs.

5.    Right to Object to Claims.  CONQUEST/HARRIS, or their successors or assignees, shall have the right to object to other claims and oppose any proposed settlement of other proofs of claims.  CONQUEST/HARRIS (including whoever among M & L HARRIS, CONQUEST, any successor or assignee is then the holder of the HARRIS POCS) shall vote affirmatively for any plan of reorganization or plan of liquidation that provides for the treatment of the HARRIS ALLOWED CLAIM and the HARRIS SUBORDINATED CLAIM as provided in this AGREEMENT; provided, however that M & L HARRIS may vote against any plan of reorganization under which pre-petition holders of equity in the DEATH ROW CASE or the KNIGHT CASE retain or receive any interest in either Estate on account of such pre-petition equity before the HARRIS ALLOWED CLAIM and the HARRIS SUBORDINATED CLAIM have been paid in full.  For purposes of this paragraph, the retention by KNIGHT or DEATH ROW of the following shall not relieve M & L HARRIS of their obligation to vote to accept the plans: (a) exempt property; (b) that portion of the post-petition income described under that certain Order (1) on Motion of Child Support Services Department Interstate Division to Dismiss Debtor's Chapter 11 Case; and (2) Approving Settlement Stated on Record entered in the KNIGHT CASE on or about November 28, 2007; (c) property abandoned by either of the

C:\Documents and Settings\epi\Local Settings\Temporary Internet Files\OLK49\KNIGHT FINAL HARRIS SETTLEMENT STIPULATION_v3.DOC6

TRUSTEES; (d) claims sold by the KNIGHT TRUSTEE or the DEATH ROW TRUSTEE on or before April 4, 2008 with Court approval; and/or (e) the proceeds of any of the above.

6.    Representations. CONQUEST/HARRIS represent and warrant that:

a.    Subject to paragraph 8 below, CONQUEST holds all right, title and interest in the HARRIS POCS and the JUDGMENT subject to the Assignment and Assumption Agreement between CONQUEST and LYDIA dated March 13, 2007, and the Assignment and Assumption Agreement between CONQUEST and MICHAEL dated March 13, 2007, and the agreement between CONQUEST, LYDIA and MICHAEL entered on February 5, 2008 which, includes, among other things a reservation of rights between MICHAEL, LYDIA and CONQUEST.

b.    each of the CONQUEST/HARRIS parties has full authority to enter into this AGREEMENT;

c.    there are no liens or claims against the HARRIS POCS or the JUDGMENT, except for those held by the WASSERMAN FIRM, Mark Friedman, and current and prior counsel for M & L HARRIS and CONQUEST, all of which will be deemed satisfied as against both of the ESTATES under the terms of this AGREEMENT; and

d.    it is not necessary for M & L HARRIS to obtain approval of this AGREEMENT from the Monterey County Superior Court in the M & L HARRIS marital dissolution proceeding bearing case no. DR 43369 (the "MARITAL DISSOLUTION ACTION").

7.    Signatures. The signatures of all PARTIES to this AGREEMENT, including the signatures of M & L HARRIS, shall be notarized.

8.    Future Assignments.

a.    Notwithstanding any provisions in any claim assignment agreements between M & L HARRIS and CONQUEST, in the event of any reversion of the HARRIS POCS and/or the JUDGMENT from CONQUEST (or its successor or assignee) to M & L HARRIS or either of them, M & L HARRIS will be deemed to be successors to CONQUEST and will be bound in the same manner as CONQUEST pursuant to the terms of this AGREEMENT.

b.    In the event that the court in the MARITAL DISSOLUTION ACTION has any jurisdiction to determine the allocation between M & L HARRIS of any distributions on account of the HARRIS POCS from the ESTATES pursuant to this AGREEMENT, M & L HARRIS agree that M & L HARRIS shall have sole responsibility to obtain approval of that allocation, and that the TRUSTEES and the ESTATES shall not have any obligations in that regard. M & L HARRIS further agree that this AGREEMENT is fully enforceable and binding regardless of any possible requirement that said court in the marital

C:\Documents and Settings\epi\Local Settings\Temporary Internet Files\OLK49\KNIGHT FINAL HARRIS SETTLEMENT STIPULATION_v3.DOC7

00030

dissolution action allocate said distributions or otherwise approve this AGREEMENT in any manner whatsoever.

9.    Releases:

a.    The KNIGHT TRUSTEE's Release.  In consideration of the terms and provisions of and subject to this AGREEMENT, the sufficiency of which is acknowledged by the execution of this AGREEMENT, as of the Effective Date, the KNIGHT TRUSTEE, on behalf of the KNIGHT ESTATE, does hereby fully and forever relieve, release, and discharge CONQUEST/HARRIS, the HARRIS ESTATE, and the HARRIS CHAPTER 7 TRUSTEE, and any and all representatives thereof, of any and all debts, liabilities, demands, obligations, assertions, contentions, arbitrations, promises, acts, contracts, costs, expenses, attorneys' fees, claims, damages, actions, causes of actions, claims for relief, and/or lawsuits, in law or in equity that were made or could have been made in or in response to the Adversary Proceeding, from the beginning of time through the Effective Date of this AGREEMENT, known or unknown, suspected or unsuspected, fixed or contingent.

b.    The DEATH ROW TRUSTEE's Release.  In consideration of the terms and provisions of and subject to this AGREEMENT, the sufficiency of which is acknowledged by the execution of this AGREEMENT, as of the Effective Date, the DEATH ROW TRUSTEE, on behalf of the DEATH ROW ESTATE, does hereby fully and forever relieve, release, and discharge CONQUEST/HARRIS, the HARRIS ESTATE and the HARRIS CHAPTER 7 TRUSTEE, and any and all representatives thereof, of any and all debts, liabilities, demands, obligations, assertions, contentions, arbitrations, promises, acts, contracts, costs, expenses, attorneys' fees, claims, damages, actions, causes of actions, claims for relief, and/or lawsuits, in law or in equity that were made or could have been made in or in response to the Adversary Proceeding, from the beginning of time through the Effective Date of this AGREEMENT, known or unknown, suspected or unsuspected, fixed or contingent.  The release hereby granted is effective only as of the Effective Date, and expressly subject to the term provisions and conditions stated in this AGREEMENT, and shall not be effective until each of those conditions is satisfied.

c.    The CONQUEST/HARRIS Releases.  In consideration of the terms and provisions of and subject to this AGREEMENT, the sufficiency of which is acknowledged by the execution of this AGREEMENT, as of the Effective Date, CONQUEST/HARRIS does hereby fully and forever relieve, release, and discharge the DEATH ROW TRUSTEE, the DEATH ROW ESTATE, the KNIGHT TRUSTEE, the KNIGHT ESTATE, the HARRIS ESTATE and the HARRIS CHAPTER 7 TRUSTEE, and any and all representatives thereof, of any and all debts, liabilities, demands, obligations, assertions, contentions, arbitrations, promises, acts, contracts, costs, expenses, attorneys' fees, claims, damages, actions, causes of actions, claims for relief, and/or lawsuits, in law or in equity, from the beginning of time through the Effective Date of this AGREEMENT, known or unknown, suspected or unsuspected, fixed or contingent.

d.    The HARRIS CHAPTER 7 TRUSTEE's Release.  In consideration of the terms and provisions of and subject to this AGREEMENT, the sufficiency of which is acknowledged by the execution of this AGREEMENT, as of the Effective Date, the HARRIS CHAPTER 7 TRUSTEE does hereby fully and forever relieve, release, and discharge

C:\Documents and Settings\epi\Local Settings\Temporary Internet Files\OLK49\KNIGHT FINAL HARRIS SETTLEMENT STIPULATION_v3.DOC8

00031

the DEATH ROW TRUSTEE, the DEATH ROW ESTATE, the KNIGHT TRUSTEE and the KNIGHT ESTATE, and any and all representatives thereof, of any and all debts, liabilities, demands, obligations, assertions, contentions, arbitrations, promises, acts, contracts, costs, expenses, attorneys' fees, claims, damages, actions, causes of actions, claims for relief, and/or lawsuits, in law or in equity, from the beginning of time through the Effective Date of this AGREEMENT, known or unknown, suspected or unsuspected, fixed or contingent.

    e.    Effect of Releases.  The releases granted above in sub-paragraphs 9(a) through (d) are effective only as of the Effective Date, and expressly subject to the term provisions and conditions stated in this AGREEMENT, and shall not be effective until each of those conditions is satisfied.

    f.    General Release:  The PARTIES expressly waive any and all rights under Section 1542 of the Civil Code of the State of California, or any other federal or state statutory or common law rights or rules similar to Section 1542.  Section 1542 provides as follows:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

    The PARTIES expressly waive and release any right or benefit which they have or may have under Section 1542, or any similar law or rule of any jurisdiction, to the full extent that they may waive all such right and benefits pertaining to the matters released in this AGREEMENT. In connection with such waiver and relinquishment, the PARTIES acknowledge that they are aware that they may subsequently discover claims presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true with respect to the matters released in this AGREEMENT.  Nevertheless, it is the intention of each PARTY to this AGREEMENT, through this AGREEMENT, and with the advice of counsel, fully, finally, and forever to settle and release all such matters and all such claims relative to these matters which do now exist, may exist, or previously have existed between the PARTIES.  In furtherance of such intention, the releases given by this AGREEMENT shall be and remain in effect as full and complete releases of such matters notwithstanding the discovery or existence of any such additional different claims or facts relative to such matters.

    10.    Continuing Jurisdiction of the BANKRUPTCY COURT:  This AGREEMENT is subject to and contingent upon the approval by the BANKRUPTCY COURT in the DEATH ROW CASE, the KNIGHT CASE, and the HARRIS CHAPTER 7 CASE.  The BANKRUPTCY COURT shall have exclusive jurisdiction to determine as a core proceeding any dispute or controversy with respect to the interpretation or enforcement of this AGREEMENT.

    11.    Attorney's Fees:  The PARTIES to this AGREEMENT agree to bear all of their own attorney's fees and costs incurred in connection with the Adversary Proceeding and the negotiation, preparation, execution, delivery, and performance of this AGREEMENT.

C:\Documents and Settings\epi\Local Settings\Temporary Internet Files\OLK49\KNIGHT FINAL HARRIS SETTLEMENT STIPULATION_v3.DOC9

00032

12.    Disputes: In the event any PARTY to this AGREEMENT makes a claim or raises a defense against the other PARTY involving the interpretation or enforcement of this AGREEMENT and/or the obligations hereunder, the prevailing party shall be entitled to its reasonable attorneys' fees, expenses, and costs incurred in enforcing this AGREEMENT.

13.    Severability: If any paragraph, term, or provision of this AGREEMENT shall be held or determined to be unenforceable by a court or tribunal of competent jurisdiction, the same shall be deemed severable from this AGREEMENT and the balance of this AGREEMENT shall continue in full force and effect. The PARTIES agree that if such paragraph, term, or provision is deemed invalid as written, it shall be deemed valid and enforceable to the fullest extent permitted by law.

14.    Entire Agreement: This AGREEMENT, with its Exhibits, constitutes a single, integrated written contract expressing the entire agreement of the PARTIES hereto concerning subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any PARTY to this AGREEMENT, except as specifically set forth herein. All prior agreements, discussions, and negotiations, whether oral or written, have been and are merged and integrated into, and are entirely superseded by this AGREEMENT.

15.    Joint Preparation: The PARTIES agree that this AGREEMENT shall be deemed to have been prepared by all of the PARTIES jointly, and no ambiguity shall be resolved against any PARTY on the premise that it was responsible for drafting this AGREEMENT, in whole or in part.

16.    Representations and Warranties: The PARTIES hereto represent and warrant that each signatory hereto has the full right and authority to enter into this AGREEMENT and bind the PARTY on whose behalf he or it has executed this AGREEMENT, except for constraints imposed upon the TRUSTEES and the HARRIS CHAPTER 7 TRUSTEE by the BANKRUPTCY CODE.

17.    Binding Agreement: This AGREEMENT shall bind and shall inure to the benefit of successors and assigns of each PARTY. With respect to each of the individual PARTIES, this AGREEMENT shall also bind and inure to the benefit of his or her heirs and assigns. With respect to each of the entity PARTIES, this AGREEMENT shall also bind and inure to the benefit of any parent, affiliate, predecessor-in-interest, successor-in-interest, or assign. With respect to each of the PARTIES that are bankruptcy trustees, this AGREEMENT shall also inure to the benefit of and bind any successor or assignee, whether by sale, assignment, transfer under a plan of reorganization or conversation of the DEATH ROW CASE and/or the KNIGHT CASE to a Chapter 7 case under the BANKRUPTCY CODE, or otherwise.

18.    Governing Law: This AGREEMENT shall be governed by, and construed in accordance with, the laws of the State of California and any disputes arising out of this AGREEMENT shall be brought only in BANKRUPTCY COURT, which shall have exclusive jurisdiction of any and all such disputes as a core matter.

19.    Counterparts: This AGREEMENT may be executed and delivered in two or more counterparts, each of which, when so executed and delivered, shall be an original, but

C:\Documents and Settings\epi\Local Settings\Temporary Internet Files\OLK49\KNIGHT FINAL HARRIS SETTLEMENT STIPULATION_v3.DOC10

00033

such counterparts together shall constitute but one the same instrument and agreement. Facsimile signatures may be used and shall be deemed to be original signatures for all purposes.

THE PARTIES TO THIS AGREEMENT FURTHER STATE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, THAT IT HAS BEEN FULLY EXPLAINED TO THEM BY THEIR ATTORNEYS, THAT THEY FULLY UNDERSTAND ITS FULL AND BINDING EFFECT, THAT THE ONLY PROMISES MADE TO THEM TO INDUCE THEM TO SIGN THIS AGREEMENT ARE THOSE CONTAINED IN THIS AGREEMENT, AND THAT THEY ARE SIGNING THIS AGREEMENT VOLUNTARILY.

IN WITNESS OF THIS AGREEMENT, the PARTIES and their respective counsel have approved and executed this AGREEMENT on the dates set forth opposite their respective signatures.

Dated: April __, 2008      CHAPTER 11 TRUSTEE OF THE MARION "SUGE" KNIGHT ESTATE

By:_____
Richard K. Diamond, Chapter 11 Trustee of the Marion "Suge" Knight, Jr. Estate

Dated: April __, 2008      CHAPTER 11 TRUSTEE OF THE DEATH ROW RECORDS, INC. ESTATE

By:_____
R. Todd Neilson, Chapter 11 Trustee of the Death Row Records, Inc. Estate

Dated: April __, 2008      LYDIA HARRIS

_____
Lydia Harris

Dated: April __, 2008      MICHAEL RAY HARRIS

_____
Michael Ray Harris

C:\Documents and Settings\epi\Local Settings\Temporary Internet Files\OLK49\KNIGHT FINAL HARRIS SETTLEMENT STIPULATION_v3.DOC11

00034

such counterparts together shall constitute but one and the same instrument and agreement. Facsimile signatures may be used and shall be deemed to be original signatures for all purposes.

THE PARTIES TO THIS AGREEMENT FURTHER STATE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, THAT IT HAS BEEN FULLY EXPLAINED TO THEM BY THEIR ATTORNEYS, THAT THEY FULLY UNDERSTAND ITS FULL AND BINDING EFFECT, THAT THE ONLY PROMISES MADE TO THEM TO INDUCE THEM TO SIGN THIS AGREEMENT ARE THOSE CONTAINED IN THIS AGREEMENT, AND THAT THEY ARE SIGNING THIS AGREEMENT VOLUNTARILY.

IN WITNESS OF THIS AGREEMENT, the PARTIES and their respective counsel have approved and executed this AGREEMENT on the dates set forth opposite their respective signatures.

Dated: April 1, 2008

CHAPTER 11 TRUSTEE OF THE MARION "SUGE" KNIGHT ESTATE

By: _____
Richard K. Diamond, Chapter 11 Trustee of the Marion "Suge" Knight, Jr. Estate

Dated: April __, 2008

CHAPTER 11 TRUSTEE OF THE DEATH ROW RECORDS, INC. ESTATE

By: _____
R. Todd Neilson, Chapter 11 Trustee of the Death Row Records, Inc. Estate

Dated: April __, 2008

LYDIA HARRIS

_____
Lydia Harris

Dated: April __, 2008

MICHAEL RAY HARRIS

_____
Michael Ray Harris

C:\Documents and Settings\RKD\Local Settings\Temporary Internet Files\OLK6\KNIGHT FINAL HARRIS SETTLEMENT STIPULATION_v3.DOC11

00035

such counterparts together shall constitute but one and the same instrument and agreement. Facsimile signatures may be used and shall be deemed to be original signatures for all purposes.

THE PARTIES TO THIS AGREEMENT FURTHER STATE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, THAT IT HAS BEEN FULLY EXPLAINED TO THEM BY THEIR ATTORNEYS, THAT THEY FULLY UNDERSTAND ITS FULL AND BINDING EFFECT, THAT THE ONLY PROMISES MADE TO THEM TO INDUCE THEM TO SIGN THIS AGREEMENT ARE THOSE CONTAINED IN THIS AGREEMENT, AND THAT THEY ARE SIGNING THIS AGREEMENT VOLUNTARILY.

IN WITNESS OF THIS AGREEMENT, the PARTIES and their respective counsel have approved and executed this AGREEMENT on the dates set forth opposite their respective signatures.

Dated: April __, 2008

CHAPTER 11 TRUSTEE OF THE MARION "SUGE" KNIGHT ESTATE

By:_____
    Richard K. Diamond, Chapter 11 Trustee
    of the Marion "Suge" Knight, Jr. Estate

Dated: April 2-1, 2008

CHAPTER 11 TRUSTEE OF THE DEATH ROW RECORDS, INC. ESTATE

By:_____
    R. Todd Neilson, Chapter 11 Trustee of the
    Death Row Records, Inc. Estate

Dated: April __, 2008

LYDIA HARRIS

_____
Lydia Harris

Dated: April __, 2008

MICHAEL RAY HARRIS

_____
Michael Ray Harris

00036

2812421744          Sugar Creek                                              02:    .m.        05-02-2008              2/3

such counterparts together shall constitute but one and the same instrument and agreement.
Facsimile signatures may be used and shall be deemed to be original signatures for all purposes.

THE PARTIES TO THIS AGREEMENT FURTHER STATE THAT THEY
HAVE CAREFULLY READ THIS AGREEMENT, THAT IT HAS BEEN FULLY
EXPLAINED TO THEM BY THEIR ATTORNEYS, THAT THEY FULLY
UNDERSTAND ITS FULL AND BINDING EFFECT, THAT THE ONLY
PROMISES MADE TO THEM TO INDUCE THEM TO SIGN THIS AGREEMENT
ARE THOSE CONTAINED IN THIS AGREEMENT, AND THAT THEY ARE
SIGNING THIS AGREEMENT VOLUNTARILY.

IN WITNESS OF THIS AGREEMENT, the PARTIES and their respective counsel have
approved and executed this AGREEMENT on the dates set forth opposite their respective
signatures.

Dated:  April __, 2008                          CHAPTER 11 TRUSTEE OF THE MARION
                                                "SUGE" KNIGHT ESTATE


                                                By:_____
                                                    Richard K. Diamond, Chapter 11 Trustee
                                                    of the Marion "Suge" Knight, Jr. Estate

Dated:  April __, 2008                          CHAPTER 11 TRUSTEE OF THE DEATH
                                                ROW RECORDS, INC. ESTATE


                                                By:_____
                                                    R. Todd Neilson, Chapter 11 Trustee of the
                                                    Death Row Records, Inc. Estate

Dated: May 2 2008                               LYDIA HARRIS
                                                _____
                                                Lydia Harris

Dated:  April 17, 2008                          MICHAEL RAY HARRIS
                                                _____
                                                Michael Ray Harris

Macintosh HD:Users:nikki:Documents:QuickMail Pro Data:~Attachments:KNIGHT FINAL HARRI~          11
1005076106:KNIGHT FINAL HARRIS SETTLEM.DO

CHRISTOPHER K OCONNOR
My Commission Expires
December 31, 2011

JOSEFINA DANIELLI HONRADO
Commission # 1663060
Notary Public - California
Alameda County
My Comm. Expires Jul 22, 2010

00037

Apr 16 2008 8:21    HP LASERJET FAX          8188179411          P.12

Dated: April _15_, 2008              CONQUEST MEDIA GROUP, LLC

                                     By: _____

                                     Title: _Chairman_____

                                     Its Duly Authorized Representative
                                     *See attached for notary*

Dated: April ___, 2008               CHAPTER 7 TRUSTEE OF THE LYDIA
                                     HARRIS ESTATE

                                     By: _____
                                     Helen Ryan Frazer, Chapter 7 Trustee of the
                                     Lydia Harris Estate

APPROVED AS TO FORM:

Dated: April ___, 2008               KAYE SCHOLER LLP

                                     By: _____
                                     Ronald L. Leibow, Esq.
                                     Counsel to R. Todd Neilson as Chapter 11
                                     Trustee for Death Row Records, Inc.

Dated: April ___, 2008               DANNING, GILL, DIAMOND & KOLLITZ,
                                     LLP

                                     By: _____
                                     Eric P. Israel, Esq.
                                     Counsel to Richard K. Diamond as Chapter
                                     11 Trustee for Marion "Suge" Knight, Jr.

Dated: April _5_, 2008               AKIN, GUMP, STRAUS, HAUER & FELD,
                                     LLP

                                     By: _____
                                     Peter J. Gurfein, Esq.
                                     Counsel to Conquest Media Group, LLC

C:\Documents and Settings\Owner\Local Settings\Temporary Internet
Files\Content.IE5\BG3QRE2R\KNIGHT_FINAL_HARRIS_SETTLEMENT_STIPULATION[1].DOC12

00038

Dated: April __, 2008

CONQUEST MEDIA GROUP, LLC

By:_____

Title:_____
Its  Duly Authorized Representative

Dated:  April __, 2008

CHAPTER 7 TRUSTEE OF THE LYDIA
HARRIS ESTATE

By:_____
   Helen Ryan Frazer, Chapter 7 Trustee of the
   Lydia Harris Estate

APPROVED AS TO FORM:

Dated: April 10, 2008

KAYE SCHOLER LLP

By:_____
   Ronald L. Leibow, Esq. PETER HAVILAND
   Counsel to R. Todd Neilson as Chapter 11
   Trustee for Death Row Records, Inc.

Dated:  April __, 2008

DANNING, GILL, DIAMOND & KOLLITZ,
LLP

By:_____
   Eric P. Israel, Esq.
   Counsel to Richard K. Diamond as Chapter
   11 Trustee for Marion "Suge" Knight, Jr.

Dated:  April __, 2008

AKIN, GUMP, STRAUS, HAUER & FELD,
LLP

By:_____
   Peter J. Gurfein, Esq.
   Counsel to Conquest Media Group, LLC

C:\Documents and Settings\epi\Local Settings\Temporary Internet Files\OLK49\KNIGHT FINAL
HARRIS SETTLEMENT STIPULATION_v3.DOC12

00039

Dated: April __, 2008

WEINSTEIN, WEISS & ORDUBEGIAN LLP

By: _____
Sharon Z. Weiss, Esq.
Counsel to Lydia Harris


Dated: April 30 2008

RUSS AUGUST & KABAT, LLP

By: _____
Steven M. Goldberg,
Counsel to Michael Ray Harris


Dated: April 2, 2008

LAW OFFICES OF PATRICK K.
McCLELLAN

By: _____
Patrick K. McClellan.
Counsel to Helen Ryan Frazor, Chapter 7
Trustee of the Lydia Harris bankruptcy estate


C:\Documents and Settings\epf\Local Settings\Temporary Internet Files\OLK49\KNIGHT FINAL
HARRIS SETTLEMENT STIPULATION.DOC   13

00040

NOTE TO USERS OF THIS FORM:
Physically attach this form to the last page of the proposed Order or Judgment.
Do not file this form as a separate document.

| | | |
|---|---|---|
| In re: | LYDIA HARRIS | Chapter 7<br>SV-96-15521-GM |

## NOTICE OF ENTRY OF JUDGMENT OR ORDER
## AND CERTIFICATE OF MAILING

TO ALL PARTIES IN INTEREST ON THE ATTACHED SERVICE LIST:

1.    You are hereby notified, pursuant to Local Bankruptcy Rule 9021-1(1)(a)(v), that a judgment or
order entitled:                                                                JUN 0 6 2008

### ORDER APPROVING COMPROMISE OF CONTROVERSY

was entered on (specify date):                      JUN 0 6 2008

2.    I hereby certify that I mailed a copy of this notice and a true copy of the order or judgment to the
persons on the attached service list on (specify date):

JUN 0 6 2008

**(see attached list)**

DATED:    JUN 0 6 2008

JON D. CERRETO
Clerk of the Bankruptcy Court

By
Deputy Clerk

F 9021-1.1

## SERVICE LIST

Sharon Z Weiss, Esq.
Weinstein Weiss & Ordubegian
1925 Century Park E Ste 1150
Los Angeles, CA 90067-2712

Steven M Goldberg, Esq.
12424 Wilshire Blvd 12th Fl
Los Angeles, CA 90025

Peter J. Gurfein, Esq.
Akin, Gump
2029 Century Park East, #2400
Los Angeles, CA 90067

Eric P. Israel, Esq.
Danning Gill, Diamond & Kolitz. LLP
2029 Century Park East, 3rd Floor
Los Angeles, CA 90067

Ronald L. Leibow, Esq.
Kaye Scholer LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067

Office of United States Trustee
725 South Figueroa Street, 26th Floor
Los Angeles, California 90017

### PATRICK K. McCLELLAN
#### ATTORNEY AT LAW
2600 Michelson Dr., Suite 700
Irvine, CA 92612

EXHIBIT 14

EXHIBIT 14

1    LAW OFFICES OF PATRICK K. McCLELLAN
     Patrick K. McClellan #077352
2    pkellymc@pacbell.net
     2211 Michelson Drive, Suite 700
3    Irvine, CA 92612
     (949)261-7615
4    Attorney for Helen Ryan Frazer, Chapter 7 Trustee

| FILED & ENTERED |
| --- |
| SEP 15 2009 |
| CLERK U.S. BANKRUPTCY COURT |
| Central District of California |
| BY pgarcia   DEPUTY CLERK |

6

7              UNITED STATES BANKRUPTCY COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9

10   In re                           )    Case No. SV-96-15521-GM

11   LYDIA HARRIS,                )    Chapter 7

12              Debtor.       )

13   _____ )    Adv. Pro. No. 08-01488-GM

14   HELEN RYAN FRAZER, Chapter 7 Trustee, )

15              Plaintiff,      )    **DEFAULT JUDGMENT**

16     v.                        )

17   LYDIA HARRIS, et. al.,         )

18             Defendants.    )

19   _____ )

20        Plaintiff's Motion for Entry of Default Judgment, together with the papers and

21   pleadings on file herein, having been considered and on good cause appearing therefore:

22        IT IS HEREBY ORDERED that Judgment in favor of Helen Ryan Frazer, Chapter 7

23   Trustee, and against Debtor Lydia Harris in the amount of $1,000,000 is hereby entered.

24   ###

25   DATED: September 15, 2009                             
                                  United States Bankruptcy Judge

26

27

28

                                   1                          Default Judgment

### PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 2211 Michelson Drive, Suite 700, Irvine, CA 92612  The foregoing document described as [Proposed] DEFAULT JUDGMENT will be served or was served in the manner indicated below:

**I.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On August 25, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

United States Trustee, ustpregion16.la.ecf@usdoj.gov
Chapter 7 Trustee, hfrazer@aalrr.com

[ ] Service information continued on attached page

**II.    SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**  On August 25, 2009, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail and/or with an overnight mail service addressed as follows:

Lydia Harris
14019 Southwest Fwy #301-599
Sugarland, TX  77478

[ ] Service information continued on attached page

**III.    SERVED BY FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to Fed. R. Civ. Proc. 5 and/or controlling LBR, on **August 25, 2009** I served the following person(s) and/or entity(ies), who consented in writing to such service method, by facsimile transmission and/or email as follows:

[ ] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed August 25, 2009 at Irvine, California

PATRICK K. McCLELLAN                              /s/ Patrick K. McClellan
                                                 PATRICK K. McCLELLAN

## SERVICE LIST FOR THE ENTERED ORDER

Notice is given by the court that a judgment or order entitled DEFAULT JUDGMENT was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**
Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ('LBR"), the foregoing document will be serve by the court via NEF and hyperlink to the document. On August 25, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

United States Trustee, ustpregion16.la.ecf@usdoj.gov
Chapter 7 Trustee, hfrazer@aalrr.com
Attorney for Chapter 7 Trustee, pkellymc@pacbell.net

[ ] Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

N/A

[ ] Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of th judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email c the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or ema address(es) indicated below:

Lydia Harris
14019 Southwest Fwy #301-599
Sugarland, TX  77478.

EXHIBIT 15A

EXHIBIT 15A

Recording requested by a return to:

PATRICK K. MCCLELLAN #77352
2211 MICHELSON DR #700
IRVINE, CA, 92612

FOR COURT USE ONLY

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

In re: LYDIA HARRIS
                                        Debtor

CASE NUMBER SV-96-15521-GM
ADVERSARY NUMBER 08-D1488-GM

HELEN RYAN FRAZER, TRUSTEE
                                        Plaintiff

vs.

LYDIA HARRIS
                                        Defendant

# ABSTRACT OF JUDGMENT

The Judgment Creditor applies for an abstract of judgment and represents:

1. The Judgment Debtor's:

   a. Name and address  LYDIA HARRIS
      3910 DAPHNE STREET
      HOUSTON, TX 77021-4016

      ☐ Address Unknown

   b. Driver's License No. _____  ☒ Unknown

   c. Social Security No. _____  ☒ Unknown

2. The Summons was personally served at, or mail to (address):
   3910 DAPHNE STREET   HOUSTON TX 77021

3. ☐ Information regarding additional judgment debtors is shown on reverse side.

   Dated: 1-7-12

   _____
   (Signature of Judgment Creditor or Attorney)

(Continued on Reverse Side)

*Revised February 2010*

Abstract of Judgment - Page Two

| In re _LYDIA HARRIS_ (SHORT TITLE) Debtor(s). | CHAPTER _7_ ADVERSARY NO.: _08-01488-GM_ |
|---|---|

4.  I certify that in the above-entitled action and Court, Judgment was entered on _SEPTEMBER 15, 2009_
    in favor of _HELEN RYAN FRAZER, TRUSTEE_ and against _LYDIA HARRIS_

    for    $ _1,000,000.00_    Principal,

           $ _____    Interest,

           $ _____    Attorney's Fees, and

           $ _____    Costs.

A lien in favor of a judgment creditor is:

☒ not endorsed on the judgment.

☐ endorsed on the judgment as follows:

    1.  Amount $ _____

    2.  In favor of (name) _____

A stay of execution has:

☒ not been ordered by the Court.

☐ been ordered by the Court effective until (date): _____

Attested this (SEAL) _____ day of _10    2013_

                                        KATHLEEN J. CAMPBELL          KATHLEEN J. CAMPBELL
                                        Clerk of the Bankruptcy Court

                                        By: _____
                                              Deputy Clerk

Information regarding additional judgment debtors:

_____

_____

_____

_____

_Revised February 2010_

1  LAW OFFICES OF PATRICK K. McCLELLAN
2  Patrick K. McClellan #077352
   pkellymc@pacbell.net
3  2211 Michelson Drive, Suite 700
   Irvine, CA 92612
4  (949)261-7615
5  Attorney for Helen Ryan Frazer, Chapter 7 Trustee

```
FILED & ENTERED

      SEP 15 2009

CLERK U.S. BANKRUPTCY COURT
  Central District of California
BY pgarcia   DEPUTY CLERK
```

6

7              UNITED STATES BANKRUPTCY COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9
   In re                              )    Case No. SV-96-15521-GM
10                                     )    Chapter 7
   LYDIA HARRIS,                       )
11                                     )
12            Debtor.                  )
                                       )    Adv. Pro. No. 08-01488-GM
13 _____       )
                                       )
14 HELEN RYAN FRAZER, Chapter 7 Trustee,)    **DEFAULT JUDGMENT**
                                       )
15            Plaintiff,               )
                                       )
16       v.                            )
                                       )
17 LYDIA HARRIS, et. al.,              )
                                       )
18            Defendants.              )
19 _____       )

20       Plaintiff's Motion for Entry of Default Judgment, together with the papers and

21 pleadings on file herein, having been considered and on good cause appearing therefore:

22       IT IS HEREBY ORDERED that Judgment in favor of Helen Ryan Frazer, Chapter 7

23 Trustee, and against Debtor Lydia Harris in the amount of $1,000,000 is hereby entered.

24 ###

25    DATED: September 15, 2009        _____
                                       United States Bankruptcy Judge
26

27

28

                                   1                        Default Judgment

EXHIBIT 15 B

EXHIBIT 15 B



**This page is part of your document - DO NOT DISCARD**





**20130523127**

Pages:
0006

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**04/09/13 AT 08:39AM**

| | | |
|---|---|---|
| FEES: | | 30.00 |
| TAXES: | | 0.00 |
| OTHER: | | 0.00 |
| PAID: | | 30.00 |



**L E A D S H E E T**



201304090040018

**00007516515**



004773915

**SEQ:**
**01**

DAR - Courier (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

RECORDING REQUESTED BY AND MAIL TO:
*(Name and mailing address, including city, state,
and ZIP code, of requesting party)*

Helen R. Frazer
Atkinson Andelson Loya Ruud & Romo
12800 Center Court Drive, Suite 300
Cerritos, CA  90703

04/09/2013

*20130523127*

⌐ SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE ⌐

# DOCUMENT TITLE

☐  ABSTRACT OF JUDGMENT
☐  ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT
☒  OTHER *(specify)*: DEFAULT JUDGMENT

UNITED STATES BANKRUPTCY COURT - CENTRAL DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT
## Central District of California

I hereby attest and certify that on __APR - 3 2013__ the attached reproduction(s), containing __3__ pages, is a full, true and correct copy of the complete document entitled: __Default Judgment__

Case #: __1:08-ap-01488-GM__ Doc #: __17__

which includes: ☐ Exhibits  ☒ Attachments

on file in my office and in my legal custody at the marked location:

☐ 255 E. Temple Street, Suite 940
Los Angeles, CA 90012

☐ 3420 Twelfth Street, Suite 125
Riverside, CA 92501-3819

☐ 411 West 4th Street, Suite 2074
Santa Ana, CA 92701-4593

☐ 1415 State Street
Santa Barbara, CA 93101-2511

☒ 21041 Burbank Boulevard
Woodland Hills, CA 91367

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By: _____
Deputy Clerk

## THIS CERTIFICATION IS VALID ONLY WITH THE
## UNITED STATES BANKRUPTCY COURT SEAL.

UNITED STATES BANKRUPTCY COURT - CENTRAL DISTRICT OF CALIFORNIA

*Revised August 2010*

LAW OFFICES OF PATRICK K. McCLELLAN
Patrick K. McClellan #077352
pkellymc@pacbell.net
2211 Michelson Drive, Suite 700
Irvine, CA 92612
(949)261-7615
Attorney for Helen Ryan Frazer, Chapter 7 Trustee

**FILED & ENTERED**

SEP 15 2009

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY pgarcia    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. SV-96-15521-GM |
| | ) Chapter 7 |
| LYDIA HARRIS, | ) |
| | ) |
| Debtor. | ) |
| ———————————————— | ) Adv. Pro. No. 08-01488-GM |
| | ) |
| HELEN RYAN FRAZER, Chapter 7 Trustee, | ) |
| | ) **DEFAULT JUDGMENT** |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LYDIA HARRIS, et. al., | ) |
| | ) |
| Defendants. | ) |
| ———————————————— | ) |

Plaintiff's Motion for Entry of Default Judgment, together with the papers and

pleadings on file herein, having been considered and on good cause appearing therefore:

IT IS HEREBY ORDERED that Judgment in favor of Helen Ryan Frazer, Chapter 7

Trustee, and against Debtor Lydia Harris in the amount of $1,000,000 is hereby entered.

###

DATED: September 15, 2009

_____
United States Bankruptcy Judge

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 2211 Michelson Drive, Suite 700, Irvine, CA 92612  The foregoing document described as [Proposed] DEFAULT JUDGMENT will be served or was served in the manner indicated below:

**I.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**
Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ('LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On August 25, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

    United States Trustee, ustpregion16.la.ecf@usdoj.gov
    Chapter 7 Trustee, hfrazer@aalrr.com

[ ] Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served): On August 25, 2009, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail and/or with an overnight mail service addressed as follows:

Lydia Harris
14019 Southwest Fwy #301-599
Sugarland, TX  77478

[ ] Service information continued on attached page

**III.  SERVED BY FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to Fed. R. Civ. Proc. 5 and/or controlling LBR, on **August 25, 2009** I served the following person(s) and/or entity(ies), who consented in writing to such service method, by facsimile transmission and/or email as follows:

[ ] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed August 25, 2009 at Irvine, California

PATRICK K. McCLELLAN                          /s/ Patrick K. McClellan
                                              PATRICK K. McCLELLAN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SERVICE LIST FOR THE ENTERED ORDER

Notice is given by the court that a judgment or order entitled DEFAULT JUDGMENT was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**: Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be serve by the court via NEF and hyperlink to the document. On August 25, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

   United States Trustee, ustpregion16.la.ecf@usdoj.gov
   Chapter 7 Trustee, hfrazer@aalrr.com
   Attorney for Chapter 7 Trustee, pkellymc@pacbell.net

[ ] Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL**: A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

   N/A

[ ] Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of th judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email c the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or ema address(es) indicated below:

Lydia Harris
14019 Southwest Fwy #301-599
Sugarland, TX  77478

EXHIBIT 16A

EXHIBIT 16A

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California's State Bar Number | FOR COURT USE ONLY |
|---|---|
| LAW OFFICE OF PATRICK K. McCLELLAN | |
| Patrick K. McClellan  #77352 | |
| pkellymc@pacbell.net | |
| 2211 Michelson Drive, Ste 700 | RECEIVED |
| Irvine, CA 92612 | |
| (949)261-7615 | JUL 24 2009 |
| (949)851-2772 (fax) | |
| *Attorney for* Plaintiff HELEN RYAN FRAZER, Chapter 7 Trustee | CLERK U.S. BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re: | | |
|---|---|---|
| LYDIA HARRIS | | |
| | Debtor. | CHAPTER 7 |
| HELEN RYAN FRAZER, Chapter 7 Trustee | | CASE NUMBER 96-15521-GM |
| | Plaintiff(s), | ADVERSARY NUMBER 08-01469-GM |
| vs. | | |
| LYDIA HARRIA, et. al. | | |
| | Defendant(s). | (No Hearing Required) |

### REQUEST FOR ENTRY OF DEFAULT UNDER
### LOCAL BANKRUPTCY RULE 7055-1

TO THE DEFENDANT, DEFENDANT'S ATTORNEY AND OTHER INTERESTED PARTIES:

1. Name of Defendant against whom default is sought *(Name)*: LYDIA HARRIS

2. Plaintiff filed the Complaint in the above-captioned proceeding on *(specify date)*: 8/22/08

3. The Summons and Complaint were served on Defendant by ☐ Personal Service ☒ Mail Service on the following date *(specify date)*: 9/8/08

4. A conformed copy of the completed Return of Summons form is attached hereto.

5. The time for filing an Answer or other response expired on *(specify date)*: 9/29/08

6. No Answer or other response has been filed or served by Defendant.

WHEREFORE, Plaintiff requests that the Clerk of the Court enter the default of Defendant.

Dated: 7/22/09

Default entered on *(specify date)*: JUL 2 9 2009

JON D. CERRETO
Clerk of the Bankruptcy Court
By _____
        Deputy Clerk

Respectfully submitted,

LAW OFFICE OF PATRICK K. McCLELLAN
Firm Name
By: _____
Name: PATRICK K. McCLELLAN
        *Attorney for Plaintiff or Plaintiff*

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

F 7055-1.1

Request for Entry of Default Under Local Bankruptcy Rule 9021-1 - *Page 2*                **F 7055-1.1**

| | |
|---|---|
| In re LYDIA HARRIS | CHAPTER 7 |
| Debtor. | CASE NO.: 96-15521-GM |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document described as __REQUEST FOR ENTRY OF DEFAULT__ _____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I.** __TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")__ - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II.** __SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):__
On __7/22/09__ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge __will be__ completed no later than 24 hours after the document is filed.
LYDIA HARRIS
3910 Daphne
Houston TX 77201

☐ Service information continued on attached page

**III.** __SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):__ Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge __will be__ completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 22, 2009 | PATRICK K. McCLELLAN | _[signature]_ |
|---|---|---|
| Date | Type Name | Signature |

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                **F 7055-1.1**

Request for Entry of Default Under Local Bankruptcy Rule 9021-1 - *Page 3*          **F 7055-1.1**

| In re  LYDIA HARRIS | CHAPTER 7 |
| | |
| Debtor. | CASE NO.: 96-15521-GM |

<u>**ADDITIONAL SERVICE INFORMATION**</u> (if needed):

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                      **F 7055-1.1**

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| LAW OFFICE OF PATRICK K. McCLELLAN<br>Patrick K. McClellan  #77352<br>2211 Michelson Drive, Ste 700<br>Irvine, CA 92612<br>(949)261-7615<br>(949)851-2772 (fax)<br><br>**RECEIVED**<br>AUG 2 2 2008<br><br>*Attorney for Plaintiff* HELEN RYAN FRAZER, Chapter 7 Trustee | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re: LYDIA HARRIS | CHAPTER _7_ |
|---|---|
| | CASE NUMBER 96-15521-GM |
| *Debtor.* | ADVERSARY NUMBER _08-01489-GM_ |
| HELEN RYAN FRAZER, Chapter 7 Trustee<br><br>*Plaintiff(s).*<br><br>vs.<br><br>LYDIA HARRIS, NEW IMAGE CORPORATION, a California corp.<br><br>*Defendant(s).* | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>### SUMMONS AND NOTICE OF<br>### STATUS CONFERENCE |

**TO THE DEFENDANT:** A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by ~~SEP 2 9 2008~~, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| Hearing Date OCT 2 9 2008   Time: 1:30 P.M.   Courtroom: 303   Floor: 3RD |
|---|
| ☐ 255 East Temple Street, Los Angeles          ☐ 411 West Fourth Street, Santa Ana |
| ☒ 21041 Burbank Boulevard, Woodland Hills    ☐ 1415 State Street, Santa Barbara |
| ☐ 3420 Twelfth Street, Riverside |

**PLEASE TAKE NOTICE** that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: AUG 2 9 2008

JON D. CERETTO
Clerk of the Bankruptcy Court

By: _Cecilia G. Pino_
Deputy Clerk

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*Revised December 1998 (COA-SA)*                                      **F 7004-1**

Summons and Notice of Status Conference - Page 2                    **F 7004-1**

| In re LYDIA HARRIS | CHAPTER 7 |
| Debtor. | CASE NUMBER 96-15521-GM |

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE _____

1. I am employed in the County of ORANGE _____, State of California. I am over the age of 18 and not a party to the within action. My business address is as follows:
   2211 Michelson Drive, Ste 700, Irvine, CA 92612

2. ☒ Regular Mail Service: On __9-8-08__ _____, I served the foregoing Summons and Notice of Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, on the Defendant(s) at the following address(es) by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail at _____, California, addressed as set forth below.

3. ☐ Personal Service: On _____, personal service of the foregoing Summons and Notice of Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, was made on the Defendant(s) at the address(es) set forth below.

4. Defendant(s) and address(es) upon which service was made:

   LYDIA HARRIS                        COURTESY COPY!
   3910 DAPHNE                         SHARON Z. WEISS, ESQ.
   HOUSTON, TEXAS 77021                RICHARDSON & PATEL, LLP
   NEW IMAGE CORPORATION               10900 WILSHIRE BLVD #500
   C/O LYDIA HARRIS                    LOS ANGELES, CA. 90024
   3910 DAPHNE
   HOUSTON, TX. 77201

                                  ☐ Names and Addresses continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 9-8-08

PATRICK K. McCLELLAN                          _____
Type Name                                     Signature

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Revised December 1998 (COA-SA)                                    **F 7004-1**

# EXHIBIT 16B

EXHIBIT 16B

Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number

LAW OFFICE OF PATRICK K. McCLELLAN
Patrick K. McClellan #77352
pkellymc@pacbell.net
2211 Michelson Drive, Ste 700
Irvine, CA 92612
(949)261-7615
(949)851-2772 (fax)

*Attorney for* Plaintiff HELEN RYAN FRAZER, Chapter 7 Trustee

FOR COURT USE ONLY

RECEIVED

JUL 24 2009

[BANKRUPTCY COURT OF CALIFORNIA]
Deputy Clerk

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>LYDIA HARRIS<br><br>                                        Debtor. | CHAPTER 7<br><br>CASE NUMBER 96-15521-GM |
| HELEN RYAN FRAZER, Chapter 7 Trustee<br><br>                                Plaintiff(s), | ADVERSARY NUMBER 08-01489-GM |
| vs.<br><br>LYDIA HARRIS, et. al.<br><br>                                Defendant(s). | (No Hearing Required) |

### REQUEST FOR ENTRY OF DEFAULT UNDER
### LOCAL BANKRUPTCY RULE 7055-1

TO THE DEFENDANT, DEFENDANT'S ATTORNEY AND OTHER INTERESTED PARTIES:

1. Name of Defendant against whom default is sought *(Name):* NEW IMAGE CORPORATION, a corporation

2. Plaintiff filed the Complaint in the above-captioned proceeding on *(specify date):* 8/22/08

3. The Summons and Complaint were served on Defendant by ☐ Personal Service  ☒ Mail Service on the following date *(specify date):* 9/8/08

4. A conformed copy of the completed Return of Summons form is attached hereto.

5. The time for filing an Answer or other response expired on *(specify date):* 9/29/08

6. No Answer or other response has been filed or served by Defendant.

WHEREFORE, Plaintiff requests that the Clerk of the Court enter the default of Defendant.

Dated: 7/22/09

Default entered on *(specify date):* **JUL 29 2009**

JON D. CERETTO
Clerk of the Bankruptcy Court
By: *Cecilia Osino*
                        *Deputy Clerk*

Respectfully submitted,

LAW OFFICE OF PATRICK K. McCLELLAN
*Firm Name*

By: _____

Name: PATRICK K. McCLELLAN
        *Attorney for Plaintiff or Plaintiff*

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                    **F 7055-1.1**

Request for Entry of Default Under Local Bankruptcy Rule 9021-1 - *Page 2*    **F 7055-1.1**

In re LYDIA HARRIS

CHAPTER 7

Debtor. | CASE NO.: 98-15521-GM

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document described as  REQUEST FOR ENTRY OF DEFAULT _____
_____ will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d), and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**
On 7/22/09 _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
New Image Corporation c/o LYDIA HARRIS
3910 Daphne
Houston TX 77201

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 22, 2009 | PATRICK K. McCLELLAN | |
| Date | Type Name | Signature |

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 7055-1.1**

Request for Entry of Default Under Local Bankruptcy Rule 9021-1 - *Page 3*    **F 7055-1.1**

| In re  LYDIA HARRIS | CHAPTER 7 |
|---|---|
| Debtor. | CASE NO.: 96-15521-GM |

**ADDITIONAL SERVICE INFORMATION** (if needed):

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 7055-1.1**

Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number.

LAW OFFICE OF PATRICK K. McCLELLAN
Patrick K. McClellan #77352
2211 Michelson Drive, Ste 700
Irvine, CA 92612
(949) 261-7615
(949) 851-2772 (fax)

RECEIVED
AUG 2 2 2008

FOR COURT USE ONLY

FILED
SEP 1 0 2008

Attorney for Plaintiff HELEN RYAN FRAZER, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA**

In re: LYDIA HARRIS

Debtor.

CHAPTER 7

CASE NUMBER 96-15521-GM

ADVERSARY NUMBER 08-01489-GM

HELEN RYAN FRAZER, Chapter 7 Trustee

Plaintiff(s),

vs.

LYDIA HARRIS, NEW IMAGE CORPORATION, a California corp.,

Defendant(s).

(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)

**SUMMONS AND NOTICE OF
STATUS CONFERENCE**

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by SEP 2 9 2008 the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

Hearing Date: OCT 2 9 2008    Time: 1:30 P.M.    Courtroom: 303    Floor: 3rd

☐ 255 East Temple Street, Los Angeles

☐ 411 West Fourth Street, Santa Ana

☒ 21041 Burbank Boulevard, Woodland Hills

☐ 1415 State Street, Santa Barbara

☐ 3420 Twelfth Street, Riverside

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: AUG 2 J 2008

JON D. CERETTO
Clerk of the Bankruptcy Court

By: _Cecilia Espino_
Deputy Clerk

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Revised December 1998 (COA-SA)

F 7004-1

Summons and Notice of Status Conference - *Page 2*                **F 7004-1**

| In re  LYDIA HARRIS | CHAPTER _7_ |
|---|---|
| Debtor. | CASE NUMBER 96-15521-GM |

### PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF  ORANGE

1.  I am employed in the County of  ORANGE                         , State of California.  I am over the age of 18 and not
    a party to the within action.  My business address is as follows:
    2211 Michelson Drive, Ste 700, Irvine, CA 92612

2. ☒  **Regular Mail Service:** On _9-8-08_                         , I served the foregoing Summons and Notice of
    Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, on
    the Defendant(s) at the following address(es) by placing a true and correct copy thereof in a sealed envelope with
    postage thereon fully prepaid in the United States Mail at _____, California, addressed as set
    forth below.

3. ☐  **Personal Service:** On _____, personal service of the foregoing Summons and Notice of
    Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, was
    made on the Defendant(s) at the address(es) set forth below.

4.  Defendant(s) and address(es) upon which service was made:

    LYDIA HARRIS
    3910 DAPHNE
    HOUSTON TEXAS 77021
    NEW IMAGE CORPORATION
    C/O LYDIA HARRIS
    3910 DAPHNE
    HOUSTON, TX. 77201.

    COURTESY COPY:
    SHARON Z. WEISS, ESQ.
    RICHARDSON & PATEL, LLP
    10900 WILSHIRE BLVD #500
    LOS ANGELES, CA. 90024

    ☐  Names and Addresses continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 9-8-08

PATRICK K. McCLELLAN
Type Name

Signature

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Revised December 1998 (COA-SA)                                                           **F 7004-1**

EXHIBIT 16 C

EXHIBIT 16 C

FILED & ENTERED

JUN 03 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Harraway DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Lydia E Harris<br><br><br><br>                        Debtor(s). | CHAPTER 7<br><br>Case No.:  1:96-bk-15521-GM<br>Adv No:   1:08-ap-01489-GM<br><br>**ORDER GRANTING IN FULL TRUSTEE'S**<br>**MOTION TO APPROVE COMPROMISE AND**<br>**DISMISS ADVERSARY PROCEEDING** |
| Helen Ryan Frazer<br><br>                        Plaintiff(s),<br>        v.<br><br>Conquest Media Group, LLC, Lydia<br>Harris, Michael Ray Harris,  New Image<br>Corp a California Corp,  Wasserman<br>Comden & Casselman LLP<br><br>                        Defendant(s). | Date: April 10, 2013<br>Time: 1 p.m.<br>Courtroom:  302 |

On December 27, 2012, Helen Ryan Frazer, the trustee in this chapter 7 case (the "Trustee"), brought a Motion for an Order Approving Compromise of Controversy and

-1-

1  for Dismissal of Adversary Proceeding No. 08-1489-GM (the "Motion").

2        Lydia Harris, the debtor in this case (the "Debtor"), Michael Harris, the Debtor's

3  ex-husband and Weinstein, Weiss and Ordubegian, LLP ("WWO") each filed objections

4  to the Motion.

5        The Trustee filed replies to the objections.

6        As Hon. Geraldine Mund has recused herself from this matter, this matter was

7  initially heard on 1/29/13 in front of Hon. Kathleen Thompson, who continued this

8  hearing to give Debtor additional time to file responsive papers.   After another

9  continuance without hearing, this matter was heard by the undersigned on 4/10/13 at

10  1p.m. in Courtroom 302.

11        Having considered the Motion, the objections, the replies and the oral arguments

12  of counsel, and for the reasons stated in the Memorandum of Decision, which will be

13  filed in conjunction with this order:

14        The Motion is hereby GRANTED in full.

15        The Settlement Agreement and General Release between the Trustee and

16  Wasserman, Comden & Casselman ("Wasserman") attached to the Motion as Exhibit 1

17  (the "Settlement Agreement") is approved.

18        The Trustee is authorized to take all action necessary, including but not limited to

19  executing requisite documents, to effectuate the Settlement Agreement .

20        ' Adversary Proceeding 08-01489 is hereby dismissed in its entirety.

21  ###

22

23

24

25        Date: June 3, 2013

26                                                        Maureen A. Tighe
                                                        United States Bankruptcy Judge

27

28

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): ) Order Granting in Full Trustee's Motion to Approve Compromise was entered on the date indicated as ʌEnteredθ on the first page of this judgment or order and will be served in the manner stated below:

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** в Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of May 28, 2013, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

- Sonya Chandler Anderson    sonya@attysonyaandersonlaw.com
- Ashleigh A Danker    adanker@dankerlawfirm.com
- Helen R. Frazer (TR)    hfrazer@aalrr.com, mbuenaventura@aalrr.com;hfrazer@ecf.epiqsystems.com,C112@ecfcbis.com
- Peter J Gurfein    pgurfein@lgbfirm.com, marizaga@lgbfirm.com chebert@lgbfirm.com;scolen@lgbfirm.com
- Eric P Israel    eisrael@dgdk.com, danninggill@gmail.com
- Daniel J McCarthy    dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;docket@hillfarrer.com
- Patrick K McClellan    patrick@patrickmcclellan.com
- Nathan D Meyer    nmeyer@raklaw.com, ksanderlin@raklaw.com
- Zev Shechtman    zshechtman@dgdk.com, danninggill@gmail.com
- Gary R Wallace    garyrwallace@ymail.com
- David R. Weinstein    david.weinstein@bryancave.com,raul.morales@bryancave.com alicia.moore@bryancave.com,
- Sharon Z Weiss    sharon.weiss@bryancave.com
- Steven Goldberg    sgoldberg@raklaw.com

☐    Service information continued on attached

page

**2. SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

Renee L Campbell
Law Offices of Renee L Campbell
1055 W 7th St, Ste 2140
Los Angeles, CA 90017

William A Clark
1008 W Ave M-14, #d

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

· June 2012                          **F 9021-1.1.NOTICE.ENTERED.ORDER**

Palmdale, CA 93551

W Dean Cloud
17911 Von Karman Ave #300
Irvine, CA 92714

Conquest Media Group, LLC
c/o Akin Gump Strauss Hauer & Feld LLP
Attn: Peter Gurfein, Esq.
2029 Century Park East, Suite 2400
Los Angeles, CA 90067

Peter Q Ezzell
HAIGHT BROWN & BONESTEEL LLP
6080 Center Dr., Ste. 800
Los Angeles, CA 90045-1574

STEVEN M GOLDBERG
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025

Yale M Harlow
777 S Figueroa St #3700
Los Angeles, CA 90017

William E Ireland
Haight Brown & Bonesteel
555 So Flower St 45th Fl
Los Angeles, CA 90071

☐    Service Information continued on attached
page

3.    <u>**TO BE SERVED BY THE LODGING PARTY:**</u> Within 72 hours after receipt of a copy of this judgment
or order which bears an ÆEntered@ stamp, the party lodging the judgment or order will serve a complete
copy bearing an ÆEntered@ stamp by United States mail, overnight mail, facsimile transmission or email
and file a proof of service of the entered order on the following persons and/or entitles at the addresses,
facsimile transmission numbers, and/or email addresses stated below:

☐    Service Information continued on attached
page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                    **F 9021-1.1.NOTICE.ENTERED.ORDER**

# EXHIBIT 17

## (Filed Under Seal 08/08/2013 ECF Docket No. 63)

EXHIBIT 17

(Filed Under Seal 08/08/2013 ECF Docket No. 63)

EXHIBIT 18

EXHIBIT 18

1  DAVID R. WEINSTEIN (State Bar No. 082881)
   SHARON Z. WEISS (State Bar No. 169446)
2  ANDY S. KONG (State Bar No. 243933)
   CHRISTINA ERICKSON (State Bar No. 231570)
3  RICHARDSON & PATEL, LLP
   10900 Wilshire Blvd., Suite 500
4  Los Angeles, California 90024
   Telephone (310) 208-1182
5  Facsimile (310) 208-1154

6  Attorneys for Weinstein, Weiss &
   Ordubegian, LLP and Richardson & Patel, LLP

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                SAN FERNANDO DIVISION

11

12  In re                          )   Case No. 01:96-bk-15521-GM
                                    )        [Chapter 7]
13  LYDIA HARRIS,                   )
                                    )
14          Debtor.                 )   NOTICE OF LIEN
                                    )
15                                  )
    _____)   [NO HEARING REQUIRED]
16

17  TO:    EACH PARTY AND TO THEIR RESPECTIVE COUNSELS OF RECORD

18         AND TO ALL OTHER PERSONS OR ENTITIES INTERESTED IN THIS

19         ACTION:

20         YOU ARE HEREBY NOTIFIED that Weinstein Weiss & Ordubegian, LLP

21  and Richardson & Patel, LLP (collectively "Counsel") were formerly attorneys of

22  record for debtor Lydia Harris in this case. Counsel have now been relieved as

23  attorneys of record by court order dated December 10, 2008, ECF Doc. No. 129.

24         YOU ARE FURTHER NOTIFIED that, in accordance with the terms of a

25  written fee agreement, Counsel has and claims a lien ahead of all others on Lydia

26  Harris's causes of action asserted in this action, and on any judgment

27  ///

28  ///

h:\h\c\1640.099_L_LH_Main_Notice of Lien.wpd
1/23/09 (12:01 pm)

1  rendered in favor of Lydia Harris in this action, to secure payment for legal services

2  rendered and costs and expenses advanced on her behalf.

3

4  DATED: January 23, 2009           WEINSTEIN, WEISS & ORDUBEGIAN,
                                      LLP and RICHARDSON & PATEL, LLP
5

6
                                      By _____
7                                        SHARON Z. WEISS
                                      Attorneys for Weinstein Weiss &
8                                     Ordubegian, LLP and Richardson &
                                      Patel, LLP
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

h:\h\e\1640.099_L_H_Main_Notice of Lien.wpd
1/23/09 (12:01 pm) j

-2-

| In re: Lydia Harris | CHAPTER 7 |
|---|---|
| Debtor(s). | CASE NUMBER: 01-96-bk-15521 |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
Richardson & Patel, LLP
10900 Wilshire Blvd., Ste. 500
Los Angeles, CA 90024
The foregoing document described <u>NOTICE OF LIEN</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On January 23, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**
On January 23, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 23, 2009 | CHRISTOPHER M. WESTMAN | *Christopher M. Westman* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                          **F 9013-3.1**

ATTACHMENT TO PROOF OF SERVICE OF DOCUMENT

I.     **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC
       FILING ("NEF")**

<u>U.S. TRUSTEE</u>
U.S. Trusfee (LA)
ustpregion16.la.ecf@usdoj.gov

II.    **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**

A. **Persons or Entities Served by U.S. Mail:**

<u>Party or Role</u>
Lydia Harris
14019 Southwest Fwy Ste 599
Sugar Land TX  77478-3563

<u>Counsel for Debtor Marion "Suge"
Knight, Jr.</u>
Daniel J. McCarthy
Hill, Farrer & Burrill LLP
One California Plaza
300 South Grand Ave., 37th Floor
Los Angeles, CA  90071-3147

<u>Counsel for Debtor Death Row
Records, Inc.</u>
Robert S. Altagen
Law Offices of Robert S. Altagen,
Inc.
A Professional Corporation
1111 Corporate Center Drive, Suite
201
Monterey Park, CA  91754

<u>Counsel for Helen Frazer, Trustee</u>
Patrick K. McClellen
Law Offices of Patrick K. McClellen
2211 Michelson Drive, Suite 700
Irvine, CA 92612

<u>Counsel for Michael Ray Harris</u>
Steven M. Goldberg
Russ August & Kabat
12424 Wilshire Boulevard, 12th
Floor
Los Angeles, CA 90025

<u>Counsel for The Official Committees
of Unsecured Creditors of Marion
Knight, Jr. & Death Row Records</u>
Debra I Grassgreen
Pachulski Stang Ziehl Young Jones
& Weintraub LLP
150 California St., 15 Fl.
San Francisco, CA 94111-4500

<u>Wasserman, Comden & Casselman
LLP</u>
Nancy Lucas
Haight, Brown & Bonesteel, LLP
6080 Center Drive, Suite 800
Los Angeles, CA 90045-1574

Dermont Givens, Esq.
433 North Camden Drive
Suite 600
Beverly Hills, CA 90210

Counsel for Death Row Records
Trustee
Ashleigh Danker
Kaye Scholer LLP
1999 Avenue of the Stars Suite 1700
Los Angeles, CA 90067

Mark Friedman
c/o Legal Resource
233 Wilshire Boulevard, Suite 400
Santa Monica, CA 90401

Mark Posner
Law Offices of Mark A. Posner
2728 West 176th Street
Torrance, CA 90504

Debra Vaniman Crawford
Crawford & Crawford
P.O. Box 373
Carmel, CA 93921-0373

Counsel for Conquest Media
Peter Gurfein
Akin Gump
2029 Century Park E. Suite 400
Los Angeles, CA 90067

Accountants to Knight Trustee
Grobstein, Horwath & Company
LLP
15233 Ventura Blvd., 9th Floor
Sherman Oaks, CA 91403

Counsel for Knight Trustee
Eric Israel
Danning, Gill, Diamond & Kollitz,
LLP
2029 Century Park East
Third Floor
Los Angeles, CA 90067

REQUEST FOR SPECIAL
NOTICE

Counsel for Party-In-Interest Delmar
Arnauld
Bret D. Lewis
Law Offices of Bret D. Lewis
12304 Santa Monica Blvd., 3rd Floor
Los Angeles, CA 90025

Counsel for Creditor Sharitha
Golden
Gary A. Starre
Starre, Cohn & Albaum
12100 Wilshire Blvd., Suite 700
Los Angeles, CA 90025

Counsel for Party-In-Interest King,
Holmes Paterno & Berliner LLP
King, Holmes, Paterno & Berliner
LLP
Howard E. King
1900 Avenue of the Stars, 25th Floor
Los Angeles, CA 90067-4506

Counsel for Wasserman, Comden &
Casselman L.L.P.
David Neale
Levene, Neale, Bender, Rankin &
Brill LLP
10250 Constellation Blvd., Suite
1700
Los Angeles, CA 90067

Counsel for Creditors Bridgeport
Music Inc., Southfield Music, Inc.,
Westbound Records, Inc. and Nine
Records Inc.
Richard S. Busch
King & Ballow
315 Union St., Suite 1100
Nashville, TN 37201

Counsel for Creditors Tammie
Hawkins
and Digital Revolution Holdings,
Inc.
Henry S. David
Alschuler Grossman Stein & Kahan
LLP
The Water Garden
1620 26th Street, 4th Floor, North
Tower
Santa Monica, CA 90404-4060

Counsel for The Harry Fox Agency,
Inc. and The Alliance Portfolio
Peter M. Gilhuly
Alan L. Leavitt
Latham & Watkins LLP
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007

Counsel for Party-In-Interest Rap-A-
Lot 2K Records, Inc.
Jeffrey S. Shinbrot
Jeffrey S. Shinbrot, APLC
8383 Wilshire Blvd., Suite 1010
Beverly Hills, CA 90211

Counsel for Party-In-Interest Rap-A-
Lot 2K Records, Inc.
Charles E. Long
Stumpf Craddock Massey &
Farrimond, APC
1400 Post Oak Blvd., 4th Fl.
Houston, TX 77056

Counsel for Party-In-Interest Rap-A-
Lot 2K Records, Inc.
Henry J. Fasthoff IV
Stumpf Craddock Massey &
Farrimond, APC
1400 Post Oak Blvd., 4th Fl.
Houston, TX 77056

Ross Weston, Esq.
Senior Vice President
Sony BMG Music Entertainment
550 Madison Avenue
New York, NY 10022-3211

Counsel for Afeni Shakur and
Amaru Entertainment, Inc.
Michael Simon
Akerman Senterfitt LLP
725 S Figueroa St 38th Fl.
Los Angeles, CA 90017

Counsel for EverGreen Copyrights,
Inc.
Paul R. Glassman
Adam M. Starr
Greenberg Traurig, LLP
2450 Colorado Avenue Suite 400E
Santa Monica CA 90404

Interscope Records
c/o Mitchell, Silberberg & Knupp
LLP
11377 W. Olympic Blvd.
Los Angeles, CA 90064

Los Angeles County Treasurer and
Tax Collector Revenue &
Enforcement
PO Box 54110
Los Angeles, CA 90054

Calvin Broadus
c/o Martin Zohn
2049 Century Park E. Suite 3200
Los Angeles, CA 90067

Keith W. Berlund, Esq.
The Berlund Group
2800 Neilson Way; suite 1615
Santa Monica, CA 90405

Shahrzad Sadaghiani
c/o Ira Benjamin Katz
1901 Avenue of the Stars
Suite 1900
Los Angeles, CA 90067

Michel'le Toussaint
Gary A. Plotkin, Esq.
Plotkin, Rapoport & Nahamias
16633 Ventura Blvd. Suite 800
Encino, CA 91436

Judge's Copy
Hon. Geraldine Mund
U.S. Bankruptcy Court
21041 Burbank Blvd. #342
Woodland Hills, CA 91367-6606

EXHIBIT 19

EXHIBIT 19

1  SHARON Z. WEISS (State Bar No. 169446)
   CHRISTINA ERICKSON (State Bar No. 231570)
2  ANDY S. KONG (State Bar No. 243933)
   RICHARDSON & PATEL, LLP
3  10900 Wilshire Blvd., Ste. 500
   Los Angeles, California 90024
4  Telephone (310) 208-1182
   Facsimile (310) 208-1154
5
6  Attorneys for Weinstein, Weiss &
   Ordubegian, LLP and Richardson & Patel, LLP
7

8              UNITED STATES BANKRUPTCY COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                  LOS ANGELES DIVISION

11

12  In re                              )  Bk. No. 2:06-bk-11187-VZ
                                       )  [Chapter 11]
13  MARION KNIGHT, JR. *aka*           )
    SUGE KNIGHT,                       )
14                                     )  NOTICE OF LIEN
            Debtor.                    )
15                                     )  [NO HEARING REQUIRED]
                                       )
16

17  TO:    EACH PARTY AND TO THEIR RESPECTIVE COUNSELS OF RECORD

18         AND TO ALL OTHER PERSONS OR ENTITIES INTERESTED IN THIS

19         ACTION:

20         YOU ARE HEREBY NOTIFIED that Weinstein Weiss & Ordubegian, LLP

21  and Richardson & Patel, LLP (collectively "Counsel") Richardson & Patel, LLP were

22  formerly attorneys of record for interested party Lydia Harris in this case. Counsel

23  have now been relieved as attorneys of record by court order dated December 2, 2008,

24  ECF Doc. No. 686.

25         YOU ARE FURTHER NOTIFIED that, in accordance with the terms of a

26  written fee agreement, Counsel has and claims a lien ahead of all others on Lydia

27  Harris's causes of action asserted in this action, and on any judgment

28  ///

h:\h\c\1640.098_M\K_Main_Notice of Lien.wpd
1/23/09 (12:01 pm)

1   rendered in favor of Lydia Harris in this action, to secure payment for legal services

2   rendered and costs and expenses advanced on her behalf.

3

4   DATED: January 23, 2009            WEINSTEIN, WEISS & ORDUBEGIAN,
                                       LLP and RICHARDSON & PATEL, LLP
5

6
                                       By _____
7                                           SHARON Z. WEISS
                                           Attorneys for  Weinstein Weiss &
8                                          Ordubegian, LLP and Richardson &
                                           Patel, LLP
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

h:\h\e\1640.098_M_K_Main_Notice of Lien.wpd
1/23/09 (12:01 pm)                                -2-

| In re: Marion Knight, Jr. | | CHAPTER 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER: 2:06-bk-11184-VZ |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Richardson & Patel, LLP
10900 Wilshire Blvd., Ste. 500
Los Angeles, CA 90024
The foregoing document described <u>NOTICE OF LIEN</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On January 23, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

⊠  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL (Indicate method for each person or entity served):**
On January 23, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

⊠  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 23, 2009 | CHRISTOPHER M. WESTMAN | *(signature)* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                          **F 9013-3.1**

## ATTACHMENT TO PROOF OF SERVICE OF DOCUMENT

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTONIC FILING ("NEF")**

U.S. TRUSTEE
U.S. Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**

A.  Persons or Entities Served by U.S. Mail:

Party or Role
Lydia Harris
14019 Southwest Fwy Ste 599
Sugar Land TX  77478-3563

Counsel for Debtor Marion "Suge" Knight, Jr.
Daniel J. McCarthy
Hill, Farrer & Burrill LLP
One California Plaza
300 South Grand Ave., 37th Floor
Los Angeles, CA  90071-3147

Counsel for Debtor Death Row Records, Inc.
Robert S. Altagen
Law Offices of Robert S. Altagen, Inc.
A Professional Corporation
1111 Corporate Center Drive, Suite 201
Monterey Park, CA  91754

Counsel for Helen Frazer, Trustee
Patrick K. McClellen
Law Offices of Patrick K. McClellen
2211 Michelson Drive, Suite 700
Irvine, CA 92612

Counsel for Michael Ray Harris
Steven M. Goldberg
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025

Counsel for The Official Committees of Unsecured Creditors of Marion Knight, Jr. & Death Row Records
Debra I Grassgreen
Pachulski Stang Ziehl Young Jones & Weintraub LLP
150 California St., 15 Fl.
San Francisco, CA 94111-4500

Wasserman, Comden & Casselman LLP
Nancy Lucas
Haight, Brown & Bonesteel, LLP
6080 Center Drive, Suite 800
Los Angeles, CA 90045-1574

Dermont Givens, Esq.
433 North Camden Drive
Suite 600
Beverly Hills, CA 90210

Counsel for Death Row Records
Trustee
Ashleigh Danker
Kaye Scholer LLP
1999 Avenue of the Stars Suite 1700
Los Angeles, CA 90067

Mark Friedman
c/o Legal Resource
233 Wilshire Boulevard, Suite 400
Santa Monica, CA 90401

Mark Posner
Law Offices of Mark A. Posner
2728 West 176th Street
Torrance, CA 90504

Debra Vaniman Crawford
Crawford & Crawford
P.O. Box 373
Carmel, CA 93921-0373

Counsel for Conquest Media
Peter Gurfein
Akin Gump
2029 Century Park E. Suite 400
Los Angeles, CA 90067

Accountants to Knight Trustee
Grobstein, Horwath & Company
LLP
15233 Ventura Blvd., 9th Floor
Sherman Oaks, CA 91403

Counsel for Knight Trustee
Eric Israel
Danning, Gill, Diamond & Kollitz,
LLP
2029 Century Park East
Third Floor
Los Angeles, CA 90067

REQUEST FOR SPECIAL
NOTICE

Counsel for Party-In-Interest Delmar
Arnauld
Bret D. Lewis
Law Offices of Bret D. Lewis
12304 Santa Monica Blvd., 3rd Floor
Los Angeles, CA 90025

Counsel for Creditor Sharitha
Golden
Gary A. Starre
Starre, Cohn & Albaum
12100 Wilshire Blvd., Suite 700
Los Angeles, CA 90025

Counsel for Party-In-Interest King,
Holmes Paterno & Berliner LLP
King, Holmes, Paterno & Berliner
LLP
Howard E. King
1900 Avenue of the Stars, 25th Floor
Los Angeles, CA 90067-4506

Counsel for Wasserman, Comden &
Casselman L.L.P.
David Neale
Levene, Neale, Bender, Rankin &
Brill LLP
10250 Constellation Blvd., Suite
1700
Los Angeles, CA 90067

Counsel for Creditors Bridgeport
Music Inc., Southfield Music, Inc.,
Westbound Records, Inc. and Nine
Records Inc.
Richard S. Busch
King & Ballow
315 Union St., Suite 1100
Nashville, TN 37201

Counsel for Creditors Tammie
Hawkins
and Digital Revolution Holdings,
Inc.
Henry S. David
Alschuler Grossman Stein & Kahan
LLP
The Water Garden
1620 26th Street, 4th Floor, North
Tower
Santa Monica, CA 90404-4060

Counsel for The Harry Fox Agency,
Inc. and The Alliance Portfolio
Peter M. Gilhuly
Alan L. Leavitt
Latham & Watkins LLP
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007

Counsel for Party-In-Interest Rap-A-
Lot 2K Records, Inc.
Jeffrey S. Shinbrot
Jeffrey S. Shinbrot, APLC
8383 Wilshire Blvd., Suite 1010
Beverly Hills, CA 90211

Counsel for Party-In-Interest Rap-A-
Lot 2K Records, Inc.
Charles E. Long
Stumpf Craddock Massey &
Farrimond, APC
1400 Post Oak Blvd., 4th Fl.
Houston, TX 77056

Counsel for Party-In-Interest Rap-A-
Lot 2K Records, Inc.
Henry J. Fasthoff IV
Stumpf Craddock Massey &
Farrimond, APC
1400 Post Oak Blvd., 4th Fl.
Houston, TX 77056

Ross Weston, Esq.
Senior Vice President
Sony BMG Music Entertainment
550 Madison Avenue
New York, NY 10022-3211

Counsel for Afeni Shakur and
Amaru Entertainment, Inc.
Michael Simon
Akerman Senterfitt LLP
725 S Figueroa St 38th Fl.
Los Angeles, CA 90017

Counsel for EverGreen Copyrights,
Inc.
Paul R. Glassman
Adam M. Starr
Greenberg Traurig, LLP
2450 Colorado Avenue Suite 400E
Santa Monica CA 90404

Interscope Records
c/o Mitchell, Silberberg & Knupp
LLP
11377 W. Olympic Blvd.
Los Angeles, CA 90064

Los Angeles County Treasurer and
Tax Collector Revenue &
Enforcement
PO Box 54110
Los Angeles, CA 90054

Calvin Broadus
c/o Martin Zohn
2049 Century Park E. Suite 3200
Los Angeles, CA 90067

Keith W. Berlund, Esq.
The Berlund Group
2800 Neilson Way; suite 1615
Santa Monica, CA 90405

Shahrzad Sadaghiani
c/o Ira Benjamin Katz
1901 Avenue of the Stars
Suite 1900
Los Angeles, CA 90067

Michel'le Toussaint
Gary A. Plotkin, Esq.
Plotkin, Rapoport & Nahamias
16633 Ventura Blvd. Suite 800
Encino, CA 91436

Judge's Copy
Hon. Vincent P. Zurzolo
U.S. Bankruptcy Court
255 E. Temple St. #1360
Los Angeles, CA 90012

EXHIBIT 20

EXHIBIT 20

1  DAVID R. WEINSTEIN (State Bar No. 082881)
   SHARON Z. WEISS (State Bar No. 169446)
2  CHRISTINA ERICKSON (State Bar No. 231570)
   ANDY S. KONG (State Bar No. 243933)
3  RICHARDSON & PATEL, LLP
   10900 Wilshire Blvd., Ste. 500
4  Los Angeles, California 90024
   Telephone (310) 208-1182
5  Facsimile (310) 208-1154

6  Attorneys for Weinstein, Weiss &
   Ordubegian, LLP and Richardson & Patel, LLP

7

8                    UNITED STATES BANKRUPTCY COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                       LOS ANGELES DIVISION

11

12  In re                          )  Case No. 2:06-bk-11205-VZ
                                    )     [Chapter 11]
13  DEATH ROW RECORDS, INC.,        )
                                    )
14          Debtor.                 )  NOTICE OF LIEN
                                    )
15  _____ )
                                    )  [NO HEARING REQUIRED]
16

17  TO:    EACH PARTY AND TO THEIR RESPECTIVE COUNSELS OF RECORD

18         AND TO ALL OTHER PERSONS OR ENTITIES INTERESTED IN THIS

19         ACTION:

20         YOU ARE HEREBY NOTIFIED that Weinstein Weiss & Ordubegian, LLP

21  and Richardson & Patel, LLP (collectively "Counsel") were formerly attorneys of

22  record for interested party Lydia Harris in this case.  Counsel have now been relieved

23  as attorneys of record by court order dated December 2, 2008, ECF Doc. No. 735.

24         YOU ARE FURTHER NOTIFIED that, in accordance with the terms of a

25  written fee agreement, Counsel has and claims a lien ahead of all others on Lydia

26  Harris's causes of action asserted in this action, and on any judgment

27  ///

28  ///

h:\h\c\1640.097_DRR_Main_Notice of Lien.wpd
1/23/09 (12:01 pm)

1  rendered in favor of Lydia Harris in this action, to secure payment for legal services

2  rendered and costs and expenses advanced on her behalf.

3

4  DATED: January 23, 2009          WEINSTEIN, WEISS & ORDUBEGIAN,
                                    LLP and RICHARDSON & PATEL, LLP
5

6                                   By _____
7                                      SHARON Z. WEISS
                                    Attorneys for Weinstein Weiss &
8                                   Ordubegian, LLP and Richardson &
                                    Patel, LLP
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

h:\h\c\1640.097_DRR_Main_Notice of Lien.wpd
1/23/09 (12:01 pm)                                    -2-

| In re: Death Row Records, Inc. | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 2:06-bk-11205-VZ |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Richardson & Patel, LLP
10900 Wilshire Blvd., Ste. 500
Los Angeles, CA 90024
The foregoing document described <u>NOTICE OF LIEN</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>January 23, 2009</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On <u>January 23, 2009</u> I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 23, 2009 | CHRISTOPHER M. WESTMAN | *[signature]* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

ATTACHMENT TO PROOF OF SERVICE OF DOCUMENT

I.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC
FILING ("NEF")

U.S. TRUSTEE
U.S. Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

II.    SERVED BY U.S. MAIL OR OVERNIGHT MAIL

A. Persons or Entities Served by U.S. Mail:

Party or Role
Lydia Harris
14019 Southwest Fwy Ste 599
Sugar Land TX  77478-3563

Counsel for Debtor Marion "Suge"
Knight, Jr.
Daniel J. McCarthy
Hill, Farrer & Burrill LLP
One Califorina Plaza
300 South Grand Ave., 37th Floor
Los Angeles, CA  90071-3147

Counsel for Debtor Death Row
Records, Inc.
Robert S. Altagen
Law Offices of Robert S. Altagen,
Inc.
A Professional Corporation
1111 Corporate Center Drive, Suite
201
Monterey Park, CA  91754

Counsel for Helen Frazer, Trustee
Patrick K. McClellen
Law Offices of Patrick K. McClellen
2211 Michelson Drive, Suite 700
Irvine, CA 92612

Counsel for Michael Ray Harris
Steven M. Goldberg
Russ August & Kabat
12424 Wilshire Boulevard, 12th
Floor
Los Angeles, CA 90025

Counsel for The Official Committees
of Unsecured Creditors of Marion
Knight, Jr. & Death Row Records
Debra I Grassgreen
Pachulski Stang Ziehl Young Jones
& Weintraub LLP
150 California St., 15 Fl.
San Francisco, CA 94111-4500

Wasserman, Comden & Casselman
LLP
Nancy Lucas
Haight, Brown & Bonesteel, LLP
6080 Center Drive, Suite 800
Los Angeles, CA 90045-1574

Dermont Givens, Esq.
433 North Camden Drive
Suite 600
Beverly Hills, CA 90210

Counsel for Death Row Records
Trustee
Ashleigh Danker
Kaye Scholer LLP
1999 Avenue of the Stars Suite 1700
Los Angeles, CA 90067

Mark Friedman
c/o Legal Resource
233  Wilshire Boulevard, Suite 400
Santa Monica, CA  90401

Mark Posner
Law Offices of Mark A. Posner
2728 West 176th Street
Torrance, CA 90504

Debra Vaniman Crawford
Crawford & Crawford
P.O. Box 373
Carmel, CA 93921-0373

Counsel for Conquest Media
Peter Gurfein
Akin Gump
2029 Century Park E. Suite 400
Los Angeles, CA 90067

Accountants to Knight Trustee
Grobstein, Horwath & Company
LLP
15233 Ventura Blvd., 9th Floor
Sherman Oaks, CA 91403

Counsel for Knight Trustee
Eric Israel
Danning, Gill, Diamond & Kollitz,
LLP
2029 Century Park East
Third Floor
Los Angeles, CA 90067

**REQUEST FOR SPECIAL
NOTICE**

Counsel for Party-In-Interest Delmar
Arnauld
Bret D. Lewis
Law Offices of Bret D. Lewis
12304 Santa Monica Blvd., 3rd Floor
Los Angeles, CA 90025

Counsel for Creditor Sharitha
Golden
Gary A. Starre
Starre, Cohn & Albaum
12100 Wilshire Blvd., Suite 700
Los Angeles, CA 90025

Counsel for Party-In-Interest King,
Holmes Paterno & Berliner LLP
King, Holmes, Paterno & Berliner
LLP
Howard E. King
1900 Avenue of the Stars, 25th Floor
Los Angeles, CA 90067-4506

Counsel for Wasserman, Comden &
Casselman L.L.P.
David Neale
Levene, Neale, Bender, Rankin &
Brill LLP
10250 Constellation Blvd., Suite
1700
Los Angeles, CA 90067

Counsel for Creditors Bridgeport
Music Inc., Southfield Music, Inc.,
Westbound Records, Inc. and Nine
Records Inc.
Richard S. Busch
King & Ballow
315 Union St., Suite 1100
Nashville, TN 37201

Counsel for Creditors Tammie
Hawkins
and Digital Revolution Holdings,
Inc.
Henry S. David
Alschuler Grossman Stein & Kahan
LLP
The Water Garden
1620 26th Street, 4th Floor, North
Tower
Santa Monica, CA 90404-4060

Counsel for The Harry Fox Agency,
Inc. and The Alliance Portfolio
Peter M. Gilhuly
Alan L. Leavitt
Latham & Watkins LLP
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007

Counsel for Party-In-Interest Rap-A-
Lot 2K Records, Inc.
Jeffrey S. Shinbrot
Jeffrey S. Shinbrot, APLC
8383 Wilshire Blvd., Suite 1010
Beverly Hills, CA 90211

Counsel for Party-In-Interest Rap-A-
Lot 2K Records, Inc.
Charles E. Long
Stumpf Craddock Massey &
Farrimond, APC
1400 Post Oak Blvd., 4th Fl.
Houston, TX 77056

Counsel for Party-In-Interest Rap-A-
Lot 2K Records, Inc.
Henry J. Fasthoff IV
Stumpf Craddock Massey &
Farrimond, APC
1400 Post Oak Blvd., 4th Fl.
Houston, TX 77056

Ross Weston, Esq.
Senior Vice President
Sony BMG Music Entertainment
550 Madison Avenue
New York, NY 10022-3211

Counsel for Afeni Shakur and
Amaru Entertainment, Inc.
Michael Simon
Akerman Senterfitt LLP
725 S Figueroa St 38th Fl.
Los Angeles, CA 90017

Counsel for EverGreen Copyrights,
Inc.
Paul R. Glassman
Adam M. Starr
Greenberg Traurig, LLP
2450 Colorado Avenue Suite 400E
Santa Monica CA 90404

Interscope Records
c/o Mitchell, Silberberg & Knupp
LLP
11377 W. Olympic Blvd.
Los Angeles, CA 90064

Los Angeles County Treasurer and
Tax Collector Revenue &
Enforcement
PO Box 54110
Los Angeles, CA 90054

Calvin Broadus
c/o Martin Zohn
2049 Century Park E. Suite 3200
Los Angeles, CA 90067

Keith W. Berlund, Esq.
The Berlund Group
2800 Neilson Way; suite 1615
Santa Monica, CA 90405

Shahrzad Sadaghiani
c/o Ira Benjamin Katz
1901 Avenue of the Stars
Suite 1900
Los Angeles, CA 90067

Michel'le Toussaint
Gary A. Plotkin, Esq.
Plotkin, Rapoport & Nahamias
16633 Ventura Blvd. Suite 800
Encino, CA 91436

Judge's Copy
Hon. Vincent P. Zurzolo
U.S. Bankruptcy Court
255 E. Temple St. #1360
Los Angeles, CA 90012